EXHIBIT 6



**U.S. Citizenship
and Immigration
Services**

# DEFERRED ACTION FOR CHILDHOOD ARRIVALS
## (DACA) TOOLKIT:

Resources for Community Partners

In addition to the resources in this toolkit, USCIS has created a power point presentation on DACA to be used in stakeholder outreach events. To request a copy of the presentation, please contact the USCIS Public Engagement Division at **Public.Engagement@ uscis.dhs.gov**.

# TABLE OF CONTENTS

**4**    Program Overview

**6**    DACA "How Do I" Guide

**9**    Initial vs Renewal DACA Tip Sheet

**10**   Frequently Asked Questions by Topic

    10    *What is DACA?*
    11    *DACA Process*
    14    *Background Checks*
    15    *After USCIS Makes a Decision*
    16    *Initial Requests for DACA*
    22    *Renewal of DACA*
    23    *Travel*
    25    *Criminal Convictions*
    27    *Miscellaneous*

**29**   DACA Process Infographic Flyer

**30**   Avoid Immigration Scams Flyer

**31**   List of Federal Government resources pertaining to DACA

# PROGRAM OVERVIEW

## Background

- USCIS began accepting requests under the Deferred Action for Childhood Arrivals (DACA) program on August 15, 2012. The DACA process was created by the Secretary of Homeland Security to offer relief from removal (in 2-year increments) for undocumented immigrants who came to the United States as children and who met several key criteria. DACA is an exercise of prosecutorial discretion and does not provide lawful status.

- The first USCIS-approved DACA grants were issued in September 2012. The initial 2-year duration will begin to expire for certain individuals in September 2014. Those individuals will be able to request consideration for renewal of DACA for a 2-year period.

- Some individuals were granted DACA by U.S. Immigration and Customs Enforcement (ICE) between June 15, 2012, and August 15, 2012. In February 2014, USCIS provided guidance to these individuals on the process they should follow to request DACA renewals.

- USCIS has updated Form I-821D [dated 6/4/14] to allow individuals to request a 2-year renewal of DACA. Previous versions of the form will not be accepted after June 5, 2014. There will be no grace period for individuals to submit a previous version of Form I-821D to request a renewal of their deferred action.

- Individuals who have not yet requested consideration for DACA must also use the new Form I-821D.

- In addition to the new Form I-821D, all individuals must also submit a Form I-795, Application for Employment Authorization (along with the accompanying fees for that form), and a Form I-765WS, Worksheet, when requesting either initial DACA or renewal of DACA.

- Individuals who allow their initial 2-year period of DACA to expire and do not seek renewal will no longer be considered to be lawfully present for inadmissibility purposes and will no longer be authorized to work legally in the United States. To ensure that their deferred action does not lapse, USCIS recommends that current DACA recipients submit Forms I-821D, I-765, and I-765 Worksheet approximately 120 days (4 months) before their 2-year period of deferred action expires. However, USCIS may reject DACA requests received earlier than 150 days (5 months) before an individual's 2-year period of deferred action expires.

- For more information on requesting DACA, please visit our Web site at **www.uscis.gov/childhoodarrivals** or call our National Customer Service Center at (800) 375-5283.

## Renewal DACA Requests

- An individual may be considered for renewal of DACA if he or she met the guidelines for initial DACA and he or she:
  - Did not depart the United States on or after June 15, 2007, without advance parole;
  - Has continuously resided in the United States since he or she submitted his or her most recent DACA request that was approved up until the present time; and
  - Has not been convicted of a felony, a significant misdemeanor, or three or more misdemeanors, and does not otherwise pose a threat to national security or public safety.

- Requests for renewal should be submitted to USCIS no less than 120 days, and no more than 150 days prior to the expiration of the current period of deferred action.

## Initial DACA Requests

- USCIS will also continue to accept initial requests for DACA. An individual may be considered for initial DACA if he or she:
  - Was under the age of 31 as of June 15, 2012;
  - Came to the United States before reaching his or her 16th birthday;
  - Has continuously resided in the United States since June 15, 2007, up to the present time;
  - Was physically present in the United States on June 15, 2012, and at the time of making his or her request for consideration of deferred action with USCIS;
  - Had no lawful status on June 15, 2012.

    **NOTE:**

    No lawful status on June 15, 2012, means that:

    ◆ You never had a lawful immigration status on or before June 15, 2012; or

    ◆ Any lawful immigration status or parole that you obtained prior to June 15, 2012, had expired as of June 15, 2012.

  - Is currently in school, has graduated or obtained a certificate of completion from high school, has obtained a General Education Development (GED) certificate, or is an honorably discharged veteran of the Coast Guard or U.S. Armed Forces; and
  - Has not been convicted of a felony, significant misdemeanor, three or more other misdemeanors, and does not otherwise pose a threat to national security or public safety;

- Individuals who were younger than 15 when DACA was first announced and are not in removal proceedings or have a final order may request DACA from USCIS any time after they have reached their 15th birthday. Individuals who are in removal proceedings or who have a final order may request DACA from USCIS even if they are younger than 15 at the time of filing.

## Consideration of DACA

- USCIS has updated Form I-821D [dated 6/4/14] to allow individuals to request renewal of DACA for an additional 2-year period. Previous versions of the form will not be accepted after June 5, 2014.

- There will be no grace period for individuals to submit a previous version of Form I-821D to request a renewal of their deferred action.

- There is no fee for Form I-821D. The fee for Form I-765 and the required biometrics is $465.

## Avoiding Immigration Scams

- Please be aware of immigration scams. Unauthorized practitioners of immigration law may try to take advantage of individuals by charging them money to obtain or submit forms related to DACA or communicate with USCIS on their behalf. Visit **www.uscis.gov/avoidscams** or **www.uscis.gov/eviteestafas** for tips on how to find authorized legal assistance and how to recognize and avoid immigration services scams.

- Protect yourself from immigration scams. Official U.S. Government Web sites should be your main source of information on DACA and immigration services. Go to **www.uscis.gov** to learn more.

- If you need legal immigration advice, be sure to use an authorized professional. This means an attorney in good standing or a Board of Immigration Appeals (BIA) accredited representative. Check the BIA Web site for a list of attorneys who provide immigration services for low to no cost and for a list of disciplined attorneys. You can also check the American Bar Association or your State bar association for legal services in your State.

- If you are a victim of an immigration scam, report it to the Federal Trade Commission at **www.ftc.gov/complaint** or **www.ftc.gov/queja** or by calling (877) FTC-HELP ((877) 372-4357).



# General information   F5

## How do I request consideration of deferred action for childhood arrivals (DACA)?



U.S. Citizenship and Immigration Services

On June 15, 2012, the Secretary of Homeland Security announced that certain people who came to the United States as children and meet several key guidelines may request consideration of deferred action for a period of 2 years, subject to renewal. Those granted deferred action are also eligible for work authorization.

Only individuals who can prove through verifiable documentation that they meet these guidelines will be considered for deferred action. Determinations will be made on a case-by-case basis under the guidelines in the Secretary's memorandum.

### How do I know if I may request consideration of deferred action for childhood arrivals?

You may request consideration if you:

1. Were under the age of 31 as of June 15, 2012;

2. Came to the United States before reaching your 16th birthday;

3. Have continuously resided in the United States since June 15, 2007, up to the present time;

4. Were physically present in the United States on June 15, 2012, and at the time of making your request with USCIS;

5. Had no lawful status on June 15, 2012, which means that:

   – You never had a lawful immigration status on or before June 15, 2012; or

   – Any lawful status or parole that you obtained prior to June 15, 2012, had expired as of June 15, 2012.

6. Are currently in school, have graduated or obtained a certificate of completion from high school, have obtained a General Education Development (GED) certificate, or are an honorably discharged veteran of the Coast Guard or U.S. Armed Forces; and

7. Have not been convicted of a felony, significant misdemeanor, or three or more other misdemeanors, and do not otherwise pose a threat to national security or public safety.

### How do I request consideration of deferred action for childhood arrivals?

You must submit **Form I-821D**, Consideration of Deferred Action for Childhood Arrivals. This form must be completed, properly signed, and accompanied by a **Form I-765**, Application for Employment Authorization, and a **Form I-765WS**, Form I-765 Worksheet. Failure to submit a completed Form I-765, accompanied by the correct fees, will disqualify you from consideration for deferred action. While there is no filing fee for Form I-821D, you must submit the $380 filing fee and $85 biometric services fee for Form I-765, for a total fee of $465. Please read the form instructions to ensure that you submit all the required documentation to support your request. See **www. uscis.gov/I-821D** and **www.uscis.gov/I-765** for complete filing instructions. See **www.uscis.gov/childhoodarrivals** for additional information on the deferred action for childhood arrivals process.

**Please Note:** Once you receive a receipt confirming that your request is properly filed, you will be sent an appointment notice to visit an Application Support Center for biometric services (photograph and fingerprints). Please make sure you read and follow the directions in the notice. Failure to attend your biometrics appointment may delay processing or result in a denial of your request.

### Where do I file my request for consideration of deferred action for childhood arrivals?

Requests for consideration of deferred action for childhood arrivals will be filed by mail to the USCIS Lockbox. Please visit **www.uscis. gov/I-821D** or contact the USCIS National Customer Service Center at **(800) 375-5283** for the most current information and instructions on where to mail your request.

### What evidence should I submit with my initial request for consideration of deferred action for childhood arrivals?

For initial requests, the evidence should show that you meet the guidelines outlined above in "How do I know if I may request consideration of deferred action for childhood arrivals?" This includes evidence that you:

1. Were born after June 15, 1981;

2. Arrived in the United States before the age of 16;

3. Have continuously resided in the United States since June 15, 2007, up to the present time;

4. Were present in the United States on June 15, 2012;

5. Had no lawful status on June 15, 2012;

6. Are currently in school, have graduated or received a certificate of completion from high school, obtained a General Educational Development  (GED) certificate, or are an honorably discharged veteran of the Coast Guard or U.S. Armed Forces; and

7. Are at least 15 years of age at the time of filing if you have never been in removal proceedings or if your case was terminated before you submit your request for consideration of deferred action for childhood arrivals.

