EXHIBIT 12



U.S. Department of Justice
Immigration and Naturalization Service

HQINV 50/1

*425 I Street NW*
*Washington, DC 20536*

AUG 30 2001

MEMORANDUM FOR MICHAEL A. PEARSON
                  EXECUTIVE ASSOCIATE COMMISSIONER
                  OFFICE OF FIELD OPERATIONS

FROM:    Michael D. Cronin
           Acting Executive Associate Commissioner
           Office of Programs

SUBJECT: Victims of Trafficking and Violence Protection Act of 2000 (VTVPA) Policy Memorandum #2 – "T" and "U" Nonimmigrant Visas

      The following instructions provide interim guidance to INS relating to the Victims of Trafficking and Violence Protection Act of 2000 (VTVPA) Pub. L. No. 106-386, 114 Stat 1464, (October 28, 2000). This memorandum establishes interim procedures to be followed while the regulations implementing the T and U visa status are being promulgated by INS. The guidance in this memorandum is effective immediately, and will remain in effect until regulations on T and U visa status are in place. This guidance supercedes or augments any previous national or local guidance on T and U visas.

## BACKGROUND

The VTVPA reflects the United States Government's strong stance against trafficking and its intent to vigorously pursue the prosecution of traffickers and the protection of victims. It provides access to social services and benefits for some victims, creates stronger criminal penalties and enhanced sentencing for traffickers, and creates a new nonimmigrant classification for victims of severe forms of trafficking ("T Visa" or "T").[1] The VTVPA also reauthorizes and amends the Violence Against Women Act (VAWA) and adds a second new nonimmigrant classification for victims of other specific crimes ("U Visa" or "U").[2]

---

[1] The statutory purposes of the Trafficking Victims Protection division of the VTVPA "are to combat trafficking in persons, a contemporary manifestation of slavery whose victims are predominantly women and children, to ensure just and effective punishment of traffickers, and to protect their victims." VTVPA§102(a)
[2] The "U Visa" related statutory purpose includes the intent "to create a new nonimmigrant visa classification that will strengthen the ability of law enforcement agencies to detect, investigate and prosecute cases of domestic violence, sexual assault, trafficking of aliens and other crimes...committed against aliens, while offering protection to victims of such offenses in keeping with the humanitarian interests of the United States..." VTVPA§1513(a)(2)(A)

199

Memorandum to Michael A. Pearson
Re: VTVPA Policy Memorandum #2 – "T" and "U" Nonimmigrant Visas                Page 2

## DEFINITIONS

Following are several definitions critical to the understanding of this guidance.

**Severe Forms of Trafficking in Persons** as defined by VTVPA §103(8). The term "severe forms of trafficking in persons" means-

- (A)  sex trafficking in which a commercial sex act is induced by force, fraud, or coercion, or in which the person induced to perform such act has not attained 18 years of age; or

- (B)  the recruitment, harboring, transportation, provision, or obtaining of a person for labor or services, through the use of force, fraud, or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage, or slavery.

**Certain Criminal Activity for "U Visa" Purposes** as defined by VTVPA §1513 (b)(3) refers to one or more of the following or any similar activity in violation of Federal, State, or local criminal law: rape; torture; trafficking; incest; domestic violence; sexual assault; abusive sexual contact; prostitution; sexual exploitation; female genital mutilation; being held hostage; peonage; involuntary servitude; slave trade; kidnapping; abduction; unlawful criminal restraint; false imprisonment; blackmail; extortion; manslaughter; murder; felonious assault; witness tampering; obstruction of justice; perjury; or attempt, conspiracy, or solicitation to commit any of the above mentioned crimes.

**Possible Victim** is any alien who may be eligible for benefits under the "T" or "U" visa categories.

## GENERAL GUIDANCE

The VTVPA creates two new nonimmigrant classifications. These two classifications provide an immigration mechanism for cooperating victims to remain temporarily in the United States to assist in investigations and prosecutions and provide humanitarian protection to victims. The "T" classification is available to victims of severe forms of trafficking and their families and is limited to 5,000 principal aliens per year. The "U" classification is available to victims of certain criminal activity (see Definitions) and their families and is limited to 10,000 principals per year.

