EXHIBIT 14



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Office of Domestic Operations (MS-2110)
Washington, DC 20529-2110

**U.S. Citizenship and Immigration Services**

SEP 4 2009

# Memorandum

TO: Field Leadership

FROM: Donald Neufeld
Acting Associate Director, Office of Domestic Operations

SUBJECT: Guidance Regarding Surviving Spouses of Deceased U.S. Citizens and their Children

## I. Purpose

This amended memorandum provides guidance to U.S. Citizenship and Immigration Services (USCIS) field offices and service centers regarding the processing of surviving spouses of deceased U.S. citizens and qualifying children of the surviving spouses. It affords a new process by which they may apply for deferred action. This policy guidance will be in effect until further notice and may be revised as needed. This memorandum revises and replaces in its entirety the June 15, 2009 "Guidance Regarding Surviving Spouses of Deceased U.S. Citizens and their Children".

## II. Background

Section 205.1(a)(3)(i)(C) of title 8 of the Code of Federal Regulations (8 CFR) requires that the approval of Form I-130, *Petition for Alien Relative*, be automatically revoked upon the death of the petitioner if the beneficiary[1] has not adjusted status in the United States or been inspected and admitted as an immigrant. In such instances, the beneficiary may request a reinstatement of the approval and USCIS, in its discretion, may grant such a request for humanitarian reasons. 8 CFR 205.1(a)(3)(i)(C)(2).

However, no avenue of immigration relief exists for the surviving spouse of a deceased U.S. citizen if the surviving spouse and the U.S. citizen were married less than 2 years at the time of the citizen's death and (1) the immigrant petition filed by the citizen on behalf of the surviving spouse has not been adjudicated by USCIS at the time of the citizen's death, or (2) no petition was filed by the

---

[1] Depending on context, the term beneficiary in this guidance may include both actual and potential beneficiaries of Forms I-130 filed on their behalf.

Guidance Regarding Surviving Spouses of Deceased U.S. Citizens and their Children
Page 2

citizen before the citizen's death. This issue has caused a split among the circuit courts of appeal and is also the subject of proposed legislation in the U.S. Congress (e.g., bills S. 815 and H.R. 1870).

## III. Policy Guidance

This policy guidance covers only (1) surviving spouses of U.S. citizens who died before the second anniversary of the marriage, who have not remarried and were not legally separated or divorced from the citizen spouse at the time of the citizen's death, and who are residing in the United States,[2] and (2) such surviving spouses' qualifying children. For purposes of this policy guidance, "qualifying children" are any children of the surviving spouse of the deceased U.S. citizen who remain unmarried and under 21 years of age and are residing in the United States (age determinations for beneficiaries of Forms I-130 should be made as provided in section 201(f) of the INA).

This guidance applies to the aforementioned applicants without regard to their manner of entry into the United States. Such surviving spouses are covered without restrictions on how long the U.S. citizen spouse has been deceased as long as the surviving spouse has not remarried.[3]

This guidance does not cover surviving spouses or qualifying children of deceased U.S. citizens who are residing outside the United States or surviving spouses and children of a lawful permanent resident or other non-U.S. citizen. This guidance also does not cover surviving spouses or qualifying children of deceased U.S. citizens if the surviving spouse remarried at any time after the U.S. citizen's death (regardless of whether the subsequent marriage has been terminated). This guidance does not cover any beneficiary who was legally separated or divorced from his or her U.S. citizen spouse at the time of the citizen's death, or such beneficiary's children.

Since current section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA) treats covered widow(er)s of U.S. citizens and their children as immediate relatives based upon a self-petition, they are not covered by this guidance. They may file a Form I-360, *Petition for Amerasian, Widow(er), or Special Immigrant*, in accordance with the instructions on the Form.

In order to address humanitarian concerns arising from cases involving surviving spouses of U.S. citizens, USCIS is instituting the following policy guidance, which is effective immediately and until further notice.

