UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **STATE OF TEXAS,** *et al.*, ) | |
| ) | |
| **Plaintiffs**, ) | |
| ) | CASE No. 1:14-CV-00254 |
| v. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### MOTION FOR LEAVE TO PARTICIPATE AS *AMICI CURIAE* IN SUPPORT OF DEFENDANTS BY AMERICAN IMMIGRATION COUNCIL, AMERICAN IMMIGRATION LAWYERS ASSOCIATION, DEFINE AMERICAN, NATIONAL IMMIGRANT JUSTICE CENTER, NATIONAL IMMIGRATION LAW CENTER, NEW ORLEANS WORKERS' CENTER FOR RACIAL JUSTICE, SERVICE EMPLOYEES INTERNATIONAL UNION, SOUTHERN POVERTY LAW CENTER, AND UNITED WE DREAM

Movants American Immigration Council, American Immigration Lawyers Association, Define American, National Immigrant Justice Center, National Immigration Law Center, New Orleans Workers' Center For Racial Justice, Service Employees International Union, Southern Poverty Law Center, and United We Dream respectfully request leave to participate as *amici curiae* and file a brief in opposition to Plaintiffs' Motion for Preliminary Injunction. The proposed brief is submitted with this motion.

Counsel for *amici* requested counsel for Plaintiffs and Defendants to consent to this motion via e-mail sent on December 23, 2014. Defendants take no position on this motion. Counsel for Plaintiffs has not responded to date. Pursuant to its discretionary authority, this Court has granted leave for other parties to file an *amicus* brief in this case. Dkt. 29.

1

## I. Interest Of Proposed Amici

The American Immigration Council is a non-profit organization established to increase public understanding of immigration law and policy, advocate for the just and fair administration of our immigration laws, protect the legal rights of noncitizens, and educate the public about the enduring contributions of America's immigrants. The Immigration Council engages in impact litigation, appears as *amicus curiae* before administrative tribunals and federal courts, provides technical assistance to immigration lawyers across the country, and has played a key role in implementing Deferred Action for Childhood Arrivals ("DACA"). The Council has a substantial interest in the issues presented in this case, which bear directly on the scope of executive authority and the proper administration of the enforcement-related provisions of the immigration laws.

The American Immigration Lawyers Association ("AILA") is a national association with more than 13,000 members nationwide, including lawyers and law school professors, who practice and teach in the field of immigration and nationality law. AILA seeks to advance the administration of law pertaining to immigration, nationality and naturalization; to cultivate the jurisprudence of the immigration laws; and to facilitate the administration of justice and elevate the standard of integrity, honor and courtesy of those appearing in a representative capacity in immigration and naturalization matters. As the nation's preeminent bar association for immigration attorneys, AILA's membership possesses expertise in the complexities of the Immigration and Nationality Act's provisions, as well as on-the-ground experience in the adjudication by United States Citizenship and Immigration Services of applications for immigration benefits.

Define American uses the power of stories to transcend politics and shift the conversation on immigration, citizenship, and identity in a changing America.  The organization was founded in 2011 by Pulitzer-prize winning journalist Jose Antonio Vargas, Jake Brewer, Jehmu Greene, and Alicia Menendez, and is a project of NEO Philanthropy, a 501(c)(3) organization.  In just three years, Define American has grown from an all-volunteer campaign into one of the most prominent national media organizations in the immigration and citizenship space.  Define American's interest in the outcome of this case arises out of a concern that Plaintiffs advance an interpretation of federal law that is inconsistent with our heritage as a nation of immigrants and that such an interpretation, if adopted, would have an adverse impact on perceptions about potential deferred action recipients, immigrant parents of U.S. citizens and lawful permanent residents who would be able to maintain family continuity, immigrants who employ current United States citizens, and those who worship in our faith communities and are being educated in our schools.  If Plaintiffs' position were adopted, the founder of Define American and chair of its board of directors, Jose Antonio Vargas, as well as many individuals represented in videos, films, and educational initiatives of Define American could face deportation.

The National Immigrant Justice Center ("NIJC") is a Chicago-based non-profit organization accredited by the Board of Immigration Appeals since 1980 to provide immigration assistance.  NIJC provides legal education and representation to low-income immigrants, asylum seekers, and refugees, including survivors of domestic violence, victims of crimes, and victims of human trafficking, as well as immigrant families and other non-citizens facing removal and family separation.  NIJC represents several hundred individuals with deferred action, including not only individuals granted DACA but also victims of domestic violence and other crimes;

NIJC can thus speak to the longstanding use of the deferred action mechanism in immigration law.

The National Immigration Law Center ("NILC") is a national legal advocacy organization based in Los Angeles whose mission is to defend and promote the rights and opportunities of low-income immigrants and their family members.  Since 1979, NILC has litigated key immigrants' rights cases, written basic reference materials relied on in the field, trained countless advocates and attorneys on immigrants' rights, and provided technical assistance on a wide range of issues affecting low-wage immigrants.  NILC has worked extensively on the implementation of the DACA program, and works closely with organizations led by DACA recipients.  NILC's interest in the outcome of this case arises out of a concern that, if adopted, Plaintiffs' interpretation of federal law would have an adverse impact on prospective deferred action recipients, their families, and other low-income immigrants who would be able to improve their financial position via deferred action.

