DR. ORLY TAITZ, ESQ

29839 SANTA MARGARITA, STE 100

RANCHO SANTA MARGARITA, CA 92688

PH 949-683-5411 FAX 949-766-7687

United States District Court
Southern District of Texas
FILED

JAN 0 6 2015

David J. Bradley, Clerk of Court

US DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TAITZ, | ) | Case # 14-cv-00254 |
| V | ) | HONORABLE ANDREW S. HANEN PRESIDING |
| JOHNSON, ET AL | ) | |

MOTION TO CONSOLIDATE 14-CV-00254 AND 14-CV-0019 UNDER RULE 42(A) F.R.CIV.P. DUE TO COMMON QUESTION OF LAW AND FACT

## SUMMARY OF MOTION

Rule 42(a), F.R.Civ.P. authorizes the Court to consolidate actions pending before the Court when they involve a common question of law or fact. The decision to consolidate such actions is within the discretion of the trial court. Consolidation is warranted, as it provides for judicial economy and provides a comprehensive resolution of two related immigration actions, 2012 DACA and 2014 Extended DACA and 2014 DAPA. It provides a comprehensive resolution of the issue of constitutionality, standing and damages, as it includes both the standing of Federal taxpayer, competitive standing and ongoing damages of a citizen with the standing of the states and future damages of the states.

## ARGUMENT

Rule 42(a), F.R.Civ.P. authorizes the Court to consolidate actions pending before the Court when they involve a common question of law or fact. The decision to consolidate such actions is within the discretion of the trial court. See Plough v. Baltimore & O.R.R. Co., 172 F.2d 396 (2d Cir.), cert. denied, 337 U.S. 940, 69 S.Ct. 1518, 93 L.Ed. 1745 (1949); Rando v. Luckenbach Steamship Co., Inc., 155 F.Supp. 220 (E.D.N.Y.1957).

Both cases at hand stem from the same action by President Obama, Secretary of Homeland Security and Secretary of Health and Human Services.

Taitz v Johnson 14-cv-0119 is seeking, as part of the requested prayer for relief, a declaratory relief deeming 2012 DACA (Deferred Action on Child Arrivals) to be unconstitutional. In DACA Obama administration, without any Congressional approval, deferred deportation of a whole class of illegal aliens and granted them work permits, Social Security cards and other IDs and benefits. In Texas v US 14-cv-00254 Plaintiffs seek to find November 20, 2014 DACA and DAPA (Deferred Action on Parent Arrivals), which are an expansion of 2012 DACA, unconstitutional.

# 1. 2012 DACA AND 2014 EXTENDED DACA, AS WELL AS DAPA, ARE RELATED ACTIONS

Taitz asserts that consolidation is warranted as challenged immigration actions are related.

In 2012 President Obama by and through the Secretary of the Department of Homeland Security Janet Napolitano granted a whole class of illegal aliens protection from deportation, work permits and Social Security cards in DACA action. In 2014 President Obama, without any congressional authorization, expanded 2012 executive immigration action by granting deferral of deportation,

Social Security cards and other benefits to millions more illegal aliens. Plaintiffs in both cases present similar arguments, showing that aforementioned actions are illegal and unconstitutional. Defendants in both actions are represented by the same attorney, Daniel Hu, who is making similar arguments.

## 2. CONSOLIDATION PROVIDES A COMPREHENSIVE RESOLUTION; STATES' LIMITED SUCCESS OF CHALENGING ACA HIGHLIGHTS THE NEED FOR CONSOLIDATION

Soon after passing of ACA (Affordable Care Act), also known as Obamacare, just as it is a case herein, 27 states filed a challenge to the act, *Florida et al v Department of Health and Human Services* 10-cv-91 US District Court for the Northern District of Florida. At a time, Taitz, as well as several other individual plaintiffs and taxpayers, sought to join as interveners. At a time, presiding judge, Roger Vinson, felt that the case was too big and ruled that individual plaintiffs could not join as interveners. Additionally, he possibly believed that his ruling of unconstitutionality of ACA based on states' action only would be sufficient to throw the whole act out. This was not meant to be, as the real fight was looming in the Supreme Court and the pressure of the US ruling oligarchy was enormous. On January 31, 2011 Judge Vinson found ACA unconstitutional. 11th Circuit confirmed the ruling and the case reached the Supreme Court, US Department of

Health v FL SCOTUS #11-400. Supreme Court gave the states a minor concession, allowing the states to refuse expansion of the Medicaire, however the Supreme Court left the quintessence of the law, the "individual mandate", intact. As such, the law suit by 27 states had only very limited results. Plaintiff Taitz believes that, if the citizens and individual tax payers were to be allowed to be a part of the case brought by the states early on, the Supreme Court would have been forced to consider not only the standing and damages of the states, but also the standing and damages of the individual citizens and taxpayers and the result might have been different.

