**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **STATE OF TEXAS, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CASE NO. 1:14-CV-00254** |
| **VS.** | § | **(The Hon. Andrew S. Hanen)** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**AMICUS CURIAE BRIEF OF CONGRESSMAN FILEMON VELA IN**
**OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY**
**INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Congressman Filemon Vela in his official capacity as

a member of Congress and through his counsel Tony Martinez and Jaime

Díez and files this Amicus Curiae Brief in Opposition to Plaintiffs' Motion

for Preliminary Injunction.

On December 3, 2014, the State of Texas with thirteen additional

states and four governors (plaintiffs) filed a complaint against the United

States of America, Secretary of the Department of Homeland Security Jeh

Johnson, Commissioner of U.S. Customs and Border Protection R. Gil

Kerlikowske, Deputy Chief of U.S. Border Patrol Ronald D. Vitiello, Acting

1

Director of U.S. Immigration and Customs Enforcement Thomas S. Winkowski, and Director of U.S. Citizenship and Immigration Services Leon Rodriguez (the government) seeking declaratory and injunctive relief arguing that the government's deferred action initiative is unlawful and will result in "dramatic and irreparable injuries." Plaintiffs Amended Complaint for Declaratory and Injunctive Relief at 4.  On December 9, 2014, the complaint was amended to include additional plaintiffs.  At the heart of Plaintiffs' complaint is a November 20, 2014 DHS guidance memorandum by Secretary Johnson calling for the case-by-case exercise of deferred action.

The government responds--Amicus believes correctly—that the Constitution and Congress have vested in the executive branch broad discretion over the enforcement of U.S. immigration law and that the executive branch has a well-recognized discretionary authority to prioritize enforcement resources, including through grants of deferred action. Government's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Preliminary Injunction at 1-2.  Additionally, the government contends that plaintiffs lack standing and notes that just last month a federal district court denied a motion for a preliminary injunction and dismissed a similar challenge for lack of jurisdiction.  *See Arpaio v.*

*Obama*, No. 14-cv-1966 (D.D.C. Dec. 23, 2014).

Amicus strongly supports the government's position.  Amicus served as a member of the 113th Congress--and represents a district anchored on the U.S.-Mexico Border in Brownsville, Texas--during which time he served on the Homeland Security Committee and was co-chair of the Congressional Border Caucus.  Amicus will continue to serve as a member of the 114th Congress, which convenes on January 6, 2015.  In his capacity as a member of Congress, Amicus has met with many of the defendants named in this suit including Secretary of Homeland Security Jeh Johnson, Commissioner of U.S. Customs and Border Protection R. Gil Kerlikowske, and Acting Director of U.S. Immigration and Customs Enforcement Thomas S. Winkowski to address issues including immigration reform, important to South Texas.  For the past year, a federal agent worked in Amicus' Congressional office as a Department of Homeland Security fellow. Additionally, Amicus has toured U.S. Customs and Border Protection facilities in South Texas, met with students who befitted under the Deferred Action for Childhood Arrivals (DACA) Program, visited with immigration rights groups, and traveled with Department of Commerce representatives to highlight the fact that six million jobs across the U.S. depend on trade with Mexico. *See*, U.S. Chamber of Commerce, *Enhancing the U.S.-Mexico*

*Economic Partnership* at 2 (2012).

Having devoted a significant part of his time during the 113th Congress to immigration issues, Amicus is convinced that the directives issued by The Secretary of Homeland Security on November 20, 2014, are lawful. It is Amicus' experience gained in fulfilling his official capacity that the executive maintains discretionary authority under the immigration laws to prioritize enforcement resources and exercise deferred action. As the *Arpaio* Court explained:

> For almost twenty years, the use of deferred action programs has been a staple of immigration enforcement. The executive branch has previously implemented deferred action programs for certain limited categories of aliens, including: certain victims of domestic abuse committed by United States citizens and Lawful Permanent Residents; victims of human trafficking and certain other crimes; students affected by Hurricane Katrina; widows and widowers of U.S. citizens; and certain aliens brought to the United States as children. Programs similar to deferred action have been used extensively by the executive branch for an even longer period of time.
>
> Congress has acquiesced to, and even endorsed the use of, deferred action on removal of undocumented immigrants by the executive branch on multiple occasions. For example, in 2000, Congress expanded the deferred action program for certain victims of domestic abuse, permitting children over the age of twenty-one to be "eligible for deferred action and work authorization." 8 U.S.C. § 1154(a)(1)(D)(i)(II), (IV).

*Arpaio* at 6-7.

The use of the deferred action program does not—and will not--cause

4

"dramatic and irreparable injuries" as plaintiffs claim.  Quite the opposite, — it will strengthen our country.  This idea was well understood by our founding fathers.  For example George Washington wrote in a 1783 letter to his soldiers, "The bosom of America is open to receive not only the Opulent and respected Stranger, but the oppressed and persecuted of all Nations and Religions; whom we shall welcome to a participation of all our rights and privileges…"

As noted above, just last month a federal court dismissed a similar case.  In *Arpaio v. Obama*, Plaintiff Joe Arpaio, the Sheriff of Maricopa County, Arizona sued President Barack Obama, Secretary of the Department of Homeland Security Jeh Johnson, Attorney General Eric Holder, and Director of U.S. Citizenship and Immigration Services Leon Rodriguez seeking a preliminary injunction to halt the Deferred Action for Childhood Arrivals (DACA) program and the 2014 DACA revisions.  No. 14-cv-1966 (D.D.C. Dec. 23, 2014).

In so doing, the *Arpaio* Court held:

> [T]he plaintiff has not and cannot show that: (1) he suffers a concrete and particularized injury (as opposed to a speculative and generalized grievance); (2) the cause of the plaintiff's injury can be fairly traced to the challenged deferred action programs; and (3) a favorable ruling by this Court would redress the plaintiff's alleged injury. A plaintiff "may be disappointed if the Government declines to pursue [enforcement], but disappointment of this sort is a far cry from

the injury and redressability required to prove Article III Standing." *Bauer*, 2014 WL 7234818, at \*6. As a result, the plaintiff lacks standing to bring this challenge, requiring dismissal of this lawsuit for lack of subject matter jurisdiction.

Similarly, in this case as the government notes, Plaintiffs are not subject to the DHS deferred action guidance, and their claim that they nevertheless will be harmed is mere speculation.

For the reasons in Defendants' brief and the reasons above, the preliminary injunction should be denied.

Respectfully submitted,

 */s/* Tony Martinez
Martinez Barrera & Martinez
Texas Bar No. 13139000
Federal Bar No. 62383
1201 East Van Buren Street
Brownsville, TX 78520

-and-

Jaime M. Diez
Jones & Crane
Texas Bar No. 00783966
Federal Bar No: 23118
P.O. Box 3070
Brownsville, TX 78523
Telephone: (956) 544-3565
JaimeMDiez@aol.com

*Counsel for amicus curiae*

# CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2015, a copy of the foregoing Amicus Curiae Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction was filed using the Court's electronic filing system, and a copy was automatically transmitted to counsel for Plaintiffs and Defendants by the Court's ECF electronic mail service.

*/s/* Tony Martinez