## Background and Security Checks, Continued

**FBI
Fingerprint
Check
Procedures**

All individuals filing a DACA request will be scheduled for biometrics capture (photo, fingerprints, and signature) at an ASC regardless of whether biometrics were captured for the requestor from a previous filing with USCIS within the last 15 months. DACA requestors under the age of 14 will have the press print captured instead of full fingerprints.

FOR OFFICIAL USE ONLY (FOUO) - LAW ENFORCEMENT SENSITIVE (LES)
This document is FOR OFFICIAL USE ONLY. It contains information that may be exempt
from public release under the Freedom of Information Act (5 U.S.C. § 552). This document is to be controlled, handled, transmitted, distributed,
and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information, and is not to be released to the public or
other personnel who do not have a valid "need-to-know" basis without prior approval from the
originator.

38

## Chapter 7: DACA Overview

**Filing**

All individuals requesting DACA must file their request individually and satisfy the DACA guidelines in their own right; USCIS will not consider deferring removal action of an individual under DACA based on their familial relationship to someone who has received DACA. There is no derivative DACA.

**Commonwealth of the Northern Mariana Islands (CNMI) Not Eligible**

Individuals in the CNMI are not to be considered for deferred action for childhood arrivals, because the CNMI did not become part of the United States for immigration purposes until November 28, 2009. As a result, requestors could not establish continuous residence in the United States during the 5-year period immediately preceding the Secretary's memorandum and/or entry into the United States before their 16th birthday. Instead, these individuals may request parole on a case-by-case basis. These requests will be considered under the same general guidelines used for DACA, except that the five years of continuous residency required will be residency in the CNMI, not the United States. Requests for consideration of deferred action for childhood arrivals received from individuals in the CNMI should be referred to USCIS District 26 (Honolulu District) for case-by-case consideration by officers knowledgeable about the unique immigration situation in the CNMI.

*Continued on next page*

FOR OFFICIAL USE ONLY (FOUO) - LAW ENFORCEMENT SENSITIVE (LES)
This document is FOR OFFICIAL USE ONLY. It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. § 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information, and is not to be released to the public or other personnel who do not have a valid "need-to-know" basis without prior approval from the originator

## DACA Overview, Continued

**Initial DACA Package**

A complete DACA package must include the following items:

1. Form **I-821D**, Consideration of Deferred Action for Childhood Arrivals, properly filed with proper signature.
2. Form **I-765**, Application for Employment Authorization with **I-765 WS**, properly filed with proper signature, the base filing fee, and the biometric services fee.   The fees for Form I-765, and the biometric services fee are not eligible for fee waiver consideration.*
3. Evidence of identity to include date of birth, which would establish compliance with the  upper and lower age limits.
4. Evidence of entry prior to the requestor's 16th birthday.
5. Evidence of continuous residence since June 15, 2007, up to the date of filing.
6. Evidence of unlawful status as of June 15, 2012, if admitted or expired parole (if paroled).
7. Evidence of presence in the United States on June 15, 2012.
8. Evidence that any absences from the United States during the required period of continuous residence were brief, casual, and innocent absences.
9. Evidence that the requestor is currently in school, graduated or obtained a certificate of completion from high school, obtained a general educational certificate (GED), or is an honorably discharged veteran of the Coast Guard or U.S. Armed Forces.

*If the requestor has been determined exempt from the fee. The DACA package must be accompanied by the exemption approval letter from USCIS Headquarters.

*Continued on next page*

FOR OFFICIAL USE ONLY (FOUO) - LAW ENFORCEMENT SENSITIVE (LES)
This document is FOR OFFICIAL USE ONLY. It contains information that may be exempt
from public release under the Freedom of Information Act (5 U.S.C. § 552). This document is to be controlled, handled, transmitted, distributed,
and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information, and is not to be released to the public or
other personnel who do not have a valid "need-to-know" basis without prior approval from the
originator.

