# DACA Challenges (Continued)

DACA requestors arrived in the United States as children.

- Depending on their age, they may or may not have documentation of their own.
- Officers may see documents from the DACA requestor's parents, for example, rent receipts or utility bills.
- One piece of evidence might satisfy more than one guideline. For example, school transcripts can also show residence, age, and arrival before age 16.
- Because some DACA requestors may have been working under assumed names, name discrepancies, standing alone, will not necessarily be a fraud indicator.
- Look at the documents in their totality to see how they add up.
- If necessary, issue an RFE to resolve discrepancies.
- If the DACA requestor's attempts to explain the discrepancies still don't add up, officers can refer the case to CFDO for further research.

U.S. Citizenship
and Immigration
Services



# II. Initial Intake, File Preparation, and Workflow

U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

# Module Objectives

Officers will gain a basic understanding of:

- Lockbox intake
- Overall process flow; and
- Case preparation.

U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

15

App. 0428

# Key Steps in DACA Process Flow

**Lockbox**

DACA Request Accepted ?

Yes

1. Create A#.
2. Send receipt notices for I-821D and I-765 to the requestor.
3. Send to the service center.

NO

Return filing to the DACA requestor with the reject notice.

**Service Center**

(b) (7)(E)

U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

# Case Preparation and Workflow

Step 1:

Intake occurs at the Lockbox per the agreed upon Lockbox/SCOPS business rules.

Step 2:

Service Center Records performs the A-number look-up and validation process.

Step 3:

Data is populated into C3 via the Lockbox-Service Center interface.

Step 4:

Lockbox creates and ships A-Files/T-Files to the appropriate Service Center based on the agreed upon routing.

Step 5:

Service Centers receive the files and perform file intake functions.

U.S. Citizenship
and Immigration
Services

# Case Preparation and Workflow (Continued)

Step 6:

ASC appointments are scheduled via SNAP by the Service Center pursuant to local procedures.

Step 7:

In parallel to the SNAP scheduling process, background and security checks are initiated (b) (7)(E)

Step 8:

The Service Center must look for the following to determine the next steps:

- Whether the DACA requestor appeared at the ASC for biometrics capture and whether the FBI returned the fingerprint results (fingerprint results are required only for those 14 years and older); and
- Whether (b) (7)(E) fingerprint results returned derogatory information impacting the exercise of discretion for DACA.

# Case Preparation and Workflow (Continued)

Step 9:

The Service Center will take adjudicative action.

**Step 10:**

The process flow splits off here, depending on the results (b)(7)(E) and the (b)(7)(E) on whether a supervisory hold should be placed on the request.

U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

19

App. 0432

# How Form I-821D Will be Displayed in C3

For DACA requests, all pertinent fields will be populated in CLAIMS 3 (C3) into the Form I-821 screen, **but with a new category "3"** to show it is actually a DACA request, not TPS.

While Forms I-821for TPS, and I-821D for DACA are very similar, when Form I-821 appears in CLAIMS with category "3" (to denote that it is actually an I-821D for DACA), only those fields pertaining to the DACA request will be active.

U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive



# A View of Form I-821D in C3

U.S. Citizenship and Immigration Services

FOUO – Law Enforcement Sensitive

# III. Required Forms and Fees

U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

App. 0435

# Module Objective

The objective of this section is to provide a basic understanding of:

- The Forms required to file a DACA request.

U.S. Citizenship
and Immigration
Services

23

FOUO – Law Enforcement Sensitive

App. 0436

# The DACA Request

**Each DACA request must include:**

- Form I-821D, *Consideration of Deferred Action for Childhood Arrivals*;
  - There is no fee for Form I-821D.
- Form I-765, *Application for Employment Authorization* with I-765 WS;
- Basic I-765 filing fee and the biometrics services fee; and
  - Total fee of $465 (or proof of fee exemption approval).
  - Fee exemption will appear as fee waived in C3.
- Documentary evidence to meet the DACA guidelines.

U.S. Citizenship
and Immigration
Services

# The DACA Request (Continued)

There is no derivative DACA.

- Requestors must file requests individually.
- Requestors must meet the DACA guidelines in their own right.

Form I-821D is a discrete form for DACA designed to address each guideline and should not be confused with Form I-821 used for TPS.

Some data elements that are not germane to DACA are not on the I-821D. For example:

- Nationality;
- Inadmissibility; and
- Information about relatives.

U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

# The DACA Request (Continued)

- A new worksheet, Form I-765WS, has been created to capture the information needed to determine economic necessity for the EAD.
- Form I-765WS asks the requestor to provide basic information about his/her current income, annual expenses, and total value of assets.

U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive



# IV. DACA Guidelines and Adjudicating the Request

U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

# Module Objectives

The objective of this section is to provide a basic understanding of:

- The basic DACA guidelines.
- The discretionary nature of deferred action;
- Examples of evidence that a requestor may submit to show he/she meets the DACA guidelines; and,
- The effect of criminality, egregious public safety and national security concerns.

