# Procedures for Unclassifiable FBI Prints

An FBI response might indicate that an individual's fingerprints were unacceptable for fingerprint analysis. After an initial "unacceptable" response, the individual must be reprinted.

If the first fingerprint results are Unclassifiable, check SNAP to see if the requestor appeared for a second ASC appointment.
- If yes, check BBSS for the results.
- If not, schedule a second ASC appointment, using priority code "1" in SNAP to bypass the 60 day waiting period for rescheduling.


U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

118

# Procedures for Unclassifiable FBI Prints (Continued)

### RFE guidance for unclassifiable prints

- If the second set of fingerprints are returned as "Unclassifiable", the officer should issue DACA RFE 150 call up from Appendix D for police certificates.

- The DACA requestor must provide (1) police clearances for the previous five years from all places of residence, and (2) a statement disclosing any and all criminal history (arrests, charges, etc.), including overseas.



U.S. Citizenship
and Immigration
Services

**FOUO – Law Enforcement Sensitive**

**119**

App. 0525

# RAP Sheet: Accuracy and Completeness Concerns

Since participation by state and local agencies is not mandatory, the FBI Fingerprint check does not contain records from every jurisdiction. Therefore, Non-IDENT does not mean that the individual has no administrative or criminal history.

If a criminal hit comes up in another system or the individual has provided testimony, a sworn statement, or other evidence of criminal activity that does not appear in the fingerprint results or RAP sheets, USCIS personnel should follow specific form SOPs (where applicable) for determining what additional steps are needed to address the derogatory information.



U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

**120**

# Criminal Issues Specific to DACA

An individual may not be considered for DACA if he or she has been <u>convicted</u> of:

- A felony offense;
- A significant misdemeanor offense; or
- Three or more other misdemeanors,

OR, poses a threat to national security or public safety;

UNLESS, USCIS determines there are exceptional circumstances.

**<u>The determination that exceptional circumstances exist for deferral of removal under DACA will be made only at the HQ level and in extremely rare cases.</u>**


U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

121

App. 0527

122

# What is a Felony?



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

# Felony

- A felony is a federal, state or local criminal offense for which the maximum term of imprisonment authorized is for a period of more than one year.

- A requestor convicted of <u>one felony</u> will be found not to meet the guidelines for DACA consideration, unless USCIS determines there are exceptional circumstances.



U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

123

App. 0529

124

# What is a Significant Misdemeanor?



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

# Significant Misdemeanor

A significant misdemeanor is a misdemeanor that involves:

- Domestic violence
- Sexual abuse or exploitation
- Burglary
- Unlawful possession or use of a firearm
- Drug distribution or trafficking, or
- Driving under the influence of alcohol or drugs;

     OR

- for which the individual was sentenced to time in custody of more than 90 days.



U.S. Citizenship
and Immigration
Services

**FOUO – Law Enforcement Sensitive**

125

# Significant Misdemeanor (Continued)

- Sentence must involve time to be served in custody, and does not include suspended sentence.

- Time in custody does not include period in ICE custody that may follow completion of criminal sentence.

- A requestor convicted of <u>one significant misdemeanor</u> will be found not to meet the guidelines for DACA consideration, unless USCIS determines there are exceptional circumstances.



U.S. Citizenship
and Immigration
Services

**FOUO – Law Enforcement Sensitive**

126

127

# What is a Misdemeanor?

FOUO – Law Enforcement Sensitive



U.S. Citizenship and Immigration Services

# Misdemeanor

- Any federal state or local criminal offense, if:

- maximum term of imprisonment authorized is for a period of more than 5 days but not more than one year,

- regardless of whether the jurisdiction in which the offense is committed classifies the offense as a misdemeanor.



U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

128

App. 0534

# Multiple Misdemeanors

- The requestor does not meet the guidelines for DACA consideration if convicted of three or more non-significant misdemeanors, unless USCIS determines there are exceptional circumstances.

- Misdemeanors occurring on the same day <u>or</u> arising out of the same act, omission, or scheme of misconduct, will only be <u>counted as one</u> misdemeanor for these purposes.


U.S. Citizenship
and Immigration
Services

**FOUO – Law Enforcement Sensitive**

129

**App. 0535**

# Misdemeanors (Continued)

- A minor traffic offense, such as driving without a license, will not be considered a misdemeanor for purposes of this process.

- State law immigration-related offenses characterized as felonies or misdemeanors by state immigration laws will not be treated as disqualifying felonies or misdemeanors.
  - Distinguish from federal immigration offenses.


U.S. Citizenship
and Immigration
Services

**FOUO – Law Enforcement Sensitive**

130

App. 0536

# Foreign Convictions

- Will generally not be treated as a disqualifying felony or misdemeanor.

- May be relevant to public safety concerns and whether, under the particular circumstances, the exercise of prosecutorial discretion is warranted.

- Cases involving foreign convictions should be elevated for supervisory review.



