# Processing Decisions – Approvals

After a decision to approve an initial I-821D, the Service Center must follow the steps below to process an approval for a DACA request.

| Step | Action |
|------|--------|
| 1 | Perform TECS checks. |
| 2 | Place your approval stamp and signature in the "Action Block" of the I-821D and note the validity dates directly under the approval stamp. |
| 3 | Access "Adjudicate A Case" and wand in the receipt number of the Form I-821D. |
| 4 | From the I-821D (I-821, with "3" in Part 2) screen:<br>• Press [F10] and select "Approve the Case".<br>• Then select "Approve - Order Notice" to access the approval screen. |
| 5 | Select the appropriate approval phrase. |
| 6 | Complete the following fields:<br>• The valid from date is the date of approval.<br>• The valid to date is 2 years from date of approval.<br>• Send to Clerical – **always** change the "Y" to an "N". |
| 7 | Press [F4] to save. You will be asked if you want to change case status. Select "Yes". |
| 8 | Press [ESC] until you are asked to exit. |
| 9 | Put in ROP order and place a pink coversheet on the left-hand side of the file. |



U.S. Citizenship
and Immigration
Services

**196**

**FOUO – Law Enforcement Sensitive**

# Processing Decisions – Denials

- A denial template has been created for DACA and is included in the DACA SOP. This DACA denial template will be loaded to all centers' common drive/correspondence generator. Use of this denial template is mandatory. Individualized, locally created denials shall not be used. When an officer encounters an issue for which there is no check box on the denial template, the officer must work through his/her supervisor to identify the issue for SCOPS so that the template can be amended.


U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

197

# DACA Denial Template

**Appendix F**

U.S. Citizenship and Immigration Services

## NOTICE OF DENIAL OF CONSIDERATION OF DEFERRED ACTION FOR CHILDHOOD ARRIVALS, FORM I-821D

USCIS has reviewed your Form I-821D, Consideration of Deferred Action for Childhood Arrivals. For the reason(s) indicated below, USCIS has, in its unreviewable discretion, determined that it will not defer action in your matter. Accordingly, your Form I-765, Application for Employment Authorization, has also been denied. Deferred action is a discretionary determination to defer removal action of an individual as an act of prosecutorial discretion. You may not file an appeal or motion to reopen/reconsider this decision.

☐ You are under age 15 and are not in removal proceedings, do not have a final removal order, and do not have a voluntary departure order.

☐ You have failed to establish that you came to the United States under the age of sixteen (16).

☐ You have failed to establish that you were under age 31 as June 15, 2012.

☐ You have failed to establish that you have continuously resided in the United States since June 15, 2007, until the date of filing your request.

☐ During your period of residence in the United States, you had one or more absences that did not qualify as "brief, casual, and innocent."

☐ You have failed to establish that you were present in the United States on June 15, 2012 and that you were unlawfully present in the United States on that date.

☐ You have failed to establish that you are currently in school, have graduated or obtained a certificate of completion from high school, have obtained a general education development (GED) certificate, or that you are an honorably discharged veteran of the Coast Guard or Armed Forces of the United States.

☐ You have been convicted of a felony or a significant misdemeanor, or you have been convicted of three or more misdemeanors, or you otherwise do not warrant a favorable exercise of prosecutorial discretion because of national security or public safety concerns.

☐ You have failed to pay the fee for your concurrently filed Application for Employment Authorization, Form I-765, and/or your biometrics fee, because your payment has been rejected for insufficient funds and you have failed to correct the deficiency within the allotted time.

☐ You failed to appear for the collection of biometrics at an Application Support Center.

☐ You failed to respond to a Request for Evidence within the time prescribed.

