# The DACA Request (Continued)

There is no derivative DACA.

- Requestors must file requests individually.

- Requestors must meet the DACA guidelines in their own right.

Form I-821D is a discrete form for DACA designed to address each guideline and should not be confused with Form I-821 used for TPS.

Some data elements that are not germane to DACA are not on the I-821D. For example:

▫ Inadmissibility; and

▫ Information about relatives.

17



U.S. Citizenship
and Immigration
Services

App. 0648

# The DACA Request (Continued)

- A new worksheet, Form I-765WS, has been created to capture the information needed to determine economic necessity for the EAD.

- Form I-765WS asks the requestor to provide basic information about his/her current income, annual expenses, and total value of assets.

18



U.S. Citizenship
and Immigration
Services

App. 0649

# III. Pertinent CLAIMS 3 Fields

U.S. Citizenship
and Immigration
Services

App. 0650

# Module Objective

The objective of this section is to show:

- Form I-821D category displayed in CLAIMS 3

20



U.S. Citizenship
and Immigration
Services

# How Form I-821D Will be Displayed in C3

For DACA requests, all pertinent fields will be populated in CLAIMS 3 (C3) into the Form I-821 screen, **but with a new category "3"** to show it is actually a DACA request, not TPS.

While Forms I-821 for TPS, and I-821D for DACA are very similar, when Form I-821 appears in CLAIMS with category "3" (to denote that it is actually an I-821D for DACA), only those fields pertaining to the DACA request will be active.

21



U.S. Citizenship
and Immigration
Services

App. 0652

# A View of Form I-821D in C3

Best Reproducible Copy Available



U.S. Citizenship
and Immigration
Services

22

# IV. DACA Guidelines



U.S. Citizenship
and Immigration
Services

App. 0654

# Module Objectives

The objective of this section is to provide a basic understanding of:

- The basic DACA guidelines.
- The discretionary nature of deferred action;
- Examples of evidence that a requestor may submit to show he/she meets the DACA guidelines

24



U.S. Citizenship
and Immigration
Services

# Basic DACA Guidelines

The requestor is to show, by a preponderance of the evidence, that he/she meets the guidelines for deferral of removal under DACA.

An individual meeting the following guidelines may be favorably considered for DACA if, under the totality of the circumstances, he/she:

- Was in unlawful status as of June 15, 2012;

- Is at least 15 years of age on the date of filing;
  - If in removal proceedings, can be under 15.

- Arrived in the United States prior to reaching his/her 16th birthday;

- Has continuously resided in the United States since June 15, 2007, up to the time the request for consideration of deferred action for childhood arrivals is submitted;

25



U.S. Citizenship
and Immigration
Services

# Basic DACA Guidelines (Continued)

▪ Was present in the United States on June 15, 2012;

▪ Is currently in school, graduated from high school, obtained a general educational certificate (GED), is currently enrolled in an accredited GED program, or is an honorably discharged veteran of the Coast Guard or U.S. Armed Forces;

▪ Was born after June 15, 1981 (i.e., was not age 31 or older on June 15, 2012);

▪ Has not been convicted of a felony offense, a significant misdemeanor offense, or three or more non-significant misdemeanor offenses; and

▪ Does not otherwise pose a threat to national security or public safety.



U.S. Citizenship
and Immigration
Services

26

# Applying the DACA Guidelines -- Identity

Each DACA requestor is to establish his/her identity

Examples of acceptable evidence include:

- Passport;
- Birth certificate, accompanied by some form of photo identification;
- National ID document from the requestor's country of origin bearing the requestor's photo and/or fingerprint;
  - Includes a Matricular consular document issued by the consulate or embassy in the United States.
- U.S. Government immigration or other document bearing the requestor's name and photo;
- School-issued ID with photo;
- Military ID with photo; or
- Any other relevant document.



U.S. Citizenship
and Immigration
Services

FOUO Law Enforcement Sensitive

27

# Applying the DACA Guidelines -- Age at Time of Filing

To establish age at the time of filing, the requestor can submit his/her birth certificate or other acceptable secondary evidence establishing date of birth.

- The requestor's date of birth will be on several documents, and possibly in our systems.

- Age is a fundamental guideline. Officers will work closely with their supervisor to reconcile discrepancies.

**Note**: SRMT requests for data changes, such as date of birth and name, should be routed to the file for review during adjudication.

28



U.S. Citizenship
and Immigration
Services

App. 0659

Applying the DACA Guidelines -- Age at Time of Filing (Continued)

## Requestors NOT in Removal Proceedings

- The DACA requestor is to be age 15 or older at the time of filing.

## Requestors IN Removal Proceedings

- A DACA requestor in removal proceedings may be under age 15 at the time of filing the DACA request.

