# EXHIBIT 31

# MEMORANDUM OF AGREEMENT

BETWEEN THE DEPARTMENT OF HOMELAND SECURITY,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES,
AND
**ARIZONA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE
DIVISION**

## STATE OR LOCAL GOVERNMENT AGENCY

## I. PARTIES.

The parties to this Memorandum of Agreement (MOA) are the Department of Homeland
Security, U.S. Citizenship and Immigration Services (DHS-USCIS), and the **Arizona
Department of Transportation, Motor Vehicle Division** (User Agency).

## II. AUTHORITY.

The authorities governing this MOA include, but are not limited to, the following:

Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub.
L. No. 104-193, 110 Stat. 2105, as amended.

Immigration Reform and Control Act of 1986, Pub. L. No. 99-603, 100 Stat.
3359, as amended.

Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L.
No. 104-208, 110 Stat. 3009, as amended.

Privacy Act, 5 U.S.C. § 552a, as amended.

The Inter-Governmental Cooperation Act, 31 U.S.C. § 1535, as amended.

Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, as amended.

Ariz. Rev. Stat. Ann § 28-3151, as amended.

Ariz. Rev. Stat. Ann § 28-3165, as amended.

Ariz. Rev. Stat. Ann § 28-3158, as amended.

Ariz. Rev. Stat. Ann § 28-3221, as amended.

Pursuant to the requirements of OMB Circular A-97, which establishes the
President's guidelines for implementing the Intergovernmental Cooperation Act, 31
U.S.C. Section 6501, et seq., as amended, the User Agency certifies that it cannot procure

1

the immigration status verification services requested pursuant to this MOA reasonably and expeditiously through ordinary business channels.

## III. PURPOSE.

The purpose of this MOA is to establish the terms and conditions governing the participation of the User Agency to provide the specified benefit in the DHS-USCIS Systematic Alien Verification for Entitlements (SAVE) Program for the purpose of verifying citizenship and immigration status information of non-citizen and naturalized or derived U.S. citizen applicants (applicant) applying for **Driver's Licenses, Commercial Driver's Licenses, Identification Licenses, and Instruction Permits** (benefits). The limited data will be provided to the User Agency by an:

    1) Initial response (initial verification) by SAVE to an on-line inquiry by the User Agency; and

    2) Additional verification procedures where applicable; or

    3) A response to a properly submitted Form G-845.

## IV. RESPONSIBILITIES.

### A. DHS-USCIS agrees to:

(1) Maintain and make available to the User Agency in limited part and manner determined by DHS-USCIS after consultation with the User Agency, an immigration and naturalized or derived citizenship status information verification system under the SAVE Program known as the Verification Information System (VIS), which can be found at http://www.dhs.gov/xinfoshare/publications/gc_1185458955781.shtm#10;

(2) Respond through VIS to properly submitted verification requests from the User Agency by providing the limited information noted in point (1) of **PURPOSE** immediately above;

(3) Process and respond to properly submitted additional verification requests submitted by the User Agency through VIS or on Form G-845. Response time may vary, depending on DHS-USCIS workload, resources available to process additional verification requests, and the applicant's specific circumstances;

(4) Provide to the User Agency operating instructions necessary to use VIS so that the User Agency can designate Users within the agency;

(5) Provide to the User Agency SAVE Program point of contact information for questions or problems regarding the User Agency's participation in SAVE;

2

Rev. Ver. 1/19/10

**App. 1006**

(6) Provide access to training and information regarding the laws, policies, and procedures that govern verifying, safeguarding, using, maintaining, and disclosing certain citizenship and immigration status information;

(7) Provide the User Agency access to Form G-845, and other forms and/or supplements as appropriate, which may be reproduced and/or computer generated without prior DHS-USCIS approval;

(8) Recover no more than its actual costs. The total estimated cost of the agreement is specified on the attached USCIS Anticipated Collections from Non-Federal Sources Addendum. The User Agency certifies that it has obligated at least the amount specified on the USCIS Anticipated Collections from Non-Federal Sources Addendum to pay for its SAVE usage. DHS-USCIS shall notify the User Agency's designated Point of Contact (POC) in writing when the amount paid plus what is owed for unpaid usage equals 80 percent of the estimated total costs. DHS-USCIS will not provide services that would result in the amount paid plus the amount owed for unpaid usage exceeding the amount specified on the USCIS Anticipated Collections from Non-Federal Sources Addendum. In this instance, DHS-USCIS will be excused from further performance of the work unless and until the User Agency's authorized official increases estimated total cost of this agreement by modification pursuant to provision VIII of this MOA;

