App. 1054

# EXHIBIT 34

**U.S. Department of Homeland Security**
Citizenship and Immigration Services

Office of Associate Director of Operations

425 I Street NW
Washington, DC 20536

OCT 8 2003

MEMORANDUM FOR DIRECTOR, VERMONT SERVICE CENTER

FROM: William R. Yates
Associate Director of Operations

SUBJECT: Centralization of Interim Relief For
U Nonimmigrant Status Applicants

**Background**

On October 28, 2000, Congress passed the Victims of Trafficking and Violence Protection Act (VTVPA), Pub. L. 106-386.[1] The VTVPA created the U nonimmigrant status, a new nonimmigrant classification for victims of specific crimes. This nonimmigrant status was created to strengthen the ability of law enforcement agencies to detect, investigate and prosecute cases of domestic violence, sexual assault, trafficking of persons and other criminal activity of which aliens are victims, while offering protection to victims of such offenses. It provides an immigration mechanism for cooperating victims to remain temporarily in the United States to assist in investigations and/or prosecutions. It is available to victims of certain criminal activity and their families, and is limited to 10,000 principals per year.

Regulations implementing this new nonimmigrant status are currently in the clearance process. In an effort to provide interim relief for this vulnerable population, the Office of Programs issued interim guidance in August 2001, which directed that no one who appeared to be eligible to apply for U nonimmigrant status be removed from the United States until he/she has had the opportunity to avail him/herself of the provisions of the VTVPA. It further instructed field offices to use existing mechanisms (parole, deferred action, and stays of removal) to achieve this objective.

---

[1] The sections of the VTVPA pertaining to U nonimmigrant status are codified at sections 101(a)(15)(U), 214(o), and 245(l) of the Immigration and Nationality Act (INA).

Memorandum for Director, Vermont Service Center                                              Page 2
Subject: Centralization of Interim Relief For U Nonimmigrant Status Applicants

Since this guidance was issued, it has become apparent that until the regulations implementing the U nonimmigrant status are published, a more unified, centralized approach is needed in the interim relief process. Many field offices have been unsure how to proceed in granting interim relief, which has resulted in inconsistent treatment of potential U nonimmigrant status applicants. It is for these reasons that the U nonimmigrant status interim relief process will be centralized at the Vermont Service Center (VSC) effective immediately.

### Centralization of Interim Relief Process

The VSC will serve as the "clearinghouse" for early-filed applications and will have jurisdiction to assess deferred action in early-filed U nonimmigrant status cases. Upon receipt of a request for interim relief, the VSC will consider the facts of each case and determine if deferred action is appropriate. Each decision should be considered individually, based on all the facts present. Upon authorizing deferred action, the center director will advise the alien, by letter, of the action taken and advise him or her of eligibility to request employment authorization. The center director will include a copy of a G-312 in the alien's A file and maintain that file for docket control.

Deferred action shall not be assessed in those cases where the applicant is clearly ineligible for U nonimmigrant status or is an aggravated felon, and those cases should be referred to the Bureau of Immigration and Customs Enforcement (ICE) for possible issuance of a Notice to Appear. If the VSC determines that the case is not suitable for deferred action, the alien should be notified of that decision by letter.

By their nature, U nonimmigrant status cases generally possess factors that warrant consideration for deferred action. In some cases, however, there may be factors present that would militate against deferred action; cases should therefore receive individual scrutiny. The VSC should maintain records of all assessments of deferred action for statistical and tracking purposes. In addition, a process for periodic review of the deferred action decisions made by the VSC is planned. Upon publication of the regulations implementing the U nonimmigrant status, the VSC will send a letter informing early filers to submit an application on the proper form, and monitor the early-filed list to determine whether those assessed deferred action have applied. The VSC will terminate deferred action and refer those who fail to apply within the timeframe established by the regulation to ICE for possible issuance of a Notice to Appear, or for removal.

