Exhibit 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:14-CV-254 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| JANE DOE #1, JANE DOE #2, and JANE | § | |
| DOE #3, | § | |
| | § | |
| Proposed Defendant- | § | |
| Intervenors | § | |
| | § | |

**[PROPOSED] ANSWER TO PLAINTIFFS' AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF, BY [PROPOSED] DEFENDANT-
INTERVENORS JANE DOE #1, JANE DOE #2, AND JANE DOE #3**

Proposed Defendant-Intervenors Jane Doe #1, Jane Doe #2, and Jane Doe #3

(collectively, "Defendant-Intervenors"), for themselves alone and no other, answer the Amended

Complaint for Declaratory and Injunctive Relief of Plaintiffs the State of Texas; the State of

Alabama; the State of Arizona; the State of Arkansas; the State of Florida; the State of Georgia;

the State of Idaho; the State of Indiana; the State of Kansas; the State of Louisiana; the State of

Montana; the State of Nebraska; the State of North Dakota; the State of Ohio; the State of

Oklahoma; the State of South Carolina; the State of South Dakota; the State of Utah; the State of

West Virginia; the State of Wisconsin; Attorney General Bill Schuette of the State of Michigan;

Governor Phil Bryant of the State of Mississippi; Governor Paul R. LePage of the State of

1

Maine; Governor Patrick L. McCrory of the State of North Carolina; and Governor C.L. "Butch" Otter of the State of Idaho (collectively, "Plaintiffs") as follows:

1.      The allegations contained in Paragraph 1 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 1, except that Defendant-Intervenors admit that Plaintiffs are who they purport to be and are requesting relief on the stated grounds.

2.      The allegations contained in Paragraph 2 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 2.

3.      The allegations contained in Paragraph 3 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such averment in Paragraph 3, except as follows: Defendant-Intervenors admit that, on November 20, 2014, the President of the United States announced a series of Department of Homeland Security initiatives pertaining to federal immigration law.

4.      The allegations contained in Paragraph 4 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such averment in Paragraph 4, except as follows: Defendant-Intervenors aver that the President's past statements speak for themselves.

5.      The allegations contained in Paragraph 5 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

2

pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 5, except as follows: Defendant-Intervenors aver that the document attached to the Amended Complaint as Exhibit A speaks for itself.

6.      The allegations contained in Paragraph 6 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 6.

## I. THE PARTIES

7.      Defendant-Intervenors admit that the entities and persons listed in Paragraph 7 are the Plaintiffs.

8.      Defendant-Intervenors admit that Plaintiffs have purported to bring suit against Defendant United States of America under the Administrative Procedure Act ("APA").

9.      Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 9 of the Amended Complaint and on that basis deny each and every such averment, except as follows: Defendant-Intervenors admit that Jeh Johnson is the Secretary of the Department of Homeland Security ("DHS"), and Defendant-Intervenors admit that the U.S. Customs and Immigrations Services ("USCIS"), U.S. Customs and Border Protection ("CPB"), and U.S. Immigration and Customs Enforcement ("ICE") are part of DHS.

10.      Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 10 of the Amended Complaint and on that basis deny each and every such averment, except as follows: Defendant-Intervenors admit that R. Gil Kerlikowske is the Commissioner of CBP.

11.     The allegations contained in Paragraph 11 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 11 of the Amended Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 11 except as follows: Defendant-Intervenors admit that Ronald D. Vitiello is the Deputy Chief of U.S. Border Patrol.

12.     Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 12 of the Amended Complaint; moreover, the allegations state legal conclusions, to which no responsive pleading is required.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 12.

13.     The allegations contained in Paragraph 13 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 13.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 13 except as follows: Defendant-Intervenors admit that León Rodríguez is the Director of USCIS.

## II. JURISDICTION AND VENUE

14.     The allegations contained in Paragraph 14 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 14, and specifically deny that this Court has subject matter jurisdiction over Plaintiffs' suit.

4

15.     The allegations contained in Paragraph 15 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 15, except as follows: Defendant-Intervenors admit that the State of Texas is a resident of this judicial district.

16.     The allegations contained in Paragraph 16 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 16, and specifically deny that this Court has authorization to award declaratory and injunctive relief to Plaintiffs in this suit.

