EXHIBIT 42



*Secretary*
U.S. Department of Homeland Security
Washington, DC 20528

November 20, 2014

| | |
|---|---|
| MEMORANDUM FOR: | Stevan E. Bunnell<br>General Counsel<br>Office of the General Counsel |
| | Leon Rodriguez<br>Director<br>U.S. Citizenship and Immigration Services |
| | Thomas S. Winkowski<br>Acting Director<br>U.S. Immigration and Customs Enforcement |
| | R. Gil Kerlikowske<br>Commissioner<br>U.S. Customs and Border Protection |
| FROM: | Jeh Charles Johnson<br>Secretary |
| SUBJECT: | **Directive to Provide Consistency Regarding Advance Parole** |

Advance parole is an established procedure by which U.S. Citizenship and Immigration Services (USCIS) may authorize, as a matter of discretion, an individual to travel abroad with advance authorization to be considered for parole into the United States upon return. For example, USCIS regularly grants advance parole to individuals with certain types of temporary status or with pending immigration applications. Advance parole is subject to U.S. Customs and Border Protection (CBP) later considering parole at the port of entry.

In April 2012, the Board of Immigration Appeals issued the precedent decision *Matter of Arrabally* (later amended in August 2012),[1] which held that individuals who travel abroad after a grant of advance parole do not effectuate a "departure . . . from the

---

[1] *Matter of Arrabally*, 25 I. & N. Dec. 771 (BIA 2012).

1

United States" within the meaning of section 212(a)(9)(B)(i) of the *Immigration and Nationality Act* (INA). That provision, along with section 212(9)(B)(i)(I), establishes the "3- and 10-year bars" for persons who have "departed" after more than 180 days of unlawful presence in the United States.[2] The *Arrabally* decision arose in the context of two aliens who had been in unlawful status for multiple years, applied for adjustment of status, and obtained advance parole to travel to India several times. The Board of Immigration Appeals held that travel on advance parole was not a "departure" within the meaning of the statute and hence did not trigger the ground of inadmissibility that bars admission after the accrual of unlawful presence.

      This is to notify you that I have asked the Department's General Counsel to issue written legal guidance on the meaning of the *Arrabally* decision, which will clarify that in all cases when an individual physically leaves the United States pursuant to a grant of advance parole, that individual shall not have made a "departure" within the meaning of section 212(a)(9)(B)(i) of the INA. This instruction will ensure consistent application of the *Arrabally* decision across the Department, and provide greater assurance to individuals with advance parole of the consequences of their travel.

      Nothing in this directive is intended to limit the authority of CBP to conduct its routine inspection and admission or parole of an individual returning to the United States.

---

[2] INA § 212(a)(9)(B)(i), 8 U.S.C. § 1182(a)(9)(B)(i).