IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| vs. ) | No. 14-cv-254 |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

**PLAINTIFFS' OPPOSITION TO PROPOSED DEFENDANT-INTERVENORS'
MOTION FOR LEAVE TO INTERVENE AS DEFENDANTS**

The Plaintiff States *agree* that the three Jane Does (the "Jane Does" or "Proposed Defendant-Intervenors") have "legally cognizable interests related to DAPA." Mot. to Intervene 9, ECF No. 91. That's the whole point of this lawsuit: the Department of Homeland Security unilaterally created substantive rights for individuals who, like the Jane Does, satisfy the DHS Directive's eligibility criteria. It is *precisely because* the Jane Does would qualify for federal benefits under the DHS Directive that it is a "substantive rule" under the Administrative Procedure Act, and the Defendants cannot characterize the Directive as "inaction" or "discretionary non-enforcement." And although the Jane Does do not appear to recognize it, there is no set of circumstances in which they can have "legally cognizable interests related to DAPA," *ibid.*, and the Defendants can justify unilaterally creating those legally cognizable interests.

The Motion to Intervene nevertheless should be denied. The Jane Does are not entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) because the Defendants would adequately represent their interests. The Jane Does also fail to qualify for permissive intervention under Rule 24(b) because they do not share a claim or defense with the Defendants.

The Proposed Defendant-Intervenors' interests are more appropriately served by participating as *amici curiae*, just as numerous individuals and groups have been permitted to do in this case. With the implementation of the DHS Directive a mere three weeks away, granting the proposed intervention would only open the door for potential delay and thwart the parties' efforts to obtain a prompt ruling on the Plaintiffs' motion for preliminary injunction.

## **ARGUMENT**

**I.  THE JANE DOES CANNOT INTERVENE UNDER RULE 24(a)**

**A.** No litigant can intervene as of right under Rule 24(a) without first demonstrating that she has "an interest [in] . . . the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2). This requires the proposed intervenor to demonstrate a "direct, substantial, legally protectable interest in the proceedings" — *i.e.*, an interest that the "*substantive* law recognizes as belonging to or being owned by the applicant." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463-64 (5th Cir. 1984) (en banc) (citations and internal quotation marks omitted). The interest must be more than an

economic one, *United States v. City of New Orleans*, 540 F. App'x 380, 381 (5th Cir. 2013) (per curiam), and it cannot be "too contingent, speculative, or remote from the subject of the case," *Bear Ranch, LLC v. HeartBrand Beef, Inc.*, 286 F.R.D. 313, 316 (S.D. Tex. 2012); *see also United States v. 936.71 Acres of Land*, 418 F.2d 551, 556 (5th Cir. 1969) (proposed intervenor must establish "present, substantial interest as distinguished from a contingent interest or mere expectancy" (citation and internal quotation marks omitted)).

To qualify for intervention under Rule 24(a), an applicant also must show that the existing parties do not "adequately represent" its interests. Fed. R. Civ. P. 24(a)(2). When the proposed intervenor shares the "'same ultimate objective'" as a party to the suit, the existing party's representation is deemed adequate unless the proposed intervenor establishes an "'adversity of interest, collusion, or nonfeasance.'" *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs*, 493 F.3d 570, 578-79 (5th Cir. 2007) (quoting *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir. 1987)). In addition, when the party whose representation is alleged to be inadequate is a governmental agency, the proposed intervenor must make an even stronger showing of inadequacy. *Hopwood v. Texas*, 21 F.3d 603, 605-06 (5th Cir. 1994) (per curiam) (minority rights advocacy organizations failed to establish that their interest in defending affirmative action program was one that the State would not adequately represent). In such a case, the proposed intervenor must demonstrate "that its interest is in fact different from that of the state and that the interest will not be represented by the state." *Ibid.*

(citations and internal quotation marks omitted); *cf. Keith v. Daley*, 764 F.2d 1265, 1270 (7th Cir. 1985) ("A subjective comparison . . . of the conviction of defendants and intervenors is not the test for determining adequacy of representation.").

The Jane Does bear the burden of establishing their right to intervene. *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 414 (5th Cir. 1991). If they fail to satisfy any one of Rule 24(a)'s requirements, the proposed intervention must be denied. *Haspel & Davis*, 493 F.3d at 578.

**B.** Plaintiffs do not dispute that the Jane Does have a "direct, substantial, legally protectable" interest in this lawsuit. *United Gas Pipe Line Co.*, 732 F.2d at 463-64. Nor do Plaintiffs dispute that the Jane Does have legally protectable interests under the DHS Directive. Indeed, that is the whole point of this case: But for that Directive, the Jane Does cannot enjoy lawful presence in the United States, nor can they receive work permits.

