UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 1:14-CV-254 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PROPOSED DEFENDANT-INTERVENORS'
MOTION TO INTERVENE AS DEFENDANTS**

Proposed defendant-intervenors are three individual undocumented immigrants who seek to intervene as defendants in this matter in order to oppose Plaintiffs' suit to enjoin the deferred action guidance issued on November 20, 2014 by the Secretary of Homeland Security ("Secretary").[1] Movants seek intervention as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or, in the alternative, permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B). Their motion to intervene should be denied because they fail to meet the requirements for intervention. Specifically, they assert no legally-protectable interest in being considered for deferred action or work authorization, and Defendants are fully capable of defending their interests with respect to the challenged guidance. Moreover, because movants cannot demonstrate that the Government's representation of their interests is inadequate, permissive intervention is also not appropriate; to the extent movants disagree with the

---

[1] *See* Mem. from Jeh Charles Johnson, Sec'y of Homeland Security, to León Rodriguez, Director, USCIS, *et al.*, *Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children and with Respect to Certain Individuals Who Are the Parents of U.S. Citizens or Permanent Residents* at 2 (Nov. 20, 2014) ("2014 Deferred Action Guidance") (Defs.' Ex. 7) [ECF No. 38-7].

Government's litigation tactics, amici participation would be appropriate. Accordingly, the motion to intervene should be denied.

## ARGUMENT

### I. Proposed Intervenors Are Not Entitled to Intervene as of Right

Federal Rule of Civil Procedure 24(a)(2) permits intervention as of right to an individual with "claims of an interest relating to the property or transaction that is the subject of the action" where "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A potential intervenor must demonstrate, *inter alia*, that his or her interest "is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene" and that the current parties "do not adequately represent the potential intervener's interest." *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004) (quoting *Doe v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001)). If the potential intervenor fails to meet any of the requirements for intervention as of right, then the motion should be denied. *Bush v. Viterna*, 740 F.2d 350, 354 (5th Cir. 1984) (per curiam).

To show he or she has an actual "interest," a potential intervenor's interest must be "direct, substantial, [and] legally protectable." *Saldano*, 363 F.3d at 551 (internal citation and quotation marks omitted). This requirement means that the "interest [must] be one which the *substantive* law recognizes as belonging to or being owned by the applicant." *Id.* (emphasis in original) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984) (en banc)).

Proposed intervenors here claim interests in the Secretary's guidelines under which certain parents of U.S. citizens or LPRs will be able to request deferred action ("DAPA"),

including "maintain[ing] their eligibility for consideration for deferred actions" and eligibility for work authorization (although none of the proposed intervenors actually asserts an intent to apply for DAPA).  Prop. Interv. Mot. at 9-10; *see also* Decls. of Jane Does #1-3.  Movants do not have a cognizable interest in this litigation because they do not have a legally protectable interest in federal immigration officials' consideration of any requests that they may file for deferred action.  *See Velasco-Gutierrez v. Crossland*, 732 F.2d 792, 797-98 (10th Cir. 1984) (aliens have no "entitlement" or "substantive [liberty] interest" in being considered for deferred action status); *Adetiba v. Ashcroft*, No. 3:02-CV-0130-BF, 2002 WL 236665, at *5 (N.D. Tex. Jan. 30, 2002) ("Aliens do not enjoy constitutionally protected interests in either the adjustment of immigration status or 'deferred action' by the INS.").  Movants themselves concede that the challenged policy here "provides guidelines for the application of prosecutorial discretion" and therefore "does not confer any 'substantive right, immigration status or pathway to citizenship' and 'may be terminated at any time at the agency's discretion.'"  Prop. Interv. Mot. at 2 (quoting 2014 Deferred Action Guidance).  That concession alone should end the analysis.[2]

In addition, to the extent that proposed intervenors have a stake in the outcome of this suit, Defendants will adequately represent those interests.  "[W]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance."  *Bush v. Viterna*, 740 F.2d at 355 (quoting *International Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir.1978)).  This

---

[2] Plaintiffs argue in their opposition to the motion to intervene that the Secretary's guidance concerning the exercise of deferred action vests movants with a cognizable right not to be subject to removal, *see* Pls.' Opp. to Prop. Interv. Mot. at 4 [ECF No. 131], but that argument is incorrect as a matter of law. Movants have neither a right under the statute to challenge the Secretary's discretionary decision not to grant deferred action, *see Reno v. Am.-Arab Anti-Discrimination Comm.* ("*AAADC*"), 525 U.S. 471, 483-84 (1999), nor a cognizable interest under the Due Process Clause in challenging the agency's decisions whether or not to pursue removal, *see Velasco-Gutierrez*, 732 F.2d at 798.

