

February 23, 2015

*Via CM/ECF*

The Honorable Andrew S. Hanen
600 East Harrison Street, #101
Brownsville, Texas 78520

Re:  *Texas v. United States*, No. 1:14-cv-254 (S.D. Tex.)

Dear Judge Hanen:

   The Plaintiff States write to oppose Defendants' request for expedited consideration of their motion filed today to stay the Court's preliminary injunction pending appeal. *See* Dkt. No. 150 at 7. As this Court found, Defendants have no emergency need to take applications for benefits under the new program. Mem. Op. & Order (Dkt. No. 145) at 118-21. Defendants have implicitly recognized as much, by waiting a full week from the preliminary injunction to file this stay motion. Indeed, if Defendants had any compelling claim of a looming, irreversible harm from temporary injunctive relief, they would have featured it previously. They had ample time to do so: Plaintiffs requested a preliminary injunction on December 4, some six weeks before this Court's January 15 motion hearing.

   Defendants are not enjoined from setting enforcement priorities and marshaling their assets. *Id.* at 123. Rather, Defendants simply take issue with this Court's conclusions, such as:

- the Plaintiff States "have clearly proven a likelihood of success on the merits";
- "there will be no effective way of putting the toothpaste back in the tube" if Defendants' program is not enjoined until a final resolution of its lawfulness;
- "any injury to Defendants, even if DAPA is ultimately found lawful, will be insubstantial in comparison to Plaintiffs' injuries" should the program take effect;
- temporarily enjoining Defendants' program will "merely preserve the status quo that has always existed"; and
- "[i]f the circumstances underlying this case do not qualify for preliminary relief to preserve the status quo, this Court finds it hard to imagine what case would."

*Id.* at 112, 116, 117, 120, 121. Defendants' desire to relitigate these issues does not justify a deviation from the Court's normal briefing schedule, which would allow Plaintiffs 20 days to respond. Court Civ. Proc. 6(C). At the very least, Plaintiffs should be allowed to respond within the same seven days that Defendants enjoyed to prepare their motion after the preliminary injunction issued. It is unreasonable to demand that Plaintiffs respond, and the Court rule on the motion, in under three days.

                                                          Sincerely,

                                                          /s/ Angela V. Colmenero
                                                          ANGELA V. COLMENERO
                                                          Assistant Attorney General
                                                          *Counsel for Plaintiffs*

cc: All counsel of record via CM/ECF