IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | Case Number: 1:14-cv-00254 (ASH) | |
| ) | | |
| v. ) | | |
| ) | | |
| UNITED STATES OF AMERICA, *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

## AMICUS CURIAE BRIEF OF JUDICIAL WATCH, INC.

Amicus Curiae Judicial Watch, Inc., by counsel, respectfully submits this brief in opposition to Defendants' Emergency Expedited Motion. Judicial Watch states as follows:

### STATEMENT OF THE ISSUES

Whether this Court should stay its preliminary injunction and, in doing so, destroy the status quo.

### SUMMARY OF THE ARGUMENT

This Court has already ruled that preserving the status quo is important. It should not waiver from that ruling.

### ARGUMENT

**I.     The Preliminary Injunction Preserved the Status Quo.**

In its February 16, 2015 decision preliminarily enjoining the implementation of the Deferred Action for Parents of American and Lawful Permanent Residents ("DAPA") program, the Court determined that it was important to preserve the status quo. *Texas v. U.S.*, 2015 U.S. Dist. LEXIS 18551, **205-210 (S.D. Tx. Feb. 16, 2015). First, the Court concluded that even with the preliminary injunction in place, "DHS may continue to prosecute or not prosecute []

EXHIBIT A

illegally-present individuals, as current laws dictate. This has been the status quo for *at least* the last five years." *Id*. Second, the Court found, "If the preliminary injunction is denied, Plaintiffs will bear the costs of issuing licenses and other benefits once DAPA beneficiaries – armed with Social Security cards and employment authorization documents – seek those benefits." *Id*. Third, the Court noted that once DAPA beneficiaries received benefits and services from the states, there is no effective way to "put[] the toothpaste back in the tube" should Plaintiffs ultimately prevail on the merits. *Id*. The Court has already ruled that preserving the status quo is important. It should not waiver from that ruling.

## II.     Preservation of the Status Quo Is of Great Importance When Benefits And Services Are At-Issue.

Defendants' argument that grants of deferred action can be revoked at any time and can readily be reversed misses the forest for the trees. As this Court found, a DAPA beneficiary does not only receive a promise that he will not be deported but also receives the opportunity to apply for numerous benefits and services, such as the authority to work and driver's licenses.

Because granting Defendants' emergency, expedited motion would allow millions of individuals to begin applying for benefits and services they otherwise would not be able to receive, the recent admonition by U.S. Supreme Court Justices Thomas and Scalia after the Court denied a stay that failed to preserve the status quo is pertinent. In *Strange v. Searcy*, the Supreme Court denied a stay of a federal injunction preventing the Attorney General of Alabama from enforcing several provisions of Alabama law defining marriage as a legal union of one man and one woman pending review by the Court. The Court ultimately denied the stay, requiring Alabama to begin issuing marriage licenses for same-sex unions. As a result, individuals undoubtedly have begun receiving licenses, benefits, and services that they otherwise would not be eligible to receive. If Alabama is to succeed on the merits, it will be required to void

marriages and retract all benefits and services provided as a result of the marriages. In objecting to the denial of the stay, Justices Thomas and Scalia wrote:

> The [Supreme] Court look[ed] the other way as yet another Federal District Judge casts aside state laws without making any effort to preserve the status quo pending the Court's resolution of a constitutional question . . . This acquiescence may well be seen as a signal of the Court's intended resolution of that question. This is not the proper way to discharge our Article III responsibilities. And, it is indecorous for this Court to pretend that it is.

574 U.S. __, 2015 U.S. LEXIS 912, **3-4 (Feb. 9, 2015) (Thomas, J., dissenting).

This Court should reaffirm the importance of preserving the status quo until a final resolution on the merits is reached. *See Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014) ("A stay pending appeal 'simply suspends judicial alteration of the status quo.'" (*quoting Nken v. Holder*, 556 U.S. 418, 429 (2009)); *see also Dayton Board of Education v. Brinkman*, 439 U.S. 1358, 1359 (1978) ("[T]he maintenance of the status quo is an important consideration in granting a stay."); *Houchins v. KQED, Inc.*, 429 U.S. 1341, 1346 (1977) ("[T]he preservation of that status quo is an important factor favoring a stay."). If the Court were to grant Defendants' motion, it would cast aside immigration laws passed by Congress and signed by the President. These laws have been in place for almost 30 years. In seeking a stay, Defendants fail to demonstrate why destroying 30 years of status quo and undermining duly enacted laws is necessary at this immediate date. None of the reasons cited by Defendants in their motion answer the question: why today? The Court should not discharge its Article III responsibilities by acquiescing to the unsubstantiated pleas of Defendants. It should deny the motion.

- 4 -

## CONCLUSION

      For the foregoing reasons, Defendants' Emergency Expedited Motion should be denied.

Dated:  February 25, 2015

                    Respectfully submitted,

                    By: /s/ Mitchell L. Herren
                    Mitchell L. Herren, TX Bar # 24052765
                    HINKLE LAW FIRM LLC
                    8621 East 21st Street North, Suite 200
                    Wichita, KS  67206-2991
                    Telephone: 316-267-2000
                    Facsimile: 316-630-8375
                    E-mail: mherren@hinklaw.com

                    *Attorney for Judicial Watch, Inc.*