IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

STATE OF TEXAS, et al.

    *Plaintiffs,*

v.                                     CASE No. 1:14-CV-00254

UNITED STATES OF AMERICA, et al.,

    *Defendants.*

_____

**MOTION FOR LEAVE TO PARTICIPATE AS *AMICI CURIAE* IN OPPOSITION TO DEFENDANTS' EMERGENCY EXPEDITED MOTION TO STAY THE PRELIMINARY INJUNCTION BY THE AMERICAN CENTER FOR LAW & JUSTICE AND THE COMMITTEE TO DEFEND THE SEPARATION OF POWERS**

Movants, American Center for Law & Justice ("ACLJ") and the Committee to Defend the Separation of Powers, listed *infra*, respectfully move this court for leave to participate as amici curiae and file a brief in opposition to Defendants' Emergency Expedited Motion to stay the preliminary injunction. A copy of the proposed brief has been submitted with this motion. This Court previously granted Movants leave to participate as *amici* in support of the Plaintiffs motion for the preliminary injunction [ECF No. 29].

I. **DISTRICT COURTS HAVE AUTHORITY TO ACCEPT AMICUS BRIEFS.**

Federal district courts possess the inherent authority to accept amicus briefs.

*In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006) ("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."); *United States ex rel. Gudur v. Deloitte Consulting Llp*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007) ("The extent to which the court permits or denies amicus briefing lies solely within the court's discretion."). "No statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an amicus brief, . . . And in the absence of controlling authority, district courts commonly refer to [Federal Rule of Appellate Procedure] 29 for guidance." *Gudur*, 512 F. Supp. 2d at 927. *Amici's* role is to assist the court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *N.A.A.C.P. v. Town of Harrison*, 940 F.2d 792, 808 (3d Cir. 1991). This authority supports the Court's exercise of its discretion to accept this amici brief.

## II. INTEREST OF THE MOVANTS.

Movant, the American Center for Law & Justice ("ACLJ"), is an organization dedicated to defending constitutional liberties secured by law. ACLJ attorneys have argued before the Supreme Court of the United States and other federal and state courts in numerous cases involving constitutional issues. *E.g.*, *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009); *Lamb's Chapel v. Ctr.*

*Moriches Union Free Sch. Dist.*, 508 U.S. 384 (1993). The ACLJ has been active in advocacy and litigation concerning the need for strong and secure borders in addition to immigration reform passed by Congress, as Article I of the Constitution requires. The ACLJ previously filed an amicus curiae brief defending the constitutional principles of federalism and separation of powers in the realm of immigration law in *Arizona v. United States*, 132 S. Ct. 2492 (2012).

Movant, the Committee to Defend the Separation of Powers represents over 158,000 Americans who have stood against the Defendants' actions as an affront to the integrity of the Constitution. These individuals are also, as Plaintiffs' have argued in their motion, negatively impacted by Defendants' action and thus maintain an interest in seeing that the preliminary injunction stay in place to preserve the status quo.

Movants believe they can offer this Court information or perspective that will assist it in deciding the pending issues. Therefore, Movants respectfully submit that their participation as amici curiae will aid the Court in resolving this case and request that this Court grant their motion for leave to appear as amici curiae and to accept for filing their amici curiae brief.

### III.  MOVANTS' BRIEF IS USEFUL TO THE DISPOSITION OF THE ISSUES BEFORE THE COURT.

Movants explain in their brief that Defendants' emergency expedited motion should be denied because Defendants will suffer no harm in the absence of a stay,

*Moriches Union Free Sch. Dist.*, 508 U.S. 384 (1993). The ACLJ has been active in advocacy and litigation concerning the need for strong and secure borders in addition to immigration reform passed by Congress, as Article I of the Constitution requires. The ACLJ previously filed an amicus curiae brief defending the constitutional principles of federalism and separation of powers in the realm of immigration law in *Arizona v. United States*, 132 S. Ct. 2492 (2012).

Movant, the Committee to Defend the Separation of Powers represents over 158,000 Americans who have stood against the Defendants' actions as an affront to the integrity of the Constitution. These individuals are also, as Plaintiffs' have argued in their motion, negatively impacted by Defendants' action and thus maintain an interest in seeing that the preliminary injunction stay in place to preserve the status quo.

Movants believe they can offer this Court information or perspective that will assist it in deciding the pending issues. Therefore, Movants respectfully submit that their participation as amici curiae will aid the Court in resolving this case and request that this Court grant their motion for leave to appear as amici curiae and to accept for filing their amici curiae brief.

### III.  MOVANTS' BRIEF IS USEFUL TO THE DISPOSITION OF THE ISSUES BEFORE THE COURT.

Movants explain in their brief that Defendants' emergency expedited motion should be denied because Defendants will suffer no harm in the absence of a stay,

issuing the stay will substantially harm the Plaintiffs, and the status quo preserved by the preliminary injunction should remain until a final decision is reached on the merits.

## IV. CONCLUSION.

Movants respectfully request that this Court grant this motion, allow them to participate as amici curiae, and accept for filing the amici curiae brief submitted with this motion.

Respectfully submitted on this Tuesday, March 3, 2015,

| | |
|---|---|
| JAY ALAN SEKULOW[†] | AMERICAN CENTER FOR LAW & JUSTICE |
| *Attorney-in-Charge* | 201 Maryland Ave., NE |
| DC Bar No. 496335 | Washington, DC 20002 |
| DAVID FRENCH* | Phone: (202) 546-8890 |
| JORDAN SEKULOW* | Fax: (202) 546-9309 |
| TIFFANY BARRANS* | |
| MILES TERRY* | |
| JOSEPH WILLIAMS* | |

[†] Admitted pro hac vice
\* Not admitted in this jurisdiction

*Attorneys for Amici Curiae*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 3, 2015, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system which sent notification of such filing to the counsel of record for Plaintiffs and Defendants, who are registered users of the CM/ECF system.

                                               */s/* Jay Alan Sekulow
                                               JAY ALAN SEKULOW
                                                  *Attorney-in-Charge*
                                                   DC Bar No. 496335
                                              AMERICAN CENTER FOR
                                                    LAW & JUSTICE
                                              201 Maryland Ave., N.E.
                                              Washington, D.C. 20002
                                              Phone: (202) 546-8890
                                              Fax: (202) 546-9309
                                              sekulow@aclj.org