# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

**STATE OF TEXAS, et al.**

  *Plaintiffs,*

v.             **CASE No. 1:14-CV-00254**

**UNITED STATES OF AMERICA, et al.,**

  *Defendants.*

_____

*AMICI CURIAE* **BRIEF OF THE AMERICAN CENTER FOR LAW & JUSTICE AND THE COMMITTEE TO DEFEND THE SEPARATION OF POWERS IN OPPOSITION TO DEFENDANTS' EMERGENCY EXPEDITED MOTION TO STAY THE PRELIMINARY INJUNCTION**

JAY ALAN SEKULOW[†]
 *Attorney-in-Charge*
 DC Bar No. 496335
DAVID FRENCH*
JORDAN SEKULOW*
TIFFANY BARRANS*
MILES TERRY*
JOSEPH WILLIAMS*

AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Ave., NE
Washington, DC 20002
Phone: (202) 546-8890
Fax: (202) 546-9309

      Asdd A

[†] Admitted pro hac vice
* Not admitted in this jurisdiction

*Attorneys for Amici Curiae*

## INTEREST OF *AMICI*[1]

*Amici* are committed to the constitutional principle of separation of powers, which is jeopardized by Defendants' unconstitutional and unprecedented directive relating to immigration. *Amici* are concerned by the injury to this principle, and the public interest, that would occur if the preliminary injunction issued in this case were stayed.

## STATEMENT OF ISSUE TO BE RULED UPON BY THE COURT

The issue before the Court is whether to grant Defendants' Emergency Expedited Motion to stay [ECF No. 147] this Court's February 16, 2015 Order preliminarily enjoining Defendants from "implementing any and all aspects or phases" of deferred action for the parents of U.S. citizens or lawful permanent residents ("DAPA") and modifying existing guidelines for deferred action for some individuals who came to the United States as children ("modified DACA") [ECF No. 145].

## SUMMARY OF ARGUMENT

Defendants' emergency expedited motion should be denied because Defendants will suffer no harm in the absence of a stay, issuing the stay will substantially harm the Plaintiffs, and the status quo preserved by the preliminary

---

[1] No counsel for any party in this case authored this brief in whole or in part. No person or entity aside from the ACLJ, its members, or its respective counsel made a monetary contribution to the preparation or submission of this brief.

1

injunction should remain until a final decision is reached on the merits.

Fundamental constitutional freedoms and principles are at stake in this case. To protect the rule of law and the separation of powers, this court should deny Defendants' emergency expedited motion for a stay pending appeal.

## ARGUMENT

There are four factors to consider in evaluating Defendants' request for a stay pending appeal: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant will be irreparably harmed if the stay is not granted; (3) whether issuance of a stay will substantially harm the other parties; and (4) whether granting the stay serves the public interest. *See Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013).

### I.     Defendants Will Suffer No Harm If the Stay is Denied.

Defendants argue that the Government will suffer irreparable harm absent a stay. *See* Defendants' Emergency Expedited Motion at 10 [ECF No. 150]. But this Court has already concluded that the Government is free to "continue to prosecute or not prosecute . . . illegally-present individuals, as current laws dictate." Mem. Op. & Order ("Op.") at 119 [ECF No. 145]. Defendants are free to maintain border security, to enforce every immigration law passed by Congress and signed by the President, and all immigration regulations, except for DAPA and modified DACA.

2

As these *amici* argued in their Brief In Support of Plaintiffs' Motion for Preliminary Injunction [ECF No. 31], "Congress has plenary power over immigration,[2] and [the Supreme Court] has said that 'over no conceivable subject is the legislative power of Congress more complete than it is over' immigration." *Id.* at 4 (quoting *Reno v. Flores*, 507 U.S. 292, 305 (1993)). The President and the Executive Branch have the constitutional obligation to faithfully execute laws. U.S. Const. Art. II, § 3. Though this Court reserved decision on the constitutional principles, *amici* maintain their constitutional arguments and the Defendants' abuse of prosecutorial discretion. Upholding these principles preserves the Constitution and does no harm to Defendants; as this Court held, Defendants are not enjoined from setting immigration enforcement priorities or determining how to use their limited resources in carrying out these enforcement priorities. Op. at 123 [ECF No. 145]. Therefore, denying the stay will cause no harm to Defendants.

