UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.* | ) |
| Plaintiffs, | ) |
| | ) No. 1:14-cv-254 |
| v. | ) |
| UNITED STATES OF AMERICA, *et al.* | ) |
| Defendants. | ) |

**DEFENDANTS' ADVISORY**

Defendants file this Advisory to inform the Court of certain actions that U.S. Citizenship and Immigration Services ("USCIS") took pursuant to the November 20, 2014 deferred action memorandum at issue in this case before the Court issued its preliminary injunction on February 16, 2015. Defendants do not believe that the preliminary injunction requires them to take any affirmative steps concerning those pre-injunction actions, but Defendants nevertheless wish to ensure that the Court is fully aware of those actions.

On February 16, 2015, the Court granted Plaintiffs' Motion for Preliminary Injunction and enjoined Defendants from implementing "any and all aspects or phases" of Deferred Action for Parents of Americans and Lawful Permanent Residents ("DAPA"). Order of Temporary Inj. ("Order") at 1 [ECF No. 144]. The Court also enjoined "any and all aspects or phases of the expansions (including any and all changes)" to Deferred Action of Childhood Arrivals ("modified DACA"), as set forth in the memorandum issued by the Secretary of Homeland Security on November 20, 2014 ("Deferred Action Guidance"). *Id.* at 2.

1

The changes to DACA set forth in the Deferred Action Guidance and referenced in the Court's Order included two separate expansions of the substantive eligibility guidelines for DACA:  first, removal of the existing age cap of 31; and second, adjustment of the relevant date by which an individual must have been in the United States from June 15, 2007, to January 1, 2010.  *See* Deferred Action Guidance at 4 [ECF No. 38-7].  The third change involved adjusting the period of deferred action under DACA from two to three years.  *Id.* at 3.  By the terms of the Guidance, this last change applied not only to individuals eligible for DACA under the newly expanded guidelines, but also (as of November 24, 2014) to individuals already eligible for DACA under the original 2012 guidelines.  *Id.*  Plaintiffs do not challenge, and the Court did not enjoin, the original DACA guidelines issued on June 15, 2012.  *See* Mem. Op. & Order ("Op.") at 5 [ECF No. 145].

In response to the Court's Order of February 16, 2015, Defendants immediately took steps to cease implementation of DAPA and modified DACA, and believe they have done so.  Defendants have not begun accepting or considering any requests for deferred action under the substantive eligibility guidelines set forth in the Guidance, including the expanded guidelines for modified DACA (*i.e.*, removal of the age cap and the adjustment of the date by which an individual must have been in the United States) – consideration that was otherwise to begin on February 18, 2015.  USCIS also immediately ceased providing *three-year* grants of deferred action, as well as three-year Employment Authorization Documents (EADs), to individuals whose requests were approved under the original 2012 DACA guidelines.[1]

---

[1] For any requests for deferred action submitted under the original 2012 DACA guidelines that have been or will be approved following issuance of the preliminary injunction but for which EADs have not yet issued, USCIS will issue periods of deferred action and EADs only for the two-year period set forth in the original 2012 DACA guidelines.

Out of an abundance of caution, however, Defendants wish to bring one issue to the Court's attention. Specifically, between November 24, 2014 and the issuance of the Court's Order, USCIS granted three-year periods of deferred action to approximately 100,000 individuals who had requested deferred action under the *original* 2012 DACA guidelines (and were otherwise determined to warrant such relief), including the issuance of three-year EADs for those 2012 DACA recipients who were eligible for renewal. These pre-injunction grants of three-year periods of deferred action to those already eligible for 2012 DACA were consistent with the terms of the November Guidance. Deferred Action Guidance at 3; *see also* Neufeld Decl. ¶ 12 n.6 ("Pursuant to the November 20, 2014 memo issued by Secretary Johnson, as of November 24, 2014, all first-time DACA requests and requests for renewal now receive a three-year period of deferred action.") [ECF No. 130-11]. Defendants nevertheless recognize that their identification of February 18, 2015, as the date by which USCIS planned to accept requests for deferred action under the new and expanded DACA eligibility guidelines, and their identification of March 4, 2015, as the earliest date by which USCIS would make final decisions on such expanded DACA requests, may have led to confusion about when USCIS had begun providing three-year terms of deferred action to individuals already eligible for deferred action under 2012 DACA. *See, e.g.*, Defs.' Mot. for Extension of Time to File Resp. to Pls.' Prelim. Inj. Reply Mem. at 3.

In light of these circumstances, Defendants file this Advisory to ensure that the Court is aware of these pre-injunction actions taken by USCIS. It is Defendants' understanding that the preliminary injunction does not require them to take affirmative steps to alter the status quo as it existed before the Court's Order. *Accord* Op. at 119. For this reason, Defendants do not understand the Order to require Defendants to take affirmative steps to revoke three-year periods

of deferred action and work authorization (and accompanying documents, including EADs) that were issued for recipients of deferred action under the original 2012 DACA eligibility guidelines prior to the Court's February 16, 2015 Order.[2]  Defendants nevertheless provide this Advisory to ensure that the Court is fully aware of Defendants' pre-injunction actions, in light of any potential confusion from the intersection of the enjoined Deferred Action Guidance, the 2012 DACA guidelines that remain in place, and Defendants' statements about when grants of DACA under the revised eligibility guidelines would begin taking place.

Dated:  March 3, 2015                    Respectfully submitted,

KENNETH MAGIDSON                         BENJAMIN C. MIZER
United States Attorney                   Acting Assistant Attorney General

DANIEL DAVID HU                          KATHLEEN R. HARTNETT
Assistant United States Attorney         Deputy Assistant Attorney General
Deputy Chief, Civil Division

                                         DIANE KELLEHER
                                         Assistant Branch Director

                                           /s/ Kyle R. Freeny
                                         KYLE R. FREENY (Cal. Bar No. 247857)
                                           Attorney-in-Charge
                                         Civil Division, Federal Programs Branch
                                         U.S. Department of Justice
                                         P.O. Box 883, Washington, D.C. 20044
                                         Tel.: (202) 514-5108 / Fax: (202) 616-8470
                                         Kyle.Freeny@usdoj.gov
                                         *Counsel for Defendants*

---

[2] Notably, the fact that pre-injunction grants of deferred action were issued for increments of three, rather than two, years does not have any present impact on the recipients' ability to remain in the country and work; successive two-year renewals for those eligible for 2012 DACA are authorized by the 2012 DACA guidelines not challenged in this litigation.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Advisory has been delivered electronically on March 3, 2015, to counsel of record via the District's ECF system.

                                                */s/ Kyle R. Freeny*
                                                Counsel for Defendants