UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, ET AL., | ) | CASE NO: 1:14-CV-00254 |
| | ) | |
| Plaintiffs, | ) | CIVIL |
| | ) | |
| vs. | ) | Brownsville, Texas |
| | ) | |
| UNITED STATES OF AMERICA, ET AL., | ) | Friday, December 19, 2014 |
| | ) | (10:05 a.m. to 10:22 a.m.) |
| Defendants. | ) | |

TELEPHONIC CONFERENCE

BEFORE THE HONORABLE ANDREW S. HANEN,
UNITED STATES DISTRICT JUDGE

Appearances:            See Next Page

Court Clerk:            Cristina Sustaeta

Court Recorder:         Rita Nieto

Law Clerks:             Katie Gray; Eleanor Mason

Transcribed by:         Exceptional Reporting Services, Inc.
                        P.O. Box 18668
                        Corpus Christi, TX 78480-8668
                        361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES FOR:**

Plaintiffs:　　　　　　　　ANDREW STEPHEN OLDHAM, ESQ.
　　　　　　　　　　　　　Texas Attorney General's Office
　　　　　　　　　　　　　P.O. Box 12548 (MC: 059)
　　　　　　　　　　　　　Austin, TX 78711-2548

　　　　　　　　　　　　　ARTHUR D'ANDREA, ESQ.
　　　　　　　　　　　　　Office of the Attorney General
　　　　　　　　　　　　　209 W. 14th St.
　　　　　　　　　　　　　7th Fl.
　　　　　　　　　　　　　Austin, TX 78701

Defendants:　　　　　　　　KYLE RENEE FREENY, ESQ.
　　　　　　　　　　　　　U.S. Dept. of Justice
　　　　　　　　　　　　　20 Massachusetts Ave.
　　　　　　　　　　　　　Washington, DC 20001

　　　　　　　　　　　　　DANIEL DAVID HU, ESQ.
　　　　　　　　　　　　　Office of the U.S. Attorney's Office
　　　　　　　　　　　　　1000 Louisiana
　　　　　　　　　　　　　Ste. 2300
　　　　　　　　　　　　　Houston, TX 77002

**Brownsville, Texas; Friday, December 19, 2014; 10:05 a.m.**

\*\* Telephonic Appearances

by Messrs. Oldham, D'Andrea Hu and Ms. Freeny \*\*

(Call to Order)

**THE COURT:** All right. This is Judge Hanen and we're on the record in B-14-254: *Texas versus United States*.

Who do I have on the line from Texas?

**MR. OLDHAM:** Good morning, your Honor. This is Andrew Oldham from the Texas Attorney General's Office.

**THE COURT:** All right.

**MR. D'ANDREA:** Arthur D'Andrea from the Texas Attorney General's Office.

**THE COURT:** All right, and who is on the line for the United States?

**MS. FREENY:** Good morning, your Honor. This is Kyle Freeny for the defendants from the Department of Justice Civil Division.

**MR. HU:** And Daniel Hu, Assistant U.S. Attorney, local counsel.

**THE COURT:** All right. I appreciate you-all jumping on the phone on short notice and I apologize. Normally when I have a conference call, Mr. Hu knows this, I'll do it in my library and obviously do it on the record with a court reporter. My court reporter is unavailable today so we're actually doing it in the courtroom so there may be a little

1 echo because it's being recorded.

2 Here's what I want a feel for, what you think is going to happen at our first hearing and I don't mean result wise obviously but I mean -- and I'll start with you, Mr. Oldham, how do you feel like -- when we have a hearing on this matter, what do you think is going to happen? What is your anticipation?

8 **MR. OLDHAM:** Yes, your Honor, and I would caveat this with we have not had a chance to discuss this with our friends of the Department of Justice but what we would anticipate is that the parties would be able to agree to a record, to a paper record, and that this could be done with a, you know, within arguments and with, you know, basically the pleadings that are before the Court and it could be done relatively expeditiously but obviously some of our response to that would hinge on what the Department of Justice says in its response.

17 **THE COURT:** And by that I'm interpreting you to mean and don't let me put words in your mouth if you don't mean this that you don't anticipate any testimony or witnesses testifying?

21 **MR. OLDHAM:** We would not. You know, if the United States was comfortable with that and we could agree to that then yes, we would be fine using just paper.

24 **THE COURT:** All right. Ms. Freeny, you or Mr. Hu, what's your thought?

1        **MS. FREENY:** Your Honor, I think we would agree that
2 plaintiff's motion can be resolved on legal issues and on the
3 record. There are jurisdictional issues but we think those can
4 be resolved on the papers without the need for testimony.
5        **THE COURT:** Okay. Well, let me -- let me tell you
6 what I'm thinking and if this proves problematic, you know,
7 I'll work with you on it.
8        I'm thinking of starting on January 9th at 10:00
9 o'clock obviously here in Brownsville.
10        Does that work a particular hardship on either side?
11        **MR. OLDHAM:** Your Honor, it certainly does not on our
12 end. The only equity or concern that we want to raise is we
13 don't have any really any information from the defendants with
14 respect to the speed with which this new federal program has
15 been or will be implemented and so we just, you know, the speed
16 with which we had attempted to litigate it on our side has been
17 dictated exclusively by our desire to preserve our right, our
18 legal rights in the court's remedial flexibility but assuming
19 that January 9th would not prejudice the plaintiff states in
20 their opportunity to have the claims resolved then, you know,
21 we can certainly move that quickly.
22        **THE COURT:** All right. Ms. Freeny?
23        **MS. FREENY:** Your Honor, I did want to ask one
24 question, whether -- whether that contemplated that plaintiff's
25 would file a reply to defendant's motion or, excuse me,

1  opposition.

