UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 1:14-cv-254 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' SUPPLEMENT TO EMERGENCY EXPEDITED MOTION TO STAY**

Defendants file this supplement to their Emergency Expedited Motion to Stay the Court's February 16, 2015 Order Pending Appeal ("stay motion") [ECF No. 150], to inform the Court that today they will seek a stay of this Court's preliminary injunction before the Fifth Circuit in light of the urgent circumstances and critical federal interests at issue, including Defendants' need to protect national security, public safety, and the integrity of the border. Defendants also wish to assure the Court that they take very seriously the Court's March 9, 2015 Order and will be prepared to address fully the issues identified therein at the hearing scheduled for March 19, 2015.

Defendants understand that the Court has questions about Defendants' March 3 Advisory, which notified the Court that, between November 24, 2014, and the entry of the preliminary injunction on February 16, 2015, U.S. Citizenship and Immigration Services ("USCIS") approved three-year terms of deferred action and employment authorization for requests submitted pursuant to the 2012 Deferred Action for Childhood Arrival ("DACA") policy, which has not been challenged in this case. The 2014 Deferred Action Guidance at issue in this case

1

principally expands the classes of individuals who are eligible for deferred action beyond those covered by the 2012 DACA policy. It also provides for a three-year duration of deferred action, including for individuals applying for deferred action under the 2012 DACA guidelines.

The November 24, 2014 effective date of the three-year period, including for individuals applying for DACA under the 2012 guidelines, is set forth in the Secretary's Deferred Action Guidance, which states on page 3 that the change from two- to three-year grants would be "effective November 24, 2014." Deferred Action Guidance at 3 [ECF No. 38-7; ECF No. 1, Ex. A]; *see id.* at 3-4 ("Beginning on that date, USCIS should issue all work authorization documents valid for three years, including to those individuals who have applied and are awaiting two-year work authorization documents based on the renewal of their DACA grants."). On January 30, 2014, Defendants also submitted a declaration stating that "[t]he 2012 Napolitano Memo directed USCIS to issue two-year periods of deferred action under DACA. Pursuant to the November 20, 2014 memo issued by Secretary Johnson, as of November 24, 2014, all first-time DACA requests and requests for renewal now receive a three-year period of deferred action." Decl. of Donald W. Neufeld ("Neufeld Decl.") ¶ 12 n.6 [ECF No. 130-11]. In addition, the "frequently asked questions" (FAQs) on USCIS's public website regarding the 2012 DACA program stated that grants of deferred action under 2012 DACA would be issued for a term of three years following issuance of the November Guidance. *See* Ex. B to Neufeld Decl. at 2 ("If USCIS renews its exercise of discretion under [2012] DACA for your case, you will receive deferred action for another three years.").

Defendants also informed the Court that USCIS "does not intend to entertain requests for deferred action under the challenged policy until February 18, 2015, and even after it starts accepting requests, it will not be in a position to make any final decisions on those requests *at*

2

*least* until March 4, 2015." Mot. for Extension at 3 [ECF No. 90] (emphasis in original). These and similar statements reflected that USCIS would not consider or grant DACA to the expanded class of individuals eligible under the challenged 2014 Deferred Action Guidance (hereinafter, "2014 DACA") before these dates. The claims of irreparable harm in this case pertained to the expansion of deferred action to individuals newly eligible under 2014 DACA. Defendants' statements thus addressed the effective dates for 2014 DACA – *i.e.*, when a larger group of individuals would be eligible to apply for and receive DACA – not the effective date for the change in duration of deferred action grants pursuant to the unchallenged 2012 DACA, an issue that was not the subject of Defendants' focus at the time those statements were made.

Because the Court's preliminary injunction bars implementation of the 2014 Deferred Action Guidance in full, and because that Guidance provided for three-year grants of deferred action as of November 24, 2014, to 2012 DACA requestors, Defendants ceased providing three-year grants of deferred action to such requestors immediately after entry of the injunction on February 16, 2015. *See* ECF No. 176. Defendants filed the March 3 Advisory to ensure that prior filings had not created inadvertent confusion about the three-year grants to 2012 DACA recipients and so that the facts were abundantly clear to the Court, as well as to provide the approximate number of three-year grants issued before the injunction. *See* ECF No. 176.

Defendants note that the three-year, rather than two-year, grants of deferred action under the 2012 DACA eligibility guidelines have no immediate effect, because the individuals receiving three-year grants of deferred action would in any event have received two-year grants under the 2012 DACA policy. In addition, the vast majority of individuals who received the three-year grants applied for deferred action before the Guidance was issued, and all of the requests were filed under the 2012 DACA guidelines. Those individuals also are only in the first

3

year of the deferred action period; it will be nearly two years before the third year of the grant period is even implicated.

Defendants recognize that this Court has deferred a ruling on their stay motion in light of the matters referred to in the Court's March 9, 2015 Order, including Plaintiffs' discovery motion. Defendants respectfully maintain that Defendants' March 3 Advisory and Plaintiffs' discovery motion do not bear on the resolution of Defendants' motion for a stay of the preliminary injunction order. Specifically, the pre-injunction three-year grants of deferred action to requestors under the 2012 DACA policy are immaterial to whether Plaintiffs have standing, whether they are likely to prevail on the merits, whether they stand to suffer irreparable injury during the pendency of the appeal if a stay is granted, and whether the balance of equities supports a stay. All the individuals identified in Defendants' March 3 Advisory received deferred action under the eligibility criteria established in the 2012 DACA policy, which Plaintiffs do not challenge in this case. Further, the three-year (as opposed to two-year) pre-injunction grants of deferred action have no present effect under Plaintiffs' theories of harm (and will not have any differential effect for nearly two years), and are thus irrelevant to the preliminary injunction and stay analyses.

Defendants assure the Court that they will be ready to address fully the Court's Order regarding the March 3 Advisory and Plaintiffs' motion for discovery at the hearing on March 19. Defendants in no way intended to obscure the fact that DHS already was implementing the three-year duration of deferred action for individuals applying under 2012 DACA, pursuant to the Secretary's Guidance, and submitted the March 3 Advisory to the Court to ensure clarity on that point. Defendants regret any confusion that may have resulted from their focus on the February 18, 2015 and March 4, 2015 dates in their statements to the Court. Nevertheless, because any

further delay in reaching a final resolution of their stay request will compromise the significant government interests set forth in Defendants' stay papers, including Defendants' efforts to protect national security, public safety, and the integrity of the border, Defendants have concluded that they must now seek emergency relief in the Fifth Circuit to protect those interests.

Dated: March 12, 2015                    Respectfully submitted,

KENNETH MAGIDSON                         BENJAMIN C. MIZER
United States Attorney                   Acting Assistant Attorney General

DANIEL DAVID HU                          KATHLEEN R. HARTNETT
Assistant United States Attorney         Deputy Assistant Attorney General
Deputy Chief, Civil Division

                                                        DIANE KELLEHER
                                                      Assistant Branch Director

                                                        /s/ Kyle R. Freeny
                                                      KYLE R. FREENY (Cal. Bar No. 247857)
                                                       Attorney-in-Charge
                                                      Civil Division, Federal Programs Branch
                                                      U.S. Department of Justice
                                                      P.O. Box 883, Washington, D.C. 20044
                                                      Tel.: (202) 514-5108 / Fax: (202) 616-8470
                                                      Kyle.Freeny@usdoj.gov
                                                      *Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Supplement to Emergency Expedited Motion to Stay has been delivered electronically on March 12, 2015, to counsel of record via the District's ECF system.

                                              */s/ Kyle R. Freeny*
                                              Counsel for Defendants