**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

―――――――――――――――――――――――
                                                          )
STATE OF TEXAS, *et al.*                          )
                                                          )
                          Plaintiffs,              )
                                                          )          No. 1:14-cv-254
                 v.                                   )
                                                          )
UNITED STATES OF AMERICA, *et al.*         )
                                                          )
                          Defendants.             )
―――――――――――――――――――――――)

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR EARLY DISCOVERY**

 Defendants respectfully submit this written opposition to Plaintiffs' motion for early discovery, which supplements their presentation at the March 19, 2015 hearing.  Defendants also reiterate, as they explained at that hearing, that they apologize for any confusion that may have resulted from their focus during the preliminary injunction proceedings on the effective dates for the expanded eligibility criteria under DACA and DAPA, which Defendants understood to be the focus of Plaintiffs' claims of irreparable harm.

 Any confusion caused by Defendants' statements, however, is not a basis for the early discovery sought by Plaintiffs, and Plaintiffs' motion should be denied.  Expedited non-merits discovery is the exception, not the norm, *see* Fed. R. Civ. P. 26(d)(1), and the burden is on the moving party to show "good cause" for the early discovery sought.  *Wilson v. Samson Contour Energy E&P*, LLC, No. 14-0109, 2014 WL 2949457, at *3 (W.D. La. Jun. 30, 2014); *see also BKGTH Productions, LLC v. Does 1-20*, No. 13-5310, 2013 WL 5507297, at *5 (E.D. La. Sept. 30, 2013); *St. Louis Group, Inc. v. Metals and Additives Corp., Inc.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011).  Specifically, parties seeking expedited discovery must demonstrate that they are

"subject to irreparable harm" or have a "pressing need for the discovery" sought.  *See Wilson*,

2014 WL 2949457, at *4.  As underscored at the March 19, 2015 hearing, Plaintiffs have made

no such showing here.

Plaintiffs first argue that they require expedited discovery to consider "remedies related

to Defendants' representations and actions."  Pls.' Discovery Mot. at 1, 7.  But neither in their

motion nor at argument did they identify an injury they suffered or what remedies they seek as a

result.  Indeed, at the March 19 hearing they effectively acknowledged that they are aware of no

injury they are currently suffering, or what remedies they seek, stating that early discovery

"would help [them] learn how [they] have been injured," and "better assess what further relief

they may seek."  Transcript of Motion Hearing (Mar. 19, 2015) ("Tr.") at 11, 12; *see also id.* at 4

(explaining that Plaintiffs seek early discovery to "determine the scope of the remedies [they]

may pursue").  The possibility that Plaintiffs might pursue unspecified remedies for as-yet

unidentified injuries does not meet the "good cause" requirement for expedited discovery.  *See*

*El Pollo Loco, S.A. de  C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 992 (S.D. Tex. 2004)

(plaintiff failed to show good cause based on "possibility that Plaintiff might seek injunctive

relief in the future."); s*ee also Wilcox Indus. Corp. v. Hansen*, 279 F.R.D. 64, 68-70 (D.N.H.

2012) (denying discovery where case involved a "potential" rather than an "actual motion" for

injunctive relief); *Sinclair Nat'l Bank v. OCC*, No. 00-2398 HHK/DAR, 2000 WL 34012862, at

*4 (D.D.C. Dec. 18, 2000) (Rule 26 does not contemplate discovery for purposes of enabling

plaintiff to determine whether to seek injunctive relief).

At argument, Plaintiffs alluded to the possibility that "driver's licenses and other state

benefits *may* have been issued to DACA beneficiaries" who received three-year deferrals, Tr.

at 9 (emphasis added), but that assertion is both speculative and unsupported by any record

evidence, and does not, in any event, identify a harm to Plaintiffs even if licenses had been issued for three years.  Such licenses would have been issued by Plaintiffs, according to their own description of their licensing scheme, for two years even absent the Guidance, and Plaintiffs identify no present injury, let alone an irreparable one, from an additional third year that will not have effect until after expiration of the initial two years.  At the very least, if Plaintiffs have proof of such injury – which would be evidence within their possession, not Defendants' – then they should come forward with that proof, at which point the parties could brief and the Court could decide whether any further relief would be warranted.  In all events, Plaintiffs' mere assertions of injury do not constitute "good cause" for discovery against the Defendants, which would in any event be futile, as Plaintiffs have identified no relief that they believe would be appropriate to remedy such alleged harm, *see* Tr. at 38:11-16.[1]

Plaintiffs also suggested in their motion, and at the March 19 hearing, that discovery is necessary in light of Defendants' March 3 Advisory to "ensure that the information [Plaintiffs] are receiving" from Government counsel regarding Defendants' compliance with the Court's preliminary injunction "is, in fact, reliable."  Pls.' Discovery Mot. at 1; Tr. at 11.  But to the contrary, Defendants' March 3 Advisory demonstrates that Defendants and their counsel take with utmost seriousness their responsibility to provide this Court, and Plaintiffs, with accurate

