IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) )  )  ) |
| *Plaintiffs*, | ) ) |
| vs. | ) Case No. 1:14-cv-254 ) |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) |
| *Defendants*. | ) ) |

**REPLY IN SUPPORT OF PLAINTIFFS'
OPPOSED MOTION FOR EARLY DISCOVERY**

Plaintiffs submit this brief reply in support of their motion for early discovery (ECF No. 183), to address three issues presented at the March 19 hearing on that motion and in Defendants' opposition (ECF No. 207).

*First*, Defendants could not have legitimately believed Plaintiffs were not challenging implementation of all aspects of the November 2014 DHS Directive as irreparable injury, as they suggested at the hearing:

- Plaintiffs' original complaint cited and attached that directive, noted that it "extend[s] DACA renewal and work authorization to three-years from the previous two," and requested that the Court hold it illegal and set it aside. Orig. Compl. ¶¶ 5, 51-52, 78-86, V & Ex. A, ECF No. 1 (internal quotation and alteration marks omitted).

- Plaintiffs proposed an order on their motion for preliminary injunction, filed the next day, that enjoined Defendants "from *all enforcement or implementation* of the directive, nationwide, pending the resolution of this lawsuit." Proposed Order, ECF No. 5-1 (emphasis added).

- At the preliminary injunction hearing on January 15, Plaintiffs then explained that their challenge extended to the DHS Directive in full. Jan. 15, 2015 Hr'g

> Tr. 91-92 (attached as Ex. A) ("MR. OLDHAM: . . . We are challenging the series of executive actions that were taken on November 20th, 2014.").

The Court's order then expressly enjoined Defendants "from implementing any and all aspects or phases of the expansions (including any and all changes) to the Deferred Action for Childhood Arrivals ('DACA') program as outlined in the DAPA Memorandum." Order of Temp. Inj. 2, ECF No. 144.

*Second*, while Plaintiffs agreed with Defendants on the standard for early discovery under Rule 26(d)—good cause—Defendants do not grapple with the good cause here. The difficulty of squaring Defendants' prior representations to this Court and to Plaintiffs with their newly-disclosed conduct is good cause to conduct discovery. For example, in *Tesco Corporation v. Weatherford International, Inc.*, No. H-08-2531, 2014 WL 4244215, at *2 (S.D. Tex. Aug. 25, 2014), this Court permitted the defendant to conduct limited discovery after trial—also a time during which discovery is normally unavailable—to explore allegations of litigation misconduct on the part of the plaintiff.

Plaintiffs likewise have concerns about the reliability of information they are receiving from Defendants regarding implementation of the DHS Directive, and likewise request targeted discovery. Plaintiffs cannot, of course, know what that information will reveal. If it shows culpability by any counsel, corresponding remedies may be appropriate to ensure accurate information is flowing. If the evidence shows no individual culpability but rather systemic dysfunction or other unreported facts—this is a large, complex program—appropriate remedies to ensure compliance with the injunction may include modifying the preliminary injunction to require regular

certification of facts related to Defendants' compliance or, as in other cases where Defendants must bring complex operations into compliance with court orders, appointing an external compliance monitor.

Plaintiffs and the Court need not take a firm position on those remedial issues now, of course. The question is simply whether the tension between Defendants' prior representations and reality is good cause for seeking more information to ensure that Plaintiffs' perception of ongoing compliance is well-founded. There is nothing "perverse" (Opp. 4-5) about that, as Defendants argue. Early discovery and any potential remedies would not stem from Defendants' effort to alleviate the confusion regarding their implementation of Expanded DACA; they would stem from the earlier representations that created the confusion in the first place.

*Third*, and finally, the standard for early discovery is good cause and not, as Defendants argue, irreparable injury. Fed. R. Civ. P. 26(d). Of course, Defendants' claim that no more three-year permits are being issued and thus no more irreparable injury is occurring is premised on their own representations, which have already proven of questionable reliability. Avoiding ongoing irreparable injury while appellate proceedings are pending is one reason *why* Plaintiffs seek early discovery. Before Plaintiffs can decide whether to pursue any remedy, they need to understand the *cost* of doing so. And, for that, Plaintiffs need information about how many three-year terms of lawful presence were issued, where, and to whom. While Plaintiffs may be able to match that with their agencies' records, the initial data set to begin that process is in Defendants' possession. And they are in no position, equitably, to complain

3

about any burden they feel in gathering and producing that information. *Cf. St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011) (to authorize early discovery, court need only conclude that the "need for expedited discovery in consideration of the administration of justice, outweighs the prejudice to the responding party") (citation and internal quotation marks omitted).

Plaintiffs respectfully request that the Court grant their motion to allow targeted early discovery.

                                                Respectfully submitted.

| | |
|---|---|
| LUTHER STRANGE<br>*Attorney General of Alabama* | KEN PAXTON<br>*Attorney General of Texas* |
| MARK BRNOVICH<br>*Attorney General of Arizona* | CHARLES E. ROY<br>*First Assistant Attorney General* |
| DUSTIN MCDANIEL<br>*Attorney General of Arkansas* | SCOTT A. KELLER<br>*Solicitor General* |
| PAMELA JO BONDI<br>*Attorney General of Florida* | /s/ Angela V. Colmenero<br>ANGELA V. COLMENERO<br>*Assistant Attorney General*<br>   Attorney-in-Charge |
| SAMUEL S. OLENS<br>*Attorney General of Georgia* |    State Bar No. 24048399 |
| LAWRENCE G. WASDEN<br>*Attorney General of Idaho* | J. CAMPBELL BARKER<br>*Deputy Solicitor General* |
| JOSEPH C. CHAPELLE<br>PETER J. RUSTHOVEN<br>*Counsel for the State of Indiana* | ERIC A. HUDSON<br>ADAM N. BITTER<br>*Assistant Attorneys General* |
| DEREK SCHMIDT<br>*Attorney General of Kansas* | Office of the Attorney General of Texas<br>P.O. Box 12548<br>Austin, Texas 78711-2548 |
| JAMES D. "BUDDY" CALDWELL<br>*Attorney General of Louisiana* | 512-936-1700 |
| TIMOTHY C. FOX<br>*Attorney General of Montana* | |
| DOUG PETERSON<br>*Attorney General of Nebraska* | |
| ADAM PAUL LAXALT<br>*Attorney General of Nevada* | |
| WAYNE STENEHJEM<br>*Attorney General of North Dakota* | |

MICHAEL DEWINE
*Attorney General of Ohio*
ERIC E. MURPHY
*Co-counsel for the State of Ohio*

E. SCOTT PRUITT
*Attorney General of Oklahoma*

ALAN WILSON
*Attorney General of South Carolina*

MARTY J. JACKLEY
*Attorney General of South Dakota*

HERBERT SLATERY III
*Attorney General and Reporter of
    Tennessee*

SEAN D. REYES
*Attorney General of Utah*

PATRICK MORRISEY
*Attorney General of West Virginia*

BRAD D. SCHIMEL
*Attorney General of Wisconsin*

BILL SCHUETTE
*Attorney General for the People of
    Michigan*

DREW SNYDER
*Counsel for the Governor of Mississippi*

PAUL R. LEPAGE
*Governor of Maine*

ROBERT C. STEPHENS
*Counsel for the Governor of North
    Carolina*

TOM C. PERRY
CALLY YOUNGER
*Counsel for the Governor of Idaho*

## CERTIFICATE OF SERVICE

     I certify that I served a copy of this pleading on all counsel of record via this Court's CM/ECF system.

                                           /s/ Angela V. Colmenero
                                           ANGELA V. COLMENERO