## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

———————————————————
)
STATE OF TEXAS, *et al.*            )
)
           Plaintiffs,     )
)     No. 1:14-CV-254
     v.            )
)
UNITED STATES OF AMERICA, *et al.*  )
)
           Defendants.    )
———————————————————)

## DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE
## BY SHERIFF JOSEPH ARPAIO

Sheriff Joseph Arpaio of Maricopa County, Arizona seeks to intervene in this matter in support of State Plaintiffs' suit to enjoin the deferred action guidance issued on November 20, 2014 by the Secretary of the Department of Homeland Security ("DHS").[1]  Movant cannot meet any of the requirements of intervention as of right under Rule 24(a).  First, Sheriff Arpaio lacks a legally protectable interest in this litigation, *see Arpaio v. Obama*, 27 F. Supp. 3d 185 (D.D.C. 2014), because the challenged guidance does not regulate state or local officials, nor is he the real party in interest with respect to the financial and practical impact upon the State of Arizona. Also, due to issue preclusion, he cannot re-litigate the District of Columbia district court's factual and legal conclusions with respect to his lack of a legally protectable interest.  Second, the disposition of this case will not impair or impede Sheriff Arpaio's ability to protect his purported interests because his prior lawsuit included claims identical to those asserted in this

---

[1] *See* Mem. from Jeh Charles Johnson, Sec'y of Homeland Security, to León Rodriguez, Director, USCIS, *et al.*, *Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children and with Respect to Certain Individuals Who Are the Parents of U.S. Citizens or Permanent Residents* (Nov. 20, 2014) ("2014 Deferred Action Guidance") (Defs.' Ex. 7) (ECF No. 38-7).

action, and that lawsuit is now pending in the D.C. Circuit Court of Appeals. Third, the State of Arizona, a plaintiff in this action, is fully capable of defending Sheriff Arpaio's interests with respect to the three claims he seeks to bring here regarding the 2014 Deferred Action Guidance. Permissive intervention should also be denied because Sheriff Arpaio has not shown that the State of Arizona is unable to adequately represent his interests in this lawsuit and his proposed intervention would result in delay or prejudice to the rights of the original parties. Equally importantly, the interests of comity weigh strongly against allowing Sheriff Arpaio to intervene in this matter, as he is essentially attempting to re-litigate the very same claims that have been dismissed in *Arpaio v. Obama*.

## ARGUMENT

### I. The Movant Has Not Established That He May Intervene as of Right Under Rule 24(a)(2)

Sheriff Arpaio contends that he is entitled to intervene as of right under Rule 24(a)(2). A potential intervenor bears the burden of demonstrating that he has satisfied the requirements of intervention. *See United States v. Texas Eastern Transmission Corp.*, 923 F.2d 410, 414 (5th Cir. 1991). In doing so, an applicant for intervention as of right must meet a four-part test:

> (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

*Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004) (quoting *Doe v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001)). If the potential intervenor fails to meet any of the requirements for intervention as of right, then the motion should be denied. *Bush v. Viterna*, 740 F.2d 350, 354

(5th Cir. 1984) (per curiam).  Sheriff Arpaio has failed to meet any of the elements of the test, and accordingly he may not intervene as of right.[2]

First, to show an actual "interest," a potential intervenor's interest must be "direct, substantial, [and] legally protectable."  *Saldano*, 363 F.3d at 551 (internal quotation marks and citation omitted).  This requirement means that the "interest [must] be one which the *substantive* law recognizes as belonging to or being owned by the applicant."  *Id.*  (emphasis in original) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984) (en banc)).  In addition, the potential intervenor should be the real party in interest regarding his claim.  *Saldano*, 363 F.3d at 551.

