UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 1:14-CV-254 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME
TO RESPOND TO THIS COURT'S APRIL 7, 2015 ORDER**

Defendants hereby respectfully request an extension of nine days, until April 30, 2015, to identify relevant documents and respond to this Court's April 7, 2015 Order, *see* ECF No. 226, and to correspondingly extend the other deadlines identified in the Court's Order to May 11, 2015 and May 18, 2015. An extension is necessary because of the extensive efforts that the Court's Order requires. Undersigned conferred with counsel for Plaintiffs and Plaintiffs do not oppose this motion.

This Court has ordered Defendants to file by April 21, 2015 the following information:

(i) any and all drafts of the March 3, 2015 Advisory [Doc. No. 176], including all corresponding metadata and all other tangible items that indicate when each draft of the document was written and/or edited or revised; and

(ii) a list of each person who knew about this Advisory, or about the DHS activity discussed therein, and each person who reviewed or approved its wording or filing, as well as the date and time when each person was apprised of this document and/or its contents, or of the DHS activity that is the subject matter thereof.

*See id.* at 11.* Good cause exists for this extension for multiple reasons.

For both categories of information requested by the Court, Defendants' counsel have been undertaking a process—which they promptly began after receiving the Court's Order—to determine who may have potentially responsive information, how best to collect the responsive information, and how to compile the information. This process of identifying custodians of potentially responsive information is still ongoing and necessarily requires a substantial amount of time for both categories, given the nature of the information sought from individuals.

Additionally, to preserve the metadata requested by the Court, Defendants have been undertaking extensive procedures for identifying and collecting potentially responsive material. These procedures include identifying potential custodians of responsive information, establishing appropriate searches through several different computer systems, collecting the documents, and then creating a uniform database to enable quick and accurate review of the information. Although Defendants have been proceeding expeditiously in response to the Court's Order and will continue to do so, undertaking these procedures requires a significant amount of sheer technical, computer and reviewer time and coordination.

For example, offices that already have been identified as possessing potentially responsive material, after coordinating with potential custodians, must search across large amounts of data to have documents identified, collected, processed, and then loaded into the database. This full technical process can require, depending on the number of

---

* The Court ordered the Government to file the information with the Court and Plaintiffs, but contemplated that "any privileged information" would be "filed *in camera* with a privilege log supplied to the Court and opposing counsel." *See id.* at 11-12.

documents, days of computer time before the documents are available for review. Additionally, there are various security processes that must be followed and take additional coordination and time. Defendants have marshaled resources throughout the Department of Justice and DHS to assist in this process, including enlisting new personnel to assist with the review process, but this process nonetheless requires a significant amount of time and coordination to complete.

In addition, the type of information requested by the Court implicates important privileges, such as work product protected under Fed. R. Civ. P. 26(b)(3)(B), and the information will therefore need to be reviewed for privilege. Further, in the event that the information will be filed *in camera* to protect these important privileges, this Court has requested that Defendants supply a privilege log to the Court and opposing counsel. The creation and generation of the privilege log will also prolong the time needed to respond to the Court's Order.

Defendants note that additional counsel have been assigned to this matter, including new counsel to undertake the efforts described above. Due to the extensive prior history of this litigation, it has taken time for the new attorneys who are assisting with the review process to become sufficiently acquainted with the case to allow for their meaningful participation.

In light of the tasks that must be performed to respond to the Court's Order, a nine-day extension is both reasonable and necessary. Such a relatively short extension should not prejudice either Plaintiffs or this Court.

For the foregoing reasons, and without opposition from Plaintiffs, Defendants respectfully request an extension of nine days for responding to the Court's Order.

Defendants accordingly request to have until April 30, 2015 to respond to this Court's Order of April 7, 2015, and to correspondingly extend the other deadlines identified in the Court's Order to May 11, 2015 and May 18, 2015.

Dated: April 17, 2015

KENNETH MAGIDSON
United States Attorney

DANIEL DAVID HU
Assistant United States Attorney
Deputy Chief, Civil Division

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch
Attorney-in-Charge (VA Bar No. 29281)

 /s/  Daniel Schwei
DANIEL SCHWEI
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044
Tel.: (202) 305-8693
Fax: (202) 616-8470
Daniel.S.Schwei@usdoj.gov

*Counsel for Defendants*

-5-

## CERTIFICATE OF CONFERRAL

Pursuant to Local Civil Rule 7.1.D, undersigned counsel hereby certifies that counsel for Plaintiffs, Angela Colmenero, was contacted regarding Plaintiffs' position on the foregoing Motion for Extension of Time, and indicated that Plaintiffs do not oppose the relief sought in this Motion.

*/s/ Daniel Schwei*
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Unopposed Motion for Extension of Time to Respond to this Court's April 7, 2015 Order has been delivered electronically on April 17, 2015, to counsel of record via the District's ECF system.

*/s/ Daniel Schwei*
Counsel for Defendants