**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*<br><br>Defendants. | ) | No. 1:14-CV-254 |

**DECLARATION OF LEÓN RODRÍGUEZ**

I, León Rodríguez, hereby make the following declaration with respect to the above captioned matter.

1. I am the Director of United States Citizenship and Immigration Services (USCIS). I was confirmed by the United States Senate on June 24, 2014, and began serving on July 9, 2014.

2. I have spent a large portion of my professional career as a state and Federal prosecutor. Throughout my career I have also served in a number of leadership positions in Federal and local government.

3. I make this declaration on the basis of my personal knowledge and on information provided to me by USCIS personnel subject to my direction and oversight who are responsible for the conduct of the USCIS programs and activities discussed herein. This declaration is based on my current understanding of the matters discussed below.

4. USCIS is a component of the Department of Homeland Security (DHS), and has the exclusive authority to adjudicate applications and petitions under a broad variety of immigration programs, including petitions for refugee status, for family-sponsored and employment-based visas issued in the United States, and naturalization. In fiscal year 2014, USCIS processed approximately seven (7) million such cases.

5. I have overseen USCIS's role in the development and implementation of the memoranda issued by the Secretary of Homeland Security on November 20, 2014, including the 2014 Deferred Action Guidance. Similarly, I have overseen USCIS's role in complying with the Court's order of February 16, 2015, enjoining the 2014 Deferred Action Guidance in its entirety—both the changes to the pre-existing initiative, Deferred Action for Childhood Arrivals (DACA), and the newly announced initiative, Deferred Action for Parents of Americans and Lawful Permanent Residents (DAPA).

6. The injunction was issued immediately before the intended February 18, 2015, implementation of the expanded eligibility guidelines under DACA. This was a period of intense activity at USCIS. For several months prior to the Court's injunction, USCIS had been preparing for operations under the new DACA eligibility guidelines, in anticipation of the February 18 launch. Preparations were also under way for the intended May 2015 implementation of DAPA. At this same time, USCIS experienced a surge of applications from individuals whose initial period of deferred action was expiring and who were seeking renewal of their deferred-action and employment authorization under the 2012 DACA eligibility guidelines.

7. When the Court issued its injunction, USCIS immediately took a series of steps intended to ensure that the agency ceased its preparations to implement the new DACA eligibility guidelines. USCIS also took immediate steps to ensure that the agency ceased the issuance under the initial 2012 eligibility guidelines of deferred action approval notices, employment authorization approval notices, and Employment Authorization Documents ("EADs") for three years, so that terms of only two years (as authorized under the 2012 DACA guidance) would be issued after the injunction. The agency also took steps to reverse actions that had already been taken in anticipation of the new DACA eligibility guidelines that were to go into effect on February 18. These immediate steps began in the very early morning of February 17, 2015, less than two hours after the preliminary injunction ruling was issued, and continued thereafter in an agency-wide effort to ensure that USCIS achieved (and remained in) full compliance with the Court's injunction. These actions were also intended to halt further preparation for DAPA. In particular, these immediate steps included:

- Instructions from me to USCIS leadership, communicated very early in the morning on February 17, 2015, less than two hours after the preliminary injunction ruling was issued, directing that USCIS should take no further action to implement the new DACA eligibility guidelines or DAPA.
- Orders from USCIS leadership on February 17 directing that the agency immediately cease approval of deferred action or employment authorization under DACA, and cease issuance of notices or EADs, regardless of the authorized period of time.
- Notification broadcast on February 17 to the entire USCIS workforce regarding the injunction and the need to suspend preparations for implementation of the new DACA and DAPA policies.
- Re-authorization on February 18 to approve requests and to issue notices and EADs under the 2012 DACA eligibility guidelines, but only for two-year periods, as provided by the 2012 DACA policy.
- Addition of a banner on February 17 to the USCIS public website stating that implementation of the new DACA and DAPA policies had been enjoined, as well as subsequent updates to all internal and external agency communications to remove information about the launch of the new DACA and DAPA policies (although historical press releases and information regarding the scope of the new policies generally were retained).
- Further steps beginning on February 17 to halt implementation of the new DACA eligibility guidelines and any further preparation for DAPA that involved:
    - Removing the new DACA form instructions and related "Frequently Asked Questions" that had been posted on the USCIS public website on February 14, 2015;
    - Notifying communications staff to halt the planned posting of the new DACA application form on February 17, 2015;

- Reverting back to the 2012 public guidance in place for DACA prior to November 20, 2014;
- Ceasing policy and operational discussions to develop guidelines, procedures and forms to implement DAPA; and
- Suspending hiring actions to bring new staff on board to support DAPA implementation, including removal of a solicitation for contractor support.

