IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, ET AL., | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL NO. B-14-254 |
| | § | |
| UNITED STATES OF AMERICA, ET AL., | § | |
| Defendants. | § | |

# ORDER

This Court held a hearing on June 23, 2015, at which time both parties indicated that they are making progress toward a resolution of discovery requests made by the Plaintiffs with regard to the Government's belated revelation that it had implemented portions of the November 20, 2014 DHS Memorandum prior to the February 18, 2015 start date provided to Plaintiffs and the Court by defense counsel. Given the fact that counsel for both sides indicated that progress has been made and have requested more time to reach an agreement, this Court granted the parties additional time to seek a resolution of these pending issues. The parties are to file a status report with the Court describing any agreement reached on Plaintiffs' discovery requests and any resolution with regard to the approximately 108,800 individuals who were granted benefits pursuant to the 2014 DHS Memorandum between the date of that Memorandum and this Court's injunction. The parties have until July 31, 2015, to file that status report. The Court will resolve any and all questions regarding future discovery and/or sanctions once it reviews the parties' report.

This, however, does not resolve the issue as to the approximately 2,000 individuals that were given various benefits in violation of this Court's order after the injunction was issued. The Court was first apprised by the Government of the violations of its injunction on May 7, 2015. It admitted

that it violated this Court's injunction on at least 2,000 occasions—violations which have not yet been fixed. This Court has expressed its willingness to believe that these actions were accidental and not done purposefully to violate this Court's order. Nevertheless, it is shocked and surprised at the cavalier attitude the Government has taken with regard to its "efforts" to rectify this situation. The Government promised this Court on May 7, 2015, that "immediate steps" were being taken to remedy the violations of the injunction. [*See* Doc. No. 247]. Yet, as of June 23, 2015—some six weeks after making that representation—the situation had not been rectified. With that in mind, the Court hereby sets a hearing for August 19, 2015, at 10:00 a.m. Each individual Defendant must attend and be prepared to show why he or she should not be held in contempt of Court. In addition to the individual Defendants, the Government shall bring all relevant witnesses on this topic as the Court will not continue this matter to a later date. The Government has conceded that it has directly violated this Court's Order in its May 7, 2015 Advisory, yet, as of today, two months have passed since the Advisory and it has not remediated its own violative behavior. That is unacceptable and, as far as the Government's attorneys are concerned, completely unprofessional. To be clear, this Court expects the Government to be in full compliance with this Court's injunction. Compliance as to just those aliens living in the Plaintiff States is not full compliance.

If the Government remedies this situation and comes into compliance with this Court's injunction by July 31, 2015, it shall include a summary of that situation in the July 31, 2015 report to the Court. If the Court is satisfied with the Government's representations, it will cancel the August 19, 2015 hearing. Otherwise, the Court intends to utilize all available powers to compel compliance.

This Court began its last hearing by explaining its reluctance to sanction any party or attorney. If nothing else, sanctions bog both the parties and the Court down on side issues that detract their attention from the real focus: the merits and resolution of the case. Nevertheless, no reasonable person could possibly consider a direct violation of an injunction a side issue. Furthermore, at some point, when a non-compliant party refuses to bring its conduct into compliance, one must conclude that the conduct is not accidental, but deliberate. If these violations have not been corrected by the end of this month, absent very compelling evidence, which this Court will be glad to consider, the only logical conclusion is that the Government needs a stronger motivation to comply with lawful court orders. Neither side should interpret this Court's personal preference to not sanction lawyers or parties as an indication that it will merely acquiesce to a party's unlawful conduct.

Signed this 7th day of July, 2015.

_____
Andrew S. Hanen
United States District Judge