

Secretary
U.S. Department of Homeland Security
Washington, DC 20528

July 10, 2015

MEMORANDUM FOR:   Leon Rodriguez
                  Director
                  U.S. Citizenship and Immigration Services

From:             Jeh Charles Johnson
                  Secretary

Subject:          *Texas et al* v. *United States of America, et al*, Civil Action No. B-14-254 (S.D. Tex.)

As you know, and as we notified the District Court in this case on May 7, USCIS sent approximately 2100 DACA recipients three-year Employment Authorization Documents ("EADs") after the Court's injunction was issued on February 16, 2015. This Department, including U.S. Citizenship and Immigration Services, must finish rectifying that situation, and promptly. There is little doubt about what the Court expects of us to fully rectify the situation of which we advised the Court on May 7.

In recent days it has also come to my attention that approximately 500 three-year EADs were sent to DACA recipients prior to the injunction, were returned to sender (USCIS), and then re-sent to DACA recipients after the injunction. This too must be rectified.

As I understand it, to date, the following corrective actions have been completed or undertaken:

First, in May-June USCIS sent letters to all of the approximately 2100 DACA recipients requiring the return of the three-year EADs. A second wave of letters was sent by USCIS on July 6-9.

Second, USCIS's SAVE system has been updated to reflect, with respect to the approximately 2100 DACA recipients, that their authorizations are for a period of two years, not three. Those states that use the SAVE database are now able to verify, in the case of the 2100 DACA recipients, the proper, two-year time period for DACA and the work authorization, for purposes of issuing drivers' licenses and other benefits.

Third, USCIS has updated its E-Verify system to ensure that any queries by employers indicate with respect to the approximately 2100 DACA recipients a two-year term of work authorization, not three.

Fourth, USCIS has updated all of its internal systems to reflect that the approximately 2100 DACA recipients are recorded as having two-year DACA approvals and work authorizations, not three.

Fifth, all USCIS internal systems have been updated to ensure that any grant of DACA, or the accompanying work authorization, cannot be issued for a term greater than two years.

Sixth, USCIS has undertaken to make in-person telephone calls to any of the approximately 2100 DACA recipients who have not yet returned their three-year EADs. As I understand it, these DACA recipients were advised that they must return their three-year EADs by July 17. I am also informed that 700 such calls were made on July 9 alone, and that these calls will be completed today, July 10.

As I understand it, as of today 922 of the approximately 2100 DACA recipients have not returned their three-year EADs to USCIS.

I hereby direct the following:

First, with respect to those of the approximately 2100 DACA recipients who have not returned their three-year EADs as of July 17, USCIS shall, by close of business on July 17, mail a Notice of Intent to Terminate, informing the recipient that his or her deferred action status and associated employment authorization will be terminated by July 30 if USCIS does not receive the three-year EAD by that time. The Notice of Termination should explain that to prevent the termination, the DACA recipient must appear at a USCIS field office.

Second, USCIS shall dispatch its personnel to visit the homes of those DACA recipients who have not yet returned their three-year EADs, for the purpose of retrieving the three-year EADs. USCIS personnel shall do this at a reasonable hour, and in a

respectful and appropriate manner. Alternatively, USCIS should send an INFOPASS Notice advising these DACA recipients to appear at a USCIS field office at a specific time and location and be prepared to surrender their three-year EADs, or contact the attorney of record for the DACA recipient. USCIS shall exercise its judgment as to whether, in the first instance, a home visit is most appropriate and effective, but in every case USCIS shall have, by July 30, either (i) retrieved the three-year EAD, (ii) visited the home of the DACA recipient listed in USCIS records for purposes of retrieving the three-year EAD, or (iii) received from the DACA recipient a written certification that he or she does not have a three-year EAD in his or her possession because it was lost, stolen, destroyed or for other good cause.

Third, USCIS shall communicate with immigrant advocacy organizations and other suitable representatives its plan of action for compliance with this directive -- specifically that meetings and home visits are solely for the purposes of compliance with the Court's order and this directive.

Fourth, USCIS shall inform relevant state officials that they may contact USCIS if they wish to establish a process, consistent with privacy and other laws and policy, by which USCIS notifies state governments of DACA recipients in their state who have invalid three-year EADs, for the purposes of the issuance of drivers' licenses and other benefits.

Fifth, with respect to those of the approximately 2100 DACA recipients from whom USCIS has not received a three-year EAD by close of business on July 30, those recipients' deferred action shall be terminated on July 31.

Sixth, by July 13, USCIS shall present to me a plan, consistent with the terms of this directive, to retrieve the approximately 500 three-year EADs that were first sent prior to the injunction, returned to sender, and re-sent after the issuance of the injunction.

Seventh, USCIS shall advise me on July 13, July 17, July 20, July 24 and July 27 on the status of its compliance with this directive.

This directive is not intended to preclude other appropriate and lawful actions by USCIS to accomplish the objectives set forth herein. Also, this directive should not be read to impact or alter the ongoing meet and confer process being engaged in by the defendants, through the Department of Justice, in the Texas litigation.