

**U.S. Department of Justice**

Civil Division

*Washington, DC 20530*

June 19, 2015

**<u>VIA E-MAIL</u>**

Angela V. Colmenero
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
<u>angela.colmenero@texasattorneygeneral.gov</u>

      RE:   <u>Texas v. United States</u>, Case No. 14-cv-254 (S.D. Tex.)

Dear Ms. Colmenero:

      This letter follows our conversation of yesterday, June 18, 2015, as well as our prior conversation of June 2, 2015. As we discussed, Defendants are hereby voluntarily providing certain information, in connection with your request for information on pages 8-9 of your May 20 filing (ECF No. 261). Also as previously discussed, the provision of this information should not be construed as a concession or acknowledgment that Plaintiffs have suffered any injury and/or irreparable harm as a result of the three-year employment authorization documents (EADs) issued post-injunction to approximately 2000 individuals. Based on DHS analysis of its currently available data, DHS's best calculation of the number of such individuals is 2128.

      DHS is taking corrective action for all 2128 currently identified individuals. That corrective action includes updating USCIS's records and systems, including the systems that determine the responses to SAVE queries, to reflect two years (rather than three years) of deferred action and employment authorization; issuing those individuals corrected two-year EADs; and instructing individuals to return their three-year EAD and that failure to do so may result in adverse action in their case.

      Set forth below is more specific information based upon electronic queries of DHS systems on the 2128 individuals noted above:

    1)  The following table sets forth a state-by-state breakdown for the Plaintiff states, based on the state of residence in each individual's request:

| Plaintiff State Total | 814 |
|---|---|
| AL | 7 |
| AR | 10 |
| AZ | 66 |
| FL | 75 |
| GA | 70 |
| ID | 9 |
| IN | 15 |
| KS | 12 |
| LA | 7 |
| ME | 0 |
| MI | 10 |
| MS | 2 |
| MT | 0 |
| NC | 65 |
| ND | 1 |
| NE | 6 |
| NV | 24 |
| OH | 4 |
| OK | 15 |
| SC | 15 |
| SD | 3 |
| TN | 18 |
| TX | 341 |

| UT | 25 |
| WI | 13 |
| WV | 1 |

2) For the population identified in table (1), DHS has confirmed that as of June 17, 2015, at least 806 individuals (out of a total in the Plaintiff states of 814) have had 2-year EADs produced and sent. DHS is working expeditiously to produce the remaining two-year EADs. Furthermore, DHS has confirmed that all individuals identified in table (1) have been sent letters instructing them that they must return their three-year EAD upon receipt of their two-year EAD.

3) DHS has also verified that as of June 17, 2015, at least 793 of the 814 individuals in Plaintiff states have had their records updated so that future SAVE queries will reflect two-year validity periods (rather than three years). DHS is working expeditiously to update its system so that future SAVE queries for all of the 814 individuals will reflect the two-year validity periods.

4) DHS's current analysis of queries submitted to SAVE by the Texas Department of Public Safety (DPS) through June 17, 2015 about the individuals cited in table (1) as residing in Texas indicates 82 driver's license queries for 70 individuals in which the SAVE Program Office provided a response on or after February 16, 2015, based on an employment authorization validity period that was greater than two years. Those queries do not indicate whether they resulted in the issuance of driver's licenses by Texas DPS. Those numbers do not include SAVE queries from other Texas departments, or for other non-driver's license purposes (*e.g.*, state identification cards).

The above information should sufficiently respond to your request for information on pages 8-9 of your May 20 filing. The crux of Plaintiffs' injury held to be cognizable by the Court was the cost to Texas of issuing additional driver's licenses. The above information directly addresses your concerns with respect to driver's licenses: it provides the number of individuals in Texas who sought to obtain driver's licenses using post-injunction three-year EADs; and confirms that almost all individuals who seek to obtain Texas driver's licenses using a post-injunction three-year EAD will receive only a two-year validity period in response to a Texas DPS query of SAVE (with the remainder of those individuals to be updated very soon).

Furthermore, it bears emphasizing that the injury recognized by the Court—"costs associated with processing a wave of additional driver's licenses," ECF No. 145 at 22—is

inapplicable to the 341 individuals within Texas, all of whom would have otherwise received a two-year (rather than three-year) EAD. The potential for those individuals to obtain a driver's license valid for *three* years rather than *two* years does not increase the cost to Texas of processing the license; Texas would suffer the same alleged loss regardless of the term of the license. If anything, providing individuals with three-year licenses would only *save* Texas money. *Cf.* ECF No. 64-43 (Decl. of Joe Peters) ¶ 8 (discussing how license holders with longer terms cost Texas less money than license holders with shorter terms). Thus, there is no basis on which Plaintiffs require additional information related to the 341 identified individuals within Texas.

Nonetheless, we understand that you have requested additional information regarding the 814 individuals in the Plaintiff states—specifically, when each individual's 3-year EAD was issued; whether they have been asked to return their 3-year EAD; whether the 3-year EAD has in fact been returned; and if so, when the 3-year EAD was returned. DHS is currently assessing whether and when it may be feasible to provide the additional information that you have requested.

Given the practical constraints related to compiling your requested information, we continue to urge you to identify any other databases and/or state benefits that, in your view, could be implicated by the issuance of three-year EADs. By identifying those databases and/or benefits, that would allow us to explore whether we can provide information that more directly, and more accurately, addresses your concerns—*i.e.*, the potential for an individual to have used in the past, or to use in the future, a post-injunction three-year EAD to obtain some state benefit for three years instead of two years.

Going forward we suggest that Plaintiffs review the above information, and then let us know what additional information, if any, you believe is necessary to determine "the extent to which remediation ... is both practical and possible[.]" (E-mail of June 4, 2015 from Ms. Colmenero to Mr. Schwei.) To the extent you believe additional information is necessary for that purpose, it would be helpful for us to understand why you believe that information is necessary—*i.e.*, what type of "remediation" you are considering, and how the requested information would affect the determination whether to undertake such potential remediation.

We look forward to hearing from you. Please do not hesitate to contact me if you have any questions or would like to further discuss.

Sincerely,

*Daniel Schwei*

Daniel Schwei