

**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

July 6, 2015

Daniel Schwei *Via Electronic Mail*
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW, Room 7340
Washington, DC 20530
Daniel.S.Schwei@usdoj.gov

   RE: *State of Texas, et al. v. United States of America, et al.*, No. 14-cv-254 (S.D. Tex.)

Dear Mr. Schwei:

  I am writing to follow up with you regarding certain issues addressed in your June 19, 2015 letter to me and at the Court's June 23, 2015 hearing.

  As you know, in the four months since the Defendants first advised the Court and the Plaintiff States that the Department of Homeland Security (DHS) had issued more than 108,000 three-year terms of deferred action and employment authorization documents (EADs) after the November 2014 DHS Directive, the Plaintiff States have sought to obtain information from the Defendants regarding any such three-year grants.  Through this process, the Plaintiff States' efforts have focused on several principal concerns: ensuring the reliability of information received from Defendants and their counsel in this case; assessing the Defendants' ongoing compliance with the Court's February 16, 2015 injunction; and determining whether the Plaintiff States needed to take any corrective action relating to recipients of three-year grants.  Those concerns were only heightened by the Defendants' subsequent disclosure that DHS had issued thousands of three-year EADs—currently numbered at 2,128 according to your June 19 letter—after the February 16 injunction.

  Your June 19 letter provides us with certain limited data relating to the 2,128 individuals who were issued three-year EADs after the Court's injunction. Specifically, the letter identifies (1) a state-by-state tally of the 814 individuals who received a three-year EAD after the Court's injunction and reside in one of the Plaintiff States; (2) the number of these 814 individuals who have since been sent a two-year EAD that is intended to replace the erroneously-issued three-year card ("at least 806," as of June 17); (3) the proportion of these 814 individuals for whom DHS has updated the SAVE system to reflect a two-year term of authorization ("at least 793," as of June 17); and (4) for Texas only, the number of driver's license queries submitted to the SAVE system by the State's Department of Public Safety for individuals who may have received three-year EADs after the injunction (82 queries for 70 individuals, as of June 17).

Daniel Schwei
July 6, 2015
Page 2

As I indicated at the June 23 hearing—and consistent with our telephone conference on June 18—we believe that the data contained in your June 19 letter is a first step to addressing the Plaintiff States' concerns about the implementation of the November 2014 DHS Directive. But it is only a first step. Our discussion of these issues with the Court at the June 23 hearing further confirms that Defendants must take further action to address DHS's issuance of three-year grants, including providing the Plaintiff States with more detailed information about the recipients of three-year grants.

Consistent with the Court's directive at the June 23 hearing, we expect the Defendants, at a minimum, to take the following actions with respect to the 2,128 individuals referenced in your June 19 letter as receiving three-year EADs after the Court's injunction:

- Provide the Plaintiff States with some form of personally identifiable information for each of the 2,128 individuals (Hr'g Tr. 19-22);

- Update the SAVE system to reflect a two-year term of authorization for each of the 2,128 individuals (Hr'g Tr. 25);

- Notify each of the 2,128 individuals that they were erroneously issued a three-year EAD, provide them with a two-year EAD, and instruct them to return the three-year EAD (Hr'g Tr. 27-29);

- Obtain the erroneously-issued three-year EADs in return from each of the 2,128 individuals (Hr'g Tr. 28-29); and

- Provide the Plaintiff States with confirmation that the Defendants have completed the above steps (Hr'g Tr. 31).[1]

Pursuant to the June 23 hearing, these actions should be taken by July 31, 2015, when the parties' joint status report is due to the Court (Hr'g Tr. 28-29).

Separately, with respect to the 108,000 individuals who received three-year terms of deferred action or EADs before the Court's injunction, we expect to continue the meet-and-confer process with you in an effort to resolve our concerns regarding this category of individuals. At a minimum, we would request that you provide us with the same type of data contained in your June 19 letter relating to the 2,128 post-injunction grants.

We look forward to hearing from you. If you have any questions or would like to further discuss these issues, please do not hesitate to contact me.

Sincerely,

Angela V. Colmenero

---

[1] And, of course, these same steps should be taken for any other individuals who are determined through DHS's ongoing review to have received three-year EADs after the Court's February 16 injunction.