

## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

July 22, 2015

Daniel Schwei   *Via Electronic Mail*
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW, Room 7340
Washington, DC 20530
Daniel.S.Schwei@usdoj.gov

      RE:    *State of Texas, et al. v. United States of America, et al.*, No. 14-cv-254 (S.D. Tex.)

Dear Mr. Schwei:

      I am writing to follow up on our conversation on July 15, 2015 and your July 17, 2015 letter to me. We appreciate the information that you provided in the July 17 letter, and we continue to seek resolution on the early discovery and remedial matters.

      This letter addresses three areas of focus relating to those matters: (1) Defendants' efforts to remedy the issuance of approximately 2,600 three-year employment authorization documents (EADs) after the Court's February 16, 2015 injunction; (2) the parties' ongoing meet-and-confer process regarding approximately 108,000 three-year EADs issued before the February 16 injunction; and (3) Defendants' assertions of privilege in response to the Court's April 7, 2015 Order.

<u>Defendants' Remedial Efforts Pertaining to Post-Injunction Issuances of Three-Year EADs</u>

      Your July 17 letter provides us with updated information and data relating to Defendants' efforts to remedy the issuance of three-year EADs after the Court's February 16, 2015 injunction. This includes the 2,128 individuals whom you previously identified in your June 19 letter as being issued three-year grants after the injunction, as well as the additional 484 individuals that Defendants first disclosed in a July 9 advisory as receiving three-year grants (ECF No. 282).

      With respect to both of these groups, your letter reflects that Defendants' remedial efforts remain in progress. In particular, you acknowledge that for the group of 2,128 previously-identified individuals, DHS is still working to obtain over 600 of the invalid three-year EADs (June 23, 2015 Hr'g Tr. 28-29). Likewise, for the group of 484 "post-injunction re-mailings," you state that DHS "is undertaking an expedited, accelerated process of remediation" (July 17 Letter at 2). You do not indicate how many of these three-year EADs have been returned to, or otherwise accounted for by, DHS.

      Additionally, your letter addresses the scope of personally identifiable information that Defendants are willing to provide for the recipients of post-injunction three-year EADs. As an

POST OFFICE BOX 12548, AUSTIN, TEXAS 78711-2548   TEL: (512)463-2100   WEB: WWW.TEXASATTORNEYGENERAL.GOV
*An Equal Employment Opportunity Employer · Printed on Recycled Paper*

Daniel Schwei
July 22, 2015
Page 2

initial matter, we reiterate that we have requested personally identifiable information in an effort to help determine whether the Plaintiff States need to take any corrective action as to the three-year grantees—an interest we have repeatedly expressed since Defendants first disclosed over four months ago that three-year EADs had been issued while this lawsuit was ongoing. Our request also is consistent with the Court's statements at the June 23, 2015 hearing indicating that Defendants should provide the Plaintiff States "some kind of way for them to identify these people" (Hr'g Tr. 19). Thus, we disagree with your contention that the Plaintiff States "have not articulated the rationale for why this sensitive information is necessary" or that the Plaintiff States "do not require any additional personally identifiable information for purposes of evaluating potential corrective actions" (July 17 Letter at 10).

That said, we appreciate Defendants' agreement to provide certain personal information—specifically, alien registration number, EAD card number, full name, and address—for the post-injunction grantees. Since our July 15 telephone conference, we have contacted several state agencies and Plaintiff States to identify any other information that would be needed for the Plaintiff States to adequately assess whether to themselves take any corrective action. Based on these efforts, we request that Defendants also provide the Plaintiff States with dates of birth, social security numbers (if applicable), and certain SAVE-related information (Document Type ID and SAVE case number) for post-injunction grantees residing in the Plaintiff States. We are amenable to discussing with you the specific terms of any protective order addressing the disclosure of personally identifiable information.

