# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, et al. ) <br> ) <br> Defendants. ) | No. 1:14-cv-254 |

## DECLARATION OF SARAH R. SALDAÑA

I, Sarah R. Saldaña, hereby make the following declaration with respect to the above-captioned matter:

1. I am the Assistant Secretary and Director of U.S. Immigration and Customs Enforcement (ICE), a component of the Department of Homeland Security (DHS or Department). I have held this position since December 18, 2014. My current work address is: 500 12th Street Southwest, Washington, D.C.

2. I am submitting this declaration in connection with the Court's Order of July 7, which directs me and the other individual defendants to appear at a hearing on August 19 concerning the Government's compliance with the Court's February 16 preliminary injunction. As explained in more detail below, as Director of ICE, I have no responsibility for the compliance/remedial efforts at issue in the Court's Order, which involve U.S. Citizenship and Immigration Services (USCIS), and have no first-hand knowledge of those efforts. Accordingly, my personal attendance at the hearing would add nothing to the issues before the Court and

would only serve to take me away from the performance of my duties and responsibilities as the Director of ICE.

3. I make this declaration on the basis of my personal knowledge as well as information made available to me in the course of my official duties.

4. I am a graduate of Texas A&I University, now Texas A&M University, and hold a Bachelor of Science degree. I hold a Juris Doctorate from Southern Methodist University. Before becoming ICE Director, I served as United States Attorney for the Northern District of Texas for more than three years. I was previously an Assistant United States Attorney in the Northern District of Texas and a partner in the trial department of a law firm in Dallas, Texas.

5. I was confirmed to my position by the U.S. Senate on December 16, 2014, and began my service as Assistant Secretary and Director shortly thereafter. Under 5 U.S.C. § 5315, my position is a Level IV Presidential appointment.

6. In my current position as Director of ICE, I lead the largest investigative agency within DHS, overseeing nearly 20,000 employees in 400 offices across the country. ICE's primary mission is to promote homeland security and public safety through the criminal and civil enforcement of federal laws governing border control, customs, trade, and immigration. ICE carries out its mission by enforcing more than 400 federal statutes, preventing terrorism, and combating the illegal movement of people and goods. The agency has an annual budget of approximately $6 billion, which is primarily dedicated to two operational sub-components—Homeland Security Investigations (HSI) and Enforcement and Removal Operations (ERO). HSI is an investigative arm of DHS, which has broad legal authority to enforce a wide variety of federal statutes. It operates both domestically and internationally; in fact, HSI is DHS's largest investigative presence abroad, and it has one of the largest international footprints in U.S. law

enforcement. ERO identifies and apprehends removable aliens, detains removable aliens when necessary, and removes illegal aliens from the United States.

7. I am familiar with the November 20, 2014, memorandum by the Secretary of Homeland Security, entitled *Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children and with Respect to Certain Individuals Who Are the Parents of U.S. Citizens or Permanent Residents* ("November 2014 memorandum"). The bulk of that memorandum provides instructions to USCIS, another component within DHS, for the implementation of new policies regarding Deferred Action for Childhood Arrivals (DACA), and implementation of a new initiative, Deferred Action for Parents of Americans and Lawful Permanent Residents (DAPA). The responsibilities placed on ICE by the Secretary's November 2014 memorandum were (1) to identify persons in ICE custody, as well as recently encountered individuals, who appear to meet the 2014 DACA or DAPA guidelines and may be eligible for deferred action under those programs; (2) to review pending removal cases, and to refer to USCIS for case-by-case determinations those individuals who appear to meet the 2014 DACA or DAPA guidelines; and (3) to establish a process to allow individuals in removal proceedings to identify themselves as candidates for 2014 DACA or DAPA. The Secretary tasked USCIS, not ICE, with responsibility for the receipt and approval or denial of requests for deferred action and employment authorization. USCIS, not ICE, was made responsible for issuing notices of approval of deferred action and employment authorization DACA and DAPA applicants, and for issuing employment authorization documents (EADs) to them as well.

8. In sum, ICE was not tasked with approving or denying requests for deferred action under the new DACA or DAPA guidelines, nor is it responsible for issuing notices of approval for these initiatives. Additionally, ICE does not determine the length of time for which

deferred action under the new DACA or DAPA guidelines will be accorded. Further, even outside of the context of DACA, ICE does not issue notices of approval for employment authorization, does not determine the length of any employment authorization, and does not issue EADs.

9. I am also familiar with the June 15, 2012, memorandum by the former Secretary of Homeland Security, Janet Napolitano, entitled *Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children* ("June 2012 DACA memorandum"). That memo provides instruction to USCIS, U.S. Customs and Border Protection (CBP), and ICE as to how, in the exercise of prosecutorial discretion, and on a case-by-case basis, DHS should enforce the Nation's immigration laws with respect to certain young people.

