IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) <br> ) <br> ) |
| *Plaintiffs*, | ) <br> ) |
| v. | ) Case No. 1:14-cv-254 <br> ) |
| UNITED STATES OF AMERICA, *et al.*, | ) <br> ) <br> ) |
| *Defendants*. | ) <br> ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO CANCEL, OR EXCUSE CERTAIN INDIVIDUALS FROM, THE AUGUST 19 HEARING**

Plaintiffs take no position on Defendants' motion requesting that the Court cancel, or excuse certain witnesses from attending, the August 19 show-cause hearing (ECF No. 287). Along with Defendants' other recent filings, however, that motion creates serious questions regarding Defendants' ongoing injunction compliance that may bear on the Court's decision whether to maintain the August 19 hearing.

1.  In their request that the Court cancel the August 19 hearing, Defendants identify steps they have taken to remedy the issuance of three-year terms of deferred action and work authorization after this Court's February 16 injunction. Defendants explain, for example, that they have updated their databases to reflect a two-year term of authorization for these post-injunction grantees; provided replacement two-year employment authorization documents (EADs) and demanded the return of the erroneously-issued three-year EADs; obtained, or otherwise accounted for,

the three-year EADs issued to all but 22 of these individuals; and for these 22 individuals, terminated their deferred action and employment authorization. ECF No. 287 at 11-21; *see also* Joint Status Report, ECF No. 285 at 2-3. Defendants contend these efforts demonstrate that they "stand[ ] in compliance" with the injunction and that the August 19 hearing is unnecessary. ECF No. 287 at 1-2.

Although Defendants have engaged in significant remedial efforts since the June 23, 2015 hearing, they cannot be said to have achieved the type of "full compliance" with the injunction that the Court described in ordering the August 19 show-cause hearing. Order of July 7, 2015, ECF No. 281 at 2. At most, Defendants can reasonably claim "substantial compliance." ECF No. 287 at 22. Indeed, Defendants' motion (and the parties' July 31 joint status report) disclose that Defendants have recently learned of *additional* individuals who were issued three-year EADs after the Court's injunction. ECF No. 285 at 6-7; ECF No. 287 at 15-16 n.10, 18 n.11. Defendants offer no explanation of why these injunction violations were not uncovered earlier, and they admit that they have only "begun to take corrective action" for the "approximately" 51 individuals encompassed by Defendants' new discovery. ECF No. 287 at 15-16 n.10, 18 n.11. Defendants further acknowledge that they continue to investigate whether there are additional instances of injunction non-compliance and, therefore, whether additional corrective action will be necessary. Leon Rodriguez Decl., ECF No. 287-1 ¶ 53; ECF No. 285 at 7.

Defendants' evolving representations regarding their compliance with the injunction suggest that they have not fully "remedie[d]" the issues identified in the

2

Court's show-cause order. ECF No. 281 at 2. What's more, their changing estimates reflect that an external compliance monitor or other compliance-assurance mechanism—something Plaintiffs have sought throughout the early discovery process, *e.g.*, ECF No. 261 at 8—may be needed to satisfy the Court's expectation that Defendants would achieve "full compliance" with the February 16 injunction. *Id.*[1]

    2.    Defendants alternatively request that if the Court does not cancel the August 19 hearing, it should excuse all the individual defendants as witnesses except USCIS Director Rodriguez. As to DHS Secretary Johnson, Defendants contend that he had "no personal involvement with or advance knowledge of the events leading to the post-injunction issuance and re-mailing of the three-year EADs." ECF No. 287 at 4. Yet, Defendants acknowledge that:

- Along with Director Rodriguez, Secretary Johnson has "consistently directed, supported, and overseen . . . compliance with the injunction on a massive scale" and Defendants' efforts to remedy the issuance of post-injunction three-year EADs. *Id.* at 3.

- Following entry of the February 16 injunction, Secretary Johnson approved "the measures USCIS had undertaken to comply with the Court's injunction." *Id.* at 8.

- Secretary Johnson issued a memorandum to senior DHS officials on February 20, 2015, directing them to "continue to suspend implementation" of DAPA and Expanded DACA in order to "ensure compliance" with the injunction. ECF No. 287-2 at 3; ECF No. 287 at 8.

---

[1] Defendants' refusal to take remedial action with respect to the 108,081 pre-injunction three-year grants further undercuts any claim of "full compliance" with the injunction. The awarding and continued maintenance of these three-year terms of deferred action and work authorization can only be justified by DACA expansions that were enjoined by the Court. *See* Order of Temporary Injunction, ECF No. 144 at 2 (enjoining Defendants from "implementing any and all aspects or phases of the expansions (including any and all changes) to the Deferred Action for Childhood Arrivals ('DACA') program as outlined in the DAPA Memorandum"). Defendants thus lack any authority to continue to represent that these three-year terms are authorized, and they cannot achieve full injunction compliance until and unless they take corrective action as to all grants issued under the three-year expansion provision of the DHS Directive. *See* ECF No. 285 at 9-10.

