**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

_____
                                              )
STATE OF TEXAS, *et al.*                      )
                                              )
                         Plaintiffs,          )
                                              )        No. 1:14-cv-254
            v.                                )
                                              )
UNITED STATES OF AMERICA, *et al.*            )
                                              )
                         Defendants.          )
_____)

## STIPULATED PROTECTIVE ORDER

WHEREFORE, Defendants are undertaking to correct certain post-injunction actions, as described in Defendants' May 7 Advisory (ECF No. 247) and July 9 Advisory (ECF No.282), and counsel for Plaintiffs  have requested identifying information regarding certain individuals maintained in a system of records by U.S. Citizenship and Immigration Services (USCIS), a federal agency within the Department of Homeland Security (DHS), without obtaining prior written consent of those individuals;

WHEREFORE, the information that Plaintiffs have requested is treated as highly sensitive by DHS;

WHEREFORE, such identifying information is personally identifiable information (PII), as defined by the DHS Handbook for Safeguarding Sensitive Personally Identifiable Information (March 2012) (attached), the dissemination or unauthorized release of which would create a potential for fraud or identity theft,

IT IS HEREBY STIPULATED AND AGREED by, between and among Plaintiffs and the United States, by and through undersigned counsel, and ordered by this Court, that:

1) **Purpose:** This Order governs the use and disclosure of certain information provided to Plaintiffs in the course of the proceedings in this case and sets forth the mandatory procedures for persons who receive or review documents or information covered by this Order.

2) **Definitions:**

   a) **"Identified Affected Individuals":** The term Identified Affected Individuals means those individuals who received three-year Employment Authorization Documents ("EADs") that subsequently have been invalidated, as described in Defendants' May 7 Advisory (ECF No. 247) and July 9 Advisory (ECF No.282).

   b) **"Covered Information":** The term Covered Information means the following information about the Identified Affected Individuals:  name, Alien Registration Number ("A Number"), the EAD card number that corresponds to the I-765 form submitted by an individual (also known as the "Receipt Number"), and home address.  **[Defendants still considering Plaintiffs' other forms of requested PII]**

   c) **"Covered Documents":** The term Covered Documents means any documents that contain Covered Information.

3) **Disclosure to Plaintiffs' Counsel:**  DHS and USCIS and their counsel hereby agree and are authorized to release Covered Information and/or Covered Documents to Plaintiffs' counsel. In so doing, DHS and USCIS shall mark Covered Information and Covered Documents with "SUBJECT TO PROTECTIVE ORDER" or a similar designation.

4) **Persons To Whom Plaintiffs' Counsel May Disclose:**  Plaintiffs' counsel must not disclose Covered Documents and Covered Information to anyone, other than:

a) The Court and its personnel, to the extent requested or ordered by the Court, subject to the provisions of Paragraph 11 below;

b) The Defendants and their counsel, subject to this Protective Order;

c) Persons regularly in the employ of Plaintiffs' counsel who have a need for the Covered Documents or Covered Information in the performance of their duties in this case (and any appeals), for the purposes outlined in, and subject to, this Protective Order; or,

d) Persons in the employ of each state benefit or license-issuing agency or other institution in Plaintiff states who have a need for the Covered Documents or Covered Information to evaluate the cost of potential corrective actions being considered by Plaintiffs and undertake any such corrective action.  Plaintiffs shall limit the number of individuals to whom such information is disclosed to as few as possible.

5) **Procedures for Disclosure by Plaintiffs' Counsel:**  Any person described in paragraph 4(c) or 4(d) to whom Plaintiffs' counsel wish to make a disclosure must, before disclosure, be required to read the terms of this Protective Order and sign the Acknowledgement of Protective Order attached to this Order.  Plaintiffs' counsel must maintain a log of all individuals (including position and agency) of all persons to whom the information is disclosed, and  retain all signed Acknowledgements for the pendency of this case (including any appeals).  Disclosure of information shall be limited to agencies that grant licenses or benefits based on the EAD validity period and the particular validity of the EADs described in paragraph 2(a).  Any person who receives disclosures under paragraph 4(c) or 4(d) may not disclose the Covered Documents or Covered Information to anyone else.  Covered Documents or Covered Information provided to state agencies must be destroyed or returned to Plaintiffs' Counsel as soon as the agency's evaluation of cost and/or undertaking of

corrective action is complete.  State agencies shall endeavor to complete their evaluation of
the cost of corrective action, and/or their undertaking of corrective action, within 60 calendar
days of receiving Covered Documents or Covered Information.  Agencies are permitted to
retain Covered Information or Covered Documents beyond 60 calendar days to the extent
necessary to complete such evaluation and/or corrective action.

