United States District Court
Southern District of Texas
FILED

AUG 1 8 2015

David J. Bradley, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### Brownsville Division

STATE OF TEXAS, et al.

        Plaintiffs.

                              Case No. 1:14-cv-254

v.

UNITED STATES OF AMERICA, et al.

                        Hon. Andrew S. Hanen, Presiding

        Defendants

---

## MOTION TO INTERVENE BY NATURAL BORN CITIZEN PARTY NATIONAL COMMITTEE, AND HAROLD WILLIAM VAN ALLEN CO-CHAIRPERSON AND CANDIDATE-ELECTOR 2016 POTUS-CINC-VPOTUS

       Pursuant to Federal Rules of Civil Procedure (FRCP) Rule 24(a)(2) and/or Rule 24(b)(1)(B), proposed Intervenor, Natural Born Citizen Party National Committee and Co-Chairperson seeks to intervene as a party in the litigation, for the reasons set forth in the attached Memorandum of Law.

Respectfully submitted,

Dated: August 5, 2015  /5

Harold William Van Allen; Co-chairperson
**Natural Born Citizen Party National Committee**
351 North Rd, Hurley, NY 12443  *P.O.# 312 Hurley, NY*
845-389-4366/ hvanallen@hvc.rr.com
Fx 845.331.1925 INFO @ NATURALBORN CITIZEN PARTY.com

CERTIFICATION OF
ELECTRONIC SERVICE - 8/15/2015






# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

July 29, 2015

Mr. Harold William Van Allen
Natural Born Citizen Party National Committee
351 North Road
Hurley, NY  12443

      No. 15-40238   State of Texas, et al v. USA, et al
                  USDC No. 1:14-CV-254

Dear Mr. Van Allen,

We received your pleadings referencing the above case and addressed
to the U.S. Court of Appeals for the District of Columbia Circuit.
In light of you not being a party to the above appeal, and absent
an accompanying request, we are taking no action.

               Sincerely,

               LYLE W. CAYCE, Clerk

               By: _____
               Amanda Sutton-Foy, Deputy Clerk
               504-310-7670

*EX -1*

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 15-5218**

**September Term, 2014**

**1:15-cv-01036-RJL**

**Filed On: August 6, 2015** [1566491]

Natural Born Citizen Party National
Committee and Harold W. Van Allen,

      Appellants

v.

Federal Election Commission, et al.,

      Appellees

## O R D E R

It appearing that this case might be suitable for disposition without oral argument, see Fed. R. App. P. 34(a)(2) and D.C. Cir. Rule 34(j), it is

**ORDERED**, on the court's own motion, that the following briefing schedule will apply in this case:

| | |
|---|---|
| Appellants' Brief | October 5, 2015 |
| Appendix | October 5, 2015 |

This order does not preclude the court, after examining the briefs, from setting this case for oral argument. If the court resolves to decide the case without oral argument, an order will be issued disclosing the panel prior to issuance of a decision on the merits. All parties should include the following phrase on any subsequent pleading or brief filed in this case: "CASE BEING CONSIDERED FOR TREATMENT PURSUANT TO RULE 34(j) OF THE COURT'S RULES."

A request for appointment of counsel does not relieve appellants of the obligation to file responses to any motion filed by appellees or to comply with any order issued by the court, including a briefing schedule. Failure by appellants to respond to a dispositive motion or comply with any order of the court, including this order, will result in dismissal of the case for lack of prosecution. See D.C. Cir. Rule 38.



# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued May 4, 2015                    Decided August 14, 2015

No. 14-5325

JOSEPH M. ARPAIO,
APPELLANT

v.

BARACK OBAMA, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:14-cv-01966)

*Larry Klayman* argued the cause and filed the briefs for appellant.

*Beth S. Brinkmann*, Deputy Assistant Attorney General, U.S. Department of Justice, argued the cause for appellees. With her on the brief were *Benjamin C. Mizer*, Acting Assistant Attorney General, *Ronald C. Machen Jr.*, U.S. Attorney at the time the brief was filed, and *Scott R. McIntosh*, *Jeffrey Clair*, and *William E. Havemann*, Attorneys.

Before: BROWN, SRINIVASAN and PILLARD, *Circuit Judges*.

$$Ex - 3$$

BROWN, *Circuit Judge*, concurring: Today we hold that the elected Sheriff of the nation's fourth largest county, located mere miles from our border with Mexico, cannot challenge the federal government's deliberate non-enforcement of the immigration laws. I agree with my colleagues that the state of the law on standing "requires, or at least counsels, the result here reached." *Haitian Refugee Ctr. v. Gracey*, 809 F.2d 794, 798 (D.C. Cir. 1987). But, recognizing that Sheriff Arpaio's claims reflect the widespread perception that the administration's prosecutorial discretion meme is constitutionally problematic, I write separately to emphasize the narrowness of today's ruling, and note the consequences of our modern obsession with a myopic and constrained notion of standing.

\* \* \*

Sheriff Joseph Arpaio of Maricopa County, Arizona, filed suit to prevent the President from implementing programs deferring the removal of certain undocumented immigrants from the United States. These programs, referred to as Deferred Action for Childhood Arrivals (DACA) and Deferred Action for Parents of Americans (DAPA), generally delay removal proceedings for undocumented immigrants who pass a background check and satisfy specified eligibility criteria. *See* Memorandum from Janet Napolitano, *Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children* 1 (June 15, 2012), J.A. 101; Memorandum from Jeh Charles Johnson, *Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children and With Respect to Certain Individuals Who are Parents of U.S. Citizens or Permanent Residents* 1 (Nov. 20, 2014), J.A. 145. Those who qualify receive authorization to work and reside in the United States for renewable periods.

2

What the government views as permissible prosecutorial discretion, Sheriff Arpaio views as a violation of the President's duty to "take Care that the Laws be faithfully executed," U.S. CONST. art. II, § 3, and the non-delegation doctrine. Sheriff Arpaio also identifies potential procedural violations, contending the orders fail to comply with notice-and-comment procedures required by the Administrative Procedure Act.

Sheriff Arpaio's problems with the challenged policies run deeper than a difference in philosophy or politics. He claims DACA and DAPA impose clear and "severe[]" harms on his ability to protect the people of Maricopa County. Compl. ¶ 27. In particular, he argues that deferring removal proceedings and providing work authorizations to undocumented immigrants "harmed . . . his office's finances, workload, and interfere[d] with the conduct of his duties . . . ." *Id.* He attributes an influx of undocumented immigrants to the Department's non-enforcement policies, and claims it corresponded with a rise in crime. Increased crime means increased costs for the Sheriff, who must run the jails and provide deputies to police the streets.

\* \* \*

Sheriff Arpaio's concerns are no doubt sincere. But, as the court concludes, we cannot hear his claims because he lacks standing to proceed. Under our standing jurisprudence, the injuries he claims resulted from DACA and DAPA are simply too inexact and speculative. Consequently, we must affirm the district court's dismissal of the complaint.

Some may find today's outcome perplexing. Certainly Sheriff Arpaio cannot be blamed for believing he had standing. The relevant judicial guideposts do not exactly

3

"define[]" standing "with complete consistency." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 475 (1982). And some cases suggest standing can be satisfied based on fairly ephemeral injuries and attenuated theories of causation. *See, e.g., Massachusetts v. EPA*, 549 U.S. 497, 516–26 (2007).

Indeed, at first blush, Sheriff Arpaio's allegations appear somewhat similar to those the Supreme Court found sufficient to secure standing in *Massachusetts v. EPA*. That case revolved around EPA's decision not to regulate greenhouse gas emissions in new vehicles. Then, as now, standing consisted of a tripartite test. Plaintiffs must show they were or will be concretely injured by an action fairly traceable to the defendant and redressable by the court. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–04 (1998). The rules are somewhat relaxed for plaintiffs who, like Massachusetts and Sheriff Arpaio, seek to vindicate a procedural right, including "the right to challenge agency action unlawfully withheld." *Massachusetts*, 549 U.S. at 517. Procedural rights claims can proceed "without meeting all the normal standards for redressability and immediacy." *Id.* at 517–18 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 572 n.7 (1992)). Massachusetts received a further benefit. As a sovereign state, it was "entitled to special solicitude in [the] standing analysis." *Id.* at 520.

Massachusetts, like Sheriff Arpaio, believed the federal government had "abdicated its [statutory] responsibility" to protect the State's interests. *Id.* at 505. The State, like the Sheriff, asked the Court to construe the meaning of a federal statute, "a question eminently suitable to resolution in federal court." *Id.* at 516. And Congress had authorized challenges to the EPA, *id.*, just as Congress has generally authorized the type of challenge Sheriff Arpaio now pursues, *see* 5 U.S.C. §

4

704; *see also Texas v. United States*, 787 F.3d 733, 751–52 (5th Cir. 2015).

The Supreme Court ultimately found that Massachusetts' injury lay in the potential loss of coastal land caused by the threat of rising seas. The Court said "the rise in sea levels associated with global warming has already harmed and will continue to harm Massachusetts." *Massachusetts*, 549 U.S. at 526. Scientific evidence suggested a causal relationship between greenhouse gases and atmospheric warming. The Court brushed aside EPA's argument that Massachusetts had only a generalized grievance widely shared by others. The global nature of global warming did not negate the state's claimed concrete injury. *See id.* at 522–23.

Just as EPA's inaction harmed Massachusetts' shores, inaction on immigration is said to harm Sheriff Arpaio's streets. Immigration, like global warming, affects the entire nation. But that does not mean no one has standing to challenge the concrete effects of the federal government's immigration policies. "[W]here a harm is concrete, though widely shared, the Court has found 'injury in fact.'" *FEC v. Akins*, 524 U.S. 11, 24 (1998).

Based on these facial similarities, someone in Sheriff Arpaio's shoes may well believe he has standing. After all, *Massachusetts* sets out a "loosened standard" under which "*any* contribution of *any* size to a cognizable injury" seems to be "sufficient for causation, and *any* step, no matter how small," seems to be "sufficient to provide the necessary redress." Jonathan H. Adler, *Standing Still in the Roberts Court*, 59 CASE W. RES. L. REV. 1061, 1078 (2009). Under that elastic framework, the *risk* of harm, however tenuously linked to the challenged government action, appears to suffice to show standing.

5

Despite initial appearances, *Massachusetts* does not support the Sheriff's standing. Preliminarily, perhaps sensing that Massachusetts' broad-based claim could not satisfy the ordinary rules of standing, the Court lowered the bar, ruling that state litigants were "entitled to special solicitude" in the standing calculus. *Massachusetts*, 549 U.S. at 520. In addition to being special, the solicitude the *Massachusetts'* Court manufactured was highly selective: cast in concerns over state sovereignty, *see id.* at 518–20, this bit of doctrinal favoritism likely does not extend to non-state litigants like the Sheriff, who must clear the ordinary hurdles to standing. The Sheriff falls short, largely for the reasons addressed below.

Without the laxity afforded to state litigants, Sheriff Arpaio's arguments for causation are overly speculative. At bottom, Sheriff Arpaio avers that DACA and DAPA inspired a flood of immigration which led, in turn, to increased crime. His injury rests on the behavior of third parties, undocumented immigrants who chose to commit crime. "[I]t is ordinarily substantially more difficult to establish" standing based on the actions of third parties. *Lujan*, 504 U.S. at 562 (internal quotations omitted). The Sheriff has not met that higher burden. The link between DACA and DAPA— programs designed for non-criminals—and crimes committed by undocumented immigrants is too attenuated and susceptible to intervening factors.[1] *See, e.g., Mideast Sys. &*

---

[1] Of course, in reality, the link may be no more attenuated than that connecting a potential twenty-centimeter rise in sea level with greenhouse gas emissions from new vehicles. *See Massachusetts*, 549 U.S. at 522; *see also* Adler, *supra*, at 1074 n. 91 ("[T]he amount of sea-level rise that constitute[d] Masachusetts's actual, present injury is less than 0.1cm-0.2cm per year, and the amount of projected sea-level rise that could be redressed by regulation of greenhouse gas emissions from new motor vehicles under [EPA's

6

*China Civil Const. Saipan Joint Venture, Inc. v. Hodel*, 792 F.2d 1172, 1178 (D.C. Cir. 1986) ("[T]he presence of an independent variable between either the harm and the relief or the harm and the conduct makes causation sufficiently tenuous that standing should be denied."). Lacking grounds for special treatment under *Massachusetts*, Sheriff Arpaio has not satisfied the demands of our standing doctrine.

Finally, the central difference between this case and *Massachusetts* may be much more practical in nature: Massachusetts, unlike Sheriff Arpaio, did its homework. The State hired experts and introduced detailed information suggesting a causal relationship between certain gases, atmospheric warming and a rise in sea levels. *See Massachusetts*, 549 U.S. at 521–23. Sheriff Arpaio instead can show potential costs but not causation, owing largely to the difficulty of showing causation in cases dependent on third-party behavior. Without more, his claim cannot survive the scrutiny of our modern, formalistic approach to standing.

\* \* \*

Today's holding puts the consequences of our standing jurisprudence in stark relief. If an elected Sheriff responsible for the security of a county with a population larger than

---

regulatory authority] is even less, as U.S. motor vehicles only represent a fraction of [greenhouse gas] emissions."). Even so, Sheriff Arpaio has not shown that link with the particularity our precedents demand. *See, e.g.*, *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 941 (D.C. Cir. 2004) (requiring "substantial evidence" in the record "of a causal relationship between the government policy and the third-party conduct, leaving little doubt as to causation and the likelihood of redress").

7

twenty-one states[2] cannot bring suit, individual litigants will find it even more difficult to bring similar challenges. But today's decision, however broad it may seem, is actually quite narrow in two respects.

First, our decision holds only that Sheriff Arpaio lacks standing to challenge DACA and DAPA, not that those programs are categorically shielded from suit. Indeed, those programs are currently subject to challenge in a number of other circuits. *See Texas*, 787 F.3d at 747–55 (upholding Texas' standing to challenge DAPA based on the costs of providing drivers licenses to DAPA beneficiaries); *Ariz. DREAM Act Coal. v. Brewer*, No. 15-15307, 2015 WL 300376 (9th Cir. July 17, 2015) (ordering the parties, and inviting the federal government, to file briefs discussing whether DACA violates the separation of powers or the Take Care Clause of the Constitution); *cf. Crane v. Johnson*, 783 F.3d 244, 252 (5th Cir. 2015) (holding Mississippi lacked standing to challenge DACA because the state failed to "submit[] . . . evidence that any DACA eligible immigrants resided in the state" or "produce evidence of costs it would incur if some DACA-approved immigrants came to the state").

Second, today's decision does not take issue with the claim that unlawful immigration carries consequences. Indeed, the Supreme Court has previously made clear that Sheriff Arpaio's home state of Arizona "bears many of the consequences of unlawful immigration." *Arizona v. United States*, 132 S. Ct. 2492, 2500 (2012). "Hundreds of thousands of deportable aliens are apprehended in Arizona each year.

---

[2] *Maricopa County Profile*, MARICOPA COUNTY OPEN BOOKS, http://www.maricopa.gov/OpenBooks/profile.aspx (last visited July 28, 2015).

8

Unauthorized aliens who remain in the State comprise, by one estimate, almost six percent of the population." *Id.* In the county the petitioner is charged with policing, "these aliens are reported to be responsible for a disproportionate share of serious crime." *Id.* Nothing in today's opinion casts doubt on these conditions. The court holds only that these general conditions, without more, do not afford the right to challenge the specific federal deferred action programs at issue.

\* \* \*

Our jurisprudence on standing has many shortcomings. As today's decision demonstrates, standing doctrines often immunize government officials from challenges to allegedly *ultra vires* conduct. To understand how this deferential attitude came to pass, we must briefly consider how the standing doctrine evolved over the decades.

Academic accounts suggest that, from the time of the founding until the early twentieth century, "there was no separate standing doctrine at all." Cass R. Sunstein, *What's Standing After* Lujan? *Of Citizen Suits, "Injuries," and Article III*, 91 MICH. L. REV. 163, 170 (1992); *accord* JOSEPH VINING, LEGAL IDENTITY: THE COMING OF AGE OF PUBLIC LAW 55 (1978) ("The word '*standing*' . . . does not appear to have been commonly used until the middle of . . . [the twentieth] century."); William A. Fletcher, *The Structure of Standing*, 98 YALE L.J. 221, 224–25 (1988) ("[N]o general doctrine of standing existed."). "In early practice in England and in the United States, moreover, certain forms of action, or writs, were available to all citizens without any showing of a 'personal stake' or an 'injury in fact.'" Alex Hemmer, Note, *Civil Servant Suits*, 124 YALE L.J. 758, 764 (2014). There were limits. Namely, plaintiffs could only proceed based on a cause of action rooted in common law or statute. *See*

9

Sunstein, *supra*, at 169–70; Fletcher, *supra*, at 224. The absence of a free-standing, self-conscious doctrinal approach left room to challenge the government's failure to meet its obligations. That type of claim, "the public action—an action brought by a private person primarily to vindicate the public interest in the enforcement of public obligations—has long been a feature of our English and American law." Louis L. Jaffe, *Standing to Secure Judicial Review: Private Actions*, 75 HARV. L. REV. 255, 302 (1961).

If public actions ever were a feature of our law, that is true no longer. Soon after the turn of the twentieth century, as the administrative state materialized, the Supreme Court began focusing on standing as a critical component of justiciability. *See* Sunstein, *supra*, at 179–81. In a significant 1923 case, the Court dismissed a taxpayer's constitutional challenge to the Maternity Act of 1921, finding the taxpayer's pecuniary interest in the Act to be "minute and indeterminable" and noting this scant interest was "shared with millions of other[]" citizens. *Massachusetts v. Mellon*, 262 U.S. 447, 487 (1923). In a sign of things to come, the opinion emphasized the "inconveniences" inherent in permitting challenges to widely shared grievances. *Id.* Emboldened justiciability doctrines along these lines served to "insulate progressive and New Deal legislation" from a variety of challenges. Sunstein, *supra*, at 179.

In the following decades, the standing doctrine secured its footing and coalesced around the three factors we know today: injury in fact, causation and redressability. *See Lujan*, 504 U.S. at 560. But hidden within these factors, and the surrounding case law, is a surprising hostility to suits seeking to redress executive branch wrongdoing. That hostility is encapsulated in the generalized grievance doctrine, which the district court below emphasized in dismissing Sheriff

10

Arpaio's suit. As the district court described the doctrine, "a plaintiff who seeks to vindicate only the general interest in the proper application of the Constitution and laws does not suffer the type of direct, concrete and tangible harm that confers standing and warrants the exercise of jurisdiction." *Arpaio v. Obama*, 27 F. Supp. 3d 185, 200 (D.D.C. 2014). Separation of powers concerns underlie this approach. "Vindicating the *public* interest (including the public interest in Government observance of the Constitution and laws)," we are reminded, "is the function of Congress and the Chief Executive." *Lujan*, 504 U.S. at 576.

Today's decision reaches the same conclusion as did the district court—Sheriff Arpaio lacks standing—but wisely rests on grounds other than the generalized grievance doctrine. Our antagonism to so-called generalized grievances, if unbounded, threatens multiple harms. For one thing, this doctrine gives public officials all the wrong incentives. The advice seems to be: "Never steal anything small." Focused acts of wrongdoing against particular persons or classes of persons will probably result in injury in fact, affording standing to challenge public officials. But the larger the injury, and the more widespread the effects, the harder it becomes to show standing.

Moreover, the generalized grievance theory and related principles of contemporary standing doctrine effectively insulate immense swaths of executive action from legal challenge. Our relentless emphasis on the need to show a concrete injury caused by executive action and redressable by judicial relief makes it virtually impossible to challenge many decisions made in the modern regulatory state. Executive branch decisions crafting binding enforcement (or non-enforcement) policies, devoting resources here or there (at taxpayer expense), or creating generally applicable norms

11

may well escape challenge. *See, e.g.*, Hemmer, *supra*, at 768–69; *see also Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (noting the "general unsuitability for judicial review of agency decisions to refuse enforcement").

Consider this case. The Sheriff's claims on the merits may well raise a constitutionally cogent point. Despite the dazzling spin DHS puts on the DACA and DAPA programs, a categorical suspension of existing law—distinct from the case-by-case deferrals or targeted humanitarian exemptions cited as past precedent—complete with a broad-based work authorization, arguably crosses the line between implementing the law and making it. *See* Zachary S. Price, *Enforcement Discretion and Executive Duty*, 67 VAND. L. REV. 671, 759–61 (2014). And this is true even if the legislature aids and abets the usurpation. *See generally* Department of Homeland Security Appropriations Act of 2010, Pub. L. No. 111-83, 123 Stat. 2142, 2149 (2009); Consolidated Appropriations Act of 2014, Pub. L. No. 113-76, div. F., Tit. II, 128 Stat. 5, 251 (2014) (directing the Secretary of Homeland Security to "prioritize the identification and removal of aliens convicted of a crime by the severity of that crime," but silent as to the propriety of categorically suspending existing removal laws). Neither the aggressive entrepreneurship of the executive nor the pusillanimity of the legislative branch can alter the fundamental constraints of the Constitution. *See, e.g.*, Robert J. Delahunty & John C. Yoo, *Dream On: The Obama Administration's Nonenforcement of Immigration Laws, the DREAM Act, and the Take Care Clause*, 91 TEX. L. REV. 781, 850–56 (2013); Price, *supra*, at 759–61. However, although it is the denial of standing rather than its grant that undermines democratic accountability in such circumstances, concerns about the efficacy of separation of powers principles can be

12

dismissed as "generalized grievances" no one has standing to challenge.

