UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, et al. )<br>)<br>Defendants. )  | No. 1:14-CV-254 |

## DECLARATION OF LEÓN RODRÍGUEZ

I, León Rodríguez, hereby make the following declaration with respect to the above captioned matter.

1) I am the Director of United States Citizenship and Immigration Services ("USCIS"). I make this declaration on the basis of my personal knowledge and information made available to me in the course of my official duties. The statements made in this declaration are based on USCIS's current understanding of information available at this time.

2) This declaration is intended to serve as an addendum to my July 31, 2015, declaration with supplemental information concerning (1) the approximately 50 cases identified in paragraph 36 of my July 31 declaration, in which individuals had been issued three-year Employment Authorization Documents ("EADs")[1] following the Court's February 16, 2015, preliminary injunction; (2) the 22 individuals whose deferred action and employment authorization were terminated on July 31; and (3) the actions USCIS is taking to ensure that it has accounted for all potential three-year EADs sent after the injunction.

---

[1] For ease of reference, although a small number of the EADs discussed in this declaration were issued for terms greater than two years but not exactly three years, the term "three-year EADs" will be used rather than "EADs with validity periods of greater than two years."

**Corrective Action For the Approximately 50 Additional Post-Injunction Three-Year EADs**

3) USCIS has now taken corrective action with regard to the approximately 50 cases discussed in paragraph 36 of my July 31 declaration. Specifically, USCIS has taken the following corrective actions with respect to all of these cases, which based on investigation and analysis of currently available data, USCIS has now determined to number 53:

- Converted the official terms of deferred action and employment authorization, as reflected in the CLAIMS 3 system, from three years to two.
- Issued replacement two-year EADs.
- Updated the Verification Information System ("VIS"), the electronic system used by SAVE and E-Verify.[2]
- Accounted for all of the 53 invalid three-year EADs (45 individuals returned their three-year EADs and 8 attested to their inability for good cause to do so).[3]

4) This group of EADs first came to light, as described in my July 31 declaration, when an individual who had not been issued a notice from USCIS instructing him to return his three-year EAD nevertheless visited a USCIS field office to turn it in. His case was on neither the list of

---

[2] When employers submit a query to E-Verify, E-Verify responds as to whether the individual is authorized to work. Ninety days prior to the individual's employment authorization expiration date, the employer receives a reverification reminder. In addition to confirming whether an individual is authorized to work or not, SAVE, by request, confirms the term of an EAD.

[3] As stated in my July 31 declaration in paragraph 4, footnote 3, USCIS recently identified an additional three-year re-mailed EAD which was turned in by the recipient at a USCIS field office. USCIS has taken corrective action to convert the individual's term of deferred action and employment authorization to two years, issue a replacement two-year EAD, and update its systems, including the systems used by SAVE and E-Verify, to reflect a two-year validity period. Like the other re-mailed EADs, this case involved an EAD being approved, printed, and mailed prior to the injunction, but then being returned to USCIS as undeliverable and subsequently re-mailed to a different address after February 16, 2015. Because the re-mailing of this particular EAD had not been manually updated in CLAIMS 3, USCIS's previous query of CLAIMS 3 did not yield a result of this case.

post-injunction three-year EADs nor the list of re-mailed EADs. Nevertheless, because his three-year EAD had been issued after the injunction, the field office retained the EAD, and USCIS diligently investigated this case. After researching this case, USCIS determined that on February 19, in an effort to ensure compliance with the Court's injunction, operational personnel at the Nebraska Service Center instructed an information-technology ("IT") specialist to electronically convert terms of deferred action and employment authorization approved at the service center on February 17 (under the 2012 DACA guidelines) from three years to two. While this action successfully prevented three-year EADs from being produced in nearly half of these cases, because CLAIMS 3 had not yet transmitted the necessary data for their production to the Integrated Card Production System, the EADs in the remainder of this group were already in the print queue, and hence (USCIS has since learned) they were printed with a three-year duration and mailed shortly after the injunction issued.

5) Because the Nebraska Service Center's action caused CLAIMS 3 to be updated to show two-year terms of deferred action and work authorization in this group of cases, the queries of CLAIMS 3 that USCIS conducted in May to determine the number of post-injunction three-year EADs failed to identify these cases. CLAIMS 3 is USCIS's electronic system that reflects USCIS's official electronic record of actions taken in individuals' cases, and therefore USCIS had previously determined that it was the best source on which to run queries to determine post-injunction issuances of three-year EADs.

