# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

_____

STATE OF TEXAS, *et al.*                                      )
                                                             )
                                    Plaintiffs,              )
                                                             )          No. 1:14-cv-254
                        v.                                   )
                                                             )
UNITED STATES OF AMERICA, *et al.*                           )
                                                             )
                                    Defendants.              )
_____)

## JOINT MOTION TO STAY MERITS PROCEEDINGS PENDING RESOLUTION OF SUPREME COURT REVIEW

The parties hereby jointly move to stay proceedings on the merits of Plaintiffs'

claims, including the obligation to propose a schedule for resolution of the case, pending

disposition of Defendants' petition for certiorari and, if granted, final disposition of

Supreme Court review.  The basis for this motion is as follows:

1.      On February 16, 2015, the Court issued an order preliminarily enjoining

Defendants from "implementing any and all aspects or phases" of DAPA and

modifications to DACA as set forth in the November 20, 2014 memorandum that is the

subject of Plaintiffs' challenge in this case.  Order of Temporary Inj. ("Order") at 1-2

[ECF No. 144].  In that same Order, the Court directed the parties to "meet and confer

and formulate and file with the Court by February 27, 2015 an agreed upon (to the extent

possible) schedule for the resolution of the merits of the case.

2.      On February 23, 2015, Defendants appealed the preliminary injunction to

the Fifth Circuit.  [ECF No. 149].  Defendants also simultaneously filed a motion to stay

the preliminary injunction pending resolution of that appeal [ECF No. 150], which this

Court ultimately denied.  [ECF No. 225].  Defendants thereafter petitioned the Fifth Circuit for a stay of the preliminary injunction pending appeal.

3.      On February 27, 2015, the parties jointly moved before this Court to extend their deadline to file a proposal for resolving the merits of this case until 14 days after Defendants' motion for a stay of the injunction was finally resolved through any appellate channels in which relief might be sought.  [ECF No. 162].  The basis for seeking such a postponement was to allow the parties' consideration of the appropriate next steps in this case to be informed by the resolution of that stay request.  The Court granted that motion.  [ECF No. 164].  Thereafter, the Court separately stayed Defendants' obligation to respond to the complaint until further order of the Court.  [ECF No. 200].

4.      On May 26, 2015, a motions panel of the Fifth Circuit denied Defendants' application to stay the preliminary injunction pending resolution of Defendants' appeal.

5.      On June 10, 2015, the parties jointly moved to further stay procedings on the merits of Plaintiffs' claim pending final disposition of Defendants' appeal of the preliminary injunction, including through any additional appellate channels in which relief may be sought.  [ECF No. 170].  On June 11, 2015, the Court granted a stay of all proceedings on the merits of  Plaintiffs' claims, including the obligation to propose a schedule for resolving the case, pending final resolution of Defendants' appeal of the preliminary injunction in the United States Court of Appeals for the Fifth Circuit.  [ECF No. 170].  The Court also ordered the parties to jointly propose a schedule for resolving the merits of this case within 14 days after Defendants' appeal of the preliminary injunction has been finally resolved in the United States Court of Appeals for the Fifth Circuit.

6.      On November 9, 2015, a divided panel of the Fifth Circuit affirmed this Court's issuance of the preliminary injunction, although the court of appeals has not yet issued its mandate.  The Fifth Circuit addressed not only Plaintiffs' procedural Administrative Procedure Act (APA)  challenge but also their substantive APA claim that the memorandum was contrary to law, concluding that no further factual development was necessary on that issue.  Defendants have filed a petition for a writ of certiorari seeking Supreme Court review of the Fifth Circuit's decision.  The  Supreme Court's disposition of the Defendants' petition for a writ of certiorari and, if the petition is granted, the Supreme Court's decision are likely to affect the scope and nature of future litigation, and could obviate the need for further proceedings entirely.

7.      On November 9, 2015, the Fifth Circuit also reversed this Court's decision denying intervention to three Jane Does who allege that they would be eligible to request DAPA if it is allowed to be implemented.  The mandate for that decision has not yet issued.

8.      This Court has the authority to issue a stay of proceedings: "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  This Court and the parties will benefit from knowing the disposition of the petition for a writ of certiorari and any subsequent Supreme Court review, including on questions of this Court's jurisdiction and the merits of Plaintiffs' substantive and procedural APA claims, before engaging in further merits proceedings in this Court.  *See, e.g. Tax Analysts & Advocates v. Internal Revenue Service*, 405 F. Supp. 1065, 1067 (D.D.C. 1975) (staying

the district court case when a petition for certiorari in a similar case was pending before

the Supreme Court); *Coombs v. Diguglielmo*, 2004 WL 1631416 at *1-*2 (E.D. Pa. July

21, 2004) (stay granted in light of pending petition for certiorari in case that may have

"significant impact" on case before the court); *Felix v. United States*, 1992 WL 361745 at

*1 (N.D. Cal. April 29, 1992) (stay of proceedings granted to allow government

opportunity to consider seeking Supreme Court review of court of appeals' decision); *see

also Carty v. Rodriguez*, 211 Fed. Appx. 292, 293 (5th Cir. 2006) (staying district court

proceedings pending appeal of threshold qualified  immunity question).  In the meantime,

the preliminary injunction would remain in effect during the stay.  Additionally, a stay

would avoid duplicative and potentially unnecessary litigation.  *Cf. Texas Independent

Producers and Royalty Owners Assn. v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005) ("[a] stay

pending the outcome of litigation in another court between the same parties, involving the

same or controlling issues is an acceptable means of avoiding unnecessary duplication of

judicial machinery") (citation and internal quotations omitted).

