UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, *et al.* )<br>)<br>Defendants. )<br>) | No. 1:14-cv-254 |

## SUPPLEMENTAL FILING

Pursuant to this Court's invitation, Defendants hereby submit this additional filing on the question of intervention. As a threshold matter, because this Court has stayed further proceedings on the merits "pending [resolution of] Supreme Court review," ECF No. 320, Defendants respectfully submit that the Court need not address any intervention question during this stay. However, in the event that the Court chooses to address this matter at this time, for the reasons stated below and the reasons offered by government counsel at the hearing on December 15, 2015, while Defendants no longer contest intervention by the Jane Does, they ask the Court to deny intervention for Sheriff Joe Arpaio and not upset its previous denials of intervention for Orly Taitz, Harold William Van Allen, and Mitchell Williams.

1. **Jane Does:** On November 9, 2015, the Fifth Circuit ruled in favor of the Jane Does and found that they satisfied the standard for intervention. *See Texas v. United States*, 805 F.3d 653 (5th Cir. 2015). On January 5, 2016, the Jane Does filed an advisory that, *inter alia*, asked the Court to grant them intervention now that the mandate

has issued. *See* ECF No. 330. Although Defendants do not oppose the Jane Does' request at this time, Defendants believe it is prudent to wait until after the stay is lifted to determine whether any proceedings are necessary following Supreme Court review.

    2.    **Orly Taitz**: As discussed at the December 15 hearing, it is very clear that Orly Taitz has no right to intervene in this action pursuant to Fed. R. Civ. P. 24(a), and has failed to offer grounds on which she is entitled to permissive intervention under Rule 24(b). First, Dr. Taitz has no protectable interest. As the Fifth Circuit recently described in its *Jane Doe* decision, an intervenor must have "a stake in the matter that goes beyond a generalized preference that the case come out a certain way." *Texas v. United States*, 805 F.3d at 657. Dr. Taitz, however, was unable at the hearing on December 15 to differentiate her claims from that of any other citizen who disagrees with Defendants' policy positions. Dr. Taitz even suggested that the Court maybe "should allow" the entire population of the United States as plaintiffs, *see*, *e.g.*, Hearing Tr. 37, December 15, 2015, further emphasizing that her interest is not particularized. Dr. Taitz was also unable to explain how Texas and the other Plaintiff States could not adequately protect her interest other than stating that they may ultimately be found not to have standing, *see id*. 24-25, which is not nearly enough to overcome the presumption that a would-be intervenor's interests will be adequately protected when he or she "has the same ultimate objective as a party to the lawsuit." *Texas v. United States*, 805 F.3d at 661 (quoting *Edwards v. City of Houston,* 78 F.3d 983, 1005 (5th Cir.1996) (en banc)); see *id. &* n.5 (noting that, in general, "[i]f the 'same ultimate objective' presumption applies, 'the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption" )(internal citation omitted).

Accordingly, Dr. Taitz cannot meet the standards for either intervention of right or permissive intervention.

3. **Joe Arpaio:** Notably, Mr. Arpaio (and also Messrs. Van Allen and Williams) did not attend the December 15, 2015, hearing regarding intervention even though the Court, in its Order of December 1, 2015 (ECF No. 313), invited "those who have expressed an interest in becoming parties" to this case to attend the hearing "to address the effect of the Fifth Circuit's Jane-Doe(s) Opinion on the rights of individuals to intervene."

For this reason and for the reasons stated in Defendants' opposition to Mr. Arpaio's motion to intervene, Mr. Arpaio's pending motion should be denied. *See* Defs.' Opp. to Motion to Intervene by Sherirff Joseph Arpaio ("Defs.' Opp. to Arpaio's Mot. to Int."), ECF No. 231. Nothing in the Fifth Circuit's *Jane Doe* decision changes that analysis. Indeed, as an initial matter, Mr. Arpaio had previously filed a separate lawsuit challenging the very same policies that he seeks to challenge in this Court. *See Arpaio v. Obama*, 797 F.3d 11 (D.C. Cir. 2015) (affirming the district court's conclusion that Mr. Arpaio lacked standing to challenge deferred action policies), *petition for cert. filed*, _ U.S.L.W. _(U.S. Nov. 12, 2015) (No. 15-643). This previously-filed lawsuit precludes any action Mr. Arpaio wishes to bring here, *see* Defs.' Opp. to Arpaio's Mot. to Int. at 5-6, and further illustrates why intervention is not necessary to protect any interest Mr. Arpaio has in challenging Defendants' policies, *id*. at 7. Mr. Arpaio furthermore cannot show any more than a generalized interest in the enforcement of immigration laws, *see id*. at 3-5, and cannot demonstrate why his interests in this litigation would not be adequately protected by the State of Arizona and the other Plaintiff States, *id*. at 7-8.

4. **Harold William Van Allen**: Like Mr. Arpaio, Mr. Van Allen did not attend the December 15 hearing. None of his filings, *see, e.g.*, Motion to Intervene By Natural Born Citizen Party National Committee, and Harold William Van Allen Co-Chairperson and Candidate-Elector 2016 POTUS-CINC-VPOTUS, ECF No. 295, nor anything in the Fifth Circuit's *Jane Doe* decision should change this Court's conclusion that Mr. Van Allen should not be allowed to intervene in this case, *see* ECF No. 302 (intervention denial). Just like Dr. Taitz, Mr. Van Allen has only a generalized interest in this case and the Plaintiff States can adequately protect his interests.

5. **Mitchell Williams**: Mr. Williams also declined to attend the December 15 hearing. But in any event, the Fifth Circuit has since affirmed this Court's denial of Mr. Williams's motion to intervene. *See* Opinion, *Per Curiam*, *Texas v. United States*, No. 15-40326 (5th Cir. December 21, 2015) (Attached as Attachment 1).

## CONCLUSION

Accordingly, Defendants respectfully ask that this Court not grant any potential party intervention status while district court proceedings are stayed but, if the Court were to do so, that it would limit any grant of intervention to the Jane Does.

Dated: January 8, 2016            Respectfully submitted,

| | |
|---|---|
| KENNETH MAGIDSON | BENJAMIN C. MIZER |
| United States Attorney | Principal Deputy Assistant Attorney General |
| | |
| DANIEL DAVID HU | JENNIFER D. RICKETTS |
| Assistant United States Attorney | Branch Director, Federal Programs Branch |
| Deputy Chief, Civil Division | Attorney-in-Charge (VA Bar No. 29281) |
| | |
| | JOHN R. TYLER |
| | Assistant Branch Director |

-5-

     */s/ Adam D. Kirschner*
ADAM D. KIRSCHNER (IL Bar #6286601)
KYLE R. FREENY
JULIE S. SALTMAN
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044
Tel.: (202) 353-9265
Fax: (202) 616-8470
Adam.Kirschner@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of Defendants' Supplemental Filing has been delivered electronically on January 8, 2016, to all counsel of record through the court's ECF system.

                                                 */s/ Adam D. Kirschner*
                                                 Counsel for Defendants