United States District Court
Southern District of Texas

**ENTERED**
April 08, 2016
David J. Bradley, Clerk

**FILED**
APR -8 2016

**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, ET AL., § | | |
| Plaintiffs, § | | |
| § | | |
| V. § | CIVIL NO. B-14-254 | |
| § | | |
| UNITED STATES OF AMERICA, ET AL., § | | |
| Defendants. § | | |

# ORDER

In the immediate future, this Court intends to issue an order concerning the misrepresentations made to it and Plaintiffs' counsel by counsel for the Government. After this controversy arose, counsel for the Government presented in an *in camera* fashion to the Court four different envelopes. Defense counsel invited this Court to review the contents of Envelopes One (Government's unredacted brief) and Four (non-privilege responsive documents) and it has done so.[1] The Government asked this Court not to review the contents of Envelopes Two and Three. The Court has honored that request as well. This Court has explained on at least one prior occasion that it was perplexed by the Government's use of this unorthodox procedure. When counsel presents a court with what he or she claims is exculpatory or explanatory evidence, it is traditional to allow the court to look at it. An *in camera* presentation, made to protect a waiver of privilege, normally assumes the court, but not opposing counsel, will analyze the material. The Government's request is the equivalent of asking this Court to "take our word for it." Given the fact that the conduct under consideration concerns multiple misrepresentations (to which the Government has admitted), this approach is not reassuring.

---

[1] The Court, in describing the contents of these two envelopes, is paraphrasing the description given by the Government's counsel in its April 30, 2015 transmittal letter.

Nevertheless, since this Court intends to issue its order soon, it needs the Government to take a definitive position on whether or not it wants the Court to review the subset of documents contained in Envelopes Two and Three before it rules. The Court can not and will not base a ruling on evidence it has not seen. Therefore, the Court is returning Envelopes Two and Three to counsel for the Government unopened. It has not and will <u>not</u> consider them. They have not been officially filed nor have they been reviewed *in camera* so they are not in any sense a part of the Court's record. If the Government wants the Court to consider the contents of these envelopes, it should have them delivered to the Court by close of business on **April 15, 2016**. If it chooses to do that, the Court will review the contents before it rules. If the documents are not delivered by **5:00 p.m.** (Central Time) on **April 15, 2016**, the Court will assume the Government did not want them considered.

The Court hereby orders the District Clerk's Office to photograph the unopened envelopes and attach those photos as sealed exhibits to this order. It also orders the District Clerk's Office to ship the unopened envelopes back to the attorney who sent them to the Court.

Signed this 8th day of April, 2016.

                                                Andrew S. Hanen
                                                United States District Judge