UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

_____
                                          )
STATE OF TEXAS, *et al.*,                 )
                                          )
            Plaintiffs,                   )
                                          )  No. 1:14-CV-254
        v.                                )
                                          )
UNITED STATES OF AMERICA, *et al.*        )
                                          )
            Defendants.                   )
_____)

### DEFENDANTS' NOTICE OF SUBMISSION OF DOCUMENTS IN RESPONSE TO COURT'S ORDER OF APRIL 8, 2016

As required by the Court's Order of April 7, 2015, *see* ECF No. 226 at 11-12, the Government previously submitted to the Court, *in camera*, sealed envelopes containing privileged documents and information responsive to the Court's Order of April 7, 2015. Pursuant to the Court's Order of April 8, 2016, *see* ECF No. 342, the Government today will return one of those envelopes – Envelope 2 – to the Court for *in camera* review of those materials, as explained briefly below.[1]

Contrary to the Court's April 8, 2016 Order, the Government has not admitted that it made any misrepresentations. As the Government has previously explained, the unintentional miscommunication that occurred here was not the result of misrepresentations, let alone intentional misrepresentations, by the Government. *See, e.g.*, ECF No. 242 at 1-3, 6-22; ECF No. 265 at 10-15; June 23 Tr. at 9-15, 31-35; ECF No. 287 at 46-50; Aug. 19 Tr. at 37-40; ECF

---

[1] Given the privileged nature of the materials, which the Government continues to assert, the Government understands that Envelope 2 will not be provided to Plaintiffs. *See* ECF No. 242 at 22-27.

No. 305 at 1-5, 13-14.  And with respect to the filing of the March 3 Advisory, the undisputed record evidence—including the metadata chart and the privilege log, both of which have been provided in full to the Court and to the Plaintiffs, and were previously provided to the Clerk of Court's office and thus are part of the record—demonstrate that Defendants acted with the utmost diligence, professionalism, and speed, working literally overnight to draft the Advisory, and then filing that Advisory approximately 24 hours after the draft was first created.  *See* ECF No. 287 at 48-49; *see also*, *e.g.*, ECF No. 242 at 18-22; ECF No. 287 at 48-50; ECF No. 305 at 1-3.

The Government has previously argued—and continues respectfully to maintain—that any judicial review of the privileged material in the envelopes, if necessary, would best be referred in the first instance to another judicial officer.  Plaintiffs have agreed with this position. *See* ECF No. 242 at 24-25 (discussing reasons for referral); ECF No. 261 at 6 ("Plaintiffs gladly consent to the Court referring such *in camera* review to a magistrate judge[.]").

To the extent the Court rejects these arguments (or the Court has already rejected these arguments), the Government is resubmitting Envelope 2 for the Court's *in camera* review of those materials.  The Government notes that, although the materials in Envelope 2 corroborate that no misconduct occurred here, those materials were submitted in response to this Court's specific Order of April 7, 2015.  *See* ECF No. 226 at 11-12.  The materials were not compiled to establish an affirmative case by the Government, nor can their scope—which is defined by the Court's Order—be viewed as a waiver of an opportunity to make a complete defense, which (among other procedural protections) would be required before any sanctions could be imposed, as we have previously explained.  *See, e.g.*, ECF No. 242 at 18-22; ECF No. 265 at 15; ECF No. 287 at 50 n.22; ECF No. 305 at 4-5.

The information in Envelope 3, though responsive to the Court's April 7, 2015 Order, has little or no bearing on the Court's present inquiry, contains no evidence of misconduct, and was not relied upon in support of the Government's explanation of its conduct.  *See* ECF No. 242 at 25-27.

The Government's submission of Envelope 2 for the Court's review is with full reservation of its rights, including its continued assertion of privilege over the materials.  The Government is resubmitting Envelope 2 to the Court by docketing it with the Clerk of Court's office, thus making the documents part of the record and available for this Court's *in camera* review or review by another judicial officer.  This will be the same envelope previously submitted in connection with the Government's April 30 filing, in response to the Court's April 7, 2015 Order.  The Government respectfully submits that the information within Envelope 2 fully supports the statements made in the Government's April 30 submission, further corroborates that no misconduct occurred, and therefore should resolve any remaining concerns expressed by the Court in its Order of April 7, 2015.

## CONCLUSION

For the foregoing reasons, the Court should find that no misconduct occurred here, and conclude its inquiry into the issues identified in its April 7, 2015 Order.

Dated: April 15, 2016

KENNETH MAGIDSON
United States Attorney

DANIEL DAVID HU
Assistant United States Attorney
Deputy Chief, Civil Division

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JOYCE R. BRANDA
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel

JENNIFER D. RICKETTS
Director, Federal Programs Branch
Attorney-in-Charge (VA Bar No. 29281)

JAMES J. GILLIGAN
Special Litigation Counsel

 /s/ Daniel Schwei
DANIEL SCHWEI
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044
Tel.: (202) 305-8693
Fax: (202) 616-8470
Daniel.S.Schwei@usdoj.gov

*Counsel for Defendants*

-5-

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Defendants' Notice of Submission of Documents in Response to Court's Order of April 8, 2016 has been delivered electronically on April 15, 2016, to counsel of record via the District's ECF system.

                                                         */s/ Daniel Schwei*
                                                         Counsel for Defendants