**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**



STATE OF TEXAS, *et al.*,  §
  §
  Plaintiffs,  §
  §
v.  §  Case No. 1:14-cv-254
  §
UNITED STATES OF AMERICA, *et al.*,  §
  §
  Defendants  §
  §
  §

**JANE DOES' SECOND ADVISORY REGARDING THE PENDING FIFTH CIRCUIT
MANDATE REVERSING DENIAL OF INTERVENTION OF RIGHT**

**I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT**

The Jane Does file this second advisory to request that this Court comply with the

January 4, 2016 mandate of the Fifth Circuit reversing this Court's denial of the Jane Does'

motion for intervention of right under Federal Rule of Civil Procedure 24(a)(2).  *See* ECF No.

326 (Fifth Circuit mandate); ECF No. 327 (Fifth Circuit opinion reversing denial of ECF No. 91

motion to intervene).  As of the filing of this second advisory, the Court has not issued an order

responding to the Fifth Circuit's mandate, and the Court's docket sheet has not otherwise been

changed to reflect that the Jane Does have party status.  *See* Ex. A at 3-4 (docket sheet of May

20, 2016 listing Jane Does as terminated movants); Ex. A at 6-8 (no order issued on intervention

after December 15, 2015 hearing, which lists "Discussion held as to 91 MOTION to Intervene by

Jane Doe #1, Jane Doe #2, Jane Doe #3").

The Jane Does have already been granted party status by the Fifth Circuit in the appeal of

the preliminary injunction and have filed merits briefs and presented oral argument in the United

States Supreme Court.  To preserve their intervention of right in this Court, and to preserve their

1

ability to participate in the ongoing proceedings related to this Court's new order requiring Defendants to file under seal the sensitive personal information of over 100,000 recipients of deferred action pursuant to the 2012 DACA initiative, the Jane Does respectfully request that this Court issue an order granting the Jane Does' motion for intervention of right as Defendant-Intervenors under Rule 24(a)(2).

## II.      STATEMENT OF THE ISSUES TO BE RULED ON BY THIS COURT

This Court is required to comply with the mandate of the Fifth Circuit, issued over five months ago, that reversed this Court's denial of intervention of right and remanded for further proceedings consistent with the Fifth Circuit's published opinion.  Compliance here consists of an order granting the Jane Does' motion for intervention of right under Rule 24(a)(2).

## III.     ARGUMENT

### A.      History Of The Intervention Proceedings

The Jane Does moved on January 14, 2015 for intervention of right and permissive intervention.  *See* ECF No. 91.  On February 11, 2015, the Court denied the Jane Does' motion for intervention but allowed them to participate as *amici*.  *See* ECF No. 141.  The Jane Does appealed and, on November 9, 2015, the Fifth Circuit reversed this Court's denial of intervention, holding that "the Jane Does are entitled to intervene by right."  ECF No. 327, *Texas v. United States*, 805 F.3d 653, 664 (5th Cir. 2015).  The Fifth Circuit issued its mandate on January 4, 2016 remanding the cause "for further proceedings in accordance with the opinion of this Court."  ECF No. 326.  Consistent with its opinion, the Fifth Circuit subsequently granted the Jane Does party status in the Government's appeal of the injunction, and the Jane Does briefed and argued their positions at the Supreme Court.  Docket Sheet, No. 15-674, SUPREME COURT OF THE UNITED STATES,

http://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/15-674.htm (last visited May 19, 2016) (listing merits briefs and oral argument by Intervenors-Respondents Jane Does).

At its December 15, 2015 hearing on intervention, this Court indicated that it intended to grant the Jane Does' intervenor status as ordered by the Fifth Circuit.  Hr'g Tr. 6, 41, Dec. 15, 2015.  However, this Court did not orally grant intervention at the hearing, and the Minute Order for the hearing indicates only "Discussion held as to 91 MOTION to Intervene by Jane Doe #1, Jane Doe #2, Jane Doe #3."  *See* Ex. A at 6.  Accordingly, the day after the mandate issued on January 4, 2016, *see* ECF No. 326, the Jane Does filed their first advisory providing the Court with a proposed order granting intervention.  ECF No. 330 (advisory filed January 5, 2016); ECF No. 330-1 (proposed order).  The Jane Does also advised that they had complied with the Court's oral instructions at the December 15 hearing to confer with Plaintiffs and had reached an agreement that would allow Plaintiffs to conduct discovery while protecting the Jane Does' identities and other sensitive personal information.  ECF No. 330.

