**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>            Plaintiffs,<br><br>      v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     No. 1:14-cv-254-ASH |

## DECLARATION OF LEÓN RODRÍGUEZ

I, León Rodríguez, hereby make the following declaration with respect to the above captioned matter.

1)      I am the Director of U.S. Citizenship and Immigration Services ("USCIS"), a component of the Department of Homeland Security (DHS).  I was confirmed by the United States Senate on June 24, 2014, and began serving as USCIS Director on July 9, 2014.  USCIS has a workforce of approximately 18,500 people, including both federal employees and contractors, and handles approximately 8 million matters each year.

2)      I have spent a large portion of my professional career as a state and Federal prosecutor.  Throughout my career I have also served in a number of leadership positions in Federal and local government.

3)      In this declaration, I describe: (i) the procedures put in place by USCIS to ensure compliance with the court's injunction; (ii) USCIS's recent discovery of three instances in which, as a result of human error, individuals were re-sent employment authorization documents ("EADs") with greater than two-year validity periods, each of which has since been retrieved and replaced with a two-year document; and (iii) the additional measures USCIS has put in place to

more quickly identify and correct any such human errors going forward.  I make this declaration

on the basis of my personal knowledge and information made available to me in the course of

my official duties.  The statements made in this declaration are based on USCIS's current

understanding of information available at this time.

   4)  Following the Court's February 16, 2015, preliminary injunction, the Secretary of

Homeland Security and I issued various instructions to ensure DHS's compliance with the

injunction.  Among other things, we issued instructions prohibiting:  (i) implementation of the

expanded eligibility guidelines for Deferred Action for Childhood Arrivals ("DACA");

(ii) further preparation for implementation of Deferred Action for Parents of Americans and

Lawful Permanent Residents ("DAPA"); and (iii) the issuance of three-year terms of deferred

action and/or work authorization to individuals submitting requests under the 2012 DACA

guidelines.  See Declaration of León Rodríguez dated May 15, 2015 (ECF No. 256-1) ("May

2015 Rodríguez Decl."), ¶ 7; Declaration of Donald Neufeld dated May 15, 2015 ("May 2015

Neufeld Decl.") (ECF No. 256-2), ¶ 15; Declaration of León Rodríguez dated July 31, 2015

(ECF No. 287-1) ("July 2015 Rodríguez Decl."), ¶ 10 & Att. A.  These instructions remain in

place.

   5)  In addition, USCIS has implemented various technical and administrative

measures to further ensure compliance with the injunction.  These measures, all of which remain

in place, include the following:

    a.  To prevent the production and issuance of new three-year EADs, USCIS

    modified its CLAIMS 3 system, the official electronic records system used to track and

    update information and actions taken in USCIS cases, including those of DACA

    recipients.  These modifications prevent USCIS employees who adjudicate DACA

    requests (whether initial requests or requests for renewals) from entering terms of

deferred action, or EAD validity periods, of greater than two years. See July 2015 Rodríguez Decl., ¶ 9.

b.      With respect to three-year EADs that had been issued prior to the injunction, USCIS provided instructions to its adjudicators to prevent the reproduction and reissuance of such EADs in response to future requests (such as requests for replacement EADs). Specifically, USCIS instructed its adjudicators in such cases to convert the period of deferred action from three years to two years and to reissue such EADs with two-year validity periods.

c.      Pursuant to previously existing protocol, USCIS systems hold orders for EAD printing for a 48-hour period (excluding holidays and weekends) prior to moving to physical production. This protocol allows time for USCIS service centers to conduct quality-control checks and provide time to make any associated corrections. See July 2015 Rodriguez Decl. ¶ 15. To prevent inadvertent human error associated with the reissuance of EADs (such as an adjudicator ordering the reissuance of an EAD without converting the three-year period to a two-year period), USCIS has also implemented an additional protection since May 14, 2015. Specifically, USCIS now runs a query every weekday against the 48-hour hold queue maintained in the card production system to identify EAD orders with validity periods greater than two years. If a DACA EAD order involves a validity period greater than two years, this query will identify the order, pull it from the print queue, and return it to the appropriate service center for review and correction. To further ensure compliance, reports on the print queue query are prepared and shared with appropriate program offices on a daily basis.

