United States District Court
Southern District of Texas
**ENTERED**
May 27, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, ET AL., | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-14-254 |
| | § | |
| UNITED STATES OF AMERICA, ET AL., | § | |
| Defendants. | § | |

# ORDER

The Court has before it a "Second Advisory" filed by the Jane Doe intervenors. [Doc. No. 349]. The Court will address the Jane Does' concern so that they may proceed without worry, although their counsel should be aware that advisories do not require any action from a court. First, this Court granted the intervention of the Jane Does on December 15, 2015. At that hearing, the Court allowed counsel for the Jane Does to fully participate as intervening parties, including arguing on the merits of the Motion to Stay and on the issue as to whether the intervention of Dr. Orly Taitz should be permitted. The Jane Does remain parties in this case, and have the right to participate fully in it, as indeed they already have.

The Court in the December 15, 2015, hearing denied intervention as to any putative intervenor who was not present. After ruling on these intervenors, the Court ruled that, "with regard to the Jane Doe's [sic], they are obviously in." [Doc. No. 324 at 41]. The Court used the word "obviously" because it had already let the counsel for the Jane Does participate on the pending issues. The Court's only deferred ruling at that hearing was on the renewed request to intervene by Dr. Orly Taitz. (It will address her renewed request to intervene if and when the case is remanded to this Court and the stay is lifted.) The Court concluded that hearing by granting the Motion to Stay. The Court assumes that the District Clerk's office will update the

docket entries to reflect these changes once the stay is no longer in effect, but regardless the Jane Does are already parties in this case.

The Court has not signed the order attached to this Advisory or the one attached to an earlier Advisory for two reasons. First, the case on the merits is stayed at the request of all parties, including the Jane Does. Second, the advisories do not comply with the Local Rules of the Southern District of Texas for motions. As mentioned above, the Court granted the Jane Does' intervention on December 15, 2015. If the Jane Does would like a specific order that grants them something beyond their participation as intervenors, they should submit a motion following the Local Rules. If they would like a ruling on it before the Supreme Court's decision, they also should make a motion to lift the stay that is currently in place.

According to the Local Rules of the Southern District of Texas, if the motion is unopposed, it must be so designated. S.D. Tex. Local Court Rule 7.2. Courts in this district generally will rule on an unopposed motion as soon as their dockets allow. If the motion is opposed, Local Rule 7.1 requires an averment that the movant has conferred with opposing counsel and that an agreement could not be reached. *Id.* 7.1. The motion is then automatically submitted for that court's consideration after twenty-one (21) days without notice. *Id.* 7.3. If it is not correctly filed, it is never submitted for a court's consideration.

The Second Advisory also states that in the first Advisory the Jane Does had told the Court that they had "reached an agreement" with the parties "that would allow Plaintiffs to conduct discovery while protecting the Jane Does' identities and other sensitive personal information. ECF No. 330." [Doc. No. 349 at 3]. The language of the earlier Advisory only stated that "Plaintiffs are agreeable to reviewing a proposed protective order that, should discovery start in this litigation, would allow the Plaintiffs to conduct discovery while shielding

the Jane Does' sensitive personal information, including their names." [Doc. No. 330 at 1]. If the parties have indeed reached an agreement on a proposed protective order and how to proceed, they are invited to submit it in accordance with the Local Rules as described above. *See* S.D. Tex. Local Court Rules 7.1 & 7.2.

If a proper motion is filed and the order is unopposed (and the movants further indicate that the other parties have no objection to the lifting of the stay on the merits proceedings), this Court will immediately review it and rule. If a proper motion is filed and the order is opposed, or the lifting of the stay is opposed, the Court will set the motion for a hearing as one of its first orders of business once the stay is lifted. Regardless of what course of action counsel for the Jane Does choose with respect to their proposed order, the intervention of the Jane Does was granted in December of 2015 and they will remain parties until a further order of this Court or an appropriate appellate court.

Signed this 27th day of May, 2016.

                                                             Andrew S. Hanen
                                                            United States District Judge