## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:14-cv-254-ASH |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| Defendants. | ) |

## DECLARATION OF LEE J. LOFTHUS

I, Lee J. Lofthus, hereby make the following declaration with respect to the above-captioned matter.

1) I am the Assistant Attorney General for Administration for the Department of Justice (DOJ). I lead the Justice Management Division (JMD). I was appointed by the Attorney General as Acting Assistant Attorney General for Administration on June 1, 2006 and as Assistant Attorney General for Administration on December 15, 2006.

2) JMD provides senior management officials with advice relating to basic Departmental policy for budget and financial management, personnel management and training, procurement, ethics, equal employment opportunity, information processing, telecommunications, security, and all matters pertaining to organization, management, and administration. JMD provides policy oversight and guidance in those areas for Department components.

3) I joined the Department of Justice in 1982, and have served in management positions overseeing financial operations, financial policy, reporting, and systems, throughout

my career. I currently serve as the Department's Chief Financial Officer and Chief Acquisition Officer.

4) I also serve as the Designated Agency Ethics Official (DAEO) for the Department overseeing the Departmental Ethics Office and the government ethics program for all Department components. In that capacity, my office provides direction and guidance to ensure that all ethics training requirements are met and that quality training is provided covering all required government ethics topics impacting the work of the component.

5) I make this declaration on the basis of my personal knowledge and information made available to me in the course of my official duties. The statements made in this declaration are based on JMD's current understanding of information available at this time.

\*      \*      \*

6) The Department of Justice is committed to maintaining high standards of ethical conduct and professionalism for its attorneys. The Department of Justice recognizes the importance of training its employees, and the benefit appropriate training confers on Department employees. It is for this reason that, with few exceptions, the Department's Professionalism Policy currently requires that attorneys certify that they have completed at least four hours of professionalism training (two hours of Department of Justice professional responsibility, one hour of government ethics, and one hour of sexual harassment and non-discrimination training) each calendar year. Attorneys have various other annual training requirements related to issues such as electronic discovery, computer security, and the Department's telework policy. In addition to these requirements, individual components may require additional training on issues pertinent to their specific missions.

7) Further, DOJ attorneys are required by law, *see* 28 USC 530C(c)(1), to certify each year that they remain in good standing with a bar of any state or the District of Columbia. Individual attorneys, therefore, must also comply with state bar requirements, including those pertaining to professional ethics and continuing legal education.

8) The Departmental policies impose these requirements to ensure that Justice Department attorneys receive the training needed to perform at the high level of professional and ethical standards expected of them.

\*    \*    \*

9) I have reviewed the May 19, 2016 Order in *Texas v. United States*, No. 14-254 (S.D. Tex.), and provide the following estimates regarding the resources required for the Department to comply with the Order.

10) The estimated total dollar cost to the Department of compliance with the training and reporting requirements imposed by the Order is $1,561,059 or $959,587 for the first year, depending on factors discussed below. The estimated total dollar cost of compliance with the training and reporting requirements imposed by the Order over the next five years, taking into account 1 percent inflation, is $7,973,121 or $4,905,011, depending on factors discussed below.

### Estimated Cost of Providing Ethics Training To Covered Attorneys

11) The total estimated number of attorneys employed in litigating components" at the Justice Department in Washington, D.C.," *see* Order at 25, that handle cases throughout the United States, is approximately 3,400. (Some of these attorneys are located in field offices outside Washington, D.C.)

3

a. This includes the following litigating components: Antitrust Division; National Security Division; Civil Division; Criminal Division; Civil Rights Division; Environmental and Natural Resources Division; and Tax Division.

b. Although individual attorneys or groups of attorneys within these components may handle cases only in particular jurisdictions, the Department seeks to ensure that its attorneys are available to practice in any jurisdiction should the need arise. Thus, I have included all attorneys employed in these litigating components potentially covered by the Order in my estimate. The time constraints on creating this estimate did not allow for attorney-specific, or even sub-component-specific, inquiries.

12) In order to provide "at least three hours of ethics training per year" on "the ethical codes of conduct . . . applicable in" all jurisdictions in which an attorney may appear, *see id.*, I estimate that each attorney will require three hours of general ethics and professionalism training, as well as at least one hour of additional training to account for possible differences between states in their ethics rules. This is a conservative estimate, which may require enhancement to account for attorneys with cases pending in multiple States among the 26 identified jurisdictions and additional time to accommodate the differences between their ethics codes.

13) Because "self-study or online study [does] not comply with th[e] Order," *id.*, I estimate that the most cost-effective method for ensuring compliance with the Order is to provide in-person training sessions at the main Department of Justice building that can accommodate large numbers of attorneys.

a. I received an estimate from a "recognized ethics expert ... unaffiliated with the Justice Department," *id.*, regarding the costs and operational requirements of providing in-person training as described above. I was not able to obtain estimates from additional training providers due to time constraints.

b. Based on that information, I estimate that no more than 200 attorneys may attend a training session at one time.

c. The room large enough to accommodate an audience of 200 attorneys is located at the Department of Justice Headquarters.

d. Most of the 3400 attorneys covered by the Order do not work in the Department of Justice Headquarters. The majority of these attorneys are located in other Department buildings throughout the Washington, DC, metro area.

