**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

_____
                                       )
STATE OF TEXAS, *et al.*,          )
                                       )
        Plaintiffs,      )
                                       )    No. 1:14-CV-254
v.                                   )
                                       )
UNITED STATES OF AMERICA, *et al.*  )
                                       )
       Defendants.      )
_____)

**DEFENDANTS' MOTION TO VACATE SANCTIONS ORDERS OF MAY 19, 2016
TO PRESERVE THE COURT'S JURISDICTION**

**INTRODUCTION AND SUMMARY OF THE ARGUMENT**

Defendants respectfully request, pursuant to Federal Rules of Civil Procedure 59(e), 60(b), and/or 54(b), that the Court vacate both the public and sealed orders issued on May 19, 2016. *See* ECF Nos. 347 & 348. This motion is not intended to interfere with the additional proceedings that the Court has scheduled to address the issues underlying the May 19 orders— *i.e.*, additional argument and evidence to be filed on July 31, 2016, and a status conference on August 22, 2016. *See* ECF No. 364. Rather, granting this requested relief will ensure that the Court retains jurisdiction to conduct those proceedings. Although the Court has stayed its public order at least until August 22, 2016, *see id.*, vacatur of both orders is nonetheless appropriate to allow these additional proceedings to continue in an orderly manner.

In the absence of vacatur, the Court may encounter limitations on its jurisdiction to conduct further proceedings regarding the subject matter of the May 19 orders. Under Federal Rule of Appellate Procedure 4(a)(1)(B), the Government's notice of appeal from both orders would have been due sixty days after their entry—*i.e.*, on July 18, 2016. The Intervenors already

have filed a notice of appeal from a portion of the Court's public May 19 order. *See* ECF No. 358. Although the filing of the present motion suspends the Intervenors' notice of appeal, *see* Fed. R. App. P. 4(a)(4)(B)(i), and also extends the time for the Government to appeal from both May 19 orders, *see id.* 4(a)(4)(A)(iv), (v), that remains the case only while this motion is pending. Thus, once the Court rules on this motion, unless the May 19 orders are vacated the Intervenors' notice of appeal will become effective, and Defendants would also need to file a timely notice of appeal to fully protect their rights. Notices of appeal from appealable orders, however, divest a district court of jurisdiction over the subject matter of those orders. *See, e.g.*, *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Vacatur of the May 19 orders is appropriate, therefore, to ensure that this Court retains jurisdiction even after it rules on this motion. Vacatur would render the Intervenors' notice of appeal moot, would eliminate the need for the Government to file any notice of appeal, and thus would guarantee that this Court retains authority to conduct the additional proceedings scheduled for July 31 and August 22.

In short, the relief requested herein will ensure that this Court's further proceedings may continue in a flexible and orderly manner, without implicating potentially complex jurisdictional questions related to notices of appeals. Vacatur of the May 19 orders would of course pose no obstacle to the Court entering any further orders it deems appropriate once the additional proceedings scheduled for July 31 and August 22 are completed.

Pursuant to Local Rule 7.1(D), Defendants aver that their counsel conferred with counsel for Plaintiffs, but counsel cannot agree about the disposition of the motion. Defendants' counsel also conferred with counsel for the Intervenors, who take no position on this motion.

## NATURE AND STAGE OF THE PROCEEDING

On May 19, 2016, this Court entered two sanctions orders against Defendants and their counsel. First, the Court issued a public order concluding that the Government made intentional

misrepresentations to the Court in bad faith. ECF No. 347 at 19-20. The Court ordered, *inter alia*, that the Government file with the Court personally identifying information for individuals in the Plaintiff States who were accorded deferred action under the 2012 DACA guidelines but with three-year terms (per the 2014 Deferred Action Guidance) rather than two-year terms; that the Department of Justice provide certain ethics training for its Washington, D.C.-based attorneys who appear in courts within the Plaintiff States; that the Attorney General develop a plan to ensure that the alleged misconduct involving intentional misrepresentations does not occur again; and that the Attorney General report what steps she is taking to ensure that the Department's Office of Professional Responsibility effectively executes its mission. *See id.* at 22-27. The Court's second order was issued under seal, and revoked the *pro hac vice* status of certain Department of Justice counsel who had appeared in the case. *See id.* at 28; ECF No. 348.

