IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, *et al.*, | ) <br> ) <br> ) |
| *Plaintiffs*, | ) <br> ) |
| v. | ) Case No. 1:14-cv-254 <br> ) |
| UNITED STATES OF AMERICA, *et al.*, | ) <br> ) <br> ) |
| *Defendants.* | ) <br> ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO VACATE
SANCTIONS ORDERS OF MAY 19, 2016**

In their motion, ECF No. 373, Defendants ask the Court to vacate its May 19, 2016 orders that imposed sanctions based on a finding of intentional misrepresentations by Defendants' counsel. Defendants assert that the May 19 orders must be vacated because Defendants' anticipated appeal of these rulings would divest this Court of jurisdiction over ongoing sanctions matters while an appeal is pending. According to Defendants, vacatur would eliminate the need for them to appeal the sanctions orders—and render moot the Defendant-Intervenors Jane Does' appeal of a portion of one order—while ensuring the Court retains authority to conduct further sanctions proceedings.

Defendants' motion is not well-taken. First, the motion proceeds as though jurisdiction would exist over an immediate appeal of the May 19 orders. But sanctions orders—even those that impose affirmative obligations—are generally *not* immediately appealable. Second, even if the Court of Appeals would have jurisdiction

over an immediate appeal, Defendants have not shown why the Court should vacate its rulings and obviate the need for an appeal. Defendants' desire to submit evidence that they could have offered before and avoid "potentially complex jurisdictional questions" does not satisfy their burden to obtain extraordinary relief. ECF No. 373 at 2

1. **Vacatur is unwarranted because the May 19 sanctions orders are not subject to immediate appeal.**

At the outset, Defendants' motion should be rejected because the May 19 orders are not immediately appealable. There is no basis for granting a motion based on pursuit of an appeal over which there is not appellate jurisdiction.

    a. *May 19 Sanctions Orders and Subsequent Stay*

The May 19 orders imposed several obligations on Defendants after finding that their counsel made intentional misrepresentations regarding the implementation of the 2014 DHS Directive. Specifically, the Court ordered that:

- Defendants must file, under seal, a list of individuals residing in the Plaintiff States who were "given benefits (and whose benefits have not been withdrawn) under the 2014 DHS Directive." ECF No. 347 at 22-23.

- Any attorney employed by the Department of Justice in Washington, D.C. who "appears, or seeks to appear, in a court (state or federal) in any of the 26 Plaintiff States" must attend a legal ethics course annually. *Id.* at 25.

- The Attorney General must appoint a DOJ employee to monitor compliance with the public sanctions order and submit annual certifications (through 2021) relating to the legal ethics training component of the order. *Id.* at 26.

- Within 60 days of the public sanctions order, the Attorney General must submit a report to the Court detailing a "comprehensive plan" to prevent "unethical conduct from ever occurring again" and outlining the steps being taken by DOJ's Office of Professional Responsibility in light of the conduct at issue in the order. *Id.* at 27.

In a separate, sealed order, the Court revoked the *pro hac vice* status of certain attorneys who had appeared on behalf of Defendants in this litigation. *Id.* at 28.

On May 31, 2016, Defendants moved to stay the public sanctions order. ECF No. 354. Before the Court's June 7 hearing on the stay motion, Defendants petitioned for a writ of mandamus and sought an emergency stay from the Court of Appeals. ECF No. 373 at 4 n.1; ECF No. 363. The Jane Does also appealed the portion of the sanctions order requiring the filing of information regarding three-year DACA recipients. ECF No. 358. Following the June 7 hearing, the Court stayed its public sanctions order pending an August 22, 2016 status conference and allowed Defendants until July 31, 2016 to file an additional submission "and/or any evidence they may have concerning the misrepresentations discussed in that order." ECF No. 364.[1]

  b. *Defendants' Request for Vacatur of May 19 Sanctions Orders*

Against that backdrop, Defendants ask the Court to vacate its May 19 orders. Defendants indicate that if the Court does not grant their motion, they will be forced to appeal the sanctions rulings and the Court will lose jurisdiction "to conduct the future proceedings it already has determined are appropriate." ECF No. 373 at 8. As a first step, therefore, the Court must consider whether the sanctions orders are appealable at this stage. If they are not, then Defendants' premise that this Court will lose jurisdiction is incorrect. Yet, on this point, Defendants say only that the public

---

[1] The Court of Appeals has since dismissed Defendants' mandamus petition—and a similar mandamus petition filed by several three-year DACA recipients—as premature in light of this Court's decision to hold another hearing on sanctions matters. ECF No. 375. The Jane Does' appeal remains pending.

sanctions order "may be regarded as an interlocutory injunction" subject to immediate appeal under 28 U.S.C. § 1292(a)(1) because the order "imposes affirmative obligations" on DHS, the Attorney General, and DOJ attorneys. *Id.* at 5, 7.[2]

