UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

_____
                                                                )
STATE OF TEXAS, *et al.*,                             )
                                                                )
                 Plaintiffs,           )
                                                                )     No. 1:14-CV-254
     v.                                                )
                                                                )
UNITED STATES OF AMERICA, *et al.*,    )
                                                                )
                 Defendants.         )
_____)

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THE MOTION TO
VACATE SANCTIONS ORDERS OF MAY 19, 2016**

**INTRODUCTION AND SUMMARY OF THE ARGUMENT**

The Government has moved to vacate the Court's May 19, 2016 orders, primarily for the purpose of avoiding a complex jurisdictional problem: if the May 19 orders are not vacated, Defendants will need to file a notice of appeal to protect their rights, which may cause this Court to lose jurisdiction to conduct further proceedings related to the May 19 orders. Plaintiffs' opposition, *see* ECF No. 377, responds by disputing that this jurisdictional problem exists, and also questioning the procedural basis for vacatur. Neither of Plaintiffs' arguments has merit; the proper course is for the Court to vacate its May 19 orders.

First, Plaintiffs' argument that the May 19 orders are not appealable only proves the relevant point, *viz.*, that the appealability of those orders is a complicated question. Absent vacatur, there is at least some uncertainty about whether this Court would retain jurisdiction to conduct its contemplated future proceedings after Defendants appeal from the Court's May 19 orders. In the face of such jurisdictional uncertainty, the best course is for the Court to vacate the orders and eliminate any doubt. That is particularly true because the appealability of the May 19

orders is fundamentally a question for the Court of Appeals to decide, and as a practical matter any such decision would be unlikely to occur prior to this Court's proceedings currently scheduled for July 31 and August 22. Vacatur is amply warranted in order to avoid a jurisdictional cloud hanging over and potentially interfering with this Court's ongoing proceedings.

Second, Plaintiffs purport to question whether Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure (relied upon by Defendants) even allow for vacatur, but this is simply a reprise of their appealability argument. An order, if appealable, qualifies under the terms of Rule 54(b) as a "judgment" subject to vacatur under at least Rule 59(e). And even if Rule 60(b) were limited to "final" judgments, at least some aspects of the May 19 orders may be considered sufficiently final to qualify. Furthermore, Plaintiffs do not dispute that the Court has authority to vacate its May 19 orders under Rule 54(b), on which Defendants also rely.

As to the ultimate question—whether the Court should exercise its authority to vacate the orders here—Plaintiffs' only argument is that Defendants' intent to submit additional evidence does not constitute "extraordinary circumstances" justifying vacatur. Plaintiffs' argument is inapposite, however, because the Court has already granted Defendants the opportunity to submit additional evidence. Thus, the issue is not whether the May 19 orders should be vacated to allow Defendants an opportunity to submit additional evidence, but rather whether the May 19 orders should be vacated in light of the Court's previous decision to provide Defendants that opportunity.

Vacatur is warranted not only for the jurisdictional reasons discussed above, but also for substantive reasons—those set forth in the Government's motion to stay, *see* ECF No. 354-1, as well as the need to ensure that the Court's resolution of these issues proceeds on a clean slate and

based on a complete record. Notably, Plaintiffs have not identified a substantive reason why vacatur would be inappropriate, including any prejudice to their interests. Indeed, it is undisputed that vacatur of the May 19 orders would not prevent the Court from issuing whatever order(s) the Court deemed appropriate following the proceedings on July 31 and August 22. For this reason, the Court should grant Defendants' motion and vacate the May 19 orders.

Finally, to the extent the Court has decided not to vacate the May 19 orders in response to this motion, as Plaintiffs note the best course would be to defer ruling on the motion (rather than deny the motion) so that the July 31 and August 22 proceedings may continue without any doubts surrounding the Court's jurisdiction.

## ARGUMENT

### I. Vacatur of the May 19 Orders is Warranted to Avoid a Complex Jurisdictional Issue

Plaintiffs argue that declining to vacate the May 19 orders will not lead to any jurisdictional problems, because the May 19 orders are not immediately appealable. But this misapprehends the import of Defendants' motion: the objective is to avoid uncertainty and even the *potential* that this Court might lack jurisdiction to conduct the contemplated proceedings currently scheduled for July 31 and August 22.

