UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

_____
                                            )
STATE OF TEXAS, *et al.*,                   )
                                            )
            Plaintiffs,                     )
                                            )   No. 1:14-CV-254
    v.                                      )
                                            )
UNITED STATES OF AMERICA, *et al.*          )
                                            )
            Defendants.                     )
_____ )

### DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL AND *IN CAMERA* THEIR RESPONSE TO THE COURT'S ORDER OF JUNE 7, 2016

### Introduction and Summary of the Argument

Defendants respectfully request that the Court grant Defendants leave to file under seal and *in camera* their response to the Court's Order of June 7, 2016. *See* ECF No. 364. Defendants' response and accompanying declarations will necessarily include a significant amount of information that is privileged. They will also contain sensitive personal information, and will necessarily identify the counsel named in the Court's sealed order of May 19, 2016, *see* ECF No. 348. For all these reasons, filing Defendants' response under seal and *in camera* is necessary to avoid the improper disclosure of these types of information. The Government intends to file on the public docket a redacted version of its submission no later than August 8, 2016.

### Certificate of Conference

Pursuant to Local Rule 7.1(D), Defendants aver that their counsel conferred with counsel for Plaintiffs, who do not oppose this motion. Defendants' counsel also conferred with counsel for the Intervenors, who also do not oppose this motion.

## Nature and Stage of the Proceeding

On May 19, 2016, this Court entered two sanctions orders against Defendants and their counsel. First, the Court issued a public order, which relied on certain privileged information contained in a sealed filing submitted by the Government on April 30, 2015. *See* ECF No. 242; ECF No. 347 at 2 n.2. That April 30 submission was filed under seal and *in camera*, as authorized by the Court's earlier order of April 7, 2015. *See* ECF No. 226 at 11-12. The Court's public order of May 19, 2016, expressly declined to unseal the April 30 filing. *See* ECF No. 347 at 2 n.2.

The second order issued by the Court on May 19, 2016, was issued under seal, and revoked the *pro hac vice* status of certain Department of Justice counsel who had appeared in the case. *See id.* at 28; ECF No. 348. This sealed Order was provided only to counsel for Defendants. *See generally* ECF Nos. 351, 352.

On June 7, 2016, after a hearing, the Court stayed its public order of May 19 "pending the outcome" of a status conference scheduled for August 22. ECF No. 364. The Court also provided the Government an opportunity "to file . . . any evidence they may have concerning the misrepresentations discussed" in the public May 19 order. ECF No. 364.

## Statement of the Issues and Standard of Review

Defendants respectfully request that the Court grant leave for Defendants to file their response to the Court's June 7 Order under seal and *in camera*, with a redacted version to follow on the public docket by August 8, 2016. The decision whether to permit sealing of court records "is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).

**Discussion**

Later today Defendants will respond to the Court's June 7 Order by submitting a significant amount of factual information—*i.e.*, ten declarations from attorneys involved in the Government's defense of this case—which will necessarily contain significant amounts of privileged information, as well as sensitive personal information and discussions that would identify the counsel named within the Court's sealed order of May 19.[*] To protect against disclosure of each type of information, the Court should grant Defendants leave to submit their response under seal and *in camera*.

First, it is entirely appropriate to restrict access to privileged materials filed with the Court, as the Fifth Circuit has previously recognized, and also as this Court recognized in its previous April 7 Order. *See* ECF No. 226 at 11-12; *see also, e.g.*, *Great Lakes Carbon Corp. v. Cont'l Oil Co.*, 345 F.2d 175, 176 (5th Cir. 1965). As discussed in the Government's April 30 filing, the type of information at issue here implicates attorney-client communications, as well as the attorney work-product doctrine and the deliberative process privilege. *See* ECF No. 242 at 22-25. To avoid waiver of these privileges and improper disclosure of this privileged information, the Government should be permitted leave to file under seal and *in camera*.

Second, some of the declarations accompanying the Government's submission will contain sensitive personal information, the disclosure of which would intrude upon the individual declarants' personal privacy. To avoid any such intrusion, courts routinely permit filing sensitive

---

[*] The Government's submission of these privileged materials is with full reservation of rights, and does not forego any objection previously raised regarding the review or disclosure of such materials. *See* ECF No. 242 at 1 n.1, 3-4, 22-27; ECF No. 265 at 10-15; ECF No. 345 at 1-2 & n.1. The Government also respectfully maintains, pursuant to its currently pending motion to vacate the May 19 orders, that the Court should first vacate those orders to ensure that the submitted materials are considered on a clean slate. *See* ECF No. 373 at 6 n.3, 9; ECF No. 378 at 2-3, 9-10.

personal information under seal and *in camera*, and those considerations apply equally in the sanctions context. *See, e.g.*, *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993).

Finally, the Government's submission and accompanying declarations will necessarily identify the Government counsel named in the Court's sealed order of May 19, 2016. *See* ECF No. 348. To ensure the contents of that order remain sealed—consistent with the Court's prior determination that the order ought to be placed under seal—it is necessary to allow the Government's submission also to be filed under seal.

The presence of these three types of information amply justifies leave to file under seal and *in camera*. The Government also intends to create a redacted version of its submission, however, that will redact only information falling within one of the above three categories—*i.e.*, privileged information, sensitive personal information, or information that would tend to reveal the identity(ies) of the Government counsel named in the Court's sealed order. The Government will file this redacted version of its submission on the public docket no later than August 8, 2016.

Based on the above—and the fact that neither Plaintiffs nor Intervenors oppose the relief requested herein—Defendants respectfully submit there are ample grounds for granting this motion.

## **Conclusion**

For the foregoing reasons, the Court should provide the Government leave to file under seal and *in camera* its response to the Court's June 7 Order.

Dated: July 31, 2016

KENNETH MAGIDSON
United States Attorney

DANIEL DAVID HU
Assistant United States Attorney
Chief, Civil Division

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JOYCE R. BRANDA
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel

JENNIFER D. RICKETTS
Director, Federal Programs Branch
Attorney-in-Charge (VA Bar No. 29281)

JAMES J. GILLIGAN
Special Litigation Counsel

 /s/  Daniel Schwei
DANIEL SCHWEI
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044
Tel.: (202) 305-8693
Fax: (202) 616-8470
Daniel.S.Schwei@usdoj.gov

*Counsel for Defendants*

-6-

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Defendants' Unopposed Motion for Leave to File Under Seal and *In Camera* Their Response to the Court's Order of June 7, 2016, to counsel of record via the District's ECF system.

      */s/ Daniel Schwei*
      Counsel for Defendants