**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

|  |  |  |
|---|---|---|
| STATE OF TEXAS, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | No. 1:14-CV-254 |
| v. | ) ) | |
| UNITED STATES OF AMERICA, *et al.* | ) ) ) | |
| Defendants. | ) ) | |

# EXHIBIT B:

Declaration No. 2:

Declaration of Joyce R. Branda

**REDACTED FOR PUBLIC FILING**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

STATE OF TEXAS, et al.,

        Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

Civil No. B-14-254

### DECLARATION OF JOYCE R. BRANDA

I, Joyce R. Branda, for my declaration pursuant to 28 U.S.C. § 1746, depose and say as follows:

1. I am the Deputy Assistant Attorney General for the Commercial Litigation Branch, Civil Division, U.S. Department of Justice. I joined the Department of Justice in 1980 as a trial attorney, first with the Land and Natural Resources Division, and beginning in 1982, with the Commercial Litigation Branch (Fraud Section), Civil Division. I became an Assistant Director in 1987, a Deputy Director (Senior Executive Service) in 1991, and the Director of the Fraud Section in 2007. I also served as the Civil Division's ethics official from 2007 through 2012, when I was appointed Deputy Assistant Attorney General. In September 2014, I served as Acting Assistant Attorney General for the Civil Division and retained that position until March 2, 2015.

2. During my tenure as Acting Assistant Attorney General, I was aware of the Division's involvement in *Texas v. United States* and the preliminary injunction proceedings. During this time, I was ███████████████████████████████████

████████████████████████████, with whom I have worked closely and know well. I received periodic briefings and emails on the status of the litigation from attorneys in the Division, as well as drafts of motions, briefs and other filings in the litigation. As the Acting head of the Civil Division, I was in a position to know about and be informed of any significant developments and plans as to how we would proceed in the litigation.

3. I have read the Court's orders in this case concerning the Government's representations regarding the implementation of the November 2014 Deferred Action Guidance, including the May 19, 2016 Memorandum Opinion and Order, as well as the transcripts of the Court's relevant hearings. I am thus aware of the Court's findings regarding the accuracy of those representations, and the Court's conclusion that those representations were deliberately deceptive.

4. I did not give any instruction or direction to conceal information from or otherwise mislead the Court, or Plaintiffs, about the issuance by the Department of Homeland Security ("DHS") of three-year (rather than two-year) terms of deferred action during the preliminary injunction proceedings. Nor am I aware of any such instruction or direction from anyone in the leadership of the Department or from within the Civil Division. As a manager who has worked extensively with the attorneys involved in defending this case and others in the Division, I am confident that there was no effort on the part of those attorneys to conceal information from or otherwise mislead the Court or Plaintiffs. In my experience, all of the members of the litigation team in the *Texas* case, including ████████████████ exhibited the utmost integrity and honesty and handled every decision and every submission for which they were responsible with extraordinary care. I know of no reason to question their adherence to their ethical and professional obligations in this or any other matter.

5. 

6. With respect to the written representations cited by the Court in its May 19, 2016 order, I was sent and reviewed drafts of the January 14, 2015 motion for an extension of time, and the February 23, 2015 motion to stay the preliminary injunction. My understanding is that the statements in those pleadings regarding DHS's implementation of the November 2014 Guidance related to the agency's implementation of the expanded eligibility criteria for DACA. To my knowledge there was no effort to conceal in those motions the fact that the agency had been granting three-year terms of eligibility to individuals who qualified for two-year terms under 2012 DACA.

7. Similarly, with respect to the December 19, 2014 telephonic hearing and the January 15, 2015 preliminary injunction hearing, to my knowledge there was no effort to conceal information about the three-year terms from the Court in connection with the appearances of our attorneys at those hearings. I was aware of the Government's preparations for the preliminary injunction hearing, and

3

███████████████. ███████ I received reports about the hearing, which raised no concerns about ███████████ statements.

8. Indeed, I was not aware of any potential concerns about the Government's prior statements to the Court before February 27, 2015. On that date, I was informed of the fact that several of our attorneys had just learned that DHS granted more than 100,000 three-year terms of deferred action before the Court issued its preliminary injunction. I agreed that we should immediately bring the issue to the Court's attention to ensure that we clarified any potential misunderstanding with the Court about the agency's issuance of three-year terms. Our attorneys acted quickly to draft an advisory to file with the Court.

9. I have served as a career attorney in the Department for close to 36 years, with 34 of those years in the Civil Division. I have been privileged to serve with the outstanding professionals in this Department, and I have the highest regard for the attorneys in the Civil Division. This includes all of the excellent lawyers who have represented the United States in this litigation, whose professional reputations are outstanding and who to my knowledge and information have always exhibited the highest ethical standards and commitment to the rules of professional responsibility. While I sincerely regret the circumstances that led to the Court's May 19 order, and I reiterate that here, I believe that our attorneys acted in a manner entirely consistent with those ethical standards and rules in this matter.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 20, 2016.

JOYCE R. BRANDA