UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 0 2016

David J. Bradley, Clerk of Court

STATE OF TEXAS, et al.,
     Plaintiffs,


ROBIN CLARICE PAREZANIN,
RAHELEH ZIAEI,
TAMMY WILLIS,
RHONDA ANN FLEMING,
     Plaintiff-Intervenors,


v.                   No.  B-14-254


UNITED STATES OF AMERICA


MOTION TO INTERVENE


TO THE HONORABLE ANDREW S. HANEN:


     The Plaintiff-Intervenors, Robin Clarice Parezanin, Raheleh Ziaei, Tammy Willis, and Rhonda Ann Fleming, pro se, move the Court pursuant to Federal Rules of Civil Procedure, Rules, 24(a)(2) and 20, to allow them to intervene and join Texas v. United States of America.  In support, the Plaintiff-Intervenors present the following:

## BACKGROUND OF THE PLAINTIFF-INTERVENORS

     All four of the Plaintiff-Intervenors are non-violent, convicted felons, serving prison sentences at Federal Medical Center-Carswell and were all prosecuted during the Obama Administration. The individual case backgrounds are as follows:

1.     Parezanin, is serving a 30 month prison sentence for transportation of an alien.  The alien was released back to Mexico.

2.     Ziaei, is serving an 8 month sentence for drug possession.

3.     Willis is serving a 6 month sentence for a property crime.

4.     Fleming is serving a 30 year sentence for Medicare fraud.

## GROUNDS FOR FILING MOTION TO INTERVENE

All of the Plaintiff-Intervenors are American citizens that believe their United States Constitutional rights under the Equal Protection Clause of the Fourteenth Amendment have been violated by President Obama's executive order to implement the Deferred Action for Parents of Americans and Lawful Permanent Residents (DAPA) program.

The basis of the claim is as a class of four, the Plaintiff-Intervenors are similarly situated as the 4.3 million illegal aliens the Government seeks to grant deferred prosecution to, amnesty, while leaving the Plaintiff-Intervenors incarcerated.

The Plaintiff-Intervenors are similarly situated with the 4.3 million illegal aliens as persons that have all violated the laws of the United States of America. The Plaintiff-Intervenors have all been prosecuted by the Government for violating different federal criminal statutes. The potential beneficiaries, 4.3 million illegal aliens, will be given a class-wide lawful presence in the United States and have been given deferred prosecution for not just illegally entering the United States, but all other crimes committed since their arrival.

The beneficiaries of DAPA will also receive class-wide eligibility for work authorization and other benefits, effectively supplanting and ensuring the downfall of actual United States citizens, who have a felony record, and thus will be denied work and government benefits.

These illegal aliens have committed the same crimes as other U.S. citizens, but they will have the benefit of a clear criminal record and all of the advantages that accompany such circumstances.

The Plaintiff-Intervenors seek to stop the implementation of DAPA and receive equitable relief pending the proceedings of this case. The Plaintiff-Intervenors seek compensatory and punitive damages, of $5 million per Plaintiff.

## STANDING

The Plaintiff-Intervenors have standing to pursue this claim as United States citizens that have been discriminated against by their government for the benefit of non-citizen criminals. DAPA seeks to prevent families from being separated for illegal aliens that wanted a better life...or that is what the American public is fed. Well, all of the Plaintiff-Intervenors wanted a better life and are suffering severe emotional pain due to the separation from their children and parents.

The Plaintiff-Intervenors have clearly suffered an injury, incarceration and separation from family, caused by the Government, in a discriminatory manner--selective enforcement of the law.

## JOINDER UNDER RULE 20

Rule 20 provides that plaintiffs may be joined in an action if they assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all plaintiffs will arise in the action.

DAPA violates principles of federalism, the separation of powers, and the Fourteenth Amendment, all on the same facts. Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 521 (5th Cir. 2010).

Based on the same facts, this Court could find that DAPA violates the Plaintiff-Intervenors' constitutional rights and for this reason, joinder should be granted.

## PERMISSIVE   INTERVENTION UNDER RULE 24(a)(2) or (b)

The Plaintiff-Intervenors qualify  to intervene in this case under both provisions of Rule 24.  The motion to intervene is timely because it has been filed within 90 days of the Supreme Court's decision upholding the injunction.  The Plaintiff-Intervenors have a liberty and property interest related to DAPA--it violates the constitutional rights of all convicted felons prosecuted under the Obama administration.  The Plaintiff-Intervenors are situated where the disposition of the action may   impair or impede their ability to protect their interest in the case, where the State of Texas is unable to argue that the State's are suffering an equal protection violation--they have no standing to raise such a claim.  Last, the Plaintiff-Intervenors' interest are inadequately represented by the existing parties.

For example, in November 2015, the Fifth Circuit overturned the Court's denial of three Jane Doe intervenors who argued that they were entitled to intervention because they has a real, concrete stake in the case where they sought Texas driver's licenses so they could work and provide for their families.  Texas v. United States, 2015 U.S. App. LEXIS 19522, No. 15-40333, (5th Cir. 2015).

