UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

STATE OF TEXAS, et al.,
    Plaintiffs,

ROBIN CLARICE PAREZANIN,
RAHELEH ZIAEI,
TAMMY WILLIS,
RHONDA ANN FLEMING,
    Plaintiff-Intervenors,

v.                      No. B-14-254

UNITED STATES OF AMERICA

United States District Court
Southern District of Texas
FILED
AUG 1 0 2016
David J. Bradley, Clerk of Court

MOTION FOR TEMPORARY RESTRAINING ORDER

MOTION FOR PRELIMINARY INJUNCTION

TO THE HONORABLE ANDREW S. HANEN:

      The Plaintiff-Intervenors move the Court to issue a Temporary Restraining Order/Preliminary Injunction enjoining the Government to release all four Plaintiff-Intervenors from FMC Carswell and to be placed on home confinement pending the resolution of these proceedings. In support, the Plaintiff-Intervenors present the following:

      The Plaintiff-Intervenors, all non-violent inmates in federal custody have filed a Motion to Intervene in this case. The Plaintiff-Intervenors have raised a claim of selective enforcement in violation of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution, as a class of four, that has been discriminated against by its own government with the executive order by President Obama to grant deferred prosecution, work authorization, government benefits, and other rights and privileges due the American citizens, not illegal aliens.

The Deferred Action for Parents of Americans and Lawful Permanent Residents (DAPA) program is amnesty to illegal aliens that committed a felony offense by entering the United States, but will not be subjected to the same collateral consequences or imprisonment which the Plaintiff-Intervenors are suffering for their felony convictions.

The Plaintiff-Intervenors have a prima facie case of class-of-four invidious discrimination by President Obama and the Department of Justice.

ARGUMENTS AND AUTHORITIES IN SUPPORT OF RELIEF

The Plaintiff-Intervenors are requesting an "equitable remedy", a TRO/preliminary injunction, which requires a showing of 1) a substantial likelihood of success on the merits; 2) a substantial threat that the Plaintiff-Intervenors will suffer irreparable injury if the injunction is denied; 3) that the threatened injury outweighs any damage that the injunction might cause the Government; and 4) that the injunction will not disserve the public interest. Jackson Women's Health Org. v. Currier, 760 F.3d 448, 452 (5th Cir. 2014). The Plaintiff-Intervenors "need not prove his case." Lakedreams v. Taylor, 932 F.2d 1103, 1109 n. 11 (th Cir. 1991); see also Univ. of Texas v. Camenisch, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L. Ed. 2d 175 (1981)(emphasizing that a party "is not required to prove his case in fuall at a preliminary injunction hearing").

1. Likelihood of Success on the Merits

In Texas v. United States, 787 F.3d 733 (5th Cir. 2015), the Court of Appeals recognized that the DAPA program would grant lawful presence to 4.3 million illegal aliens. This "lawful presence" allows illegal aliens to receive federal public benefits such as social security retirement benefits--benefits that American citizens serving a term of imprisonment for a felony are barred from receiving, although they made lawful payments into this program and for insurance benefits under the Medicare program. Other benefits are food stamps, Obamacare, unemployment compensation, and access to valid identification.

The Plaintiff-Intervenors oppose DAPA in its entirety and applaud the States for opposing President Obama's amnesty plan to increase his party's voter base. For example, convicted felons are not allowed to be possession of firearms, therefore, for the rest of the Plaintiff-Intervenors lives, they can never lawfully own a gun. Any illegal alien allowed to obtain benefits through DAPA, will eventually obtain state identification and then this illegal alien has the ability to legally purchase a gun, although they are an unindicted felon by entering the country illegal.

The Jane Does that have been allowed to participate in this case believe that through DAPA they will have a right to obtain a Texas drivers license and work legally in this country because they have been in the United States violating our laws, not just for illegal entry, but also for identity theft, welfare fraud, and other federal/state crimes incidental to being in the United States illegally.

If the Court allows the Jane Does to remain part of this case and not be incarcerated for their felony conduct, then the four Plaintiff-Intervenors deserve the same treatment under the law. It is beyond absurd that four lawful, non-violent, U.S. citizens are being held accountable for their criminal conduct, while three illegal aliens that have been in the United States for ten years have the audacity to argue that they have a right to driver's license, to work in this country, and that their care of their family in the United States should be afforded greater protection than that of the Plaintiff-Intervenors.

By filing their Motion to Intervene and arguing that under DAPA they would have a right to governement benefits, the Jane Does are admitting to felony criminal conduct--illegal entry.

The Government has put forth the argument that their resources are limited to prosecuting those that are violent criminals, while using their resources to incarcerate non-violent, United States citizens.

The Jane Does are allegedly non-violent offenders and the Plaintiff-Intervenors are known non-violent offenders, the only difference being that President Obama is unable to use the Plaintiff-Intervenors to increase the Democrat voter base, while the Jane Does can be used if the Democrats grant them amnesty and a path to citizenship.

To be clear, the Plaintiff-Intervenors are not asserting a right to have the Jane Does prosecuted. They are saying only that they are entitled to equal treatment, whether that be bad, good, or something in between, as long as it is equal. The Plaintiff-Intervenors have been victims of differential treatment and the injury caused can be redressed either by damages, their release from custody, or both.

The Plaintiff-Intervenors want to be free, to work, to take care of their families, and to drive the highways of Texas as the Jane Does are probably doing anyway without valid licenses or insurance. Clearly, all seven women should be treated equally under the laws of the United States. DAPA violates the Equal Protection Clause by allowing those that committed felonies to remain in this country without a felony record and enjoy all the privileges and rights a clear criminal record brings, not because illegal aliens did not break the law, but because President Obama used prosecutorial discretion for a favored class of many, non-United States citizens.

This is a clear case of selective enforcement that is prejudicial to the Plaintiff-Intervenors.

2.      Irreparable Harm

For the Plaintiff-Intervenors to obtain equitable relief that is fair, the should be released from prison and placed on home confinement as soon as is practicable. Plaintiff-Intervenors Ziaei and Willis have less than 90 days left on their prison sentences, therefore, unless they are afforded relief this month, they truly suffer irreparable harm--denial of the relief they seek the most, their liberty.

Plaintiff-Intervenors Parezanin and Fleming have longer sentences, but they should be placed on home confinement too. For example, Parezanin is in prison for transportation of an alien. That alien is free and back in the United States of America, while she is in a federal prison. This alien had been deported on 3 or 4 occasions, but was not prosecuted. He qualifies for DAPA and that is why this illegal alien and others like him continue to keep coming back--they want the benefits of DAPA.

The Plaintiff-Intervenors believe it is inhumane to them as lawful, United States citizens, to be held in a federal prison while the Jane Does are free--it is wrong for persons known to be in the country illegally to enjoy their freedom while lawful citizens are held accountable for their crimes.

3. & 4.   Hardships to Parties and the Public Interests

There are no hardships to the Government by granting the requested relief. In fact, it will save the Government money by placing all four persons on home confinement. This relief is in the public interest because no United States citizen approves of illegal aliens walking free, without consequences for their actions while non-violent American citizens suffer for their actions.

For the reasons stated, the Plaintiff-Intervenors move the Court for a hearing on this matter.

Respectfully Submitted,

Rhonda Ann Fleming, Plaintiff-Int.
August 8, 2016

## CERTIFICATE OF SERVICE

A copy of the same has been sent by U.S. Mail, on the same day to U.S. Department of Justice, 950 Pennsylvania Ave, Washington, D.C. 20530 and Attorney General of Texas, P.O. Box 12548, Austin, Texas 78711.

_____
Rhonda Ann Fleming

-5-