**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

|  |  |
|---|---|
| STATE OF TEXAS, *et al.*, | |
| *Plaintiffs*, | |
| v. | No.: 1:14-CV-254 |
| UNITED STATES OF AMERICA, *et al.*, | |
| *Defendants*. | |

**UNOPPOSED MOTION OF ANGELICA VILLALOBOS, JUAN ESCALANTE, JANE DOE #4, AND JANE DOE #5 FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE***

Angelica Villalobos, Juan Escalante, and Jane Does #4-5[1] (collectively, "*Amici*") respectfully request leave to file a brief as *amici curiae* in the above-captioned case. *Amici* have a significant interest in the outcome of any further proceedings regarding the currently stayed sanctions order of May 19, 2016, including the status conference scheduled for August 31, 2016.[2] The May 19th sanctions order, in relevant part, commands the federal government to produce to the Court the personally identifying information of approximately 50,000 individual recipients of Deferred Action for Childhood Arrivals ("DACA") who live in the Plaintiff States, but who are not, and have never been, parties to this case. *See* Mem. Op. & Order (hereinafter, "Sanctions Order"), ECF No. 347, at 22-23. *Amici* seek to provide this Court with an additional perspective and arguments regarding the Court's authority to impose the aforementioned sanction as part of

---

[1] Concurrently with this motion *Amici* are filing a motion for leave of the Court for Jane Doe #4 and Jane Doe #5 to proceed under pseudonyms.

[2] *See* Order dated June 7, 2016, ECF No. 364 (granting stay "pending the outcome" of a hearing scheduled therein for August 22, 2016); Order dated Aug. 5, 2016, ECF No. 390 (resetting status conference to August 31, 2016).

its inherent authority to manage litigation before it.  A copy of the brief for which *Amici* seek leave to file is included with this motion.

## **GROUNDS FOR MOTION**

It is extremely important that *Amici* be permitted to file a brief in this case because the Court's order requires the disclosure of their own sensitive personal information, and that of some 50,000 other similarly situated DACA recipients.  *Amici* are four immigrant youth who sought and received deferred action and work authorization from federal immigration authorities pursuant to the 2012 original DACA policy.  They are not and never have been parties to this case.  Between late 2012 and early 2013, *Amici* were each granted two-year terms of deferred action pursuant to DACA. On the basis of their grants of deferred action, each applied for and was granted a two-year Employment Authorization Document ("EAD"), which establishes that the holder is authorized to work in the United States.

As part of the application process for DACA, *Amici* provided personal information and documentation to the U.S. Department of Homeland Security, including detailed biographical information (name, date of birth, current address, past addresses, phone numbers, etc.), copies of passports and birth certificates, fingerprints, and Social Security numbers. As detailed in the attached *amicus* brief, in order to demonstrate that they met certain eligibility requirements, *Amici* also submitted additional documentary evidence, such as bank statements, college and high school transcripts, and children's birth certificates. In late 2014—prior to the November 20, 2014 announcement of the Deferred Action for Parents of Americans and Lawful Permanent Residents ("DAPA") and expanded DACA—*Amici* applied to renew their grants of deferred action and EADs.  Their renewal applications were granted in the weeks after the November 20, 2014

memorandum; therefore, consistent with that memorandum, their renewal periods were for three years.

*Amici*'s perspective regarding the Court's authority to sanction the federal government by forcing it to produce a list containing the DACA recipients' personally identifying information is critical to proper resolution of this issue; *Amici* are among the group of innocent third parties who would be harmed by the production.  None of the current parties to the case are among those individuals whose personal information was ordered disclosed.  The Sanctions Order requires the federal defendants in the case to compile and disclose a list including "all personal identifiers and locators including names, addresses, 'A' file numbers and all available contact information" of individuals, like *Amici*, who received three-year DACA and EADs (either renewals or original grants) between November 20, 2014 and March 3, 2015, and who live in one of the 26 Plaintiff States.  Sanctions Order at 22-23.  In total, according to estimates provided by the federal government, that list would contain personally identifying information for some 50,000 individuals.  *See* Decl. of León Rodríguez ¶ 5, ECF No. 354-2.

