UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 1:14-cv-254 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, *et al.* ) | |
| ) | |
| Defendants. ) | |

**OPPOSITION TO MOTION TO INTERVENE**

Defendants hereby respond to the motion to intervene filed by four pro se individuals, self-described as "non-violent, convicted felons, serving prison sentences at Federal Medical Center-Carswell." *See* ECF No. 392. These individuals "seek to stop the implementation of DAPA," alleging that their equal protection rights would otherwise be violated if they remain "incarcerated" while undocumented aliens receive deferred action. *Id*. at 2. This Court should deny the motion to intervene: these individuals cannot meet the standard for intervention as of right or the standard for permissive intervention.[1]

---

[1] These individuals have also sought a temporary restraining order to be released to "home confinement" pending the outcome of these proceedings. ECF No. 393. Such a motion would only become ripe should this Court grant the motion to intervene but, in any event, is meritless. The motion provides no basis for this Court to order the release of felons from federal confinement pending the outcome of their challenge to an already enjoined government immigration policy bearing no relationship to their confinement. For similar reasons, the individuals' motion for an expedited evidentiary hearing is also meritless. *See* ECF Nos. 394, 405. The motion is not yet ripe, does not present a cognizable claim for emergency relief, and fails even to specify the subject of the requested evidentiary hearing.

The movants cannot meet any of the four requirements for intervention as of right:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 463 (5th Cir.1984)). All elements must be met for intervention and yet the movants cannot meet any of them. First, the movants' application is plainly untimely for having been filed nearly two years after the initiation of this lawsuit; injection of wholly new issues at this date would clearly be prejudicial to all parties. Second, the movants do not have a sufficiently particularized interest in this litigation as non-violent felons; rather any interest they may have amounts to merely "a generalized preference that the case come out a certain way." *Texas v. United States*, 805 F.3d at 657. Third, to the extent the movants seek to be released from federal confinement if DAPA were to go into effect, they would have the opportunity to seek such relief in some separate proceeding in the event that Defendants were to ultimately prevail in this lawsuit. And, finally, the movants' interest in stopping the implementation of DAPA is adequately protected by Texas and the 25 other states that have "the same ultimate objective." *Texas v. United States*, 805 F.3d at 661 (quoting *Edwards v. City of Houston,* 78 F.3d 983, 1005 (5th Cir.1996) (en banc)).

Likwise, these individuals cannot meet the standard for permissive intervention. The Court may, in its discretion, permit intervention where the potential intervenor timely files a motion, has a claim or defense that shares a common question of law or fact with

the main action, and his or her intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *See League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989); Fed. R. Civ. P. 24(b)(1)(B); *see also New Orleans Pub. Serv., Inc.,* 732 F.2d at 470-71 (Permissive intervention "is wholly discretionary with the [district] court."). An additional factor to be considered for determining permissive intervention is whether proposed intervenors are adequately represented by other parties. *See United States v. Texas Educ. Agency (Lubbock Indep. School Dist.)*, 138 F.R.D. 503, 508 (N.D. Tex. 1991). For the same reasons demonstrated above, the movants' request is not timely, nor is it well-founded where, as here, they seek the same ultimate objective as Texas and the 25 other states who are plaintiffs. Moreover, the movants seek to raise an equal protection challenge to their incarceration; such a claim is premised on different facts and a wholly distinct legal question than those at issue in this case. Allowing intervention would unduly prejudice the parties and cause delay in this already complex, multi-party litigation.

## CONCLUSION

Accordingly, Defendants respectfully ask this Court to deny the motion to intervene submitted by the non-violent felons.

Dated: August 29, 2016                          Respectfully submitted,

KENNETH MAGIDSON                                BENJAMIN C. MIZER
United States Attorney                          Principal Deputy Assistant Attorney General

DANIEL DAVID HU                                 JENNIFER D. RICKETTS
Assistant United States Attorney                Branch Director, Federal Programs Branch
Deputy Chief, Civil Division                    Attorney-in-Charge (VA Bar No. 29281)

                                                JOHN R. TYLER

Assistant Branch Director

  /s/ Adam D. Kirschner
ADAM D. KIRSCHNER (IL Bar #6286601)
JULIE S. SALTMAN
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C.  20044
Tel.: (202) 353-9265
Fax: (202) 616-8470
Adam.Kirschner@usdoj.gov

*Attorneys for Defendants*

-5-

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of Defendants' Opposition to Motion to Intervene has been delivered electronically on August 29, 2016, to all counsel of record through the court's ECF system.

                                        */s/ Adam D. Kirschner*
                                        Counsel for Defendants