For information about specific documents that may satisfy these guidelines, please read the instructions to Form I-821D at **www.uscis.gov/I-821D** and the frequently asked questions at **www.uscis.gov/childhoodarrivals**.

### Does this process apply to me if I am currently in removal proceedings, have a final removal order, or have a voluntary departure order?

Yes. This process is open to any individuals who can demonstrate that they meet the guidelines, including those who have never been in removal proceedings as well as those in removal proceedings, with a final order, or with a voluntary departure order (as long as they are not in immigration detention). If you are not in immigration detention and want to affirmatively request consideration of deferred action, you must submit your request to USCIS. You do not need to be 15 years of age or older at the time of filing if you are in removal proceedings, have a final removal order, or have a voluntary departure order. All cases will be considered on an individual basis.

Submit a copy of the removal order or any document issued by the immigration judge or the final decision from the Board of Immigration Appeals, if available. This requirement applies only to people who have been in removal proceedings.

### Do brief departures affect my ability to satisfy the continuous residence in the United States since June 15, 2007, guideline?

A brief, casual, and innocent absence from the United States will not interrupt your continuous residence. Any absence will be considered brief, casual, and innocent if it occurred before August 15, 2012, and was:

1. Short and reasonably calculated to accomplish the purpose for the absence;

2. Not because of an order of exclusion, deportation, or removal;

3. Not because of an order of voluntary departure, or an administrative grant of voluntary departure before you were placed in exclusion, deportation, or removal proceedings; and

4. The purpose of the absence and/or your actions while outside the United States were not contrary to law.

Any unauthorized travel outside of the United States on or after August 15, 2012, will interrupt your period of continuous residence and you will not be considered for deferred action under this process.

For information about specific documents that may show your absence was brief, casual, and innocent, please read the instructions at **www.uscis.gov/I-821D** and the frequently asked questions at **www.uscis.gov/childhoodarrivals**.

### Will USCIS conduct a background check when reviewing my request for consideration of deferred action for childhood arrivals?

Yes. You must undergo background checks before USCIS will exercise prosecutorial discretion. You will not be considered for deferred action for childhood arrivals, unless there are exceptional circumstances, if you have been convicted of:

• Any felony;

• A significant misdemeanor offense;

• Three or more misdemeanor offenses (not occurring on the same date and not arising out of the same act, omission or scheme of misconduct); or

• You otherwise pose a threat to national security or public safety.

### What happens after I submit my request for consideration of deferred action for childhood arrivals?

After receiving your Form I-821D, Form I-765, and Form I-765WS, USCIS will review them for completeness, including the required fees, initial evidence, and signatures. If the request is complete, USCIS will send you a receipt notice. USCIS will then send you a notice scheduling you to visit an Application Support Center for fingerprinting and photographing. You may choose to receive an email and/or text message notifying you that your form has been accepted by completing a **Form G-1145**, E-Notification of Application/Petition Acceptance. Please see **www.uscis.gov/G-1145** for instructions.

Each request for consideration of deferred action for childhood arrivals will be reviewed on an individual, case-by-case basis. You will be notified of USCIS' determination in writing. USCIS may request more information or evidence, or may request that you appear at a USCIS office. There is no appeal or motion to reopen/reconsider the denial of a request for consideration of deferred action for childhood arrivals.

### Can I renew the period for which removal action will be deferred in my case?

Yes. You may request consideration of renewal of your deferred action for childhood arrivals. Your request for a renewal will be considered on a case-by-case basis. If USCIS renews its exercise of discretion under deferred action for childhood arrivals for your case, you will receive deferred action for another 2 years, and if you demonstrate an economic necessity for employment you may receive employment authorization throughout that period.

### How do I know if I may request a renewal of my deferred action for childhood arrivals?

You may request consideration of renewal of deferred action for childhood arrivals if you met the guidelines for initial deferred action for childhood arrivals (see above) and you:

1. Did not depart the United States on or after August 15, 2012, without advance parole;

2. Have continuously resided in the United States since you submitted your most recent deferred action for childhood arrivals request that was approved up to the present time;

F5—General information…How do I request consideration of deferred action for childhood arrivals?
M-1079B (June 2014) N

108

3. Have not been convicted of a felony, a significant misdemeanor, or three or more misdemeanors, and do not otherwise pose a threat to national security or public safety.

Requests for renewal should be submitted to USCIS around 120 days (but no more than 150 days) before the expiration of the current period of deferred action. To request renewal of your deferred action for childhood arrivals, submit Form I-821D, Form I-765, and Form I-765WS along with the $380 filing fee for the Form I-765 and a $85 biometric services fee, for a total of $465.

You do not need to provide any additional documents at the time you request renewal of deferred action for childhood arrivals unless you have **new** documents related to removal proceedings or criminal history that you did not submit to USCIS in a previously approved deferred action for childhood arrivals request.

### If USCIS does not exercise deferred action in my case, will I be placed in removal proceedings?

If your request for consideration of deferred action for childhood arrivals is denied, USCIS will apply its policy guidance governing the referral of cases to U.S. Immigration and Customs Enforcement (ICE) and the issuance of Notices to Appear (NTA). If your case does not involve a criminal offense, fraud, or a threat to national security or public safety, your case will not be referred to ICE for removal proceedings except in exceptional circumstances. For more detailed information, visit **www.uscis.gov/nta**.

### Does this process result in lawful status for people who receive deferred action for childhood arrivals?

No. Deferred action under this process is only a discretionary determination to defer removal action. It is an act of prosecutorial discretion and does not provide you with a lawful status.

### What protections are in place to protect the information I share in my request from being used for immigration enforcement purposes?

The information you provide in your request is protected from disclosure to U.S. Immigration and Customs Enforcement (ICE) and U.S. Customs and Border Protection (CBP) for the purpose of immigration enforcement proceedings unless you meet the criteria for the issuance of a Notice to Appear or a referral to ICE under the criteria explained in USCIS' Notice to Appear guidance at **www.uscis.gov/nta**. Individuals whose cases are deferred under the consideration of deferred action for childhood arrivals process will not be referred to ICE.

The information may be shared with national security and law enforcement agencies, including ICE and CBP, for purposes other than removal. These other purposes could include: for assistance in the consideration of deferred action for childhood arrivals, to identify or prevent fraudulent claims, for national security purposes, or for the investigation or prosecution of a criminal offense. This information-sharing clause covers family members and guardians, in addition to the person requesting deferred action.

This policy may be modified, superseded, or rescinded at any time without notice. It is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter.

## Key Information

| Key USCIS forms referenced in this guide | Form # |
|---|---|
| Consideration of Deferred Action for Childhood Arrivals | I-821D |
| Application for Employment Authorization | I-765 |
| I-765 Worksheet | I-765WS |
| E-Notification of Application/Petition Acceptance | G-1145 |

| Key USCIS Web sites referenced in this guide | Web site link |
|---|---|
| Information about Deferred Action for Childhood Arrivals process and frequently asked questions | **www.uscis.gov/childhoodarrivals** |
| Consideration of Deferred Action for Childhood Arrivals Form | **www.uscis.gov/I-821D** |
| Application for Employment Authorization | **www.uscis.gov/I-765** |
| E-Notification of Application/Petition Acceptance Form | **www.uscis.gov/G-1145** |
| USCIS Notice to Appear Policy | **www.uscis.gov/NTA** |

| Other U.S. Government Services-Click or Call | |
|---|---|
| General Information | **www.usa.gov** |
| New Immigrants | **www.welcometoUSA.gov** |
| U.S. Immigration & Customs Enforcement | **www.ice.gov** |

For more copies of this guide, or information about other customer guides, please visit **www.uscis.gov/howdoi**.

You can also visit **www.uscis.gov** to download forms, e-file some applications, check the status of an application, and more. It's a great place to start!

If you don't have Internet access at home or work, try your local library.

If you cannot find what you need, please call

**Customer Service at: (800) 375-5283**
*TDD for hearing-impaired: (800) 767-1833.*

**Disclaimer:** *This guide provides basic information to help you become generally familiar with our rules and procedures. For more information, or the law and regulations, please visit our Web site. Immigration law can be complex, and it is impossible to describe every aspect of every process. You may wish to be represented by a licensed attorney or by a nonprofit agency recognized by the Board of Immigration Appeals.*

# Deferred Action for Childhood Arrivals (DACA) Tip Sheet
## At a Glance: Initial vs. Renewal DACA Process

| | **Initial DACA** | **Renewal DACA** |
|---|---|---|
| **Guidelines** | You may request consideration of initial DACA if you:<br><br>• Were under the age of 31 as of June 15, 2012;<br>• Came to the United States before reaching your 16th birthday;<br>• Have continuously resided in the United States since June 15, 2007, up to the present time;<br>• Were physically present in the United States on June 15, 2012, and at the time of making your request for consideration of deferred action with USCIS;<br>• Had no lawful immigration status on June 15, 2012;<br>• Are currently in school, have graduated or obtained a certificate of completion from high school, have obtained a general education development (GED) certificate (or other State-authorized exam in the United States), or are an honorably discharged veteran of the Coast Guard or Armed Forces of the United States; and<br>• Have not been convicted of a felony, significant misdemeanor, three or more other misdemeanors, and do not otherwise pose a threat to national security or public safety. | You may request consideration of renewal DACA if you met the guidelines for initial DACA and you:<br><br>• Did not depart the United States on or after August Aw15, 2012, without advance parole;<br>• Have continuously resided in the United States since you submitted your most recent request for DACA that was approved up to the present time; and<br>• Have not been convicted of a felony, a significant misdemeanor, or three or more misdemeanors, and do not otherwise pose a threat to national security or public safety. |
| **How to Request** | • Complete and sign:<br><br>  ❑ Form I-821D, Consideration of Deferred Action for Childhood Arrivals;<br>  ❑ Form I-765, Application for Employment Authorization; and<br>  ❑ Form I-765W, Worksheet.<br>• Submit all three forms, the $465 filing and biometrics fee and any required documentation to USCIS following the instructions on the forms. | • Complete and sign:<br><br>  ❑ Form I-821D, Consideration of Deferred Action for Childhood Arrivals;<br>  ❑ Form I-765, Application for Employment Authorization; and<br>  ❑ Form I-765W, Worksheet.<br>  ❑ Submit all three forms and the $465 filing and biometrics fee and any required documentation to USCIS following the instructions on the forms.<br>  ❑ Do not provide any additional documents at the time you request renewal of DACA unless you have new documents pertaining to removal proceedings or criminal history that you have not already submitted to USCIS in a previously approved DACA request. |
| **When to File** | You can file a request for initial DACA at any time. | USCIS encourages you to submit your request for renewal approximately 120 days (or four months) prior to the expiration of your current period of deferred action.  However, if you file your renewal request more than 150 days (or 5 months) prior to the expiration of your current period of deferred action, USCIS may reject your submission and return it to you with instructions to resubmit your request closer to the expiration date. |