The "T" and "U" provisions of the VTVPA went into effect upon enactment, but regulations for implementation and for the processing of applications have not yet been finalized. In the interim, aliens who are identified as possible victims in the above categories **should not be removed from the United States until they have had the opportunity to avail themselves of the provisions of the VTVPA**. Existing authority and mechanisms such as parole, deferred action, and stays of removal will be used to achieve this objective, including continued presence for victims of severe forms of trafficking, as described in interim policy guidelines for continued presence and in the regulations implementing Section 107 (c) of the VTVPA.

Memorandum to Michael A. Pearson
Re: VTVPA Policy Memorandum #2 – "T" and "U" Nonimmigrant Visas    Page 3

## IDENTIFICATION OF POSSIBLE VICTIMS

In the absence of governing regulations, Service personnel should ensure broad interpretation of the guidance to ensure an alien is not removed from the United States if it appears that they fit into one of these victim categories. This guidance is an interim measure aimed only at identifying possible victims who may be eligible for relief under the new nonimmigrant classifications.

Service personnel may encounter possible victims in a variety of circumstances, such as at a Port of Entry (POE), between POEs, in detention, in adjudication processes, in Immigration Court, and/or in the course of investigative activities. At times, Service personnel will be the first point of contact with the possible victim; at other times contact may be established through a prosecutor's office, through a local or federal law enforcement agency, or through an attorney. Regardless of the manner of encounter, if the individual is identified as a possible victim, Service personnel should take the necessary steps to ensure that the individual is not prematurely removed. Circumstances will vary from case to case, and INS personnel should keep in mind that it is better to err on the side of caution than to remove a possible victim to a country where he or she may be harmed by the trafficker or abuser, or by their associates.

**Possible "T" Victims:** The VTVPA specifies that four conditions must be satisfied to classify an alien as a principal "T" nonimmigrant.

1. The alien is or has been a victim of a severe form of trafficking in persons; and

2. The alien is physically present in the United States, American Samoa, or the Commonwealth of the Northern Mariana Islands, or at a POE, on account of such trafficking; and

3. The alien has complied with any reasonable request for assistance in the investigation or prosecution of acts of trafficking - or - the alien is under the age of 15; and

4. The alien would suffer extreme hardship involving unusual and severe harm upon removal.

Additionally, to avoid extreme hardship, the Attorney General may provide "T" nonimmigrant status to the spouses, children, and, in the case of those under age 21, the parents of "T" nonimmigrants.

**Possible "U" Victims:** The VTVPA specifies that four conditions must be satisfied to classify an alien as a principal "U" nonimmigrant:

1. The alien has suffered substantial physical or mental abuse as a result of having been a victim of the certain criminal activity (see Definitions); and

3

201

Memorandum to Michael A. Pearson  
Re: VTVPA Policy Memorandum #2 – "T" and "U" Nonimmigrant Visas

Page 4

2. The alien (or in the case of an alien child under the age of 16, the parent, guardian, or next friend of the alien) possesses information concerning that certain criminal activity described in Definitions;

3. The alien (or in the case of an alien child under the age of 16, the parent, guardian, or next friend of the alien) has been helpful, is being helpful, or is likely to be helpful to a Federal, State, or local law enforcement official; to a Federal, State, or local prosecutor; to a Federal or State judge, to the Service; or to other Federal, State, or local authorities investigating or prosecuting one of the certain criminal activities described in Definitions; and

4. The criminal activity described violated the laws of the United States or occurred in the United States (including in Indian country and military installations) or the territories and possessions of the United States.

Additionally, to avoid extreme hardship, the Attorney General may provide "U" nonimmigrant status to the spouses, children, and, in the case of a child under the age of 16, the parents of "U" nonimmigrants. This would require certification by a government official that an investigation or prosecution would be harmed without the assistance of the spouse, the child, or in the case of an alien child, the parent of the alien. It should be noted that trafficking victims might also be eligible for "U" nonimmigrant classification.