---

[2] Section III(A) of this memorandum, however, regarding humanitarian reinstatement, shall apply to surviving spouses outside the United States.
[3] This guidance is applicable to a beneficiary who entered the United States on a K-1 Nonimmigrant Visa and married a U.S. citizen, including cases in which the marriage was to a U.S. citizen other than the U.S. citizen petitioner who filed the I-129F. If the U.S. citizen spouse died before the second anniversary of the marriage, the widow(er) is eligible for deferred action or humanitarian reinstatement as described herein. Nothing in this memorandum, however, is intended to provide or imply eligibility for immigrant classification or adjustment of status of any person granted deferred action or humanitarian reinstatement, including widow(er) of U.S. citizens other than U.S. citizens who filed the Form I-129F who are subject to section 245(d) of the INA.

Guidance Regarding Surviving Spouses of Deceased U.S. Citizens and their Children
Page 3

It is not necessary for the widow(ers) of citizens to seek deferred action under the guidance in this memorandum, in a case governed by First, Sixth or Ninth Circuit law. Courts in those jurisdictions have held that the visa petitioner's death does *not* end a surviving spouse's eligibility for classification as an immediate relative. *Taing v. Napolitano*, 567 F.3d 19 (1st Cir. 2009); *Lockhart v. Napolitano*, 561 F.3d 611 (6th Cir. 2009); *Freeman v. Gonzales*, 444 F.3d 1031 (9th Cir. 2006). Litigation on this issue is currently pending in the Supreme Court. *Robinson v. Napolitano,* No. 09-94 (Cert petition filed July 23, 2009). Until such time as the Supreme Court decides the *Robinson* case on the merits, however, the *Taing, Lockhart* and *Freeman* cases remain the law in their respective circuits.

In the First, Sixth and Ninth Circuits, therefore, an officer should approve a Form I-130, and should also treat a pre-approval death as still valid, if the Form I-130 is approvable, apart from the issue of the petitioner's death. No request for reinstatement of a pre-death approval will be necessary. Should the beneficiary in a First, Sixth or Ninth Circuit case bring to the attention of USCIS a Form I-130 that was denied or revoked on or after August 30, 2001, solely because the petitioner had died officers should consider the *Taing, Lockhart* and *Freeman* decisions as a proper basis for reopening, *on USCIS motion,* the Form I-130, as well as any related Form I-485.[4] It is not necessary for the beneficiary to file a formal motion or pay any filing fee; any written request, such as a letter, will suffice. For purposes of this paragraph, a Form I-130 will be considered a First, Sixth or Ninth Circuit case if:

- the Form I-130 is pending in, or the original decision was made by, a USCIS office in the First, Sixth or Ninth Circuit; or
- either the petitioner or the beneficiary resided in First, Sixth or Ninth Circuit at the time of the petitioner's death. [5]

Whether an alien is actually admissible is not an issue in the adjudication of a Form I-130. *Matter of O-,* 8 I&N Dec. 295 (BIA 1959). In light of the judgment in *Hootkins v. Napolitano,* ___ F.Supp. 2d ___, 2009 WL 2222839 (C.D.Cal. 2009), an officer will not consider the presence or absence of Form I-864 from a substitute sponsor in deciding whether to approve or deny a Form I-130 in a First, Sixth or Ninth Circuit case. The *Hootkins* court ruled, however, that the Class Plaintiffs had failed to prove their claim that an alien widow(er) whose Form I-130 is approved under Freeman does not need a Form I-864 from a substitute sponsor. 2009 WL 2222839 at *17, n. 23. The widow(er), therefore, must submit a new Form I-864 to obtain approval of the Form I-485, unless the Form I-485 applicant is exempt from this requirement under 8 CFR 213a.2(a)(2)(ii). Thus, the officer will treat the provision in AFM 21.5(a)(4)(B)(2) that requires submission of a new Form I-864 from a

---

[4] No action is necessary if the Form I-130 was denied or revoked before August 30, 2001. A civil action must generally be brought against the United States within 6 years after the cause of action accrues. 22 U.S.C. 2401(a). August 30, 2001, is selected as the cut-off date for reopening First, Sixth and Ninth Circuit cases since that is 6 years before the filing of *Hootkins v. Napolitano,* ___ F.Supp. 2d ___ (C.D.Cal. 2009), which began as a putative nation-wide class action.