The New Orleans Workers' Center for Racial Justice is a non-profit membership organization, founded in the aftermath of Hurricane Katrina in response to the structural exclusion of African Americans and the exploitation of immigrants across the Gulf Coast South.  The organization has thousands of members in Louisiana and across the Deep South.  The membership of the Workers' Center includes individuals who are eligible for deferred action under the initiative challenged in this litigation, and who plan to apply.  If the initiative is enjoined, the Workers' Center and its members would be seriously harmed, as members and their families would be unable to benefit from the initiative.  Further, the Workers' Center would have to divert its limited resources from critical civil and labor rights and workforce development programming, to respond to community fear and concerns about the change in policy.

Service Employees International Union ("SEIU") is an international labor organization representing approximately two million working men and women in the United States and Canada employed in the private and public sectors. Many of SEIU's members are foreign-born U.S. citizens, lawful permanent residents, or immigrants authorized to work in the United States. Many of SEIU's members have mixed-status families. SEIU and its members also have an interest in the deferred action initiative because of its benefits to the economy.

The Southern Poverty Law Center ("SPLC") is a non-profit organization founded in 1971 to advance and protect the rights of minorities, the poor, and victims of injustice in significant civil rights and social justice matters. The Immigrant Justice Project, as part of the SPLC's legal department, represents thousands of migrant workers and residents, regardless of their status, in civil rights litigation throughout the South. The SPLC has seen first-hand the benefits and promise of normalizing the undocumented immigrant community through DACA, both to the recipients of DACA and to the communities in which they live.

United We Dream ("UWD") is a national non-profit, nonpartisan, membership-based organization of over 100,000 immigrant youth and allies and 55 affiliate organizations in 26 states, advocating for the dignity and fair treatment of immigrant youth and families, regardless of immigration status. Among UWD's members are recipients of DACA, and an equal or greater number of individuals who either themselves or whose families will be eligible for the deferred action initiative announced on November 20, 2014. Because this case challenges an executive action that would help prevent unjust deportations and family separation of countless members of the organization, UWD has a substantial interest in the issues presented in this case.

## II.     Proposed *Amici*'s Brief Is Useful To The Court

In their accompanying brief, proposed *amici* supplement Defendants' opposition to Plaintiffs' Motion for Preliminary Injunction by drawing on their knowledge and, where relevant, the experiences of their members to present information within their unique expertise. In particular, proposed *amici* explain that the deferred action initiative Plaintiffs seek to enjoin will have significant, widespread benefits to the U.S. economy, increasing state and federal tax revenue, creating jobs, and leading to higher wages for all workers. In addition, the proposed brief offers the stories of individual immigrants who, along with their families and communities, stand to benefit from the initiative. The information presented by proposed *amici* will aid the Court in assessing the balance of equities and the public interest put at issue by Plaintiffs' Motion for Preliminary Injunction.

## III.    Conclusion

Proposed *amici* respectfully request that this Court grant this motion, allow them to participate as *amici curiae*, and accept for filing the brief submitted with this motion.

Dated: December 29, 2014               Respectfully submitted,

/s/ Jonathan Weissglass

STEPHEN P. BERZON*
JONATHAN WEISSGLASS (*pro hac vice*
  admission pending)
  Cal. State Bar No. 185008
  Attorney-in-Charge for *Amici*
ERIC P. BROWN*
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
jweissglass@altshulerberzon.com

JUDITH A. SCOTT*
DEBORAH L. SMITH*
Service Employees International Union
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 730-7455

*Counsel for Service Employees International Union*

MELISSA CROW*
American Immigration Council
1331 G Street, NW, Suite 200
Washington, DC  20005
Telephone: (202) 507-7523

LINTON JOAQUIN*
KAREN C. TUMLIN*
NICHOLAS ESPIRITU*
NORA A. PRECIADO*
MELISSA S. KEANEY*
ALVARO M. HUERTA*
National Immigration Law Center
3435 Wilshire Blvd., Suite 2850
Los Angeles, CA 90010
Telephone: (213) 639-3900

*Counsel for American Immigration Council, American Immigration Lawyers Association, Define American, National Immigrant Justice Center, National Immigration Law Center, New Orleans Workers' Center For Racial Justice, Southern Poverty Law Center, and United We Dream*

JENNIFER J. ROSENBAUM *
YIHONG "JULIE" MAO*
New Orleans Workers' Center For Racial Justice
217 N. Prieur Street
New Orleans, LA 70112
Telephone: (504) 309-5165

*Counsel for New Orleans Workers' Center For Racial Justice*

* Not admitted in this jurisdiction

**CERTIFICATE OF SERVICE**

    I hereby certify that service of the foregoing motion and the proposed order will be delivered electronically on December 29, 2014, to counsel for Plaintiffs and Defendants through the District's Electronic Case Filing system.

/s/ Jonathan Weissglass