There is a high probability that the law suit brought by the states herein will follow the same scenario as *Florida v HHS*, if this court will not join a case brought by a tax-payer and citizen, Dr. Orly Taitz, ESQ, who already has damages as a result of 2012 DACA, and 2014 action is just an expansion of the 2012 action. Taitz provides rulings in *US v Escobar* 2-14-CR-00180 AJS *USDC Western District of Pennsylvania (Exhibit 1) and Crane v Napolitano 12-cv-03247 USDC Northern District of Texas (Exhibit 2),* which support the plaintiffs' case and find the defendants' actions to be unconstitutional. Taitz believes that this court and the Fifth Circuit will probably follow the reasoning of the aforementioned cases and find DACA and DAPA to be unconstitutional. Taitz, also, believes, that just as it happened in *Florida v HHS*, defendants will seek adjudication in the Supreme

Court. It appears that Obama appointee, Judge Beryl Howard, sought to lend support to defendants' actions in *Arpaio v Obama* 14-cv-01966 USDC District of Columbia, where she dismissed on 12b motion the challenge by Arizona Sheriff, Joseph Arpaio, to DACA and DAPA and found Sheriff Arpaio's damages conjectural. If the cases are not consolidated, based on prior actions by the Supreme Court, it is highly likely that the supreme Court will not hear Taitz v Johnson certiorari, they will only hear Texas v US certiorari and will rule in 5-4 vote, with chief justice Roberts as a swing vote, that the states' action is based on conjectural damages or just as it happened with ACA, they will give the states a minor concession, such as a demand for a refund from the Federal Government, and they will keep the bulk of this lawless immigration action intact. Without Taitz's action of a damaged individual and taxpayer, ultimately the Supreme Court will be divided due to conflicting decisions and might rule based on standing, finding that since 2014 DACA and DAPA did not take effect yet, the damages are conjectural. For this reason. it is essential to consolidate the cases and seek a comprehensive ruling including both taxpayer and citizen standing and damages, as well as standing and damages by the states.

## 3. UNDER FLAST V COHEN THE COURT SHOULD GRANT THE STAY/INJUNCTION

**Plaintiff herein is a U.S. taxpayer and the president of DOFF. Members of DOFF are US taxpayers . injunction should be granted under *Flast v Cohen* 392 U.S. 83 (1968)precedent.  In Flast, Earl Warren,  Chief Justice of the Supreme Court of the US wrote in the majority opinion**
**" ...our point of reference in this case is the standing of individuals  who assert only the status of federal taxpayers and who challenge the constitutionality of a federal spending program. Whether such individuals have standing to maintain that form of action turns on whether they can demonstrate the necessary stake as taxpayers in the outcome of the litigation to satisfy Article III requirements.**

The nexus demanded of federal taxpayers has two aspects to it. First, the taxpayer must establish a logical link between that status and the type of legislative enactment attacked. Thus, a taxpayer will be a proper party to allege the unconstitutionality only of exercises of congressional power under the taxing and spending clause of Art. I, 8, of the Constitution. It will not be sufficient to allege an incidental expenditure of tax funds in the administration of an essentially regulatory statute. Secondly, the taxpayer must establish a nexus between that status and the precise nature of the constitutional infringement alleged. Under this requirement, the taxpayer must show that the challenged enactment exceeds specific constitutional limitations imposed upon the exercise of the congressional taxing and spending power and not simply that the enactment is generally beyond the powers delegated to Congress by Art. I, 8. When both nexuses are established, the litigant will have shown a taxpayer's stake in the outcome of the controversy and will be a proper and appropriate party to invoke a federal court's jurisdiction.

Any and all expenditures for aforementioned executive actions are coming from the 2015 Omnibus funding bill and under the taxing and spending powers of the US Congress under Article I, 8. So, the first prong of Flast test is satisfied.

Secondly, defendants' actions were found in *US v Escobar* to be unconstitutional.

4. The precedent of **NORTHWEST FOREST WORKERS ASS'N V. LYNG UNITED STATES DISTRICT COURT, DISTRICT OF COLUMBIA.APRIL 25, 1988, 688 F.SUPP. 1 clearly shows that the Supreme Court of the United States finds standing for**

**individuals challenging immigration decisions based on a threat of injury, not injury, which already occurred.**

*N. W Forest Workers Ass'n,* **688** F. Supp. at **3** n.2 (holding that nonprofit organization

"<u>concerned with the economic, environmental and demographic effects of immigration" had standing</u>

<u>to challenge immigration regulations on the ground that the regulations improperly expanded the scope of a guest worker program</u>. Recent opinion in Washington Alliance of Technology workers v US Department of Homeland security 14-cv-00529-ESH USDC District of Columbia concurs with

N.W. Forest Workers.

Conclusion

Based on all of the above, the court should grant the motion and consolidate aforementioned cases.

Respectfully,

/s/ Dr. Orly Taitz, ESQ

01.06. 2015

I, Lila Dubert, attest that on 01.02,2015 I served all parties with the attached pleadings via first class mail

Signed _____

Lila Dubert