40

## DACA Overview, Continued

**DACA Guidelines**

An individual meeting the following guidelines may be favorably considered for DACA if, under the totality of the circumstances, he/she:

1. Was in unlawful status as of June 15, 2012;
2. Is at least 15 years of age on the date of filing, if not in removal proceedings or with a final order of removal or voluntary departure order;
3. Arrived in the United States prior to reaching his/her 16th birthday;
4. Has continuously resided in the United States since June 15, 2007, up to the time the request for consideration of deferred action for childhood arrivals is submitted;
5. Was present in the United States on June 15, 2012;
6. Is currently in school, graduated from high school, obtained a general educational certificate (GED), is currently enrolled in an accredited GED program, or is an honorably discharged veteran of the Coast Guard or U.S. Armed Forces;
7. Was born after June 15, 1981 (i.e., was not age 31 or older on June 15, 2012);
8. Has not been convicted of a felony offense, a significant misdemeanor offense, or three or more non-significant misdemeanor offenses; and
9. Does not otherwise pose a threat to national security or public safety.

FOR OFFICIAL USE ONLY (FOUO) - LAW ENFORCEMENT SENSITIVE (LES)
This document is FOR OFFICIAL USE ONLY. It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. § 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information, and is not to be released to the public or other personnel who do not have a valid "need-to-know" basis without prior approval from the originator.

41

# Chapter 8: Adjudication of
# The DACA Request

## A. Procedural Overview

**Evaluating the Evidence**

When evaluating the evidence submitted in support of a request for DACA consideration, refer to the discussion of the different types of evidence, the weight to be given to such evidence, and the standards of proof, all of which are discussed in Chapter 1.

**Request for Evidence (RFE) versus Notice of Intent to Deny (NOID)**

Officers will **NOT** deny a DACA request solely because the DACA requestor failed to submit sufficient evidence with the request (unless there is sufficient evidence in our records to support a denial). As a matter of policy, officers will issue an RFE or a Notice of Intent to Deny (NOID).

If additional evidence is needed, issue an RFE whenever possible.

When an RFE is issued, the response time given shall be 87 days. A list of DACA RFE call-ups and the actual templates can be found in Appendix D.

When a NOID is issued, the response time given shall be 33 days.

**Unobtainable A-files**

After requesting an A-file from the FCO, there may be occasions when there is no response or the file cannot be released (e.g., pending interview, etc.). After three unsuccessful attempts to obtain the file from a field office via CIS or from ICE, adjudicate the DACA filing from the T-file. If the A-file is with ICE, the center should send three requests via CIS using standard procedures. However, if the A-file is not received from ICE within the 30 days allowed after the initial request, the center's Records Section should send a manifest containing a list of the A-files requested from ICE to the designated ICE e-mail box that has been created specifically for the DACA workload.

FOR OFFICIAL USE ONLY (FOUO) - LAW ENFORCEMENT SENSITIVE (LES)
This document is FOR OFFICIAL USE ONLY. It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. § 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information, and is not to be released to the public or other personnel who do not have a valid "need-to-know" basis without prior approval from the originator.

App. 0318

Case 1:14-cv-00254   Document 64-13   Filed on 01/07/15 in TXSD   Page 6 of 18

## B. System Searches



(b) (7)(E)

FOR OFFICIAL USE ONLY (FOUO) - LAW ENFORCEMENT SENSITIVE (LES)

43

App. 0319

## C. Determining if Guidelines are Met

**Introduction**    Individuals may be considered for DACA upon showing that they meet the prescribed guidelines by a preponderance of the evidence. The evidentiary standards are discussed in Chapter 1. If additional information is needed for DACA consideration, issue an RFE. Appendix D has a list of DACA RFE call ups.

**Identity**    Acceptable evidence may consist of, but is not limited to:
- A passport,
- A birth certificate accompanied by some type of photo identification,
- Any national identity document from the requestor's country of origin bearing the requestor's photo and/or fingerprint;
- Any U.S.-government immigration or other document bearing the requestor's name and photograph (e.g., Employment Authorization Documents (EADs), expired visas, driver's licenses, non-driver cards);
- Any school-issued form of identification with photo;
- Military identification document with photo; or
- Any document that the requestor believes is relevant.

The Matricular Consular or other form of consular identification issued by a consulate or embassy in the United States will be accepted as proof of identity.

If identity is not established, then issue RFE DACA 100 call up from Appendix D.

**Age at Time of Filing**    If the DACA requestor is not in removal proceedings, does not have a final removal order, or does not have voluntary departure, he/she is to be age 15 or older to file the DACA request. To determine the requestor's age at the time of filing, review the requestor's birth certificate or other acceptable secondary evidence establishing the requestor's date of birth.

If the DACA requestor is in removal proceedings (including cases that have been administratively closed), which includes having an order of voluntary departure after proceedings were initiated or a final order, he/she may be under age 15 at the time of filing the DACA request.