# Basic DACA Guidelines

An individual meeting the following guidelines may be favorably considered for DACA if, under the totality of the circumstances, he/she:

- Was in unlawful status as of June 15, 2012;
- Is at least 15 years of age on the date of filing;
  - If in removal proceedings, can be under 15.
- Arrived in the United States prior to reaching his/her 16th birthday;
- Has continuously resided in the United States since June 15, 2007, up to the time the request for consideration of deferred action for childhood arrivals is submitted;

U.S. Citizenship
and Immigration
Services

# Basic DACA Guidelines (Continued)

- Was present in the United States on June 15, 2012;
- Is currently in school, graduated from high school, obtained a general educational certificate (GED), is currently enrolled in an accredited GED program, or is an honorably discharged veteran of the Coast Guard or U.S. Armed Forces;
- Was born after June 15, 1981 (i.e., was not age 31 or older on June 15, 2012);
- Has not been convicted of a felony offense, a significant misdemeanor offense, or three or more non-significant misdemeanor offenses; and
- Does not otherwise pose a threat to national security or public safety.

# Basic DACA Guidelines (Continued)

Deferred action is discretionary. In setting the guidelines, the Secretary has determined how this discretion is to be applied for individuals who arrived in the United States as children.

Although discretion to defer removal is applied on a case-by-case basis, according to the facts and circumstances of a particular case, discretion should be applied consistently.

- Absent unusual or extenuating circumstances, similar fact patterns should yield similar results.
- To facilitate consistent review and adjudication, a series of RFE and NOID templates have been developed and must be used. They are included in the SOP appendices.
- A standard denial template in checkbox format will be used by officers.

U.S. Citizenship
and Immigration
Services

# Interim Review

**Fact Pattern :**

The requestor indicated that he is 14½ years old and entered the United States without inspection in 2007.

**Questions:**

1. Considering the requestor's age, date of entry, and immigration status, can he satisfy the guidelines for DACA?
2. Is additional information needed?

U.S. Citizenship
and Immigration
Services

# Applying the DACA Guidelines -- Identity

Each DACA requestor is to establish his/her identity

Examples of acceptable evidence include:

- Passport;
- Birth certificate, accompanied by some form of photo identification;
- National ID document from the requestor's country of origin bearing the requestor's photo and/or fingerprint;
  - Includes a Matricular consular document issued by the consulate or embassy in the United States.
- U.S. Government immigration or other document bearing the requestor's name and photo;
- School-issued ID with photo;
- Military ID with photo; or
- Any other relevant document.

# Applying the DACA Guidelines -- Identity (Continued)

Any aliases, name discrepancies, or date of birth discrepancies identified while reviewing the evidence require a TECS query.

While these types of discrepancies may come up while reviewing identity, they could also come up while reviewing other guidelines.

Requestors may submit employment records to satisfy other guidelines. During the review process, you may find that a requestor worked under an assumed name. This type of discrepancy, in and of itself, would not result in declining to defer removal under DACA.

FOUO – Law Enforcement Sensitive

# Applying the DACA Guidelines -- Age at Time of Filing

To determine the requestor's age at the time of filing, review the requestor's birth certificate or other acceptable secondary evidence establishing the requestor's date of birth.

- The requestor's date of birth will be on several documents, and possibly in our systems.
- Officers should be mindful and run the required TECS queries.
- Age is a fundamental guideline. Officers should work closely with their supervisor and with CFDO to reconcile discrepancies.

U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

# Applying the DACA Guidelines -- Age at Time of Filing (Continued)

## Requestors NOT in Removal Proceedings

- The DACA requestor is to be age 15 or older at the time.

## Requestors IN Removal Proceedings

- A DACA requestor in removal proceedings may be under age 15 at the time of filing the DACA request.
- In removal proceedings includes:
  - Administratively closed cases;
  - Having an order of voluntary departure after proceedings were initiated (which can be an alternate order of VD/removal); or
  - A final removal order.
- The requestor should be noting this on the Form I-821D.
- The requestor should already have an A-file, with documents relating to the removal proceedings.
- Systems checks should also indicate that the requestor is in removal proceedings.

# Applying the DACA Guidelines -- Age on June 15, 2012

The DACA requestor is to establish that he/she was not age 31 or older on June 15, 2012.

- In other words, the DACA requestor was born after June 15, 1981.

To determine whether the requestor was born after June 15, 1981, review the requestor's birth certificate or other acceptable secondary evidence establishing the requestor's date of birth.

FOUO – Law Enforcement Sensitive

# Applying the DACA Guidelines -- Unlawful Status as of June 15, 2012

Unlawful status means:

- Lawful immigration status expired as of June 15, 2012;
- The requestor EWI'd before June 15, 2012; or
- If paroled into the United States, the requestor's parole expired as of June 15, 2012 and the requestor did not obtain an extension or any other lawful status by that date.

Review Part 1 of I-821D for date of entry and status at entry.

- If needed, conduct a systems check to help in establishing the requestor's immigration status on June 15, 2012.