**FOUO – Law Enforcement Sensitive**

131

App. 0537

132

# What Constitutes a Conviction?



U.S. Citizenship
and Immigration
Services

**FOUO – Law Enforcement Sensitive**

# What Constitutes a Conviction?

Defined in INA § 101(a)(48)(A) as:

- A formal judgment of guilt entered by a court, _or_

- If adjudication of guilt has been withheld, where:
    - a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt; _and_
    - the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.



U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

133

**App. 0539**

# Formal Judgment of Guilt by Court

- The entry of guilt can be found on the record of conviction itself

- If the alien pled guilty, then there will be an indication of the plea and the court's finding of guilt

- If the alien went to trial, then the conviction record should indicate that the defendant was found guilty by judge or jury

- Court records vary from jurisdiction to jurisdiction, but you want to look for plea, finding, entry or similar words relating to guilt or a no contest (*nolo contendere*) plea

- Indication that entry of judgment of guilt was *not* made include words such as "withheld" or "deferred"


U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

134

**App. 0540**

# No Entry of Judgment of Guilt

- Sometimes called Continued without a Finding (CWOF); adjudication withheld; deferred adjudication, etc. Different jurisdictions use different terminology.

- If adjudication has been withheld, then to constitute a conviction, there must be 2 prongs satisfied:
  - (1) Verdict, Plea or finding of guilt *and*
  - (2) Punishment or restraint on liberty


U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

135

**App. 0541**

# Conviction - Pleas

If there is no formal judgment of guilt, then for the court's action to constitute a conviction:

- The defendant must plead guilty or the court must make a finding of guilt.
- A "*nolo contendere*" or "no contest" plea is still a guilty plea for immigration purposes.
- Therefore, a "deferred prosecution" or pre-trial diversion program that does not require the defendant to plead guilty or require the court to make any finding of guilt cannot constitute a conviction.



U.S. Citizenship
and Immigration
Services

**FOUO – Law Enforcement Sensitive**

136

App. 0542

# Conviction - Punishment, Penalty, Restraint on Liberty

- Imposition of costs in a criminal case constitutes a form of punishment for INA 101(a)(48)(A) definition of conviction. *Matter of Cabrera*, 24 I&N Dec. 459 (BIA 2008).

- Punishment might be fines.

- Probation, community supervision etc., is a restraint on liberty.

- Where the only consequence of a criminal judgment is a suspended non-incarceratory sanction, however, it may not constitute a conviction for immigration purposes. *Retuta v. Holder,* 591 F.3d 1181 (9th Cir. 2010) (a suspended fine was not a punishment or penalty sufficient to be a conviction).



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

137

# Examples of Possible Valid Convictions under the INA

- <u>Pleas</u>.  An Alford plea, no contest plea and nolo contendere plea all satisfy the "finding of guilt" requirement for a conviction.  *See Abimbola v. Ashcroft,* 378 F.3d 173 (2d Cir. 2004)(Alford plea is a guilty plea and therefore may form the basis of a conviction).

- <u>Deferred Adjudication</u>.  Both the Board and the federal courts have held that a deferred adjudication is a conviction for immigration purposes where it involves an admission of guilt and limitations on the defendant's liberty.  *See Matter of Punu,* 22 I&N Dec. 224 (BIA 1998) (Texas deferred adjudication is a conviction).



**FOUO – Law Enforcement Sensitive**

138

# Examples (Continued)

- One court has held that a Massachusetts conviction, in which the defendant admitted to facts sufficient for a finding of guilt, with a continuation without a finding (CWOF), and with the imposition of a restitution order, is a conviction under the INA. *De Vega v. Gonzales*, 503 F.3d 45 (1st Cir. 2007).

- A "guilty filed" disposition under Massachusetts law satisfies the finding of guilt requirement and may constitute a conviction under the INA. *Griffiths v. INS*, 243 F.3d 45 (1st Cir. 2001).


U.S. Citizenship
and Immigration
Services

**FOUO – Law Enforcement Sensitive**

App. 0545

# Examples (Continued)

- <u>Court Martial</u>.  A judgment of guilt that has been entered by a general court-martial of the United States Armed Forces qualifies as a conviction. *Matter of Rivera Valencia*, 24 I&N Dec. 484 (BIA 2008).

- <u>Probation Before Judgment</u>.  A court's grant of probation before judgment generally constitutes a conviction under the INA.  *See generally, Yanez-Popp v. INS*, 998 F.2d 231 (4th Cir. 1993).

- <u>Guilty Pleas Held in Abeyance</u>.  A guilty plea held in abeyance may satisfy the statutory definition of conviction. *U.S. v. Zamudio,* 314 F.3d 517 (10th Cir. 2002).


U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

140

# Not a Conviction?

- New York's Pretrial Diversion Agreement (PDA) is generally not considered a conviction because guilt has not been established by trial, plea or admission; nor have sufficient facts been admitted to support a finding of guilt. *Iqbal v. Bryson,* 604 F.Supp.2d 822 (E.D.Va. 2009).

- It's important to look at the actual diversionary agreement to see whether there was any type of admission or finding of guilt in the written agreement. Generally there will not be, but there are some states where admission of guilt is required for entry into the program (fairly rare to find these)


U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

141

## Convictions - Appeals

A conviction is effective for immigration purposes, including DACA, while it is on direct appeal.