# Processing Decisions – Denials (Continued)

## Supervisory Review on Denials

Officer <u>must</u> obtain supervisory review before entering the final determination if the denial is based upon:

1. Conviction as an adult for crime committed as a minor;

2. Convicted of a "significant misdemeanor";

3. No criminal convictions, but there are credible reasons to believe the requestor poses a threat to national security or public safety. In these instances the officer should refer the proposed denial for supervisory review after CARRP vetting has been completed;

4. Departures during the CR period do not seem to be "brief, casual, and innocent";

5. Respondent is not "currently in school," but claims that he/she meets the guidelines based on enrollment in a non-academic or vocational class, or

6. The CFDO has issued a statement of findings with confirmed fraud.



U.S. Citizenship
and Immigration
Services

**199**

**FOUO – Law Enforcement Sensitive**

# Processing Decisions – Denials (Continued)

When the denial falls under one of the categories that requires supervisory review, ensure that concurrence has been obtained before processing the DACA request for denial.

| Step | Action |
|------|--------|
| 1 | Perform TECS checks. |
| 2 | Access "Adjudicate a Case" and wand in the barcode on the I-821D |
| 3 | Press [F10]. |
| 4 | Select:<br>• "Deny the Case".<br>• "Order Denial Notice".<br>• "Yes" to the prompt, "Change Case Status?" |
| 5 | Remove the Supervisor Hold:<br>• Press [ALT] + [F8] at the same time.<br>• Enter User ID and Password.<br>• Press [F4].<br>• Select "Confirm Action". |
| 6 | Press [ESC] until you are asked to exit. |
| 7 | Place your denial stamp and signature in the "Action Block" of the I-821.<br>**NOTE:** The date on the denial stamp should be the date of adjudication. |
| 8 | Prepare and send the denial. |
| 9 | Put in ROP order and place a pink coversheet on the left-hand side of the file over |

U.S. Citizenship
and Immigration
Services

-765 for denial.  See Chapter 12.

**202**

**FOUO – Law Enforcement Sensitive**

# Processing Decisions - Abandonment Denials

Abandonment denials are initiated on Form I-821D in the following instances:

- Failure to respond to an RFE or NOID;
- Failure to appear at an ASC for biometrics collection within the specified time frame.

Process the I-821D abandonment denial only after <u>all</u> A-files are retrieved.

| Step | Action |
|------|--------|
| 1 | Ensure that no other addresses exist:<br>1. Review the file for any correspondence received,<br>2. Review the returned envelope for any changes from the post office,<br>3. Check C3, National Claims, and AR11 for an alternate address or an address change, and<br>4. Check the systems to see if a more recent DACA request was submitted with updated address.<br>5. Check Forms I-821D and I-765 to ensure that there is no different address provided between the two forms. |
| 2 | Perform TECS checks. |
| 3 | Access "Adjudicate a Case". |
| 4 | Press [F10]. |
| 5 | Select:<br>• Deny the Case.<br>• Order "Abandonment Denial Notice", if denial paragraph information pops up, press "ESC" once. |

U.S. Citizenship and Immigration Services ... pt "Change Case Status?"

**203**

**FOUO – Law Enforcement Sensitive**

*continued . . .*

App. 0598

# Processing Decisions - Abandonment Denials (Continued)

| Step | Action |
|------|--------|
| 6 | Remove the Supervisory Hold at the main screen:<br>• Press [ALT] + [F8] at the same time.<br>• Enter User ID and password.<br>• Press [F4].<br>• Select "Confirm Action". |
| 7 | Press [ESC] until you are asked to exit. |
| 8 | Place your denial stamp and signature in the "Action Block" of the I-821D.<br>**NOTE:** The date on the denial stamp should be the date of adjudication. |
| 9 | Prepare and send the denial. |
| 10 | Put in ROP order and place a pink coversheet on the left-hand side of the file over the denial letter. |
| 11 | Process the Form I-765 for denial. See Chapter 12. |



U.S. Citizenship
and Immigration
Services

**FOUO – Law Enforcement Sensitive**

# Processing Decisions - Abandonment Denials (Continued)

- <u>NOTE</u>:  If the RFE/NOID was not stamped as a "No Response," the officer should write it on the document.  A "No Response" will ALWAYS remain on top of the request for proper ROP and the officer will place the denial/withdrawal letter on top of the "No Response."