- In removal proceedings includes:
  - Administratively closed cases;
  - Having an order of voluntary departure after proceedings were initiated (which can be an alternate order of VD/removal); or
  - A final removal order.

- The requestor should be noting this on the Form I-821D.

- The requestor should already have an A-file, with documents relating to the removal proceedings.

- Systems checks should also indicate that the requestor is in removal proceedings.



U.S. Citizenship
and Immigration
Services

29

App. 0660

## Applying the DACA Guidelines -- Age on June 15, 2012

To meet this guideline, the requestor must have been born on or after June 15, 1981.

The requestor can submit his/her birth certificate or other acceptable secondary evidence establishing his/her date of birth.

30



U.S. Citizenship
and Immigration
Services

# Applying the DACA Guidelines -- Unlawful Status as of June 15, 2012

Unlawful status means:

- Lawful immigration status expired as of June 15, 2012;

- The requestor EWI'd before June 15, 2012 and the requestor did not obtain any lawful status by that date ; or

- If paroled into the United States, the requestor's parole expired as of June 15, 2012 and the requestor did not obtain an extension or any other lawful status by that date.

Part 1 of Form I-821D asks for date of initial entry and status at entry.



U.S. Citizenship
and Immigration
Services

31

App. 0662

# Applying the DACA Guidelines -- Unlawful Status as of June 15, 2012 (Continued)

Examples of documents that may show the requestor's immigration status on June 15, 2012 include, but are not limited to the following:

- I-94/I-95/I-94W Arrival/Departure Record showing the date the requestor's authorized stay expired;

- If the requestor has a final order of exclusion, deportation, or removal issued on or before June 15, 2012, a copy of that order and related charging documents, if available;

- An INS or DHS charging document placing the requestor into deportation, exclusion, or removal proceedings;

- Any other document that is relevant to show that the requestor lacked lawful immigration status on June 15, 2012; or

- Any document relating to parole.



U.S. Citizenship
and Immigration
Services

32

# Applying the DACA Guidelines -- Arrived Before Age 16

The DACA requestor is to establish that he/she arrived in the United States before his/her 16th birthday.

▪ The response to Part 1, questions 13 through 17 of Form I-821D will provide the date of initial entry into the United States.

▪ The response to question 6 in Part 1 and the requestor's birth certificate or other acceptable evidence will establish the requestor's date of birth.

▪ The answers to these 2 questions on Form I-821D, combined with evidence of the requestor's date of birth, will establish this guideline.

33



U.S. Citizenship
and Immigration
Services

# Applying the DACA Guidelines -- Continuous Residence (CR)

The DACA requestor is to submit evidence that he/she has resided continuously in the United States since June 15, 2007, or earlier, and up to the present time.

- Present time means the date of filing the DACA request.

A DACA requestor can establish continuous residence even if he/she had a brief absence from the United States.

- The absence must be brief, casual, and innocent and have occurred before August 15, 2012.

- Travel occurring after August 15, 2012, will not be considered brief, casual, and innocent, unless removal has been deferred under DACA and advance parole has been granted.



U.S. Citizenship
and Immigration
Services

34

App. 0665

# Applying the DACA Guidelines -- CR (Continued)

Examples of evidence establishing that an absence was brief, casual, and innocent and therefore did not interrupt the requestor's continuous residence include, but are not limited to:

- Plane or other transportation tickets or itinerary showing the travel dates;

- Passport entries;

- Hotel receipts showing the dates the requestor was abroad;

- Evidence of the purpose of the travel (e.g., the requestor attended a wedding or funeral);

- Copy of any advance parole documents; or

- Any other relevant/probative evidence that could support a brief, casual, and innocent absence.

Note that a departure made while under an order of voluntary departure or deportation, exclusion, or removal is not brief, casual, and innocent.



U.S. Citizenship
and Immigration
Services

35

# Effect of Travel Outside the U.S. After 8/15/12

**Travel outside the United States after August 15, 2012 and before the DACA request is filed:**

▪ The departure interrupts CR; CR not met.

**Travel outside the United States while the DACA request is pending:**

▪ The requestor abandons the DACA request; deny for abandonment.

**Travel outside the United States after removal has been deferred, but without advance parole:**

▪ Deferred action under DACA is terminated automatically.



U.S. Citizenship
and Immigration
Services

36

# Applying the DACA Guidelines -- Present in the U.S. on 6/15/12

The DACA requestor is to establish that he/she was present in the United States on June 15, 2012.

 The responses to Part 1 regarding the date of entry, status at entry, and date the authorized stay expired, and the responses to the questions in Part 2 regarding all absences from the United States since June 15, 2007, together with the evidence submitted, will show whether this guideline is met.

37

U.S. Citizenship
and Immigration
Services