(9) Submit invoices to the User Agency's payment office at the address specified on the USCIS Anticipated Collections from Non-Federal Sources Addendum, with a copy furnished to the POC. DHS-USCIS may submit invoices when the work is completed or as otherwise authorized. The High Level Identifier, tax identification number, and associated dollar amounts will be referenced on all invoices; and

(10) Promptly initiate year-end and closeout adjustments once final costs are known.

**B. User Agency agrees to:**

(1) <u>System Use</u>.

(a) Establish the identity of the applicants and require each applicant to present the applicant's immigration or naturalization documentation that contains the information (e.g., alien registration number) required by the SAVE Program;

(b) Physically examine the documentation presented by the applicant and determine whether the document(s) reasonably appear(s) to be genuine and to relate to the individual;

(c) Provide to the SAVE Program the information the SAVE Program requires to respond to User Agency requests for verification of immigration or naturalized or derived citizenship status information, including (1) information from the applicant's immigration or naturalization documentation for initial automated verification, (2) additional information obtained from the alien's immigration or naturalization documentation for

Rev. Ver. 1/19/10 **App. 1007**

automated additional verification, and (3) completed Forms G-845 and other documents and information required for manual additional verification. For manual only verification, ensure that Forms G-845 and other documents and information required for manual verification are provided;

(d) Ensure that, prior to using VIS, all Users performing verification procedures complete SAVE required training including: reading the SAVE Program Guide, taking the latest version of Web tutorial(s) and maintaining a working knowledge of requirements contained therein and in this MOA as updated;

(e) Ensure that User Agency representatives are provided with and maintain User Ids only while they have a need to perform verification procedures;

(f) Ensure all Users performing verification procedures comply with all requirements contained in the SAVE Program Guide, web-based tutorial, and this MOA, and updates to these requirements;

(g) Ensure that all Users performing verification procedures have contact information for the SAVE Program and SAVE Monitoring and Compliance;

(h) Ensure all Users perform any additional verification procedures the SAVE Program requires and/or the applicant requests after the User Agency initiates a request for verification;

(i) Use any information provided by DHS-USCIS under this MOA solely for the purpose of determining the eligibility of persons applying for the benefit issued by the User Agency and limit use of such information in accordance with this and all other provisions of this MOA;

(j) Comply with the requirements of the Federal Information Security Management Act (FISMA (PL-107-347), Title III, Section 301) and OMB guidance as applicable to electronic storage, transport of records between agencies, and the internal processing of records received by either agency under the terms of this MOA;

(k) Safeguard such information and access methods to ensure that it is not used for any other purpose than described in this MOA and protect its confidentiality; including ensuring that it is not disclosed to any unauthorized person(s) without the prior written consent of DHS-USCIS;[1]

(l) Comply with the Privacy Act, 5 U.S.C. Section 552a, and other applicable laws, regulations, and policies, including but not limited to all OMB and DHS privacy guidance, in conducting verification procedures pursuant to this MOA, and in

---

[1] Each applicant seeking access to information regarding himself/herself may do so by submitting a written signed request to DHS-USCIS. Instructions for submitting such requests may be found on the Freedom of Information/Privacy Act page of www.uscis.gov.

Rev. Ver. 1/19/10

**App. 1008**

safeguarding, maintaining, and disclosing any data provided or received pursuant to the MOA;

(m) Comply with federal laws prohibiting discrimination against applicants and discriminatory use of the SAVE Program based upon the national origin, color, race, gender, religion, or disability of the applicant;

(n) Provide all benefit-applicants who are denied benefits based solely or in part on the SAVE response with adequate written notice of the denial and the information necessary to contact DHS-USCIS (see attachment 1: Fact Sheet, which is subject to revision and reposting on the SAVE Website and Online Resources) so that such individual may correct their records in a timely manner, if necessary;

(o) Provide all benefit-applicants who are denied benefits based solely or in part on the SAVE response with the opportunity to use the User Agency's existing process to appeal the denial and to contact DHS-USCIS to correct their records prior to a final decision, if necessary; and

(p) Refrain from using SAVE, or assisting any person or entity, to comply with the employment eligibility verification requirements of section 274A of the Immigration and Nationality Act, 8 U.S.C. Section 1324a.