### Eligibility to apply for U nonimmigrant status

Before determining whether to grant a form of interim relief, VSC personnel must first determine whether the alien adequately demonstrates that he/she may possibly be eligible to apply for U nonimmigrant status when regulations are issued. This would be demonstrated by the submission of *prima facie* evidence of each eligibility requirement. In other words, the alien must produce sufficient evidence to render reasonable a conclusion that the alien may be eligible for U nonimmigrant status when regulations are issued implementing that status. This is not a

App. 1056

Case 1:14-cv-00254 Document 64-53 Filed on 01/07/15 in TXSD Page 4 of 8

Memorandum for Director, Vermont Service Center                                    Page 3
Subject: Centralization of Interim Relief For U Nonimmigrant Status Applicants

determination that an alien is or is not eligible to apply, or an adjudication of the claim itself. It is a conclusion reached by examining the documents accompanying the request for interim relief based upon perceived eligibility.

The four basic eligibility requirements that an alien must satisfy in order to be classified as a principal U nonimmigrant are set out in the VTVPA. Therefore, in order to be eligible to apply for interim relief, an alien must present evidence demonstrating that:

1. He/she has suffered substantial physical or mental abuse as a result of having been a victim of certain criminal activity;

2. He/she (or in the case of an alien child under the age of 16, the parent, guardian, or next friend of the alien) possesses information concerning that criminal activity;

3. He/she (or in the case of an alien child under the age of 16, the parent, guardian, or next friend of the alien) has been helpful, is being helpful, or is likely to be helpful to a Federal, State, or local law enforcement official; to a Federal, State, or local prosecutor; to a Federal or State judge; to the INS; or to other Federal, State, or local authorities investigating or prosecuting the criminal activity; and

4. The criminal activity described violated the laws of the United States or occurred in the United States (including in Indian country and military installations) or the territories and possessions of the United States.

The criminal activity referred to above is listed at INA § 101(a)(15)(U)(iii). It is that involving one or more of the following or any similar activity in violation of Federal, State, or local criminal law: rape; torture; trafficking; incest; domestic violence; sexual assault; abusive sexual contact; prostitution; sexual exploitation female genital mutilation; being held hostage; peonage; involuntary servitude; slave trade; kidnapping; abduction; unlawful criminal restraint; false imprisonment; blackmail; extortion; manslaughter; murder; felonious assault; witness tampering; obstruction of justice; perjury; or attempt, conspiracy, or solicitation to commit any of the above mentioned crimes.

When considering whether an alien has presented sufficient evidence demonstrating he/she may be eligible to apply for U nonimmigrant status and thus eligible to request a form of interim relief, VSC personnel must examine each of the U nonimmigrant status eligibility requirements, taking into consideration the guidance below.

Law enforcement certification

The possible U nonimmigrant status applicant does not have to be identified to the VSC through a law enforcement official. However, any request for interim relief from a possible U

Case 1:14-cv-00254 Document 64-53 Filed on 01/07/15 in TXSD Page 5 of 8

Memorandum for Director, Vermont Service Center                                           Page 4
Subject: Centralization of Interim Relief For U Nonimmigrant Status Applicants

nonimmigrant status applicant <u>must</u> be accompanied by some form of certification from a law enforcement official attesting to the fact that the alien has been, is likely to be, or is being helpful in the investigation or prosecution of criminal activity designated in the VTVPA. There currently is no official DHS-created law enforcement certification form. Therefore, the law enforcement official certification may be in the form of a letter, or a form created by a non-governmental organization or an applicant's attorney or representative, and should:

- State that the person was a victim of one or more of the crimes listed in the statute;
- Identify the crime(s); and
- Verify the victim is, has been, or is likely to be helpful to the prosecution or investigation of the criminal activity.

Whatever form the certification takes, it must in all cases be signed by the law enforcement official investigating or prosecuting the criminal activity. The certification submitted must have been signed within six months immediately preceding the submission of the request for interim relief. In addition, the VTVPA does not require the U nonimmigrant status applicant to assist in both the investigation and prosecution of the criminal activity; the assistance offered by the possible U nonimmigrant status applicant may be in either the investigation or the prosecution, or both.