### III. FACTUAL ALLEGATIONS

**A.     The DREAM Act**

17.     The allegations contained in Paragraph 17 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 17, except as follows: Defendant-Intervenors admit that Senator Richard Durbin and Representative Howard Berman introduced the DREAM Act in the U.S. Senate and House, respectively, on March 26, 2009.

18.     The allegations contained in Paragraph 18 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that the President's past statements speak for themselves.

19.     The allegations contained in Paragraph 19 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors aver that the President's past statements speak for themselves.

20.     The allegations contained in Paragraph 20 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors admit that neither chamber of Congress has passed the DREAM Act.

    **B.     Deferred Action for Childhood Arrivals ("DACA")**

21.     The allegations in Paragraph 21 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 21 of the Amended Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 21 except as follows: Defendant-Intervenors aver that the document attached to the Amended Complaint as Exhibit B speaks for itself.

22.     The allegations contained in Paragraph 22 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 22, except as follows: the President announced the Department of Homeland Security's initiation of what came to be known as DACA on June 15, 2012.

23.     The allegations contained in Paragraph 23 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 23, except as follows: Defendant-Intervenors aver that the document attached to the Amended Complaint as Exhibit C speaks for itself.

24.     Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 24 of the Amended Complaint; moreover, the allegations state legal conclusions, to which no responsive pleading is required.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 24.

25.     The allegations contained in Paragraph 25 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 25.

**C.     *Nava-Martinez***

26.     The allegations contained in Paragraph 26 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 26, except as follows: Defendant-Intervenors admit that this Court issued an Order on December 13, 2013 in Case No. 1:13-cr-00441, *United States v. Nava-Martinez.*

27.     The allegations contained in Paragraph 27 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 27 of the Amended Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 27,

except as follows: Defendant-Intervenors aver that this Court's December 13, 2013 Order in the *Nava-Martinez* case speaks for itself.

28.     The allegations in Paragraph 28 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 28 of the Amended Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 28, except as follows: Defendant-Intervenors aver that this Court's December 13, 2013 Order in the *Nava-Martinez* case speaks for itself.

29.     The allegations in Paragraph 29 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 29 of the Amended Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 29, except as follows: Defendant-Intervenors aver that this Court's December 13, 2013 Order in the *Nava-Martinez* case speaks for itself.

30.     The allegations in Paragraph 30 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 30 of the Amended Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 30, except as follows: Defendant-Intervenors aver that this Court's December 13, 2013 Order in the *Nava-Martinez* case speaks for itself.

**D**.     **Alleged Incidences of Undocumented Immigration in 2014**

31.     The allegations in Paragraph 31 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 31 of the Amended Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 31, except as follows: Defendant-Intervenors aver that the quoted *Washington Post* article speaks for itself.

32.     The allegations in Paragraph 32 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 32 of the Amended Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 32, except as follows: Defendant-Intervenors aver that the cited *Business Insider* and *Associated Press* articles speak for themselves.

33.     The allegations in Paragraph 33 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 33 of the Amended Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 33, except as follows: Defendant-Intervenors aver that the quoted *Washington Post* article speaks for itself.

34.     The allegations in Paragraph 34 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 34 of the Amended Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 34, except as follows: Defendant-Intervenors aver that the quoted *Los Angeles Times* article speaks for itself.

35.     The allegations in Paragraph 35 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 35 of the Amended Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 35, except as follows: Defendant-Intervenors aver that the quoted *Washington Post* article speaks for itself.

36.     Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 36 of the Amended Complaint; moreover, the allegations state legal conclusions, to which no responsive pleading is required.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 36.

37.     The allegations in Paragraph 37 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 37 of the Amended Complaint.  However, to the extent a responsive

pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 37, except as follows: Defendant-Intervenors aver that the quoted *Business Insider* and *Houston Chronicle* articles speak for themselves.

38.     The allegations in Paragraph 38 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 38 of the Amended Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 38, except as follows: Defendant-Intervenors aver that the President's past statements speak for themselves.

39.     The allegations in Paragraph 39 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 39 of the Amended Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 39, except as follows: Defendant-Intervenors aver that the cited *Houston Chronicle* and *Los Angeles Times* articles speak for themselves.

40.     The allegations in Paragraph 40 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 40 of the Amended.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 40, except as

follows: Defendant-Intervenors aver that the quoted *Los Angeles Times* and *Washington Examiner* articles speak for themselves.