Ironically, that means that the Jane Does can hope to intervene in this case only to lose on the merits. The Jane Does' entire basis for intervening is their *agreement* with the Plaintiffs that the DHS Directive creates substantive rights — namely, legally cognizable rights to stay and work in the United States lawfully — for anyone who meets the Directive's eligibility criteria. *See* Mot. to Intervene 8-11. And that means the Directive must comply with the APA. *See* PI Mot. 19-23, ECF No. 5; PI Reply 35-38, ECF No. 64. Indeed, the only way the Defendants can avoid the APA is to prove that the Directive is not worth the paper it's printed on — *i.e.*, that it is a mere "policy statement" that creates legally cognizable interests for *no*

4

*one*. So by the Jane Does' own estimation, if they are allowed to intervene, the Court should immediately enter judgment for the Plaintiff States.

Notwithstanding the Jane Does' legally cognizable interests, however, they cannot intervene under Rule 24(a) because they have not demonstrated that the Defendants would inadequately represent their interests. The Defendants and the Jane Does share the same underlying objective in this lawsuit: upholding the DHS Directive as a valid exercise of executive authority. *See, e.g.*, Mot. to Intervene 9 ("[T]he Proposed Defendant-Intervenors' interest is to uphold DAPA . . . ."); PI Opp. 54, ECF No. 38 (preliminary injunction "would prevent DHS from the timely implementation" of the DHS Directive).[1] Thus, the Jane Does have not established an "adversity of interest, collusion, or nonfeasance" that would undermine the adequacy of Defendants' representation. *See Haspel & Davis*, 493 F.3d at 578-79. To the contrary, the Defendants already have taken the position that the entirety of the DHS Directive is both lawful and immune from any judicial review by any plaintiff in any court at any time — precisely because the Defendants want to grant legal benefits to the Jane Does on the basis of their humanitarian concerns. *See, e.g.*, PI Opp. 3, 4, 7, 9, 33, 43-44, 51-55 (arguing DHS has unreviewable discretion to grant benefits to Jane Does on basis of "humanitarian" concerns). That is far from the sort of "ambivalence" that would justify a finding of inadequate representation.

---

[1] *See Villas at Parkside Partners v. City of Farmers Branch*, 245 F.R.D. 551, 555 (N.D. Tex. 2007) (concluding that the City of Farmers Branch could adequately represent advocacy group's interest in defending challenge to city ordinance because both the group and the City "seek to uphold and enforce the specific ordinance passed by the City Council of Farmers Branch and potentially enforceable in Farmers Branch").

*Cf. Day v. Sebelius*, 227 F.R.D. 668, 674-675 (D. Kan. 2005) (noting the "ambivalence" of state attorney general with respect to the lawsuit in concluding that the proposed intervenors had rebutted the presumption that the state could adequately represent the proposed intervenors' interests), *cited in* Mot. to Intervene 12-13.

## II. THE JANE DOES CANNOT INTERVENE UNDER RULE 24(b)

The Proposed Defendant-Intervenors also seek permissive intervention under Rule 24(b)(1)(B). As such, they must establish that they have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Even when there is a common question of law or fact, permissive intervention remains "wholly discretionary." *Kneeland*, 806 F.2d at 1289 (citation and internal quotation marks omitted).[2] In exercising their discretion, courts can consider whether the proposed intervenor will "significantly contribute to full development of the underlying factual issues in the suit." *United Gas Pipe Line Co.*, 732 F.2d at 472 (citations and internal quotation marks omitted). Courts also must determine "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see U.S. Commodity Futures Trading Comm'n v. PrivateFX Global One*, 778 F. Supp. 2d 775, 785-86 (S.D. Tex. 2011) (rejecting intervention that would have "change[d] an otherwise orderly process into a morass of competing investor claims consuming significantly more of

---

[2] *See also SEC v. Stanford Int'l Bank, Ltd.*, 429 F. App'x 379, 382 (5th Cir. 2011) (per curiam) ("Reversal of a denial of permissive intervention is so unusual as to be almost unique." (citation and internal quotation marks omitted)).

6

the [court-appointed receiver's] time" (citation and internal quotation marks omitted)).  And, as with mandatory intervention under Rule 24(a), permissive intervention is unwarranted when an existing party will adequately represent the proposed intervenors' interests.  *See Staley v. Harris Cnty., Tex.*, 160 F. App'x 410, 414 (5th Cir. 2005) (per curiam).

The Jane Does' request for permissive intervention should be rejected. Plaintiffs challenge the DHS Directive as a violation of the Take Care Clause and the Administrative Procedure Act.  Given the nature of their claims, Plaintiffs filed suit against the United States and agency officials responsible for authoring and implementing the DHS Directive.  By contrast, the Jane Does had no role in creating the DHS Directive and are not charged in any way with its execution.  The Plaintiffs could not, and did not, assert their claims against the Proposed Defendant-Intervenors, as they are merely potential beneficiaries of the DHS Directive.  Nor would the Proposed Defendant-Intervenors contribute to the factual development of the relevant legal questions, which hinge on whether the DHS Directive is an act of unilateral lawmaking.