presumption applies with special force where a governmental unit has appeared to defend the legality of its own policies. *See id.*; *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Proposed intervenors here are seeking to intervene to uphold the lawfulness of the challenged deferred action policy, which is the same objective as Defendants'.[3] And the proposed intervenors have not shown any "adversity of interest, collusion, or nonfeasance." *Bush v. Viterna*, 740 F.2d at 355. At most, they speculate that Defendants may "potential[ly] fail[] to advance certain arguments," Prop. Interv. Mot. at 13. But anticipated disagreements with the government's litigation strategy cannot support a claim of intervention as of right under Rule 24(a)(2). *See Wisc. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 649 (7th Cir. 2013) ("[B]y their own admission, the Employees have exactly the same goal as the state . . . [but] rely largely on post-hoc quibbles with the state's litigation strategy. This does not provide the conflict of interest necessary to render the state's representation inadequate."). For this additional reason, intervention as of right should be denied.

## II.   Permissive Intervention Should Also Be Denied

In its discretion, a court may permit intervention where an individual "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention "is wholly discretionary with the [district] court ... even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *New Orleans Pub. Serv., Inc.*, 732 F.2d at 470-71 (internal quotation marks and citation omitted). Permissive intervention may be granted where the potential intervenor

---

[3] *Cf. Villas at Parkside Partners v. City of Farmers Branch*, 245 F.R.D. 551, 555 (N.D. Tex. 2007) (concluding that the interests of immigration advocacy group in the continued enforcement of city ordinance could be adequately represented by the city's attorneys who were seeking to uphold and enforce the specific ordinance); *United States v. Texas Educ. Agency (Lubbock Indep. School Dist.)*, 138 F.R.D. 503, 506 (N.D. Tex. 1991) ("Insofar as adversity of interest, the Proposed Intervenors have admitted that their ultimate goal is a desegregated school system. That also is the ultimate goal of the Government.").

timely files a motion, has a claim or defense that shares a common question of law or fact with the main action, and his or her intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *See League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n. 2 (5th Cir. 1989). An additional factor to be considered for determining permissive intervention is whether proposed intervenors are adequately represented by other parties. *Texas Educ. Agency*, 138 F.R.D. at 508 (denying permissive intervention because intervenors had not overcome presumption of adequate representation on the part of the government).

Here, proposed intervenors have not shown that the government is unable to adequately represent their interest in defending the legality of the 2014 Deferred Action Guidance. Rather, they claim that the primary purpose of their intervention would be to show that undocumented immigrants possess "a direct and personal stake in the outcome of this case." Prop. Interv. Mot. at 14. To be sure, the proposed intervenors have a distinct and valuable perspective on the humanitarian consequences of granting Plaintiffs the relief they seek. *Cf. Arizona v. United States*, 132 S. Ct. 2492, 2499 (2012) ("Discretion in the enforcement of immigration law embraces immediate human concerns."). But movants can readily convey this unique perspective to the Court in an appropriate amicus filing, as others representing similarly-situated undocumented immigrants have done in this case, *see Amici Curiae* Brief of American Immigration Council, et al. at 9-15 [ECF No. 39-1], which is in keeping with the practice of other courts in this Circuit. *See*, *e.g.*, *Texas Educ. Agency*, 138 F.R.D. at 508 (denying motion to intervene but permitting proposed intervenor to file an amicus curiae brief); *City of Farmers Branch*, 245 F.R.D. at 555 (denying permissive intervention but allowing advocacy group to

seek leave to file as amicus). Accordingly, movants' request for permissive intervention should be denied as well.

## CONCLUSION

The motion to intervene should be denied and the movants should be permitted to file a brief as *amici curiae*.

Dated: February 3, 2015                         Respectfully submitted,

KENNETH MAGIDSON                                JOYCE R. BRANDA
United States Attorney                          Acting Assistant Attorney General

DANIEL DAVID HU                                 KATHLEEN R. HARTNETT
Assistant United States Attorney                Deputy Assistant Attorney General
Deputy Chief, Civil Division

                                                DIANE KELLEHER
                                                Assistant Branch Director,
                                                Federal Programs Branch

                                                  */s/ Kyle R. Freeny*
                                                KYLE R. FREENY (Cal. Bar No. 247857)
                                                Attorney-in-Charge
                                                HECTOR G. BLADUELL
                                                BRADLEY H. COHEN
                                                ADAM D. KIRSCHNER
                                                JULIE S. SALTMAN
                                                Civil Division, Federal Programs Branch
                                                U.S. Department of Justice
                                                P.O. Box 883
                                                Washington, D.C. 20044
                                                Tel.: (202) 514-5108
                                                Fax: (202) 616-8470
                                                Kyle.Freeny@usdoj.gov

                                                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the Defendants' Opposition to Proposed Defendant-Intervenor's Motion to Intervene as Defendant has been delivered electronically on February 3, 2015, to all counsel of record through the court's ECF system.

                                            */s/ Kyle R. Freeny*
                                            Counsel for Defendants