**II.     Issuing the Stay Will Substantially Harm Plaintiffs and Runs Counter to the Public Interest.**

In granting the preliminary injunction, this Court concluded that "there will be no effective way of putting the toothpaste back in the tube" if DAPA and modified DACA were not enjoined until a final decision is reached on the merits.

---

[2] *See, e.g.*, *Sale v. Haitian Council, Inc.*, 509 U.S. 155, 201 (1993) ("Congress . . . has plenary power over immigration matters."); *INS v. Chadha*, 462 U.S. 919, 940-41 (1983) ("The plenary authority of Congress over aliens under Art. I, § 8, cl. 4, is not open to question."); *Boutilier v. INS*, 387 U.S. 118, 123 (1967) (same).

3

Op. at 116 [ECF No. 145]. If this injunction were to be stayed, Plaintiffs would be substantially harmed, in addition to any immigrants who began the application processes under DAPA or modified DACA. As this Court recognized, "it is clear that the DHS Directive will . . . affect state programs" and, therefore, implementation of the Government's DAPA and modified DACA plans will substantially harm Plaintiffs in addition to bringing harm to the very people Defendants claim to want to help. Op. at 24 [ECF No. 145]. In other words, the harm begins as soon as the program begins. Moreover, by harming the general public, the States, and the applicants for DAPA and modified DACA, issuing a stay on the injunction would run counter to public interest.

This Court found these injuries to be real and problematic because Plaintiffs have only two options when confronting DAPA and modified DACA: "full compliance with a [legally] challenged action or a drastic restructure of a state program" that could be forcibly rolled back in the future once this litigation is resolved. Op. at 27 [ECF No. 145]. If Defendants were allowed to begin implementing DAPA and modified DACA, two programs that could be invalidated by subsequent court decisions on the merits, substantial harm would come to Plaintiffs and the immigrant communities Defendants allege these programs help.

## CONCLUSION

Defendants have failed to show that any of the factors for granting a stay

4

weigh in their favor. Defendants have not demonstrated a likelihood of success on the merits, and the preliminary injunction poses no harm to Defendants, while issuing the stay will harm Plaintiffs and the immigrant communities who may apply for DAPA and modified DACA. Our constitutional system enshrines the fundamental principles of separation of powers and checks and balances in order to preserve fairness and freedom for all Americans and all communities that make up the diverse fabric of our nation. Denying this motion will ensure these principles are preserved. The Court should deny Defendants' Emergency Expedited Motion to Stay the Preliminary Injunction pending appeal.

Respectfully Submitted,

| | |
|---|---|
| JAY ALAN SEKULOW[†]<br>  *Attorney-in-Charge*<br>  DC Bar No. 496335<br>DAVID FRENCH*<br>JORDAN SEKULOW*<br>TIFFANY BARRANS*<br>MILES TERRY*<br>JOSEPH WILLIAMS* | AMERICAN CENTER FOR LAW & JUSTICE<br>201 Maryland Ave., NE<br>Washington, DC 20002<br>Phone: (202) 546-8890<br>Fax: (202) 546-9309<br><br>*Attorneys for Amici Curiae* |

[†] Admitted pro hac vice
\* Not admitted in this jurisdiction

5

# CERTIFICATE OF SERVICE

 I hereby certify that on March 3, 2015, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system which sent notification of such filing to the counsel of record for Plaintiffs and Defendants, who are registered users of the CM/ECF system.

       */s/* Jay Alan Sekulow
       JAY ALAN SEKULOW
        *Attorney-in-Charge*
        DC Bar No. 496335
       AMERICAN CENTER FOR
        LAW & JUSTICE
       201 Maryland Ave., N.E.
       Washington, D.C. 20002
       Phone: (202) 546-8890
       Fax: (202) 546-9309
       sekulow@aclj.org