2  **THE COURT:** Well, I would imagine they'll want to but

3  as Mr. Hu can tell you, I pretty freely let people file

4  whatever they feel a need to file. For instance, you know, if

5  you would want to file a reply to their reply I'm usually

6  allowing that and then obviously there would be some time

7  constraints on this but when do you -- do you feel you'll be

8  able to answer by the end of the year?

9  **MS. FREENY:** To answer? I don't think the defendants

10 have contemplated answering or otherwise responding to the

11 complaint because that deadline would be 60 days from the date

12 of service and we were served yesterday. However, your Honor,

13 in terms of responding to plaintiff's preliminary injunction

14 motion, yes, we had understood the response deadline under this

15 court's civil procedures was this coming Wednesday, December

16 24th, and had been preparing to file on that date.

17 **THE COURT:** Okay. That's what I meant. By answer I

18 meant respond.

19 **MS. FREENY:** And, your Honor, I think the January 9th

20 date, I mean although it would work for us except to the extent

21 that plaintiffs were -- are planning to file a reply under the

22 local rules on the 5th. I think that would be difficult for us

23 if they file on the 5th for us to sort of review that filing

24 and be prepared to respond to anything in it even at the

25 hearing on January 9th.

1   **THE COURT:** Okay. Here's what I want. Let's do
2   this. You're going to file your response on the 24th. Mr.
3   Oldham, if you're going to file a reply, I want it filed by
4   January 2nd and then Ms. Freeny, I will give you-all a week to
5   10 days to -- if you need it to file any kind of response to
6   their reply even given the fact I'm having the hearing on the
7   9th.
8   **MS. FREENY:** Okay.
9   **THE COURT:** Here's my thought on that and again I'm
10  soliciting your input here. I can't really imagine that
11  there's going to be any surprises. I mean to me it's almost a
12  straight out question of law on two fronts and maybe there are
13  more fronts than two but that's the way I'm viewing it so I'd
14  be shocked if, you know, the State of Texas in whatever reply
15  they file comes up with some entirely off the wall concept.
16  **MR. OLDHAM:** Your Honor, we -- I'm sorry.
17  **THE COURT:** Go ahead, Mr. Oldham.
18  **MR. OLDHAM:** We agree. The only -- the only wild
19  card to this if there is one is, you know, as Ms. Freeny
20  mentioned, jurisdictional objections that the United States may
21  have which could require you know, factual development through
22  declarations, for example, in the reply brief if that's what
23  the United States intends to raise in their opposition, so --
24  but on the merits we agree.
25  **THE COURT:** Well, here's what I'd like you to do Mr.

1  Oldham, if you feel like the United States has for lack of a
2  better term raised a fact issue in whatever they have filed,
3  you know, be sure and point that out in your appeal -- your
4  appeal -- your reply because we'll be looking at this and if
5  the -- if I feel like the Court needs to hear testimony what
6  I'll probably do is get you-all back on the phone and, you
7  know, give you a heads up and if we need to schedule -- if we
8  need to work with the schedule, change it somehow, we'll do it
9  at that point in time.
10          Does that work for both of you?
11          **MR. OLDHAM:** Yes, your Honor, that seems -- that's
12  reasonable.
13          **MS. FREENY:** Yes, your Honor, and I can say, you
14  know, obviously -- you know, I can't commit to precisely what
15  we're going to file until next Wednesday but my anticipation is
16  that the jurisdictional issues will not be actually sort of
17  disputes about fact that require credibility determinations but
18  will be about disputes about law and inferences to be drawn
19  from the fact.
20          **THE COURT:** All right.  Well, here's my thought just
21  so you know again what I'm thinking.  I'd prefer to start on
22  the 9th, which is a Friday if you-all haven't looked at your
23  calendars, thinking that we would not need testimony.  If it
24  looks like we need testimony I might -- I had a trial that's
25  kind of -- hold on just a second.

1        (Pause; clerk confers with judge)

2        **THE COURT:** All right.  I have a trial that's going
3 to start the 12th but it's really short trial or at least the
4 lawyers have told me that.  So I might bump the 9th to say like
5 the 14th so I'd have two or three days in a row if it looks
6 like we're going to hear testimony.  That's my thinking but as
7 we sit here today let's concentrate and let's think we're going
8 to go at 10:00 o'clock on the 9th.

9        My jury selection day is the 8th and we will be done
10 -- well, I'm not 100 percent positive because I won't know how
11 many juries I'll have to pick until earlier that week -- but
12 normally we're done by 2:00 in the afternoon picking juries.
13 If you need access to the courtroom just talk to my case
14 manager Cristi Sustaeta and she will arrange that for you.