---

[1] Plaintiffs also state in their motion, and reiterated at the March 19 hearing, that they seek such information as the number of individuals who have received three-year deferrals under 2012 DACA, when those individuals submitted requests, and when their deferrals were issued.  Pls.' Discovery Mot. at 8; Tr. at 12.  Discovery on such matters is unnecessary because Defendants' counsel already informed the Court and Plaintiffs, during the March 19 hearing, that, based on the best available information, Defendants granted three-year deferrals to 108,081 individuals prior to the Court's injunction and that 94,681 of those individuals requested deferred action before issuance of the November 20, 2014 Deferred Action Guidance.  All of those 108,081 individuals received deferrals in accordance with the original 2012 DACA eligibility guidelines, not the expanded criteria set forth in the November 20, 2014, Guidance.  Tr. at 39-40; *see also id.* at 14-15.

information.  As Defendants have explained in their written submissions and at the March 19

hearing, once it became apparent to Defendants that their prior statements might have led to

confusion about their implementation of the  2014 Deferred Action Guidance, they promptly

filed the March 3 Advisory to dispel any potential confusion.[2]

Finally, Plaintiffs suggested at the March 19 hearing that they also seek discovery to

ascertain whether to seek unspecified "sanctions" for a possible "breach of the duty of full

disclosure."  Tr. at 13.  Sanctions would be wholly unwarranted, and Plaintiffs have shown no

good cause for discovery on this basis.  The inherent power of the Court to impose sanctions is to

be exercised with restraint and discretion, *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991),

and requires (after notice and an opportunity to be heard) clear and convincing evidence of bad

faith or willful abuse of the judicial process, *In re Moore*, 739 F.3d 724, 729-30 (5th Cir. 2014).

Here, absolutely no evidence of bad faith or willful abuse of this Court's processes exists to

justify discovery into potential sanctions.  Plaintiffs argue that "Defendants' own perceived need

to self-report their actions" in the March 3 Advisory is itself good cause for such discovery.  Pls.'

Discovery Mot. at 2.  But again, Plaintiffs draw the wrong conclusion from Defendants' March 3

Advisory.  Defendants' action to bring the matter to the Court's and Plaintiffs' attention in order

---

[2] At the March 19 hearing, the Court cited its own reference at the preliminary injunction hearing
to Plaintiffs' claims including a challenge to the "increase in years" related to DACA.  *See*
Prelim. Inj. Tr. at 91:1-17.  Defendants understood this statement at the preliminary injunction
hearing to pertain to one of the two changes in the eligibility criteria for expanded DACA,
namely, the adjustment of how many years an individual must have continuously resided in the
United States to be eligible to request DACA.  *See id.* at 91:15-16 (discussing the "revision or
expansion of the group that would be eligible to apply for" DACA).  This is consistent with the
parties' focus, for purposes of Plaintiffs' allegations of irreparable harm in support of their
preliminary injunction motion, on Plaintiffs' challenge to the "expansion of the group that would
be eligible to apply" for DACA, *id.* at 91:10-17, a change that never went into effect as a result
of this Court's preliminary injunction.  Defendants regret any misunderstanding on this point.

to alleviate any potential confusion, is evidence of their good faith and candor.[3]  It would be a perverse result if parties' willingness to address any confusion they may have inadvertently caused were itself held against them as evidence of bad faith or misconduct.

Defendants and their counsel remain committed to ensuring that the information they provide to the Court and Plaintiffs is both accurate and complete, and regret any confusion caused by their earlier submissions.  They stand ready to address any claims of concrete and irreparable harm, arising from the grants of three-year (rather than two-year) periods of deferred action to 2012 DACA applicants, that Plaintiffs may present.  But Plaintiffs have shown no cause for the early discovery they request.

---

[3] This case is therefore unlike *Tesco Corp. v. Weatherford International, Inc.*, Civ. A. No. H-08-2531, 2014 WL 4244215 (S.D. Tex. Aug. 25, 2014), referred to by the Court at the March 19 hearing.  Tr. at 24-25.  *Tesco* involved allegations that plaintiff's counsel had affirmatively misrepresented prior deposition testimony and continued to do so during trial; and in the absence of that misrepresentation, the Court would have entered judgment in favor of defendants, *see id.* at *5-6.  In this case, by contrast, the issue of three-year deferrals under the 2012 DACA criteria was never the focus of Plaintiffs' request for a preliminary injunction, and Defendants both alerted the Court to the facts so as to dispel any possible misunderstanding, and suggested a process for addressing any concrete injury to Plaintiffs that they claim could flow from the three-year periods of deferred action that were granted before the Court's issuance of its preliminary injunction. *See* Tr. at 23-24.

## CONCLUSION

For all of these reasons, the Court should deny Plaintiffs' motion for early discovery.


Dated:  March 21, 2015            Respectfully submitted,

KENNETH MAGIDSON          BENJAMIN C. MIZER
United States Attorney            Acting Assistant Attorney General

DANIEL DAVID HU            KATHLEEN R. HARTNETT
Assistant United States Attorney     Deputy Assistant Attorney General
Deputy Chief, Civil Division

                                 DIANE KELLEHER
                                 Assistant Branch Director

                              */s/ Kyle R. Freeny*
                               KYLE R. FREENY (Cal. Bar No. 247857)
                                Attorney-in-Charge
                               Civil Division, Federal Programs Branch
                               U.S. Department of Justice
                               P.O. Box 883, Washington, D.C. 20044
                               Tel.: (202) 514-5108 / Fax: (202) 616-8470
                               Kyle.Freeny@usdoj.gov

                               *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendants' Opposition to Plaintiffs' Motion for Early Discovery has been delivered electronically on March 21, 2015, to counsel of record via the District's ECF system.


_/s/ Kyle R. Freeny_
Counsel for Defendants