Here, Sheriff Arpaio claims to be "impacted" by what he perceives to be a lack of federal enforcement of the nation's immigration laws and what he anticipates will be an additional number of illegal border crossers.  *See* Arpaio Interv. Mot. at 4-6.  But Sheriff Arpaio's interest in the effects of the challenged policy on him and his desire to see the deferred action guidance enjoined is generalized and not sufficient to constitute a "protectable interest" that would allow his intervention in this case.  The challenged deferred action program here "do[es] not regulate the official conduct of [Sheriff Arpaio,] but merely regulate[s] the conduct of federal immigration officials in the exercise of their official duties."  *Arpaio*, 27 F. Supp. 3d at 202. Moreover, although Sheriff Arpaio alleges that Maricopa County will be affected by changes in federal immigration policy, he never explains how he is being harmed and why the harm alleged

---

[2] As an initial matter, Sheriff Arpaio has failed to show that his motion, filed almost four months after Plaintiffs' complaint was filed and over five weeks after the Court ruled on Plaintiffs' motion for preliminary injunction, is timely because the parties have already submitted extensive briefing on the three claims he seeks to bring, and the Court has made a number of factual and legal conclusions, including on the States' Article III standing.  To the extent that Sheriff Arpaio seeks to re-litigate these issues, Defendants and Plaintiffs "may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case."  *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

is any different than other individuals and government entities, including the State of Arizona, which is already a plaintiff in this litigation. *See Public Serv. Comp. of New Hampshire v. Patch*, 136 F.3d 197, 205 (1st Cir.1998) (an "undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right.") (citing, inter alia, *New Orleans Pub. Serv., Inc.*, 732 F.2d at 466).[3]   Instead, he asserts an interest in "end[ing] the foot-dragging of the Executive Branch at enforcing the immigration laws," *see* Arpaio Interv. Mot. at 5-6, a generalized grievance that does not establish a "substantive legal right" in the deferred action guidance. *See New Orleans Pub. Serv., Inc.*, 732 F.2d at 466.

Sheriff Arpaio also lacks a protectable legal interest in this litigation because he is not the real party in interest with respect to the "financial and practical impact upon the State," Arpaio Interv. Mot. at 1, and has not asserted that he has a right under Arizona law to represent the State's interest in this proceeding. *Cf. Saldano*, 363 F.3d at 551-52 (in suit by prisoner against Texas official for writ of habeas corpus, the "real party in interest" was the State of Texas, not the District Attorney for Collin County, Texas).   In addition, to the extent that Sheriff Arpaio seeks to intervene because of Plaintiffs States' purported failure to litigate whether Defendants' funding constraints are preventing DHS from enforcing the federal immigration laws, *see* Arpaio Interv. Mot. at 7-8, the relief sought in this lawsuit will not provide the remedy he seeks (*i.e.*, the deployment of additional resources to the Executive Branch to allow it to remove additional undocumented immigrants from Maricopa County). *See also Arpaio*, 27 F. Supp. 3d at 206.

---

[3] *See also Brenner v. Scott*, 298 F.R.D. 689, 691 (N.D. Fla. 2014) (advocacy organization's generalized interest in opposing same-sex marriages was not a protectable interest under Rule 24(a)(2)); *American Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 246 (D.N.M. 2008) (movant's interest as a legislator and voter in avoiding voter registration fraud is a "generalized one" insufficient to support intervention as of right); *North Dakota v. Heydinger*, 288 F.R.D. 423, 428 (D. Minn. 2012) (movant's desire to reduce carbon dioxide emissions and promote clean energy are generalized interests insufficient to justify intervention).

Because Sheriff Arpaio does not have a direct, substantial, and legally protectable interest in this litigation, intervention as of right should be denied.[4]

Not only does Arpaio not have a legally protectable interest in his constitutional and Administrative Procedure Act ("APA") claims, *see Arpaio*, 27 F. Supp. 3d at 207, but he cannot re-litigate the District of Columbia district court's conclusions here, due to issue preclusion.[5]  To establish issue preclusion under federal law, one must show: "(1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue has been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action."  *Wehling v. CBS*, 721 F.2d 506, 508 (5th Cir. 1983) (internal quotation marks and citation omitted).  The parties to the suits need not be completely identical, so long as the party against whom issue preclusion applies had the full and fair opportunity to litigate the issue in the previous lawsuit.  *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009).  All three of the necessary elements of issue preclusion are satisfied here.