8. As the accompanying Declaration of Donald Neufeld makes clear, immediate steps were also taken after the injunction to prevent issuance of three-year deferred action or employment authorization notices of approval or EADs, even in cases where deferred action and employment authorization had been approved under the 2012 DACA eligibility guidelines before the Court's injunction. (As noted above, implementation of the 2014 DACA eligibility guidelines never took place.) It is important to underscore this point: after receiving the Court's order, USCIS intended to halt the issuance of three-year notices and work authorizations to all DACA recipients.

9. The actions taken by USCIS reflect the agency's clear intent to stop the approval or issuance of three-year approval notices or EADs under DACA once the injunction had issued. The Declaration of Donald Neufeld further demonstrates, however, that despite this clear intent, and that USCIS initially prevented three-year EADs that had been approved prior to the injunction from issuing immediately afterward, USCIS failed to prevent the release of approximately 2000 three-year EADs for individuals otherwise eligible for DACA under the 2012 eligibility guidelines once the agency's initial February 17 freeze on all EADs was lifted.

10. As the Director of USCIS, I accept full responsibility for the failure to effectively halt the issuance of three-year notices of approval and/or EADs for individuals under the 2012 DACA eligibility guidelines following the Court's injunction. As an attorney, and particularly as a former career prosecutor, I deeply appreciate the importance of complying with court orders and respecting the rule of law, especially when acting on behalf of the United States Government.

11. I also recognize that the work we do at USCIS has great impact on the lives of individuals and that precision in our case processing is critical to maintaining the trust of those who submit petitions and applications to us.

12. In retrospect, I believe that USCIS should have exercised greater management oversight of the efforts to halt the production and issuance of three-year notices and EADs once the Court issued its injunction, including by more effectively coordinating and overseeing the actions of the different offices that handle the consideration and processing of EADs. Prospectively, as described in the Donald Neufeld Declaration, USCIS has implemented immediate corrective measures, including the rescission of erroneously issued three-year deferred action notices and/or EADs. Additionally, we are taking steps, including the modification of USCIS computer systems, to further minimize the potential for human error that could lead to unintended issuance of three-year notices and/or EADs, instead of two years, in future DACA cases, regardless of the circumstances.

13. Further, I have directed my leadership team to update our processes to ensure adequate documentation and oversight in circumstances such as those described here.

14. The Secretary of Homeland Security has asked the DHS Office of Inspector General (DHS OIG) to investigate the circumstances of the issuance of three-year EADs after the issuance of the Court's preliminary injunction order. I have attached a copy of the Secretary's referral of this matter to the DHS OIG. I fully support this investigation and have prepared a written directive that I am in the process of distributing to relevant staff components directing full and expedited cooperation.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of May of 2015.

LEÓN RODRÍGUEZ

# ATTACHMENT TO

# DECLARATION OF LEÓN RODRÍGUEZ

*Secretary*
**U.S. Department of Homeland Security**
Washington, DC 20528




May 8, 2015

MEMORANDUM FOR: John Roth
Inspector General

FROM: Jeh Charles Johnson

SUBJECT: Referral to the Office of Inspector General

---

On February 16, 2015, a federal district court issued a preliminary injunction in the case of *Texas, et al. v. United States, et al.* (S.D. Tex.) No. 1:14-cv-00254. Various Department officials first became aware of this order in the very early morning hours of February 17. That same day, I issued a public statement that the Department will comply with the terms of the injunction, and made that same thing plain in internal communications to Department officials. My understanding is that, on the same day, the Director of USCIS, León Rodríguez, also issued a written directive to his own workforce to comply with the injunction. On February 20, I followed up with a written internal communication reiterating my instruction that all Departmental personnel comply with the injunction.

As the attached advisory to the court indicates, it now appears about 2000 individuals were issued three-year employment authorization documents after the injunction was issued, contrary to the terms of the injunction.

My expectation for this Department and all its agents and employees is that directives will be followed immediately, without qualification or exception—particularly those that convey court orders. Likewise, it is incumbent upon to us to fully understand how any lapse in our ability to follow such a basic tenet could have occurred, and address it.

Accordingly, I hereby request that you investigate the circumstances of the issuance of these three-year employment authorization documents after the issuance of the Court's preliminary injunction.

I also request that you report your findings to me by June 8, 2015. By copy of this memorandum to Director Rodríguez and our General Counsel, I am directing full and expedited cooperation by Department personnel with your investigation. I anticipate that your work will require you to review and analyze attorney-client communications, attorney work product, and other sensitive and privileged materials. I request that you conduct your investigation and write your report in a manner such that, in the event the report is made available outside this Department, such material can be redacted and privileges preserved.

cc: Director León Rodríguez
General Counsel Stevan E. Bunnell