Resolution of Pre-Injunction Issuances of Three-Year EADs

Your July 17 letter provides less information for the 108,081 three-year EADs issued before the Court's February 16 injunction. As to this group, you have supplied a breakdown of the number of individuals residing in each State. You have not provided, however, any of the SAVE query data that is included for the post-injunction grantees; instead, you offer to provide, by July 29, "approximate SAVE query information" for those individuals residing in the Plaintiff States (July 17 Letter at 9). We will await receipt of that information before determining whether it provides the Plaintiff States with a level of information corresponding to that given for the post-injunction grantees.

Putting aside the issue of information relevant to potential corrective action by the Plaintiff States, the issue remains of whether Defendants will take any action to remedy their continuing recognition of three-year terms of deferred action and employment authorization under the DACA-expansion portion of the enjoined DHS Directive. The district court has enjoined Defendants from implementation of "any and all aspects" of the DACA expansions in the challenged DHS Directive. Feb. 16, 2015 Order of Temporary Injunction at 2. Nonetheless, Defendants have not committed to revise their databases and records so that deferred action under DACA and the EADs are for two-year terms, rather than the three-year terms authorized only by the now-enjoined DHS Directive. Indeed, as Plaintiffs understand it, those databases are the ones queried by states and private employers on an ongoing basis.

Although Defendants may not have been subject to an injunction when they initially granted those three-year terms, Defendants' continuing maintenance of those three-year authorizations in their databases and records is contrary to the district court's February 16 injunction against "implementing any and all aspects or phases of the expansions (including any and all changes) to the Deferred Action for Childhood Arrivals ('DACA') program as outlined in

Daniel Schwei
July 22, 2015
Page 3

the DAPA Memorandum." Feb. 16, 2015 Order of Temporary Injunction at 2. Because the Directive purporting to authorize three-year DACA and EAD terms is enjoined, Defendants should not be representing on an ongoing basis that three-year terms are, in fact, authorized. That continued, post-injunction implementation of the Directive is especially troubling given that even the pre-injunction implementation of this aspect of the Directive was not disclosed to the Court and that Defendants represented to the Court and to Plaintiffs that the Directive was not being implemented.

For those reasons, the Plaintiff States believe that the proper course of action as to the 108,081 pre-injunction grants of three-year DACA and EADs is for Defendants to cease implementing the three-year expansion aspect of the Directive by modifying their databases and records to reflect only two-year terms in any ongoing queries. Moreover, because DACA recipients presenting documentation reflecting a three-year period of deferred action or employment authorization are representing that Defendants will continue to afford those benefits for the three-year term—and because Defendants' authority to act in that manner has been enjoined—Defendants should take the same steps to retrieve and replace all three-year cards as are appropriate for post-injunction three-year cards.

With those steps, with the early discovery described above, and with resolution of the issue noted below regarding Defendants' withholding of documents responsive to the Court's April 7, 2015 Order, Plaintiffs' requests for early discovery and for specific corrective action would be satisfied. Of course, there is no way to fully identify all derivative uses of three-year cards and remediate all of the consequences of those uses, much less to do so without additional costs and burden. But such is the nature of irreparable injury.

Defendants' Response to the Court's April 7, 2015 Order

Finally, we want to remind you that Defendants' privilege claims in response to the April 7, 2015 Order remain pending for the Court's determination. As the Plaintiff States have maintained in their briefing, Defendants have not offered clear proof to substantiate their privilege claims, and the lack of detail in Defendants' privilege log prevents the Plaintiff States from assessing the merits of the privilege assertions. Depending on how the Court rules with respect to Defendants' privilege claims, that ruling may impact or resolve some of the pending discovery matters.

****

On our telephone conference tomorrow, we are prepared to discuss issues addressed in this letter and the preparation of the status report due July 31. We also would like to receive an additional update regarding the status of Defendants' remedial efforts regarding the post-injunction issuance of three-year EADs.

Sincerely,

Angela V. Colmenero