10. Under the June 2012 DACA memorandum, if an alien encountered by ICE appears to meet the 2012 DACA guidelines, ICE may exercise prosecutorial discretion, on a case-by-case basis, by releasing the alien from custody, declining to initiate removal proceedings, or administratively closing or terminating already pending removal proceedings. However, ICE does not exercise such prosecutorial discretion by granting deferred action to aliens pursuant to the June 2012 DACA memorandum.[1] Instead, ICE will refer the alien to USCIS, which approves or denies, exercising prosecutorial discretion on a case-by-case basis, the alien's request for deferred action and employment authorization under the 2012 DACA eligibility guidelines. USCIS is also responsible for issuing notices of approval of deferred

---

[1] While the language of the June 2012 DACA memorandum appears to give ICE the authority to grant deferred action as part of its (rather than another component's) responsibilities for exercising prosecutorial discretion, the June 2012 memorandum was not implemented in that way. Rather, as noted above, USCIS has exercised sole responsibility for considering requests for deferred action under the 2012 guidelines.

action and employment authorization to 2012 DACA applicants, and for issuing EADs to them as well.

11. In sum, ICE does not approve or deny requests for deferred action under either the 2012 DACA or 2014 DACA/DAPA guidelines, nor is it responsible for determining the length of time for which such deferred action is granted, nor is it responsible for issuing notices of approval for that program. Moreover, ICE does not determine the length of time for which deferred action under the 2012 DACA guidelines will be granted.

12. Further, even outside of the context of DACA, ICE does not issue notices of approval for employment authorization, does not determine the length of any employment authorization, and does not issue EADs. Its highly limited role, as described above, is peripheral, at best.

13. When the Court issued its February 16, 2015 injunction prohibiting implementation of the Secretary's November 2014 memorandum, I promptly directed that ICE take a series of steps to ensure that the agency complied with the Court's order. On February 18, 2015, I disseminated a message to all ICE officers, agents, and attorneys directing them not to consider the new DAPA and 2014 expanded DACA guidelines as the basis for exercising prosecutorial discretion, not to use these guidelines to determine whether individuals may request deferred action, and not to refer individuals to USCIS for the purposes of seeking deferred action or employment authorization under DAPA or the 2014 DACA guidelines, unless and until further guidance is given. The Secretary also issued a February 20, 2015 memorandum to senior DHS officials directing that the Department and its components continue to suspend implementation of both DAPA and the 2014 changes to DACA, and to ensure compliance with

the Court's order. ICE further responded to the injunction by revising its website and other publicly-available resources to bring them into conformity with the injunction.

14. I am familiar with the Defendants' May 7 Advisory, in which the Government notified the Court that USCIS had issued approximately 2,000 three-year EADs instead of two-year EADs to DACA recipients after the February 16 preliminary injunction was issued. I am also familiar with the Court's July 7, 2015 Order, in which the Court expressed concern that this situation had not yet been fully rectified, and instructed each of the DHS officials named as defendants in this case, including myself, to attend a hearing on August 19, 2015, and to be prepared to show why he or she should not be held in contempt of Court. As discussed herein, as ICE Director, I do not have responsibility for, authority over, or personal knowledge about the matters raised in the Court's July 7 Order.

15. I am generally aware of the Defendants' July 9 Advisory, in which the Government notified the Court that USCIS had re-mailed, after the injunction approximately 500 three-year EADs that had previously been issued before the injunction but had been returned as undeliverable. As discussed below, as ICE Director I do not have responsibility for, authority over, or personal knowledge about this matter.

16. With the exception of identifying persons in ICE custody and other encountered individuals who may be eligible to request that they be considered for DACA, reviewing pending removal cases, and referring possibly eligible individuals to USCIS, ICE was assigned no role in the administration of the Secretary's November 2014 memorandum. Likewise, ICE does not accept, review, grant, deny, or otherwise process applications for deferred action or employment authorization under the 2012 DACA guidelines (or renewals thereof). ICE does not issue notices of approval or EADs to DACA recipients. ICE does not create, maintain, or update the records

systems under the control of USCIS that reflect or relate to recipients' deferred action or employment authorization. To my knowledge, those functions are exclusively performed by USCIS. Therefore, in my capacity as Director of ICE, I did not have responsibility for, authority over, or personal knowledge about any of the activities that resulted in the issuance of the three-year EADs discussed in Defendants' May 7 Advisory or the re-mailings discussed in Defendants' July 9 Advisory.

17. I am generally aware of the July 10, 2015 and the July 14, 2015 memoranda from the Secretary to Director Rodríguez of USCIS regarding USCIS's efforts to address the post-injunction issuance and/or re-mailing of three-year EADs to DACA recipients, which were filed with the Court on July 15, 2015. In my capacity as Director of ICE, I have had no responsibility for, authority over, or personal knowledge about the activities involved in correcting those three-year EADs that were issued or re-mailed after the injunction.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of July of 2015.

_____
Sarah R. Saldaña
Director
U.S. Immigration and Customs Enforcement