3

- On May 8, 2015—one day after Defendants disclosed that over 2,000 individuals were issued three-year EADs after the injunction—Secretary Johnson requested the DHS Inspector General to investigate the circumstances surrounding these grants. ECF No. 287 at 3 n.1; ECF No. 256-1 ¶ 14.

- On July 10, 2015, Secretary Johnson directed USCIS to take actions to retrieve, or otherwise account for, any remaining three-year EADs, including by mail and in person. ECF No. 287 at 13. (A similar directive was issued on July 14 for the 484 "re-mailing" cases, *id.* at 19-20.)

Each of these actions relates directly to the federal government's efforts to remedy its injunction violations—the precise focus of the Court's show-cause order.

3.  Defendants also contend the Court should "conclude its inquiry into the issues related to" the April 7, 2015 Order. *Id.* at 46. According to Defendants, their statements at the June 23 hearing, along with materials they provided in response to the April 7 Order, allow the Court to conclude that sanctions are unwarranted. *Id.* at 46-50. But, as Plaintiffs have explained, Defendants' response to the April 7 Order—in which Defendants withheld 1,163 pages of documents, submitted a 223-page privilege log, and produced only publicly available materials—did not allow Plaintiffs to verify Defendants' claims of inadvertent miscommunications and misunderstandings. ECF No. 261 at 5-6. Defendants' privilege assertions remain pending, and their recent filings offer no additional means for Plaintiffs to assess these claims.

**\*\*\*\***

Plaintiffs neither support nor oppose Defendants' request to cancel, or excuse witnesses from, the August 19 show-cause hearing. If the Court determines that the hearing remains necessary, Plaintiffs are prepared to address any issues at the hearing.

|  |  |
|---|---|
|  | Respectfully submitted. |
| LUTHER STRANGE<br>*Attorney General of Alabama* | KEN PAXTON<br>*Attorney General of Texas* |
| MARK BRNOVICH<br>*Attorney General of Arizona* | CHARLES E. ROY<br>*First Assistant Attorney General* |
| DUSTIN MCDANIEL<br>*Attorney General of Arkansas* | SCOTT A. KELLER<br>*Solicitor General* |
| PAMELA JO BONDI<br>*Attorney General of Florida* | /s/ Angela V. Colmenero<br>ANGELA V. COLMENERO<br>*Assistant Attorney General*<br>  Attorney-in-Charge<br>  State Bar No. 24048399 |
| SAMUEL S. OLENS<br>*Attorney General of Georgia* |  |
| LAWRENCE G. WASDEN<br>*Attorney General of Idaho* | J. CAMPBELL BARKER<br>*Deputy Solicitor General* |
| JOSEPH C. CHAPELLE<br>PETER J. RUSTHOVEN<br>*Counsel for the State of Indiana* | ERIC A. HUDSON<br>ADAM N. BITTER<br>*Assistant Attorneys General* |
| DEREK SCHMIDT<br>*Attorney General of Kansas* | Office of the Attorney General of Texas<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>512-936-1700 |
| JAMES D. "BUDDY" CALDWELL<br>*Attorney General of Louisiana* |  |
| TIMOTHY C. FOX<br>*Attorney General of Montana* |  |
| DOUGLAS J. PETERSON<br>*Attorney General of Nebraska* |  |
| ADAM PAUL LAXALT<br>*Attorney General of Nevada* |  |
| WAYNE STENEHJEM<br>*Attorney General of North Dakota* |  |

MICHAEL DEWINE
*Attorney General of Ohio*
ERIC E. MURPHY
*Co-counsel for the State of Ohio*

E. SCOTT PRUITT
*Attorney General of Oklahoma*

ALAN WILSON
*Attorney General of South Carolina*

MARTY J. JACKLEY
*Attorney General of South Dakota*

HERBERT SLATERY III
*Attorney General and Reporter of
   Tennessee*

SEAN D. REYES
*Attorney General of Utah*

PATRICK MORRISEY
*Attorney General of West Virginia*

BRAD D. SCHIMEL
*Attorney General of Wisconsin*

BILL SCHUETTE
*Attorney General for the People of
   Michigan*

DREW SNYDER
*Counsel for the Governor of Mississippi*

PAUL R. LEPAGE
*Governor of Maine*

ROBERT C. STEPHENS
*Counsel for the Governor of North
   Carolina*

TOM C. PERRY
CALLY YOUNGER
*Counsel for the Governor of Idaho*

## CERTIFICATE OF SERVICE

    I certify that I served a copy of this pleading on all counsel of record via this Court's CM/ECF system.

                                              /s/ Angela V. Colmenero
                                              ANGELA V. COLMENERO