6) **Permissible Uses:**  Plaintiffs' counsel, and persons to whom disclosures were permissibly
made under paragraph 4(c) or 4(d), may use Covered Documents and Covered Information
only for the purpose of evaluating the cost of potential corrective actions being considered by
Plaintiffs and for the purpose of undertaking such corrective action, and may not use,
disclose, or share the information to any other person or for any other purpose.  Before
undertaking any corrective action against an individual, a state agency that currently uses the
SAVE system to determine the immigration status of license or benefit applicants shall
ensure that they are using the most up-to-date information on that individual by re-querying
the SAVE system for such individual as contemporaneously as reasonably possible prior to
taking any corrective action.  To the extent a state agency does not use the SAVE system but
intends to undertake some form of corrective action regarding certain individuals on the basis
of Covered Documents or Covered Information, the state agency shall ensure that they are
using the most up-to-date information to determine the immigration status of such individual
prior to taking any corrective action.

7) **Privacy:**  Plaintiffs' counsel, and persons to whom disclosures are made under paragraph 4,
will comply with any laws, regulations, and DHS policies that apply to DHS employees with
regard to Covered Information.  A copy of DHS guidance on protecting personally
identifiable information is attached hereto.  Any person to whom disclosures were made

under paragraph 4 will confirm, by signing the Acknowledgement of Protective Order form, that they have reviewed the copy of DHS guidance on protecting personally identifiable information that is attached hereto.

8) **Safekeeping:** Except as provided in paragraph 4, Plaintiffs' counsel must keep all Covered Documents and Covered Information within their exclusive possession and must place and maintain such material in a secure area.  Further, Plaintiffs' counsel, and persons to whom disclosures were permissibly made under paragraph 4, must:

   a) safeguard the security, confidentiality, and integrity of Covered Documents and Covered Information and the systems on which such Documents and Information are stored, processed, and transmitted; and,

   b) report any actual or suspected breach of this Order (*e.g.,* loss of control, compromise, unauthorized disclosure, access for an unauthorized purpose, or other unauthorized access, whether physical or electronic), immediately, and in no event later than one day after discovery, to the Defendants.

9) **Return of Material at End of Litigation:** Within 30 business days of the termination of this case (including any appeals), Plaintiffs' counsel must return to the Defendants, or destroy, all Covered Documents and Covered Information and must certify to the Defendants that all such documents have been returned or destroyed.

10) **Filing with the Court:** The portions of any filings with the Court that include Covered Documents or Covered Information must be filed under seal in accordance with Local Rule 83.6.  No Covered Documents or Covered Information shall be used at any hearing, trial, or appellate proceeding in this action, except as it relates to the evaluation of the cost of potential corrective actions being considered by Plaintiffs in the granting of a benefit or

license and for the purpose of undertaking such corrective action, or as otherwise ordered by the Court.  In such situations, provisions shall be made to exclude the public or otherwise reasonably protect the confidentiality of the Covered Documents or Covered Information. Where Covered Documents or Covered Information are used in any court proceeding in this action, the appropriate portion of the transcript shall be placed under seal.  Such designation shall be limited to those portions of the transcript the sealing of which is reasonably necessary to preserve the confidentiality of the Covered Documents or Covered Information. Any reference to the production of Covered Information shall include that it was produced pursuant to this protective order.

11) **Failure to Designate:** An inadvertent failure to designate released materials as Covered Documents or Covered Information does not waive the Defendants' right to designate, within a reasonable time of learning of the inadvertent failure, the materials as such.

12) **Miscellaneous**:  Agreement to this Protective Order does not waive any rights of any party to assert a claim of privilege as to these or similar documents, shall not affect the right of any party to seek additional protection against the disclosure of documents or materials, shall not be construed as a waiver by either party of their right to seek a subsequent protective order permitting the use of such Covered Documents or Covered Information in the underlying merits of this action, and shall not be construed to require the production of any discovery by the Federal Defendants.