Separation of powers concerns surely cannot justify every application of the generalized grievance doctrine. By prohibiting abstract, general claims, the doctrine aims to ensure that the President's "most important constitutional duty, to 'take Care that the Laws be faithfully executed'" is not transferred to the courts. *Lujan*, 504 U.S. at 577 (quoting U.S. CONST. art. II, § 3). But what if the Chief Executive decides *not* to faithfully execute the laws? In that case our doctrine falls silent. Paying a nominal filing fee guarantees access to the federal courts, but challenge the executive's decision to undermine the rule of law and you will likely find your fee wasted.

This court has previously emphasized the need to approach the standing of challengers to *ultra vires* conduct with a measure of sensitivity. In a 1987 case, we held that a non-profit providing services to Haitian refugees lacked standing, under both constitutional and prudential rubrics, to challenge the executive's policy of interdicting Haitian refugees on the open ocean. *Haitian Refugee Ctr.*, 809 F.2d at 796. After concluding the challengers lacked standing under Article III, the court applied the prudential standing doctrine, which asks whether a plaintiff falls within the zone of interests protected under a particular statutory or Constitutional provision. Some flexibility was in order. The challengers did not have to satisfy the zone of interest test with respect to the

> constitutional and statutory powers invoked by the President in order to establish their standing to challenge the interdiction program as *ultra vires*. Otherwise, a meritorious litigant, injured by *ultra vires* action, would

13

seldom have standing to sue since the litigant's interest
normally will not fall within the zone of interests of the
very statutory or constitutional provision that he claims
does not authorize action concerning that interest.

*Id.* at 811 n.14. While the court's comments centered on
prudential standing, they offer a useful reminder that standing
doctrines—both constitutional and prudential in nature—
should not be construed so narrowly as to choke legitimate
challenges to *ultra vires* conduct. Here, the lesson is clear.
We should, at the very least, give careful thought before
blindly applying the generalized grievance doctrine in cases
challenging federal programs as *ultra vires*.

The second shortcoming of our standing doctrine is this:
standing has become a "lawyer's game," as Chief Justice
Roberts phrased it. *Massachusetts*, 549 U.S. at 548 (Roberts,
J., dissenting). Sophisticated, well-resourced litigants can
game the system, producing the types of proof that pass
muster, while less sophisticated litigants may be left outside
the courthouse doors. Our case law hardly provides clear
guidance. Sometimes standing appears to rest on mere *ipse
dixit*. "A litigant, it seems, will have standing if he is
'deemed' to have the requisite interest, and 'if you . . . have
standing then you can be confident you are' suitably
interested." *Flast v. Cohen*, 392 U.S. 83, 130 (1968) (Harlan,
J., dissenting) (quoting Ernest J. Brown, *Quis Custodiet Ipsos
Custodes?—The School-Prayer Cases*, 1963 SUP. CT. REV. 1,
22).

More broadly, our obsession with standing "present[s]
courts with an opportunity to avoid the vindication of
unpopular rights, or even worse to disguise decision on the
merits in the opaque standing terminology of injury,
causation, remedial benefit, and separation of powers." 13A

14

CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND
PROCEDURE § 3531.3 (3d ed. 1998).

\* \* \*

In the not-so-distant past, Judge (and later Chief Justice)
Burger could safely conclude that "experience rather than
logic or fixed rules" guided the search for standing. *Office of
Commc'n of United Church of Christ v. FCC*, 359 F.2d 994,
1004 (D.C. Cir. 1966) (Burger, J.) (upholding the standing of
television viewers to intervene in broadcast license renewal
proceedings as "private attorneys general"). Experience and
logic no longer reign supreme. In place of "functional" tests
"designed to insure [sic] that only those with a genuine and
legitimate interest" may come into court, *id.* at 1002, we now
employ formalistic tests that may tend to discourage certain
constitutional challenges. Today's decision teaches a lesson:
litigants bringing constitutional challenges must pay
exceptionally close attention to standing requirements. The
courts do—especially when litigants do not.

No doubt the modern approach to standing serves to
reduce our caseload. But there are much more important
matters at stake. "Some [litigants] need bread; others need
Shakespeare; others need their rightful place in the national
society—what they all need is processors of law who will
consider the people's needs more significant than
administrative convenience." *Id.* at 1005 (quoting Edmond
Cahn, *Law in the Consumer Perspective*, 112 U. PA. L. REV.
1, 13 (1963)). Our approach to standing, I fear, too often
stifles constitutional challenges, ultimately elevating the
courts' convenience over constitutional efficacy and the needs
of our citizenry.

Articles: Who Enforces the Constitution's Natural Born Citizen Clause?    Page 1 of 2

Case 1:14-cv-00254   Document 295   Filed on 08/18/15 in TXSD   Page 20 of 118



October 29, 2008

## Who Enforces the Constitution's Natural Born Citizen Clause?

By Mark J. Fitzgibbons

If you believe in individual rights and the notion that our Constitution is a document granting enumerated but limited powers to federal government, then you have reason to be troubled by the recent dismissal in *Berg v. Obama et al.*

Philip Berg, Democrat and former Assistant Attorney General for Pennsylvania, brought suit alleging that under the Natural Born Citizen Clause of the U.S. Constitution, Barack Obama is ineligible to be President. Federal Judge R. Barclay Surrick recently granted the motion to dismiss filed by Senator Obama and other defendants, including the Democratic National Committee, on grounds that Berg lacked standing to sue as a mere voter.

The judicial doctrine of standing is important. It is a requirement that plaintiffs have a real stake in the outcome of a real controversy. This prevents, among other problems, persons bringing lawsuits simply to harass defendants. The judicial doctrine of standing is one of many judicial doctrines designed to limit the courts from being overloaded with cases that aren't properly resolvable by the courts, such as ripeness (case brought too soon), mootness (case brought too late), lack of jurisdiction, etc.

When constitutional rights are at stake, courts have tended to give wider latitude to the standing of plaintiffs. The theory is that another person's loss of constitutional rights may indeed affect one's own constitutional rights.

Judge Surrick's carefully worded opinion cites to cases where standing was at issue, including a similar case in which the eligibility of John McCain to be President was challenged. In deciding that "a candidate's ineligibility under the Natural Born Citizen Clause does not result in an injury in fact to voters," Judge Surrick writes in a footnote of potentially considerable consequence:

If, through the political process, Congress determines that citizens, voters, or party members should police the Constitution's eligibility requirements for the Presidency, then it is free to pass laws conferring standing on individuals like Plaintiff. Until that time, voters do not have standing to bring the sort of challenge that Plaintiff attempts to bring . . .

Here's where I believe Judge Surrick's decision breaks down from a constitutional perspective.

The enumerated powers of the respective branches of government are set forth in the first three articles of the Constitution. Article III states that the judicial power is vested in the courts, and "shall extend to all Cases, in Law and Equity, arising under this Constitution . . ."

A case about whether a candidate is a natural born citizen seems quite clearly to arise under the Constitution, and thus within the exclusive domain of the courts. Under the language of the Constitution itself, there appears to be no need for Congress to pass a law authorizing individuals to file suit, or for courts to hear such challenges. In fact, there may be a separation of powers issue if Congress were to attempt to legislate broader or narrower access to the courts to hear constitutional challenges. That could infringe on the jurisdiction of the courts "to all Cases . . . arising under this Constitution."

Secondly, the enumerated powers of Congress under Article I do not extend to dictating who may have standing to sue under the Constitution. One may argue that Judge Surrick relied on what some believe to be the catch-all "Necessary and Proper Clause" Article I, Section 8[18]. That authorizes Congress:

To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof.

Judge Surrick, however, never cites to that clause as his reason. Indeed, it would be inherently dangerous to our freedoms if Congress could dictate who can and cannot sue to enforce the Constitution.

So if the Framers established that courts "shall" hear cases arising under the Constitution, and failed to authorize Congress to otherwise establish who may sue to enforce the document, then where might we find conclusively that Berg has standing to sue?

The 10th Amendment to the Constitution states that the powers not delegated to the federal government, nor prohibited to the states remain with the states or the people. Therefore it seems that any state or any person has standing to sue to enforce not just the Natural Born Citizen Clause, but other constitutional requirements and rights, absent some expressly written bar within the Constitution itself.



EX-4

Articles: Who Enforces the Constitution's Natural Born Citizen Clause?    Page 2 of 2

Case 1:14-cv-00254   Document 295   Filed on 08/18/15 in TXSD   Page 21 of 118

Disputes under the Natural Born Citizen Clause are few and far between, so Judge Surrick couldn't have been worried about his court being flooded with new cases. In this presidential election, however, both candidates of the two major parties were faced with similar challenges. Both filed motions to dismiss for lack of standing.

It's a shame these cases didn't get more attention and scrutiny based simply on how the candidates handled them. When faced with the potential for public reprobation before either acquired the ominous powers of the Presidency, both candidates chose a path indicating preference for their own power over the rights of individuals.

FLEET & VEHICLE
MAINTENANCE AT GRAINGE

GET IT DONE   GRAINGER

Although the merits of the *Berg* case weren't reached, Senator Obama has raised concerns in other contexts about his obscured and under-scrutinized views on "collective" rights as opposed to rights of individuals. His motion to dismiss for lack of standing doesn't portend well for how he would view individ rights under the Constitution if he were elected President.

Chief Justice John Marshall, writing in *Marbury v. Madison*, said that judges have a duty to decide cases under our paramount l the Constitution. I have lamented previously about how some judges tend to evade their duty to decide constitutional matters by resorting to court-made doctrines. Judge Surrick's reliance on case law to dismiss Berg's suit for lack of standing is reasoned fro lawyer's perspective, but not heroic and perhaps evasive of his larger duty.

His decision to "punt" the matter to Congress creates, I suggest, a dangerous, longer and perhaps more painful constitutional quagmire than had he heard the evidence in the case. Even had the case lacked merit, the Constitution would not have been harr

*Mark J. Fitzgibbons is President of Corporate and Legal Affairs at American Target Advertising, Inc., Manassas, VA.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**Brownsville Division**

STATE OF TEXAS, *et al.*

            Plaintiffs,

v.

**UNITED STATES OF AMERICA, et al.**

            Defendants

Case No. 1:14-cv-254

Hon. Andrew S. Hanen, Presiding

## MOTION TO INTERVENE BY JOSEPH ARPAIO, ELECTED SHERIFF OF MARICOPA COUNTY, ARIZONA

Pursuant to Federal Rules of Civil Procedure (FRCP) Rule 24(a)(2) and/or Rule 24(b)(1)(B), proposed Intervenor, the Office of Joseph Arpaio, as the elected Sheriff of Maricopa County, Arizona ("Sheriff Arpaio" below) and the chief law enforcement officer responsible for the safety of approximately sixty percent (60%) of the population of the State of Arizona, seeks to intervene as a party in the litigation, for the reasons set forth in the attached Memorandum of Law.

Dated:   March 26, 2015

Respectfully submitted,

Larry Klayman, Esq.
Washington, D.C. Bar No. 334581
Freedom Watch, Inc.
2020 Pennsylvania Avenue N.W., Suite 345
Washington, D.C. 20006
(310) 595-0800
leklayman@gmail.com
    Of Counsel

Jonathon Moseley, Esq.

Virginia State Bar No. 41058

EX-5

Freedom Watch, Inc.
2020 Pennsylvania Avenue N.W., Suite 345
Washington, D.C. 20006
(310) 595-0800
leklayman@gmail.com
Attorney for Plaintiff
*Pro Hac Vice Approved*

## CERTIFICATE OF CONSULTATION

I hereby certify that this afternoon I inquired of the parties if they consented to, opposed, or had other comments to this motion as proposed. Counsel for the Defendants, Kyle Freeny, responded that the Defendants oppose the motion. As of yet, the Plaintiffs have not responded.

Jonathon Moseley, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Motion to Intervene will be delivered electronically on March 26, 2015, to counsel for Plaintiffs and Defendants through the District's Electronic Case Filing system.

Jonathon Moseley, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
**Brownsville Division**

STATE OF TEXAS, *et al.*

           Plaintiffs,

v.

**UNITED STATES OF AMERICA, et al.**

           Defendants

Case No. 1:14-cv-254

Hon. Andrew S. Hanen, Presiding

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE BY JOSEPH ARPAIO, ELECTED SHERIFF OF MARICOPA COUNTY, ARIZONA

### I.    INTRODUCTION

For the reasons set forth in this Memorandum of Law, proposed Intervenor, the Office of Joseph Arpaio, in his capacity as the elected Sheriff of Maricopa County, Arizona ("Sheriff Arpaio" below) and the chief law enforcement officer responsible for the safety of approximately sixty percent (60%) of the population of the State of Arizona, [1] seeks to intervene as a party in the litigation.

The outcome of the case will have a direct effect upon Sheriff Arpaio's office. It appears that the State of Arizona did not as actively as Sheriff Arpaio's Office can and will come forward with information about the Defendants' programs financial and practical impact upon the State. By contrast, Sheriff Arpaio's office has first-hand access to information about some of the most direct effects upon Arizona of the Defendants' programs through law enforcement activities. Sheriff Arpaio provided only some of the available data and

---

[1]    The U.S. Government owns approximately 48% of the land of the State of Arizona.



information in a related case, but can more extensively participate under the normal time table

and progress of this litigation.

## II.    STANDARD OF REVIEW / GOVERNING LAW

Federal Rules of Civil Procedure (FRCP) Rule 24 governs intervention by

additional parties in existing litigation in the federal courts: [2]

> Rule 24. Intervention
>
> (a) INTERVENTION OF RIGHT. On timely motion, the court must permit
> anyone to intervene who:
>   (1) is given an unconditional right to intervene by a federal
> statute; or
>   (2) claims an interest relating to the property or transaction
> that is the subject of the action, and is so situated that disposing
> of the action may as a practical matter impair or impede the
> movant's ability to protect its interest, unless existing parties
> adequately represent that interest.
>
> (b) PERMISSIVE INTERVENTION.
>   (1) *In General.* On timely motion, the court may permit anyone to
> intervene who:
>     (A) is given a conditional right to intervene by a federal
> statute; or
>     (B) has a claim or defense that shares with the main action a
> common question of law or fact.
>
>   (2) *By a Government Officer or Agency.* On timely motion, the
> court may permit a federal or state governmental officer or agency to
> intervene if a party's claim or defense is based on:
>     (A) a statute or executive order administered by the
>     officer or agency; or
>       (B) any regulation, order, requirement, or agreement
>     issued or made under the statute or executive order.
>   (3) *Delay or Prejudice.* In exercising its discretion, the court must
> consider whether the intervention will unduly delay or prejudice the
> adjudication of the original parties' rights.

---

[2]    It does not appear that the Local Rules of the U.S. District Court for the Southern
District of Texas present any additional rules or requirements for intervention.

> (c) NOTICE AND PLEADING REQUIRED. A motion to intervene must be
> served on the parties as provided in Rule 5. The motion must state the
> grounds for intervention and be accompanied by a pleading that sets out
> the claim or defense for which intervention is sought.

## III.   PROCEDURAL AND FACTUAL HISTORY

It should be noted that although the proceedings are in an advanced stage with regard

only to the Temporary Injunction heard and entered by the Court, the underlying case is

actually at a very early stage in its overall progress.   Indeed, the Court postponed the

deadlines for the progress of the underlying case while awaiting the outcome of the

Defendants' appeal of the Court's Temporary Injunction.

On November 20, 2014, Secretary of Homeland Security Jeh Johnson issued several

orders to the U.S. Department of Homeland Security ("DHS") immediately stopping

enforcement of the Immigration and Naturalization Act ("INA") with regard to an estimated 4

to 5 million citizens of foreign countries illegally present in the United States of America who

meet specific criteria (even if those persons did not apply for relief), [3] and ordering a grant of

amnesty, work permits, and other benefits to those persons who meet the specified criteria, in

coordination with an address to the nation on the same topic by President Barack Obama.   The

Defendants style these efforts as "deferred action" programs suspending the enforcement of

the immigration laws (INA) by "executive action" apart from Congressional legislation.

This case was filed on December 3, 2014, by the Complaint of the Plaintiff States.

The Plaintiffs filed a Motion for Preliminary Injunction on December 4, 2014.

---

[3]     The Plaintiffs here did not challenge the Executive Branch's June 15, 2012, Deferred Action for Childhood Arrivals ("DACA"), affecting an estimated 1 to 1.5 million additional potential beneficiaries, whereas Sheriff Arpaio did in his lawsuit *Arpaio v. Obama*. Please also note that the estimated beneficiaries do not (cannot) anticipate how many of those estimated to be eligible will actually choose to apply.

3

An Amended Complaint was filed on December 9, 2014.

Ultimately, additional Plaintiff States and State Attorneys General joined

the lawsuit so as to bring the total to 26 Plaintiff States and/or Attorneys General.

The Court heard oral argument on the Motion for a Preliminary Injunction

on January 16, 2015, and received additional briefing.

The Court issued a Temporary Injunction on February 16, 2015.

The Defendants filed an interlocutory appeal of the Court's Temporary

Injunction on February 23, 2015, however the main case remains pending.

Also, the Movant Sheriff Arpaio filed a lawsuit in the U.S. District Court

for the District of Columbia on November 20, 2014. This case was dismissed on

grounds of standing which the Movant contends to have been misunderstood.


## IV.    ARGUMENT

A.  Intervenor has an Interest in the Transaction or Subject of the Action

Pursuant to FRCP Rule 24(a)(2)

> (a) INTERVENTION OF RIGHT. On timely motion, the court must permit
> anyone to intervene who:
>            * * *
>    (2) claims an interest relating to the property or transaction
>    that is the subject of the action, and is so situated that disposing
>    of the action may as a practical matter impair or impede the
>    movant's ability to protect its interest, unless existing parties
>    adequately represent that interest.

Here, Sheriff Arpaio is directly and dramatically impacted by the Defendants' deferred

action / executive action amnesty programs, in many ways:

First, the Defendants' programs are an elaborate scheme for not enforcing existing

immigration laws. Defendants' proffer those schemes as fig leafs for not enforcing the current,

4

governing law at the federal level. Therefore, in the absence of those deferred action
programs, current law would continue to govern and would command the deportation of those
whom Congress has determined removable. [4] The effect of enforcing current law – that is, not
allowing Defendants' schemes to evade current law – would be to remove illegal aliens from
the country, removing significant burdens upon the proposed Intervenor Sheriff Arpaio.

Second, historical and empirical experience has proven beyond all doubt, including
Ronald Reagan's mistake of caving to Democrat Party demands for a comprehensive
immigration reform bill in 1986 and further back almost to the Eisenhower Administration,
that each grant of amnesty inevitably, always, empirically, and quite logically stimulates
massive further waves of new illegal aliens flooding the country.

Apologists for amnesty including the Defendants insist that – by reading the fine
print of U.S. Government programs in English – foreigners will understand that they
would not qualify for the current amnesty programs if they enter the United States. This
presupposes a high degree of legal education in the English language by those who have –
we are told by amnesty advocates – come to do "jobs that Americans won't do."

But in fact, on a real-world level more sophisticated than the intellectuals in
America's political world, foreigners understand our U.S. politics better than most
political experts. They understand that each new mass grant of amnesty, followed by yet
another wave of illegal immigration, will make the next round of amnesty unavoidable

---

[4]     Certainly, the nation's immigration laws are complex and include many
provisions. Sheriff Arpaio understands the term and concept of "illegal alien" to refer to
and be defined as a citizen of a foreign country illegally in the United States for whom
*NONE* of the INA's many categories of relief established by Congress are available.
Therefore, an "illegal alien" who could qualify under any of the many provisions of the
INA for lawful admission, presence, or status legislated by Congress is not, by definition
or concept, an "illegal alien." (He may be an applicant.) Therefore, the concept of "illegal
alien" presupposes that Congress has decided that such person must be deported.

5

and irresistible to U.S. politicians. Particularly as the voting strength of amnesty beneficiaries grows – the theory goes – each round of amnesty makes the next one harder to resist. Thus, foreigners considering a rush across the border demonstrate a sharper and keener sense of political insight into U.S. politics than the average highly-paid pundit inside the beltway.

As a result, the Defendants' programs will increase the degree, scope, breadth, and extent of harm to the Intervenor Sheriff Arpaio, just as the nation watched in the Summer of 2014 as floods of unaccompanied "minors" [5] accompanied by death and dismemberment on the Mexican train called "La Bestia." There are already signs that the Summer of 2015 will equal or surpass the flood across the border.

Third, it is true that the Executive Branch of the U.S. Government has not enforced the immigration laws even before the announcement of the Defendant's deferred action programs. However, over the last six (6) years, it was largely in anticipation of the Defendants granting amnesty that the Executive Branch has been unwilling to undertake vigorous enforcement of the law and deportation proceedings. The two phenomenon are directly, closely and integrally linked. A final decision that the Defendants' programs are unlawful would help end the foot-dragging of the Executive Branch at enforcing the immigration laws. Upholding the law as written by Congress, and rejecting schemes to evade the law, would directly impact the overall approach of the U.S. Government to the laws that Congress passed.

---

[5]     Some "minors" entering with no documentation but reportedly sporting gray hair or the bodies of 30 year old men, some placed in high school next to minor girls.

6

B. The Court Disposing of the Action May as a Practical Matter Impair or Impede the Intervenor's Ability to Protect the Sheriff's Office's Interests

Pursuant to FRCP Rule 24(a)(2)

> (a) INTERVENTION OF RIGHT. On timely motion, the court must permit anyone to intervene who:
> * * *
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Sheriff Arpaio's interest in the Court halting the Defendants' illegal deferred action will be impaired or impeded as a practical matter without being able to vindicate those interests. As an example, the legal underpinning that the Defendants claim as the lynchpin of their entire justification and implementation of amnesty is their claim that Congress has not appropriated sufficient funds for the Executive Branch to carry out the law (INA) and deport those whom Congress has determined must be deported.