6) Once the cases identified above came to our attention, USCIS sought to identify any other similar cases in which CLAIMS 3 had been updated such that a post-injunction three-year EAD would not have been identified by running a query in CLAIMS 3. To identify other similar cases, leadership at each service center discussed the occurrence with appropriate personnel to determine whether similar actions had been taken in other cases. The agency also queried the

3

Customer Profile Management System ("CPMS"), the repository of all USCIS biometric data for USCIS documents and cards, including EADs. CPMS data also include the validity period for each card. By querying CPMS and analyzing the resultant data, USCIS was able to identify three-year EADs that had been issued after the injunction, including those that were not identified by the earlier CLAIMS 3 queries. As a result of these efforts, USCIS's best calculation at this time of the additional number of three-year EADs issued under the circumstances described above is 53.

7) On August 4, USCIS sent Notices of Intent to Terminate to the individuals in these cases who had not returned their three-year EAD, as well as to their representatives where applicable. The notices informed the individuals and their legal representatives that: (i) USCIS had sent them EADs valid for longer than two years after the Court issued its injunction; (ii) their deferred action requests and employment authorization applications had been re-opened and approved for two years; (iii) USCIS was in the process of issuing them updated two-year EADs; (iv) their three-year EADs were no longer valid and they must either return them or certify good cause for not doing so by visiting the nearest USCIS field office by August 17; (v) failure to return their three-year EADs (or to certify good cause for not doing so) would result in termination of their deferred action and employment authorization effective August 18; and (vi) failure to return their three-year EADs, and subsequent termination of their deferred action and employment authorization, may be considered negative factors in weighing whether to approve any future requests they might make for deferred action or any other discretionary action. A copy of the notice is attached as Attachment A.

8) USCIS also undertook efforts to retrieve the three-year EADs in these cases consistent with the actions it had taken to retrieve the post-injunction three-year EADs and the re-mailed EADs. For those individuals who had not returned their three-year EADs or provided a good

4

cause certification, USCIS took a variety of steps to retrieve three-year EADs that included: making phone calls, responding to phone calls to an established "hotline," sending text messages, sending emails, and conducting home visits.

9) As a result of these efforts, by August 17, USCIS succeeded in retrieving 45 of the three-year EADs, and received 8 certifications that the cards had been lost, stolen, destroyed, or never received. In total, all 53 cards were retrieved or otherwise accounted for by August 17.

**Status of the 22 Deferred Action/Employment Authorizations Terminated on July 31**

10) As stated in my July 31 declaration, USCIS took the extraordinary step of terminating the deferred action and employment authorization of 22 individuals from among the post-injunction and re-mailed three-year EAD cases because of their failure to return their three-year EADs (or to attest to their inability to do so for good cause), even though each of those individuals remained eligible for two-year terms. A copy of the termination notice is attached as Attachment B. USCIS updated its records, including CLAIMS 3 and the VIS system that supports SAVE and E-Verify, to reflect that all of those individuals have had their deferred action and employment authorization terminated.

11) To date, an additional 2 individuals in the post-injunction three-year EAD cases, and 4 in the re-mailed EAD cases, have returned their three-year EADs, and an additional 3 individuals in the post-injunction three-year EAD cases and 1 in the re-mailed EAD cases have attested to their inability to do so for good cause. USCIS will determine on a case-by-case basis whether to restore deferred action and employment authorization for these individuals. Additionally, USCIS was informed by the father of 1 individual in the post-injunction three-year EAD cases that the recipient passed away in February, 2015.

12) For the remaining 11 cases, USCIS is undertaking targeted additional efforts to collect the outstanding EADs, in addition to the extraordinary efforts that USCIS has already taken