9.     Although the mandate has not yet issued for the Fifth Circuit's decision on

the Jane Does' appeal concerning intervention, counsel for Defendants nevertheless

conferred with counsel for the Jane Does about their position on this joint motion.  The

Jane Does' counsel represented that they do not oppose the motion.

10.    For the foregoing reasons, the parties respectfully submit that further

proceedings on the merits of this case, including discussions about, and entry of, a

schedule for resolving the merits of the case, should be stayed pending the Supreme

Court's disposition of the Defendants' petition for a writ of certiorari and, if the petition

is granted, the Supreme Court's disposition of the case.  The parties further request that

the obligation to submit a proposal for further proceedings in this case be deferred until

21 days after final disposition of Supreme Court review.  Because the parties are

amenable to a stay of the merits proceedings, the balance of interests weighs heavily in

favor of granting that stay.

Dated:  November 23, 2015                          Respectfully submitted,

KENNETH MAGIDSON                                  BENJAMIN C. MIZER
United States Attorney                            Principal Deputy Assistant Attorney General

DANIEL DAVID HU                                   JENNIFER D. RICKETTS
Assistant United States Attorney                  Branch Director, Federal Programs Branch
Deputy Chief, Civil Division                      Attorney-in-Charge (VA Bar No. 29281)

                                                  JAMES J. GILLIGAN
                                                  Special Litigation Counsel

                                                  JOHN R. TYLER
                                                  Assistant Branch Director

                                                   */s/ Kyle R. Freeny*
                                                  BRADLEY H. COHEN
                                                  KYLE R. FREENY (Cal. Bar No. 247857)
                                                  ADAM D. KIRSCHNER
                                                  JULIE S. SALTMAN
                                                  DANIEL SCHWEI
                                                  Civil Division, Federal Programs Branch
                                                  U.S. Department of Justice
                                                  P.O. Box 883, Washington, D.C. 20044
                                                  Tel.: (202) 514-5108 / Fax: (202) 616-8470
                                                  Kyle.Freeny@usdoj.gov

                                                  *Counsel for Defendants*

                              ****

LUTHER STRANGE
*Attorney General of Alabama*

MARK BRNOVICH
*Attorney General of Arizona*

DUSTIN MCDANIEL
*Attorney General of Arkansas*

PAMELA JO BONDI
*Attorney General of Florida*

SAMUEL S. OLENS
*Attorney General of Georgia*

LAWRENCE G. WASDEN
*Attorney General of Idaho*

JOSEPH C. CHAPELLE
PETER J. RUSTHOVEN
*Counsel for the State of Indiana*

DEREK SCHMIDT
*Attorney General of Kansas*

JAMES D. "BUDDY" CALDWELL
*Attorney General of Louisiana*

TIMOTHY C. FOX
*Attorney General of Montana*

DOUGLAS J. PETERSON
*Attorney General of Nebraska*

ADAM PAUL LAXALT
*Attorney General of Nevada*

WAYNE STENEHJEM
*Attorney General of North Dakota*

KEN PAXTON
*Attorney General of Texas*

CHARLES E. ROY
*First Assistant Attorney General*

SCOTT A. KELLER
*Solicitor General*

/s/ Angela V. Colmenero
ANGELA V. COLMENERO
*Assistant Attorney General*
   Attorney-in-Charge
   State Bar No. 24048399

J. CAMPBELL BARKER
*Deputy Solicitor General*

ERIC A. HUDSON
ADAM N. BITTER
*Assistant Attorneys General*

Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548
512-936-1700

*Michael DeWine*
*Attorney General of Ohio*
*Eric E. Murphy*
*Co-counsel for the State of Ohio*

*E. Scott Pruitt*
*Attorney General of Oklahoma*

*Alan Wilson*
*Attorney General of South Carolina*

*Marty J. Jackley*
*Attorney General of South Dakota*

*Herbert Slatery III*
*Attorney General and Reporter of*
*Tennessee*

*Sean D. Reyes*
*Attorney General of Utah*

*Patrick Morrisey*
*Attorney General of West Virginia*

*Brad D. Schimel*
*Attorney General of Wisconsin*

*Bill Schuette*
*Attorney General for the People of*
*Michigan*

*Drew Snyder*
*Counsel for the Governor of Mississippi*

*Paul R. LePage*
*Governor of Maine*

*Robert C. Stephens*
*Counsel for the Governor of North*
*Carolina*

*Cally Younger*
*Counsel for the Governor of Idaho*

## CERTIFICATE OF CONFERRAL

Undersigned counsel hereby certifies that counsel for Plaintiffs, Angela Colmenero, concurred in the filing of this Joint Motion to Stay Merits Proceedings Pending Resolution of Supreme Court Review.

*/s/ Kyle R. Freeny*
Counsel for Defendants

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that a true and correct copy of the foregoing Joint Motion to Stay Merits Proceedings Pending Resolution of Supreme Court Review has been delivered electronically on November 23, 2015, to counsel of record via the District's ECF system.

*/s/ Kyle R. Freeny*
Counsel for Defendants