On May 19, 2016, without having acted on the Fifth Circuit mandate regarding the Jane Does' intervention, this Court ordered Defendants to file under seal the sensitive personally identifying information of over 100,000 undocumented immigrants for potential divulgence to Plaintiffs.  ECF No. 347.  Those undocumented immigrants are recipients of deferred action pursuant to the 2012 DACA initiative, which has never been enjoined and is not at issue in this case, although the length of their terms of deferred action (3 years) was determined pursuant to the DAPA guidance before it was enjoined.  ECF No. 347.  The Court's order does not deal with the approximately 2,000 three-year grants of deferred action issued *after* the injunction issued, which Defendants have already remedied.  By the same order, the Court denied "all remaining motions filed by any party."  ECF No. 347 at 28.

### B.      The Fifth Circuit's Mandate

The mandate of the Fifth Circuit consists of "a certified copy of the judgment, a copy of the court's opinion . . . and direction about costs." Fed. R. App. Procedure 41(a). These issued on January 4, 2016, and were effective as the mandate immediately upon issuance. Fed. R. App. Procedure 41(c). "A corollary of the law of the case doctrine, the mandate rule[] provides that a lower court on remand must implement both the letter and the spirit of the appellate court's mandate, and may not disregard the explicit directives of that court." *Kapche v. City of San Antonio*, 304 F.3d 493, 496 (5th Cir. 2002) (quoting *United States v. Becerra*, 155 F.3d 740 (5th Cir. 1998) (internal quotes and modifications omitted)). In following the letter and spirit of the mandate, this Court must "tak[e] into account the appeals court's opinion and circumstances it embraces." *League of Latin American Citizens v. City of Boerne*, 675 F.3d 433, 438 (5th Cir. 2012) (quotation omitted). Here, the Fifth Circuit unambiguously held that the Jane Does were entitled to intervention of right. *See Texas*, 805 F.3d at 664 ("the Jane Does are entitled to intervene by right"); *see also id.* ("In short, the Jane Does have a real, concrete stake in the outcome of this litigation—if DAPA is invalidated, the Jane Does will lose their opportunity to obtain deferred action and their opportunity to obtain employment authorization. The Jane Does are not individuals seeking to defend a governmental policy they support on ideological grounds; rather, they are the intended beneficiaries of the program being challenged.").

After filing their first advisory and proposed order granting intervention on January 5, 2016, *see* ECF No. 330; ECF No. 330-1, the Jane Does, mindful of the Court's busy docket and aware that the Supreme Court proceedings (in which they are full parties) were pending, did not press the issue further. However, in light of the Court's new order of May 19 instructing Defendants to file under seal by June 10 personally identifying information of 100,000 DACA

4

recipients for potential divulgence to Plaintiffs, a sanction that the Jane Does specifically opposed as inappropriate and outside this Court's sanctions power in their brief of September 2015, the Jane Does file this advisory requesting compliance with the Fifth Circuit's mandate. *See* ECF No. 306-1 (proposed *amicus* filing prior to Fifth Circuit's reversal of denial of intervention); ECF No. 308 (order of this Court granting the motion for leave to file the *amicus* brief).  Unless immediately added to the district court proceedings as parties, the Jane Does will not be able to participate fully—as they are entitled—in any potential further proceedings related to this Court's May 19 order.

Accordingly, the Jane Does respectfully request that this Court comply with the Fifth Circuit's mandate and immediately grant them intervention by right as Defendant-Intervenors. The Jane Does further respectfully request that this Court grant intervention by no later than May 25, 2016 so that the Jane Does have sufficient time prior to June 10 to participate in the proceedings related to this Court's May 19 order relating to divulgence of personal information of DACA recipients.

Dated:  May 20, 2016

Respectfully submitted,

**O'MELVENY & MYERS LLP**
Adam P. KohSweeney (Cal. Bar No. 229983)*
Gabriel Markoff (Cal. Bar. No. 291656)*
2 Embarcadero Center 28th Floor
San Francisco, CA 94111-3823
Phone:  (415) 984-8700
Facsimile:  (415) 984-8701

**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
By** */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046;
Southern District of Tex. Bar No. 21127)
Attorney-in-Charge
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382

**DLA PIPER LLP**
Linda J. Smith (Cal. Bar. No. 78238)*
2000 Avenue of the Stars, Ste. 400N
Los Angeles, CA 90067
Phone: (310) 595-3038
Facsimile: (310) 595-3300

*Admitted *pro hac vice*.

Attorneys for **JANE DOE #1**, **JANE DOE #2,** and **JANE DOE #3**

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May 2016, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046)
***Attorney-in-Charge for Jane Doe #1, Jane Doe #2, and Jane Doe #3***

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 20th day of May 2016, counsel for the Jane Does conferred with counsel for Plaintiffs and Defendants in this case.  Plaintiffs are not opposed to this advisory.  As of the filing of this advisory, Defendants have not indicated their position on the advisory.

*/s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046)
***Attorney-in-Charge for Jane Doe #1, Jane Doe #2, and Jane Doe #3***