d.      USCIS also took steps to prevent the re-mailing of three-year DACA EADs that were issued prior to injunction but that have been or will be returned as

undeliverable to its service centers by the U.S. Postal Service ("USPS").  To prevent

three-year EADs that may be returned as undeliverable from being re-mailed, USCIS

placed a "supervisory hold" on the electronic CLAIMS 3 records of all cases in which

three-year EADs were issued prior to the injunction.  These holds alert system users of

the need to review any future actions in order to prevent any action from being taken in

these cases without approval of a CLAIMS 3 user with supervisory permissions.  See

July 2015 Neufeld Decl., ¶¶ 5, 20.  Records Management personnel with supervisory

access were instructed that three-year EADs cannot be re-mailed.  Id. ¶ 20.  To prevent

the re-mailing of undeliverable three-year EADs that were in secure storage, Records

Management Personnel identified, sequestered and clipped the corners of all such EADs.

Id. ¶ 21.  In cases in which USCIS obtains a new address, the recipients' terms of

deferred action and employment authorization are converted from three years to two

years, and they are issued a replacement two-year EAD.  Id.

6)      Since implementation of these efforts, USCIS has not produced or issued any new

DACA EAD with a validity period greater than two years.  To provide context, USCIS produced

and issued approximately 100,000 DACA EADs in the first and second quarters of this fiscal

year.  See Number of I-821D,Consideration of Deferred Action for Childhood Arrivals by Fiscal

Year, Quarter, Intake, Biometrics and Case Status: 2012-2016 (March 31), USCIS, https://www.

uscis.gov/sites/default/files/USCIS/Resources/Reports%20and%20Studies/Immigration%20For

ms%20Data/All%20Form%20Types/DACA/I821d_performancedata_fy2016_qtr2.pdf (last

visited March 24, 2016).

7)      Despite these efforts, however, in the course of querying its CLAIMS 3 system

for purposes of its May 25, 2016, report to the Court regarding compliance with the injunction,

USCIS discovered within the last week that since the last status update to the Court, a total of

three EADs with validity periods greater than two years—each of which had been produced and issued prior to the injunction—were inadvertently resent after having been returned to USCIS. The first was resent in October 2015 to a recipient in Texas, the second was resent in December 2015 to a recipient in Pennsylvania, and the third was resent in December 2015 to a recipient in California. These EADs were resent due to human error and despite the above-described USCIS instructions.

       8)      Upon discovery of these cases, USCIS took prompt corrective action similar to that taken by the agency in the past with respect to previously re-mailed EADs with validity periods greater than two years. See July 2015 Rodriguez Decl., ¶ 5. Among other things, USCIS has since: (1) contacted the recipients and retrieved each of the three-year EADs; (2) converted each of the three individuals' terms of deferred action and employment authorization, as reflected in the official CLAIMS 3 records system, from three years to two years; (3) issued new two-year approval notices (for deferred action and employment authorization) to each of these three individuals; (4) issued replacement two-year EADs to each of these three individuals; and (5) updated the electronic system used by SAVE and E-Verify to reflect the updates to each of these three individuals' records.

       9)      Finally, to ensure compliance with the Court's injunction to the best of the agency's ability, particularly in cases involving returned EADs, I have instructed USCIS to expand upon the existing processes described in this declaration intended to identify and prevent the issuance or remailing of DACA EADs with validity periods longer than two years. Specifically, I have instructed USCIS to conduct monthly checks of systems to identify any such EADs that may be issued or re-mailed despite the safeguards described above, to allow USCIS to take prompt corrective action.

5

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

May  25 , 2016

Leon Rodríguez