14) I estimate that at least 20 training sessions, accommodating up to 200 attorneys each, will need to be offered every year for which the Court's order remains in effect. I estimate that twenty sessions will provide sufficient opportunities to have make-up sessions for covered attorneys to attend a training, given that many of these attorneys have limited availability due to their litigation schedules. However, this estimate is conservative, as additional sessions may be necessary to accommodate attorneys' availability.

15) I estimate that the cost to the Department for purchasing the 20-session training program would be $80,000 for a four-hour training serving no more than 200 attorneys per training for the current year. The total cost over five years is estimated at $418,231.

a. Based on the estimate I received, an outside provider would charge $5,000 to develop an in-person, general ethics training. The charge for a second session of the same training would be $3,500, and each additional training session would

5

cost $2,500. These estimates include materials for the training, such as hand-outs or visual aids.

b. I estimate that the one-hour training session on the ethical rules of specific states would cost an additional $26,500 per year to develop and provide.

c. In calculating the cost for subsequent years covered by the court order, I estimated an additional $2,500 in years two through five to ensure the program accounts for new developments with respect to all 26 state ethical codes and included a 1% inflationary factor during that same period.

d. If it were determined that this training program fulfilled the pre-existing Departmental requirement for professionalism training discussed below, I estimate that the net cost of the program over and above pre-existing training development costs to be $60,000 for Fiscal Year 2016 and $316,211 for the five years covered by the Court's Order. The lower price accounts for the estimated savings from not providing the two-hour DOJ professionalism training that would be fulfilled by the four-hour training course described above. The five year cost was calculated as described in ¶ 16(b).

16) In addition to the cost of implementing the specific training aspects of the program itself, the Department will incur an additional dollar loss resulting from the productivity cost of Department attorneys spending either three or five hours away from their duties. Quantifying the dollar loss to the department is necessarily inexact, but to the extent it can be quantified, the numbers below reflect my best estimate.

a. Based on the information available at this time I cannot determine whether the estimated four hours of ethics training required by the Order—the three hours of

general ethics and the one hour accounting for the differences among the states—would fulfill the two-hour, professional responsibility training requirement imposed by the Department.

b. Accordingly, I cannot determine at this time whether Department attorneys must complete at least four hours of ethics training in addition to the four hours already required by the Department for a total of at least eight hours of ethics training per year, or whether the four hours of training required by the Order would result in a productivity cost of two hours per attorney.

c. Assuming that the four-hour training does not overlap with the Department's own four-hour professionalism training requirement, compliance with the Order would result in the Department incurring a total productivity cost of five hours from each attorney: four additional hours of training per year, as well as one hour to account for travel to and from the training. This amounts to an estimated total dollar value loss of $1,453,679 annually. Taking into account a 1 percent inflation rate, the estimated total dollar value loss of productivity for five years is $7,415,224.

d. This number was calculated by using the total attorney hours lost per component, and the average attorney salary and benefits per component.

17) Adding the procurement costs for the training results in an estimated total cost to the Department of $1,533,679 annually, and $7,833,455 for five years taking into account a 1 percent inflation rate associated with providing training in accordance with the Order to covered attorneys.

18) If the four hours of training required by the Order count towards the Department's two-hour professionalism requirement, the Department incurs a total productivity cost of three

7

additional hours per attorney. In this scenario, the total dollar value loss annually is estimated at $872,207. Taking into account a 1 percent inflation rate, the total dollar value loss of productivity for five years is estimated at $4,449,134.

19) Adding the procurement costs for the training results in an estimated total cost to the Department of $932,207 annually, and $4,765,345 for five years taking into account a 1 percent inflation rate, associated with providing training in accordance with the Order to covered attorneys.

20) I estimate that the procurement process, including contracting with an outside expert to develop and conduct the required training course will likely require a minimum of 60 days to complete. In addition, I estimate at least 30 days will be required to develop, review, and finalize the course content. This could leave only approximately three months to schedule and hold the trainings, and to complete the certification and reporting requirements for 2016.

### Estimated Cost of Complying With Reporting Requirement

21) The Order also requires the Attorney General to "appoint a person within the Department to ensure compliance with this Order," who must "annually file one report with this Court including a list of the Justice Department attorneys" who are covered by the Order, and a certification—including the name of each lawyer, the court(s) in which she appeared, the date(s) of the appearances, and the time and location of the ethics training she attended.

22) I estimate that filing such a report would require the work of one senior-level employee and one administrative employee, working in conjunction with one administrative employee in each component, to compile, organize, and file the information in accordance with the Order.

23) The total productivity cost of requiring these employees to divert their attention to complying with the Order's reporting requirement is $27,380 annually. Taking into account a 1 percent inflation rate, I estimate that the total dollar value of lost productivity required by these employees to comply with the Order's reporting requirement for five years is $139,666.

   a. I estimate that it would require approximately 40 hours of work per year by the senior-level employee and 200 hours of work per year by the administrative employee to oversee the collection of information and preparation of a report.

   b. I estimate that the administrative employee in each component who collects information and certifications for that component will require 200 hours of work per year to complete those tasks.

   c. I calculated these estimated amounts using the above work-hour estimates and the average salaries of such employees.

\*   \*   \*

24) The above estimates are based on the best available data at this time. As we continue to collect data and understand the implications of the Order, these estimates could change.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May **31**, 2016

_____
Lee J. Lofthus