On May 31, 2016, the Government filed a motion to stay the Court's public order pending further review. *See* ECF No. 354. On June 5, 2016, the Intervenors filed a notice of appeal from the portion of the Court's public order requiring that the Government provide the Court with personally identifying information for individuals in the Plaintiff States who had received three-year instead of two-year terms of deferred action. *See* ECF No. 358.

On June 7, 2016, the Court held a hearing on the Government's motion to stay, at the close of which the Court stated that it would stay its sanctions ruling pending a hearing on August 22, 2016. June 7 Tr. at 51. Explaining that it was still "solicitous of [the Government's] input," *id.* at 54, the Court stated it would give the Government until July 31, 2016, to submit another filing discussing appropriate sanctions, as well as any additional evidence the Government wished to submit regarding the alleged misrepresentations. *Id.* at 52-54.

Later on June 7, the Court entered an order setting a status conference for August 22, 2016; staying its public order "pending the outcome of that hearing"; staying "all proceedings on the merits per the outcome of that hearing"; and stating that "Defendants have until July 31, 2016 to file any submission they wish as to an appropriate sanction for the misrepresentations which were the subject of this Court's May 19, 2016 order and/or any evidence they may have concerning the misrepresentations discussed in that order." ECF No. 364.[1]

## STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

Defendants respectfully request that the Court vacate its May 19 sanctions orders pursuant to Federal Rules of Civil Procedure 59(e), 60(b), and/or 54(b).  If the May 19 orders are not vacated, once the Court rules on this motion the Government would have to file a timely notice of appeal of those orders to protect its interests, which could divest this Court of jurisdiction over the subject matter of those orders.  Indeed, the Intervenors already have filed a notice of appeal from a portion of the public order, which could divest this Court of jurisdiction over at least that portion of the order if the Court were to deny Defendants' request for vacatur.[2]

---

[1] Prior to the June 7 hearing, Defendants filed in the Court of Appeals a petition for a writ of mandamus and an emergency motion to stay the Court's public order.  Following the Court's entry of its June 7 Order, Defendants withdrew the emergency motion to stay.  In accordance with the Court of Appeals' request, *see* Letter of June 8, 2016, *In re United States*, No. 16-40795 (5th Cir.), Defendants will file a letter with the Court of Appeals regarding the mandamus petition by June 22, 2016.

[2] As noted above, the notice of appeal filed by the Intervenors is currently suspended given the filing of this motion.  *See* Fed. R. App. P. 4(a)(4)(B)(i).  Once this motion is ruled upon, jurisdiction would return to the court of appeals.  *See* Fed. R. App. P. 4 adv. cmte. note (1991 amendment) ("A notice [of appeal] filed before the filing of one of the specified motions . . . is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals."); *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005).  Because the notice of appeal is currently suspended by this motion, this Court retains jurisdiction to vacate the May 19 orders.

Because the Court's public order imposes affirmative obligations on the Department of Homeland Security, the Attorney General, and thousands of Department of Justice attorneys, the public order may be regarded as an appealable order. *See* 28 U.S.C. § 1292(a)(1). As such, the public order may also constitute a "judgment" within the meaning of Federal Rule of Civil Procedure 54(a), which may be vacated pursuant to Rules 59(e) and 60(b). Because the Court's sealed order is inextricably intertwined with the public order—*i.e.*, the findings of the public order constitute the basis for the relief imposed in the sealed order—the Court likewise should vacate the sealed order. To the extent a separate procedural basis is needed to vacate the sealed order, however, Defendants also move to vacate that order pursuant to Rule 54(b).

Under Rule 59(e), a party may file a "motion to alter or amend a judgment," including a motion seeking to vacate the judgment. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). When deciding such a motion, "[t]he district court has considerable discretion," and should strive to "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.*

Rule 60(b) authorizes a court to vacate a judgment on a variety of enumerated grounds, Fed. R. Civ. P. 60(b)(1)-(5), as well as for "any other reason that justifies relief," *id.* 60(b)(6). This Rule similarly reflects a balance between finality and ensuring that final decisions are correct and based on all the relevant facts: "[A]lthough the desideratum of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). Courts ruling on motions under Rule 60(b) should also take into account equitable principles, *see Bros. Inc. v. W. E. Grace Mfg. Co.*, 320 F.2d 594, 610 (5th Cir. 1963), which means that the court

"ordinarily should incline toward granting rather than denying relief, especially if no intervening rights have attached in reliance upon the judgment and no actual injustice will ensue." Wright & Miller, *Federal Practice & Procedure* § 2857 (3d ed. Apr. 2016).