There is no basis for an interlocutory appeal of the May 19 orders. The jurisdiction of federal courts of appeals generally extends only to "final decisions of the district courts." 28 U.S.C. § 1291. A decision is not final unless "it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204 (1999) (citation and internal quotation marks omitted). As a result, sanctions orders that do not terminate a lawsuit are generally not subject to immediate appeal. In *Williams v. Midwest Employers Casualty Co.*, for example, the Fifth Circuit held that an award of sanctions for misrepresentations was not appealable as a final decision because no judgment was entered and the case continued. 243 F.3d 208, 208-09 (5th Cir. 2001) (per curiam). Nor was the sanctions order appealable under the collateral-order doctrine, *id.* at 209-10, which recognizes appellate jurisdiction in a "small category of decisions that . . . do not end the litigation," *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995).[3] So too in *Click v. Abilene National Bank*, where the Fifth Circuit found that it lacked jurisdiction to review a sanctions order that struck appellants' amended complaint but did not dismiss the case entirely. 822 F.2d 544, 545 (5th Cir. 1987) (per curiam).[4]

---

[2] 28 U.S.C. § 1292(a)(1) provides for the interlocutory appeal of district court orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions."

[3] Appealable collateral orders "include[ ] only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Swint*, 514 U.S. at 42.

[4] *See also Cunningham*, 527 U.S. at 210 (order imposing sanctions on attorney for discovery abuses was not a final decision under 28 U.S.C. § 1291).

4

The lesson from these cases is that allowing the immediate appeal of sanctions orders would conflict with the wide discretion afforded a district court to manage and resolve litigation before it. *Id.* Rather, sanctions orders "can be and routinely are appealed when merged in the district court's final judgment." *Id.* A contrary approach would lead to "the very sorts of piecemeal appeals and concomitant delays that the final judgment rule was designed to prevent." *Cunningham*, 527 U.S. at 209.

Section 1292(a)(1) allows appeals from injunctions, but that provision does not apply here. This is so for three reasons. First, the fact that the May 19 orders impose certain affirmative obligations does not alter the general rule that sanctions orders cannot be immediately appealed. *See Conerly v. Ordeneaux*, 143 F. App'x 575, 576 (5th Cir. 2005) (per curiam) (sanctions order requiring plaintiff's counsel to write a letter of apology to opposing counsel was not immediately appealable). Second, § 1292(a)(1) extends only to orders impacting the merits of a case; it does not apply to orders that seek to manage court proceedings by compelling or restraining conduct. *United States v. Brown*, 218 F.3d 415, 422 n.7 (5th Cir. 2000) (gag order limiting public statements by parties was imposed as case management procedure and thus not appealable under § 1292(a)(1)).[5] Third, even assuming the May 19 orders have the practical effect of a mandatory injunction, Defendants have not demonstrated

---

[5] *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988) ("An order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1)."); *Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 25 (1966) (orders relating to pretrial procedures, rather than the merits of a case, are not appealable under § 1292(a)(1)); *Hamilton v. Robertson*, 854 F.2d 740, 741 (5th Cir. 1988) (per curiam) ("[Section 1292(a)(1)] does not authorize appeals from orders that compel or restrain conduct pursuant to the court's authority to control proceedings before it, even if the order is cast in injunctive terms." (citation and internal quotation marks omitted)).

that the orders would cause "serious, perhaps irreparable consequence" so that an immediate appeal is the only way to effectively challenge them. *EEOC v. Kerrville Bus Co.*, 925 F.2d 129, 131-32 (5th Cir. 1991); *accord In re Deepwater Horizon*, 793 F.3d 479, 491-92 (5th Cir. 2015).

**2.    Even if the May 19 sanctions orders could be immediately appealed, Defendants have not established that vacatur is appropriate here.**

Assuming *arguendo* that the May 19 orders could be appealed at this stage, Defendants' motion still fails. They have not shown that any of the Federal Rules of Civil Procedure on which they rely for vacatur—Rules 59(e), 60(b), and 54(b)—authorize the requested relief under the circumstances.

    *a.    Rule 60(b)*

Rule 60(b) permits a court to relieve a party "from a final judgment, order, or proceeding" for, among things, "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). This rule, however, only applies *after* entry of final judgment; it does not extend to interlocutory orders. *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985). Even so, Rule 60(b)(6) is a narrow provision for which Defendants must establish "extraordinary circumstances." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002); *see Frazier v. Map Oil Tools, Inc.*, 725 F. Supp. 2d 597, 609 (S.D Tex. 2010) (recognizing that Rule 60 is not the appropriate vehicle for rehashing old arguments or advancing legal theories that could have been presented before).