#### A. This Court's Appealability Determination Would Not Solve the Jurisdictional Uncertainty, and That Determination is Properly Left to the Court of Appeals Itself

Plaintiffs' opposition is built upon the premise that, "[a]s a first step . . . the Court must consider whether the sanctions orders are appealable at this stage," because "[i]f they are not, then Defendants' premise that this Court will lose jurisdiction is incorrect." Pls.' Resp. (ECF No. 377) at 3. The implication seems to be that vacatur of the May 19 orders would not be necessary in that situation—*i.e.*, if the Court determines the orders are not appealable—because this Court's determination of non-appealability would be sufficient to avoid any jurisdictional

doubts regarding the future proceedings. It would not: Even if this Court ruled that the orders are not appealable, the Government would still need to file a protective notice of appeal in case the Court of Appeals disagrees with this Court's analysis. Thus, the jurisdictional uncertainty would still occur. Furthermore, Plaintiffs are effectively asking this Court to determine the scope of the Court of Appeals' own jurisdiction, which is a question properly decided by that Court.

First, as a practical matter, if the Court were to deny the Government's motion to vacate on the basis that the May 19 orders are not appealable, the Government would still need to file a notice of appeal from those orders to fully protect its rights. (Indeed, the Intervenors have already filed a notice of appeal from at least one portion of the public May 19 order. *See* ECF No. 358.) The filing of the notice of appeal would create the same jurisdictional uncertainties, regardless of this Court's determination on appealability. Additionally, those uncertainties would not be resolved until the Court of Appeals itself rules on the appealability issue, which would almost certainly be well after this Court's proceedings scheduled for July 31 and August 22.

Thus, Plaintiffs' approach would still cause a jurisdictional cloud to hang over the Court's currently scheduled proceedings, which would lead to confusion and potential disruption depending on how the Court of Appeals ultimately ruled. For example, if this Court were to continue proceedings on the May 19 orders pending a simultaneous appeal to the Court of Appeals, then the risk would arise that this Court's proceedings may be held null and void should the Court of Appeals decide it had jurisdiction over the appeal. The better course, therefore, is to decline to rule on the appealability of the May 19 orders, vacate the orders instead, and then continue with the July 31 and August 22 proceedings as scheduled.

Vacatur would also avoid other pitfalls. Plaintiffs' approach effectively asks this Court to determine the scope of the Court of Appeals' own jurisdiction. The Court of Appeals, however,

is the appropriate court to decide that issue. *See United States v. Shipp*, 203 U.S. 563, 573 (1906) (Holmes, J.) ("[I]f this court had no jurisdiction of the appeal, this court, and this court alone, could decide that such was the law. It and it alone necessarily had jurisdiction to decide whether the case was properly before it."); *United States v. Cusson*, 132 F.2d 413, 414 (2d Cir. 1942) (Hand, J.) ("The allowance of an appeal . . . involves no judicial decision except that the appellate court will have jurisdiction over the appeal when allowed; and it is the almost universal practise to leave even that to the appellate court itself."); *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994). At least as a matter of judicial comity, this Court should not rule on the appealability of the May 19 orders.

Additionally, even assuming this Court would retain jurisdiction to conduct its future proceedings notwithstanding a timely filed notice of appeal, the appellate proceedings could potentially move forward as well—which would result in duplicative, simultaneous proceedings related to the May 19 orders in both this Court and the Court of Appeals, an inefficient and problematic way to proceed. *See Bradford-Scott Data Corp. v. Physician Comput. Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997) (Easterbrook, J.) ("[I]t is fundamental to a hierarchical judiciary that 'a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.'" (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)); *see also CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 251 (5th Cir. 2006). Vacatur would ensure that duplicative proceedings do not occur, and thus is the better course.

      **B.    There Is At Least Some Uncertainty Regarding the May 19 Orders' Appealability**

Even if the Court decided to evaluate the appealability of the May 19 orders, the resolution of that question is not obvious. Plaintiffs argue that the May 19 orders are not

injunctive within the meaning of 28 U.S.C. § 1291(a)(1), and Plaintiffs also rely on the proposition that sanctions orders generally are not immediately appealable. But the May 19 orders here go well beyond a typical sanctions order, and in any event the mere uncertainty as to whether the orders are appealable is sufficient to warrant vacatur.

As an initial matter, Plaintiffs' arguments misunderstand the purpose of the Government's motion here. As discussed above, the point is not to obtain a definitive ruling from this Court on the appealability of the May 19 orders. Rather, the goal is to avoid even the potential for jurisdictional uncertainty, to allow the July 31 and August 22 proceedings to continue in a flexible and orderly manner without disruption. Thus, it is sufficient to demonstrate that there is at least some uncertainty whether the May 19 orders are immediately appealable.