The Plaintiff-Intervenors have divergent interest from the State of Texas where they seek their release from custody based on the violation of their constitutional rights, the right to equal treatment under the laws of the United States.  Because the Government has clearly discriminated on the basis of national origin against its own citizens and the discrimination was invidious and irrational, there is a prima facie case where the Plaintiff-Intervenors could obtain their liberty--clearly a divergent interest from the other Plaintiffs.  The Plaintiff-Intervenors have a valid claim for damages if the Court or a jury find that President Obama's executive order was discriminatory towards American citizens.

All four of the Plaintiff-Intervenors, as well as the three Jane Does, are similarly situated--all seven persons have violated the laws of the United States of America. It is ridiculous to believe that the Jane Does have more of a right to be free, with a Texas drivers license, working to support their families, than four, legal, lawful, American women. It is likely that if an investigation was conducted, that these Jane Does have committed identity theft, similarly to the crime of Fernandez Neave-Ceniceros against an American citizen, Marcus Calvillo. Please see, Exhibit-A. If Neave-Cenceros had not been caught unlawfully using Mr. Calvillo, this sex offender would have qualified for DAPA.

President Obama and his Department of Justice have created a favored class of many--a group guilty of violating the laws of the United States and under DAPA rewarded for it.

For the reasons stated above, the Plaintiff-Intervenors respectfully move the Court to grant the Motion to Intervene.

Respectfully Submitted,

Robin Clarice Parezanin

Raheleh Ziaei

Tammy Willis

Rhonda Ann Fleming

August 8, 2016

## CERTIFICATE OF SERVICE

A copy of the same has been sent by U.S. Mail, on the same day to U.S. Department of Justice, 950 Pennsylvania Ave, Washington, D.C. 20530 and Attorney General of Texas, P.O. Box 12548, Austin, Texas 78711.

Rhonda Ann Fleming

-4-

4B  Tuesday, July 26, 2016                    METRO/STATE

**GRAND PRAIRIE**

# ID theft victim rebuilding life

### Sex offender stole man's Social Security number decades ago

WICHITA, Kan. — A Grand Prairie man whose life was ruined by a convicted child sex offender who stole his identity has seen his impostor sentenced in a federal courtroom in Kansas.

Marcus Calvillo can now begin to repair the havoc left from a decadeslong ordeal that prosecutors call one of the most devastating identity theft cases they've seen.

Fernando Neave-Ceniceros was sentenced Monday to a year and a day for misusing a Social Security number. He admitted to unlawfully using Calvillo's Social Security number to hide his own identity and lack of legal status in the U.S.

His plea deal will help prosecutors clear his victim's name more quickly. Calvillo hopes to clear his name in each county where the impostor's seven felony convictions

for past crimes took place.

Neave-Ceniceros said that he never meant to hurt anybody and was sorry.



**FERNANDO NEAVE-CENICEROS**

His criminal record — including convictions for indecent liberties with a child, bribery, drug offenses and other charges — became wrongly linked to Calvillo when Neave-Ceniceros was first fingerprinted as a teenager using the false identity.

Calvillo, who told the court he is 45 and who prosecutors said has no criminal record, was in his early 20s when he learned his identity had been hijacked. In October, he said his "whole life has been put on hold because of this person, and it has gotten worse and worse and worse."

His marriage fell apart, he couldn't find or keep a job, and he fell behind on bills and child



2015 File Photo/The Associated Press

**Marcus Calvillo is working** on repairing the damage done by identity thief Fernando Neave-Ceniceros, who was sentenced Monday to a year and day in jail.

support.

He recalled his confusion when he got fired from his job as a cable installer, being told only: "You know what you did."

After years of fighting, Calvillo had almost given up trying to clear his name. Then he read a story about a case in 2013 in which a Houston teacher's entire identity was stolen. Calvillo contacted Assistant U.S. Attorney Brent

Anderson, the federal prosecutor in Wichita involved in that case, hoping Anderson could help him as well.

Calvillo began rebuilding his life after the government found him an alternative Social Security number.

Neave-Ceniceros' sentence will run concurrently with a state prison sentence. Then he will probably be deported.

*Staff and wire reports*

EX-A

8-8-16

Dear Clerk —

please file the 2 enclosed
Motions in Texas v. United
States, No. 0-14-254.

All four Plaintiff-Intervenors
are at the following address:

(Name of Plaintiff-Intervenor)
Federal Medical Center-Carswell
P.O. Box 27137
Fort Worth, TX 76127

All parties should serve
the Plaintiff-Intervenors
~~separately~~ individually.

Thank you.

R. Fleming

cc: file

Rhonda Fleming 20846-009
Federal Medical Center, Carswell
P.O. Box 27137
Fort Worth, TX 76127

Legal Mail

≈20446-009≈
Federal District Clerk
600 E Harrison ST
Federal Courthouse
Brownsville, TX 78520
United States

UNITED STATES
DISTRICT COURT

AUG 1 0 2016
RECEIVED
David J. Bradley, Clerk of Court