*Amici* have a significant interest in the outcome of any further proceedings regarding the Court's order requiring the federal government to produce their private information.  Such production not only threatens the constitutionally protected privacy interests of thousands of DACA recipients, including *Amici*, but also puts them directly in harm's way.  Specifically, the Sanctions Order puts *Amici* and the other DACA recipients at risk for devastating identity theft or fraud; the involuntary exposure of their own immigration status and that of their family members; and harassment or discrimination should their locations be made public; and forces the federal government to breach its commitment to keep their personal information confidential.  For the

reasons addressed in the attached brief, *Amici* urge this Court to vacate its Sanctions Order to avoid violations of the constitutionally protected privacy rights of the DACA recipients.

The brief of Angelica Villalobos, Juan Escalante, and Jane Does #4-5 provides a critical perspective and analysis on the legal issues in this case, setting forth *Amici's* experiences as beneficiaries of three-year renewals of DACA and EADs, the extensive amount and sensitive nature of the information they provided to the federal government, and the legitimate privacy concerns they have and likely harm they will suffer should the Court not vacate that part of its Sanctions Order that concerns *Amici*.

Federal district courts possess the inherent authority to accept amicus briefs.  *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 n. 34 (11th Cir. 2006) ("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."); *United States v. Davis*, 180 F. Supp. 2d 797, 800 (E.D. La. 2001) (noting that district courts have authority to permit the filing of *amicus* briefs); *cf. Morales v. Turman,* 820 F.2d 728, 731 (5th Cir. 1987) (noting that the district court recognized amici as "not technically parties" but rather volunteering to appear as "friends of the court").  The role of *amici* is to assist the court "in cases of general public interest by making suggestions to the court . . . and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3rd Cir. 1991).  Further, "[a] district court should consider whether the information offered through the amicus brief is 'timely and useful' or otherwise necessary."  *Sierra Club v. FEMA*, No. H-07-0608, 2007 WL 3472851, at *2 (S.D. Tex. Nov. 14, 2007) (Rosenthal, J.)

This authority supports the Court's exercise of discretion to accept the attached brief. Accordingly, *Amici* respectfully request leave to file their brief as *amici curiae*.

Dated: Aug. 12, 2016                          Respectfully submitted,


                                              /s/ Edgar Saldivar
                                              Texas Bar No. 00794542
                                              Federal No. 618958
                                              Rebecca L. Robertson
                                              Texas Bar No. 00794542
                                              Federal No. 20061
                                              ACLU FOUNDATION OF TEXAS
                                              1500 McGowen Street, Suite 250
                                              Houston, TX 77004
                                              Tel: (713) 942-8146
                                              Fax: (713) 942-8966
                                              esaldivar@aclutx.org
                                              rrobertson@aclutx.org

                                              *Karen C. Tumlin
                                              CA Bar No. 234691
                                              *Nora A. Preciado
                                              CA Bar No. 239235
                                              NATIONAL IMMIGRATION LAW
                                              CENTER
                                              3435 Wilshire Boulevard, Suite 1600
                                              Los Angeles, CA 90010
                                              T:  213.639.3900
                                              F:  213.639.3911
                                              tumlin@nilc.org
                                              preciado@nilc.org

                                              *Justin B. Cox
                                              GA Bar No. 748945
                                              NATIONAL IMMIGRATION LAW
                                              CENTER
                                              1989 College Avenue, NE
                                              Atlanta, GA 30317
                                              T:  678.404.9119
                                              cox@nilc.org

                                              *Cecilia D. Wang
                                              CA Bar. No. 187782
                                              *Cody Wofsy
                                              CA Bar No. 294179
                                              AMERICAN CIVIL LIBERTIES UNION
                                              FOUNDATION
                                              Immigrants' Rights Project

39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0770
cwang@aclu.org
cwofsy@aclu.org

*Omar C. Jadwat
NY Bar. No. 4118170
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2620
ojadwat@aclu.org

*Pro hac vice motion filed concurrently
herewith

*Attorneys for proposed* Amici Curiae
*Angelica Villalobos, Juan Escalante, and
Jane Does #4-5*

## CERTIFICATE OF CONFERENCE

I, Justin B. Cox, hereby certify that as counsel for Angelica Villalobos, Juan Escalante, and Jane Does #4-5, I conferred with counsel for all Parties regarding this motion on August 9 and 10, 2016.  Plaintiffs' counsel stated that Plaintiffs do not oppose this motion.  Counsel for Defendants and counsel for Intervenor Defendants stated that their respective clients take no position on this motion.

/s/ Justin B. Cox
Justin B. Cox

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2016, I electronically submitted the foregoing document with the clerk of the court for the U.S. district court, Southern District of Texas, using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Edgar Saldivar
Edgar Saldivar