U.S. Citizenship
and Immigration
Services

M-555B (June 2014) N
PED.DACA.0514_TipSheet

# FREQUENTLY ASKED QUESTIONS

### WHAT IS DEFERRED ACTION FOR CHILDHOOD ARRIVALS?

Over the past several years, this Administration has undertaken an unprecedented effort to transform the immigration enforcement system into one that focuses on national security, public safety, border security, and the integrity of the immigration system. As the Department of Homeland Security (DHS) continues to focus its enforcement resources on the removal of individuals who pose a danger to national security or a risk to public safety, DHS will exercise prosecutorial discretion as appropriate to ensure that enforcement resources are not expended on low priority cases, such as individuals who came to the United States as children and meet other key guidelines. Individuals who demonstrate that they meet the guidelines below may request consideration of deferred action for childhood arrivals (DACA) for a period of 2 years, subject to renewal for a period of 2 years, and may be eligible for employment authorization.

**You may request consideration of DACA if you:**

1. Were under the age of 31 as of June 15, 2012;

2. Came to the United States before reaching your 16th birthday;

3. Have continuously resided in the United States since June 15, 2007, up to the present time;

4. Were physically present in the United States on June 15, 2012, and at the time of making your request for consideration of deferred action with USCIS;

5. Had no lawful status on June 15, 2012, meaning that:
   – You never had a lawful immigration status on or before June 15, 2012, or
   – Any lawful immigration status or parole that you obtained prior to June 15, 2012, had expired as of June 15, 2012.

6. Are currently in school, have graduated or obtained a certificate of completion from high school, have obtained a General Educational Development (GED) certificate, or are an honorably discharged veteran of the Coast Guard or Armed Forces of the United States; and

7. Have not been convicted of a felony, a significant misdemeanor, three or more other misdemeanors, and do not otherwise pose a threat to national security or public safety.

Individuals can call U.S. Citizenship and Immigration Services (USCIS) at 1-800-375-5283 with questions or to request more information on DACA. Those with pending requests can also use a number of **online self-help tools** which include the ability to check case status and processing times, change your address, and send an inquiry about a case pending longer than posted processing times or non-delivery of a card or document.

## What is Deferred Action?

Deferred action is a discretionary determination to defer a removal action of an individual as an act of prosecutorial discretion. For purposes of future inadmissibility based upon **unlawful presence**, an individual whose case has been deferred is not considered to be unlawfully present during the period in which deferred action is in effect. An individual who has received deferred action is authorized by DHS to be present in the United States, and is therefore considered by DHS to be lawfully present during the period deferred action is in effect. However, deferred action does not confer **lawful status** upon an individual, nor does it excuse any previous or subsequent periods of unlawful presence.

Under existing regulations, an individual whose case has been deferred is eligible to receive employment authorization for the period of deferred action, provided he or she can demonstrate "an economic necessity for employment." DHS can terminate or renew deferred action at any time, at the agency's discretion.

## What is DACA?

On June 15, 2012, the Secretary of Homeland Security announced that certain people who came to the United States as children and meet several key guidelines may request consideration of deferred action for a period of 2 years, subject to renewal, and would then be eligible for work authorization.

Individuals who can demonstrate through verifiable documentation that they meet these guidelines will be considered for deferred action. Determinations will be made on a case-by-case basis under the DACA guidelines.

## Is there any difference between "deferred action" and DACA under this process?

DACA is one form of deferred action. The relief an individual receives under DACA is identical for immigration purposes to the relief obtained by any person who receives deferred action as an act of prosecutorial discretion.

## If my removal is deferred under the consideration of DACA, am I eligible for employment authorization?

**YES**. Under existing regulations, if your case is deferred, you may obtain employment authorization from USCIS provided you can demonstrate an economic necessity for employment.

## If my case is deferred, am I in lawful status for the period of deferral?

**NO**. Although action on your case has been deferred and you do not accrue unlawful presence (for admissibility purposes) during the period of deferred action, deferred action does not confer any lawful status.

The fact that you are not accruing unlawful presence does not change whether you are in lawful status while you remain in the United States. However, although deferred action does not confer a lawful immigration status, your period of stay is authorized by the Department of Homeland Security while your deferred action is in effect and, for admissibility purposes, you are considered to be lawfully present in the United States during that time. **Individuals granted deferred action are not precluded by Federal law from establishing domicile in the United States.**

Apart from the immigration laws, "lawful presence," "lawful status," and similar terms are used in various other Federal and State laws. For information on how those laws affect individuals who receive a favorable exercise of prosecutorial discretion under DACA, please contact the appropriate Federal, State, or local authorities.

## Can I renew my period of deferred action and employment authorization under DACA?

**YES**. You may request consideration for a renewal of your DACA. Your request for a renewal will be considered on a case-by-case basis. If USCIS renews its exercise of discretion under DACA for your case, you will receive deferred action for another 2 years, and if you demonstrate an economic necessity for employment, you may receive employment authorization throughout that period.

**DACA PROCESS**

## How do I request consideration of DACA?

To request consideration of DACA (either as an initial request or to request a renewal), you must submit **Form I-821D, Consideration of Deferred Action for Childhood Arrivals,** to USCIS. Please visit **www.uscis.gov/i-821d** before you begin the process to make sure you are using the most current version of the form available. This form must be completed, properly signed, and accompanied by a **Form I-765, Application for Employment Authorization**, and a **Form I-765WS, Worksheet**, establishing your economic need for employment. If you fail to submit a completed Form I-765 (along with the accompanying filing fees for that form, totaling $465), USCIS will not consider your request for deferred action. Please read the form instructions to ensure that you answer the appropriate questions (determined by whether you are submitting an initial or renewal request) and that you submit all the required documentation to support your initial request.

You must file your request for consideration of DACA at the USCIS Lockbox. You can find the mailing address and instructions at **www.uscis.gov/i-821d**. As of June 5, 2014, requestors must use the new version of the

form. After your Form I-821D, Form I-765, and Form I-765 Worksheet have been received, USCIS will review them for completeness, including submission of the required fee, initial evidence and supporting documents (for initial filings).

If it is determined that the request is complete, USCIS will send you a receipt notice. USCIS will then send you an appointment notice to visit an Application Support Center (ASC) for biometric services, if an appointment is required. Please make sure you read and follow the directions in the notice. Failure to attend your biometrics appointment may delay processing of your request for consideration of deferred action, or may result in a denial of your request. You may also choose to receive an email and/or text message notifying you that your form has been accepted by completing a **Form G-1145, E-Notification of Application/Petition Acceptance**.

Each request for consideration of DACA will be reviewed on an individual, case-by-case basis. USCIS may request more information or evidence from you, or request that you appear at a USCIS office. USCIS will notify you of its determination in writing.

**Note:** All individuals who believe they meet the guidelines, including those in removal proceedings, with a final removal order, or with a voluntary departure order (and not in immigration detention), may affirmatively request consideration of DACA from USCIS through this process. Individuals who are currently in immigration detention and believe they meet the guidelines may not request consideration of deferred action from USCIS but may identify themselves to their deportation officer or Jail Liaison. You may also contact the ICE Field Office Director. For more information visit ICE's Web site at **www.ice.gov/daca**.

## Can I obtain a fee waiver or fee exemption for this process?

There are no fee waivers available for employment authorization applications connected to DACA. There are very limited fee exemptions available. Requests for fee exemptions must be filed and favorably adjudicated before an individual files his or her request for consideration of DACA without a fee. In order to be considered for a fee exemption, you must submit a letter and supporting documentation to USCIS demonstrating that you meet one of the following conditions:

- You are under 18 years of age, have an income that is less than 150 percent of the U.S. poverty

level, and are in foster care or otherwise lacking any parental or other familial support; or

- You are under 18 years of age and homeless; or

- You cannot care for yourself because you suffer from a serious, chronic disability and your income is less than 150 percent of the U.S. poverty level; or

- You have, at the time of the request, accumulated **$10,000** or more in debt in the past 12 months as a result of unreimbursed medical expenses for yourself or an immediate family member, and your income is less than 150 percent of the U.S. poverty level.

You can find additional information on our **Fee Exemption Guidance** Web page. Your request must be submitted and decided before you submit a request for consideration of DACA without a fee. In order to be considered for a fee exemption, you must provide documentary evidence to demonstrate that you meet any of the above conditions at the time that you make the request. For evidence, USCIS will:

- Accept affidavits from community-based or religious organizations to establish a requestor's homelessness or lack of parental or other familial financial support;

- Accept copies of tax returns, bank Statements, pay stubs, or other reliable evidence of income level. Evidence can also include an affidavit from the applicant or a responsible third party attesting that the applicant does not file tax returns, has no bank accounts, and/or has no income to prove income level;

- Accept copies of medical records, insurance records, bank Statements, or other reliable evidence of unreimbursed medical expenses of at least **$10,000**;

- Address factual questions through Requests for Evidence (RFEs).

## If individuals meet the guidelines for consideration of DACA and are encountered by U.S. Customs and Border Protection (CBP) or U.S. Immigration and Customs Enforcement (ICE), will they be placed into removal proceedings?