## WORK AUTHORIZATION

Service personnel are instructed to use existing authority and mechanisms to prevent removal of possible "T" and "U" victims. These mechanisms include parole, deferred action, continuances, and stays of removal. Individuals who are identified as possible "T" or "U" victims may be granted work authorization pursuant to existing authority and utilizing existing application procedures. For instance, potential applicants that are paroled may be granted work authorization pursuant to 8 C.F.R. §274a.12(c)(11); potential applicants that are placed on deferred action may be granted work authorization pursuant to 8 C.F.R. §274a.12(c)(14); and potential applicants that are granted a stay of removal may be granted work authorization in accordance with the provisions of 8 C.F.R. §274a.12(c)(18). Governing regulations concerning continued presence for victims and other information related to this topic are also contained in the Department of Justice and Department of State interim rule published in the Federal Register on July 24, 2001 concerning the Protection and Assistance for Victims of Trafficking.

## JUVENILES

Each District has a juvenile coordinator who should be contacted regarding juvenile victims.

## RECORD KEEPING

It is imperative that documentation is maintained on possible victims. As such, information about the possible victim including all pertinent information surrounding the possible victim's circumstances must be maintained in the alien's A-file. If no A-file exists for the individual, one should be created. The use of standard sworn statements and/or applicable question and answer

Memorandum to Michael A. Pearson  
Re: VTVPA Policy Memorandum #2 – "T" and "U" Nonimmigrant Visas

Page 5

forms must be maintained for the record. As evidence of contact with the possible victim, the INS investigator and/or officer will include any necessary notes and memorandum for the record.

### CONTINUED PRESENCE

Aliens who are victims of severe forms of trafficking and are potential witnesses may be eligible for a "T" nonimmigrant classification and shall be processed in accordance with the guidance contained in the policy memorandum dated August 20, 2001, entitled Interim Guidance #1 – Continued Presence. Governing regulations concerning continued presence are also contained in the Department of Justice and Department of State interim rule published in the Federal Register on July 24, 2001 concerning the Protection and Assistance for Victims of Trafficking, as 28 CFR Part 1100.35.

### LEGAL PROCEEDINGS

No alien identified as a possible victim eligible for "T" or "U" nonimmigrant classification should be removed from the United States until they have had the opportunity to avail themselves of the provisions of the VTVPA. When a possible "T" or "U" victim is encountered during the course of proceedings, the District Counsel's office should contact the District Victim-Witness Coordinator so that appropriate action can be taken in accordance with the instructions in this memo. The District Counsel's office has the discretion to seek a continuance of the proceedings or to request administrative closure or termination.

### FEDERAL OBLIGATIONS TO VICTIMS

Some of the provisions included in the VTVPA replicate INS responsibilities that are currently included in 42 U.S.C. 10606-10607 (the Victim's Rights and Restitution Act) and the *Attorney General Guidelines for Victim and Witness Assistance, 2000 edition*. This includes the referral of victims of Federal crime to medical care and assistance and the provision of reasonable protection. Victims who fall into the statutory definition of victim found in the *Attorney General Guidelines for Victim and Witness Assistance* must be afforded all the rights contained in that directive.[3] Service personnel should continue to involve the District and Sector Victim-Witness Coordinators in referring these victims for services.

This guidance is to be followed until such time as the alien's status has been confirmed, and, where the alien is an actual or possible material witness, the alien has had an opportunity to be considered for a "T" or a "U" nonimmigrant classification, as appropriate.

---

[3] For purposes of the Attorney General Guidelines for Victim and Witness Assistance, the term "victim" means a person that has suffered direct physical, emotional, or pecuniary harm as the result of a (federal) crime, including ....in the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, another person or persons as listed in 42 U.S.C. 10607. The Attorney General designated District Directors and Chief Patrol Agents of the office having primary responsibility for conducting a Federal investigation as the responsible officials to identify victims of Federal crime.

Memorandum to Michael A. Pearson  
Re: VTVPA Policy Memorandum #2 – "T" and "U" Nonimmigrant Visas   Page 6

The principles set forth in this memorandum, and internal office procedures adopted hereto, are intended solely to guide INS personnel in performing their duties. They are not intended to, do not, and may not be relied upon to create a right or benefit, substantive or procedural, enforceable at law by any individual or other party in removal proceedings, in litigation with the United States, or in any other form or manner.