[5] The First Circuit includes Maine, Massachusetts, New Hampshire, Rhode Island, and Puerto Rico; the Sixth Circuit includes Kentucky, Michigan, Ohio, and Tennessee; and the Ninth Circuit includes Alaska, Arizona, California, Hawaii, Idaho, Montana, Nevada, Oregon, Washington, and Guam. 28 U.S.C. § 41.

216

Guidance Regarding Surviving Spouses of Deceased U.S. Citizens and their Children
Page 4

substitute sponsor as applying *only* to the adjudication of the Form I-485, and not to the adjudication of the Form I-130.

A widow(er) who is not able to submit a new Form I-864 from a substitute sponsor may seek deferred action, even if the Form I-130 itself is approved. In the case of a widow(er) whose Form I-485 cannot be approved because of the lack of a new Form I-864 from a substitute sponsor, a final decision on the Form I-485 will be held in abeyance during the period in which a grant of deferred action is in effect.

The *Taing, Lockhart* and *Freeman* cases apply only to First, Sixth and Ninth Circuit cases involving Forms I-130 filed for the spouses of citizens. These cases do not apply to a Form I-130 filed by a citizen for a step-child. Even if the citizen's widow(er) may have a Form I-130 and Form I-485 approved, therefore, any children of the widow(er) who are also beneficiaries of Forms I-130 filed by the deceased citizen may seek deferred action under this guidance.

### A. Form I-130 Approved Prior to the Death of the U.S. Citizen Spouse (Petitioner)

Upon the death of the U.S. citizen petitioner, the approved Form I-130 is automatically revoked pursuant to 8 CFR 205.1(a)(3)(i)(C). The beneficiary, however, may request reinstatement of the revoked petition pursuant to 8 CFR 205.1(a)(3)(i)(C)(2). USCIS may then exercise discretion and grant the reinstatement after considering the facts and humanitarian considerations of the particular case. If the request for humanitarian reinstatement is approved, the beneficiary may proceed to the adjustment of status or consular processing stage.

This memorandum does not alter the process for reviewing a Form I-130 returned to USCIS by a U.S. Consular Officer overseas when the beneficiary is seeking a humanitarian reinstatement. If USCIS reinstates the Form I-130 returned by the consular officer, the I-130 should be forwarded to the National Visa Center to allow the beneficiary to resume consular processing. Section III(A) of this guidance, relating to humanitarian reinstatement, applies to beneficiaries who are within or outside the United States.

If a beneficiary covered by this guidance requests humanitarian reinstatement, adjudicators should presume that humanitarian reasons support a grant of the request. Absent extraordinary factors or a failure to meet the regulatory requirements of 8 CFR 205.1(a)(3)(i)(C)(2), adjudicators should favorably exercise discretion accordingly. If the request for reinstatement cannot be granted for any reason other than confirmed or suspected fraud or issues of criminality or national security, the beneficiary should be informed that he or she may request deferred action in the manner described in III(E) below.

### B. Form I-130 Pending at the Time of Death of the U.S. Citizen Spouse (Petitioner) – Married Less than 2 Years at Time of Death

Once USCIS has received a copy of the U.S. citizen petitioner's death certificate, the pending, stand-alone Form I-130 should be held in abeyance at the pending location. Petitions may be transferred to

217

Guidance Regarding Surviving Spouses of Deceased U.S. Citizens and their Children
Page 5

the Vermont Service Center to be consolidated with the A-file housing a deferred action request, if such a request is made by the beneficiary (see further guidance below).

Any concurrently filed Form I-485, *Application to Register Permanent Residence or Adjust Status*, and Form I-130, should be held in abeyance at the National Benefits Center until further guidance is issued. The beneficiary will remain eligible to receive the interim benefits of advance parole and employment authorization on the basis of the pending adjustment of status application.

If a Form I-485 was not concurrently filed, the beneficiary should be informed that he or she may request deferred action in the manner described in section III (E) below.