Regardless of whether the DACA requestor is in removal proceedings or not, he/she was born after June 15, 1981 and meets the remaining guidelines in the Secretary's memorandum.

*Continued on next page*

FOR OFFICIAL USE ONLY (FOUO) - LAW ENFORCEMENT SENSITIVE (LES)
This document is FOR OFFICIAL USE ONLY. It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. § 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information, and is not to be released to the public or other personnel who do not have a valid "need-to-know" basis without prior approval from the originator

App. 0320

## C. Determining if Guidelines are Met, Continued

**Arrived in the United States Prior to 16th Birthday**

The Secretary's memorandum states as one of the guidelines to be met before an individual is considered for DACA is that he/she arrived in the United States prior to reaching his/her 16th birthday. To determine the date of arrival, review the response to Part 1, questions 13 through 17 of Form I-821D for the date and place of initial entry into the United States and status at entry. In addition, review question 6 in Part 1 and the requestor's birth certificate or other acceptable evidence establishing the requestor's date of birth.

If the requestor indicates a status in response to question 15 of Form I-821D, but does not provide the I-94# or a copy of the I-94 or any other document, such as a copy of his/her passport showing the date of initial entry, perform a systems check (SQ94/Arrival Departure Information System (ADIS)) to validate the date of entry, if needed.

If the requestor entered "no status" in response to question 15 of Form I-821D, or if the requestor indicates that he/she arrived with a status or was paroled into the United States, but this cannot be validated through a systems check, review the totality of the evidence submitted to establish whether the individual entered before age 16.

If the totality of the evidence does not establish that the requestor arrived in the United States before his/her 16th birthday, issue RFE DACA 103 call up from Appendix D for evidence of the date of arrival.

**Present in the United States on June 15, 2012**

The Secretary's memorandum states as one of the guidelines to be met before an individual may be considered for DACA that the individual was present in the United States on June 15, 2012. To determine if the requestor was present in the United States on June 15, 2012, review the responses to Part 1 regarding the date of entry, status at entry and date authorized stay expired, and the responses to the questions in Part 2 regarding all absences from the United States since June 15, 2007. Review the totality of the evidence submitted. The evidentiary standards are discussed in Chapter 1. If the requestor arrived before June 15, 2007, and there is no indication of any departure and the evidence submitted establishing his/her presence in the United States on June 15, 2012 is credible, then this guideline has been met.

If a given document does not specifically refer to June 15, 2012, review the dates on all the documentation submitted in its totality to establish presence in the United States on that date.

*Continued on next page*

FOR OFFICIAL USE ONLY (FOUO) - LAW ENFORCEMENT SENSITIVE (LES)...

App. 0321

## C. Determining if Guidelines are Met, Continued

| Present in the United States on June 15, 2012 (continued) | The following are examples of acceptable evidence to establish presence in the United States on June 15, 2012. This list of examples is not exhaustive. |
|---|---|

| Evidence | Acceptable Documentation |
|---|---|
| Employment Records | • Pay stubs;<br>• W-2 Forms;<br>• Federal, State, or local income tax returns; or<br>• Letters from employer(s) or, if the DACA requestor has been self-employed, letters from banks, and other firms with whom he/she has done business.<br><br>In all of these documents, the employee's name and the name of the requestor's employer or other interested organization must appear on the form or letter, as well as relevant dates. Letters from employers must be signed by the employer and must include the employer's contact information.<br><br>Such letters must include: (1) the requestor's address(es) at the time of employment; (2) the exact period(s) of employment; (3) period(s) of layoff; and (4) a brief summary of the requestor's duties with the company. |
| Receipts, Bills, Letters | • Rent receipts;<br>• Utility bills (gas, electric, telephone, etc.) bearing the requestor's name (or family name if residing at same address) and address; or<br>• Receipts or letters from companies showing the dates during which the requestor received service. |
| School Records | Transcripts, letters, report cards, etc., from the school(s) that the requestor attended in the United States showing the name of school(s) and the period(s) of school attendance. |
| Medical Records | Hospital or medical records showing medical treatment or hospitalization of the requestor. Such records should show the name of the medical facility or physician, as well as the date(s) of the treatment or hospitalization. |

*Continued on next page*

FOR OFFICIAL USE ONLY (FOUO) - LAW ENFORCEMENT SENSITIVE (LES)
This document is FOR OFFICIAL USE ONLY. It contains information that may be exempt
from public release under the Freedom of Information Act (5 U.S.C. § 552). This document is to be controlled, handled, transmitted, distributed,
and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information, and is not to be released to the public or
other personnel who do not have a valid "need-to-know" basis without prior approval from the
originator.