U.S. Citizenship
and Immigration
Services

# Applying the DACA Guidelines -- Unlawful Status as of June 15, 2012 (Continued)

Examples of documents that may show the requestor's immigration status on June 15, 2012 include, but are not limited to the following:

- I-94/I-95/I-94W Arrival/Departure Record showing the date the requestor's authorized stay expired;
- If the requestor has a final order of exclusion, deportation, or removal issued on or before June 15, 2012, a copy of that order and related charging documents, if available;
- An INS or DHS charging document placing the requestor into deportation, exclusion, or removal proceedings;
- Any other document that is relevant to show that the requestor lacked lawful immigration status on June 15, 2012; or
- Any document relating to parole.

FOUO – Law Enforcement Sensitive

# Interim Review

**Fact Pattern:**

The requestor was born on December 12, 1989, and states that he entered the United States in December 2005 on a B-2 Visitors Visa. He lost his I-94 and submitted a photocopy of the photo page of his passport.

**Questions for discussion:**

- Can the requestor be considered for DACA?
- Is additional information needed?

# Applying the DACA Guidelines -- Arrived Before Age 16

The DACA requestor is to establish that he/she arrived in the United States before his/her 16th birthday.

- To determine the date of arrival, review the response to Part 1, questions 13 through 17 of Form I-821D for the date of initial entry into the United States.
- In addition, review question 6 in Part 1 and the requestor's birth certificate or other acceptable evidence establishing the requestor's date of birth.
- The answers to these 2 questions on Form I-821D, combined with evidence of the requestor's date of birth, will establish this guideline.

FOUO – Law Enforcement Sensitive

# Applying the DACA Guidelines -- Continuous Residence (CR)

The DACA requestor is to submit evidence that he/she has resided continuously in the United States since June 15, 2007, or earlier, and up to the present time.

- Present time means the date of filing the DACA request.

A DACA requestor can establish continuous residence even if he/she had a brief absence from the United States.

- The absence must be brief, casual, and innocent and have occurred before August 15, 2012.
- Travel occurring after August 15, 2012, will not be considered brief, casual, and innocent, unless removal has been deferred under DACA and advance parole has been granted.

U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

# Applying the DACA Guidelines -- CR (Continued)

Examples of evidence establishing that an absence was brief, casual, and innocent and therefore did not interrupt the requestor's continuous residence include, but are not limited to:

- Plane or other transportation tickets or itinerary showing the travel dates;
- Passport entries;
- Hotel receipts showing the dates the requestor was abroad;
- Evidence of the purpose of the travel (e.g., the requestor attended a wedding or funeral);
- Copy of any advance parole documents; or
- Any other relevant/probative evidence that could support a brief, casual, and innocent absence.

Note that a departure made while under an order of voluntary departure or deportation, exclusion, or removal is not brief, casual, and innocent.

U.S. Citizenship
and Immigration
Services

# Effect of Travel Outside the U.S. After 8/15/12

Travel outside the United States after August 15, 2012 and before the DACA request is filed:

- The departure interrupts CR; CR not met.

Travel outside the United States while the DACA request is pending:

- The requestor abandons the DACA request; deny for abandonment.

Travel outside the United States after removal has been deferred, but without advance parole:

- Deferred action under DACA is terminated automatically.

# Applying the DACA Guidelines -- Present in the U.S. on 6/15/12

The DACA requestor is to establish that he/she was present in the United States on June 15, 2012.

- To determine if the requestor was present in the United States on June 15, 2012, review the responses to Part1 regarding the date of entry, status at entry, and date the authorized stay expired; and
- The responses to the questions in Part 2 regarding all absences from the United States since June 15, 2007.
- The responses to these 2 questions, together with the evidence submitted, will show that this guideline is met.

Review the totality of the evidence submitted. If a given document does not specifically refer to June 15, 2012, review the dates on all the documentation submitted in its totality. If the requestor arrived before June 15, 2007, and there is no indication of any departure and continuous presence is well documented, then this guideline has been met.

# Examples of Acceptable Evidence for CR and Presence in U.S. on 6/15/12

| Evidence | Acceptable Documentation |
|---|---|
| Employment Records | • Pay stubs;<br>• W-2 Forms;<br>• Federal, State, or local income tax returns; or<br>• Letters from employer(s) or, if the DACA requestor has been self-employed, letters from banks, and other firms with whom he/she has done business. |
| Receipts, Bills, Letters | • Rent receipts;<br>• Utility bills bearing the requestor's name and address; or<br>• Receipts or letters from companies showing the dates during which the requestor received service. |
| School Records | Transcripts, letters, report cards, etc., from the school(s) requestor attended in the United States showing the name of school(s) and the period(s) of school attendance. |
| Medical Records | Hospital or medical records showing medical treatment or hospitalization of the requestor. Such records should show the name of the medical facility or physician, as well as the date(s) of the treatment or hospitalization. |

U.S. Citizenship and Immigration Services

FOUO – Law Enforcement Sensitive