- *See Plane v. Holder,* 652 F.3d 991 (9th Cir. 2011), rehearing en banc denied, 2012 WL 1994862 (2012).
- If the conviction is ultimately reversed on appeal, the DACA requestor is free to file a new request for DACA, with fee, if otherwise eligible



U.S. Citizenship
and Immigration
Services

**FOUO – Law Enforcement Sensitive**

142

# Vacated / Expunged Convictions

- Generally speaking, convictions may be vacated for one of two reasons

- A conviction may be vacated due to a procedural or substantive defect in the conviction itself

- A conviction may be vacated /expunged to provide post-conviction relief, such as a rehabilitative provision that removes the stigma of a conviction or an expungement for youth offenders or first-time offenders.


U.S. Citizenship and Immigration Services

FOUO – Law Enforcement Sensitive

143

App. 0549

# Vacated / Expunged Convictions

- FOR PURPOSES OF DACA ONLY, these expunged or vacated convictions will NOT be treated as disqualifying felonies or misdemeanors.

- Case-by-case assessment to determine whether the person poses a threat to public safety and whether the exercise of prosecutorial discretion is warranted.

- Elevate for supervisory review.


U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

144

# Juveniles

- Juvenile delinquency adjudication is not a conviction. *Matter of Devison*, 22 I&N Dec. 1362 (BIA 2001).

- A conviction for immigration purposes includes conviction of an alien under age 18 who was charged as an adult.

- Juvenile delinquency may impact public safety issues when considering a request under DACA

- May also be considered in determining whether the exercise of prosecutorial discretion is warranted.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

145

App. 0551

# Pardons

- A full and final unconditional U.S. pardon by the President or by the Governor of a state can erase a conviction for immigration purposes. *See Matter of Nolan,* 19 I&N Dec. 539 (BIA 1988).

- Underlying offense may impact public safety issues when considering a request under DACA

- May be considered in determining whether the exercise of prosecutorial discretion is warranted.

- A limited pardon will not erase conviction for immigration purposes.

 U.S. Citizenship and Immigration Services

FOUO – Law Enforcement Sensitive

146

App. 0552

# Exceptional Circumstances

- The requestor must specifically ask for the exception and must fully document the exceptional circumstances.

- Criminal history and activities compromising national security and public safety carry considerable weight in the totality of the circumstances analysis.

- Requires truly exceptional circumstance to overcome.

- **<u>The determination that exceptional circumstances exist for deferral of removal under DACA will be made only at the HQ level and in extremely rare cases</u>**.


U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

147

# Handling Criminality, National Security or Public Safety Concerns

The evaluation of criminal issues with respect to a DACA request is done after BCU vetting of the TECS check and the FD 258 fingerprint results from the FBI.

If the up-front TECS check reveals a hit, the DACA request goes to BCU/Triage.

If the hit relates, BCU triage routes the DACA request to the BCU for resolution.

If the FD 258 fingerprint results return an IDENT, the BCU reviews the results to determine whether they are germane to the DACA request and the exercise of prosecutorial discretion. BCU will adjudicate all DACA requests with IDENT.

For guidance on when to seek supervisory review of a denial involving issues of criminality, see Chapter 9, Section D.


U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

**148**

App. 0554

# Handling Criminality, National Security or Public Safety Concerns  (Continued)

The evaluation of criminal issues with respect to a DACA request is done after BCU vetting of the TECS check and the FD 258 fingerprint results from the FBI. If the up-front TECS check reveals a hit, the DACA request goes to BCU/Triage.

## BCU Triage and Resolution Overview

1. If the hit relates, BCU triage routes the DACA request to the BCU;

2. BCU documents the TECS hit and the resolution in the ROIQ. While the DACA request is undergoing the up-front TECS check, the DACA requestor is placed in the scheduling queue for an ASC appointment to have his/her biometrics captured;

3. If the FD 258 fingerprint results return an IDENT, the BCU reviews the results to determine whether they are germane to the DACA request and the exercise of prosecutorial discretion;

4. BCU handles the case through to completion.

 U.S. Citizenship and Immigration Services

**149**

**FOUO – Law Enforcement Sensitive**

# Evaluating Cases for EPS Concerns

The scope of criminal offenses deemed to be Egregious Public Safety (EPS) concerns are described in the November 11, 2011 NTA memorandum and the accompanying MOA between USCIS and ICE.

The nature and severity of the underlying crime or in the case of multiple crimes, the totality of the crimes, are weighed heavily and are significant unfavorable factors in evaluating public safety concerns, regardless of the disposition of the crime(s).

- For example, an individual with multiple arrests with no convictions could pose significant public safety concerns.
- Similarly, an individual arrested for multiple assaults or other violent crimes could be deemed a public safety risk.

 U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

**150**

App. 0556

Best Reproducible Copy Available

# Determining When a Case Requires BCU Handling

## For Cases Indicating Criminal Issues

When the requestor answered "No" to criminality questions on the I-821D:



FOUO – Law Enforcement Sensitive