<u>When notices are returned as undeliverable, the officer should</u>:

- Review the file and systems for any change of address

- Check both Form I-821D and the I-765 to ensure that there is no difference between the provided addresses.

When an RFE, NOID, or NOIT is returned to the Service Center as undeliverable, the officer should update C3, follow all procedures above to locate a new address. If a new address if found,  re-mail the RFE, NOID, or NOIT.



U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

**205**

# Post Denial Process - NTA

After a DACA denial, take the following post-denial processing steps to
determine if an NTA or other further action is required.

1.  Review the grounds for denial.

2.  If the denial grounds <u>do not</u> involve criminal, national security, or public safety
    issues, hold the A-file for 45 days and then forward to the NRC if a request to
    review is not received through SRMT.

3.  If the denial <u>involves</u> criminal, national security, or public safety issues, refer to
    the November 7, 2011 NTA memo.  Confirmed fraud denials also warrant NTA
    issuance.

4.  The NTA unit will determine whether NTA issuance is appropriate under the
    NTA memo referenced above.



U.S. Citizenship
and Immigration
Services

**FOUO – Law Enforcement Sensitive**

**207**

**App. 0601**

208

# Exercise

## Question:

When is supervisory review required before issuing a denial?



U.S. Citizenship and Immigration Services

FOUO – Law Enforcement Sensitive

Best Reproducible Copy Available

# Returned Mail

If a DACA denial is returned to the Service Center as undeliverable, follow all procedures above to locate a new address and re-mail the denial.

| If there is no new address and the 45 days... | Then... |
|---|---|
| have NOT passed, | hold the |
| have passed, | Send to the NRC if no further communication is received |



U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

209

# Returned Mail (Continued)

<u>If mail is returned as undeliverable and no other address is found:</u>

- If the response time indicated has <u>not</u> yet passed, the file should be placed on hold in accordance with local procedures for the remainder of the response time.

| If there is no other address found and the response time has passed on the ... | Then ... |
|---|---|
| RFE | Deny as an abandonment case |
| NOID (with NO criminal context) | Deny for cause. |
| Notice of Terminate | Terminate DACA. |



U.S. Citizenship and Immigration Services

FOUO – Law Enforcement Sensitive

210

# XII. Responding to Requests to Review Certain Denials



U.S. Citizenship
and Immigration
Services

**FOUO – Law Enforcement Sensitive**

# Module Objectives

The objective of this section is to provide a basic understanding of:
- The denial grounds which may be reviewed through the SRMT process; and,
- Responding to a request for review.



U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

212

# Requests for Review

- DACA requestors cannot file a Motion to Reopen or Reconsider and cannot appeal denial of their Form I-821D. However, DACA requestors may request review of certain denials using the Service Request Management Tool (SRMT) process if there is a claim that the denial was incorrect or the denial is based on administrative error.   The denial grounds that may be reviewed through the SRMT process include:
    - The requestor did not come to the United States prior to reaching his/her 16th birthday;
    - The requestor was under the age of 15 at the time of filing, but not in removal proceedings;
    - The requestor was not under the age of 31 on June 15, 2012;
    - The requestor was not in an unlawful immigration status as of June 15, 2012;
    - The requestor was not physically present in the United States on June 15, 2012;
    - The requestor did not appear to have biometrics collected at a USCIS ASC;
    - The requestor did not request to have his/her biometrics appointment at a USCIS ASC rescheduled prior to the scheduled date;
    - The requestor failed to pay the filing and biometric fees for the Form I-765; and
    - The requestor failed to respond to an RFE (including claims the USCIS possibly mailed the RFE to the incorrect address).