(2) <u>Monitoring and Compliance</u>.

(a) Provide the SAVE Program and SAVE Monitoring and Compliance with the current e-mail, U.S. Postal Service address, physical address, name and telephone number of the User Agency authorized representative for any notifications, questions or problems that may arise in connection with the User Agency's participation in SAVE and with notification of changes in the benefit offered by the User Agency;

(b) Notify the SAVE Program and SAVE Monitoring and Compliance immediately whenever there is reason to believe a violation of this MOA has occurred;

(c) Notify the SAVE Program and SAVE Monitoring and Compliance immediately whenever there is reason to believe an information breach has occurred as a result of User Agency action or inaction pursuant to Office of Management and Budget (OMB) Memorandum M-07-16, "Safeguarding Against and Responding to the Breach of Personally Identifiable Information";

(d) Allow SAVE Monitoring and Compliance to monitor and review all records and documents related to the use, abuse, misuse, fraudulent use or improper use of SAVE by the User Agency, including, but not limited to original applicant consent documents required by the Privacy Act, 5 U.S.C. Section 552a or other applicable authority;

(e) Allow SAVE Monitoring and Compliance to conduct desk audits and/or site visits to review User Agency's compliance with this MOA and all other SAVE-related policy,

5

procedures, guidance and law applicable to conducting verification and safeguarding, maintaining, and disclosing any data provided or received pursuant to this MOA;

(f) Allow SAVE Monitoring and Compliance to perform audits of User Agency's User Ids use and access, SAVE Training Records, SAVE financial records, SAVE biographical information, system profiles and usage patterns and other relevant data;

(g) Allow SAVE Monitoring and Compliance to interview any and all User Agency SAVE system users and any and all contact persons or other personnel within the User Agency regarding any and all questions or problems which may arise in connection with the User Agency's participation in SAVE;

(h) Allow SAVE Monitoring and Compliance to monitor system access and usage and to assist SAVE users as necessary to ensure compliance with the terms of this MOA and the SAVE Program requirements by its authorized agents or designees; and

(i) Take corrective measures in a timely manner to address all lawful requirements and recommendations on every written finding including but not limited to those of SAVE Monitoring and Compliance regarding waste, fraud, and abuse, and discrimination or any misuse of the system, non-compliance with the terms, conditions and safeguards of this MOA, SAVE Program procedures or other applicable law, regulation or policy.

(3) <u>Reimbursement</u>.

(a) Pay the transaction prices provided in the attached current standard billing rates, which along with methods of payment are subject to change upon prior written notification to the User Agency. Each year, the User Agency will obligate funds sufficient to reimburse DHS-USCIS under a current appropriation upon execution of the attached USCIS Anticipated Collections from Non-Federal Sources Addendum;

(b) Pay in full within 30 days of the invoice date. The User Agency will pay any applicable sales, use, excise, and like taxes, where required by law, that are stated on each invoice. Regardless of payment type, the User Agency will clearly indicate the High Level Identifier with remittance;

(c) If the User Agency pre-pays for its usage, it shall submit the entire committed amount before being allowed access to VIS; and

(d) Promptly discuss and resolve issues and questions with DHS-USCIS regarding payments. Delinquent payments shall be handled in accordance with the Debt Collection and Improvement Act of 1996, 31 U.S.C. Section 3701. Interest on all unpaid balances shall be charged at the rate of the current value of funds to the United States Treasury effective on the date of the invoice. The rate is the Treasury tax and loan rate. It is published annually or quarterly by the Secretary of the Treasury in the Federal Register and the Treasury Fiscal Requirements Manual Bulletins. Handling charges will accrue at monthly rates of $5.00 for each of the first two months of delinquency and $10.00 for

Rev. Ver. 1/19/10 **App. 1010**

each month thereafter.  In addition to interest and handling charges, if DHS-USCIS does not receive payment within 90 days of the invoice, 6 percent per annum additional interest will be assessed.  Charges will be computed from the date of the invoice and will accrue monthly with the applicable interest and handling charges.  In the case of any late payment, the amount received will be applied in this sequence: (1) to any accrued penalty and handling charges, (2) to any accrued interest, and (3) to outstanding principal. Failure to make timely payment may result in termination of services.