It is important to note that the law enforcement certification does not have to come from a Federal law enforcement official. Section 214(o)(1) of the INA identifies from whom a certification may be accepted. The certification may come from a Federal, State or local law enforcement official, prosecutor, judge or other Federal, State, or local authority investigating the criminal activity. Further development of the range of criminal activity involved and the types of certifying government officials will occur in the rulemaking process. At this point, VSC personnel should keep in mind that circumstances will vary from case to case, and it is better to err on the side of caution than to remove a possible U nonimmigrant status applicant.

Time element

The fact that the criminal activity occurred a number of years prior to the current request or that the case in which the applicant is the victim is closed is not a determinative factor at this stage. The statute contemplates that a person may be eligible for U nonimmigrant status as a result of having been a victim of a crime that occurred at some point in the past. Until there are regulations interpreting this statutory requirement, VSC personnel should not deny interim relief based on the fact that the criminal activity at issue occurred prior to the enactment date of the VTVPA.

Level of harm

The VTVPA does not specifically reserve U nonimmigrant status solely for individuals who have suffered the most harm. As with any form of immigration benefit with a harm component, there are some applicants who present cases with more harm than others. Whether the level of harm meets the statutory requirement of substantial physical or mental abuse will be a question

Case 1:14-cv-00254   Document 64-53   Filed on 01/07/15 in TXSD   Page 6 of 8

Memorandum for Director, Vermont Service Center                                    Page 5
Subject: Centralization of Interim Relief For U Nonimmigrant Status Applicants

Bureau of Citizenship and Immigration Services (CIS) officers adjudicating the U nonimmigrant status application will decide in accordance with the regulations once they are promulgated. Therefore, for interim relief purposes, "substantial physical or mental abuse" should be broadly interpreted. Similarly, the fact that the criminal activity involved in the case was classified as a misdemeanor as opposed to a felony should not be a factor in determining eligibility for interim relief.

### Eligibility for Interim Relief

Once an individual is determined to have submitted *prima facie* evidence of his/her eligibility for U nonimmigrant status, VSC personnel must then decide whether to exercise discretion and assess deferred action. Absent adverse factors, deferred action will be assessed following established CIS guidelines. Officers should note that if the alien is in removal proceedings or has a final removal order, the VSC does not have jurisdiction to assess deferred action. The applicant shall be notified in writing if his/her submission does not establish a *prima facie* case or if deferred action cannot be assessed due to lack of jurisdiction.

It is important to note that deferred action does not confer any immigration status upon an alien. Since deferred action is not an immigration status, no alien has the right to deferred action. Deferred action does not preclude the CIS from commencing removal proceedings at any time against an alien.

### Employment Authorization

Although deferred action is not an immigration status, an alien may be granted work authorization based on deferred action in his or her case pursuant to 8 C.F.R. 274a.12(c)(14). If the alien is placed in deferred action, the VSC will notify the alien that he or she may submit an I-765, Application for Employment Authorization. After the initial deferred action decision and issuance of a one-year employment authorization document, the VSC will hold these files and review the deferred action decision upon each application for extension of work authorization.

### Derivative U Nonimmigrant Status Applicants

To avoid extreme hardship, the VTVPA authorizes CIS to provide U nonimmigrant status to the spouses, children, and, in the case of a child under the age of 16, the parents of U nonimmigrants. This would require certification by a government official that an investigation or prosecution would be harmed without the assistance of the spouse, child, or in the case of an alien child, the parent of the alien.

Family members who may be eligible to receive derivative U nonimmigrant status and who are present in the United States should not be removed, and shall be eligible for interim relief. The eligible family member(s) must demonstrate extreme hardship if removed from the United States <u>and</u> must also submit a certification of a government official that an investigation or prosecution would be harmed without the spouse, child, or parent of the principal. This certification must comply with the guidelines outlined in this memo.

Case 1:14-cv-00254   Document 64-53   Filed on 01/07/15 in TXSD   Page 7 of 8

Memorandum for Director, Vermont Service Center                                          Page 6
Subject: Centralization of Interim Relief For U Nonimmigrant Status Applicants

### Reporting Requirements

Deferred action is a resource utilization tool. Therefore, the VSC should maintain statistics on deferred action cases to ensure that it is being used appropriately. These statistics are to be maintained on a current basis so that data can be readily extracted upon request.