41.     The allegations in Paragraph 41 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 41 of the Amended Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 41, except as follows: Defendant-Intervenors aver that the quoted *Washington Examiner* article speaks for itself.

42.     The allegations in Paragraph 42 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 42 of the Amended Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 42, except as follows: Defendant-Intervenors aver that the quoted articles speak for themselves.

43.     The allegations contained in Paragraph 43 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 43.

**E.     The President's Statements**

44.     The allegations contained in Paragraph 44 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 44,

except as follows: Defendant-Intervenors aver that the President's past statements speak for themselves.

45.     The allegations contained in Paragraph 45 of the Amended Complaint state legal conclusions to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 45, except as follows: Defendant-Intervenors admit that the President has repeatedly called on Congress to pass an immigration reform bill; that the Senate passed the Border Security, Economic Opportunity, & Immigration Modernization Act, S. 744 (113th Cong.) (2013), on July 27, 2013; and that the House did not pass similar legislation.

46.     Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 46 of the Amended Complaint; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 46, except as follows: Defendant-Intervenors aver that the quoted *New York Times* article speaks for itself.

47.     The allegations contained in Paragraph 47 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such averment in Paragraph 47, except as follows: Defendant-Intervenors admit that, on November 20, 2014, the President of the United States announced a series of Department of Homeland Security initiatives pertaining to federal immigration law.

48.     The allegations contained in Paragraph 48 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such averment in Paragraph

48, except as follows: Defendant-Intervenors aver that the President's past statements speak for themselves.

49.     The allegations contained in Paragraph 49 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such averment in Paragraph 49, except as follows: Defendant-Intervenors aver that the President's past statements speak for themselves.

50.     The allegations contained in Paragraph 50 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every such averment in Paragraph 50, except as follows: Defendant-Intervenors aver that the President's past statements speak for themselves.

### F.     The DHS Directive

51.     The allegations contained in Paragraph 51 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 51, except as follows: Defendant-Intervenors aver that the documents attached to the Amended Complaint as Exhibits A and C speak for themselves.

52.     The allegations contained in Paragraph 52 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 52, except as follows: Defendant-Intervenors aver that the document attached to the Amended Complaint as Exhibits A speaks for itself.

53.     The allegations contained in Paragraph 53 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 53, except as follows: Defendant-Intervenors aver that the document attached to the Amended Complaint as Exhibits A speaks for itself.

54.     The allegations contained in Paragraph 54 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 54, except as follows: Defendant-Intervenors aver that the document attached to the Amended Complaint as Exhibits A speaks for itself.

55.     The allegations contained in Paragraph 55 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 55.

56.     The allegations contained in Paragraph 56 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 56, except as follows: Defendant-Intervenors aver that the document attached to the Amended Complaint as Exhibit B speaks for itself.

57.     The allegations contained in Paragraph 57 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 57, except as follows: Defendant-Intervenors aver that the document attached to the Amended Complaint as Exhibit B speaks for itself.

58.     The allegations contained in Paragraph 58 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 58, except as follows: Defendant-Intervenors aver that the document attached to the Amended Complaint as Exhibit B speaks for itself.

59.     The allegations contained in Paragraph 59 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 59, except as follows: Defendant-Intervenors aver that the document attached to the Amended Complaint as Exhibit B speaks for itself.

60.     The allegations contained in Paragraph 60 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 60, except as follows: Defendant-Intervenors aver that the document attached to the Amended Complaint as Exhibit B speaks for itself.

**G**.     **The Alleged Effects of the DHS Directive**

61.     The allegations contained in Paragraph 61 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 61.

62.     The allegations contained in Paragraph 62 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 62.

63.     The allegations in Paragraph 63 of the Amended Complaint state legal conclusions, to which no responsive pleading is required.  Moreover, Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the averments contained in Paragraph 63 of the Amended Complaint.  However, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 63, except as follows: Defendant-Intervenors aver that the cited Texas Department of Public Safety publication and this Court's December 13, 2013 Order in the *Nava-Martinez* case speak for themselves.

64.     The allegations contained in Paragraph 64 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 64, except as follows: Defendant-Intervenors admit that *Plyler v. Doe*, 457 U.S. 202 (1982), is a decision of the United States Supreme Court, and Defendant-Intervenors aver that the *Plyler* decision and cited federal statutory and regulatory provisions speak for themselves.