Granting the Motion to Intervene would only threaten to prolong the proceedings and delay an ultimate resolution of the case — one that the existing parties have recognized should be made as expeditiously as possible.  Any interests of the Proposed Defendant-Intervenors would be adequately protected through the

Defendants' representation and by allowing the Proposed Defendant-Intervenors to file an *amici* brief.[3]

## III. DEFENDANTS' SILENCE IS NOTABLE

Finally, it bears emphasis that the Defendants have refused to take a position on the intervention of their would-be supporters. *See* Mot. to Intervene 1 ("Defendants have been notified [regarding the motion to intervene] and have not responded."). That silence is telling. On the one hand, the United States must agree that the Jane Does are the beneficiaries of the DHS Directive, the whole point of which is to encourage eligible individuals to "come out of the shadows" and receive government benefits (like work permits, Social Security, and Medicare). *See* FAC ¶ 50, ECF No. 14. On the other hand, the Defendants cannot admit it because a concession that the Jane Does are the intended beneficiaries of the Directive would doom Defendants' defense of it. While the United States has an obvious incentive to obfuscate or remain mum, its silence further underscores the unlawfulness of its unilateral lawmaking.

## CONCLUSION

The Motion to Intervene should be denied. Alternatively, the Court should grant the motion and enter judgment for the Plaintiff States.

---

[3] *See Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (per curiam) ("Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair. Where he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention." (citation and internal quotation marks omitted)).

Respectfully submitted.

| | |
|---|---|
| LUTHER STRANGE<br>*Attorney General of Alabama* | KEN PAXTON<br>*Attorney General of Texas* |
| MARK BRNOVICH<br>*Attorney General of Arizona* | CHARLES E. ROY<br>*First Assistant Attorney General* |
| DUSTIN MCDANIEL<br>*Attorney General of Arkansas* | SCOTT A. KELLER<br>*Solicitor General* |
| PAMELA JO BONDI<br>*Attorney General of Florida* | /s/ Andrew S. Oldham<br>ANDREW S. OLDHAM<br>*Deputy Solicitor General*<br>Attorney-in-Charge |
| SAMUEL S. OLENS<br>*Attorney General of Georgia* | State Bar No. 24081616 |
| LAWRENCE G. WASDEN<br>*Attorney General of Idaho* | J. CAMPBELL BARKER<br>*Deputy Solicitor General* |
| JOSEPH C. CHAPELLE<br>PETER J. RUSTHOVEN<br>*Counsel for the State of Indiana* | ARTHUR C. D'ANDREA<br>*Assistant Solicitor General* |
| | ANGELA V. COLMENERO |
| DEREK SCHMIDT<br>*Attorney General of Kansas* | ADAM N. BITTER<br>*Assistant Attorneys General* |
| JAMES D. "BUDDY" CALDWELL<br>*Attorney General of Louisiana* | Office of the Attorney General of Texas<br>P.O. Box 78711<br>Austin, Texas 78711-2548 |
| TIMOTHY C. FOX<br>*Attorney General of Montana* | 512-936-1700 |
| JON C. BRUNING<br>*Attorney General of Nebraska* | |
| ADAM LAXALT<br>*Attorney General of Nevada* | |
| WAYNE STENEHJEM<br>*Attorney General of North Dakota* | |

(*additional counsel on following page*)

MICHAEL DEWINE
*Attorney General of Ohio*
ERIC E. MURPHY
*Co-counsel for the State of Ohio*

E. SCOTT PRUITT
*Attorney General of Oklahoma*

ALAN WILSON
*Attorney General of South Carolina*

MARTY J. JACKLEY
*Attorney General of South Dakota*

HERBERT SLATERY III
*Attorney General and Reporter of
   Tennessee*

SEAN D. REYES
*Attorney General of Utah*

PATRICK MORRISEY
*Attorney General of West Virginia*

BRAD D. SCHIMEL
*Attorney General of Wisconsin*

BILL SCHUETTE
*Attorney General for the People of
   Michigan*

DREW SNYDER
*Counsel for the Governor of Mississippi*

PAUL R. LEPAGE
*Governor of Maine*

ROBERT C. STEPHENS
*Counsel for the Governor of North
   Carolina*

TOM C. PERRY
CALLY YOUNGER
*Counsel for the Governor of Idaho*

**CERTIFICATE OF SERVICE**

  I certify that I served a copy of this pleading on the following counsel for the Defendants via this Court's CM/ECF system:

Adam Kirschner
Kyle R. Freeny
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 7126
Washington, D.C. 20001

Daniel David Hu
U.S. Attorney's Office
1000 Louisiana, Suite 2300
Houston, Texas 77002

            /s/ Andrew S. Oldham
            ANDREW S. OLDHAM