15        We have rooms here at the -- at just outside kind of
16 anti-rooms just outside the main courtroom where you can leave
17 things and they will be there for you in the morning if you
18 need to do that.  I mean there's one for each side so if you --
19 if you feel the need to do that but just talk to Cristi and she
20 will work with you on that.

21        Let me for Mr. Oldham, and Mr. D'Andrea, and Ms.
22 Freeny's benefit, Mr. Hu's been in my court many times, I mean
23 my rules are pretty simple on most everything.  I do want you
24 to confer if there's some kind of motion to see if you can
25 reach an agreement on the motion, obviously on the merits

1 you're not going to agree on but as things work out obviously I
2 want you-all to have tried to work things out before you bring
3 an issue to me.
4 　　　　Any contact with the court is done through my case
5 manager not my law clerks or my secretary.  So go through
6 Cristi, she's the one to talk to and quite frankly she's
7 usually the most knowledgeable on anything you'll want to know
8 anyway so you're going straight to the source, and other than
9 that, you know, I see this as a fairly straight forward legal
10 argument.  If either side foresees something different you
11 could either call Cristi and arrange a phone call with me or,
12 you know, you can make a filing and give me a heads up that
13 way.  But other than that, counsel, I'll anticipate you seeing
14 -- we'll see you Friday morning the 9th at 10:00 o'clock.
15 　　　　**MR. OLDHAM:**  That's wonderful.
16 　　　　**THE COURT:**  Now before we -- before we hang up here
17 is there anything from the State of Texas that, you know, topic
18 you want to bring up while it's just us, the lawyers and the
19 judge on the phone?
20 　　　　**MR. OLDHAM:**  Your Honor, the only -- the only one and
21 it's the one I eluded to earlier is that, you know, we have
22 been operating under the assumption that, you know, based on
23 the speed with which we have filed this and the speed -- and
24 we're grateful for the speed in which the court can resolve the
25 matter -- that we absolutely protected our interests in this

1  and that there won't be any curve balls or surprises about, you
2  know, deferred action documents being issued, you know,
3  tomorrow or on the first of the year, but we have tried -- we
4  just wanted to make sure that the Court was aware of the things
5  that we have filed in our pleadings and have pointed out, that,
6  you know, the United States has hired a thousand employees in
7  the initial large processing center and that there are, you
8  know, there is a potential for I think for prejudice or at
9  least changing the calculus on the preliminary injunction
10 inquiry if the state of the playing field changes between now
11 and the 9th of January.
12         **THE COURT:** Okay.  Ms. Freeny, do you anticipate that
13 happening?
14         **MS. FREENY:** No, I do not, your Honor.  The agency
15 was directed to begin accepting requests for deferred action I
16 believe beginning sometime in -- by mid-February but even after
17 that we wouldn't anticipate any decisions on those for some
18 time thereafter.  So there -- I really would not expect
19 anything between now and the date of the hearing.
20         **THE COURT:** Mr. Oldham, let me bring one thing that
21 -- mechanical that concerns me about the plaintiffs and that is
22 I don't -- I don't have an exact count but we have like 24
23 states.  I would like you-all to get together with your co-
24 plaintiffs and, you know, either, you know, appoint one or two
25 lawyers to represent all of you-all.  Now that doesn't mean

1   that I'm going to cut people off from necessarily pointing out
2   things that may be unique to their states but, you know, I
3   don't see that it's a good use of judicial resources for me to
4   listen to 24 lawyers make the same argument.  So if you and
5   your co-plaintiffs would get together and, you know, come up
6   with a speaker team.
7   **MR. OLDHAM:**  Yes, your Honor, we certainly will do
8   that and we will do everything we possibly can to limit that to
9   a single speaker.  We agree that the state -- there are 24
10  states at this moment and we anticipate that we, you know, we
11  will have a single voice and there may be one extra that we may
12  not be able to obviate but we'll do everything we possibly can
13  to make it one.
14  **THE COURT:**  All right.  Ms. Freeny, do you foresee
15  anything or is there any topic you want to raise while it's
16  just us on the phone?
17  **MS. FREENY:**  Nothing I can think of, your Honor.
18  **THE COURT:**  We have a rule here locally that we don't
19  allow cell phones or computers, anything that records or
20  videotapes, and the reason we do that is we have so many
21  cooperating witnesses in our drug cases down here.  So if you-
22  all will make sure and give Cristi a list of your trial teams
23  she will make sure that the CSOs let them bring in whatever
24  they want to bring in.  All right?
25  **MR. OLDHAM:**  Yes, your Honor.

13

1 **THE COURT:** Okay. Well, I appreciate you-all
2 appearing on such short notice and we'll see you January 9th,
3 thank you.
4 **MS. FREENY:** Thank you, your Honor.
5 **MR. HU:** Thank you, your Honor.
6 **(Proceeding was adjourned at 10:22 a.m.)**

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____     March 6, 2015

TONI HUDSON, TRANSCRIBER