The issues at stake in this litigation are the same as those litigated in *Arpaio*, given that his prior complaint included identical claims to the ones asserted by the State Plaintiffs here.

---

[4] Also going to whether Sheriff Arpaio has a direct, substantial, and legally protectable interest in this litigation, the district court for the District of Columbia concluded that Arpaio failed to establish a causal link between the challenged deferred action policies and the independent action of third parties, namely undocumented immigrants who may migrate to Maricopa County and commit crimes once there.  *Arpaio*, 27 F. Supp. 3d at 205.

[5] Courts have repeatedly denied third parties' intervention on preclusion grounds where proposed intervenors seek to re-litigate claims that they have already litigated and have been decided by another court.  *See, e.g.*, *Yazdchi v. American Honda Finance Corp.*, No. Civ. A. 3:05CV0737L, 2005 WL 1943611, at *2 (N.D. Tex. Aug. 12, 2005) (denying motion to intervene on claim preclusion grounds where potential intervenor's claims were litigated in other complaint which had already been dismissed with prejudice); *E.E.O.C. v. Jefferson Dental Clinics, P.A.*, No. Civ. A. 3:04CV1892N, 2005 WL 3050319, at *3-5 (N.D. Tex. Nov. 10, 2005) (denying motion to intervene as futile where intervenors had previously filed a separate unsuccessful discrimination lawsuit in Texas state court).

*Compare* Compl. ¶¶ 50-73, *Arpaio v. Obama*, 27 F. Supp. 3d 185 (D.D.C. 2014) (No. 14-cv-01966) (ECF No. 1) (Take Care Clause, procedural APA, and substantive APA claims) and Am. Compl. ¶¶ 70-86 (ECF No. 14) (same).  The *Arpaio* court decided a number of issues, including whether Sheriff Arpaio met the threshold requirements for demonstrating Article III standing to bring his constitutional and APA claims.  *See* 27 F. Supp. 3d at 207 ("Taken together, the Court finds that [Sheriff Arpaio] has not and cannot show that: (1) he suffers a concrete and particularized injury (as opposed to a speculative and generalized grievance); (2) the cause of the plaintiff's injury can be fairly traced to the challenged deferred action programs; and (3) a favorable ruling by this Court would redress the plaintiff's alleged injury.").  A dismissal for lack of subject-matter jurisdiction, while not binding as to all matters which could have been raised, is conclusive as to matters actually adjudged.  *Equitable Trust Co. v. Commodity Futures Trading Comm'n*, 669 F.2d 269, 272 (5th Cir. 1982); *see also Perez v. United States*, No. CIV. A. H-02-1306, 2002 WL 2030356, at *3 (S.D. Tex. July 18, 2002), aff'd, 67 F. App'x 246 (5th Cir. 2003). Finally, the *Arpaio* court's factual and legal holdings regarding Arpaio's lack of a legally protectable interest were a critical and necessary part of its judgment.  *See* 27 F. Supp. 3d at 207 ("[P]laintiff lacks standing to bring this challenge, requiring dismissal of this lawsuit for lack of subject matter jurisdiction.").  Accordingly, because Arpaio's lack of a legally protectable interest in the claims for which he seeks intervention has already been decided by a prior judgment of another court for which issue preclusion applies, Sheriff Arpaio's motion to intervene under Rule 24(a)(2) should be denied.[6]

---

[6] Although a proposed intervenor need not necessarily independently possess standing under certain circumstances, *see Ruiz v. Estelle*, 161 F.3d 814, 830-32 (5th Cir. 1998); *Newby v. Enron Corp.*, 443 F.3d 416, 421-22 (5th Cir. 2006), an applicant for intervention as of right must still comply with Rule 24(a)(2)'s requirement that his interest be direct, substantial, and legally protectable.  *See New Orleans Pub. Serv., Inc.*, 732 F.2d at 463-66.