Dated: July 30, 2015                    Respectfully submitted,

KENNETH MAGIDSON                        BENJAMIN C. MIZER
United States Attorney                  Principal Deputy Assistant Attorney General

DANIEL DAVID HU                         JOYCE R. BRANDA
Assistant United States Attorney        Deputy Assistant Attorney General
Deputy Chief, Civil Division
                                        AUGUST E. FLENTJE
                                        Special Counsel

                                        JAMES J. GILLIGAN
                                        Special Litigation Counsel

                                         /s/  Jennifer D. Ricketts
                                        JENNIFER D. RICKETTS
                                        Director, Federal Programs Branch
                                        Attorney-in-Charge (VA Bar No. 29281)
                                        DANIEL SCHWEI
                                        Trial Attorney
                                        Civil Division, Federal Programs Branch
                                        U.S. Department of Justice
                                        P.O. Box 883
                                        Washington, D.C. 20044
                                        Tel.: (202) 514-3671
                                        Fax: (202) 616-8187
                                        Jennifer.D.Ricketts@usdoj.gov

                                        *Counsel for Defendants*

*     *     *

**AGREED TO BY THE PLAINTIFFS***:


**STATE OF TEXAS**

KEN PAXTON
*Attorney General of Texas*

CHARLES E. ROY
*First Assistant Attorney General*

SCOTT A. KELLER
*Solicitor General*

/s/ Angela V. Colmenero
ANGELA V. COLMENERO
*Assistant Attorney General*
Attorney-in-Charge
State Bar No. 24048399


J. CAMPBELL BARKER
*Deputy Solicitor General*

ERIC A. HUDSON
ADAM N. BITTER
*Assistant Attorneys General*

Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548
512-936-1700


**STATE OF ALABAMA**

/s/ Luther Strange
Luther Strange
Attorney General
State of Alabama
501 Washington Ave.
P.O. Box 300152
Montgomery, AL 36130-0152

---

* To the extent a signatory has not been admitted to practice in the U.S. District Court for the Southern District of Texas or entered an appearance in this litigation, such individual is signing this order only to reflect the respective plaintiff's agreement to the terms of the Stipulated Protective Order.

(334) 242-7300


**STATE OF ARIZONA**

MARK BRNOVICH
Arizona Attorney General

/s/ John R. Lopez IV
John R. Lopez IV
Solicitor General


**STATE OF ARKANSAS**

LESLIE RUTLEDGE
Attorney General

By:    /s/ David A. Curran
        DAVID A. CURRAN (2003031)
        Deputy Attorney General
        323 Center Street, Suite 200
        Little Rock, Arkansas 72201
        Tel:  (501) 682-1681
        Fax: (501) 682-2591
        David.Curran@ArkansasAG.gov


**STATE OF FLORIDA**

/s/ Allen Winsor
Allen Winsor
Solicitor General
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3688
Fax (850) 410-2672
allen.winsor@myfloridalegal.com


**STATE OF GEORGIA**

SAMUEL S. OLENS
Georgia Attorney General

/s/ Britt C. Grant
Britt C. Grant
Solicitor General

9

**STATE OF IDAHO**

/s/ Lawrence G. Wasden
LAWRENCE G. WASDEN
Idaho Attorney General
P.O. Box 83720
Boise, ID 83720-0010


**STATE OF INDIANA**

/s/ Joseph C. Chapelle
JOSEPH C. CHAPELLE
PETER J. RUSTHOVEN
*Counsel for the State of Indiana*


**STATE OF KANSAS**

OFFICE OF KANSAS ATTORNEY GENERAL
DEREK SCHMIDT

/s/ Dwight Carswell
Dwight Carswell
Assistant Solicitor General
120 SW 10th Ave., 2nd Floor
Topeka, KS 66612-1597
(785) 296-2215


**STATE OF LOUISIANA**

JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL

By:      /s/ Patricia H. Wilton
         Patricia H. Wilton
         Assistant Attorney General
         Louisiana Department of Justice
         Civil Division
         P.O. Box 94005
         Baton Rouge, LA 70804
         Tel:  (225) 326-6006
         wiltonp@ag.state.la.us

**STATE OF MONTANA**

/s/ Dale Schowengerdt
Dale Schowengerdt
Solicitor General
Montana Department of Justice


**STATE OF NEBRASKA**

By:     DOUGLAS J. PETERSON, NE #18146
        *Attorney General of Nebraska*

By:     /s/ Ryan S. Post
        Ryan S. Post, NE #24714
        David A. Lopez, NE #24947
        *Assistant Attorneys General*

        Office of the Attorney General
        2115 State Capitol
        Lincoln, Nebraska 68509
        (402) 471-2682
        Dave.Lopez@nebraska.gov
        Ryan.Post@nebraska.gov