Fatal to this argument, however, are the facts that (1) the Executive Branch has never in recent time periods asked for the funding it now claims it lacks and (2) Congress has always appropriated significantly more money for immigration enforcement than the Executive Branch asked for through the "President's Budget" submitted by the Executive Office of the President, Office of Management and Budget.

The Plaintiffs have, as far as Intervenor can see, never attacked the central underpinning of the Defendants' entire legal case. Defendants' claim inherent authority to rewrite the immigration laws of the nation (e.g., the INA) on the grounds that they would be unable to fully implement those laws without more funding. Yet, they never asked for more funding. Defendants cannot build a legal case on a lack of funding they never asked for.

7

Defendants' proper remedy is to submit an appropriate, formal budget request to Congress documenting the funding that they need – which the law requires each department and agency to do in any event. This is also important because Congressional staff advise the staff of undersigned counsel Freedom Watch that the problem includes the Executive Branch reprogramming funds provided by Congress for immigration enforcement and diverting it to other purposes. Therefore, presenting a request for funding before Congress along with the scrutiny of Congressional hearings would get to the heart of the matter.

*Neither this Court, the U.S. Court of Appeals for the Fifth Circuit, nor any other court should sit in place of a Congressional appropriations committee hearing.* It cannot be the role of any federal court to pass judgment on whether or not Congress has appropriated adequate funding – including when funds have allegedly been diverted to other purposes.

Similarly, the size and scope of the program is a consequence of other actions, omissions, or failures by the U.S. Government. How much funding is necessary in light of the Executive Branch failing to build the border fence mandated by the Border Security Fence Act of 2006? Adequate funding cannot be evaluated without also evaluating whether the Executive Branch is making the problem bigger than it needs to be by other policy failures. A court is ill-equipped to do the work of a Congressional appropriations committee.

Yet the Plaintiffs including the State of Arizona – despite magnificent and comprehensive work on other topics – have not brought forward this and other important legal arguments that are necessary to protect and vindicate Sheriff Arpaio's interests. Without Sheriff Arpaio's participation as a party, he will not be able to ensure – as a practical matter – that his interests are protected.

In this regard, FRCP Rule 24(a)(2) concerns whether *as a practical matter* – not as a

theoretical or hypothetical matter – the movant's interests would not be protected: The

movant "is so situated that disposing of the action may *as a practical matter* impair or impede

the movant's ability to protect its interest, unless existing parties adequately represent that

interest." *(Emphasis added.)*

Therefore, the analysis is not whether Sheriff Arpaio's interests are hypothetically or

theoretically vindicated, but whether those interests would be "impaired" or "impeded" by a

decision on the merits "*as a practical matter.*"

Similarly, Sheriff Arpaio's Office has extensive real-world, empirical data that is

not readily available to any of the State Plaintiffs. Sheriff Arpaio presented only quick,

tiny examples immediately after the President announced these new programs. Sheriff

Arpaio, as a practical matter, needs to present the practical impact upon law enforcement

protecting approximately 4 million Americans who are citizens of Maricopa County and

under his care as Sheriff.

C. Intervenor Shares Common Questions of Law or Fact with Main Action

Pursuant to FRCP Rule 24(b)(1)(B),

> (b) PERMISSIVE INTERVENTION.
>> (1) *In General.* On timely motion, the court may permit anyone to
>> intervene who:
>> * * *
>>> (B) has a claim or defense that shares with the main action a
>>> common question of law or fact.

Quite obviously, Sheriff Arpaio's challenges to the Defendants' deferred action

programs by executive action share common questions of law and fact with the Plaintiffs' case

here, concerning the illegality of the Defendants' programs.

9

## V.    CONCLUSION

Intervenor asks for leave to intervene as a party in support of the Plaintiffs for the

reasons set forth above, seeking the relief that the Defendants' deferred action programs

established by executive action should be declared unlawful under the procedural requirements

of the Administrative Procedures Act, the substantive requirements of the APA requiring

faithfulness of agency action and regulations to the laws passed by Congress and to the U.S.

Constitution, and the Constitution itself directly including the "Take Care" clause.

Dated:   March 26, 2015                     Respectfully submitted,

                                            Larry Klayman, Esq.
                                            Washington, D.C. Bar No. 334581
                                            Freedom Watch, Inc.
                                            2020 Pennsylvania Avenue N.W., Suite 345
                                            Washington, D.C. 20006
                                            (310) 595-0800
                                            leklayman@gmail.com
                                                    Of Counsel

                                            Jonathon Moseley, Esq.

                                            Virginia State Bar No. 41058
                                            Freedom Watch, Inc.
                                            2020 Pennsylvania Avenue N.W., Suite 345
                                            Washington, D.C. 20006
                                            (310) 595-0800
                                            leklayman@gmail.com
                                            Attorney for Plaintiff
                                            *Pro Hac Vice Approved*

### CERTIFICATE OF CONSULTATION

I hereby certify that

????

10

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, *et al.* | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) No. 1:14-CV-254 |
| v. | ) |
|  | ) |
| UNITED STATES OF AMERICA, *et al.* | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE
## BY SHERIFF JOSEPH ARPAIO

Sheriff Joseph Arpaio of Maricopa County, Arizona seeks to intervene in this matter in

support of State Plaintiffs' suit to enjoin the deferred action guidance issued on November 20,

2014 by the Secretary of the Department of Homeland Security ("DHS").[1]  Movant cannot meet

any of the requirements of intervention as of right under Rule 24(a).  First, Sheriff Arpaio lacks a

legally protectable interest in this litigation, *see Arpaio v. Obama*, 27 F. Supp. 3d 185 (D.D.C.

2014), because the challenged guidance does not regulate state or local officials, nor is he the

real party in interest with respect to the financial and practical impact upon the State of Arizona.

Also, due to issue preclusion, he cannot re-litigate the District of Columbia district court's

factual and legal conclusions with respect to his lack of a legally protectable interest.  Second,

the disposition of this case will not impair or impede Sheriff Arpaio's ability to protect his

purported interests because his prior lawsuit included claims identical to those asserted in this

---

[1] *See* Mem. from Jeh Charles Johnson, Sec'y of Homeland Security, to León Rodriguez, Director, USCIS, *et al.*, *Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children and with Respect to Certain Individuals Who Are the Parents of U.S. Citizens or Permanent Residents* (Nov. 20, 2014) ("2014 Deferred Action Guidance") (Defs.' Ex. 7) (ECF No. 38-7).



action, and that lawsuit is now pending in the D.C. Circuit Court of Appeals. Third, the State of

Arizona, a plaintiff in this action, is fully capable of defending Sheriff Arpaio's interests with

respect to the three claims he seeks to bring here regarding the 2014 Deferred Action Guidance.

Permissive intervention should also be denied because Sheriff Arpaio has not shown that the

State of Arizona is unable to adequately represent his interests in this lawsuit and his proposed

intervention would result in delay or prejudice to the rights of the original parties. Equally

importantly, the interests of comity weigh strongly against allowing Sheriff Arpaio to intervene

in this matter, as he is essentially attempting to re-litigate the very same claims that have been

dismissed in *Arpaio v. Obama*.

## ARGUMENT

## I. The Movant Has Not Established That He May Intervene as of Right Under Rule 24(a)(2)

Sheriff Arpaio contends that he is entitled to intervene as of right under Rule 24(a)(2). A

potential intervenor bears the burden of demonstrating that he has satisfied the requirements of

intervention. *See United States v. Texas Eastern Transmission Corp.*, 923 F.2d 410, 414 (5th

Cir. 1991). In doing so, an applicant for intervention as of right must meet a four-part test:

> (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is
> related to the property or transaction that forms the basis of the controversy in the case
> into which she seeks to intervene; (3) the disposition of that case may impair or impede
> the potential intervener's ability to protect her interest; and (4) the existing parties do not
> adequately represent the potential intervener's interest.

*Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004) (quoting *Doe v. Glickman*, 256 F.3d 371,

375 (5th Cir. 2001)). If the potential intervenor fails to meet any of the requirements for

intervention as of right, then the motion should be denied. *Bush v. Viterna*, 740 F.2d 350, 354

(5th Cir. 1984) (per curiam). Sheriff Arpaio has failed to meet any of the elements of the test, and accordingly he may not intervene as of right.[2]

First, to show an actual "interest," a potential intervenor's interest must be "direct, substantial, [and] legally protectable." *Saldano*, 363 F.3d at 551 (internal quotation marks and citation omitted). This requirement means that the "interest [must] be one which the *substantive* law recognizes as belonging to or being owned by the applicant." *Id.* (emphasis in original) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984) (en banc)). In addition, the potential intervenor should be the real party in interest regarding his claim. *Saldano*, 363 F.3d at 551.

Here, Sheriff Arpaio claims to be "impacted" by what he perceives to be a lack of federal enforcement of the nation's immigration laws and what he anticipates will be an additional number of illegal border crossers. *See* Arpaio Interv. Mot. at 4-6. But Sheriff Arpaio's interest in the effects of the challenged policy on him and his desire to see the deferred action guidance enjoined is generalized and not sufficient to constitute a "protectable interest" that would allow his intervention in this case. The challenged deferred action program here "do[es] not regulate the official conduct of [Sheriff Arpaio,] but merely regulate[s] the conduct of federal immigration officials in the exercise of their official duties." *Arpaio*, 27 F. Supp. 3d at 202. Moreover, although Sheriff Arpaio alleges that Maricopa County will be affected by changes in federal immigration policy, he never explains how he is being harmed and why the harm alleged

---

[2] As an initial matter, Sheriff Arpaio has failed to show that his motion, filed almost four months after Plaintiffs' complaint was filed and over five weeks after the Court ruled on Plaintiffs' motion for preliminary injunction, is timely because the parties have already submitted extensive briefing on the three claims he seeks to bring, and the Court has made a number of factual and legal conclusions, including on the States' Article III standing. To the extent that Sheriff Arpaio seeks to re-litigate these issues, Defendants and Plaintiffs "may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

is any different than other individuals and government entities, including the State of Arizona, which is already a plaintiff in this litigation. *See Public Serv. Comp. of New Hampshire v. Patch*, 136 F.3d 197, 205 (1st Cir.1998) (an "undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right.") (citing, inter alia, *New Orleans Pub. Serv., Inc.*, 732 F.2d at 466).[3] Instead, he asserts an interest in "end[ing] the foot-dragging of the Executive Branch at enforcing the immigration laws," *see* Arpaio Interv. Mot. at 5-6, a generalized grievance that does not establish a "substantive legal right" in the deferred action guidance. *See New Orleans Pub. Serv., Inc.*, 732 F.2d at 466.

Sheriff Arpaio also lacks a protectable legal interest in this litigation because he is not the real party in interest with respect to the "financial and practical impact upon the State," Arpaio Interv. Mot. at 1, and has not asserted that he has a right under Arizona law to represent the State's interest in this proceeding. *Cf. Saldano*, 363 F.3d at 551-52 (in suit by prisoner against Texas official for writ of habeas corpus, the "real party in interest" was the State of Texas, not the District Attorney for Collin County, Texas). In addition, to the extent that Sheriff Arpaio seeks to intervene because of Plaintiffs States' purported failure to litigate whether Defendants' funding constraints are preventing DHS from enforcing the federal immigration laws, *see* Arpaio Interv. Mot. at 7-8, the relief sought in this lawsuit will not provide the remedy he seeks (*i.e.*, the deployment of additional resources to the Executive Branch to allow it to remove additional undocumented immigrants from Maricopa County). *See also Arpaio*, 27 F. Supp. 3d at 206.

---

[3] *See also Brenner v. Scott*, 298 F.R.D. 689, 691 (N.D. Fla. 2014) (advocacy organization's generalized interest in opposing same-sex marriages was not a protectable interest under Rule 24(a)(2)); *American Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 246 (D.N.M. 2008) (movant's interest as a legislator and voter in avoiding voter registration fraud is a "generalized one" insufficient to support intervention as of right); *North Dakota v. Heydinger*, 288 F.R.D. 423, 428 (D. Minn. 2012) (movant's desire to reduce carbon dioxide emissions and promote clean energy are generalized interests insufficient to justify intervention).

Because Sheriff Arpaio does not have a direct, substantial, and legally protectable interest in this litigation, intervention as of right should be denied.[4]

Not only does Arpaio not have a legally protectable interest in his constitutional and Administrative Procedure Act ("APA") claims, *see Arpaio*, 27 F. Supp. 3d at 207, but he cannot re-litigate the District of Columbia district court's conclusions here, due to issue preclusion.[5] To establish issue preclusion under federal law, one must show: "(1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue has been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action." *Wehling v. CBS*, 721 F.2d 506, 508 (5th Cir. 1983) (internal quotation marks and citation omitted). The parties to the suits need not be completely identical, so long as the party against whom issue preclusion applies had the full and fair opportunity to litigate the issue in the previous lawsuit. *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009). All three of the necessary elements of issue preclusion are satisfied here.

The issues at stake in this litigation are the same as those litigated in *Arpaio*, given that his prior complaint included identical claims to the ones asserted by the State Plaintiffs here.

---

[4] Also going to whether Sheriff Arpaio has a direct, substantial, and legally protectable interest in this litigation, the district court for the District of Columbia concluded that Arpaio failed to establish a causal link between the challenged deferred action policies and the independent action of third parties, namely undocumented immigrants who may migrate to Maricopa County and commit crimes once there. *Arpaio*, 27 F. Supp. 3d at 205.

[5] Courts have repeatedly denied third parties' intervention on preclusion grounds where proposed intervenors seek to re-litigate claims that they have already litigated and have been decided by another court. *See, e.g.*, *Yazdchi v. American Honda Finance Corp.*, No. Civ. A. 3:05CV0737L, 2005 WL 1943611, at *2 (N.D. Tex. Aug. 12, 2005) (denying motion to intervene on claim preclusion grounds where potential intervenor's claims were litigated in other complaint which had already been dismissed with prejudice); *E.E.O.C. v. Jefferson Dental Clinics, P.A.*, No. Civ. A. 3:04CV1892N, 2005 WL 3050319, at *3-5 (N.D. Tex. Nov. 10, 2005) (denying motion to intervene as futile where intervenors had previously filed a separate unsuccessful discrimination lawsuit in Texas state court).

*Compare* Compl. ¶¶ 50-73, *Arpaio v. Obama*, 27 F. Supp. 3d 185 (D.D.C. 2014) (No. 14-cv-01966) (ECF No. 1) (Take Care Clause, procedural APA, and substantive APA claims) and Am. Compl. ¶¶ 70-86 (ECF No. 14) (same). The *Arpaio* court decided a number of issues, including whether Sheriff Arpaio met the threshold requirements for demonstrating Article III standing to bring his constitutional and APA claims. *See* 27 F. Supp. 3d at 207 ("Taken together, the Court finds that [Sheriff Arpaio] has not and cannot show that: (1) he suffers a concrete and particularized injury (as opposed to a speculative and generalized grievance); (2) the cause of the plaintiff's injury can be fairly traced to the challenged deferred action programs; and (3) a favorable ruling by this Court would redress the plaintiff's alleged injury."). A dismissal for lack of subject-matter jurisdiction, while not binding as to all matters which could have been raised, is conclusive as to matters actually adjudged. *Equitable Trust Co. v. Commodity Futures Trading Comm'n*, 669 F.2d 269, 272 (5th Cir. 1982); *see also Perez v. United States*, No. CIV. A. H-02-1306, 2002 WL 2030356, at *3 (S.D. Tex. July 18, 2002), aff'd, 67 F. App'x 246 (5th Cir. 2003). Finally, the *Arpaio* court's factual and legal holdings regarding Arpaio's lack of a legally protectable interest were a critical and necessary part of its judgment. *See* 27 F. Supp. 3d at 207 ("[P]laintiff lacks standing to bring this challenge, requiring dismissal of this lawsuit for lack of subject matter jurisdiction."). Accordingly, because Arpaio's lack of a legally protectable interest in the claims for which he seeks intervention has already been decided by a prior judgment of another court for which issue preclusion applies, Sheriff Arpaio's motion to intervene under Rule 24(a)(2) should be denied.[6]

---

[6] Although a proposed intervenor need not necessarily independently possess standing under certain circumstances, *see Ruiz v. Estelle*, 161 F.3d 814, 830-32 (5th Cir. 1998); *Newby v. Enron Corp.*, 443 F.3d 416, 421-22 (5th Cir. 2006), an applicant for intervention as of right must still comply with Rule 24(a)(2)'s requirement that his interest be direct, substantial, and legally protectable. *See New Orleans Pub. Serv., Inc.*, 732 F.2d at 463-66.

Second, Sheriff Arpaio cannot demonstrate that the disposition of this case may impair or
impede his ability to protect his interest. "Intervention generally is not appropriate where the
applicant can protect its interests and/or recover on its claim through some other means." *Deus v.
Allstate Ins. Co.*, 15 F.3d 506, 526 (5th Cir.1994). Thus, in cases, such as here, where the
proposed intervenor has already filed a separate lawsuit seeking to protect those same interests,
he may not claim that the disposition of the second case "impairs or impedes" his ability to
protect his interests. *See, e.g., Noble Energy, Inc. v. Cameron Parish School Bd.*, Civ. A. No.
13–2619, 2013 WL 4012714, at \*4 (E.D. La. Aug. 5, 2013) (after litigating against Noble Energy
in a separate Texas state court lawsuit, ConocoPhillips' motion to intervene in a federal lawsuit
in Louisiana between Noble Energy and Cameron Parish School Board was denied).

Third, even if Sheriff Arpaio could meet the above requirements, he is still not entitled to
intervene as of right, because he has failed to establish the fourth element required for such
intervention, *i.e.*, that his asserted interests are "inadequately represented" by the parties to the
action. The burden of establishing inadequate representation is on the applicant for intervention.
*See Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994). "[W]hen the party seeking intervention
has the same ultimate objective as a party to the suit, a presumption arises that its interests are
adequately represented, against which the petitioner must demonstrate adversity of interest,
collusion, or nonfeasance." *Bush v. Viterna*, 740 F.2d at 355 (quoting *International Tank
Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir.1978)). Moreover, when a
potential intervenor alleges that a government agency is inadequately representing its interests,
he or she must overcome an additional "strong presumption" that a government adequately
represents the interests of all of its citizens. *United States v. Encycle/Texas, Inc.*, No. H-99-1136,
1999 WL 33446875, at \*4 (S.D. Tex. Aug. 2, 1999) (citing *Hopwood*, 21 F.3d at 605). This

-7-

presumption of adequate representation arises regardless of whether the proposed intervenor is a citizen or subdivision of the governmental entity. *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996).

Here, Sheriff Arpaio has not shown any "adversity of interest, collusion, or nonfeasance" on the part of the State of Arizona, *Bush v. Viterna*, 740 F.2d at 355, nor any basis to upset the "strong presumption" that Arizona adequately represents the interests of Maricopa County. Sheriff Arpaio claims that the State of Arizona did not address the effects of the challenged program as "actively" as Sheriff Arpaio would have liked and that he has "first-hand access to information" about "the most direct effects upon Arizona." *See* Arpaio Interv. Mot. at 1. He also argues that the State of Arizona has not addressed arguments that he would like to make regarding Congressional funding of DHS. *See id.* at 7-8.[7] At its core, Sheriff Arpaio's argument is not that his interests are adverse from Arizona, but rather that the State may not litigate this case as he would like.[8] But anticipated disagreements with Arizona's litigation strategy cannot support a claim of intervention as of right under Rule 24(a)(2). *See Wisc. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 649 (7th Cir. 2013) ("[B]y their own admission, the Employees have exactly the same goal as the state . . . [but] rely largely on post-hoc quibbles with the state's litigation strategy. This does not provide the conflict of interest necessary to render the state's representation inadequate."). For this additional reason, intervention as of right should be denied.

---

[7] To the extent that movant claims that Arizona has neglected this funding argument, Sheriff Arpaio has already been permitted to file an amicus brief in support of Plaintiffs' motion for preliminary injunction, in which Arpaio made this funding argument. *See* Order Granting Arpaio Mot. for Leave to File Amicus Br. (ECF No. 112); Arpaio Amicus Brief at 28-32 (ECF No. 113).

[8] Regardless of Sheriff Arpaio's quibbles with its litigation strategy, Arizona brings the same three claims regarding the Deferred Action Guidance that Sheriff Arpaio seeks to bring here. *See* Arpaio Interv. Mot. at 10.

## II.    Permissive Intervention Should Also Be Denied

Sheriff Arpaio also moves for permissive intervention under Rule 24(b). Permissive intervention may be granted where (1) the potential intervenor timely files a motion, (2) has a claim or defense that shares a common question of law or fact with the main action, and (3) his or her intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *See League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989). An additional factor to be considered for determining permissive intervention is whether proposed intervenors are adequately represented by other parties. *United States v. Texas Educ. Agency (Lubbock Indep. School Dist.)*, 138 F.R.D. 503, 508 (N.D. Tex. 1991) (denying permissive intervention because intervenors had not overcome presumption of adequate representation on the part of the government). Here, Sheriff Arpaio has not shown that the State of Arizona is unable to adequately represent his interests in this lawsuit. *See supra* at 7-9.