5

(which included sending Notices of Intent to Terminate and making home visits, and where phone numbers and email addresses were available, sending email and text messages and making phone calls). As an initial step, the Fraud Detection and National Security Directorate, and the Customer Service and Public Engagement Directorate, investigated each case to identify any additional contact information for these individuals or their representatives in non-USCIS systems to which they have access. As a result, USCIS has identified at this time what appear to be new addresses and/or telephone numbers for 6 individuals as well as new telephone numbers for representatives of 2 individuals.[4] It appears that some of these individuals may not have returned their EADs because USCIS was not able to reach them by letter or via a home visit because they may no longer live at the addresses on file with USCIS, even though they are required to notify USCIS of a change of address within 10 days. Similarly, USCIS may not have been able to reach some individuals by phone or text because their phone numbers were no longer in service. For those individuals, we have taken a number of steps: Where new telephone numbers have been identified, USCIS has made, and will continue to make, additional calls to the individuals and representatives. Where new addresses have been identified, USCIS has sent additional letters and notices. Where necessary, federal employees will be dispatched to make additional home visits. Notwithstanding the additional contact information that has been received, there remain 4 cases in which we have been unable to identify any new contact information. For these cases, USCIS is continuing to attempt to contact the individual, and representative where applicable, again with the existing contact information and with any updated contact information of which we learn. USCIS will complete these efforts no later than September 18, 2015.

---

[4] One of the two individuals for whom USCIS obtained representative contact information was an individual for whom USCIS has now obtained a new address and/or telephone number for that individual.

13) As explained earlier, the EAD does not itself confer work authorization. Rather, it is evidence of that authorization, whereas the information contained in USCIS records systems and files are the official records of the agency's decisions and individuals' work authorization. Attempts by the individuals described in paragraph 12 to use or present their EADs to obtain employment could render them subject to findings of fraud and/or to criminal prosecution.

### Ensuring that all Three-Year EADs Sent Post-Injunction are Identified

14) I have continuously directed USCIS leadership to identify all cases in which USCIS may have erroneously approved three-year terms of deferred action or employment authorization, and/or mailed EADs reflecting three-year terms of work authorization, after the Court's injunction was issued. These efforts have been ongoing. After USCIS identified the group of three-year EADs that had been approved prior to the injunction but issued following the injunction, I tasked the Office of Performance and Quality ("OPQ") to review and validate USCIS's data. OPQ is the program office within USCIS that collects and validates agency data for internal and external reporting. As discussed in the July 31 declaration of Donald W. Neufeld, OPQ identified the re-mailing cases as part of its review. USCIS's efforts will be ongoing because we understand that continued verification is required to ensure that we identify all cases that may require corrective action. In the event USCIS is presented with an unusual circumstance indicating that an individual may have received a three-year EAD post-injunction, USCIS will diligently and thoroughly examine that case to understand the circumstances, to assess whether it may indicate the existence of other unidentified cases, and to determine whether any additional queries should be run to identify other potential cases. That is the process USCIS utilized in identifying the approximately 50 individuals described above.

### Conclusion

15) USCIS has made extensive efforts to identify three-year EADs inadvertently sent following the injunction and has taken exhaustive corrective action for all those identified. Every individual whom we have identified as having received a three-year EAD after the injunction has now had the duration of their deferred action and employment authorization corrected in USCIS's data systems, including CLAIMS 3 and VIS, and has also either (1) returned an invalid three-year EAD, (2) certified good cause for not doing so, or (3) had his or her deferred action and employment authorization completely terminated. USCIS, nevertheless, will continue to take steps to try to physically retrieve or otherwise account for the outstanding 12 three-year cards, even though all of those cards have now been invalidated for any period of use through the termination of the individuals' employment authorization in its entirety. In addition, in the event that USCIS identifies any additional cases in which three-year terms of deferred action and employment authorization were erroneously approved or EADs were erroneously issued or sent, it will, of course, promptly notify the Court and take immediate corrective action.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of August of 2015.

_____
LEÓN RODRÍGUEZ

# ATTACHMENT A

August 4, 2015

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521



U.S. Citizenship and Immigration Services



US



RE: I-765, Application for Employment Authorization

## NOTICE OF INTENT TO TERMINATE DEFERRED ACTION
## AND EMPLOYMENT AUTHORIZATION

Dear

Please read this entire letter and make sure you understand it.

USCIS is sending this notice to certain DACA recipients who were sent a work authorization card valid for longer than two years **after** a court order was in place prohibiting USCIS from conferring DACA deferred action for longer than 2 years. The reason for this action is that, after a court order in *Texas v. United States*, No. B-14-254 (S.D. Tex.), USCIS approves deferred action requests and related employment authorization applications based upon DACA only for 2-year periods.