Finally, to the extent the Court's sealed May 19 order is considered wholly independently, Rule 54 provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order for any reason it deems sufficient." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013).

Preservation of the Court's jurisdiction to reconsider the May 19 orders in light of additional evidence and arguments justifies vacatur under all of these standards.[3]

## ARGUMENT

The Court's Order of June 7, 2016, *see* ECF No. 364, schedules additional proceedings in this matter to provide the Government an opportunity to submit, and for this Court to consider, "any evidence [Defendants] may have concerning the misrepresentations discussed in [the public sanctions] order," and "any submission they wish as to an appropriate sanction." In light of this June 7 Order, the Court should vacate both of its May 19 orders to ensure the Court's retention of jurisdiction to conduct these additional proceedings and then to issue whatever order the Court then deems appropriate.

---

[3] Vacatur is also warranted for the substantive reasons set forth in the Government's previously filed stay motion. *See* ECF No. 354-1 at 3-8.

Under Federal Rule of Appellate Procedure 4(a)(1)(B), the Government's notice of appeal from both orders would have been due sixty days after their entry—*i.e.*, on July 18, 2016. The timely filing of this motion under Rules 59(e) and 60(b) extends the time for filing an appeal, but only until 60 days after disposition of the motion. Fed. R. App. P. 4(a)(4)(A)(iv), (v). Vacatur of the May 19 orders is appropriate, therefore, to ensure that this Court retains jurisdiction even after it rules on this motion. Vacatur would render the Intervenors' notice of appeal moot, would eliminate the need for the Government to file any notice of appeal, and thus would ensure that this Court retains jurisdiction to conduct the additional proceedings it already has scheduled for July 31 and August 22, 2016, and thereafter to issue any appropriate order.

**1.** As noted above, the Court's public order may be regarded as an interlocutory injunction from which an appeal may be taken, *see* 28 U.S.C. § 1292(a)(1), and the Court's sealed order is inextricably intertwined with the public order. Typically the Government is provided 60 days following entry of an appealable order to file a notice of appeal therefrom. *See* Fed. R. App. P. 4(a)(1)(B). Although the Court's Order of June 7 stayed the public order at least until August 22, 2016, *see* ECF No. 364, the stay of an order does not toll the time for filing an appeal. *See* Fed. R. App. P. 4(a); *Milligan v. Matthews*, 166 F. App'x 335, 338 (10th Cir. 2006). Therefore, once this Court rules on this motion, unless the May 19 orders are vacated, the Government would be compelled to file a notice of appeal from both orders to protect its right to a timely appeal.

Typically once a notice of appeal from an appealable order is filed, the district court is divested of jurisdiction over all aspects of the case related to the judgments or orders being appealed. *See Griggs*, 459 U.S. at 58; *Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 819 (5th Cir. 1989). The district court may no longer alter the judgment or order "except to maintain the

status quo of the parties pending the appeal." *Coastal Corp.*, 869 F.2d at 819. Thus, "a district court cannot generally accept new evidence or arguments on the injunction while the validity of the injunction is on appeal." *Id.* at 820.[4]

Applied here, those jurisdictional limitations would mean that once the Government filed a notice of appeal from both orders, this Court could cease to have jurisdiction to withdraw or modify those orders (except to stay them consistent with preserving the status quo). This Court also could lack jurisdiction even to conduct the proceedings on July 31 and August 22—*i.e.*, to accept new evidence and arguments regarding the May 19 orders. Indeed, because the Intervenors already have filed a notice of appeal with respect to at least one portion of the public order, *see* ECF No. 358, once this motion is ruled upon and unless the May 19 orders are vacated, this Court could at that point already have been divested of jurisdiction in at least some if not all respects.[5]

To avoid the risk that the Court would lack jurisdiction to conduct the future proceedings it already has determined are appropriate, vacatur of both May 19 orders is also appropriate. If the instant request for vacatur were denied, the Intervenors' previously filed notice of appeal, and any notice of appeal filed by the Government, may deprive this Court of jurisdiction to conduct

---

[4] In contrast, the filing of Defendants' mandamus petition did not divest the Court of jurisdiction over the subject matter of the May 19 orders. *See In re Conrad*, 211 F. App'x 312, 314 (5th Cir. 2006); *Woodson v. Surgitek*, 57 F.3d 1406, 1416 (5th Cir. 1995) (the rule that an appeal "terminates the jurisdiction of the district court . . . does not apply to petitions for writ of mandamus").