Defendants contend that vacatur is justified to avoid "potentially complex jurisdictional questions related to notices of appeals" and allow them to submit additional evidence and argument. ECF No. 373 at 2, 9. As noted above, there are no

jurisdictional constraints here because the sanctions orders are not immediately appealable. *See supra* Part 1.b. What is more, Defendants' interest in supplying further evidence or argument—none of which appears to be newly discovered—is insufficient to constitute "extraordinary circumstances" given their opportunities to submit this information before. *Cf. Gray v. Estelle*, 574 F.2d 209, 215 (5th Cir. 1978) (in habeas corpus proceeding, vacating trial court judgment because of incomplete record on critical question of whether petitioner had waived conflict of interest of attorney before murder trial), *cited in* ECF No. 373 at 9. Defendants' motion should be rejected.[6]

    b.    *Rule 59(e)*

In the same way, Rule 59(e) provides no ground for vacating the May 19 sanctions orders. This provision allows a party to file a "motion to alter or amend a judgment." FED. R. CIV. P. 59(e). Similar to Rule 60(b), Rule 59(e) applies only to final judgments, not interlocutory orders like those at issue here. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003). But even if Defendants could overcome this hurdle, they still would have to show they are entitled to relief under Rule 59(e). This is no small task, as the rule "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *In re Deepwater Horizon*, 785 F.3d 986, 991 (5th Cir. 2015) (citation and internal quotation marks omitted). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry

---

[6] Alternatively, to the extent the Court believes that its ongoing review of pending sanctions matters implicates "potentially complex jurisdictional questions" (ECF No. 373 at 2), it could decide to defer a ruling on Defendants' request for vacatur until all remaining sanctions issues have been resolved.

of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Defendants make no attempt to satisfy this standard—instead relying on conclusory assertions about submitting additional evidence and argument to the Court—and their request for vacatur should therefore be rejected.

    c.    *Rule 54(b)*

The same is true for Defendants' reliance on Rule 54(b). Under this provision, interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). Defendants contend that vacatur of the sealed sanctions order is appropriate under Rule 54(b)—which allows for reconsideration of non-final orders—to the extent that it is "viewed wholly independently" from the public order. ECF No. 373 at 9-10. Defendants provide no separate rationale for vacating the sealed order, asserting only that the two orders are "inextricably intertwined" and that the reasons for vacating under Rules 59 and 60 apply equally to Rule 54(b). *Id.* Whether the two orders are linked to one another, however, only answers one question. Defendants still must demonstrate that the circumstances justify *vacating* the sealed order, as opposed to some other modification. Yet, Defendants offer nothing that would allow the Court to make this finding. *See supra* Parts 2.a-b. Their request should be denied.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully submit that the Court should deny the Motion to Vacate.

Respectfully submitted,

LUTHER STRANGE
*Attorney General of Alabama*

MARK BRNOVICH
*Attorney General of Arizona*

DUSTIN MCDANIEL
*Attorney General of Arkansas*

PAMELA JO BONDI
*Attorney General of Florida*

SAMUEL S. OLENS
*Attorney General of Georgia*

LAWRENCE G. WASDEN
*Attorney General of Idaho*

JOSEPH C. CHAPELLE
PETER J. RUSTHOVEN
*Counsel for the State of Indiana*

DEREK SCHMIDT
*Attorney General of Kansas*

JAMES D. "BUDDY" CALDWELL
*Attorney General of Louisiana*

TIMOTHY C. FOX
*Attorney General of Montana*

DOUG PETERSON
*Attorney General of Nebraska*

ADAM PAUL LAXALT
*Attorney General of Nevada*

WAYNE STENEHJEM
*Attorney General of North Dakota*

KEN PAXTON
*Attorney General of Texas*

JEFFREY C. MATEER
*First Assistant Attorney General*

BRANTLEY STARR
*Deputy First Assistant Attorney General*

SCOTT A. KELLER
*Solicitor General*

/s/   *Angela V. Colmenero*
ANGELA V. COLMENERO
*Assistant Attorney General*
**Attorney-in-Charge**
Tx. Bar No. 24048399
Southern District ID No. 1002881

J. CAMPBELL BARKER
*Deputy Solicitor General*

ERIC A. HUDSON
ADAM N. BITTER
*Assistant Attorneys General*

Office of the Attorney General of Texas
P.O. Box 12548
Austin, Tx.  78711-2548
(512) 936-1700

MICHAEL DEWINE
*Attorney General of Ohio*
ERIC E. MURPHY
*Co-counsel for the State of Ohio*

E. SCOTT PRUITT
*Attorney General of Oklahoma*

ALAN WILSON
*Attorney General of South Carolina*

MARTY J. JACKLEY
*Attorney General of South Dakota*

HERBERT SLATERY III
*Attorney General and Reporter of Tennessee*

SEAN D. REYES
*Attorney General of Utah*

PATRICK MORRISEY
*Attorney General of West Virginia*

BRAD D. SCHIMEL
*Attorney General of Wisconsin*

BILL SCHUETTE
*Attorney General for the People of Michigan*

DREW SNYDER
*Counsel for the Governor of Mississippi*

PAUL R. LEPAGE
*Governor of Maine*

ROBERT C. STEPHENS
*Counsel for the Governor of North Carolina*

CALLY YOUNGER
*Counsel for the Governor of Idaho*

**CERTIFICATE OF SERVICE**

    I certify that I served a copy of this notice on all counsel of record on this the 6th day of July, 2016, via this Court's CM/ECF system.

                                                  /s/ *Angela V. Colmenero*
                                                ANGELA V. COLMENERO