Here, the May 19 orders may be appealable as interlocutory injunctive orders under 28 U.S.C. § 1292(a)(1). Plaintiffs argue that this statute "does not apply to orders that seek to manage court proceedings by compelling or restraining conduct." Pls.' Resp. at 5. But as Plaintiffs themselves acknowledge, *see id.* at 2, the May 19 orders go beyond simple procedural orders designed to control the litigation of a case. The Court's public May 19 order, *inter alia*, directs the provision of a significant amount of personally identifiable information for approximately 50,000 individuals; compels an ethics training program for thousands of Department of Justice employees; requires monitoring and reporting on that program for a period of five years; and requires the Attorney General to prepare and submit to the Court plans on how to prevent unethical conduct from ever occurring again. ECF No. 347 at 24-27. This broad, wide-ranging order is not limited to controlling the litigation of this case, *see id.* at 27 (describing the Court's order as "compel[ling] the Attorney General, or her designee, to take the necessary steps to ensure that DOJ attorneys act honestly in the future"), and therefore may be appealable

under § 1292(a)(1) as an interlocutory injunction. *Cf. In re Showa Denko K.K. L-Tryptophan Prods. Liab. Litig.-II*, 953 F.2d 162, 165 (4th Cir. 1992) (interlocutory order requiring defendants "to certify compliance with its terms" even in "other proceedings beyond the scope of the multi-district litigation" was appealable injunction).

Plaintiffs also argue that "Defendants have not demonstrated that the orders would cause 'serious, perhaps irreparable consequence' so that an immediate appeal is the only way to effectively challenge them." Pls.' Resp. at 5-6. But this showing is not a requirement for appellate jurisdiction under § 1292(a)(1): "Orders which explicitly grant or deny injunctive relief are immediately appealable as of right; no additional finding of immediate, irreparable injury is required." *Ali v. Quarterman*, 607 F.3d 1046, 1048 (5th Cir. 2010) (quoting *Sherri A.D. v. Kirby*, 975 F.2d 193, 203 (5th Cir. 1992)). In any event, Plaintiffs ignore the significant showing put forth by Defendants in connection with their motion to stay the public May 19 order. *See* ECF No. 354-1 at 8-11.

Finally, Plaintiffs rely on the proposition that sanctions orders generally are not final judgments subject to appeal under a different jurisdictional statute, 28 U.S.C. § 1291. *See* Pls.' Resp. at 4-5. But the appealability of the May 19 orders as final judgments under § 1291 says nothing about their appealability as interlocutory injunctive orders under § 1292(a)(1). And in any event, the caselaw cited by Plaintiffs involved very different forms of sanctions, such as discovery sanctions under Rule 37, *see Cunningham v. Hamilton Cty.*, 527 U.S. 198 (1999), or Rule 11 sanctions related to the striking of an interlocutory pleading, *see Click v. Abilene Nat'l Bank*, 822 F.2d 544, 545 (5th Cir. 1987). It is far from clear that these cases' finality analysis would apply to both of the Court's May 19 orders here. *See, e.g.*, *Thyssen, Inc. v. S/S Chuen On*, 693 F.2d 1171, 1173 & n.2 (5th Cir. 1982) (holding that a punitive sanction, even though not

imposed pursuant to criminal contempt procedures, was immediately appealable as a final order); *In re Fema Trailer Formaldehyde Prods. Liab.*, 401 F. App'x 877, 881 (5th Cir. 2010) (holding that sanction directed at non-party was a collateral order subject to immediate appeal); *see also Williams v. Midwest Emp'rs Cas. Co.*, 243 F.3d 208, 209-10 (5th Cir. 2001); *S. Ry. Co. v. Lanham*, 403 F.2d 119, 124 (5th Cir. 1968). Even in terms of finality under § 1291, then, it is not at all clear that Plaintiffs' analysis is correct.

## II.     Relief is Available and Warranted Under the Cited Rules

Plaintiffs offer a series of technical arguments as to why relief should not be granted under Rules 59(e), 60(b), or 54(b). *See* Pls.' Resp. at 6-8. These arguments are also meritless, and provide no basis for declining to vacate the May 19 orders.