DACA is intended, in part, to allow CBP and ICE to focus on priority cases. Under the direction of the Secretary of Homeland Security, if an individual meets the guidelines for DACA, CBP or ICE should exercise their discretion on a case-by-case basis to prevent qualifying individuals from being apprehended, placed into removal proceedings, or removed. If individuals believe that, in light of this policy, they should not have been apprehended or placed into removal proceedings, contact the Law Enforcement Support Center's hotline at (855) 448-6903 (staffed 24 hours a day, 7 days a week).

## Does this process apply to me if I am currently in removal proceedings, have a final removal order, or have a voluntary departure order?

This process is open to any individual who can demonstrate he or she meets the guidelines for consideration, including those who have never been in removal proceedings as well as those in removal proceedings, with a final order, or with a voluntary departure order (as long as they are not in immigration detention).

## If I am not in removal proceedings but believe I meet the guidelines for consideration of DACA, should I seek to place myself into removal proceedings through encounters with CBP or ICE?

**NO**. If you are not in removal proceedings but believe that you meet the guidelines, you should submit your DACA request to USCIS under the process outlined below.

## Can I request consideration of DACA from USCIS if I am in immigration detention under the custody of ICE?

**NO**. If you are currently in immigration detention, you may not request consideration of DACA from USCIS. If you think you may meet the guidelines of this process, you should identify yourself to your deportation officer or Jail Liaison. You may also contact the ICE Field Office Director. For more information, visit ICE's Web site at **www.ice.gov/daca**.

## If I am about to be removed by ICE and believe that I meet the guidelines for consideration of DACA, what steps should I take to seek review of my case before removal?

If you believe you can demonstrate that you meet the guidelines and are about to be removed, you should immediately contact the Law Enforcement Support Center's hotline at (855) 448-6903 (staffed 24 hours a day, 7 days a week).

## What should I do if I meet the guidelines of this process and have been issued an ICE detainer following an arrest by a State or local law enforcement officer?

If you meet the guidelines and have been served a detainer, you should immediately contact the Law Enforcement Support Center's hotline at (855) 448-6903 (staffed 24 hours a day, 7 days a week).

## If I accepted an offer of administrative closure under the case-by-case review process or my case was terminated as part of the case-by-case review process, can I be considered for deferred action under this process?

**YES**. If you can demonstrate that you meet the guidelines, you will be able to request consideration of DACA even if you have accepted an offer of administrative closure or termination under the case-by-case review process.

## If I declined an offer of administrative closure under the case-by-case review process, can I be considered for deferred action under this process?

**YES**. If you can demonstrate that you meet the guidelines, you will be able to request consideration of DACA even if you declined an offer of administrative closure under the case-by-case review process.

## If my case was reviewed as part of the case-by-case review process but I was not offered administrative closure, can I be considered for deferred action under this process?

**YES**. If you can demonstrate that you meet the guidelines, you will be able to request consideration of DACA

even if you were not offered administrative closure following review of your case as part of the case-by-case review process.

## Can I request consideration of DACA under this process if I am currently in a nonimmigrant status (e.g., F-1, E-2, H-4) or have Temporary Protected Status (TPS)?

**NO**. You can only request consideration of DACA under this process if you currently have no immigration status and were not in any lawful status on June 15, 2012.

## Will the information I share in my request for consideration of DACA be used for immigration enforcement purposes?

Information provided in this request is protected from disclosure to ICE and CBP for the purpose of immigration enforcement proceedings unless the requestor meets the criteria for the issuance of a Notice to Appear or a referral to ICE under the criteria set forth in USCIS' Notice to Appear guidance (**www.uscis.gov/NTA**). Individuals whose cases are deferred pursuant to DACA will not be referred to ICE. The information may be shared with national security and law enforcement agencies, including ICE and CBP, for purposes other than removal, including for assistance in the consideration of DACA, to identify or prevent fraudulent claims, for national security purposes, or for the investigation or prosecution of a criminal offense. The above information sharing policy covers family members and guardians, in addition to the requestor. This policy, which may be modified, superseded, or rescinded at any time without notice, is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable by law by any party in any administrative, civil, or criminal matter.

## If my case is referred to ICE for immigration enforcement purposes or if I receive an NTA, will information related to my family members and guardians also be referred to ICE for immigration enforcement purposes?

If your case is referred to ICE for purposes of immigration enforcement or you receive an NTA, information

related to your family members or guardians that is contained in your request will not be referred to ICE for purposes of immigration enforcement against family members or guardians. However, that information may be shared with national security and law enforcement agencies, including ICE and CBP, for purposes other than removal, including for assistance in the consideration of DACA, to identify or prevent fraudulent claims, for national security purposes, or for the investigation or prosecution of a criminal offense.

This policy, which may be modified, superseded, or rescinded at any time without notice, is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter.

## Will USCIS verify documents or Statements that I provide in support of a request for DACA?

USCIS has the authority to verify documents, facts, and Statements that are provided in support of requests for DACA. USCIS may contact education institutions, other government agencies, employers, or other entities in order to verify information.

**BACKGROUND CHECKS**

## Will USCIS conduct a background check when reviewing my request for consideration of DACA?

**YES**. You must undergo biographic and biometric background checks before USCIS will consider your DACA request.

## What do background checks involve?

Background checks involve checking biographic and biometric information provided by the individuals against a variety of databases maintained by DHS and other Federal Government agencies.

## What steps will USCIS and ICE take if I engage in fraud through the new process?

If you knowingly make a misrepresentation or knowingly fail to disclose facts, in an effort to obtain DACA or work authorization through this process, you will

be treated as an immigration enforcement priority to the fullest extent permitted by law and be subject to criminal prosecution and/or removal from the United States.

**AFTER USCIS MAKES A DECISION**

## Can I appeal USCIS' determination?

**NO**. You cannot file a motion to reopen or reconsider, and cannot appeal the decision if USCIS denies your request for consideration of DACA.

You may request a review of your I-821D denial by contacting USCIS' Call Centers at (800) 375-5283 to have a Service Request created if you believe that you actually did meet all of the DACA guidelines and you believe that your request was denied due to one of the following errors:

- Denied the request based on abandonment, when you actually responded to an RFE or NOID within the prescribed time;

- Mailed the RFE or NOID to the wrong address although you had submitted a Form AR-11, Change of Address, or changed your address online at www.uscis.gov before USCIS issued the RFE or NOID;

- Denied the request on the grounds that you did not come to the United States prior to your 16th birthday, but the evidence submitted **at the time of filing** shows that you did arrive before reaching that age;

- Denied the request on the grounds that you were under age 15 **at the time of filing** but not in removal proceedings, while the evidence submitted **at the time of filing** show that you indeed were in removal proceedings when the request was filed;

- Denied the request on the grounds that you were 31 or older as of June 15, 2012, but the evidence submitted **at the time of filing** shows that you were **not yet** 31 years old as of that date;

- Denied the request on the grounds that you had lawful status on June 15, 2012, but the evidence

submitted **at the time of filing** shows that you indeed were in an unlawful immigration status on that date;

- Denied the request on the grounds that you were not physically present in the United States on June 15, 2012, and up through the date of filing, but the evidence submitted **at the time of filing** shows that you were, in fact, present;

- Denied the request due to your failure to appear at a USCIS ASC to have your biometrics collected, when you in fact either did appear at a USCIS ASC to have this done or requested prior to the scheduled date of your biometrics appointment to have the appointment rescheduled; or

- Denied the request because you did not pay the filing fees for Form I-765, Application for Employment Authorization, when you actually did pay these fees.

If you believe your request was denied due to any of these administrative errors, you may contact our National Customer Service Center at (800) 375-5283 or (800) 767-1833 (TDD for the hearing impaired). Customer service officers are available Monday – Friday, 8 a.m. – 6 p.m, in each U.S. time zone.

## If USCIS does not exercise deferred action in my case, will I be placed in removal proceedings?

If you have submitted a request for consideration of DACA and USCIS decides not to defer action in your case, USCIS will apply its policy guidance governing the referral of cases to ICE and the issuance of a Notice to Appear (NTA). If your case does not involve a criminal offense, fraud, or a threat to national security or public safety, your case will not be referred to ICE for purposes of removal proceedings except where DHS determines there are exceptional circumstances. For more detailed information on the applicable NTA policy, visit **www.uscis.gov/NTA**. If after a review of the totality of circumstances USCIS determines to defer action in your case, USCIS will likewise exercise its discretion and will not issue you an NTA.

## Can my deferred action under the DACA process be terminated before it expires?

**YES**. DACA is an exercise of prosecutorial discretion and deferred action may be terminated at any time, with or without a Notice of Intent to Terminate, at DHS's discretion.

### INITIAL REQUESTS FOR DACA

## What guidelines must I meet to be considered for deferred action for childhood arrivals (DACA)?

Under the Secretary of Homeland Security's June 15, 2012 memorandum, in order to be considered for DACA, you must submit evidence, including supporting documents, showing that you:

1. Were under the age of 31 as of June 15, 2012;

2. Came to the United States before reaching your 16th birthday;

3. Have continuously resided in the United States since June 15, 2007, up to the present time;

4. Were physically present in the United States on June 15, 2012, and at the time of making your request for consideration of deferred action with USCIS;

5. Had no lawful status on June 15, 2012;

6. Are currently in school, have graduated or obtained a certificate of completion from high school, have obtained a General Educational Development (GED) certificate, or are an honorably discharged veteran of the Coast Guard or Armed Forces of the United States; and

7. Have not been convicted of a felony, significant misdemeanor, three or more other misdemeanors, and do not otherwise pose a threat to national security or public safety.

These guidelines must be met for consideration of DACA. U.S. Citizenship and Immigration Services (USCIS) retains the ultimate discretion to determine whether deferred action is appropriate in any given case even if the guidelines are met.

## How old must I be in order to be considered for deferred action under this process?

- If you have never been in removal proceedings, or your proceedings have been terminated before your request for consideration of DACA, you must be at least 15 years of age or older at the time of filing and meet the other guidelines.