Note: In instances where the beneficiary and deceased U.S. citizen petitioner were married for at least two years at the time of the petitioner's death, the pending Form I-130 should be handled under existing procedures, including conversion of the Form I-130 to a Form I-360 for special immigrant classification as a widow/widower to the extent provided by 8 CFR 204.2(i)(1)(iv).

### C. Form I-130 Denied (Prior to the Issuance of this Guidance) due to the Death of the U.S. Citizen Spouse (Petitioner)

A beneficiary who is the surviving spouse of a U.S. citizen petitioner and whose petition was denied by USCIS (1) due to the death of the U.S. citizen petitioner, and (2) prior to the issuance of this guidance, may request deferred action in the manner described in section III(E) below.

### D. Form I-130 Not Filed Prior to the Death of the U.S. Citizen Spouse

A beneficiary who was legally married to a now deceased U.S. citizen at the time of the U.S. citizen's death, but for whom no Form I-130 was filed, may request deferred action in the manner described in section III(E) below.

If the beneficiary was not legally married to, or was legally separated from, the deceased U.S. citizen at the time of the U.S. citizen's death, a qualifying relationship does not exist. The beneficiary is therefore not eligible to submit Form I-360 based on the specific policy guidance set forth in section III(E) below.

### E. Required Documentation for Requests for Deferred Action

Beneficiaries may request deferred action by submitting the following:

1) A Form I-360, *Petition for Amerasian, Widow(er), or Special Immigrant*, with the appropriate, non-waiveable filing fee (currently $375), completed in the format explained below; and
2) All of the documents requested in the Form I-360 filing instructions for widow/widowers.

The beneficiary of the Form I-360 must check box "**m. Other, explain:**" in Part 2 of the petition and cite the basis for eligibility as "**Deferred Action -- Surviving spouse of a deceased U.S.**

218

Guidance Regarding Surviving Spouses of Deceased U.S. Citizens and their Children
Page 6

**citizen, married less than 2 years**." The Form I-360 must be submitted to the Vermont Service Center for deferred action consideration. Note that while USCIS is utilizing Form I-360 for these deferred action requests, such filings are NOT special immigrant self-petitions under current law. They should be adjudicated as requests for deferred action only. In addition to the Part 2 information described above, the applicant must complete Parts 1, 3, 4, 7, 9, 10 and 11 of the Form I-360.

### F. Decision on Requests for Deferred Action

Requests for deferred action based on the specific policy guidance set forth in this memorandum may only be considered for: 1) surviving spouses of U.S. citizens whose U.S. citizen spouse died before the second anniversary of the marriage and who are unmarried and residing in the United States; and 2) their qualifying children who are residing in the United States.

The following persons are ineligible for deferred action: 1) beneficiaries whose immigrant visa petition was denied or revoked for any reason other than or in addition to the death of the petitioning U.S. citizen spouse; 2) widow(er)s who have remarried or were legally separated or divorced from the U.S. citizen spouse at the time of the U.S. citizen's death; and 3) beneficiaries with other serious adverse factors, such as national security concerns, significant immigration fraud, commission of other crimes, or public safety reasons. A grant of deferred action is a discretionary action on the part of USCIS. It is intended that this discretion should be liberally applied to provide a humanitarian benefit to eligible beneficiaries. However, deferred action may be denied for serious adverse factors, whether or not such factors are specifically identified in this guidance.

Requests for deferred action based on the specific policy guidance set forth in this memorandum will not be considered for beneficiaries who: 1) are surviving spouses or qualifying children of non-U.S. citizens; 2) are residing outside the United States; 3) meet the conditional marriage period set forth in INA 201(b)(2)(A)(i); or 4) have remarried subsequent to the U.S. citizen's death (regardless of whether the subsequent marriage has been terminated).

Once a decision on the request for deferred action has been made, the decision must be communicated to the beneficiary via a decision letter. If the request has been granted, the deferred action grant letter must state that the beneficiary is eligible to file Form I-765, *Application for Employment Authorization*. If the request has been denied, the deferred action denial letter must cite the reasons for the denial. A decision on a request for deferred action falls within the discretion of the Secretary. A denial of a request for deferred action is not subject to administrative appeal or judicial review. See INA § 242(a)(2)(B), and (g).