## C. Determining if Guidelines are Met, Continued

**Present in the United States on June 15, 2012 (continued)**

| Evidence | Acceptable Documentation |
|---|---|
| Memberships | • Official records from a religious entity in the United States confirming the requestor's membership or attendance in the entity, attendance at entity events, or participation in a religious ceremony, rite, or passage (e.g., baptism, first communion, wedding, etc.).<br>• Documentation showing membership in community organizations (e.g. Scouts). |
| Military Records | Military records (e.g., Form DD-214, Certificate of Release or Discharge from Active Duty; NGB Form 22, National Guard Report of Separation and Record of Service; military personnel records; or military health records). |
| Additional Documents | Additional documents to support the requestor's claim may include:<br>• Money order receipts for money sent in or out of the country;<br>• Passport entries;<br>• Birth certificates of children born in the United States;<br>• Dated bank transactions;<br>• Correspondence between the DACA requestor and other persons or organizations;<br>• U.S. Social Security card;<br>• Selective Service card;<br>• Automobile license receipts, title, vehicle registration, etc.;<br>• Deeds, mortgages, contracts to which the DACA requestor has been a party;<br>• Tax receipts;<br>• Insurance policies, receipts, or postmarked letters; and/or<br>• Any other relevant document. |

If the totality of the evidence does not establish that the requestor was present in the United States on June 15, 2012, issue RFE DACA 105 call up from Appendix D for additional evidence.

*Continued on next page*

FOR OFFICIAL USE ONLY (FOUO) - LAW ENFORCEMENT SENSITIVE (LES)
This document is FOR OFFICIAL USE ONLY. It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. § 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information, and is not to be released to the public or other personnel who do not have a valid "need-to-know" basis without prior approval from the originator.

47



## C. Determining if Guidelines are Met, Continued

**Unlawful Immigration Status as of June 15, 2012**

To be considered for DACA, the requestor is to demonstrate that he/she was in an unlawful status as of June 15, 2012. Unlawful status means that the requestor's lawful immigration status expired before June 15, 2012; he/she entered the United States without inspection before June 15, 2012; or if paroled into the United States, his/her parole expired, and he /she did not attain any other lawful status or parole extension by that date.

To determine whether the requestor was in an unlawful status as of June 15, 2012, review the responses to Part 1 of Form I-821D regarding date of entry, status at entry, and any date that authorized stay or parole expired, if such authorized stay or parole existed.

Examples of documents that may show the requestor's immigration status on June 15, 2012 include, but are not limited to the following:
- I-94/I-95/I-94W Arrival/Departure Record showing the date the requestor's authorized stay expired;
- If the requestor has a final order of exclusion, deportation, or removal issued on or before June 15, 2012, a copy of that order and related charging documents, if available;
- An INS or DHS charging document placing the requestor into deportation, exclusion, or removal proceedings;
- Any other document that is relevant to show that the requestor lacked lawful immigration status on June 15, 2012; or
- Any document relating to parole.

If needed, officers should conduct a systems check (i.e., to determine if a record exists) for the DACA requestor that will help in establishing his/her unlawful status on June 15, 2012.

If the evidence submitted does not establish that the requestor was in an unlawful status on June 15, 2012, issue RFE DACA 104 call up from Appendix D for additional evidence.

An individual who had Temporary Protected Status (TPS) on June 15, 2012, will not be considered for deferred action for childhood arrivals.

**Not Age 31 or Older on June 15, 2012**

The Secretary's memorandum provides that one of the guidelines to be met before an individual is considered for DACA is that the individual was not age 31 or older on June 15, 2012. In other words, the DACA requestor was born after June 15, 1981. To determine whether the requestor was born after June 15, 1981, review the requestor's birth certificate or other acceptable secondary evidence establishing the requestor's date of birth.

If there is no evidence establishing the requestor's date of birth, issue DACA RFE 140 call up from Appendix D.