U.S. Citizenship and Immigration Services

**213**

**FOUO – Law Enforcement Sensitive**

**App. 0607**

# Responding to Requests to Review

- Standard responses, to include some interim responses, have been developed to inform the requestor that his/her denial has been reopened on a service motion and that the denial is correct or incorrect.

- In addition, Special History Action Codes (HAC), which have been developed in order to track the requests for review, are to be used when responding to a request to review.  See Chapter 13 of the DACA SOP for a list of these codes and their appropriate use.


U.S. Citizenship
and Immigration
Services

**FOUO – Law Enforcement Sensitive**

**214**

App. 0608

# XIII. DACA Termination



FOUO – Law Enforcement Sensitive

U.S. Citizenship
and Immigration
Services

# Module Objectives

The objective of this section is to provide a basic understanding of:

- What termination is;

- When it is appropriate to terminate; and,

- The process for termination.



U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

216

App. 0610

# DACA Termination - General Ineligibility

## If removal under DACA was improperly deferred

- Reopen the case on Service Motion and issue a Notice of Intent to Terminate (NOIT).

- The DACA requestor has 33 days to respond to the NOIT and provide a brief or statement contesting the grounds cited in the intent to terminate.

- If the adverse grounds are not overcome, or no response is received to the NOIT, the officer should prepare a termination letter and seek supervisory review of the draft termination letter prior to issuance.

- Adjudicating officers must ensure C3 is updated using the newly created HACs.

 U.S. Citizenship and Immigration Services

FOUO – Law Enforcement Sensitive

217

App. 0611

## DACA Termination – Fraud or Misrepresentation

- If an officer subsequently learns that a DACA requestor committed fraud related to seeking the DACA request, the officer should reopen the case on Service Motion and issue a NOIT indicating the fraud/misrepresentation.

- The decision to issue a NOIT based on fraud should be supported by a fully documented Statement of Findings (SOF) and any other relevant documents/information.

- The requestor is allowed 33 days to respond to the NOIT.

- If the adverse grounds are not overcome, or no response is received to the NOIT, the officer should prepare a termination letter and seek supervisory review of the draft termination letter prior to issuance.

- The terminated DACA case must be recorded in FDNS-DS.

- Adjudicating officers must ensure C3 is updated using the newly created HACs.



**FOUO – Law Enforcement Sensitive**

218

App. 0612

# DACA Termination – Criminal, NS, or Public Safety Issues

- If disqualifying criminal offenses or public safety concerns, which are deemed to be EPS, arise after removal has been deferred under DACA, the officer should forward the case to the BCU DACA Team who in turn, will refer the case to ICE and follow the handling procedures outlined in the November 7, 2011 NTA memorandum for EPS cases.

- If ICE does not accept the case or if the disqualifying criminal offense is non-EPS per the November 7, 2011 NTA memorandum, the BCU DACA Team will process the case for termination and forward the individual's name to ERO.

- If national security concerns arise after removal has been deferred under DACA, the case should go through the CARRP process, per established CARRP protocols .



**U.S. Citizenship and Immigration Services**

**FOUO – Law Enforcement Sensitive**

219

# XIV. Employment Authorization Request



FOUO – Law Enforcement Sensitive

# Module Objectives

The objective of this section is to provide a basic understanding of:

- The legal authority for employment authorization based on deferral of removal under DACA;
- The forms required for an employment authorization request under DACA;
- How an individual might show economic necessity; and
- Requests for replacement EADs.



U.S. Citizenship and Immigration Services

221

**FOUO – Law Enforcement Sensitive**

App. 0615

# Employment Authorization under DACA

- The Secretary's memorandum provides that individuals whose removal has been deferred under DACA may receive employment authorization.

- The eligibility category for employment authorization based on a grant of deferred action is 8 CFR 274.12(c)(14) and requires a showing of economic necessity.

- To identify DACA-related EADs, the (c)(33) code will be used.