## V.  POINTS OF CONTACT.

USCIS SAVE Program MS 2620, U.S. Citizenship and Immigration Services, Department of Homeland Security, Washington, DC  20529-2620, (888) 464-4218, Attn: SAVE Operations. E-mail: SAVEregistration@dhs.gov.

USCIS SAVE Monitoring and Compliance MS 2640, U.S. Citizenship and Immigration Services, Department of Homeland Security, Washington, DC 20529-2640, (888) 464-4218.  E-mail: SAVE.monitoring@dhs.gov.

USER AGENCY- Virginia Goodall, 1801 W. Jefferson, Phoenix, AZ 85007, (602) 712-8978.  E-mail: vgoodall@azdot.gov.

## VI. OTHER PROVISIONS.

(A) <u>MOA Responsibilities</u>.  Only authorized employees, agents, or designees of DHS-USCIS and the User Agency will carry out the requirements of this MOA.  In carrying out these responsibilities, they will operate within the scope of applicable regulations, specifically delegated authorities, the program authorities and funding limitations and terms and conditions of this MOA.

(B) <u>Determining Benefit Eligibility</u>.  This MOA is limited to the provision of verification services.  DHS-USCIS will verify limited citizenship and immigration status information, but will not recommend to the User Agency whether to issue the benefit.  The DHS-USCIS response is not intended to be, and should not be construed as, an opinion on the part of DHS-USCIS or the United States regarding any right or benefit under any program administered by the User Agency.  The User Agency has the responsibility to determine the applicant's eligibility for the benefit.

(C) <u>Criminal Penalties</u>.

(1) DHS-USCIS reserves the right to use information from the User Agency for any purpose permitted by law, including, but not limited to, the prosecution of violations of Federal administrative or criminal law.

(2) The User Agency acknowledges that the information it receives from DHS-USCIS is governed by the Privacy Act, 5 U.S.C. Section 552a(i)(1), and that any person who

Rev. Ver. 1/19/10  **App. 1011**

obtains this information under false pretenses or uses it for any purpose other than as provided for in this MOA may be subject to criminal penalties.

(D) <u>Third Party Liability.</u>

(1) Each party to this MOA shall be solely responsible for its own defense against any claim or action by third parties arising out of or related to the execution and/or performance of this MOA, whether civil or criminal, and retain responsibility for the payment of any corresponding liability.

(2) Nothing in this MOA is intended, or should be construed, to create any right or benefit, substantive or procedural, enforceable at law by any third party against the United States, its agencies, officers, or employees or the User Agency.

(E) <u>Disputes.</u> Disagreements on the interpretation of the provisions of this MOA that cannot be resolved between the DHS-USCIS program office and the User Agency point of contact should be provided in writing to the authorized officials at both agencies for resolution. If settlement cannot be reached at this level, the disagreement will be elevated to the next level in accordance with DHS-USCIS procedures for final resolution.

(F) <u>Conflicts.</u> This MOA, its attachments and addenda constitute the full MOA on this subject between DHS-USCIS and the User Agency. Any inconsistency or conflict between or among the provisions of this MOA, will be resolved in the following order of precedence: (1) this MOA and (2) other documents incorporated by reference in this MOA, i.e., the USCIS Anticipated Collections from Non-Federal Sources Addendum, and standard billing rates.

(G) <u>Severability.</u> Nothing in this MOA is intended to conflict with current law or regulation or the directives of DHS, DHS-USCIS, or the User Agency. If a term of this MOA is inconsistent with such authority, then that term shall be invalid but, to the extent allowable, the remaining terms and conditions of this MOA shall remain in full force and effect. In the event of a conflict that prevents either party from fulfilling its obligations, this MOA may be immediately canceled without providing the 30 day notice period referenced in Section IX.