Statistics should be maintained in the following categories:

- number of requests in deferred action category at the beginning of the fiscal year;

- number of requests for which deferred action is assessed;

- number of requests for which deferred action is denied;

- number of requests removed from deferred action category;

- number of deferred action requests pending at the end of the fiscal year.

### Periodic Review

The VSC adjudicators assigned to the early-filed U applications should conduct interim reviews to determine whether deferred action cases should be continued or the alien removed from the deferred action category. Reviews must determine if there is any change in the circumstances of the case. Results of the review and a recommendation to continue or terminate deferred action would be reported to the center director via memorandum. The center director should endorse the memorandum with his or her decision and return it for inclusion in the alien's file.

### Termination of Deferred Action

During the course of the periodic review, or at any other time if the VSC determines that circumstances of the case no longer warrant deferred action, the VSC should recommend termination. Termination may occur for conduct that occurs after the issuance of interim relief (i.e. conviction of a violent crime), for conduct or a condition not disclosed prior to issuance of interim relief, or based on affirmative evidence that the alien unreasonably refused to provide assistance in a criminal investigation or prosecution. The VSC should notify the alien of the decision to terminate by letter. Such a determination is not appealable. Upon termination of deferred action, any relating employment authorization will be revoked in accordance with the standard revocation procedures set out in 8 CFR § 274a.14(b).

### Record Keeping And Confidentiality

It is imperative that documentation be maintained on all U nonimmigrant status applicants. As such, information about the possible applicant, including all pertinent information surrounding the applicant's circumstances, must be maintained in the alien's A-file. If

Case 1:14-cv-00254 Document 64-53 Filed on 01/07/15 in TXSD Page 8 of 8

Memorandum for Director, Vermont Service Center                                    Page 7
Subject: Centralization of Interim Relief For U Nonimmigrant Status Applicants

no A-file exists for the individual, one should be created.

Officers should keep in mind that section 384 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA)[3] is applicable to all U nonimmigrant status cases. Section 384 prohibits employees from making an adverse determination of admissibility or deportability of an alien using information provided solely by:

1) a spouse or parent who has battered the alien or subjected the alien to extreme cruelty;
2) a member of the spouse's or parent's family residing in the same household as the alien who has battered the alien or subjected the alien to extreme cruelty when the spouse or parent consented to or acquiesced in such battery or cruelty;
3) a spouse or parent who has battered the alien's child or subjected the alien's child to extreme cruelty (without the active participation of the alien in the battery or extreme cruelty);
4) a member of the spouse's or parent's family residing in the same household as the alien who has battered the alien's child or subjected the alien's child to extreme cruelty when the spouse or parent consented to or acquiesced in such battery or cruelty and the alien did not actively participate in such battery or cruelty; or
5) **in the case of an alien applying for status under section 101(a)(15)(U) of the INA, the perpetrator of the substantial physical or mental abuse and the criminal activity.**[4]

Section 384 of IIRIRA also prohibits employees from permitting the use by or disclosure to anyone (other than a sworn officer or employee of the Department of Homeland Security (DHS), or bureau or agency thereof, for legitimate DHS, bureau, or agency purposes) of any information that relates to an alien who has applied for U nonimmigrant status.[5] Anyone who willfully uses, publishes, or permits such information to be disclosed in violation of IIRIRA § 384 will face disciplinary action and be subject to a civil money penalty of up to $5,000 for each such violation.[6]

When the VSC creates or encounters an A file of an applicant for interim relief based upon eligibility for U nonimmigrant status, the contents of the A file should be placed behind a colored cover sheet that sets out the disclosure parameters and penalties so that the materials are handled with appropriate care.

If you have questions regarding this memorandum or other U nonimmigrant status related issues, please contact Laura Dawkins, Office of Program and Regulation Development, by electronic mail.

---

[3] Codified at 8 U.S.C. § 1367.
[4] As amended by VTVPA § 1513(d). For limited exceptions to this prohibition *see* IIRIRA § 384(b).
[5] *See* IIRIRA § 384(a)(2) as amended by VTVPA § 1513 (d).
[6] *Id.*