65.     The allegations contained in Paragraph 65 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 65, except as follows: Defendant-Intervenors aver that the cited Texas statutory provisions speak for themselves.

66.     The allegations contained in Paragraph 66 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 66,

except as follows: Defendant-Intervenors aver that the cited Texas regulatory provisions speak for themselves.

67.    The allegations contained in Paragraph 67 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 67, except as follows: Defendant-Intervenors aver that the cited Texas statutory provisions speak for themselves.

68.    The allegations contained in Paragraph 68 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 68.

69.    The allegations contained in Paragraph 69 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 69, except as follows: Defendant-Intervenors admit that *Massachusetts v. EPA*, 549 U.S. 497 (2007); *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, U.S. 592 (1982); and *Arizona v. United States*, 132 S. Ct. 2492 (2012); are decisions of the United States Supreme Court, and Defendant-Intervenors aver that those decisions speak for themselves.  Defendant-Intervenors further aver that the United States Supreme Court specifically stated in the *Arizona* decision that "[t]he Government of the United States has broad, undoubted power over the subject of immigration[.]"

## IV. CLAIMS FOR RELIEF

## COUNT ONE

### Alleged Violations Of The Take Care Clause, Art. II, § 3, Cl. 5

70.     Answering Paragraph 70 of the Amended Complaint, Defendant-Intervenors repeat and incorporate herein by reference each and all of the denials, admissions, and averments set forth above in their answers to Paragraphs 1 through 69 of the Amended Complaint, as though fully set forth herein.

71.     The allegations contained in Paragraph 71 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 71, except as follows: Defendant-Intervenors aver that that the quoted portion of the United States Constitution speaks for itself.

72.     The allegations contained in Paragraph 72 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 72, except as follows: Defendant-Intervenors admit that *Kendall v. United States*, 37 U.S. (12 Pet.) 524 (1838), and *Angelus Milling Co. v. Comm'r of Internal Revenue*, 325 U.S. 293 (1945), are decisions of the United States Supreme Court, and Defendant-Intervenors aver that those decisions speak for themselves.

73.     The allegations contained in Paragraph 73 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 73.

74.     The allegations contained in Paragraph 74 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 74, except as follows: Defendant-Intervenors aver that the President's past statements speak for themselves.

75.     The allegations contained in Paragraph 75 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 75, except as follows: Defendant-Intervenors aver that the cited federal statutory provisions and the opinion in *Crane v. Napolitano*, 2013 WL 1744422, No. 3:12-cv-03247-O (N.D. Tex. Apr. 23, 2013) speak for themselves.

76.     The allegations contained in Paragraph 76 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 76, except as follows: Defendant-Intervenors aver that the cited federal statutory provisions speak for themselves.

77.     The allegations contained in Paragraph 77 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 77.

## COUNT TWO

### Alleged Violation of the APA, 5 U.S.C. § 553

78.     Answering Paragraph 78 of the Amended Complaint, Defendant-Intervenors repeat and incorporate herein by reference each and all of the denials, admissions, and averments

set forth above in their answers to Paragraphs 1 through 77 of the Amended Complaint, as though fully set forth herein.

79.     The allegations contained in Paragraph 79 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 79, except as follows: Defendant-Intervenors aver that the quoted APA provision speaks for itself.

80.     The allegations contained in Paragraph 80 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 80, except as follows: Defendant-Intervenors aver that the quoted APA provision speaks for itself.

81.     The allegations contained in Paragraph 81 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 81, except as follows: Defendant-Intervenors aver that the quoted APA provision speaks for itself.

82.     The allegations contained in Paragraph 82 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 82, except as follows: Defendant-Intervenors aver that the cited APA provision speaks for itself.

83.     The allegations contained in Paragraph 83 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 83.

## COUNT THREE

### Alleged Violation of the APA, 5 U.S.C. § 706

84.     Answering Paragraph 84 of the Amended Complaint, Defendant-Intervenors repeat and incorporate herein by reference each and all of the denials, admissions, and averments set forth above in their answers to Paragraphs 1 through 83 of the Amended Complaint, as though fully set forth herein.

85.     The allegations contained in Paragraph 85 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 85, except as follows: Defendant-Intervenors aver that the quoted APA provision speaks for itself.