Second, Sheriff Arpaio cannot demonstrate that the disposition of this case may impair or impede his ability to protect his interest.  "Intervention generally is not appropriate where the applicant can protect its interests and/or recover on its claim through some other means." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 526 (5th Cir.1994).  Thus, in cases, such as here, where the proposed intervenor has already filed a separate lawsuit seeking to protect those same interests, he may not claim that the disposition of the second case "impairs or impedes" his ability to protect his interests.  *See, e.g.*, *Noble Energy, Inc. v. Cameron Parish School Bd.*, Civ. A. No. 13–2619, 2013 WL 4012714, at *4 (E.D. La. Aug. 5, 2013) (after litigating against Noble Energy in a separate Texas state court lawsuit, ConocoPhillips' motion to intervene in a federal lawsuit in Louisiana between Noble Energy and Cameron Parish School Board was denied).

Third, even if Sheriff Arpaio could meet the above requirements, he is still not entitled to intervene as of right, because he has failed to establish the fourth element required for such intervention, *i.e.*, that his asserted interests are "inadequately represented" by the parties to the action.  The burden of establishing inadequate representation is on the applicant for intervention. *See Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994).  "[W]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance."  *Bush v. Viterna*, 740 F.2d at 355 (quoting *International Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir.1978)).  Moreover, when a potential intervenor alleges that a government agency is inadequately representing its interests, he or she must overcome an additional "strong presumption" that a government adequately represents the interests of all of its citizens. *United States v. Encycle/Texas, Inc.*, No. H-99-1136, 1999 WL 33446875, at *4 (S.D. Tex. Aug. 2, 1999) (citing *Hopwood*, 21 F.3d at 605).  This

presumption of adequate representation arises regardless of whether the proposed intervenor is a citizen or subdivision of the governmental entity. *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996).

Here, Sheriff Arpaio has not shown any "adversity of interest, collusion, or nonfeasance" on the part of the State of Arizona, *Bush v. Viterna*, 740 F.2d at 355, nor any basis to upset the "strong presumption" that Arizona adequately represents the interests of Maricopa County. Sheriff Arpaio claims that the State of Arizona did not address the effects of the challenged program as "actively" as Sheriff Arpaio would have liked and that he has "first-hand access to information" about "the most direct effects upon Arizona." *See* Arpaio Interv. Mot. at 1. He also argues that the State of Arizona has not addressed arguments that he would like to make regarding Congressional funding of DHS. *See id.* at 7-8.[7]  At its core, Sheriff Arpaio's argument is not that his interests are adverse from Arizona, but rather that the State may not litigate this case as he would like.[8]  But anticipated disagreements with Arizona's litigation strategy cannot support a claim of intervention as of right under Rule 24(a)(2).  *See Wisc. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 649 (7th Cir. 2013) ("[B]y their own admission, the Employees have exactly the same goal as the state . . . [but] rely largely on post-hoc quibbles with the state's litigation strategy.  This does not provide the conflict of interest necessary to render the state's representation inadequate.").  For this additional reason, intervention as of right should be denied.

---

[7] To the extent that movant claims that Arizona has neglected this funding argument, Sheriff Arpaio has already been permitted to file an amicus brief in support of Plaintiffs' motion for preliminary injunction, in which Arpaio made this funding argument. *See* Order Granting Arpaio Mot. for Leave to File Amicus Br. (ECF No. 112); Arpaio Amicus Brief at 28-32 (ECF No. 113).

[8] Regardless of Sheriff Arpaio's quibbles with its litigation strategy, Arizona brings the same three claims regarding the Deferred Action Guidance that Sheriff Arpaio seeks to bring here.  *See* Arpaio Interv. Mot. at 10.

-8-

**II.     Permissive Intervention Should Also Be Denied**

Sheriff Arpaio also moves for permissive intervention under Rule 24(b).  Permissive intervention may be granted where (1) the potential intervenor timely files a motion, (2) has a claim or defense that shares a common question of law or fact with the main action, and (3) his or her intervention will not unduly delay or prejudice the adjudication of the original parties' rights.  *See League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989).  An additional factor to be considered for determining permissive intervention is whether proposed intervenors are adequately represented by other parties.  *United States v. Texas Educ. Agency (Lubbock Indep. School Dist.)*, 138 F.R.D. 503, 508 (N.D. Tex. 1991) (denying permissive intervention because intervenors had not overcome presumption of adequate representation on the part of the government).  Here, Sheriff Arpaio has not shown that the State of Arizona is unable to adequately represent his interests in this lawsuit.  *See supra* at 7-9.