**STATE OF NEVADA**

ADAM PAUL LAXALT
*Attorney General of Nevada*

 /s/ Lawrence VanDyke
LAWRENCE VANDYKE
*Solicitor General*
100 N. Carson Street
Carson City, Nevada 89701
Tel. 775-684-1100


**STATE OF NORTH DAKOTA**

/s/ Wayne Stenehjem
WAYNE STENEHJEM
Attorney General
ND State Bar ID No. 03442
North Dakota Office of Attorney General
600 E. Boulevard Avenue, Dept. 125
Bismarck, ND 58505

**STATE OF OHIO**

/s/ Eric E. Murphy
Michael DeWine
  Attorney General of Ohio
Eric E. Murphy
  State Solicitor
  *Counsel of Record for State of Ohio*
  (admitted pro hac vice)
30 E. Broad St., 17th Floor
Columbus, OH 43215
Tel. (614) 466-8980
eric.murphy@ohioattorneygeneral.gov


**STATE OF OKLAHOMA**

/s/ E. Scott Pruitt
E. SCOTT PRUITT
Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-8992
Facsimile: (405) 522-0608


**STATE OF SOUTH CAROLINA**

ALAN WILSON
Attorney General

ROBERT D. COOK
Solicitor General

/s/ J. Emory Smith, Jr.
JAMES EMORY SMITH, JR.
Deputy Solicitor General

Office of the Attorney General
Post Office Box 11549
Columbia, South Carolina 29211

Email:  esmith@scag.gov
Phone:  (803) 734-3680
Fax:  (803) 734-3677

**STATE OF SOUTH DAKOTA**

MARTY J. JACKLEY
South Dakota Attorney General

/s/ Charles D. McGuigan
Charles D. McGuigan
Chief Deputy Attorney General


**STATE OF TENNESSEE**

/s/ Herbert H. Slatery III
HERBERT H. SLATERY III
Attorney General and Reporter of Tennessee
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207


**STATE OF UTAH**

/s/ Parker Douglas
Sean D. Reyes
Utah Attorney General
Parker Douglas
Utah Federal Solicitor
*Counsel for the State of Utah*


**STATE OF WEST VIRGINIA**

PATRICK MORRISEY
West Virginia Attorney General

/s/ Misha Tseytlin
Misha Tseytlin
General Counsel

**STATE OF WISCONSIN**

BRAD D. SCHIMEL
Attorney General

/s/ Daniel P. Lennington
DANIEL P. LENNINGTON
Assistant Attorney General
State Bar #1088694

*Attorneys for State of Wisconsin*

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-8901
(608) 267-2223 (Fax)
lenningtondp@doj.state.wi.us

**ATTORNEY GENERAL BILL SCHUETTE, PEOPLE OF MICHIGAN**

BILL SCHUETTE
*Attorney General for the People of Michigan*

/s/ Aaron D. Lindstrom
AARON D. LINDSTROM
Solicitor General
Department of Attorney General
P.O. Box 30212
Lansing, Michigan 48909

**GOVERNOR PHIL BRYANT, STATE OF MISSISSIPPI**

/s/ Drew L. Snyder
DREW L. SNYDER
*Counsel for Governor Phil Bryant, State of Mississippi*

**GOVERNOR PAUL R. LePAGE, STATE OF MAINE**

/s/ Paul R. LePage
Paul R. LePage
*Governor of Maine*

**GOVERNOR PATRICK L. McCRORY, STATE OF NORTH CAROLINA**

/s/ Robert C. Stephens
Robert C. Stephens
N.C. Bar No. 4150
*Counsel for North Carolina Governor Patrick L. McCrory*


**GOVERNOR C.L. "BUTCH" OTTER, STATE OF IDAHO**

/s/ Cally A. Younger
Cally A. Younger
*Counsel for the Governor of Idaho*

It is SO ORDERED.

Signed on _____ _____, 2015.


_____
The Honorable Andrew S. Hanen
United States District Judge

**Acknowledgement of Protective Order**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND:

I, _____ [print or type full name], of

_____ _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Southern District of

Texas in the case of *State of Texas v. United States*, No. 14-cv-00254.  I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order.  I solemnly promise that I

will not disclose in any manner any information or item that is the subject of this Stipulated

Protective Order to any person or entity, except in strict compliance with the provisions of this

Order.  I also certify that I have reviewed a copy of the DHS guidance on protecting personally

identifiable information.


Date: _____

City and State where sworn and signed: _____

Signed Name: _____

Title/Position: _____

Name of Agency: _____