This Court should exercise its discretion to deny permissive intervention here. "Increasing the number of parties to a suit can make the suit unwieldy," *Solid Waste Agency of Northern Cook Cty. v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 508 (7th Cir. 1996), particularly here, where there are already twenty-six plaintiffs and numerous additional filings by non-parties. The proposed intervention would do nothing to assist the Court in reaching a decision on the legal issues presented in this action, especially where the State of Arizona's interests are already represented.

Principles of comity further counsel against the grant of discretionary relief under Rule 24(b). Although the *Arpaio* court dismissed the case on jurisdictional grounds, it also separately reasoned that Sheriff Arpaio's claims would fail on the merits because the challenged deferred

action policies are "consistent with, rather than contrary to, congressional policy" and are a "valid exercise of prosecutorial discretion" that "merely provide guidance to immigration officials in the exercise of their official duties," by guiding their "case-by-case decisionmaking." 27 F. Supp. 3d at 208-210. Sheriff Arpaio should not be permitted to use the vehicle of Rule 24(b) to, in effect, seek a contrary evaluation of his claims by this Court.

Sheriff Arpaio has already submitted numerous previous filings in this case, *see, e.g.*, ECF No. 143 (supplemental exhibits filed without leave), ECF No. 160 (motion for leave to file notice, suggestion, and recommendation for issuance of order to show cause), ECF No. 212 (motion for leave to participate in early discovery). His participation now (four months after the complaint was filed, and over five weeks after the preliminary injunction was entered) would slow ultimate resolution of this case without providing further benefit and would encourage other interested parties, whose role thus far has been limited to amici participation, to seek similar intervention. The likely delay or prejudice to the rights of the original parties presents yet another grounds for denying intervention. *See, e.g.*, *Nipponkoa Ins. Co., Ltd. v. Port Terminal R.R. Ass'n*, Civ. A. No. H-10-0284, 2011 WL 1103584, at *6 (S.D. Tex. Mar. 23, 2011) (denying intervention where permissive intervention would further complicate the case without any added benefit); *Farouk Sys., Inc. v. Costco Wholesale Corp.*, Civ. A. No. 09-cv-3499, 2010 WL 1576690, at *3 (S.D. Tex. Apr. 20, 2010) (denying permissive intervention where intervention of third party would involve new motion to dismiss, discovery disputes, and no basis to exclude other third party distributors); *The Aransas Project v. Shaw*, Civ. A. No. C-10-75, 2010 WL 2522415, at *14 (S.D. Tex. Jun. 17, 2010) (proposed permissive intervention would complicate case without further benefit and court must prevent an overflow of additional attempted

-10-

interventions). Accordingly, movant's request for permissive intervention should be denied as

well.

## CONCLUSION

Sheriff Arpaio's motion to intervene should be denied for all of the above reasons.

KENNETH MAGIDSON
United States Attorney

DANIEL DAVID HU
Assistant United States Attorney
Deputy Chief, Civil Division

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

KATHLEEN R. HARTNETT
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Branch Director,
Federal Programs Branch

  */s/ Bradley H. Cohen*
BRADLEY H. COHEN (D.C. Bar. No. 495145)
KYLE R. FREENY (Cal. Bar No. 247857)
Attorney-in-Charge
ADAM D. KIRSCHNER
JULIE S. SALTMAN
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044
Tel.: (202) 514-5108
Fax: (202) 616-8470
Kyle.Freeny@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the Defendants' Opposition to Motion to Intervene by Sheriff Joseph Arpaio has been delivered electronically on April 15, 2015, to all counsel of record through the court's ECF system.

                                      */s/ Bradley H. Cohen*
                                      Counsel for Defendants

*JUDGMENT NOTICE*
*USCA - 5th CIRCUIT*
*STATE OF TEXAS, ET AL V USA ET AL*
*USDC-TXSD- 14-cv-254*

# Natural Born Citizen Party National Committee

July 26 2015
Clerk of Court
US Court of Appeals for the District of Columbia Circuit
Attn: Deputy Special Counsel to the Clerk, Nancy Dunn 202-216-7313
333 Constitution Ave NW
Washington, DC 20001

*U.S. COURT OF APPEALS*
*RECEIVED*
*JUL 28 2015*
*FIFTH CIRCUIT*

Re: USDC-15-cv-1036 "Natural Born Citizen Party National Committee et al v FEC et al"

Dear Clerks Office:

This is to confirm Natural Born Citizen Party National Committee et al Notice of Appeal with a $505 check filed with at the USDC-DCD Clerk of the Court.

In addition, Natural Born Citizen Party National Committee et al hereby files motions in this US Court of Appeals for the DC Circuit to consolidate this new Obama eligibility and amnesty executive action/order appeal with the two pending USCA-DCC appeals 14-5325 "Arpaio v Obama et al" (USDC-DCD 14-cv-1966) and 14-5327 "Strunk and Van Allen v DOS et al" (USDC-DCD 14-cv-995).

All this as well as pending Natural Born Citizen Party National Committee et al motions to intervene and consolidate with the multi-state and pending multi-circuit unconstitutional illegal alien amnesty executive action/order filed at USDC-TXSD 14-cv-254 "State of Texas et al v USA et al". USCA-Fifth Circuit 15-40238, 15-4-326, 15-40333, 15-40702.

/s/
Harold William Van Allen
Natural Born Citizen Party National Committee
Co-chairperson, 2016 POTUS/CINC Candidate-Elector
351 North Road
Hurley NY 12443
845 389 4366
hvanallen@hvc.rr.com

cc: Clerks of Court: USDC-DCD, USDC-TXSD (Brownsville); USCA-5th Circuit

*EX - 8*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Natural Born Citizen Party National Commi
_____
Plaintiff

vs.                                    Civil Action No. 15-cv-1036

Federal Elections Commission et al
_____
Defendant

## NOTICE OF APPEAL

Notice is hereby given this  26th     day of  July                      , 20 15   , that

Natural Born Citizen Party National Committee et al

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from
MINUTE ORDER DENIAL MOTION TO AMEND COMPLAINT
the judgment of this Court entered on the   22nd          day of July              , 20 15
AS WELL AS MEMO ORDER 6 JULY 2015
in  favor of  Federal Elections Commission et al

against said  Natural Born Citizen Party National Committee et al

_____
Harold William Van Allen
Attorney or Pro Se Litigant

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil
action must be filed within 30 days after the date of entry of judgment or 60 days if the United
States or officer or agency is a party)

**CLERK**        Please mail copies of the above Notice of Appeal to the following at the addresses
                 indicated:

US Attorney General 950 Pennsylvania Ave NW, Washington, DC 20530
US Attorney for the District of Columbia 555 4th St, NW; Washinton, DC 20530
NYS Attorney General, The Capitol, Albany, NY 12224-0341

NOTICE OF APPEAL

USDC - DCD To USCA - DCC

MOTIONS TO CONSOLIDATE WITH APPEALS

USCA - DCC { 14-5325 ARPAIO V OBAMA ETAL
{ 14-5327 STRUNK ETAL V DOS ETAL



NATURAL BORN CITIZEN PARTY

NATIONAL COMMITTEE ET AL

V
FEC ET AL
FEDERAL ELECTIONS COMMISSION

&

FEDERAL BUREAU OF INVESTIGATIONS ET AL

CLOSED,JURY,PROSE-NP,TYPE I-FOIA

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:15-cv-01036-RJL

NATURAL BORN CITIZEN PARTY NATIONAL COMMITTEE et al
v. FEDERAL ELECTION COMMISSION et al
Assigned to: Judge Richard J. Leon
Cases: 1:08-cv-02234-RJL
     1:09-cv-01295-RJL
     1:10-cv-00486-RCL
     1:14-cv-00995-RJL
Cause: 05:552 Freedom of Information Act

Date Filed: 06/30/2015
Date Terminated: 07/06/2015
Jury Demand: Plaintiff
Nature of Suit: 895 Freedom of
Information Act
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**NATURAL BORN CITIZEN PARTY
NATIONAL COMMITTEE**


**Plaintiff**

**HAROLD WILLIAM VAN ALLEN**

represented by **HAROLD WILLIAM VAN ALLEN**
351 North Road
Hurley, NY 12443
PRO SE


V.

**Defendant**

**FEDERAL ELECTION COMMISSION**


**Defendant**

**FEDERAL BUREAU OF INVESTIGATION**


**Defendant**

**U.S. DEPARTMENT OF STATE**


**Defendant**

**CENTRAL INTELLIGENCE AGENCY**

Jonathon Moseley, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Supplemental *Amicus Curiae* Brief by Sheriff Joe Arpaio for Leave of Court Filing Transcript of Defendants' Argument December 22, 2014, by Deputy Assistant General Kathleen Hartnett will be delivered electronically on March 26, 2015, to counsel for Plaintiffs and Defendants through the District's Electronic Case Filing system.

Jonathon Moseley, Esq.

**Defendant**

**BARACK HUSSEIN OBAMA, II**

**Defendant**

**U.S. COPYRIGHT OFFICE**

**Defendant**

**NYS BOARD OF ELECTIONS**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/30/2015 | 1 | COMPLAINT against CENTRAL INTELLIGENCE AGENCY, FEDERAL BUREAU OF INVESTIGATION, FEDERAL ELECTION COMMISSION, NYS BOARD OF ELECTIONS, BARACK HUSSEIN OBAMA, II, U.S. COPYRIGHT OFFICE, U.S. DEPARTMENT OF STATE ( Filing fee $ 400, receipt number 4616071994) with Jury Demand filed by HAROLD WILLIAM VAN ALLEN, NATURAL BORN CITIZEN PARTY NATIONAL COMMITTEE. (Attachments: # 1 CES - HVA Combined Brief and Appendix for Appeal 14-10459 w NOM for Cert and OSC (2), # 2 USCA DCC 14-5327 Strunk et al v DOS et al Appellate Brief filed 4-30-2015, # 3 USCA DCC 14-5327 Strunk et al v DOS et al Appellant Brief Appendix-Part 1., # 4 USCA DCC 14-5327 Strunk et al v DOS et al Appellant Brief Appendix-Part 2, # 5 USCA DCC 14-5327 Strunk et al v DOS et al Appellant Brief Appendix-Part 3, # 6 USCA DCC 14-5327 Strunk et al v DOS et al Appellant Brief Appendix-Part 4, # 7 Civil Cover Sheet)(zrdj) (Entered: 07/01/2015) |
| 06/30/2015 | 2 | NOTICE OF RELATED CASE by HAROLD WILLIAM VAN ALLEN. Case related to Case No. 08-cv-02234-RJL, 09-cv-01295-RJL, 10-cv-00486-RCL, 14-cv-00995-RJL (zrdj) (Entered: 07/01/2015) |
| 07/02/2015 | | SUMMONS (10) Issued as to CENTRAL INTELLIGENCE AGENCY, FEDERAL BUREAU OF INVESTIGATION, FEDERAL ELECTION COMMISSION, NYS BOARD OF ELECTIONS, BARACK HUSSEIN OBAMA, II, U.S. COPYRIGHT OFFICE, U.S. DEPARTMENT OF STATE, U.S. Attorney and U.S. Attorney General (zrdj) (Entered: 07/01/2015) |
| 07/06/2015 | 3 | MEMORANDUM ORDER that Plaintiffs' Petition for Special Writ of Mandamus For Equity Relief and Removal from State Court of Closely Related Natural Bork Citizen (New York) State Trial Case(s) and Assignment to a Special Three Judge US District Court With a Special Master [Dkt. #1] is DENIED, and it is further ORDERED that Plaintiffs' Complaint is DISMISSED. SO ORDERED. Signed by Judge Richard J. Leon on 7/6/2015. (jth) (Entered: 07/06/2015) |
| 07/17/2015 | 4 | MOTION for Reconsideration re 3 MEMORANDUM ORDER by HAROLD WILLIAM VAN ALLEN (jf) (Entered: 07/20/2015) |

| 07/22/2015 | MINUTE ORDER denying 4 Plaintiffs' Motion for Reconsideration of July 6, 2015 Order, Motion for Leave to File Amended Complaint Under Seal and Motion to Consolidate. It is hereby ORDERED that plaintiffs' Motion is DENIED in its entirety. Signed by Judge Richard J. Leon on 7/22/2015. (lcrjl2, ) (Entered: 07/22/2015) |
| --- | --- |

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATURAL BORN CITIZEN PARTY<br>NATIONAL COMMITTEE, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL ELECTIONS COMMISSION,<br>*et al.,*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Case No. 15-1036 (RJL)<br>)<br>)<br>)<br>)<br>) |

**FILED**

JUL -6 2015

Clerk, U S District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM ORDER
### (July ___, 2015) [Dkt. #1]

*Pro se* plaintiffs Natural Born Citizen Party National Committee and Harold
William Van Allen (together, "plaintiffs") filed the instant action on July 1, 2015. *See*
Complaint with Petition for Special Writ of Mandamus for Equity Relief [Dkt. #1]. Upon
consideration of plaintiffs' papers and the relevant law, the Court DENIES plaintiffs'
Petition for a Special Writ of Mandamus for Equity Relief,[1] and DISMISSES plaintiffs'
Complaint in its entirety.

The Federal Rules of Civil Procedure are clear that although "[n]o technical form
is required," pleadings must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).
The Court is mindful, of course, that complaints filed by *pro se* litigants are held to less
stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines*

---

[1] The Court also DENIES plaintiffs' additional requests contained therein for Removal from
State Court of Closely Related National Born Citizen (New York) State Trial Court Case(s) and
Assignment to a Special Three Judge U.S. District Court with a Special Master. *See* [Dkt. #1].

1

*v. Kerner*, 404 U.S. 519, 520 (1972). Despite this less stringent standard, however, I am unable to glean from the plaintiffs' papers any legitimate grounds for granting the relief they are seeking. The statements contained in the plaintiffs' pleadings are, moreover, neither simple nor concise, and as such, fall well short of Rule 8(d)(1)'s requirements.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' Petition for Special Writ of Mandamus For Equity Relief and Removal from State Court of Closely Related Natural Bork Citizen (New York) State Trial Court Case(s) and Assignment to a Special Three Judge US District Court With a Special Master [Dkt.#1] is **DENIED**, and it is further

**ORDERED** that Plaintiffs' Complaint is **DISMISSED**.

**SO ORDERED.**

RICHARD L. LEON
United States District Judge

2

## General Docket
## United States Court of Appeals for District of Columbia Circuit

| | |
|---|---|
| **Court of Appeals Docket #:** 14-5325 | |
| **Nature of Suit:** 2899 Other Statutes | **Docketed:** 12/29/2014 |
| Joseph Arpaio v. Barack Obama, et al | |
| **Appeal From:** United States District Court for the District of Columbia | |
| **Fee Status:** Fee Paid | |

**Case Type Information:**
1) Civil US
2) United States
3)

| | |
|---|---|
| **Originating Court Information:** | |
| **District:** 0090-1 : 1:14-cv-01966-BAH | **Lead:** 1:14-cv-01966-BAH |
| **Court Reporter:** Barbara De Vico, Court Reporter | |
| **Trial Judge:** Beryl A. Howell, U.S. District Judge | |
| **Date Filed:** 11/20/2014 | |
| **Date Order/Judgment:** 12/23/2014 | **Date NOA Filed:** 12/23/2014 |

| | | |
|---|---|---|
| 03/24/2015 | ⊞ | PER CURIAM ORDER filed [1543948] denying the motion of Harold William Van Allen, pro se, to participate as amicus curiae [1540421-2] in 14-5325 [14-5325] |
| 04/20/2015 | ⊠ | PER CURIAM ORDER filed [1548075] allocating oral argument time as follows: Appellant - 15 Minutes, Appellees - 15 Minutes. One counsel per side to argue; directing party to file Form 72 notice of arguing attorney by 04/27/2015 [14-5325] |
| 04/20/2015 | ⊞ | ENTRY OF APPEARANCE [1548088] filed by Benjamin C. Mizer on behalf of Appellees Eric H. Holder, Jr., Jeh Charles Johnson, Barack Obama and Leon Rodriguez. [14-5325] (Mizer, Benjamin) |
| 04/20/2015 | | FORM 72 submitted by arguing attorney, Benjamin C. Mizer, on behalf of Appellees Eric H. Holder, Jr., Jeh Charles Johnson, Barack Obama and Leon Rodriguez *(For Internal Use Only: Form is restricted to protect counsel's personal contact information).* [14-5325] (Mizer, Benjamin) |
| 04/24/2015 | | FORM 72 submitted by arguing attorney, Beth S. Brinkmann, on behalf of Appellees Eric H. Holder, Jr., Jeh Charles Johnson, Barack Obama and Leon Rodriguez *(For Internal Use Only: Form is restricted to protect counsel's personal contact information).* [14-5325] (Havemann, William) |
| 04/24/2015 | | FORM 72 submitted by arguing attorney, Larry Klayman, on behalf of Appellant Joseph M. Arpaio *(For Internal Use Only: Form is restricted to protect counsel's personal contact information).* [14-5325] (Klayman, Larry) |
| 04/29/2015 | ⊠ | LETTER FILED [1549743] by Eric H. Holder, Jr., Jeh Charles Johnson, Barack Obama and Leon Rodriguez pursuant to FRAP 28j advising of additional authorities [Service Date: 04/29/2015 ] [14-5325] (Clair, Jeffrey) |
| 05/04/2015 | ⊞ | ORAL ARGUMENT HELD before Judges Brown, Srinivasan and Pillard. [14-5325] |
| 06/05/2015 | | TRANSCRIPT [1556055] of oral argument [14-5325] |

| 06/10/2015 | NOTICE FILED [1556689] by Joseph M. Arpaio Of New, Supplemental Authority. [Service Date: 06/10/2015 ] [14-5325] (Klayman, Larry) |

**General Docket**
**United States Court of Appeals for District of**
**Columbia Circuit**

---

**Court of Appeals Docket #: 14-5327**                                      **Docketed: 12/29/2014**
**Nature of Suit:** 2890 Other Statutory Actions
Christopher Strunk, et al v. DOS, et al
**Appeal From:** United States District Court for the District of Columbia
**Fee Status:** IFP

---

**Case Type Information:**
  1) Civil US
  2) United States
  3)

---

**Originating Court Information:**
  **District:** 0090-1 : 1:14-cv-00995-RJL
  Trial Judge: Richard J. Leon, U.S. District Judge              **Lead:** 1:14-cv-00995-RJL
  Date Filed: 06/10/2014
  **Date Order/Judgment:**                    **Date NOA Filed:**
  11/10/2014                                 12/10/2014

---

**Prior Cases:**
  None

**Current Cases:**
  None

---

**Panel Assignment:**      Not available

---

| Christopher Earl Strunk | Plaintiff - Appellant | Christopher Earl Strunk<br>Direct: 845-901-6767<br>[NTC Pro Se]<br>Firm: 212-307-4444<br>593 Vanderbilt Avenue<br>#281<br>Brooklyn, NY 11238 |
|---|---|---|
| Harold W. Van Allen | Plaintiff - Appellant | Harold W. Van Allen<br>Direct: 845-389-4366<br>Email: hvanallen@hvc.rr.com<br>[NTC Pro Se]<br>Firm: 845-389-4366<br>351 North Road<br>Hurley, NY 12443 |
| v. | | |

| | |
|---|---|
| United States Department of State<br>Defendant – Appellee | R. Craig Lawrence<br>Email: craig.lawrence@usdoj.gov<br>[LD NTC Gvt US Attorney]<br>U.S. Attorney's Office<br>(USA) Civil Division<br>Firm: 202-252-2500<br>555 4th Street, NW<br>Washington, DC 20530 |
| Central Intelligence Agency<br>Defendant – Appellee | R. Craig Lawrence<br>[LD NTC Gvt US Attorney]<br>(see above) |
| Barack Hussein Obama<br>Defendant – Appellee | R. Craig Lawrence<br>[LD NTC Gvt US Attorney]<br>(see above) |
| US Copyright Office<br>Defendant – Appellee | R. Craig Lawrence<br>[LD NTC Gvt US Attorney]<br>(see above) |
| Eric H. Holder, Jr., US Attorney General<br>**Terminated: 05/01/2015**<br>Defendant – Appellee | |
| Loretta E. Lynch, US Attorney General<br>Defendant – Appellee | R. Craig Lawrence<br>[LD Gvt US Attorney]<br>(see above) |
| New York State Board of Elections<br>Defendant – Appellee | |

Christopher Earl Strunk; Harold W. Van Allen,

Plaintiffs – Appellants

v.