Your case has been re-opened and approved for a 2-year period of deferred action and employment authorization. USCIS records have been updated to reflect these 2-year approvals. Thus, **the 3-year Employment Authorization Document (EAD) you received is no longer valid and must be returned by August 17, 2015.** USCIS is in the process of issuing you *new* 2-year approval notices and a *new* EAD reflecting a 2-year validity period. This *new* 2-year EAD will be mailed to the same address as this notice and replaces your invalid 3-year EAD. Your new 2-year EAD should arrive within the next few days.

**You must IMMEDIATELY RETURN the invalid 3-year EAD to USCIS even if you have not yet received your new 2-year EAD.**

USCIS is notifying you of its intent to terminate your deferred action and all associated employment authorizations if you do not return your invalid 3-year EAD. Failure to return your invalid 3-year EAD, and subsequent termination of your DACA and employment authorization, may be considered a negative factor in weighing whether to grant any future requests for deferred action or any other discretionary requests.

To prevent this from happening, **you must return your invalid EAD by appearing at a USCIS field**

**office location on or before August 17, 2015,** between 9:00am and 3:00pm. To find your nearest field office, please visit www.uscis.gov/fieldoffices. At that appointment, you must either return your invalid 3-year EAD or certify that your invalid 3-year EAD cannot be returned.

You must bring the following materials with you to this appointment:

1. This notice;
2. Your invalid 3-year EAD (if you still have it);
3. Any 3-year approval notices received for Form I-821D (Consideration of Deferred Action for Childhood Arrivals) and/or Form I-765 (Application for Employment Authorization) that are still in your possession; and,
4. If you are not in possession of your 3-year EAD, you must bring a valid form of photo identification (such as a passport, driver's license).

If you have questions about this notice, you may call the USCIS National Customer Service Center (NCSC) at **1-800-375-5283 and press #8**. (If you are hearing impaired, you may call the NCSC's TDD number at **1-800-767-1833**.)

**NOTE: You are still required to appear at this appointment even if:**

1. **you never received an EAD with a validity period of longer than 2 years;**
2. **you have not yet received your reissued 2-year EAD; or,**
3. **you cannot return the invalid EAD for good cause (for example, it was lost, stolen, or destroyed).**

**<u>FAILURE TO RETURN YOUR INVALID 3-YEAR EAD, OR TO CERTIFY GOOD CAUSE FOR NOT RETURNING IT, WILL RESULT IN TERMINATION OF YOUR DEFERRED ACTION AND EMPLOYMENT AUTHORIZATION EFFECTIVE AUGUST 18, 2015.</u>**

# ATTACHMENT B

July 31, 2015

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521



U.S. Citizenship and Immigration Services





US

RE: 
I-765, Application for Employment Authorization

## NOTICE OF TERMINATION OF DEFERRED ACTION AND EMPLOYMENT AUTHORIZATION

Dear DACA RECIPIENT:

Please read this entire letter and make sure you understand it.

U.S. Citizenship and Immigration Services (USCIS) recently notified you that if you did not return your invalid Employment Authorization Document (EAD) with a validity period of greater than 2 years, or a certification of good cause for not returning it, by July 30, 2015, USCIS would terminate your deferred action for childhood arrivals (DACA) and all associated employment authorizations effective July 31, 2015.

**Termination of your DACA and all EADs**

USCIS has **not** received your invalid EAD **nor** your certification of good cause for being unable to return it. Therefore, USCIS **has terminated** your DACA and all associated employment authorizations (including your recently issued 2-year EAD) effective July 31, 2015.

Any **DACA-based EAD** you received (including your recently issued 2-year EAD) is now **invalid**. You **must return** all DACA-based EADs to USCIS **immediately**. Fraudulent use of your EADs could result in a referral to law enforcement.

**Returning your invalid EADs to USCIS**

You are still required to return your invalid EADs to USCIS. As noted in your Notice of Intent to Terminate, USCIS may consider failure to return your invalid EADs a negative factor in weighing whether to grant any future requests for deferred action or any other discretionary requests. To return your invalid DACA-based EADs, please send a copy of this notice and your invalid EADs to:

U.S. DEPARTMENT OF HOMELAND SECURITY
U.S. CITIZENSHIP AND IMMIGRATION SERVICES
ATTN: ACD DACA
PO BOX 87730
LINCOLN NE 68501-7730

**For more information**

If you have questions about this notice, you may call the USCIS National Customer Service Center (NCSC) at 1-800-375-5283 and select option 8. (If you are hearing impaired, you may call the NCSC's TDD number at 1-800-767-1833.)