[5] Because the portion of the public May 19 order from which the Intervenors have appealed is inextricably intertwined with the remainder of the sanctions imposed by that order— as all the sanctions ordered are premised on the same findings of bad-faith misconduct—the Intervenors' notice of appeal arguably could divest the Court of all jurisdiction over the subject matter of that order.

those future proceedings. To ensure that this Court retains jurisdiction, both of the Court's May 19 orders should be vacated.

**2.** Vacating the May 19 orders is amply supported by the case law surrounding Rules 59(e) and 60(b). As discussed above, under those Rules a court weighs the competing interests of finality and ensuring that the court's rulings are based on all of the evidence. Here, the Court already has conducted that balancing and determined that further proceedings are warranted to allow reconsideration of the May 19 orders in light of additional evidence and argument. Thus, vacatur of the previous rulings is more than justified. *See Luig v. N. Bay Enters., Inc.*, 817 F.3d 901, 907 (5th Cir. 2016) (holding that Rule 59(e) motion should have been granted when party sought opportunity to present evidence on the issue that was the basis for the Court's decision); *Gray v. Estelle*, 574 F.2d 209, 215 (5th Cir. 1978) (vacating judgment under Rule 60(b)(6) to allow for submission of additional evidence because "[t]he consequences of the relief granted are simply too severe to allow the decision to be based on an incomplete record"); *Chi. & E. Ill. R.R. Co. v. Ill. Cent. R.R. Co.*, 261 F. Supp. 289, 305 (N.D. Ill. 1966).

Equitable principles also support vacatur of the May 19 orders. No opposing party will be prejudiced by vacating those orders; nor will vacatur unduly delay or complicate these proceedings. The Court's public order already has been stayed at least until August 22, 2016, and vacating the orders would not preclude the Court from thereafter issuing any orders it deemed appropriate following the proceedings on July 31 and August 22. Thus, vacatur would merely ensure that jurisdiction exists for the additional proceedings, and that the Court's ultimate disposition of the matter is based on the complete record compiled during those proceedings.

**3.** Because the Court's two May 19 orders are inextricably intertwined—the rationale and basis for the Court's sealed order is wholly set forth in the public order—vacatur of

the public order should also result in vacatur of the sealed order. *Cf. Thornton v. Gen. Motors Corp.*, 136 F.3d 450, 453-54 (5th Cir. 1998) (granting relief over a non-final sanctions order that is "inextricably intertwined" with an appealable order). But to the extent the sealed order, if viewed wholly independently, would not itself be subject to relief under Rules 59(e) and 60(b), vacatur nonetheless would be appropriate under Rule 54, which states that any non-final "order or other decision . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Dietz v. Bouldin*, No. 15-458, --- S. Ct. ----, 2016 WL 3189528, at *5 (June 9, 2016) ("[T]he Court has recognized that a district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case."); *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210 (5th Cir. 2010) ("[W]hen a district court rules on an interlocutory order, it is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."). Again, for all of the reasons that vacatur is appropriate under Rules 59(e) and 60(b), vacatur of the sealed order would also be warranted under Rule 54(b).

## CONCLUSION

For the foregoing reasons, the Court should vacate both the public and the sealed orders issued on May 19, 2016, *see* ECF Nos. 347 and 348.

Dated: June 16, 2016

KENNETH MAGIDSON
United States Attorney

DANIEL DAVID HU
Assistant United States Attorney
Chief, Civil Division

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JOYCE R. BRANDA
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel

JENNIFER D. RICKETTS
Director, Federal Programs Branch
Attorney-in-Charge (VA Bar No. 29281)

JAMES J. GILLIGAN
Special Litigation Counsel

 /s/ Daniel Schwei
DANIEL SCHWEI
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044
Tel.: (202) 305-8693
Fax: (202) 616-8470
Daniel.S.Schwei@usdoj.gov

*Counsel for Defendants*

-12-

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Defendants' Motion to Vacate Sanctions Orders of May 19, 2016 to Preserve the Court's Jurisdiction has been delivered electronically on June 16, 2016, to counsel of record via the District's ECF system.

                                              */s/ Daniel Schwei*
                                              Counsel for Defendants