Many of Plaintiffs' technical arguments are just re-packaged versions of the appealability argument discussed above. For example, Plaintiffs are wrong to suggest that "there are no jurisdictional constraints here because the sanctions orders are not immediately appealable." Pls.' Resp. at 6-7. Additionally, if the May 19 orders are considered to be appealable, relief is indeed available under at least Rule 59(e)—appealable orders, even if interlocutory, still qualify as "judgments" within the meaning of Rule 54(a). *See, e.g.*, *Nat'l Basketball Ass'n v. Minnesota Prof'l Basketball, Ltd. P'ship*, 56 F.3d 866, 872 (8th Cir. 1995) (the definition of judgment "encompasses interlocutory rulings that are appealable as of right, like preliminary injunctions, in addition to final judgments on the merits"). And even if Rule 60(b) is limited to "final" judgments, it is possible that at least certain aspects of the May 19 orders may be considered sufficiently final for relief under the rule. *See* Section I.B, *supra*. To a large degree, then, Plaintiffs' procedural arguments are derivative of their prior arguments on appealability. But in any event, the Court need not parse through Plaintiffs' technical arguments about the various

potential bases for granting relief, because even Plaintiffs concede that vacatur is available pursuant to Rule 54(b).  *See* Pls.' Resp. at 8.

Turning to the question whether vacatur is warranted under the cited Rules, the preservation of this Court's jurisdiction to receive additional evidence and conduct further proceedings amply supports relief.  *See* Defs.' Mot. (ECF No. 373) at 8-10.  In response, Plaintiffs assert that Defendants have not established "extraordinary circumstances" justifying the presentation of additional evidence.  *See id.* at 6-7.  But that overlooks the fact that the Court has already decided to provide Defendants with the opportunity to submit additional evidence.  *See* ECF No. 364.  Thus, the question here is whether vacatur is appropriate in light of the Court's prior decision to provide that opportunity to submit additional evidence.  It is.

Moreover, Plaintiffs' opposition erroneously assumes that avoiding the complicated jurisdictional issue is the sole basis for vacatur.  There are also substantive reasons for vacatur, which include each of the arguments set forth in the Government's motion to stay, *see* Defs.' Mot. at 6 n.3, as well as the need for the Court to consider the issues underlying its May 19 orders on a clean slate and based on the full record submitted in the upcoming proceedings.

Notably, Plaintiffs' arguments on the propriety of vacatur are exclusively procedural; Plaintiffs do not identify any equitable or other substantive reason why vacatur should not be granted.  Plaintiffs do not dispute that vacatur of the May 19 orders would not prevent this Court from issuing any orders it deems appropriate following the proceedings on July 31 and August 22.  From an equitable perspective, therefore, the balance tips squarely in favor of vacatur:  there is no harm to Plaintiffs in granting Defendants' motion, whereas there are significant benefits achieved for both Defendants—and in particular this Court—in terms of allowing the Court's further proceedings to continue in an efficient and orderly manner.  Such

equitable considerations extend to both the sealed order and the public order. Given that the findings for both orders are inextricably intertwined, the reasons for vacatur—both jurisdictional and substantive—apply equally to both orders.

Finally, Plaintiffs suggest in a footnote that the Court could preserve its jurisdiction simply by delaying resolution of this motion. *See* Pls.' Resp. at 7 n.6. While this is correct as a legal matter, the availability of that option is not itself a reason to decline to vacate the May 19 orders, especially in light of the substantive arguments supporting vacatur. The proper course remains for the Court to promptly vacate both May 19 orders. Nonetheless, to the extent the Court has decided not to do so, Defendants agree that the Court should defer ruling on this motion (rather than deny the motion) to ensure that the July 31 and August 22 proceedings are unencumbered by any doubts regarding this Court's jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court should vacate both the public and the sealed orders issued on May 19, 2016, *see* ECF Nos. 347 and 348.

Dated: July 18, 2016

KENNETH MAGIDSON
United States Attorney

DANIEL DAVID HU
Assistant United States Attorney
Chief, Civil Division

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JOYCE R. BRANDA
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel

JENNIFER D. RICKETTS
Director, Federal Programs Branch
Attorney-in-Charge (VA Bar No. 29281)

JAMES J. GILLIGAN
Special Litigation Counsel

 /s/ Daniel Schwei
DANIEL SCHWEI
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044
Tel.: (202) 305-8693
Fax: (202) 616-8470
Daniel.S.Schwei@usdoj.gov

*Counsel for Defendants*

-11-

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing Defendants' Reply Memorandum in Support of the Motion to Vacate Sanctions Orders of May 19, 2016 has been delivered electronically on July 18, 2016, to counsel of record via the District's ECF system.

                                                      */s/ Daniel Schwei*
                                                      Counsel for Defendants