- If you are in removal proceedings, have a final removal order, or have a voluntary departure order, and are not in immigration detention, you can request consideration of DACA even if you are under the age of 15 at the time of filing and meet the other guidelines.

- In all instances, you cannot be the age of 31 or older as of June 15, 2012, to be considered for DACA.

## I first came to the United States before I turned 16 years old and have been continuously residing in the United States since at least June 15, 2007. Before I turned 16 years old, however, I left the United States for some period of time before returning and beginning my current period of continuous residence. May I be considered for deferred action under this process?

**YES**, but only if you established residence in the United States during the period before you turned 16 years old, as evidenced, for example, by records showing you attended school or worked in the United States during that time, or that you lived in the United States for multiple years during that time. In addition to establishing that you initially resided in the United States before you turned 16 years old, you must also have maintained continuous residence in the United States from June 15, 2007, until the present time to be considered for deferred action under this process.

## To prove my continuous residence in the United States since June 15, 2007, must I provide evidence documenting my presence for every day, or every month, of that period?

To meet the continuous residence guideline, you must submit documentation that shows you have been living

in the United States from June 15, 2007, up until the time of your request. You should provide documentation to account for as much of the period as reasonably possible, but there is no requirement that every day or month of that period be specifically accounted for through direct evidence.

It is helpful to USCIS if you can submit evidence of your residence during at least each year of the period. USCIS will review the documentation in its totality to determine whether it is more likely than not that you were continuously residing in the United States for the period since June 15, 2007. Gaps in the documentation as to certain periods may raise doubts as to your continued residence if, for example, the gaps are lengthy or the record otherwise indicates that you may have been outside the United States for a period of time that was not brief, casual, or innocent.

If gaps in your documentation raise questions, USCIS may issue a Request for Evidence to allow you to submit additional documentation that supports your claimed continuous residence.

Affidavits may be submitted to explain a gap in the documentation demonstrating that you meet the five-year continuous residence requirement. If you submit affidavits related to the continuous residence requirement, you must submit two or more affidavits, sworn to or affirmed by people other than yourself who have direct personal knowledge of the events and circumstances during the period as to which there is a gap in the documentation. Affidavits may only be used to explain gaps in your continuous residence; they cannot be used as evidence that you meet the entire 5-year continuous residence requirement.

### Does "currently in school" refer to the date on which the request for consideration of deferred action is filed?

To be considered "currently in school" under the guidelines, you must be enrolled in school on the date you submit a request for consideration of deferred action under this process.

### Who is considered to be "currently in school" under the guidelines?

To be considered "currently in school" under the guidelines, you must be enrolled in:

- A public, private, or charter elementary school, junior high or middle school, high school, secondary school, alternative program, or home-school program meeting State requirements;

- An education, literacy, or career training program (including vocational training) that has a purpose of improving literacy, mathematics, or English or is designed to lead to placement in postsecondary education, job training, or employment and where you are working toward such placement; or

- An education program assisting students either in obtaining a regular high school diploma or its recognized equivalent under State law (including a certificate of completion, certificate of attendance, or alternate award), or in passing a GED exam or other State-authorized exam (e.g., HiSet or TASC) in the United States.

These education, literacy, career training programs (including vocational training), or education programs assisting students in obtaining a regular high school diploma or its recognized equivalent under State law, or in passing a GED exam or other State-authorized exam in the United States include but are not limited to programs funded, in whole or in part, by Federal, State, county or municipal grants or administered by nonprofit organizations. Programs funded by other sources may qualify if they are administered by providers of demonstrated effectiveness, such as institutions of higher education, including community colleges and certain community-based organizations.

In assessing whether such programs not funded in whole or in part by Federal, State, county, or municipal grants or administered by nonprofit organizations are of demonstrated effectiveness, USCIS will consider the duration of the program's existence; the program's track record in assisting students in obtaining a regular high school diploma or its recognized equivalent, in passing a GED or other State-authorized exam (e.g., HiSet or

TASC), or in placing students in postsecondary education, job training, or employment; and other indicators of the program's overall quality. For individuals seeking to demonstrate that they are "currently in school" through enrollment in such a program, the burden is on the requestor to show the program's demonstrated effectiveness.

## How do I establish that I am currently in school?

Documentation sufficient for you to demonstrate that you are currently in school may include but is not limited to:

- Evidence that you are enrolled in a public, private, or charter elementary school, junior high or middle school, high school or secondary school; alternative program, or homeschool program meeting State requirements; or

- Evidence that you are enrolled in an education, literacy, or career training program (including vocational training) that:

  – Has a purpose of improving literacy, mathematics, or English or is designed to lead to placement in postsecondary education, job training, or employment and where you are working toward such placement; and

  – The program is funded in whole or in part by Federal or State grants or is of demonstrated effectiveness; or evidence that you are enrolled in an education program assisting students in obtaining a high school equivalency diploma or certificate recognized under State law (such as by passing a GED exam or other such State-authorized exam (for example, HiSet or TASC), and that the program is funded in whole or in part by Federal, State, county or municipal grants or are administered by nonprofit organizations or, if funded by other sources is of demonstrated effectiveness.

Such evidence of enrollment may include: acceptance letters, school registration cards, letters from a school or program, transcripts, report cards, or progress reports which may show the name of the school or program, date of enrollment, and current educational or grade level, if relevant.

## What documentation may be sufficient to demonstrate that I have graduated from high school?

Documentation sufficient for you to demonstrate that you have graduated from high school may include but is not limited to: a high school diploma from a public or private high school or secondary school, certificate of completion, certificate of attendance, or alternate award from a public or private high school or secondary school, or a recognized equivalent of a high school diploma under State law, or a GED certificate or certificate from passing another such State-authorized exam (e.g., HiSet or TASC) in the United States.

## What documentation may be sufficient to demonstrate that I have obtained a GED certificate or certificate from passing another such State-authorized exam (e.g., HiSet or TASC)?

Documentation may include but is not limited to, evidence that you have passed a GED exam or other State-authorized exam (e.g., HiSet or TASC), and, as a result, have received the recognized equivalent of a regular high school diploma under State law.

## If I am enrolled in a literacy or career training program, can I meet the guidelines?

**YES**, in certain circumstances. You may meet the guidelines if you are enrolled in an education, literacy, or career training program that has a purpose of improving literacy, mathematics, or English or is designed to lead to placement in postsecondary education, job training, or employment and where you are working toward such placement. Such programs include but are not limited to programs funded, in whole or in part by Federal, State, county or municipal grants, or are administered by nonprofit organizations, or, if funded by other sources, programs of demonstrated effectiveness.

## If I am enrolled in an English as a Second Language (ESL) program, can I meet the guidelines?

**YES**, in certain circumstances. Enrollment in an ESL program may be used to meet the guidelines if the ESL program is funded in whole or in part by Federal, State, county or municipal grants, or administered by

nonprofit organizations, or, if funded by other sources, is a program of demonstrated effectiveness. You must submit direct documentary evidence that the program is funded in whole or part by Federal, State, county, or municipal grants, administered by a nonprofit organization, or of demonstrated effectiveness.

### Will USCIS consider evidence other than that listed in Chart #1 to show that I have met the education guidelines?

**NO**. Evidence not listed in Chart #1 on the following page will not be accepted to establish that you are currently in school, have graduated or obtained a certificate of completion from high school, or have obtained a GED or passed another State-authorized exam (e.g., HiSet or TASC). You must submit any of the documentary evidence listed in Chart #1 to show that you meet the education guidelines.

### Will USCIS consider evidence other than that listed in Chart #1 to show that I have met certain initial guidelines?

Evidence other than those documents listed in Chart #1 may be used to establish the following guidelines and factual showings if available documentary evidence is insufficient or lacking and shows that:

- You were physically present in the United States on June 15, 2012;

- You came to the United States before reaching your 16th birthday;

- You satisfy the continuous residence requirement, as long as you present direct evidence of your continued residence in the United States for a portion of the required period and the circumstantial evidence is used only to fill in gaps in the length of continuous residence demonstrated by the direct evidence; and

- Any travel outside the United States during the period of required continuous presence was brief, casual, and innocent.

However, USCIS will not accept evidence other than the documents listed in Chart #1 as proof of any of the following guidelines to demonstrate that you:

- Were under the age of 31 on June 15, 2012; and

- Are currently in school, have graduated or obtained a certificate of completion from high school, have obtained a GED certificate, or are an honorably discharged veteran of the Coast Guard or Armed Forces of the United States.

For example, even if you do not have documentary proof of your presence in the United States on June 15, 2012, you may still be able to satisfy the guidelines. You may do so by submitting credible documentary evidence that you were present in the United States shortly before and shortly after June 15, 2012, which, under the facts presented, may give rise to an inference of your presence on June 15, 2012 as well. However, evidence other than that listed in Chart #1 will not be accepted to establish that you have graduated high school. You must submit the designated documentary evidence to satisfy that you meet this guideline.

**CHART #1:** on the next page, provides examples of documentation you may submit to demonstrate you meet the initial guidelines for consideration of deferred action under this process. Please see the instructions of Form I-821D, Consideration of Deferred Action for Childhood Arrivals, for additional details of acceptable documentation.