### G. Validity Period for Deferred Action

For any deferred action request received on or before May 27, 2011, the validity period of deferred action based on the policy guidance set forth in this memorandum is two (2) years from the date of grant of the Form I-360 request for deferred action.

Guidance Regarding Surviving Spouses of Deceased U.S. Citizens and their Children
Page 7

### H. Eligibility for Employment Authorization

The appropriate classification for Form I-765 filed on the basis of a deferred action grant is (C)(14) pursuant to 8 CFR 274a.12(c)(14). Beneficiaries may submit Form I-765, with the appropriate filing fee (currently $340), using this classification at any time after the grant (but prior to the expiration) of deferred action. However, they must demonstrate an economic necessity. The validity period for an employment authorization document (EAD) under the classification (C)(14), based on the specific policy guidance set forth in this memorandum is two (2) years, not to exceed the expiration date of the grant of deferred action.

All requests for employment authorization based on the policy guidance set forth in this memorandum must contain the appropriate required supporting documentation. Applicants must follow currently established filing procedures for the Form I-765 in accordance with the instructions on the form. Fee waiver of the Form I-765 fee is available on a case-by-case basis for substantiated inability to pay as provided in 8 CFR 103.7(c)(1).

A beneficiary whose Form I-485 is being held in abeyance may also file a Form I-765, with the appropriate filing fee. The appropriate classification for employment authorization filed on such a basis is (C)(9) pursuant to 8 CFR 274a.12(c)(9). Evidence of an economic necessity is not required if using this classification. A beneficiary whose application is being held in abeyance may have been issued an employment authorization document valid for one year under category (C)(9). When such an applicant files a Form I-765 for renewal of his or her EAD under the classification (C)(9) based on the specific policy guidance set forth in this memorandum, the validity period will be **two (2) years**. An applicant with a valid EAD under the classification (C)(9) may file for renewal no more than 90 days prior to the expiration date of the valid document. The employment authorization may then be granted for two (2) years based on the specific policy guidance set forth in this memorandum.

### I. Effect of Grant of Deferred Action

The grant of deferred action by USCIS does not confer or alter any immigration status. It does not convey or imply any waivers of inadmissibility that may exist, regardless of whether that inadmissibility is known to DHS or other agencies at the time of the request for deferred action. A grant of deferred action also does not eliminate any period of prior unlawful presence. However, periods of time in deferred action do not count as unlawful presence for the purposes of sections 212(a)(9)(B) and (C) of the INA. Any period of time in deferred action qualifies as a period of stay authorized by the Secretary of Homeland Security for those purposes.

As noted earlier in this memorandum, in the case of a widow(er) whose Form I-485 cannot be approved because of the lack of a new Form I-864 from a substitute sponsor, a final decision on the Form I-485 will be held in abeyance during the period in which a grant of deferred action is in effect.

Guidance Regarding Surviving Spouses of Deceased U.S. Citizens and their Children
Page 8

### J. Eligibility for Advance Parole

Beneficiaries granted deferred action based on the policy guidance set forth in this memorandum or whose applications for adjustment of status are being held in abeyance may request advance parole. Such request may be made by filing Form I-131, *Application for Travel Document*, in accordance with the Form I-131 instructions and with the appropriate fee. Note, however, that departure from the United States and return, even under a grant of advance parole, may adversely affect eligibility for adjustment of status of aliens with past periods of unlawful presence.

### K. Implementation

USCIS offices and centers are to begin implementing the instructions established in this memorandum immediately.

### L. Contact Information

Questions regarding this memorandum should be directed to the Office of Domestic Operations through appropriate channels.

This memorandum is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity, by any party against the United States, its departments, agencies or entities, its officers, employees, or agents, or any other person.

**Distribution**:

Regional Directors
District Directors
Field Office Directors
National Benefits Center Director
Service Center Directors