*Continued on next page*

FOR OFFICIAL USE ONLY (FOUO) - LAW ENFORCEMENT SENSITIVE (LES)
This document is FOR OFFICIAL USE ONLY. It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. § 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information, and is not to be released to the public or other personnel who do not have a valid "need-to-know" basis without prior approval from the originator.

App. 0324

## C. Determining if Guidelines are Met, Continued

**Continuous Residence (CR)**

The individual requesting DACA is to submit evidence that he/she has resided continuously in the United States since June 15, 2007, or earlier, and up to the present time. Present time means the date of filing.

If the answers to any of the questions on page 3 (Part 2, Arrival/Residence Information) of the Form I-821D are blank or if page 3 of the form is missing and no documentation was submitted, or the documentation submitted does not reasonably show when the requestor arrived and that the requestor meets the continuous residence (CR) guideline, issue an RFE. Return the original Form I-821D (if page 3 is missing, also include a blank page 3) with the RFE asking the requestor to provide the missing answers and to provide documentation that may establish CR.

The following are examples of acceptable evidence of (CR). This list of examples is not exhaustive.

| Evidence | Acceptable Documentation |
|---|---|
| Employment Records | • Pay stubs;<br>• W-2 Forms;<br>• Federal, State, or local income tax returns; or<br>• Letters from employer(s) or, if the DACA requestor has been self-employed, letters from banks, and other firms with whom he/she has done business.<br><br>In all of these documents, the employee's name and the name of the requestor's employer or other interested organization is to appear on the form or letter, as well as relevant dates. Letters from employers are to be signed by the employer and are to include the employer's contact information.<br><br>• Such letters are to include: **(1)** the requestor's address(es) at the time of employment; **(2)** the exact period(s) of employment; **(3)** period(s) of layoff; **(4)** and a brief summary of the requestor's duties with the company |
| Receipts, Bills, Letters | • Rent receipts;<br>• Utility bills (gas, electric, telephone, etc.) bearing the requestor's name (or family name if residing at same address) and address; or<br>• Receipts or letters from companies showing the dates during which the requestor received service. |

*Continued on next page*

FOR OFFICIAL USE ONLY (FOUO) - LAW ENFORCEMENT SENSITIVE (LES)
This document is FOR OFFICIAL USE ONLY. It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. § 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information, and is not to be released to the public or other personnel who do not have a valid "need-to-know" basis without prior approval from the originator.



**App. 0325**

## C. Determining if Guidelines are Met, Continued

**Continuous Residence (CR) (continued)**

| Evidence | Acceptable Documentation |
|---|---|
| School Records | • Transcripts, letters, report cards, etc., from the school(s) that the requestor attended in the United States showing;<br>• Dated bank transactions;<br>• Correspondence between the name of school(s) and the period(s) of school attendance. |
| Medical Records | Hospital or medical records showing medical treatment or hospitalization of the requestor. Such records are to show the name of the medical facility or physician, as well as the date(s) of the treatment or hospitalization. |
| Memberships | • Official records from a religious entity in the United States confirming the requestor's membership or attendance in the entity, attendance at entity events, or participation in a religious ceremony, rite, or passage (e.g., baptism, first communion, wedding, etc.).<br>• Documentation showing membership in community organizations (e.g. Scouts). |
| Military Records | Military records (e.g., Form DD-214, Certificate of Release or Discharge from Active Duty; NGB Form 22, National Guard Report of Separation and Record of Service; military personnel records; or military health records). |
| Additional Documents | Additional documents to support the requestor's claim may include:<br>• Money order receipts for money sent in or out of the country;<br>• Passport entries;<br>• Birth certificates of children born in the United States;<br>• Dated bank transactions;<br>• Correspondence between the DACA requestor and other persons or organizations;<br>• U.S. Social Security card;<br>• Selective Service card;<br>• Automobile license receipts, title, vehicle registration, etc.;<br>• Deeds, mortgages, contracts to which the DACA requestor has been a party;<br>• Tax receipts;<br>• Insurance policies, receipts, or postmarked letters; and/or<br>• Any other relevant document. |

*Continued on next page*

FOR OFFICIAL USE ONLY (FOUO) - LAW ENFORCEMENT SENSITIVE (LES)
This document is FOR OFFICIAL USE ONLY. It contains information that may be exempt
from public release under the Freedom of Information Act (5 U.S.C. § 552). This document is to be controlled, handled, transmitted, distributed,
and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information, and is not to be released to the public or
other personnel who do not have a valid "need-to-know" basis without prior approval from the
originator

50

## C. Determining if Guidelines are Met, Continued

**Brief, Casual and Innocent (BCI) Absence on CR**

A brief, casual, and innocent absence from the United States will not interrupt the DACA requestor's continuous residence. A departure made before August 15, 2012, will not be disqualifying if the departure was "brief, casual, and innocent." Travel occurring after August 15, 2012, will not be considered brief, casual, and innocent, unless removal has been deferred under DACA and advance parole have been granted.