  - DACA requestors have been instructed to note the (c)(33) code on their Form I-765.

- The EAD is predicated on deferred action under DACA.  Therefore, the 90-day EAD clock on the Form I-765 begins after Form I-821D is approved.


U.S. Citizenship and Immigration Services

**222**

**FOUO – Law Enforcement Sensitive**

# Employment Authorization Under DACA (Continued)

Forms I-821D and I-765, with Form I-765WS must be concurrently filed.

The new Form I-765WS is a worksheet designed to captures the information about the requestor's income, expenses, and assets needed for the economic necessity determination.

- To streamline the adjudication of the employment authorization application, the I-765WS should have been reviewed while adjudicating the Form I-821D.
- To assist officers, at intake, the Lockbox will place the I-765WS in ROP order behind the Form I-821D.

Form I-765 cannot be approved unless Form I-821D has been approved.



U.S. Citizenship
and Immigration
Services

FOUO – Law Enforcement Sensitive

223

# Processing

While it is contemplated that the same officer will routinely adjudicate both Forms I-821D and I-765, when that is not the case and you are adjudicating only Form I-765, review C3 to ensure that there is no outstanding RFE and that Form I-821D has been approved.

- The RFE would have been issued on Form I-765 during the adjudication of Form I-821D.

- The RFE on Form I-765 does not preclude adjudication of, and should not routinely delay Form I-821D.


U.S. Citizenship and Immigration Services

**224**

FOUO – Law Enforcement Sensitive

App. 0618

# Showing Economic Necessity

- An EAD based on deferred removal under DACA requires a showing of economic necessity.

- If Form I-765WS has been completed, review the information provided regarding current income, assets, and expenses to determine whether economic necessity has been established. The requestor may, but need not, include supporting documents with Form I-765WS.

- There is a general presumption that DACA requestors will need to work given their undocumented circumstances and the fact that they are not generally anticipated to have independent means. Absent evidence of sufficient independent financial resources, the Form I-765WS is sufficient to establish economic need, without any further economic analysis.


U.S. Citizenship and Immigration Services

**225**

FOUO – Law Enforcement Sensitive

App. 0619

# Showing Economic Necessity (Continued)

## If I-765WS is Incomplete or Not Presented

- If the Form I-765WS is blank or the form is missing, an officer must issue an RFE on the I-765 (not the Form I-821D).

  - EXCEPTION: There is a very limited fee exemption available. If the DACA requestor has been granted a fee exemption, which will display as a fee waiver in C3, **_DO NOT_** RFE for the completed I-765WS.

- If an officer issues an RFE on the I-765, he/she should proceed with adjudication of the I-821D.

- When the response to the I-765 RFE is received and the I-765 is approved, the expiration date of the EAD should be for 2 years or the end date of the deferred removal under DACA, whichever is earlier.

- If the requestor does not respond to the I-765 RFE, the I-765 should be denied for abandonment.



U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

**226**

# The (c)(33) EAD

If removal is deferred under DACA, action can be taken on the Form I-765. If the Form I-765 is approved, a (c)(33) EAD will be issued with a 2 year validity from the date of the approval, or to the end of the deferred removal under DACA, whichever is earlier.



U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

**227**

# Replacement EADs

**Evidence Required**:

- Biometrics from the applicant's most recent ASC visit.

- Original signature.

- Current card issued with validity dates that have NOT expired (unless the individual is requesting to replace a lost/stolen EAD).

**Validity Dates**: When issuing a replacement card, the validity period should mirror the dates authorized under the previous card.

**Biometrics**: Upon receipt, the contractor will clone from biometrics from the applicant's most recent ASC visit.

<u>Note</u> – Reminder, NBC will process all stand-alone initial DACA EADs when the (c)(33) is based upon an ICE determination.



U.S. Citizenship and Immigration Services

**FOUO – Law Enforcement Sensitive**

**228**

App. 0622