(H) <u>Assignment.</u> The User Agency may not assign this MOA, nor may it assign any of its rights or obligations under this MOA. To the extent allowable by law, this MOA shall inure to the benefit of, and be binding upon, any successors to DHS-USCIS and the User Agency without restriction.

(I) <u>Waiver.</u> No waiver by either party of any breach of any provision of this MOA shall constitute a waiver of any other breach. Failure of either party to enforce at any time, or from time to time, any provision of this MOA shall not be construed to be a waiver thereof.

Rev. Ver. 1/19/10

**App. 1012**

## VII. EFFECTIVE DATE.

This MOA shall be effective when the DHS-USCIS authorized official and User Agency authorized official have both signed the MOA. This MOA shall continue in effect unless modified or terminated in accordance with the provisions of this MOA.

## VIII. MODIFICATION.

(A) This MOA is subject to periodic review by DHS-USCIS, its authorized agents or designees, and, if necessary, periodic modification and/or renewal to assure compliance with current law, policy, and standard operating procedure(s). This MOA and the attached USCIS Anticipated Collections from Non-Federal Sources Addendum constitute the complete MOA between the parties for its stated purpose, and no modification or addition will be valid unless entered into by mutual consent of both parties evidenced in writing and signed by both parties and appended to this agreement; and

(B) The User Agency may accomplish a unilateral administrative modification to add funds to the MOA, and either party may accomplish a unilateral administrative modification to change POC information. A written bilateral modification (i.e., agreed to and signed by authorized officials of both parties) is required to change any other term of this MOA.

## IX. TERMINATION.

Either party may terminate this MOA at any time by providing 30 days written notice of intent. DHS-USCIS, when feasible, will consult with the User Agency and attempt to reconcile issues before terminating this MOA. Notwithstanding any other provision in the MOA, DHS-USCIS may suspend or terminate this MOA without prior notice if deemed necessary because of a requirement of law or policy, upon a determination by DHS-USCIS that there has been a breach of system integrity or security by the User Agency or a failure by the User Agency to comply with established procedures or legal requirements, including but not limited to failure to pay.

Written notices shall be sent to the addresses of the POCs listed herein and shall be effective upon receipt. Either party may change its POC by written notice to the other party.

The foregoing, in conjunction with the referenced and incorporated attachments, constitutes the full agreement on this subject between DHS-USCIS and the User Agency. This MOA supersedes all previous agreements governing the provision of verification services. Those agreements are explicitly acknowledged to be null and void.

Rev. Ver. 1/19/10

**App. 1013**

The undersigned represent that they are authorized to enter into this MOA on behalf of DHS-USCIS and the User Agency, respectively.

**John E. Roessler**
**Chief, SAVE Program**
**U.S. Citizenship and Immigration Services**
**Department of Homeland Security**

Charles Saillant
MVD Operations Director
Motor Vehicle Division
Arizona Dept of Transportation

**Date**

8/19/2011
8/4/2011

10

 **Anticipated Collections Addendum from Non-Federal Sources**

Please provide the information requested in the table below. This information will be used to complete your Memorandum of Agreement (MOA). See Page 2 for additional instructions and an explanation of terms.

| 1. Agency Information | |
|---|---|
| Agency Name: | Arizona Department of Transportation |
| Tax Identification Number (TIN): | 08-66004791 |
| Data Universal Numbering System (DUNS) or Business Partner Network (BPN) Number: | 155981632 |
| **2. Billing (Accounts Payable) Point of Contact (POC) Information** | |
| Name: | Edgardo Dayao |
| Phone Number (xxx-xxx-xxxx): | 602-712-4163 |
| Fax Number (xxx-xxx-xxxx): | 602-712-3195 |
| E-mail Address: | EDayao@azdot.gov |
| Address: | 1801 W. Jefferson |
| Address (2nd line): | Room 509M |
| City, State, Zip Code: | Phoenix, AZ 85007 |
| **3. Customer Payment and Budgeting Information** | |
| Purchase Commitment Number: | PD FG1511 |
| Payment Method: | Check |
| Amount Obligated (Budgeted): | 400.00 |
| Funds Expiration Date: | 06/30/15 |
| **4. Program POC** | |
| Name: | Charles Saillant |
| Phone Number (xxx-xxx-xxxx): | 602-712-4163 |
| E-mail Address: | CSaillant@azdot.gov |

This addendum will commence as soon as all signatures are obtained in accordance with the Memorandum of Agreement. Both parties must agree to any amendments prior to their implementation in accordance with the Memorandum of Agreement.