86.     The allegations contained in Paragraph 86 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 86.

87.     The allegations contained in Paragraph 87 of the Amended Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every averment in Paragraph 87

Defendant-Intervenors further deny each and every, all and singular, allegation and/or averment contained in the Complaint, except to the extent specifically admitted herein.

## V. DEMAND FOR JUDGMENT

To the extent that any response is required to Plaintiffs' separate Demand for Judgment, Defendant-Intervenors deny each and every averment contained in the Demand for Judgment, and further deny that Plaintiffs are entitled to declaratory relief, injunctive relief, costs, or to any other form of relief whatsoever.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses to all causes of action purported to be set forth by Plaintiffs in the Complaint, Defendant-Intervenors allege as follows, subject to Defendant-Intervenors' right to amend and assert such other affirmative defenses as may become available during discovery in this action:

### FIRST AFFIRMATIVE DEFENSE: LACK OF STANDING

This Court lacks subject matter jurisdiction over Plaintiffs' claims because Plaintiffs cannot show the injury necessary to assert standing in federal court.

### SECOND AFFIRMATIVE DEFENSE: LACK OF RIPENESS

This Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims because those claims are not ripe for review.

### THIRD AFFIRMATIVE DEFENSE: NONJUSTICIABLE POLITICAL QUESTION

This suit must be dismissed because the Plaintiffs' claims in this action present this Court with a nonjusticiable political question.

### FOURTH AFFIRMATIVE DEFENSE: NO FINAL AGENCY ACTION

Some or all of Plaintiffs' claims are barred insofar as they are brought pursuant to the Administrative Procedure Act because there was no "final agency action" by DHS as is a prerequisite for judicial review under 5 U.S.C. § 704.

### FIFTH AFFIRMATIVE DEFENSE: FAILURE TO STATE A CAUSE OF ACTION

Some or all of Plaintiffs' claims, as set forth in the Complaint, fail to state facts sufficient to constitute a cause of action against Defendants.

**SIXTH AFFIRMATIVE DEFENSE: NO INJUNCTIVE RELIEF**

Some or all of Plaintiffs' claims, as set forth in the Amended Complaint, fail to state facts sufficient to constitute a cause of action against defendants for injunctive relief because Plaintiffs have an adequate remedy at law and/or the other requirements for granting injunctive relief cannot be satisfied.

**SEVENTH CAUSE OF ACTION: FAILURE TO EXHAUST**

Plaintiffs' claims, and each of them, or some of them, are barred because Plaintiffs failed to exhaust administrative remedies.

**WHEREFORE**, Defendant-Intervenors, Jane Doe #1, Jane Doe #2, and Jane Doe #3 respectfully pray as follows:

1.     That Plaintiffs' Amended Complaint and each cause of action therein be dismissed with prejudice;

2.     That Plaintiffs take nothing by way of the Amended Complaint;

3.     That Defendant-Intervenors be awarded costs of the suit and attorneys' fees herein;

4.     That the Court order such other and further relief for Defendant-Intervenors as the Court may deem appropriate.

Dated:  January 14, 2015

Respectfully submitted,

LAW OFFICE OF FRANK COSTILLA, L.P.
Frank Costilla (Tex. Bar. No. 04856500)
5 E. Elizabeth Street
Brownsville, Texas 78520
Phone:  956-541-4982
Facsimile:  956-544-3152

MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
By  /s/ Nina Perales
Nina Perales (Tex. Bar No. 24005046;
Southern District of Tex. Bar No. 21127)
Attorney-in-Charge
David Hinojosa (Tex. Bar No. 24010689)
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476 (telephone)
Facsimile:  (210) 224-5382 (facsimile)


O'MELVENY & MYERS LLP
Linda Smith (Cal. Bar No. 78238)
Adam P. KohSweeney (Cal. Bar No. 229983)
J. Jorge deNeve (Cal. Bar No. 198855)
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Phone: 310-246-6801
Facsimile: 310-246-6779

(Requests for *pro hac vice* admission to be
filed)


Attorneys for the Proposed Defendant-Intervenors **JANE DOE #1**, **JANE DOE #2,** and
**JANE DOE #3**

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that, on the 14th day of January 2015, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*

Nina Perales (Texas Bar No. 24005046)
***Attorney for Proposed Defendant-Intervenors***