This Court should exercise its discretion to deny permissive intervention here. "Increasing the number of parties to a suit can make the suit unwieldy," *Solid Waste Agency of Northern Cook Cty. v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 508 (7th Cir. 1996), particularly here, where there are already twenty-six plaintiffs and numerous additional filings by non-parties.  The proposed intervention would do nothing to assist the Court in reaching a decision on the legal issues presented in this action, especially where the State of Arizona's interests are already represented.

Principles of comity further counsel against the grant of discretionary relief under Rule 24(b).  Although the *Arpaio* court dismissed the case on jurisdictional grounds, it also separately reasoned that Sheriff Arpaio's claims would fail on the merits because the challenged deferred

action policies are "consistent with, rather than contrary to, congressional policy" and are a "valid exercise of prosecutorial discretion" that "merely provide guidance to immigration officials in the exercise of their official duties," by guiding their "case-by-case decisionmaking." 27 F. Supp. 3d at 208-210.  Sheriff Arpaio should not be permitted to use the vehicle of Rule 24(b) to, in effect, seek a contrary evaluation of his claims by this Court.

Sheriff Arpaio has already submitted numerous previous filings in this case, *see, e.g.*, ECF No. 143 (supplemental exhibits filed without leave), ECF No. 160 (motion for leave to file notice, suggestion, and recommendation for issuance of order to show cause), ECF No. 212 (motion for leave to participate in early discovery).  His participation now (four months after the complaint was filed, and over five weeks after the preliminary injunction was entered) would slow ultimate resolution of this case without providing further benefit and would encourage other interested parties, whose role thus far has been limited to amici participation, to seek similar intervention.  The likely delay or prejudice to the rights of the original parties presents yet another grounds for denying intervention.  *See, e.g.*, *Nipponkoa Ins. Co., Ltd. v. Port Terminal R.R. Ass'n*, Civ. A. No. H-10-0284, 2011 WL 1103584, at *6 (S.D. Tex. Mar. 23, 2011) (denying intervention where permissive intervention would further complicate the case without any added benefit); *Farouk Sys., Inc. v. Costco Wholesale Corp.*, Civ. A. No. 09-cv-3499, 2010 WL 1576690, at *3 (S.D. Tex. Apr. 20, 2010) (denying permissive intervention where intervention of third party would involve new motion to dismiss, discovery disputes, and no basis to exclude other third party distributors); *The Aransas Project v. Shaw*, Civ. A. No. C-10-75, 2010 WL 2522415, at *14 (S.D. Tex. Jun. 17, 2010) (proposed permissive intervention would complicate case without further benefit and court must prevent an overflow of additional attempted

interventions).  Accordingly, movant's request for permissive intervention should be denied as well.

## <u>CONCLUSION</u>

Sheriff Arpaio's motion to intervene should be denied for all of the above reasons.


KENNETH MAGIDSON
United States Attorney

DANIEL DAVID HU
Assistant United States Attorney
Deputy Chief, Civil Division

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

KATHLEEN R. HARTNETT
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Branch Director,
Federal Programs Branch

 _/s/ Bradley H. Cohen_____
BRADLEY H. COHEN (D.C. Bar. No. 495145)
KYLE R. FREENY (Cal. Bar No. 247857)
Attorney-in-Charge
ADAM D. KIRSCHNER
JULIE S. SALTMAN
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C.  20044
Tel.: (202) 514-5108
Fax: (202) 616-8470
Kyle.Freeny@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Defendants' Opposition to Motion to Intervene by Sheriff Joseph Arpaio has been delivered electronically on April 15, 2015, to all counsel of record through the court's ECF system.


*/s/ Bradley H. Cohen*
Counsel for Defendants