United States Department of State; Central Intelligence Agency; Barack Hussein Obama; US Copyright Office; Loretta E. Lynch, US Attorney General; New York State Board of Elections,

Defendants – Appellees

| | | |
|---|---|---|
| 12/29/2014 | | US CIVIL CASE docketed. [14-5327] |
| 12/29/2014 | 🖼<br>17 pg, 1.65 MB | NOTICE OF APPEAL filed [1529431] by Christopher Earl Strunk and Harold W. Van Allen seeking review of a decision by the U.S. District Court in 1:14-cv-00995-RJL. Assigned USCA Case Number [14-5327] |

| 12/29/2014 | 8 pg, 625.47 KB | CLERK'S ORDER filed [1529434] directing party to file motion to proceed on appeal in forma pauperis or payment of docketing fee. APPELLANT payment of docketing fee or motion to proceed IFP in district court due 01/28/2015, Failure to respond shall result in dismissal of the case for lack of prosecution; The Clerk is directed to mail this order to appellant by certified mail, return receipt requested and by 1st class mail. [14-5327] |
| 12/29/2014 | | FIRST CLASS MAIL SENT [1529441] of order [1529434-2] to both appellants [14-5327] |
| 12/29/2014 | | CERTIFIED MAIL SENT [1529442] with return receipt requested [Receipt No.7007 0710 0004 7190 2782 for Strunk, and 7007 0710 0004 7190 2799 for Van Allen] of order [1529434-2]. Certified Mail Receipt due 01/28/2015 from Christopher Earl Strunk and Harold W. Van Allen. [14-5327] |
| 01/08/2015 | | CERTIFIED MAIL RECEIPT [1531377] RECEIVED from Rob Wharf for order [1529442-2] sent to Appellant Christopher Earl Strunk [14-5327] |
| 01/08/2015 | | CERTIFIED MAIL RECEIPT [1531425] RECEIVED from Harold Van Allen [signed for on 01/05/2015] for order [1529442-2] sent to Appellant Harold W. Van Allen [14-5327] |
| 01/23/2015 | 20 pg, 1.19 MB | MOTION filed [1534672] by Harold W. Van Allen leave to proceed ifp in the district court [Service Date: 01/28/2015] Pages: 1-10. [14-5327] |
| 01/23/2015 | 19 pg, 1.18 MB | MOTION filed [1534674] by Harold W. Van Allen for judicial notice. [Service Date: 01/28/2015] Pages: 1-10. [14-5327] |
| 01/28/2015 | 1 pg, 39.51 KB | CLERK'S ORDER filed [1534679] referring motion ifp in district court [1534672-2] to the district court for consideration, holding case in abeyance. Case 14-5327 held in abeyance pending IFP decision in 1:14cv995-RJL from U.S. District Court; The Clerk is directed to transmit a copy of this order and the original motion to the district court. [14-5327] |
| 01/30/2015 | 4 pg, 38.34 KB | NOTICE [1535125] filed from Clerk, District Court leave to proceed ifp in the district court is granted for Harold W. Van Allen [Case Number 14-5327: IFP] [14-5327] |
| 01/30/2015 | 9 pg, 870.7 KB | MOTION filed [1535393] by Christopher Earl Strunk leave to proceed ifp in the district court [Service Date: 01/28/2015] Pages: 1-10. [14-5327] |
| 02/02/2015 | 1 pg, 39.04 KB | CLERK'S ORDER filed [1535394] referring apellant Strunk's motion ifp in district court [1535393-2] to the district court for consideration. Case 14-5327 held in abeyance pending decision in 1:14cv995-RJL from U.S. District Court; The Clerk is directed to transmit a copy of this order and the original motion to the district court. [14-5327] |
| 02/04/2015 | 78 pg, 1.92 MB | MOTION filed [1536137] by Harold W. Van Allen for judicial notice. (Response to Motion served by mail due on 02/20/2015) [Service Date: 02/05/2015 by Clerk] Pages: 1-10. [14-5327] |
| 02/04/2015 | | MOTION filed [1536139] by Harold W. Van Allen for judicial notice.[Electronic Version Unavailable, Original Paper Document in File] (Response to Motion served by mail due on 02/20/2015) [Service Date: 02/05/2015 by Clerk] Pages: 1-10. [14-5327] |
| 02/11/2015 | 50 pg, 2.78 MB | NOTICE FILED [1537275] by Christopher Earl Strunk of filing in Supreme Court. [Service Date: 02/11/2015 ] [14-5327] |

| Date | | Description |
|------|---|-------------|
| 02/19/2015 | 195 pg, 7.77 MB | MOTION filed [1538853] by Harold W. Van Allen for judicial notice. (Response to Motion served by mail due on 03/02/2015) [Service Date: 02/17/2015 by Email] Pages: 1-10. [14-5327] |
| 03/09/2015 | 5 pg, 41.81 KB | NOTICE [1541400] filed from Clerk, District Court leave to proceed ifp in the district court is granted for Christopher Strunk [Case Number 14-5327: IFP] [14-5327] |
| 03/10/2015 | 2 pg, 46.49 KB | CLERK'S ORDER filed [1541568] setting briefing schedule: APPELLANTs Brief due 04/29/2015. APPENDIX due 04/29/2015, Failure to respond shall result in dismissal of the case for lack of prosecution; The Clerk is directed to mail this order to appellant by certified mail, return receipt requested and by 1st class mail., removing case from abeyance [14-5327] |
| 03/10/2015 | | FIRST CLASS MAIL SENT [1541582] of order [1541568-4] to appellant [14-5327] |
| 03/10/2015 | | CERTIFIED MAIL SENT [1541585] with return receipt requested [Receipt No.7007 0710 0004 7190 7978] of order [1541568-6]. Certified Mail Receipt due 04/09/2015 from Christopher Earl Strunk. [14-5327] |
| 03/10/2015 | | CERTIFIED MAIL SENT [1541586] with return receipt requested [Receipt No.7007 0710 0004 7190 7961] of order [1541568-6]. Certified Mail Receipt due 04/09/2015 from Harold W. Van Allen. [14-5327] |
| 03/20/2015 | | CERTIFIED MAIL RECEIPT [1543735] RECEIVED from Harold Van Allen [signed for on 03/16/2015] for order [1541586-2] sent to Appellant Harold W. Van Allen [14-5327] |
| 04/30/2015 | 22 pg, 760.47 KB | APPELLANT BRIEF [1550157] filed by Christopher Earl Strunk and Harold W. Van Allen [Service Date: 05/01/2015 ] Length of Brief: 3772 words. [14-5327] |
| 04/30/2015 | 437 pg, 38.5 MB | APPENDIX [1550250] filed by Christopher Earl Strunk and Harold W. Van Allen. [Volumes: 1] [Service Date: 05/01/2015 ] [14-5327] |
| 05/05/2015 | 1 pg, 92.24 KB | CERTIFIED MAIL RECEIPT [1550747] RECEIVED from Christopher Strunk [signed for on 04/15/2015] for order [1541585-2] sent to Appellant Christopher Earl Strunk [14-5327] |
| 07/21/2015 | 1 pg, 38.95 KB | PER CURIAM ORDER filed [1563494] that the court will dispose of the appeal without oral argument on the basis of the record and presentations in the briefs pursuant to Fed. R. App. 34(a)(2); D.C.Cir.Rule 34(j). Before Judges: Rogers, Millett and Wilkins. [14-5327] |
| 07/21/2015 | 1 pg, 37.71 KB | [THIS JUDGMENT VACATED BY ORDER OF 07/21/15] PER CURIAM JUDGMENT filed [1563505] (without memorandum), dismissing as moot 01/23/15 motion for judicial notice [1534674-2]; denying February 4 and February 19, 2015 motions for judicial notice [1538853-2], [1536139-2], [1536137-2], FURTHER ORDERED AND ADJUDGED that the district court's orders filed on June 16 and November 10, 2014 be affirmed. (SEE JUDGMENT FOR DETAILS) withholding issuance of the mandate. Before Judges: Rogers, Millett and Wilkins. [14-5327] |
| 07/21/2015 | 1 pg, 37.71 KB | CLERK'S ORDER filed [1563551] ORDERED on the court's own motion, that the judgment issued July 21 ,2015, be vacated as entered in error [1563505-2] [14-5327] |

### Case Selection Page

| Case Number<br>· Title | Opening<br>Date | Last<br>Docket<br>Entry | Originating Case Number<br>Origin |
|---|---|---|---|
| 15-40238<br>State of Texas, et al v. USA, et al | 02/23/2015 | 07/15/2015<br>11:33:41 | 0541-1 : 1:14-CV-254<br>Southern District of Texas,<br>Brownsville |
| 15-40326<br>State of Texas, et al v. USA, et al | 03/06/2015 | 07/15/2015<br>13:39:53 | 0541-1 : 1:14-CV-254<br>Southern District of Texas,<br>Brownsville |
| 15-40333<br>State of Texas, et al v. USA, et al | 03/10/2015 | 07/10/2015<br>12:56:28 | 0541-1 : 1:14-CV-254<br>Southern District of Texas,<br>Brownsville |
| 15-40702<br>State of Texas, et al v. USA, et al | 05/19/2015 | | 0541-1 : 1:14-CV-254<br>Southern District of Texas,<br>Brownsville |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

USDC-DCD -15-cv-1036-RJL

—————————————————————————— X

**NATURAL BORN CITIZEN PARTY**
**NATIONAL COMMITTEE**
**AND HAROLD WILLIAM VAN ALLEN**
**(NBCP NATIONAL CO- CHAIRPERSON & 2016 POTUS-CINC CANDIDATE-ELECTOR)**
351 NORTH ROAD, HURLEY NY 12443 845-389-4366 hvanallen@hvc.rr.com
AND THOSE ESTIMATED EXCESS OF 50,000,000 SIMILARLY SITUATED NATURAL BORN U.S.
CITIZENS INCLUDING RELATED CASE 14-cv-00995-RJL CHRISTOPHER EARL STRUNK
Plaintiffs

v

**FEDERAL ELECTIONS COMMISSION**
999 E Street NW; Washington DC 20463
**FEDERAL BUREAU OF INVESTIGATION**
935 PENNSYLVANIA AVE, NW; WASHINGTON DC 20535-0001
And other defendants in related case USDC-DCD 14-cv-00995-RJL Including:
**US DEPARTMENT OF STATE;** 2201 C Street NW; Washington DC 20520
**CENTRAL INTELLIGENCE AGENCY;** Washington DC 20505
**BARACK HUSSEIN OBAMA II;** 1600 Pennsylvania Ave NW; Washington, DC 20500
**US COPYRIGHT OFFICE;** 101 Independence Ave SE; Washington, DC 20559-6000
**NYS Board of Elections** by its agents at 40 North Pearl St Suite 5; Albany, NY 12207-2729
Defendants
**US ATTORNEY GENERAL;** 950 Pennsylvania Ave NW, Washington, DC 20530
**NYS ATTORNEY GENERAL;** The Capitol, Albany, NY 12224-0341

————————————————————————————

# MOTION FOR RECONSIDERATION JULY 6, 2015 ORDER,
# MOTION FOR LEAVE TO FILE AMENDED COMPLAINT UNDER
# SEAL
## MOTION TO CONSOLIDATE
## WITH MULTI-STATE CIVIL ACTION
## USDC-TXSD (BROWNSVILLE) 14-cv-254-ASH
### ADMINISTRATIVE PROCEDURE ACT ADDED CAUSE OF ACTION
### REGARDING 2016 ELECTION OF NATURAL BORN CITIZEN POTUS/CinC

COMPLAINT with Petition for Assignment to Special Three Judge District Court
and Petition for Writ of Mandamus
Page 1

AMNESTY OF ILLEGAL IMMIGRANTS AND ORGANIZED CRIME COMBATANTS VIA
UNCONSTITUTIONAL EXECUTIVE ACTIONS

# SEALED COMPLAINT and PETITION
## ADMINISTRATIVE PROCEDURES ACT 5 U.S.C. Chapter 5
## FBI FOIA RE: ORGANIZED INTERNATIONAL CRIMINAL
## CONTROL OF FEDERAL AND STATE ELECTONS FREEDOM
## OF INFORMATION ACT APPEAL 5 U.S.C. § 552,
### And
## FEC FOR A SPECIAL WRIT OF MANDAMUS FOR EQUITY
### RELIEF OF
## 28 U.S.C. § 2201 and 2202
### And
## REMOVAL FROM STATE COURT OF CLOSELY RELATED
## NATURAL BORN CITIZEN (NEW YORK) STATE TRIAL
### COURT CASE(S)
### And finally
## ASSIGNMENT TO A SPECIAL MULTI-CIRCUIT THREE
## JUDGE US DISTRICT COURT
## WITH A SPECIAL MASTER UNDER 28 U.S.C. § 2284
## CONTROLLING DISPURSMENT OF NATURAL BORN
## CITIZEN PARTY $5 BILLION 2016 NATURAL BORN
## CITIZEN CANDIDATE-ELECTOR VETTING

COMPLAINT with Petition for Assignment to Special Three Judge District Court
and Petition for Writ of Mandamus
Page 2

17 of 72

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CO-932
Rev. 4/96

## NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

### NOTICE TO PARTIES:

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

### NOTICE TO DEFENDANT:

Rule 40.5(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

### NOTICE TO ALL COUNSEL

Rule 40.5(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

The plaintiff, defendant or counsel must complete the following:

1. **RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).**

   A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(es) below.]

   [  ] (a)    relates to common property

   [X] (b)    involves common issues of fact

   [X] (c)    grows out of the same event or transaction

   [  ] (d)    involves the validity or infringement of the same patent

   [  ] (e)    is filed by the same pro se litigant

2. **RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)**

   A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

   Check box if new case is related to a dismissed case: [  ]

3. **NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):**

   USDC-TXSD UNITED STATES DISTRICT COURT - TEXAS SOUTHERN DISTRICT (BROWNSVILLE DIVISION)

4. **CAPTION AND CASE NUMBER OF RELATED CASE(ES). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.**

   STATE OF TEXAS ET AL          v.  USA ET AL          C.A. No. 14-cv-254

   July 16, 2015
   DATE                                        Signature of Plaintiff/Defendant (or counsel)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATURAL BORN CITIZEN PARTY            )
NATIONAL COMMITTEE, *et al*,          )
                                      )
      Plaintiffs,                    )
                                      )
         v.                       )   **Civil Case No. 15-1036 (RJL)**
                                      )
FEDERAL ELECTIONS COMMISSION,         )
*et al.*,                             )
                                      )
      Defendants.                    )

## FILED
## JUL - 6 2015
Clerk, U S District & Bankruptcy
Courts for the District of Columbia

### MEMORANDUM ORDER
(July 6, 2015) [Dkt. #1]

*Pro se* plaintiffs Natural Born Citizen Party National Committee and Harold

William Van Allen (together, "plaintiffs") filed the instant action on July 1, 2015.  *See*

Complaint with Petition for Special Writ of Mandamus for Equity Relief [Dkt. #1].  Upon

consideration of plaintiffs' papers and the relevant law, the Court DENIES plaintiffs'

Petition for a Special Writ of Mandamus for Equity Relief,[1] and DISMISSES plaintiffs'

Complaint in its entirety.

    The Federal Rules of Civil Procedure are clear that although "[n]o technical form

is required," pleadings must be "simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

The Court is mindful, of course, that complaints filed by *pro se* litigants are held to less

stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines*

---

[1] The Court also DENIES plaintiffs' additional requests contained therein for Removal from
State Court of Closely Related National Born Citizen (New York) State Trial Court Case(s) and
Assignment to a Special Three Judge U.S. District Court with a Special Master.  *See* [Dkt. #1].

1

*v. Kerner*, 404 U.S. 519, 520 (1972). Despite this less stringent standard, however, I am unable to glean from the plaintiffs' papers any legitimate grounds for granting the relief they are seeking. The statements contained in the plaintiffs' pleadings are, moreover, neither simple nor concise, and as such, fall well short of Rule 8(d)(1)'s requirements.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' Petition for Special Writ of Mandamus For Equity Relief and Removal from State Court of Closely Related Natural Bork Citizen (New York) State Trial Court Case(s) and Assignment to a Special Three Judge US District Court With a Special Master [Dkt.#1] is **DENIED**, and it is further

**ORDERED** that Plaintiffs' Complaint is **DISMISSED**.

**SO ORDERED.**

RICHARD L. LEON
United States District Judge

2



U.S. Department of Justice

Federal Bureau of Investigation
Washington, D.C. 20535

July 7  2015

MR. HAROLD WILLIAM VAN ALLEN
351 NORTH ROAD
HURLEY, NY 12443

Request No  NFP-47650
Subject    ESTIMATE OF FBI FOIA
RELATED EFFORTS TO SEARCH VITAL
STATISTICS FOR EVERY US CITIZEN ETC

Dear Mr. Van Allen:

This is in response to your Freedom of Information Act (FOIA) request regarding estimates of FBI
FOIA related efforts to search vital statistics for every US citizen etc.

The FOIA does not require federal agencies to answer inquiries, create records, conduct research, or
draw conclusions concerning queried data.   Rather the FOIA requires agencies to provide access to
reasonably described, nonexempt records.  The questions posed in the referenced letter are not FOIA
requests because they do not comply with the FOIA and its regulations.

For questions on how to reasonably describe your request, please email us at
fo-paquestions@ic.fbi.gov    You may also visit www.fbi.gov and select "Stats and Services." "FOIA/Records
Requests," and "Requesting FBI Records" for additional guidance.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department
of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an
appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html .  Your appeal must be
received by OIP within sixty (60) days from the date of this letter in order to be considered timely.  The
envelope and the letter should be clearly marked "Freedom of Information Appeal."  Please cite the FOIPA
Request Number in any correspondence to us for proper identification of your request.

Enclosed for your information is a copy of the FBI Fact Sheet.

Sincerely,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure

MAR 1 2 2015

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION
Clerk of Court: 600 E. Harrison St. #101 Brownsville, TX 78520 (956)548-2500

STATE OF TEXAS, et al .

       Plaintiffs,

       v.            Case No. l1:14-cv-00254-ASH

UNITED STATES OF AMERICA, et al.

       Defendants

---

# MOTION FOR LEAVE TO FILE THIS EMERGENCY INTERVENTION CHALLENGING THE STANDING OF NON-NATURAL BORN CITIZEN DEFENDANT BARACK OBAMA — THE SON OF A NON-US CITIZEN -- AND THE STANDING OF HIS ADMINISTRATIVLY SUBORDINATE APPOINTED AGENCIES (DHS et al.) SECRETARIES/ DIRECTORS.

# IN THIS CASE OF UNCONSTITUTIONAL EXECUTIVE ADMINISTRATIVE ACTION OR EXECUTIVE ORDERED ILLEGAL IMMIGRANT AMNESTY AS WELL AS CONTEMPT OF INJUNCTION.

## STANDING OF MOVANT TO INTERVENE TO CHALLENGE THE STANDING OF NON-NATURAL BORN CITIZEN BARACK OBAMA

HAROLD WILLIAM VAN ALLEN – documented US citizen, military veteran (naval commissioned line officer), and registered federal and NYS voter residing at ▓▓▓▓ ▓▓▓▓Hurley, NY 12443

– a natural born US citizen of the State of Indiana (Lafayette) b.▓▓▓▓▓ 1951 the product of two natural born US citizens – mother a US natural born citizen of Illinois (Chicago) b.▓▓▓▓ 1913 the product of US natural born citizens of Vermont -- and father a US natural born citizen of Pennsylvania (Pittsburgh) b.▓▓▓▓▓ 1913 the product of US natural born citizens of South Carolina and Virginia.

And now having been granted amicus (EXHIBIT A ) in the originating multi-state litigation USDC-TXSD B-14-cv-254 "STATE OF TEXAS, ET AL. v UNITED STATES OF AMERICA, ET AL.)

_____

Harold William Van Allen


## CERTIFICATION OF ELECTRONIC SERVICE

THIS Tuesday, March 10, 2015 on:

1:14-cv-00254 Notice has been electronically mailed to:

Adam Nicholas Bitter   adam.bitter@texasattorneygeneral.gov,
kathleen.morris@texasattorneygeneral.gov

Adam P KohSweeney   akohsweeney@omm.com

Andrew Stephen Oldham   andy.oldham@texasattorneygeneral.gov,
alex.potapov@texasattorneygeneral.gov

Angela V Colmenero   angela.colmenero@TexasAttorneyGeneral.gov,
peggy.hamil@texasattorneygeneral.gov

Anne E Egeler   anneE1@atg.wa.gov

Antonio Tony Martinez   tony@mbymlaw.com

Arthur D'Andrea   arthur.dandrea@texasattorneygeneral.gov, sylvia.rosales@texasattorneygeneral.gov

Cally Younger   cally.younger@gov.idaho.gov

Chirag G. Badlani   cbadlani@hsplegal.com

Dale L. Wilcox   dwilcox@irli.org

Daniel David Hu   daniel.hu@usdoj.gov, JJones5@usa.doj.gov, sKempen@usa.doj.gov

Daniel P Lennington   lenningtondp@doj.state.wi.us, WelteAJ@DOJ.STATE.WI.US

David A. Lopez   dave.lopez@nebraska.gov

Eric E Murphy   eric.murphy@ohioattorneygeneral.gov

Gabriel Markoff   gmarkoff@omm.com

Harold William Van Allen   hvanallen@hvc.rr.com

Ilya Shapiro   ishapiro@cato.org

J Jorge deNeve   jdeneve@omm.com

Jay Alan Sekulow   sekulow@aclj.org

John Campbell Barker   cam.barker@texasattorneygeneral.gov

Jonathan D Weissglass   jweissglass@altshulerberzon.com, garkush@altshulerberzon.com,

smendez@altshulerberzon.com

Jonathon Alden Moseley    Contact@JonMoseley.com

Joseph C Chapelle    joe.chapelle@btlaw.com

Kyle Renee Freeny    kyle.freeny@usdoj.gov

Leif A. Olson    notices@olsonappeals.com, leif@olsonappeals.com

Linda Jane Smith    lsmith@omm.com

Michael M. Hethmon    mhethmon@irli.org, info@irli.org

Mitchell Lee Herren    mherren@hinklaw.com, dpalomino@hinklaw.com

Nina Perales    nperales@maldef.org, cleija@maldef.org

Patrick R. Wyrick    patrick.wyrick@oag.ok.gov, cara.gorden@oag.ok.gov

Peter Margulies    pmargulies@rwu.edu

Peter J Rusthoven    peter.rusthoven@btlaw.com

Richard Dearing    rdearing@law.nyc.gov

Ryan S Post    ryan.post@nebraska.gov

Scott A. Keller    scott.keller@texasattorneygeneral.gov, dustin.howell@texasattorneygeneral.gov,
sabrina.wycoff@texasattorneygeneral.gov, vera.calamusa@texasattorneygeneral.gov



# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Clerk of Court: 600 S. Maestri Place; New Orleans, LA 70130-3408  (804) 310-7700

IN RE: HAROLD WILLIAM VAN ALLEN

### PETITIONER

15-XXXXX-OP

**RELATED ORIGINATING CASES**

**USDC-TXSD BROWNSVILLE DIVISION**

**DOCKET 14-cv-254**

**USCA-5C DOCKET 15-40238**

## ORIGINAL PETITION / SPECIAL WRIT

**HAROLD WILLIAM VAN ALLEN – documented US
citizen, military veteran (Navy), resident and registered
federal and NYS voter residing at** ▓▓▓▓▓▓▓▓▓▓▓
**NY 12443**

**-- a natural born US citizen of the State of Indiana
(Lafayette)** ▓▓▓▓▓▓▓**1951 the product of two natural born
US citizens of Illinois (Chicago) and Pennsylvania
(Pittsburgh)**

**and now having been granted amicus (EXHIBIT A ) in the
originating multi-state litigation USDC-TXSD B-14-cv-254**

"STATE OF TEXAS, ET AL. v UNITED STATES OF AMERICA, ET AL.)