## CHART #1: EXAMPLES OF DOCUMENTS TO SUBMIT TO DEMONSTRATE YOU MEET THE GUIDELINES

| | |
|---|---|
| **Proof of identity** | · Passport or national identity document from your country of origin<br>· Birth certificate with photo identification<br>· School or military ID with photo<br>· Any U.S. Government immigration or other document bearing your name and photo |
| **Proof you came to U.S. before your 16th birthday** | · Passport with admission stamp<br>· Form I-94/I-95/I-94W<br>· School records from the U.S. schools you have attended<br>· Any Immigration and Naturalization Service or DHS document stating your date of entry (Form I-862, Notice to Appear)<br>· Travel records<br>· Hospital or medical records<br>· Rent receipts or utility bills<br>· Employment records (pay stubs, W-2 Forms, etc.)<br>· Official records from a religious entity confirming participation in a religious ceremony<br>· Copies of money order receipts for money sent in or out of the country<br>· Birth certificates of children born in the U.S.<br>· Dated bank transactions<br>· Automobile license receipts or registration<br>· Deeds, mortgages, rental agreement contracts<br>· Tax receipts, insurance policies |
| **Proof of immigration status** | · Form I-94/I-95/I-94W with authorized stay expiration date<br>· Final order of exclusion, deportation, or removal issued as of June 15, 2012<br>· A charging document placing you into removal proceedings |
| **Proof of presence in U.S. on June 15, 2012** | · Rent receipts or utility bills<br>· Employment records (pay stubs, W-2 Forms, etc.)<br>· School records (letters, report cards, etc.)<br>· Military records (Form DD-214 or NGB Form 22) |
| **Proof you continuously resided in U.S. since June 15, 2007** | · Official records from a religious entity confirming participation in a religious ceremony<br>· Copies of money order receipts for money sent in or out of the country<br>· Passport entries<br>· Birth certificates of children born in the United States<br>· Dated bank transactions<br>· Automobile license receipts or registration<br>· Deeds, mortgages, rental agreement contracts<br>· Tax receipts, insurance policies |
| **Proof of your education status at the time of requesting consideration of DACA** | · School records (transcripts, report cards, etc.) from the school that you are currently attending in the United States showing the name(s) of the school(s) and periods of school attendance and the current of requesting consideration of DACA educational or grade level<br>· U.S. high school diploma, certificate of completion, or other alternate award<br>· High school equivalency diploma or certificate recognized under State law<br>· Evidence that you passed a State-authorized exam, including the GED or other State-authorized exam (for example, HiSet or TASC) in the United States |
| **Proof you are an honorably discharged veteran of the U.S. Armed Forces or the U.S. Coast Guard** | · Form DD-214, Certificate of Release or Discharge from Active Duty<br>· NGB Form 22, National Guard Report of Separation and Record of Service<br>· Military personnel records<br>· Military health records |

## May I file affidavits as proof that I meet the initial guidelines for consideration of DACA?

Affidavits generally will not be sufficient on their own to demonstrate that you meet the guidelines for USCIS to consider you for DACA. However, affidavits may be used to support meeting the following guidelines only if the documentary evidence available to you is insufficient or lacking:

- Demonstrating that you meet the 5-year continuous residence requirement; and

- Establishing that departures during the required period of continuous residence were brief, casual, and innocent.

If you submit affidavits related to the above criteria, you must submit two or more affidavits, sworn to or affirmed by people other than yourself, who have direct personal knowledge of the events and circumstances. Should USCIS determine that the affidavits are insufficient to overcome the unavailability or the lack of documentary evidence with respect to either of these guidelines, it will issue a Request for Evidence indicating that further evidence must be submitted to demonstrate that you meet these guidelines.

USCIS will not accept affidavits as proof of satisfying the following guidelines:

- You are currently in school, have graduated or obtained a certificate of completion or other alternate award from high school, have obtained a high school equivalency diploma or certificate (such as by passing the GED exam or other State-authorized exam [for example, HiSet or TASC]), or are an honorably discharged veteran from the Coast Guard or Armed Forces of the United States;

- You were physically present in the United States on June 15, 2012;

- You came to the United States before reaching your 16th birthday;

- You were under the age of 31 on June 15, 2012; and

- Your criminal history, if applicable.

If the only evidence you submit to demonstrate you meet any of the above guidelines is an affidavit, USCIS will issue a Request for Evidence indicating that you have not demonstrated that you meet these guidelines and that you must do so in order to demonstrate that you meet that guideline.

## Will I be considered to be in unlawful status if I had an application for asylum or cancellation of removal pending before either USCIS or the Executive Office for Immigration Review (EOIR) on June 15, 2012?

**YES**. If you had an application for asylum or cancellation of removal, or similar relief, pending before either USCIS or EOIR as of June 15, 2012, but had no lawful status, you may request consideration of DACA.

## I was admitted for "duration of status" or for a period of time that extended past June 14, 2012, but violated my immigration status (e.g., by engaging in unauthorized employment, failing to report to my employer, or failing to pursue a full course of study) before June 15, 2012. May I be considered for deferred action under this process?

**NO**, unless the Executive Office for Immigration Review terminated your status by issuing a final order of removal against you before June 15, 2012.

## I was admitted for "duration of status" or for a period of time that extended past June 14, 2012, but "aged out" of my dependent nonimmigrant status as of June 15, 2012. May I be considered for deferred action under this process?

**YES**. For purposes of satisfying the "had no lawful status on June 15, 2012," guideline alone, if you were admitted for "duration of status" or for a period of time that extended past June 14, 2012, but "aged out" of your dependent nonimmigrant status on or before June 15, 2012 (meaning you turned 21 years old on or before June 15, 2012), you may be considered for deferred action under this process.

### I was admitted for "duration of status" but my status in SEVIS is listed as terminated on or before June 15, 2012. May I be considered for deferred action under this process?

**YES**. For the purposes of satisfying the "had no lawful status on June 15, 2012," guideline alone, if your status as of June 15, 2012, is listed as "terminated" in SEVIS, you may be considered for deferred action under this process.

### I am a Canadian citizen who was inspected by CBP but was not issued an I-94 at the time of admission. May I be considered for deferred action under this process?

In general, a Canadian citizen who was admitted as a visitor for business or pleasure and not issued an I-94, Arrival/Departure Record, (also known as a "non-controlled" Canadian nonimmigrant) is lawfully admitted for a period of 6 months. For that reason, unless there is evidence, including verifiable evidence provided by the individual, that he or she was specifically advised that his or her admission would be for a different length of time, the Department of Homeland Security (DHS) will consider, for DACA purposes only, that the alien was lawfully admitted for a period of 6 months. Therefore, if DHS is able to verify from its records that your last non-controlled entry occurred on or before Dec. 14, 2011, DHS will consider your nonimmigrant visitor status to have expired as of June 15, 2012, and you may be considered for deferred action under this process.

### I used my Border Crossing Card (BCC) to obtain admission to the United States and was not issued an I-94 at the time of admission. May I be considered for deferred action under this process?

Because the limitations on entry for a BCC holder vary based on location of admission and travel, DHS will assume that the BCC holder who was not provided an I-94 was admitted for the longest period legally possible—30 days—unless the individual can demonstrate, through verifiable evidence, that he or she was specifically advised that his or her admission would be

for a different length of time. Accordingly, if DHS is able to verify from its records that your last admission was using a BCC, you were not issued an I-94 at the time of admission, and it occurred on or before May 14, 2012, DHS will consider your nonimmigrant visitor status to have expired as of June 15, 2012, and you may be considered for deferred action under this process.

### Do I accrue unlawful presence if I have a pending initial request for consideration of DACA?

You will continue to accrue unlawful presence while the request for consideration of DACA is pending unless you are under 18 years of age at the time of the request. If you are under 18 years of age at the time you submit your request, you will not accrue unlawful presence while the request is pending, even if you turn 18 while your request is pending with USCIS. If action on your case is deferred, you will not accrue unlawful presence during the period of deferred action. However, having action deferred on your case will not excuse previously accrued unlawful presence.

**RENEWAL OF DACA**

### When should I file my renewal request with U.S. Citizenship and Immigration Services (USCIS)?

USCIS encourages you to submit your request for renewal approximately 120 days (or 4 months) before your current period of deferred action under the Deferred Action for Childhood Arrivals (DACA) process expires. If you have filed approximately 120 days before your deferred action and Employment Authorization Document (EAD) expire and USCIS is unexpectedly delayed in processing your renewal request, USCIS may provide deferred action and employment authorization for a short period of time until your renewal is adjudicated. However, if you file your renewal request more than 150 days prior to the expiration of your current period of deferred action, USCIS may reject your submission and return it to you with instructions to resubmit your request closer to the expiration date.

## How will USCIS evaluate my request for renewal of DACA?

You may be considered for renewal of DACA if you met the guidelines for consideration of Initial DACA (see above) AND you:

1. Did not depart the United States on or after Aug. 15, 2012, without advance parole;

2. Have continuously resided in the United States since you submitted your most recent request for DACA that was approved up to the present time; and

3. Have not been convicted of a felony, a significant misdemeanor, or three or more misdemeanors, and do not otherwise pose a threat to national security or public safety.

These guidelines must be met for consideration of DACA renewal. USCIS retains the ultimate discretion to determine whether deferred action is appropriate in any given case even if the guidelines are met.

## Do I accrue unlawful presence if I am seeking renewal and my previous period of DACA expires before I receive a renewal of deferred action under DACA? Similarly, what would happen to my work authorization?

**YES**, if your previous period of DACA expires before you receive a renewal of deferred action under DACA, you will accrue unlawful presence for any time between the periods of deferred action unless you are under 18 years of age at the time you submit your renewal request.

Similarly, if your previous period of DACA expires before you receive a renewal of deferred action under DACA, you will not be authorized to work in the United States regardless of your age at time of filing until and unless you receive a new employment authorization document from USCIS.

However, if you have filed your renewal request with USCIS approximately 120 days before your deferred action and EAD expire and USCIS is unexpectedly delayed in processing your renewal request, USCIS may provide deferred action and employment authorization for a short period of time.

## Do I need to provide additional documents when I request renewal of deferred action under DACA?

**NO**, unless you have new documents pertaining to removal proceedings or criminal history that you have not already submitted to USCIS in a previously approved DACA request. USCIS, however, reserves the authority to request at its discretion additional documents, information, or Statements relating to a DACA renewal request determination.

**CAUTION:** If you knowingly and willfully provide materially false information on Form I-821D, you will be committing a Federal felony punishable by a fine, or imprisonment up to 5 years, or both, under 18 U.S.C. Section 1001. In addition, individuals may be placed into removal proceedings, face severe penalties provided by law, and be subject to criminal prosecution.