If the requestor indicated in Part 2 of the Form I-821D that he/she has been absent before August 15, 2012, review the reason for the absence and any evidence submitted to show that it was brief, casual, and innocent.

Examples of evidence establishing that an absence was brief, casual, and innocent and therefore did not interrupt the requestor's continuous residence include, but are not limited to:

- Plane or other transportation tickets or itinerary showing the travel dates;
- Passport entries;
- Hotel receipts showing the dates the requestor was abroad;
- Evidence of the purpose of the travel (e.g., the requestor attended a wedding or funeral);
- Copy of any advance parole documents; or
- Any other relevant/probative evidence that could support a brief, casual, and innocent absence, as that term is defined in the definitions section of this SOP.

**Note that a departure made while under an order of voluntary departure or deportation, exclusion, or removal is not brief, casual, and innocent.**

*Continued on next page*

FOR OFFICIAL USE ONLY (FOUO) - LAW ENFORCEMENT SENSITIVE (LES)
This document is FOR OFFICIAL USE ONLY. It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. § 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information, and is not to be released to the public or other personnel who do not have a valid "need-to-know" basis without prior approval from the originator.

51

## C. Determining if Guidelines are Met, Continued

**Effect of Travel Outside of the United States After August 15, 2012**

- Travel outside the United States after August 15, 2012 and before the DACA request is filed:
  - The departure interrupts a requestor's continuous residence in the United States. The requestor cannot meet the continuous residence guideline for DACA and removal action should not be deferred.
- Travel outside the United States while the DACA request is pending:
  - The departure shall be deemed an abandonment of the DACA request; therefore, the request will be denied for abandonment.
- Travel outside the United States after removal action has been deferred under DACA, but without advance parole:
  - Deferred action under DACA is terminated automatically.

**CR/BCI Not Met**

If CR is not met, issue the following RFE DACA 101 call up from Appendix D.

If no documentation is submitted to show that a departure was brief, casual, and innocent, or the documentation is not sufficient, issue the following RFE DACA 102 call up from Appendix D.

If routine systems checks, documentation submitted with the DACA request, or evidence in the A-file indicate that a departure was made while under an order of voluntary departure or deportation, exclusion, or removal, issue a Notice of Intent to Deny (NOID) with the opportunity for the requestor to rebut the derogatory information. See Appendix E for NOID Template.

*Continued on next page*

FOR OFFICIAL USE ONLY (FOUO) - LAW ENFORCEMENT SENSITIVE (LES)

52

## C. Determining if Guidelines are Met, Continued

**Education**

To meet the educational guideline for DACA consideration, a DACA requestor may show that he/she is currently in school, has graduated or obtained a certificate of completion from high school, or has obtained a General Educational Development (GED) certificate. Note that evidence of enrollment in on-line courses is acceptable. When reviewing such evidence, the completeness, credibility, relevance, and sufficiency are germane and take precedence over the electronic medium over which the education was received.

Each component of this guideline is discussed in more detail below.

**Currently In School**

To be considered "currently in school," a requestor is to be enrolled in:
- a public or private elementary school, junior high or middle school, high school, or secondary school;
- an education, literacy, or career training program (including vocational training or an English as a Second Language (ESL) course) that is designed to lead to placement in post-secondary education, job training, or employment;
- an education program assisting students either in obtaining a regular high school diploma or its recognized equivalent under State law (including a certificate of completion, certificate of attendance, or alternate award), or in passing a GED exam or other equivalent State-authorized exam; or
- a public or private college or university or a community college;

For ease of reading, education, literacy, and career training programs will be referenced collectively as "alternative educational programs." When the DACA requestor seeks to meet the "currently in school" component of the educational guideline based on enrollment in an alternative educational program, the requestor's current enrollment in that program is to be in preparation for the requestor's anticipated subsequent placement in post-secondary education, job training, or employment (new employment or advancement within existing employment). Evidence of such subsequent placement is not required.