_Charles L. Saillant_
_____
Charles L. Saillant
ADOT Motor Vehicle Division

5-19-14
_____
Date

_____
Alissar Rahi
Chief, SAVE Program, DHS USCIS

_____
Date

*Internal SAVE Use ONLY*
Agency High Level Identifier:

Rev. Ver. 6/2012

App. 1015

**MEMORANDUM OF UNDERSTANDING**
Between the
United States Department of Homeland Security,
U.S. Citizenship and Immigration Services
and
*USER AGENCY*

## I.     PARTIES

This Memorandum of Understanding (MOU) constitutes an agreement between the United States Department of Homeland Security, U.S. Citizenship and Immigration Services (DHS-USCIS) and the _____ (User Agency).

## II.     PURPOSE

**A.**  This MOU allows and governs the participation of the User Agency in the DHS-USCIS Systematic Alien Verification for Entitlements (SAVE) program for the purpose of verifying immigration status and information of non-citizens and certain U.S. citizen applicants for *[Benefit]*.   The limited data provided to the User Agency will include (1) an initial response (initial verification) by SAVE to an online inquiry by the User Agency and (2) additional verification procedures where applicable. Initial verification and the additional verification procedures will provide the User Agency limited access to information contained in the Verification Information System (VIS) database to verify the alien registration number (A-number), arrival/departure record (I-94), and other citizenship and immigration status data of applicants for *[Benefit]*.

**B.**  This MOU describes the responsibilities of DHS-USCIS and the User Agency for verifying immigration and certain citizenship status information and properly safeguarding, using, maintaining, and disclosing data transferred pursuant to the SAVE procedures set forth in this MOU and other SAVE program policy directives. The responsibilities of the Authorized employees and/or contractor personnel of DHS-USCIS and the User Agency will carry out the requirements of the MOU.

**C.**  The User Agency certifies that it cannot procure the immigration status verification services requested pursuant to this MOU reasonably and expeditiously through ordinary business channels.

## III.     LEGAL AUTHORITIES

The authorities provided for in this MOU include, but are not limited to, the following:

App. 1016

Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. No. 104-193, 100 Stat. 2105

Immigration Reform and Control Act of 1986, Pub. L. 99-603, 100 Stat 3359

Homeland Security Act of 2002, Title II-Information Analysis and Infrastructure Protection

Privacy Act, 5 U.S.C. section 552a

Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, as amended.  *DMVs.*

**User Agency Authorities**

IV.   **IMPLEMENTATION**

A.   **DHS-USCIS agrees to:**

1.   Maintain and make available to the User Agency in limited part and manner determined by DHS-USCIS after consultation with the User Agency, an immigration and certain citizenship status information verification system under the SAVE Program known as the Verification Information System (VIS), as described at 72 Federal Register 17569 (April 9, 2007);

2.   Respond through VIS to inquiries from the User Agency by verifying the current immigration status of each alien applicant to the User Agency, as available;

3.   Provide to the User Agency operating instructions necessary to use VIS, a sufficient number of verification User IDs to assure the effective implementation of the verification procedures, and instructions for obtaining necessary system access codes;

4.   Provide the User Agency with the names, addresses, and telephone numbers of contact persons within the SAVE Program and its contractor who can be contacted regarding any questions or problems which arise in connection with the User Agency's participation in SAVE;

5.   Process and respond to additional verification requests submitted by the User Agency through VIS or on Form G-845 (Document Verification Request). Response time may vary, depending on DHS-USCIS workload, resources available to process additional verification requests, and the applicant's specific circumstances;

6.   Provide the User Agency a copy of Form G-845, which may be reproduced and/or computer-generated without prior DHS-USCIS approval; and

App. 1017

7.   Provide to the User Agency training and information regarding initial and additional verification, relevant DHS-USCIS policy, safeguards regarding data, and DHS-USCIS administration of status verification.