I request leave of the court to file this Original Proceeding or special writ seeking this US COURT OF APPEALS for the Fifth Circuit undertake as a trial court the vetting of aka Barack Obama eligibility qualifications to hold office of POTUS/CINC and to self-execute under administrative procedure act a blank amnesty of millions of undocumented aliens.

*Harold William Van Allen*

# CERTIFATION OF ELECTRONIC SERVICE

## THIS Wednesday, March 4, 2015 on:

1:14-cv-00254 Notice has been electronically mailed to:

Adam Nicholas Bitter    adam.bitter@texasattorneygeneral.gov,
kathleen.morris@texasattorneygeneral.gov

Adam P KohSweeney    akohsweeney@omm.com

Andrew Stephen Oldham    andy.oldham@texasattorneygeneral.gov,
alex.potapov@texasattorneygeneral.gov

Angela V Colmenero    angela.colmenero@TexasAttorneyGeneral.gov,
peggy.hamil@texasattorneygeneral.gov

Anne E Egeler    anneE1@atg.wa.gov

Antonio Tony Martinez    tony@mbymlaw.com

Arthur D'Andrea    arthur.dandrea@texasattorneygeneral.gov, sylvia.rosales@texasattorneygeneral.gov

Cally Younger    cally.younger@gov.idaho.gov

Chirag G. Badlani    cbadlani@hsplegal.com

Dale L. Wilcox    dwilcox@irli.org

Daniel David Hu    daniel.hu@usdoj.gov, JJones5@usa.doj.gov, sKempen@usa.doj.gov

Daniel P Lennington    lenningtondp@doj.state.wi.us, WelteAJ@DOJ.STATE.WI.US

David A. Lopez    dave.lopez@nebraska.gov

Eric E Murphy    eric.murphy@ohioattorneygeneral.gov

Gabriel Markoff    gmarkoff@omm.com

Harold William Van Allen    hvanallen@hvc.rr.com

Ilya Shapiro    ishapiro@cato.org

J Jorge deNeve    jdeneve@omm.com

Jay Alan Sekulow    sekulow@aclj.org

John Campbell Barker    cam.barker@texasattorneygeneral.gov

Jonathan D Weissglass    jweissglass@altshulerberzon.com, aarkush@altshulerberzon.com,
smendez@altshulerberzon.com

Jonathon Alden Moseley    Contact@JonMoseley.com

Joseph C Chapelle    joe.chapelle@btlaw.com

Kyle Renee Freeny    kyle.freeny@usdoj.gov

Leif A. Olson    notices@olsonappeals.com, leif@olsonappeals.com

Linda Jane Smith    lsmith@omm.com

Michael M. Hethmon    mhethmon@irli.org, info@irli.org

Mitchell Lee Herren    mherren@hinklaw.com, dpalomino@hinklaw.com

Nina Perales    nperales@maldef.org, cleija@maldef.org

Patrick R. Wyrick    patrick.wyrick@oag.ok.gov, cara.gorden@oag.ok.gov

. Peter Margulies    pmargulies@rwu.edu

Peter J Rusthoven    peter.rusthoven@btlaw.com

Richard Dearing    rdearing@law.nyc.gov

Ryan S Post    ryan.post@nebraska.gov

Scott A. Keller    scott.keller@texasattorneygeneral.gov, dustin.howell@texasattorneygeneral.gov,
sabrina.wycoff@texasattorneygeneral.gov, vera.calamusa@texasattorneygeneral.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 2 0 2015

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| STATE OF TEXAS, ET AL., Plaintiffs, | § § § | |
| V. | § § | CIVIL NO. B-14-254 |
| UNITED STATES OF AMERICA, ET AL., Defendants. | § § § | |

## ORDER

Before the Court is Defendant-Intervenors' Motion for Leave to Proceed Under Pseudonyms [Doc. No. 92], Motion for Leave of Court to File Amicus Brief in Support of Plaintiffs' Motion for Preliminary Injunction by Joe Arpaio as Sheriff of Maricopa County [Doc. No. 107], and Harold William Van Allen's Motion for Leave to File Amicus [Doc. No. 139].

The Court, after due consideration, hereby denies Defendant-Intervenors' Motion for Leave to Proceed Under Pseudonyms [Doc. No. 92] as moot, grants the Motion for Leave of Court to File Amicus Brief in Support of Plaintiffs' Motion for Preliminary Injunction by Joe Arpaio as Sheriff of Maricopa County [Doc. No. 107], and grants Harold William Van Allen's Motion for Leave to File Amicus [Doc. No. 139].

Signed this _15__ day of February, 2015.

Andrew S. Hanen
United States District Judge

i

l

l

l

l

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

Clerk of Court: 600 E. Harrison St. #101 Brownsville, TX 78520 (956)548-2500

**STATE OF TEXAS, et al .**

      **Plaintiffs,**

      **v.**            **Case No. l1:14-cv-00254-ASH**

**UNITED STATES OF AMERICA, et al.**

      **Defendants**

## MOTION for Leave to File in support of plaintiffs as an Amicus in a related and already docketed (doc # 108) case "Arpaio v Obama" USCA-DCC 14-cv-5325 and related case USCA-DCC 14-cv-5327 "Strunk et al. v US Department of State et al.

## "NOTICE OF MOTION TO SEAL AND ..." in this court as a related multi-state unconstitutional executive amnesty litigation matter "State of Texas et al. v United States of America et al." 14-cv-254-ASH  USDC-TXSD.

01/20/2015   108   MOTION for Leave to File Amicus Brief in Support of Plaintiffs'
                  Motion for Preliminary Injunction by Joe Arpaio as Sheriff of Maricopa
                  County by Joe Arpaio, filed. Motion Docket Date 2/10/2015.
                  (Attachments: # 1 Proposed Order, # 2 Amicus Brief in Support of
                  Plaintiffs' Motion for Preliminary Injunction by Joe Arpaio as Sheriff of
                  Maricopa County)(jtabares, 1) (Entered: 01/20/2015)

**Filed by Harold William Van Allen pro se non-attorney
Plaintiff/Appellant United States Court of Appeals for the
District of Columbia Circuit 14-cv-5327 and United States
District Court for the District of Columbia District 14-cv-
995-RJL**

2/8/2015

**H. William Van Allen**

351 North Road Hurley, NY 12443

(845) 389-4366

hvanallen@hvc.rr.com

Certificate of electronic service this date Sunday, February 8, 2015 upon:

andy.oldham@texasattorneygeneral.gov

amargulies@.....org

adam.bitter@texasattorneygeneral.gov

angela.colmenero@TexasAttorneyGeneral.gov

arthur.candra@texasattorneygeneral.gov

....@texasattorneygeneral.gov

scott.keller@texasattorneygeneral.gov

joe.chapelle@btlaw.com

peter.n.sthoven@btlaw.com

dave.lopez@nebraska.gov

ryan.post@nebraska.gov

jeromingtondo@doj.state.wi.us

caly.younger@gov.idaho.gov

eric.murphy@ohioattorneygeneral.gov

Patrick.wyrick@oag.ok.gov

kyle.freeny@usdoj.gov

daniel.hu@usdoj.gov

orly.taitz@husmman.com

gmarkoff@omm.com

ideneve@omm.com

operales@maldef.org

akahsweency@omm.com

jsmith@omm.com

·4 mem ..adj org

gls-eglaw dabd.algdw.cnonxom

.fwhnwa-h...r.m

rihen-nren..r.r.z

lme.rium mlax sou

shsp·n.r.cui·n.r.g

binere.t..h.mapkuls.pon

cbadlam@lsplegal.com

anrec.i.@atg.wa.gov

Contact@JonMoseley.com

rdearing@law.nyc.gov

jekayman@omrail.com

scott.mcintosh@usdoj.gov

.efrey.clav.@usdoj.gov

.wl.arl.e.havemann@usdoj.gov

.aRd.lavrence.R.usdoj.gov

CEStrance@yanoo.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------x   Case No.: 14-cv-00995 (RJL)

**CHRISTOPHER EARL STRUNK**
593 Vanderbilt Avenue PMB 281 NYC, NY 11238 ·
445-901-6767 chris@strunk.ws.
and **H. WILLIAM VAN ALLEN** ·
351 North Road Hurley NY 12443
845-389-4366 hvanallen@hvc.rr.com

              Plaintiffs. ·      **NOTICE OF MOTION**

                  **TO SEAL AND**

**U.S. DEPARTMENT OF STATE (DOS)** by
**JOHN F. KERRY (SOS)** at 2201 C Street NW
Washington, DC 20520 TTY:1-800-877-8339
**CENTRAL INTELLIGENCE AGENCY**
at **JOHN O. BRENNAN, DCI**
Washington, D.C. 20505  fax: (571) 204-3800
**BARACK HUSSEIN OBAMA II**
1600 Pennsylvania Ave. NW Washington DC 20500  :
**U.S. COPYRIGHT OFFICE**
101 Independence Avenue SE
Washington, DC 20559-6000 (202) 707-3000
and **THE NEW YORK STATE BOARD**
**OF ELECTIONS** and its agents at
40 North Pearl Street, Suite 5
Albany, NY 12207-2729 Fax (518) 486-4068

              Defendants.

**ERIC HOLDER, US ATTORNEY GENERAL**
950 Pennsylvania Ave NW Washington DC 20530
-------------------------------------------------------x

PLEASE TAKE NOTICE that upon the annexed affidavit of Christopher-Earl: Strunk

affirmed November 8, 2014 with exhibits will move with Fed Rules of Civil Procedure and

Local Rules to Seal the Case and

until further notice as supplement to the Motion Reargue the Order to Dismiss entered June 10,

2014 in order to Supplement the Complaint filed 10 June 2014 with Fed. R. Civ. P. Rule

15(a)(1)(A), and Rule 19(a)(1)(A)(B), heard before the Honorable Richard J. Leon USDJ at the

designated Courtroom in the Courthouse at 333 Constitution Avenue NW Washington DC

20001, before the 24th day of November 2014, at a time designated by the Court or as soon

thereafter as counsel can be heard.

Dated: Brooklyn, New York
November 8th, 2014

/s/

----------------------------------------
Christopher-Earl: Strunk in esse Sui juris
secured benaficiary agent of the Debtor Trust
transmitting utility ™CHRISTOPHER EARL
STRUNK© Plaintiff, the Executor and Settlor
for the Express Deed In Trust To The United
States Of America, located at
593 Vanderbilt Avenue – PMB 281
Brooklyn, New York Zipcode excepted 11238
Cell- 845-901-6767 Email: chris@strunk.ws

SERVICE LIST:

PERSONAL & CONFIDENTIAL FOR RECIPIENT EYES ONLY with COURTESY COPY
REDACTED MOTION WITHOUT EXHIBITS TO RECIPIENT

US Attorney for
Washington District of Columbia
Judiciary Center Building
555 Fourth Street NW
Washington DC 20530

JOSHUA PEPPER, AAG for
Eric Schneiderman, Attorney General for
The State of New York
120 Broadway 25th Floor
New York, New York 10271

H. William Van Allen
351 North Road
Hurley, New York 12443

MICHAEL SHRIMPTON
8 Jusons Glebe,
Wendover, United Kingdom HP22 6PF

PAUL EDWARD IREY
c/o CHRISTOPHER EARL STRUNK
593 Vanderbilt Avenue PMB 281
Brooklyn, New York

The Honorable David I. Schmidt J.S.C.
New York Supreme Court for the County of Kings
Part 47 Courtroom 541
360 Adams Street
Brooklyn, New York 11201

The Honorable Ron Johnson
United States Senator from the State of Wisconsin
328 Hart Senate Office Building
Washington, DC 20510

The Honorable Jeff Sessions
United States Senator from the State of Alabama
326 Russell Senate Office Building
Washington, DC 20510

## Harold Van Allen

| | |
|---|---|
| **From:** | Harold Van Allen <hvanallen@hvc.rr.com> |
| **Sent:** | Thursday, February 5, 2015 9:40 PM |
| **To:** | Larry Klayman Esq (leklayman@gmail.com); Larry Klayman Esq (leklayman@yahoo.com); craig. lawrence (craig.lawrence@usdoj.gov); Christopher Earl Strunk (CEStrunck@yahoo.com) |
| **Subject:** | https://www.scribd.com/doc/254873203/USCA-DCC-14-5327-Motion-for-Judicial-Notice-of-USCA-DCC-14-5325-as-Related-Case-Arpaio-v-Obama-Appellant-Brief-and-Appendix-I-II |

https://www.scribd.com/doc/254873203/USCA-DCC-14-5327-Motion-for-Judicial-Notice-of-USCA-DCC-14-5325-as-Related-Case-Arpaio-v-Obama-Appellant-Brief-and-Appendix-I-II

**From:** Harold Van Allen [mailto:hvanallen@hvc.rr.com]
**Sent:** Thursday, February 5, 2015 9:04 PM
**To:** Larry Klayman Esq (leklayman@gmail.com); Larry Klayman Esq (leklayman@yahoo.com); craig. lawrence (craig.lawrence@usdoj.gov); Christopher Earl Strunk (CEStrunck@yahoo.com)
**Subject:** RE: Emailing: USCA-DCC 14-5327 Motion for Judicial Notice of USCA-DCC 14-5325 as Related Case Arpaio v Obama Appellant Brief and Appendix I I!

### General Docket
#### United States Court of Appeals for District of Columbia Circuit

**Court of Appeals Docket #:** 14-5327
**Nature of Suit:** 2890 Other Statutory Actions
Christopher Strunk, et al v. DOS, et al
**Appeal From:** United States District Court for the District of Columbia
**Fee Status:** IFP Pending USDC

**Docketed:** 12/29/2014

**Case Type Information:**
   1) Civil US
   2) United States
   3)

**Originating Court Information:**
   **District:** 0090-1 : 1:14-cv-00295-RJL
   **Trial Judge:** Richard J. Leon, U.S. District Judge
   **Date Filed:** 06/10/2014
   **Date Order/Judgment:**
   11/10/2014

   **Lead:** 1:14-cv-00295-RJL

   **Date NOA Filed:**
   12/10/2014

**Prior Cases:**
   None

**Current Cases:**
   None

**Panel Assignment:**   Not available

Christopher Earl Strunk
          Plaintiff - Appellant

Christopher Earl Strunk
Direct: 845-901-6767
[NTC Pro Se]
Firm: 212-307-4444
593 Vanderbilt Avenue
#281
Brooklyn, NY 11238

Harold W. Van Allen
          Plaintiff - Appellant

Harold W. Van Allen
Direct: 845-389-4366
Email: hvanallen@hvc.rr.com
[NTC Pro Se]
Firm: 845-389-4366
351 North Road
Hurley, NY 12443

       v.

United States Department of State
          Defendant – Appellee

R. Craig Lawrence
Email: craig.lawrence@usoc.gov
[LD NTC Gvt Atty USAO/AUSA]
U.S. Attorney's Office
(USA) Civil Division
Firm: 202-252-2500
555 4th Street, NW
Washington, DC 20530

Central Intelligence Agency
          Defendant - Appellee

R. Craig Lawrence
[LD NTC Gvt Atty USAO/AUSA]
(see above)

Barack Hussein Obama
          Defendant - Appellee

R. Craig Lawrence
[LD NTC Gvt Atty USAO/AUSA]
(see above)

US Copyright Office
          Defendant – Appellee

R. Craig Lawrence
[LD NTC Gvt Atty USAO/AUSA]
(see above)

Eric H. Holder, Jr., US Attorney General
          Defendant - Appellee

R. Craig Lawrence
[LD Gvt Atty USAO/AUSA]
(see above)

New York State Board of Elections
          Defendant - Appellee

Christopher Earl Strunk; Harold W Van Allen,

          Plaintiffs - Appellants

       v

United States Department of State; Central Intelligence Agency; Barack Hussein Obama; US Copyright Office; Eric H. Holder, Jr., US Attorney General; New York State Board of Elections.

Defendants - Appellees

| Date | | Description |
|---|---|---|
| 12/29/2014 | | US CIVIL CASE docketed. [14-5327] |
| 12/29/2014 | 17 pg. 1.65 MB | NOTICE OF APPEAL filed [1529431] by Christopher Earl Strunk and Harold W. Van Allen seeking review of a decision by the U. S. District Court in 1:14-cv-00995-RJL. Assigned USCA Case Number [14-5327] |
| 12/29/2014 | 3 pg. 625.47 KB | CLERK'S ORDER filed [1529434] directing party to file motion to proceed on appeal in forma pauperis or payment of docketing fee. APPELLANT payment of docketing fee or motion to proceed IFP in district court due 01/28/2015, Failure to respond shall result in dismissal of the case for lack of prosecution; The Clerk is directed to mail this order to appellant by certified mail. return receipt requested and by 1st class mail. [14-5327] |
| 12/29/2014 | | FIRST CLASS MAIL SENT [1529441] of order [1529434-2] to both appellants [14-5327] |
| 12/29/2014 | | CERTIFIED MAIL SENT [1529442] with return receipt requested [Receipt No.7007 0710 0004 7190 2782 for Strunk, and 7007 0710 0004 7190 2799 for Van Allen] of order [1529434-2]. Certified Mail Receipt due 01/28/2015 from Christopher Earl Strunk and Harold W. Van Allen. [14-5327] |
| 01/08/2015 | | CERTIFIED MAIL RECEIPT [1531377] RECEIVED from Rob Wharf for order [1529442-2] sent to Appellant Christopher Earl Strunk [14-5327] |
| 01/08/2015 | | CERTIFIED MAIL RECEIPT [1531425] RECEIVED from Harold Van Allen [signed for on 01/05/2015] for order [1529442-2] sent to Appellant Harold W. Van Allen [14-5327] |
| 01/23/2015 | 20 pg. 1.19 MB | MOTION filed [1534672] by Harold W. Van Allen leave to proceed ifp in the district court [Service Date: 01/28/2015 ] Pages: 1-10. [14-5327] |
| 01/23/2015 | 19 pg 1.18 MB | MOTION filed [1534674] by Harold W. Van Allen for judicial notice. [Service Date: 01/28/2015 ] Pages: 1-10. [14-5327] |
| 01/28/2015 | 1 pg. 39.51 KB | CLERK'S ORDER filed [1534679] referring motion ifp in district court [1534672-2] to the district court for consideration.. holding case in abeyance. Case 14-5327 held in abeyance pending IFP decision in 1:14cv995-RJL from U.S. District Court; The Clerk is directed to transmit a copy of this order and the original motion to the district court. [14-5327] |
| 01/30/2015 | 4 pg. 38.34 KB | NOTICE [1535125] filed from Clerk. District Court leave to proceed ifp in the district court is granted for Harold W. Van Allen [Case Number 14-5327: IFP] [14-5327] |
| 01/30/2015 | 9 pg. 870.7 KB | MOTION filed [1535393] by Christopher Earl Strunk leave to proceed ifp in the district court [Service Date: 01/26/2015 ] Pages: 1-10. [14-5327] |
| 02/02/2015 | 1 pg. 39.04 KB | CLERK'S ORDER filed [1535394] referring appellant Strunk's motion ifp in district court [1535393-2] to the district court for consideration. Case 14-5327 held in abeyance pending decision in 1:14cv995-RJL from U.S. District Court; The Clerk is directed to transmit a copy of this order and the original motion to the district court. [14-5327] |
| 02/04/2015 | 78 pg. 1.92 MB | MOTION filed [1536137] by Harold W. Van Allen for judicial notice. (Response to Motion served by mail due on 02/20/2015) [Service Date: 02/05/2015 by Clerk] Pages: 1-10. [14-5327] |
| 02/04/2015 | | MOTION filed [1536139] by Harold W. Van Allen for judicial notice.(Electronic Version Unavailable. Original Paper Document in File) (Response to Motion served by mail due on 02/20/2015) [Service Date: 02/05/2015 by Clerk] Pages: 1-10. [14-5327] |

-----Original Message-----
From: Harold Van Allen [mailto:nyvanallen@twc.com]
Sent: Thursday, February 5, 2015 9:02 PM

To: Larry Klayman Esq (lcklayman@gmail.com); Larry Klayman Esq (lcklayman@yahoo.com); craig. lawrence (craig.lawrence@usdoj.gov); Christopher Earl Strunk (CEStrunck@yahoo.com)
Subject: Emailing: USCA-DCC 14-5327 Motion for Judicial Notice of USCA-DCC 14-5325 as Related Case Arpaio v Obama Appellant Brief and Appendix I II

Your message is ready to be sent with the following file or link attachments:

USCA-DCC 14-5327 Motion for Judicial Notice of USCA-DCC 14-5325 as Related Case Arpaio v Obama Appellant Brief and Appendix I II

Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments.  Check your e-mail security settings to determine how attachments are handled.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 0 2015

David J. Bradley, Clerk of Court

STATE OF TEXAS, *et al.*

Plaintiffs,

v.