## TRAVEL

## May I travel outside of the United States before I submit an initial Deferred Action for Childhood Arrivals (DACA) request or while my initial DACA request remains pending with the Department of Homeland Security (DHS)?

Any unauthorized travel outside of the United States on or after Aug. 15, 2012, will interrupt your continuous residence and you will not be considered for deferred action under this process. Any travel outside of the United States that occurred on or after June 15, 2007, but before Aug. 15, 2012, will be assessed by U.S. Citizenship and Immigration Services (USCIS) to determine whether the travel qualifies as brief, casual, and innocent. (**See Chart #2 on the following page.**)

**CAUTION:** You should be aware that if you have been ordered deported or removed, and you then leave the United States, your departure will likely result in your being considered deported or removed, with potentially serious future immigration consequences.

## If my case is deferred under DACA, will I be able to travel outside of the United States?

Not automatically. If USCIS has decided to defer action in your case and you want to travel outside the United States, you must apply for advance parole by filing a **Form I-131, Application for Travel Document** and paying the applicable fee ($360). USCIS will determine whether your purpose for international travel is justifiable based on the circumstances you describe in your request. Generally, USCIS will only grant advance parole

| Travel Dates | Type of Travel | Does It Affect Continuous Residence |
|---|---|---|
| **On or after June 15, 2007, but before Aug. 15, 2012** | Brief, casual, and innocent | No |
| | For an extended time | |
| | Because of an order of exclusion, deportation, voluntary departure, or removal | Yes |
| | To participate in criminal activity | |
| | | |
| **On or after Aug. 15, 2012, and after you have requested deferred action** | Any | In addition, if you have previously been ordered deported and removed and you depart the United States without taking additional steps to address your removal proceedings, your departure will likely result in your being considered deported or removed, with potentially serious future immigration consequences. |
| | | |

if your travel abroad will be in furtherance of:

- Humanitarian purposes, including travel to obtain medical treatment, attending funeral services for a family member, or visiting an ailing relative;

- Educational purposes, such as semester-abroad programs and academic research; or

- Employment purposes such as overseas assignments, interviews, conferences, training, or meetings with clients overseas.

Travel for vacation is not a valid basis for advance parole.

You may not apply for advance parole unless and until USCIS defers action in your case under the consideration of DACA. You cannot apply for advance parole at the same time as you submit your request for consideration of DACA. All advance parole requests will be considered on a case-by-case basis.

If USCIS has deferred action in your case under the DACA process after you have been ordered deported or removed, you may still request advance parole if you meet the guidelines for advance parole described above.

**CAUTION:** However, for those individuals who have been ordered deported or removed, before you actually leave the United States, you should seek to reopen your case before the Executive Office for Immigration Review (EOIR) and obtain administrative closure or termination of your removal proceeding. Even after you have asked EOIR to reopen your case, you should not leave the United States until after EOIR has granted your request. If you depart after being ordered deported or removed, and your removal proceeding has not been reopened and administratively closed or terminated, your departure may result in your being considered deported or removed, with potentially serious future immigration consequences. If you have any questions about this process, you may contact U.S. Immigration and Customs Enforcement (ICE) through the local ICE Office of the Chief Counsel with jurisdiction over your case.

**CAUTION:** If you travel outside the United States on or after Aug. 15, 2012, without first receiving advance parole, your departure automatically terminates your deferred action under DACA.

## Do brief departures from the United States interrupt the continuous residence requirement?

A brief, casual, and innocent absence from the United States will not interrupt your continuous residence. If you were absent from the United States, your absence will be considered brief, casual, and innocent if it was on or after June 15, 2007, and before Aug. 15, 2012, and:

1. The absence was short and reasonably calculated to accomplish the purpose for the absence;

2. The absence was not because of an order of exclusion, deportation, or removal;

3. The absence was not because of an order of voluntary departure, or an administrative grant of voluntary departure before you were placed in exclusion, deportation, or removal proceedings; and

4. The purpose of the absence and/or your actions while outside the United States were not contrary to law.

Once USCIS has approved your request for DACA, you may file **Form I-131**, Application for Travel Document, to request advance parole to travel outside of the United States.

**CAUTION:** If you travel outside the United States on or after Aug. 15, 2012, without first receiving advance parole, your departure automatically terminates your deferred action under DACA.

## May I file a request for advance parole concurrently with my DACA package?

Concurrent filing of advance parole is not an option at this time. DHS is, however, reviewing its policy on concurrent filing of advance parole with a DACA request. In addition, DHS is also reviewing eligibility criteria for advance parole. If any changes to this policy are made, USCIS will update this FAQ and inform the public accordingly.

## CRIMINAL CONVICTIONS

## If I have a conviction for a felony offense, a significant misdemeanor offense, or multiple misdemeanors, can I receive an exercise of prosecutorial discretion under this new process?

**NO.** If you have been convicted of a felony offense, a significant misdemeanor offense, or three or more other misdemeanor offenses not occurring on the same date and not arising out of the same act, omission, or scheme of misconduct, you will not be considered for Deferred Action for Childhood Arrivals (DACA) except where the Department of Homeland Security (DHS) determines there are exceptional circumstances.

## What offenses qualify as a felony?

A felony is a Federal, State, or local criminal offense punishable by imprisonment for a term exceeding 1 year.

## What offenses constitute a significant misdemeanor?

For the purposes of this process, a significant misdemeanor is a misdemeanor as defined by Federal law (specifically, one for which the maximum term of imprisonment authorized is 1 year or less but greater than 5 days) and that meets the following criteria:

1. Regardless of the sentence imposed, is an offense of domestic violence, sexual abuse or exploitation, burglary, unlawful possession or use of a firearm, drug distribution or trafficking, or driving under the influence; or

2. If not an offense listed above, is one for which the individual was sentenced to time in custody of more than 90 days. The sentence must involve time to be served in custody, and therefore does not include a suspended sentence.

The time in custody does not include any time served beyond the sentence for the criminal offense based on a State or local law enforcement agency honoring a detainer issued by U.S. Immigration and Customs Enforcement (ICE). Notwithstanding the above, the decision whether to defer action in a particular case is an individualized, discretionary one that is made taking

into account the totality of the circumstances. Therefore, the absence of the criminal history outlined above, or its presence, is not necessarily determinative, but is a factor to be considered in the unreviewable exercise of discretion. DHS retains the discretion to determine that an individual does not warrant deferred action on the basis of a single criminal offense for which the individual was sentenced to time in custody of 90 days or less.

## What offenses constitute a non-significant misdemeanor?

For purposes of this process, a non-significant misdemeanor is any misdemeanor as defined by Federal law (specifically, one for which the maximum term of imprisonment authorized is 1 year or less but greater than 5 days) and that meets the following criteria:

1. Is not an offense of domestic violence, sexual abuse or exploitation, burglary, unlawful possession or use of a firearm, drug distribution or trafficking, or driving under the influence; and

2. Is one for which the individual was sentenced to time in custody of 90 days or less. The time in custody does not include any time served beyond the sentence for the criminal offense based on a State or local law enforcement agency honoring a detainer issued by ICE.

Notwithstanding the above, the decision whether to defer action in a particular case is an individualized, discretionary one that is made taking into account the totality of the circumstances. Therefore, the absence of the criminal history outlined above, or its presence, is not necessarily determinative, but is a factor to be considered in the unreviewable exercise of discretion.

## If I have a minor traffic offense, such as driving without a license, will it be considered a non-significant misdemeanor that counts towards the "three or more non-significant misdemeanors" making me unable to receive consideration for an exercise of prosecutorial discretion under this new process?

A minor traffic offense will not be considered a misdemeanor for purposes of this process. However, your entire offense history can be considered along with other facts to determine whether, under the totality of the circumstances, you warrant an exercise of prosecutorial discretion.

It is important to emphasize that driving under the influence is a significant misdemeanor regardless of the sentence imposed.

## What qualifies as a national security or public safety threat?

If the background check or other information uncovered during the review of your request for deferred action indicates that your presence in the United States threatens public safety or national security, you will not be able to receive consideration for an exercise of prosecutorial discretion except where DHS determines there are exceptional circumstances. Indicators that you pose such a threat include, but are not limited to: gang membership, participation in criminal activities, or participation in activities that threaten the United States.

## Will offenses criminalized as felonies or misdemeanors by State immigration laws be considered felonies or misdemeanors for purpose of this process?

**NO**. Immigration-related offenses characterized as felonies or misdemeanors by State immigration laws will not be treated as disqualifying felonies or misdemeanors for the purpose of considering a request for consideration of deferred action under this process.

## Will DHS consider my expunged or juvenile conviction as an offense making me unable to receive an exercise of prosecutorial discretion?

Expunged convictions and juvenile convictions will not automatically disqualify you. Your request will be assessed on a case-by-case basis to determine whether, under the particular circumstances, a favorable exercise of prosecutorial discretion is warranted. If you were a juvenile, but tried and convicted as an adult, you will be treated as an adult for purposes of the DACA process.

**MISCELLANEOUS**

### Does this Administration remain committed to comprehensive immigration reform?

**YES**. The Administration has consistently pressed for passage of comprehensive immigration reform, including the DREAM Act, because the President believes these steps are critical to building a 21st century immigration system that meets our Nation's economic and security needs.

### Is passage of the DREAM Act still necessary in light of the new process?

**YES**. The Secretary of Homeland Security's June 15, 2012, memorandum allowing certain people to request consideration for deferred action is one in a series of steps that DHS has taken to focus its enforcement resources on the removal of individuals who pose a danger to national security or a risk to public safety. Deferred Action for Childhood Arrivals (DACA) is an exercise of prosecutorial discretion and does not provide lawful status or a pathway to citizenship. As the President has Stated, individuals who would qualify for the DREAM Act deserve certainty about their status. Only the Congress, acting through its legislative authority, can confer the certainty that comes with a pathway to permanent lawful status.

### Does deferred action provide me with a path to permanent resident status or citizenship?

**NO**. Deferred action is a form of prosecutorial discretion that does not confer lawful permanent resident status or a path to citizenship. Only the Congress, acting through its legislative authority, can confer these rights.