*Continued on next page*

FOR OFFICIAL USE ONLY (FOUO) - LAW ENFORCEMENT SENSITIVE (LES)
This document is FOR OFFICIAL USE ONLY. It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. § 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information, and is not to be released to the public or other personnel who do not have a valid "need-to-know" basis without prior approval from the originator

53

## C. Determining if Guidelines are Met, Continued

**Currently In**
**School**
(continued)

A DACA requestor who is enrolled in a personal enrichment class (such as arts and crafts) or who is enrolled in a recreational class (such as canoeing) is not in an alternative educational program and thus not considered to be "currently in school" for DACA purposes.

In determining whether enrollment in an alternative educational program meets the "currently in school" component of the educational guideline for DACA consideration, first, review the documentary evidence provided to see whether the alternative educational program is an education, literacy, or career training program (including vocational training and ESL) and whether it is publicly funded in whole or in part (State, Federal, county, or municipal funds.) If it is an alternative educational program and it receives public funding, no further evaluation is required. As long as the information is provided by the school/program, it is not necessary to RFE for copies of the actual funding documents. If this information is not provided, the RFE should request the information, but not require copies of the actual funding documents. If it is a literacy program that is run by a non-profit entity, no further evaluation is required with respect to the first part of the analysis. If, however, it is an alternative educational program that does not receive any public funding and it is not a non-profit literacy program, then officers are also to assess whether the program is of demonstrated effectiveness and are to look for such evidence, as described in more detail below.

Some of the ways a DACA requestor can meet the "currently in school" component of the educational guideline for DACA consideration and the different types of evidence that can be submitted, depending on the type of program in which he/she is enrolled, are discussed separately below. The examples and types of evidence listed here are illustrative, and not exhaustive.

*Continued on next page*

FOR OFFICIAL USE ONLY (FOUO) - LAW ENFORCEMENT SENSITIVE (LES)
This document is FOR OFFICIAL USE ONLY. It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. § 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information, and is not to be released to the public or other personnel who do not have a valid "need-to-know" basis without prior approval from the originator.

54

**App. 0330**

## C. Determining if Guidelines are Met, Continued

**Public or Private Elementary, Junior High/Middle School, or High School/Secondary School**

<u>Currently in School</u>

**Public or Private Elementary, Junior High/Middle School, or High School/Secondary School**

Evidence of enrollment in a public or private elementary, junior high/middle school, or high school/secondary school may include, but are not limited to, copies of:

- **Accepted for Enrollment:** Evidence of acceptance for enrollment may include, but is not limited to:
  - o An acceptance letter on school letterhead from the school's authorized representative, if the requestor was accepted for enrollment, but the classes have not yet commenced. Such acceptance letter is to include the name and address of the school, the requestor's grade level, and the date that the classes are scheduled to commence. The letter is to be accompanied by evidence that the student has registered for classes, or other evidence showing the student has accepted the offer and has committed to start classes on a certain date;
  - o A current individualized education program (IEP), as required under the Individuals with Disabilities Education Act, for a student with a disability, would also be acceptable evidence of enrollment;
  - o A copy of the current tuition bill;
  - o A current class schedule containing the student's name, the list of courses, and the day and time of each class; or
  - o Any other relevant evidence.

- **Already Attending Classes:** For DACA requestors already enrolled and attending classes, evidence may include, but is not limited to, current school registration cards, current transcripts, report cards, and progress reports. The document(s) presented are to show the name of the student, the name of the school, the time period or semester covered by the document, and the current grade level. A current IEP showing the student's progress to date would also be acceptable evidence that the DACA requestor has been accepted for enrollment and is attending classes.

A claim of homeschooling is not necessarily an indicator of fraud; however, because homeschool programs and their requirements vary widely from state to state, refer the case to CFDO for further research and evaluation. Even if the file contains documents including transcripts, a diploma or a certificate of completion as a result of homeschooling, the case must be referred to CFDO for further research and evaluation prior to final adjudication.

*Continued on next page*

FOR OFFICIAL USE ONLY (FOUO) - LAW ENFORCEMENT SENSITIVE (LES)
This document is FOR OFFICIAL USE ONLY. It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. § 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information, and is not to be released to the public or other personnel who do not have a valid "need-to-know" basis without prior approval from the originator.

55

**App. 0331**