**B.      The User Agency agrees to:**

1.   Provide to the SAVE Program available information necessary to verify alien applicants' immigration status, including (a) the alien registration number for initial verification, (b) additional information obtained from the alien's immigration documentation for automated additional verification, and (c) completed Forms G-845, copies of documents, and other information required for manual additional verification;

2.  Provide the SAVE Program with the names, addresses, and telephone numbers of contact persons within the User Agency regarding any questions or problems which may arise in connection with the User Agency's participation in SAVE;

3.   Pay any and all required fees for the provision of access to the SAVE database as set forth in section VII of this MOU;

4.   Address and resolve all lawful requirements and recommendations regarding each and every finding of waste, fraud, abuse, or any misuse of the system, including but not limited to non-compliance with this MOU, SAVE Program procedures, or any applicable law, regulation, or policy;

5.   Respond to all findings made by the DHS-USCIS Monitoring and Compliance Branch and take corrective measures as necessary to comply with all lawful requirements and recommendations;

6.   Notify the SAVE Program immediately whenever there is probable cause to believe a violation of this MOU has occurred;

7.   Notify the SAVE Program immediately whenever there is probable cause to believe an information breach has occurred as a result of User Agency action or inaction pursuant to the Office of Management and Budget (OMB) Memorandum M-07-16;

8.  Become familiar with and comply with the SAVE User Manual & System Tutorials; and

App. 1018

9.  Ensure each agency representative performing verification procedures completes the SAVE Web-Based Tutorial.

**V.      SAFEGUARDS REGARDING THE USE AND DISCLOSURE OF DATA**

**A.**   Participation of the User Agency in SAVE shall be conducted so as to verify immigration status without regard to the sex, color, race, religion, or nationality of the alien involved.  DHS-USCIS and the User Agency shall comply with the Privacy Act, 5 U.S.C. Section 552a, and other applicable laws, regulations, and policies, including but not limited to all OMB privacy guidance, in conducting verification procedures pursuant to this MOU, and in the safeguarding, maintaining, and disclosing of any data provided or received pursuant to the MOU.

**B.**   The User Agency agrees that any information provided by DHS-USCIS under this MOU may only be used for the purpose of determining the eligibility of persons applying for <u>Benefit</u>.   The User Agency also agrees to limit its use of such information in accordance with this and all other provisions of this MOU.

**C.**   The User Agency shall not disclose any information provided by DHS-USCIS under this MOU to any other person or entity without the prior written consent of DHS-USCIS. Each applicant seeking access to information regarding himself/herself may do so by submitting a written request to DHS-USCIS.   The User Agency fully understands that this MOU does not permit it to use SAVE for the purpose of complying, or assisting any person or entity to comply, with the employment eligibility verification requirements of section 274A of the Immigration and Nationality Act, 8 U.S.C. section 1324a.

**D.**   DHS-USCIS reserves the right to use information received by it from the User Agency for any purpose permitted by law, including the prosecution of violations of Federal criminal law.

**E.**   DHS-USCIS will verify the immigration status of alien applicants pursuant to this MOU, but will make no recommendation to the User Agency whether to issue *{Benefit}*. The User Agency has the sole responsibility to determine the applicant's eligibility for *{Benefit}*.

**F.**   The User Agency and DHS-USCIS agree to comply with the requirements of the Federal Information Security Management Act (FISMA (PL-107-347), Title III, Section 301) and applicable OMB guidance as applicable to electronic storage, transport of records between agencies, and the internal processing of records received by either agency under the terms of this Agreement. The User Agency and DHS-USCIS reserve any right that it may have to conduct onsite inspections to monitor compliance with FISMA during the lifetime of this agreement and any extension thereof.

## VI.     MONITORING AND COMPLIANCE

The User Agency agrees to allow DHS-USCIS, authorized agents of DHS-USCIS, and other DHS-USCIS designees to:

**A.** Monitor records and documents related to the use or improper use by the User Agency;

**B.** Conduct compliance inspections and review User Agency's SAVE-related policies, procedures, guidance, records, and associated documents, including, if appropriate, applicant consent forms relating to the Privacy Act, 5 U.S.C. section 552a, and other applicable law in conducting verification procedures pursuant to this MOU, and in the safeguarding, maintaining, and disclosing of any data provided or received pursuant to this MOU;

**C.** Interview any and all User Agency system users and any and all contact persons within the User Agency regarding any and all questions or problems which may arise in connection with the User Agency's participation in SAVE;

**D.** Perform audits of agency User IDs, SAVE Training Records, SAVE financial records, SAVE biographical information, system profiles and usage patterns; and

**E.** Take other steps to monitor and assure that the terms of this MOU are complied with regarding the use, maintenance and operation relating to SAVE and related to the payment of required fees to DHS-USCIS and its contractors for the provision of access to the USCIS-SAVE database by the User Agency.