UNITED STATES OF AMERICA, *et al.*

Defendants

Case No. 1:14-cv-254

## MOTION FOR LEAVE OF COURT TO FILE
## AMICUS BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY
## INJUNCTION BY JOE ARPAIO AS SHERIFF OF MARICOPA COUNTY

Movant Joe Arpaio, elected Sheriff of Maricopa County, Arizona, ("Sheriff Arpaio")

respectfully requests leave to participate as an *amicus curiae* and to file a brief in support of the

Plaintiffs' Motion for Preliminary Injunction and causes of action for judgment. The proposed

brief is submitted with this motion. Counsel for proposed *amicus curiae* requested counsel for

Plaintiffs and Defendants to consent to this motion via e-mail sent on January 13, 2015.

Defendants take no position on this motion, while Plaintiffs have not responded.

### I.    INTEREST OF AMICUS CURIAE AND REASONS FOR BRIEF

The Defendants have presented as their Exhibit #1 the memorandum opinion and

decision in Sheriff Arpaio's similar lawsuit. Because the Defendants' Opposition relies

significantly upon the decision of Judge Beryl A. Howell in Washington, D.C. in Sheriff

Arpaio's case there, this Court now would lack a proper and full briefing of the issues without

learning of the position of the Plaintiffs in that case. The citations of the Defendants to Sheriff

Arpaio's case would not provide a balanced or complete perspective.

Defendants here extensively cite to and rely upon a similar lawsuit filed by Sheriff Arpaio and a decision rendered in that court case – although that decision is on appeal in the U.S. Court of Appeals for the District of Columbia Circuit ("DC Circuit"). Because Defendants here cite from that precedent to support Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction in this case, the relevance and importance of his knowledge and involvement in this issue is conceded.

Sheriff Arpaio sued in the United States District Court for the District of Columbia ("DC District Court"), Civil Action No. 1:14-cv-01966, President Barack Obama ("President Obama"); Secretary of Homeland Security Jeh Johnson; and Director of the U.S. Citizenship and Immigration Service ("USCIS") Leon Rodriguez to challenge the Defendants' executive action amnesty for illegal aliens.

*Arpaio v. Obama* necessarily – by the Defendants' timetable, not Sheriff Arpaio's nor the Plaintiffs' actions – has been rushed through briefing and a hearing on an accelerated basis without discovery or development of facts relating to questions such as standing.

Therefore, it would be especially helpful for this Court to understand both points of view on citations here to *Arpaio v. Obama*. Sheriff Arpaio and counsel always expected the issues to be decided mainly on appeal, not in the D.C. District Court.

In sum, the importance of *Arpaio v. Obama*, which Defendants raised, makes it compelling for this Court to consider the fatally flawed nature of the D.C. District Court's order. This amicus brief is being filed now in part because the decision in *Arpaio v. Obama* did not come until December 23, 2014 and Defendants then cited to it significantly in this case here.

Furthermore, the State of Arizona is one of the Plaintiffs in this case. *Amicus Curiae* Sheriff Arpaio is the elected Sheriff of Maricopa County, Arizona, one of the largest Sheriff's offices in the United States. Maricopa County is the most populated County in the State of Arizona with 4,009,412 citizens.[1] The County holds more than sixty percent (60%) of all of the population of entire State of Arizona. Sheriff Arpaio's Office effectively is nearly all of the State of Arizona in terms of law enforcement. Maricopa County is the fourth most populated County in the United States by most reports. If Maricopa County by itself were a State, the County would be larger by population than twenty-four (24)[2] of the States within the United States of America and larger than Puerto Rico and more than five times larger than the entire District of Columbia.

Sheriff Arpaio suffers direct economic harm from the Defendants' executive action amnesty for illegal aliens (citizens belonging to a foreign country). On June 15, 2012, Defendants launched their DACA program. As a result, from February 1, 2014, through December 17, 2014, the financial harm from illegal aliens to the Office of the Sheriff of Maricopa County, Arizona was at least $9,293,619.96 consisting of the costs of holding illegal aliens in the Sheriff's jails, for those inmates flagged with INS "detainers." These costs of jail confinement are but one financial impact, easily quantified.

---

[1] "State & County Quick Facts," Maricopa County, Arizona, U.S. Census Bureau. http://quickfacts.census.gov/qfd/states/04/04013.html
[2] "State Population by Rank, 2013", InfoPlease. http://www.infoplease.com/us/states/population-by-rank.html

## II.   PROPOSED AMICUS CURIAE'S BRIEF WILL BE USEFUL TO THE COURT

In his accompanying brief, proposed *Amicus Curiae* supplements Plaintiffs' Motion for Preliminary Injunction by drawing on his unique knowledge and experiences with litigation of these issues and with local law enforcement practices and effective policing.

Sheriff Joe Arpaio of Maricopa, Arizona, hereby respectfully requests leave of court in the Court's discretion to file an *Amicus Curiae* brief in support of the Plaintiffs' Motion for Preliminary Injunction.

Unique among all other parties in the nation and involving first-hand knowledge exclusively available to Sheriff Arpaio and his legal team alone, the Amicus Curiae can inform and advise the Court in detail where exactly the Defendants' arguments miss the mark as to what is actually at stake in the issues to be decided by this Court.

Having litigated on this same issue against the Defendants with the same Defendants' counsel, Amicus Curiae Sheriff Arpaio can ensure that the Court is properly informed on the key issues that may very well be pivotal to the Court's decision and the ultimate resolution on appeal to the U.S. Supreme Court.

A constitutional republic that is governed by laws rather than men and the rule of law even apart from any immigration issues is of supreme importance to the nation and its continued existence as the most successful democracy (constitutional republic) in human history,  Amicus Curiae's counsel argued in the D.C. District Court on December 23, 2014, that this is not primarily a case about immigration about following the rule of law and U.S. Constitution.

**III.  CONCLUSION**

Proposed *amicus curiae* respectfully requests that this Court grant this motion, allow him

to participate as *amici curiae*, and accept for filing the brief submitted with this motion.

Dated: January 16, 2015

Respectfully submitted.

Larry Klayman, Esq.
Washington, D.C. Bar No. 334581
Freedom Watch, Inc.
2020 Pennsylvania Avenue N.W., Suite 345
Washington, D.C. 20006
(310) 595-0800
leklayman@gmail.com
Of Counsel
*(Pro Hac Vice Application Pending)*

Jonathon Moseley, Esq.

Virginia State Bar No. 41058
Freedom Watch, Inc.
2020 Pennsylvania Avenue N.W., Suite 345
Washington, D.C. 20006
(310) 595-0800
leklayman@gmail.com
Attorney for Plaintiff
*Pro Hac Vice Approved*

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing motion and proposed brief will be delivered
electronically on January 16, 2015, to counsel for Plaintiffs and Defendants through the
District's Electronic Case Filing system.

Jonathon Moseley, Esq.

Court Name: USDC - SDTX
Division: 1
Receipt Number: BR0003974
Cashier ID: sarahb
Transaction Date: 03/12/2015
Payer Name: HAROLD VAN ALLEN

NOTICE OF APPEAL/DOCKETING FEE
 For: HAROLD VAN ALLEN
 Case/Party: D-TXS-1-14-CV-000254-001
 Amount:        $505.00

CHECK
 Check/Money Order Num: 762
 Amt Tendered: $505.00

Total Due:     $505.00
Total Tendered: $505.00
Change Amt:    $0.00

A fee of $53.00 will be charged on
any returned negotiable instrument.

Case: 15-40238    Document: 00513133798    Page: 44    Date Filed: 07/28/2015
Case 1:14-cv-00254   Document 295   Filed on 08/18/15 in TXSD   Page 93 of 118
Case 1:14-cv-00254   Document 196   Filed in TXSD on 03/12/15   Page 1 of 5

MAR 1 2 2015

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

Clerk of Court: 600 E. Harrison St. #101 Brownsville, TX 78520 (956)548-2500

STATE OF TEXAS, et al .

       Plaintiffs,

       v.             Case No. l1:14-cv-00254-ASH

UNITED STATES OF AMERICA, et al.

       Defendants

---

## MOTION FOR LEAVE TO FILE THIS EMERGENCY INTERVENTION CHALLENGING THE STANDING OF NON-NATURAL BORN CITIZEN DEFENDANT BARACK OBAMA -- THE SON OF A NON-US CITIZEN -- AND THE STANDING OF HIS ADMINISTRATIVLY SUBORDINATE APPOINTED AGENCIES (DHS et al.) SECRETARIES/ DIRECTORS.

## IN THIS CASE OF UNCONSTITUTIONAL EXECUTIVE ADMINISTRATIVE ACTION OR EXECUTIVE ORDERED ILLEGAL IMMIGRANT AMNESTY AS WELL AS CONTEMPT OF INJUNCTION.

## STANDING OF MOVANT TO INTERVENE TO CHALLENGE THE STANDING OF NON-NATURAL BORN CITIZEN BARACK OBAMA

HAROLD WILLIAM VAN ALLEN – documented US citizen, military veteran (naval commissioned line officer), and registered federal and NYS voter residing at ▓▓▓▓▓ ▓▓▓▓Hurley, NY 12443

-- a natural born US citizen of the State of Indiana (Lafayette) b. ▓▓▓▓▓ 1951 the product of two natural born US citizens -- mother a US natural born citizen of Illinois (Chicago) b.▓▓▓▓ 1913 the product of US natural born citizens of Vermont -- and father a US natural born citizen of Pennsylvania (Pittsburgh) b.▓▓▓▓▓ 1913 the product of US natural born citizens of South Carolina and Virginia.

And now having been granted amicus (EXHIBIT A ) in the originating multi-state litigation USDC-TXSD B-14-cv-254 "STATE OF TEXAS, ET AL. v UNITED STATES OF AMERICA, ET AL.)

_____

Harold William Van Allen


## CERTIFICATION OF ELECTRONIC SERVICE

THIS Tuesday, March 10, 2015 on:

1:14-cv-00254 Notice has been electronically mailed to:

Adam Nicholas Bitter    adam.bitter@texasattorneygeneral.gov,
kathleen.morris@texasattorneygeneral.gov

Adam P KohSweeney    akohsweeney@omm.com

Andrew Stephen Oldham    andy.oldham@texasattorneygeneral.gov,
alex.potapov@texasattorneygeneral.gov

Angela V Colmenero    angela.colmenero@TexasAttorneyGeneral.gov,
peggy.hamil@texasattorneygeneral.gov

Anne E Egeler    anneE1@atg.wa.gov

Antonio Tony Martinez    tony@mbymlaw.com

Arthur D'Andrea    arthur.dandrea@texasattorneygeneral.gov, sylvia.rosales@texasattorneygeneral.gov

Cally Younger    cally.younger@gov.idaho.gov

Chirag G. Badiani    cbadiani@hsplegal.com

Dale L. Wilcox    dwilcox@irli.org

Daniel David Hu    daniel.hu@usdoj.gov, JJones5@usa.doj.gov, sKempen@usa.doj.gov

Daniel P Lennington    lenningtondp@doj.state.wi.us, WelteAJ@DOJ.STATE.WI.US

David A. Lopez    dave.lopez@nebraska.gov

Eric E Murphy    eric.murphy@ohioattorneygeneral.gov

Gabriel Markoff    gmarkoff@omm.com

Harold William Van Allen    hvanallen@hvc.rr.com

Ilya Shapiro    ishapiro@cato.org

J Jorge deNeve    jdeneve@omm.com

Jay Alan Sekulow    sekulow@aclj.org

John Campbell Barker    cam.barker@texasattorneygeneral.gov

Jonathan D Weissglass    jweissglass@altshulerberzon.com, aarkush@altshulerberzon.com,

smendez@altshulerberzon.com

Jonathon Alden Moseley    Contact@JonMoseley.com

Joseph C Chapelle    joe.chapelle@btlaw.com

Kyle Renee Freeny    kyle.freeny@usdoj.gov

Leif A. Olson    notices@olsonappeals.com, leif@olsonappeals.com

Linda Jane Smith    lsmith@omm.com

Michael M. Hethmon    mhethmon@irli.org, info@irli.org

Mitchell Lee Herren    mherren@hinklaw.com, dpalomino@hinklaw.com

Nina Perales    nperales@maldef.org, cleija@maldef.org

Patrick R. Wyrick    patrick.wyrick@oag.ok.gov, cara.gorden@oag.ok.gov

Peter Margulies    pmargulies@rwu.edu

Peter J Rusthoven    peter.rusthoven@btlaw.com

Richard Dearing    rdearing@law.nyc.gov

Ryan S Post    ryan.post@nebraska.gov

Scott A. Keller    scott.keller@texasattorneygeneral.gov, dustin.howell@texasattorneygeneral.gov, sabrina.wycoff@texasattorneygeneral.gov, vera.calamusa@texasattorneygeneral.gov





# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

### Clerk of Court: 600 S. Maestri Place; New Orleans, LA 70130-3408  (804) 310-7700

IN RE: HAROLD WILLIAM VAN ALLEN

**PETITIONER**

15-XXXXX-OP

**RELATED ORIGINATING CASES**

**USDC-TXSD BROWNSVILLE DIVISION**

**DOCKET 14-cv-254**

**USCA-5C DOCKET 15-40238**

## ORIGINAL PETITION / SPECIAL WRIT

**HAROLD WILLIAM VAN ALLEN – documented US citizen, military veteran (Navy), resident and registered federal and NYS voter residing at ▓▓▓▓▓▓▓▓▓▓▓ NY 12443**

**-- a natural born US citizen of the State of Indiana (Lafayette) ▓▓▓▓▓▓ 1951 the product of two natural born US citizens of Illinois (Chicago) and Pennsylvania (Pittsburgh)**

**and now having been granted amicus (EXHIBIT A ) in the originating multi-state litigation USDC-TXSD B-14-cv-254**

"STATE OF TEXAS, ET AL. v UNITED STATES OF AMERICA, ET AL.)

I request leave of the court to file this Original Proceeding or special writ seeking this US COURT OF APPEALS for the Fifth Circuit undertake as a trial court the vetting of aka Barack Obama eligibility qualifications to hold office of POTUS/CINC and to self-execute under administrative procedure act a blank amnesty of millions of undocumented aliens.

*Harold William Van Allen*

## CERTIFICATION OF ELECTRONIC SERVICE

## THIS Wednesday, March 4, 2015 on:

1:14-cv-00254 Notice has been electronically mailed to:

Adam Nicholas Bitter   adam.bitter@texasattorneygeneral.gov, kathleen.morris@texasattorneygeneral.gov

Adam P KohSweeney   akohsweeney@omm.com

Andrew Stephen Oldham   andy.oldham@texasattorneygeneral.gov, alex.potapov@texasattorneygeneral.gov

Angela V Colmenero   angela.colmenero@TexasAttorneyGeneral.gov, peggy.hamil@texasattorneygeneral.gov

Anne E Egeler   anneE1@atg.wa.gov

Antonio Tony Martinez   tony@mbymlaw.com

Arthur D'Andrea   arthur.dandrea@texasattorneygeneral.gov, sylvia.rosales@texasattorneygeneral.gov

Cally Younger   cally.younger@gov.idaho.gov

Chirag G. Badlani   cbadlani@hsplegal.com

Dale L. Wilcox   dwilcox@irli.org

Daniel David Hu   daniel.hu@usdoj.gov, JJones5@usa.doj.gov, sKempen@usa.doj.gov

Daniel P Lennington   lenningtondp@doj.state.wi.us, WelteAJ@DOJ.STATE.WI.US

David A. Lopez   dave.lopez@nebraska.gov

Eric E Murphy   eric.murphy@ohioattorneygeneral.gov

Gabriel Markoff   gmarkoff@omm.com

Harold William Van Allen   hvanallen@hvc.rr.com

Ilya Shapiro   ishapiro@cato.org

J Jorge deNeve   jdeneve@omm.com

Jay Alan Sekulow   sekulow@aclj.org

John Campbell Barker   cam.barker@texasattorneygeneral.gov

Jonathan D Weissglass   jweissglass@altshulerberzon.com, aarkush@altshulerberzon.com, smendez@altshulerberzon.com

Jonathon Alden Moseley   Contact@JonMoseley.com

Joseph C Chapelle   joe.chapelle@btlaw.com

Kyle Renee Freeny   kyle.freeny@usdoj.gov

Leif A. Olson   notices@olsonappeals.com, leif@olsonappeals.com

Linda Jane Smith   lsmith@omm.com

Michael M. Hethmon   mhethmon@irli.org, info@irli.org

Mitchell Lee Herren   mherren@hinklaw.com, dpalomino@hinklaw.com

Nina Perales   nperales@maldef.org, cleija@maldef.org

Patrick R. Wyrick   patrick.wyrick@oag.ok.gov, cara.gorden@oag.ok.gov

Peter Margulies   pmargulies@rwu.edu

Peter J Rusthoven   peter.rusthoven@btlaw.com

Richard Dearing   rdearing@law.nyc.gov

Ryan S Post   ryan.post@nebraska.gov

Scott A. Keller   scott.keller@texasattorneygeneral.gov, dustin.howell@texasattorneygeneral.gov, sabrina.wycoff@texasattorneygeneral.gov, vera.calamusa@texasattorneygeneral.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

STATE OF TEXAS, ET AL.,
    Plaintiffs,

V.

UNITED STATES OF AMERICA, ET AL.,
    Defendants.

§
§
§
§
§
§
§

FEB 2 0 2015

David J. Bradley, Clerk of Court

CIVIL NO. B-14-254

## ORDER

Before the Court is Defendant-Intervenors' Motion for Leave to Proceed Under Pseudonyms [Doc. No. 92], Motion for Leave of Court to File Amicus Brief in Support of Plaintiffs' Motion for Preliminary Injunction by Joe Arpaio as Sheriff of Maricopa County [Doc. No. 107], and Harold William Van Allen's Motion for Leave to File Amicus [Doc. No. 139].

The Court, after due consideration, hereby denies Defendant-Intervenors' Motion for Leave to Proceed Under Pseudonyms [Doc. No. 92] as moot, grants the Motion for Leave of Court to File Amicus Brief in Support of Plaintiffs' Motion for Preliminary Injunction by Joe Arpaio as Sheriff of Maricopa County [Doc. No. 107], and grants Harold William Van Allen's Motion for Leave to File Amicus [Doc. No. 139].

Signed this ___15___ day of February, 2015.

Andrew S. Hanen
United States District Judge

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

Clerk of Court: 600 E. Harrison St. #101 Brownsville, TX 78520 (956)548-2500

STATE OF TEXAS, et al .

        Plaintiffs,

        v.               Case No. l1:14-cv-00254-ASH

UNITED STATES OF AMERICA, et al.

        Defendants

---

**MOTION for Leave to File in support of plaintiffs as an Amicus in a related and already docketed (doc # 108) case "Arpaio v Obama" USCA-DCC 14-cv-5325 and related case USCA-DCC 14-cv-5327 "Strunk et al. v US Department of State et al.**

**"NOTICE OF MOTION TO SEAL AND ..." in this court as a related multi-state unconstitutional executive amnesty litigation matter "State of Texas et al. v United States of America et al." 14-cv-254-ASH  USDC-TXSD.**

| | | |
|---|---|---|
| 01/20/2015 | 108 | MOTION for Leave to File Amicus Brief in Support of Plaintiffs' Motion for Preliminary Injunction by Joe Arpaio as Sheriff of Maricopa County by Joe Arpaio, filed. Motion Docket Date 2/10/2015. (Attachments: # 1 Proposed Order, # 2 Amicus Brief in Support of Plaintiffs' Motion for Preliminary Injunction by Joe Arpaio as Sheriff of Maricopa County)(jtabares, 1) (Entered: 01/20/2015) |

Filed by Harold William Van Allen pro se non-attorney Plaintiff/Appellant United States Court of Appeals for the District of Columbia Circuit 14-cv-5327 and United States District Court for the District of Columbia District 14-cv-995-RJL

2/8/2015

H. William Van Allen

351 North Road Hurley, NY 12443

(845) 389-4366

hvanallen@hvc.rr.com

Certificate of electronic service this date Sunday, February 8, 2015 upon:

andy.oldham@texasattorneygeneral.gov

jmacgillies@rwt.com

adam.bitter@texasattorneygeneral.gov

angela.comengro@TexasAttorneyGeneral.gov

arthur.cando.u@texasattorneygeneral.gov

glinda.davis@texasattorneygeneral.gov

scott.keller@texasattorneygeneral.gov

joe.chapelle@btlaw.com

peter.rusthoven@btlaw.com

dave.lopez@nebraska.gov

ryan.post@nebraska.gov

jeremiah.redp@doj.state.wi.us

clay.pounger@ag.idaho.gov

eric.murphy@ohioattorneygeneral.gov

patrick.wwrick@nag.ok.gov

kyle.freeny@usdoj.gov

daniel.hu@usooj.go₩

orly.taitz@husnmaii.cor

gmarkoff@omm.con

ideneve@omm.con

operalcsi@maldef.org

akohsweency@omm..om

ismith@omm.com

el dieu ..acl' or

jtv.tegl.r.slalphaly.terzon.con.

dalt'n; it .n.t.

r.bcd'..we.g.m.o.p

tobs.c.inccimnn.ach

sb.p.in.p.cain.r.g.

cst.ct.t.t.sb.huppeate.om

cbedlani@lispiegal.com

arrtcl@atg.wa.go₩

Contact@jonMoseley.com

rdearing@law.nyc.go₩

lek.avman@omsi.com

scott.mcintosh@usoo.gov

jeffre; cler@usos.gov

.el.ut.:e.bakaranan.@.sdoj.g.₩

.a.0.ra.t.enze@.jsco.gov

c55grancs@yanco.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

------------------------------------------------x    Case No.: 14-cv-00995 (RJL)

**CHRISTOPHER EARL STRUNK**
593 Vanderbilt Avenue PMB 281 NYC, NY 11238
845-901-6767 chris@strunk.ws.
and **H. WILLIAM VAN ALLEN**
351 North Road Hurley NY 12443
845-389-4366 hvanallen@hvc.rr.com

                                   Plaintiffs,

**U.S. DEPARTMENT OF STATE (DOS) by**
**JOHN F KERRY (SOS) at 2201 C Street NW**
Washington, DC 20520 TTY:1-800-877-8339
**CENTRAL INTELLIGENCE AGENCY**
by **JOHN O. BRENNAN, DCI**
Washington, D.C. 20505 fax: (571) 204-3800
**BARACK HUSSEIN OBAMA II**
1600 Pennsylvania Ave. NW Washington DC 20500 :
**U.S. COPYRIGHT OFFICE**
101 Independence Avenue SE
Washington, DC 20559-6000 (202) 707-3000
and **THE NEW YORK STATE BOARD**
**OF ELECTIONS** and its agents at
40 North Pearl Street, Suite 5
Albany, NY 12207-2729 Fax (518) 486-4068

                                   Defendants.