### Can I be considered for deferred action even if I do not meet the guidelines to be considered for DACA?

This process is only for individuals who meet the specific guidelines for DACA. Other individuals may, on a case-by-case basis, request deferred action from U.S. Citizenship and Immigration Services (USCIS) or U.S. Immigration and Customs Enforcement (ICE) in certain circumstances, consistent with longstanding practice.

### How will ICE and USCIS handle cases involving individuals who do not satisfy the guidelines of this process but believe they may warrant an exercise of prosecutorial discretion under the June 2011 Prosecutorial Discretion Memoranda?

If USCIS determines that you do not satisfy the guidelines or otherwise determines you do not warrant an exercise of prosecutorial discretion, then it will decline to defer action in your case. If you are currently in removal proceedings, have a final order, or have a voluntary departure order, you may then request ICE consider whether to exercise prosecutorial discretion.

### How should I fill out question 9 on Form I-765, Application for Employment Authorization?

When you are filing a Form I-765 as part of a DACA request, question 9 is asking you to list those Social Security numbers that were officially issued to you by the Social Security Administration.

### Will there be supervisory review of decisions by USCIS under this process?

**YES**. USCIS has implemented a successful supervisory review process to ensure a consistent process for considering requests for DACA.

### Will USCIS personnel responsible for reviewing requests for DACA receive special training?

**YES**. USCIS personnel responsible for considering requests for consideration of DACA have received special training.

### Must attorneys and accredited representatives who provide pro bono services to deferred action requestors at group assistance events file a Form G-28 with USCIS?

Under 8 C.F.R. §§ 292.3 and 1003.102, practitioners are required to file a Notice of Entry of Appearance as Attorney or Accredited Representative when they engage in practice in immigration matters before DHS, either in person or through the preparation or filing of any brief, application, petition, or other document. Under these rules, a practitioner who consistently violates the requirement to file a Form G-28 may be subject to

disciplinary sanctions; however on Feb. 28, 2011, USCIS issued a Statement indicating that it does not intend to initiate disciplinary proceedings against practitioners (attorneys and accredited representatives) based solely on the failure to submit a Notice of Entry of Appearance as Attorney or Accredited Representative (Form G-28) in relation to pro bono services provided at group assistance events. DHS is in the process of issuing a final rule at which time this matter will be reevaluated.

## When must an individual sign a Form I-821D as a preparer?

Anytime someone other than the requestor prepares or helps fill out the Form I-821D, that individual must complete Part 5 of the form.

## If I provide my employee with information regarding his or her employment to support a request for consideration of DACA, will that information be used for immigration enforcement purposes against me and/or my company?

You may, as you determine appropriate, provide individuals requesting DACA with documentation which verifies their employment. This information will not be shared with ICE for civil immigration enforcement purposes under section 274A of the Immigration and Nationality Act (relating to unlawful employment) unless there is evidence of egregious violations of criminal statutes or widespread abuses.

## Can I request consideration for deferred action under this process if I live in the Commonwealth of the Northern Mariana Islands (CNMI)?

**YES**, in certain circumstances. The CNMI is part of the United States for immigration purposes and is not excluded from this process. However, because of the specific guidelines for consideration of DACA, individuals who have been residents of the CNMI are in most cases unlikely to qualify for the program. You must, among other things, have come to the United States before your 16th birthday and have resided continuously in the United States since June 15, 2007.

Under the Consolidated Natural Resources Act of 2008, the CNMI became part of the United States for purposes of immigration law only on Nov. 28, 2009. Therefore entry into, or residence in, the CNMI before that date is not entry into, or residence in, the United States for purposes of the DACA process.

USCIS has used parole authority in a variety of situations in the CNMI to address particular humanitarian needs on a case-by-case basis since Nov. 28, 2009. If you live in the CNMI and believe that you meet the guidelines for consideration of deferred action under this process, except that your entry and/or residence to the CNMI took place entirely or in part before Nov. 28, 2009, USCIS is willing to consider your situation on a case-by-case basis for a grant of parole. If this situation applies to you, you should make an appointment through INFOPASS with the USCIS ASC in Saipan to discuss your case with an immigration officer.

## Someone told me if I pay them a fee, they can expedite my DACA request. Is this true?

**NO**. There is no expedited processing for deferred action. Dishonest practitioners may promise to provide you with faster services if you pay them a fee. These people are trying to scam you and take your money. Visit our **Avoid Scams** page to learn how you can protect yourself from immigration scams.

Make sure you seek information about requests for consideration of DACA from official government sources such as USCIS or the DHS. If you are seeking legal advice, visit our Find **Legal Services** page to learn how to choose a licensed attorney or accredited representative.

## Am I required to register with the Selective Service?

Most male persons residing in the United States, who are ages 18 through 25, are required to register with Selective Service. Please see link for more information. [**Selective Service, www.sss.gov**].



U.S. Citizenship
and Immigration
Services

Learn how to protect yourself from immigration scams at
# www.uscis.gov/avoidscams



# THE WRONG HELP
# CAN HURT
## BEWARE OF IMMIGRATION SCAMS



**DOWNLOAD**
free forms and instructions



**LEARN**
about filing fees



**VERIFY**
only BIA-accredited
representatives or eligible
attorneys provide you legal
services



**REPORT**
scams to the Federal Trade
Commission (FTC) or your
state attorney general
**www.ftc.gov/complaint**
1-877-FTC-HELP

## About Us

USCIS is your **official** source of information about
immigration benefits and services. Contact us for
more information on USCIS and its programs.

## Contact Us
**www.uscis.gov**
1-800-375-5283

131

# DACA RESOURCES

DEPARTMENT OF HOMELAND SECURITY

## U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS)

### DACA resource page

www.uscis.gov/childhoodarrivals
www.uscis.gov/acciondiferida

These English and Spanish Web pages contain important DACA information.

### Avoid Immigration Scams resource center

www.uscis.gov/avoidscams
www.uscis.gov/eviteestafas

These English and Spanish Web pages contain information related to immigration scams, including resources for applicants, community groups, and legal service providers.

### "How Do I" guides

www.uscis.gov/howdoi

This online repository for all USCIS "How Do I" guides includes "How Do I Request Consideration of Deferred Action for Childhood Arrivals (DACA)?"

### Public Engagement Division Outreach page

www.uscis.gov/outreach

This page lists upcoming national engagements, including multilingual engagements, and local outreach events.

### Multilingual resource center

www.uscis.gov/multilingual

This online resource has links to documents in 22 languages, including multilingual DACA resources.

### Online customer service tools

www.uscis.gov/tools

USCIS offers customers a variety of online customer service tools, including the ability to change address, check processing times and case status information, and submit inquiries.

### Systematic Alien Verification for Entitlements (SAVE)

www.uscis.gov/save

The SAVE program is an intergovernmental information service initiative which verifies the immigration status of benefit applicants.

### E-Verify

www.uscis.gov/e-verify

E-Verify is an electronic system that enables employers to verify employment eligibility. The E-Verify program has a variety of resources for employees on worker rights.

## OFFICE FOR CIVIL RIGHTS AND CIVIL LIBERTIES (CRCL)

### Overview of CRCL resources

www.dhs.gov/topic/civil-rights-and-civil-liberties

The mission of CRCL is to advance and safeguard the civil rights and civil liberties of individuals and communities with respect to the Department's immigration-related policies and activities.

## OFFICE OF THE CIS OMBUDSMAN

### Overview of Office of the CIS Ombudsman resources

www.dhs.gov/topic/cis-ombudsman

The Office of the CIS Ombudsman provides individual immigration case assistance and makes recommendations to improve the administration of immigration benefits.

DEPARTMENT OF EDUCATION

## DEPARTMENT OF EDUCATION

### Free Application for Federal Student Aid (FAFSA)

www.studentaid.ed.gov/fafsa

This Web page provides an overview of the FAFSA requirements and process.

### Resources for DACA and immigrant students

**www2.ed.gov/about/overview/focus/immigration-resources.html**

This resource page includes Q&As on Federal student aid and education records for DACA students and a financial aid guide.

### Migrant Education Program

**www2.ed.gov/programs/mep/index.html**

The Migrant Education Program supports the development and funding of education and support services for migratory children.

---

**DEPARTMENT OF JUSTICE**

## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW (EOIR)

### List of Board of Immigration Appeals (BIA) recognized organizations and accredited representatives

**www.justice.gov/eoir/ra/raroster.htm**

BIA accredited representatives working for BIA-recognized organizations are non-attorneys who are authorized to provide immigration legal services.

### List of low cost and free immigration legal service providers

**www.justice.gov/eoir/probono/states.htm**

EOIR provides a list of free and low-cost immigration attorneys by State as a resource for applicants and petitioners.

## ACCESS TO JUSTICE

### Overview of Access to Justice resources

**www.justice.gov/atj**

Access to Justice works with Federal agencies, State, and local governments and State Access to Justice commissions to increase access to counsel and legal assistance and to improve the justice delivery systems that serve people who are unable to afford lawyers.

### DACA resource guide

**www.justice.gov/atj/daca-resourceguide-atj-feb-27-3013.pdf**

This resource guide provides information on the DACA process and links to DACA-related resources.

## OFFICE OF SPECIAL COUNSEL FOR IMMIGRATION-RELATED UNFAIR EMPLOYMENT PRACTICES

### DACA flyer

**www.justice.gov/crt/about/osc/pdf/publications/DACA_English2.pdf**

The Office of Special Counsel enforces the anti-discrimination provisions of the Immigration and Nationality Act. This flyer provides DACA recipients with information about their right to work in the United States

---

**DEPARTMENT OF LABOR**

## WAGE AND HOUR DIVISION

### We Can Help website

**www.dol.gov/wecanhelp**

This Web site provides useful information for workers to understand their rights in the workplace and how to file a complaint, regardless of their immigration status.

### YouthRules! Web site

**www.youthrules.dol.gov**

This Web site provides critical information on the jobs and hours a minor is allowed to work.

135


U.S. Citizenship
and Immigration
Services