## VII.     COMPENSATION

The User Agency shall pay the standard billing rates to the SAVE Program contractor or, upon written notice from USCIS, any other entity designated by DHS-USCIS.

The current standard billing rates are attached. The standard billing rates and methods of payment are subject to change upon prior written notification to the User Agency.

## VIII.     POINTS OF CONTACT

USCIS SAVE—David H. Bounds, Chief, SAVE Program, 490 L'Enfant Plaza East SW, Suite 8027, Washington, DC  20024-2135, (202) 358-7807.

USCIS SAVE Contractor—Computer Sciences Corporation, Attn: Gerard LaBerge, SAVE Program, 1001 G Street NW, 300 West, Washington, DC 20001, (202) 824-7791.

USER AGENCY—*Name, Title, Agency, Address, (???) ???-????*

DHS-USCIS and the User Agency will update these points of contact as needed.

## IX.   PERIOD OF AGREEMENT AND MODIFICATION/TERMINATION

This agreement shall be effective when, and only when, (1) the DHS-USCIS authorized official and User Agency authorized official have both signed the agreement, and (2) the signatures occurred within 14 calendar days of each other.  This MOU shall continue in effect unless (1) modified or terminated in writing by the mutual consent of both parties, or (2) terminated by either party upon 30 days prior written notice to the other party by certified or registered mail, return receipt requested.

This MOU and any annexes hereto may be amended or revised at any time upon the

mutual written consent of the parties.

DHS-USCIS may terminate this MOU without prior notice if deemed necessary because of a requirement of law or policy, upon a determination by DHS-USCIS that there has been a breach of system integrity or security by the User Agency, or a failure by the User Agency to comply with established procedures or legal requirements.

Nothing in this MOU is intended, or should be construed, to create any right or benefit, substantive or procedural, enforceable at law by any third party against the United States, its agencies, officers, or employees.

This MOU is limited to the provision of verification services. It is not intended to be, and should not be construed as, an opinion on the part of DHS-USCIS or the United States regarding any right or benefit under any program administered by the User Agency.

The foregoing constitutes the full agreement on this subject between DHS-USCIS and the User Agency.

The undersigned represent that they are authorized to enter into this MOU on behalf of DHS-USCIS and the User Agency, respectively.


_____          _____

David H. Bounds                                          *User Agency Representative*

Chief, SAVE Program
U.S. Citizenship and Immigration Services
Department of Homeland Security


_____                                 _____

Date                                                        Date


**App. 1021**

**VERIFICATION INFORMATION SYSTEM (VIS)**
**ACCESS METHODS, TRANSACTION CHARGES, AND REQUIRED**
**EQUIPMENT**
**EFFECTIVE APRIL 1, 2005**

| *ACCESS METHOD* | **TRANSACTION CHARGES** | **EQUIPMENT REQUIRED** |
|---|---|---|
| Web-Based (Web 1, 2, and 3) | Initial Verification - $0.26 Additional Verification – Additional $0.48 | Personal Computer with Internet access and a supported web browser (Internet Explorer 5.5 or newer, or Netscape 6.0 or newer, but not Netscape 7.0). |
| Computer Matching (SFTP Priority Batch) | Initial Verification - $0.20 Additional Verification – Additional $0.24 | Internet access and Secure File Transfer Protocol (SFTP) connectivity. Custom software needed for formatting queries and interpreting the output file. |
| Web Services | Initial Verification - $0.20 Additional Verification – Additional $0.24 | Internet access and commercial off-the-shelf software that enables development of a client web service application. |

**NOTE**:   A minimum monthly service fee of $25.00 is automatically billed to user agencies whose VIS query volume totals do not exceed $25.00.  However, if no query of VIS is completed during the month, there is no charge.

Revised March 23, 2005