**ERIC HOLDER, US ATTORNEY GENERAL**
950 Pennsylvania Ave NW Washington DC 20531
--------------------------------------------------x

**NOTICE OF MOTION**

**TO SEAL AND**

[redacted]

[redacted]

**PLEASE TAKE NOTICE** that upon the annexed affidavit of Christopher-Earl Strunk

affirmed November 8, 2014 with exhibits will move with Fed Rules of Civil Procedure and

Local Rules to Seal the Case and [redacted]

until further notice as supplement to the Motion Reargue the Order to Dismiss entered June 18,

2014 in order to Supplement the Complaint filed 10 June 2014 with Fed. R. Civ. P. Rule

15(a)(1)(A), and Rule 19(a)(1)(A)(B), heard before the Honorable Richard J. Leon USDJ at the

designated Courtroom in the Courthouse at 333 Constitution Avenue NW Washington DC

20001, before the 24th day of November 2014, at a time designated by the Court or as soon

thereafter as counsel can be heard.

Dated: Brooklyn, New York
           November 8th, 2014                    /s/
                                        _____
                                        **Christopher-Earl: Strunk** in esse Sui juris-
                                        secured beneficiary agent of the Debtor Trust
                                        Transmuting utility ™CHRISTOPHER EARL
                                        STRUNK© Plaintiff, the Executor and Settlor
                                        for the *Express Deed In Trust To The United*
                                        *States Of America*, located at
                                        593 Vanderbilt Avenue – PMB 281
                                        Brooklyn, New York Zipcode excepted 11238
                                        Cell· 845-901-6767 Email: chris@strunk.ws

SERVICE LIST:

PERSONAL & CONFIDENTIAL FOR RECIPIENT EYES ONLY with COURTESY COPY
REDACTED MOTION WITHOUT EXHIBITS TO RECIPIENT

US Attorney for
Washington District of Columbia
Judiciary Center Building
555 Fourth Street NW
Washington DC 20530

JOSHUA PEPPER, AAG for
Eric Schneiderman, Attorney General for
The State of New York
120 Broadway 25th Floor
New York, New York 10271

H. William Van Allen
351 North Road
Hurley, New York 12443

MICHAEL SHRIMPTON
a Jusons Glebe,
Wendover, United Kingdom HP22 6PF

PAUL EDWARD IREY
c/o CHRISTOPHER EARL STRUNK
593 Vanderbilt Avenue PMB 281
Brooklyn, New York

The Honorable David I. Schmidt J.S.C.
New York Supreme Court for the County of Kings
Part 47 Courtroom 541
360 Adams Street
Brooklyn New York 11201

The Honorable Ron Johnson
United States Senator from the State of Wisconsin
328 Hart Senate Office Building
Washington, DC 20510

The Honorable Jeff Sessions
United States Senator from the State of Alabama
326 Russell Senate Office Building
Washington, DC 20510

**Harold Van Allen**

| | |
|---|---|
| **From:** | Harold Van Allen <hvanallen@hvc.rr.com> |
| **Sent:** | Thursday, February 5, 2015 9:40 PM |
| **To:** | Larry Klayman Esq (leklayman@gmail.com); Larry Klayman Esq (leklayman@yahoo.com); craig. lawrence (craig.lawrence@usdoj.gov); Christopher Earl Strunk (CEStrunck@yahoo.com) |
| **Subject:** | https://www.scribd.com/doc/254873203/USCA-DCC-14-5327-Motion-for-Judicial-Notice-of-USCA-DCC-14-5325-as-Related-Case-Arpaio-v-Obama-Appellant-Brief-and-Appendix-I II |

https://www.scribd.com/doc/254873203/USCA-DCC-14-5327-Motion-for-Judicial-Notice-of-USCA-DCC-14-5325-as-Related-Case-Arpaio-v-Obama-Appellant-Brief-and-Appendix-I-II

From: Harold Van Allen [mailto:hvanallen@hvc.rr.com]
Sent: Thursday, February 5, 2015 9:04 PM
To: Larry Klayman Esq (leklayman@gmail.com); Larry Klayman Esq (leklayman@yahoo.com); craig. lawrence (craig.lawrence@usdoj.gov); Christopher Earl Strunk (CEStrunck@yahoo.com)
Subject: RE: Emailing: USCA-DCC 14-5327 Motion for Judicial Notice of USCA-DCC 14-5325 as Related Case Arpaio v Obama Appellant Brief and Appendix I II

**General Docket**
**United States Court of Appeals for District of Columbia Circuit**

**Court of Appeals Docket #:** 14-5327
**Nature of Suit:** 2890 Other Statutory Actions
Christopher Strunk, et al v. DOS, et al
**Appeal From:** United States District Court for the District of Columbia
**Fee Status:** IFP Pending USDC

**Docketed:** 12/29/2014

**Case Type Information:**
1) Civil US
2) United States
3)

**Originating Court Information:**
**District:** 0090-1 : 1:14-cv-00995-RJL
**Trial Judge:** Richard J Leon, U.S. District Judge
**Date Filed:** 06/10/2014
**Date Order/Judgment:**
11/10/2014

**Lead:** 1:14-cv-00995-RJL

**Date NOA Filed:**
12/10/2014

**Prior Cases:**
None

**Current Cases:**
None

**Panel Assignment:**    Not available

Christopher Earl Strunk

        Plaintiff - Appellant

Christopher Earl Strunk
Direct: 845-901-6767
[NTC Pro Se]
Firm: 212-307-4444
593 Vanderbilt Avenue
#281
Brooklyn, NY 11238

Harold W. Van Allen

        Plaintiff - Appellant

Harold W. Van Allen
Direct: 845-389-4388
Email: hvanallen@hvc.rr.com
[NTC Pro Se]
Firm: 845-389-4366
351 North Road
Hurley, NY 12443

        v.

United States Department of State

        Defendant - Appellee

R. Craig Lawrence
Email: craig.lawrence@usdoj.gov
[LD NTC Gvt Atty USAO/AUSA]
U.S. Attorney's Office
(USA) Civil Division
Firm: 202-252-2500
555 4th Street, NW
Washington, DC 20530

Central Intelligence Agency

        Defendant - Appellee

R. Craig Lawrence
[LD NTC Gvt Atty USAO/AUSA]
(see above)

Barack Hussein Obama

        Defendant - Appellee

R. Craig Lawrence
[LD NTC Gvt Atty USAO/AUSA]
(see above)

US Copyright Office

        Defendant - Appellee

R. Craig Lawrence
[LD NTC Gvt Atty USAO/AUSA]
(see above)

Eric H. Holder, Jr. US Attorney General

        Defendant - Appellee

R. Craig Lawrence
[LD Gvt Atty USAO/AUSA]
(see above)

New York State Board of Elections

        Defendant - Appellee

Christopher Earl Strunk; Harold W. Van Allen,

        Plaintiffs - Appellants

        v

United States Department of State; Central Intelligence Agency; Barack Hussein Obama; US Copyright Office; Eric H. Holder, Jr., US Attorney General; New York State Board of Elections.

Defendants - Appellees

| | | |
|---|---|---|
| 12/29/2014 | | US CIVIL CASE docketed. [14-5327] |
| 12/29/2014 | 17 pg. 1.55 MB | NOTICE OF APPEAL filed [1529431] by Christopher Earl Strunk and Harold W. Van Allen seeking review of a decision by the U.S. District Court in 1:14-cv-00995-RJL. Assigned USCA Case Number [14-5327] |
| 12/29/2014 | 4 pg. 625.47 KB | CLERK'S ORDER filed [1529434] directing party to file motion to proceed on appeal in forma pauperis or payment of docketing fee. APPELLANT payment of docketing fee or motion to proceed IFP in district court due 01/28/2015, Failure to respond shall result in dismissal of the case for lack of prosecution; The Clerk is directed to mail this order to appellant by certified mail. return receipt requested and by 1st class mail. [14-5327] |
| 12/29/2014 | | FIRST CLASS MAIL SENT [1529441] of order [1529434-2] to both appellants [14-5327] |
| 12/29/2014 | | CERTIFIED MAIL SENT [1529442] with return receipt requested [Receipt No.7007 0710 0004 7190 2782 for Strunk, and 7007 0710 0004 7190 2799 for Van Allen] of order ['1529434-2]. Certified Mail Receipt due 01/28/2015 from Christopher Earl Strunk and Harold W. Van Allen. [14-5327] |
| 01/08/2015 | | CERTIFIED MAIL RECEIPT [1531377] RECEIVED from Rob Wharf for order [1529442-2] sent to Appellant Christopher Earl Strunk [14-5327] |
| 01/08/2015 | | CERTIFIED MAIL RECEIPT [1531425] RECEIVED from Harold Van Allen [signed for on 01/05/2015] for order [1529442-2] sent to Appellant Harold W. Van Allen [14-5327] |
| 01/23/2015 | 20 pg. 1.19 MB | MOTION filed [1534672] by Harold W. Van Allen leave to proceed ifp in the district court [Service Date: 01/28/2015 ] Pages: 1-10. [14-5327] |
| 01/23/2015 | 18 pg. 1.18 MB | MOTION filed [1534674] by Harold W. Van Allen for judicial notice. [Service Date: 01/28/2015 ] Pages: 1-10. [14-5327] |
| 01/28/2015 | 1 pg. 39.51 KB | CLERK'S ORDER filed [1534679] referring motion ifp in district court [1534672-2] to the district court for consideration , holding case in abeyance. Case 14-5327 held in abeyance pending IFP decision in 1:14cv995-RJL from U.S. District Court; The Clerk is directed to transmit a copy of this order and the original motion to the district court [14-5327] |
| 01/30/2015 | 4 pg. 38.34 KB | NOTICE [1535125] filed from Clerk. District Court leave to proceed ifp in the district court is granted for Harold W. Van Allen [Case Number 14-5327: IFP] [14-5327] |
| 01/30/2015 | 9 pg. 870.7 KB | MOTION filed [1535393] by Christopher Earl Strunk leave to proceed ifp in the district court [Service Date: 01/26/2015 ] Pages: 1-10. [14-5327] |
| 02/02/2015 | 1 pg. 39.04 KB | CLERK'S ORDER filed [1535394] referring appellant Strunk's motion ifp in district court [1535393-2] to the district court for consideration. Case 14-5327 held in abeyance pending decision in 1:14cv995-RJL from U.S. District Court; The Clerk is directed to transmit a copy of this order and the original motion to the district court [14-5327] |
| 02/04/2015 | 78 pg. 1.92 MB | MOTION filed [1536137] by Harold W. Van Allen for judicial notice. (Response to Motion served by mail due on 02/20/2015) [Service Date: 02/05/2015 by Clerk] Pages: 1-10. [14-5327] |
| 02/04/2015 | | MOTION filed [1536139] by Harold W. Van Allen for judicial notice.[Electronic Version Unavailable. Original Paper Document in File) (Response to Motion served by mail due on 02/20/2015) [Service Date: 02/05/2015 by Clerk] Pages: 1-10. [14-5327] |

-- --Original Message----
From: Harold Van Allen [mailto:hvanallen@hvc.rr.com]
Sent: Thursday, February 5, 2015 9:02 PM

2

To: Larry Klayman Esq (leklayman@gmail.com); Larry Klayman Esq (leklayman2@yahoo.com); craig. lawrence (craig.lawrence@usdoj.gov); Christopher Earl Strunk (CEStrunck@yahoo.com)
Subject: Emailing: USCA-DCC 14-5327 Motion for Judicial Notice of USCA-DCC 14-5325 as Related Case Arpaio v Obama Appellant Brief and Appendix I II

Your message is ready to be sent with the following file or link attachments:

USCA-DCC 14-5327 Motion for Judicial Notice of USCA-DCC 14-5325 as Related Case Arpaio v Obama Appellant Brief and Appendix I II

Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments.  Check your e-mail security settings to determine how attachments are handled.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 0 2015

David J. Bradley, Clerk of Court

| | |
|---|---|
| STATE OF TEXAS, et al. | |
| Plaintiffs, | Case No. 1:14-cv-254 |
| v. | |
| UNITED STATES OF AMERICA, et al. | |
| Defendants | |

## MOTION FOR LEAVE OF COURT TO FILE
## AMICUS BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY
## INJUNCTION BY JOE ARPAIO AS SHERIFF OF MARICOPA COUNTY

Movant Joe Arpaio, elected Sheriff of Maricopa County, Arizona, ("Sheriff Arpaio") respectfully requests leave to participate as an *amicus curiae* and to file a brief in support of the Plaintiffs' Motion for Preliminary Injunction and causes of action for judgment. The proposed brief is submitted with this motion. Counsel for proposed *amicus curiae* requested counsel for Plaintiffs and Defendants to consent to this motion via e-mail sent on January 13, 2015. Defendants take no position on this motion, while Plaintiffs have not responded.

## I.    INTEREST OF AMICUS CURIAE AND REASONS FOR BRIEF

The Defendants have presented as their Exhibit #1 the memorandum opinion and decision in Sheriff Arpaio's similar lawsuit. Because the Defendants' Opposition relies significantly upon the decision of Judge Beryl A. Howell in Washington, D.C. in Sheriff Arpaio's case there, this Court now would lack a proper and full briefing of the issues without learning of the position of the Plaintiffs in that case. The citations of the Defendants to Sheriff

Arpaio's case would not provide a balanced or complete perspective.

Defendants here extensively cite to and rely upon a similar lawsuit filed by Sheriff Arpaio and a decision rendered in that court case – although that decision is on appeal in the U.S. Court of Appeals for the District of Columbia Circuit. ("DC Circuit"). Because Defendants here cite from that precedent to support Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction in this case, the relevance and importance of his knowledge and involvement in this issue is conceded.

Sheriff Arpaio sued in the United States District Court for the District of Columbia ("DC District Court"), Civil Action No. 1:14-cv-01966, President Barack Obama ("President Obama"); Secretary of Homeland Security Jeh Johnson; and Director of the U.S. Citizenship and Immigration Service ("USCIS") Leon Rodriguez to challenge the Defendants' executive action amnesty for illegal aliens.

*Arpaio v. Obama* necessarily – by the Defendants' timetable, not Sheriff Arpaio's nor the Plaintiffs' actions – has been rushed through briefing and a hearing on an accelerated basis without discovery or development of facts relating to questions such as standing.

Therefore, it would be especially helpful for this Court to understand both points of view on citations here to *Arpaio v. Obama*. Sheriff Arpaio and counsel always expected the issues to be decided mainly on appeal, not in the D.C. District Court.

In sum, the importance of *Arpaio v. Obama*, which Defendants raised, makes it compelling for this Court to consider the fatally flawed nature of the D.C. District Court's order. This amicus brief is being filed now in part because the decision in *Arpaio v. Obama* did not come until December 23, 2014 and Defendants then cited to it significantly in this case here.

Furthermore, the State of Arizona is one of the Plaintiffs in this case. *Amicus Curiae* Sheriff Arpaio is the elected Sheriff of Maricopa County, Arizona, one of the largest Sheriff's offices in the United States. Maricopa County is the most populated County in the State of Arizona with 4,009,412 citizens.[1] The County holds more than sixty percent (60%) of all the population of entire State of Arizona. Sheriff Arpaio's Office effectively is nearly all of the State of Arizona in terms of law enforcement. Maricopa County is the fourth most populated County in the United States by most reports. If Maricopa County by itself were a State, the County would be larger by population than twenty-four (24)[2] of the States within the United States of America and larger than Puerto Rico and more than five times larger than the entire District of Columbia.

Sheriff Arpaio suffers direct economic harm from the Defendants' executive action amnesty for illegal aliens (citizens belonging to a foreign country). On June 15, 2012, Defendants launched their DACA program. As a result, from February 1, 2014, through December 17, 2014, the financial harm from illegal aliens to the Office of the Sheriff of Maricopa County, Arizona was at least $9,293,619.96 consisting of the costs of holding illegal aliens in the Sheriff's jails, for those inmates flagged with INS "detainers." These costs of jail confinement are but one financial impact, easily quantified.

---

[1] "State & County Quick Facts," Maricopa County, Arizona. U.S. Census Bureau. http://quickfacts.census.gov/qfd/states/04/04013.html
[2] "State Population by Rank, 2013", InfoPlease. http://www.infoplease.com/us/states/population-by-rank.html

## II.    PROPOSED AMICUS CURIAE'S BRIEF WILL BE USEFUL TO THE COURT

In his accompanying brief, proposed *Amicus Curiae* supplements Plaintiffs' Motion for Preliminary Injunction by drawing on his unique knowledge and experiences with litigation of these issues and with local law enforcement practices and effective policing.

Sheriff Joe Arpaio of Maricopa, Arizona, hereby respectfully requests leave of court in the Court's discretion to file an *Amicus Curiae* brief in support of the Plaintiffs' Motion for Preliminary Injunction.

Unique among all other parties in the nation and involving first-hand knowledge exclusively available to Sheriff Arpaio and his legal team alone, the Amicus Curiae can inform and advise the Court in detail where exactly the Defendants' arguments miss the mark as to what is actually at stake in the issues to be decided by this Court.

Having litigated on this same issue against the Defendants with the same Defendants' counsel, Amicus Curiae Sheriff Arpaio can ensure that the Court is properly informed on the key issues that may very well be pivotal to the Court's decision and the ultimate resolution on appeal to the U.S. Supreme Court.

A constitutional republic that is governed by laws rather than men and the rule of law even apart from any immigration issues is of supreme importance to the nation and its continued existence as the most successful democracy (constitutional republic) in human history, Amicus Curiae's counsel argued in the D.C. District Court on December 23, 2014, that this is not primarily a case about immigration about following the rule of law and U.S. Constitution.

## III.   CONCLUSION

Proposed *amicus curiae* respectfully requests that this Court grant this motion, allow him to participate as *amici curiae*, and accept for filing the brief submitted with this motion.

Dated: January 16, 2015

Respectfully submitted,

Larry Klayman, Esq.
Washington, D.C. Bar No. 334581
Freedom Watch, Inc.
2020 Pennsylvania Avenue N.W., Suite 345
Washington, D.C. 20006
(310) 595-0800
leklayman@gmail.com
Of Counsel
*(Pro Hac Vice Application Pending)*

Jonathon Moseley, Esq.

Virginia State Bar No. 41058
Freedom Watch, Inc.
2020 Pennsylvania Avenue N.W., Suite 345
Washington, D.C. 20006
(310) 595-0800
leklayman@gmail.com
Attorney for Plaintiff
*Pro Hac Vice Approved*

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing motion and proposed brief will be delivered electronically on January 16, 2015, to counsel for Plaintiffs and Defendants through the District's Electronic Case Filing system.

Jonathon Moseley, Esq.

Court Name: USDC - SDTX
Division: 1
Receipt Number: BR0803974
Cashier ID: sarahb
Transaction Date: 03/12/2015
Payer Name: HAROLD VAN ALLEN

NOTICE OF APPEAL/DOCKETING FEE
 For: HAROLD VAN ALLEN
 Case/Party: D-TXS-1-14-CV-008254-001
 Amount:       $505.00

CHECK
 Check/Money Order Num: 762
 Amt Tendered: $505.00

Total Due:      $505.00
Total Tendered: $505.00
Change Amt:     $0.00

A fee of $53.00 will be charged on
any returned negotiable instrument.

**IRS**.gov

## EIN Assistant

**Your Progress:**    1. Identity ✓    2. Authenticate ✓    3. Addresses ✓    4. Details ✓    **5. EIN Confirmation**

### Congratulations! The EIN has been successfully assigned.

EIN Assigned:    **47-7213979**

Legal Name:    **Natural Born Citizen Party National Committee**

The confirmation letter will be mailed to the applicant. This letter will be the applicant's official IRS notice and will contain important information regarding the EIN. Allow up to 4 weeks for the letter to arrive by mail.

**We strongly recommend you print this page for your records.**

Click "Continue" to get additional information about using the new EIN.    Continue >>

**Help Topics**

❓ Can the EIN be used before the confirmation letter is received?

---

IRS Privacy Policy

EX - 9