# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, §<br>§<br>Plaintiffs, §<br>§<br>v. §<br>§<br>UNITED STATES OF AMERICA, *et al.*, §<br>§<br>Defendants §<br>§<br>and §<br>§<br>JANE DOE #1, JANE DOE #2, AND JANE §<br>DOE #3, §<br>§<br>Defendant-Intervenors § | Case No. 1:14-cv-254 |

## JANE DOES' RESPONSE OPPOSING PRISONER MOVANTS' PROPOSED INTERVENTION AND RELATED MOTIONS

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

The Jane Doe Intervenors urge this Court to reject the frivolous attempt by federal prisoners Robin Parezanin, Raheleh Ziaei, Tammy Willis, and Rhonda Ann Fleming (the "Prisoner Movants") to litigate their prison complaints within this lawsuit.  As the Prisoner Movants' filings show, their only basis for the proposed intervention is that they have a generalized interest, shared with every other incarcerated individual, in obtaining better living conditions during the terms of their sentences.  Their claim for better conditions of confinement has no relation to DAPA and expanded DACA (collectively, "DAPA").  Moreover, their suit is defective for other reasons as well, notably that this Court is not a proper venue to hear their complaints.  This case will be delayed by the frivolous filings of the frequent prisoner litigants; the Jane Does urge the Court to deny the motion to intervene and related motions.[1]

## STATEMENT OF THE ISSUES

The Prisoner Movants have filed a motion to intervene and related motions for an injunction ordering their release to home confinement and for an evidentiary hearing.  *See* ECF Nos. 392-394.  The question to be resolved is whether the Prisoner Movants' attempt to intervene should be dismissed for improper venue, and, even if not, whether they satisfy the intervention standard.

---

[1] It is very likely that allowing intervention would lead to numerous additional frivolous filings and delays.  Notably, movant Rhonda Fleming, who signed the Prisoner Movants' certificate of service, has been involved in a large number of unsuccessful cases and appeals over the years.  To cite only those that appear in unpublished Fifth Circuit cases on Westlaw, Fleming has been involved in filing unsuccessful appeals in *United States v. Fleming*, 540 F. App'x 344 (5th Cir. 2013) (affirming denial of motion for new trial); *Fleming v. United States*, 538 F. App'x 423 (5th Cir. 2013) (affirming dismissal of claims challenging conditions of confinement); *United States v. Fleming*, 518 F. App'x 302 (5th Cir. 2013) (affirming denial of additional motion for new trial); *United States v. Arthur*, 432 F. App'x 414 (5th Cir. 2011) (affirming convictions of Fleming and co-defendants on direct appeal, and noting Fleming "was the central figure in the fraud scheme"); *United States v. Fleming*, 364 F. App'x 915 (5th Cir. 2010) (affirming denial of motion to dismiss indictment); *Fleming v. Cockrell*, 46 F. App'x 732 (5th Cir. 2002) (affirming denial of Section 2254 habeas corpus petition during prior term of incarceration); *Fleming v. Williams*, 235 F.3d 1341 (5th Cir. 2000) (unpublished) (dismissing appeal and barring Fleming from further *in forma pauperis* proceedings); *Fleming v. Nance*, 232 F.3d 211 (5th Cir. 2000) (unpublished) (dismissing appeal).

**ARGUMENT**

I.  **BECAUSE THE PRISONER MOVANTS CHALLENGE THE FACT AND CONDITIONS OF THEIR CONFINEMENT, THEIR PROPOSED INTERVENTION SHOULD BE DISMISSED FOR IMPROPER VENUE**

All four Prisoner Movants are confined in the Bureau of Prisons Carswell facility in Fort Worth, Texas. Fort Worth is located in the Northern District of Texas. *See* ECF No. 392; 394-1. In their filings, they claim constitutional violations at Carswell entitling them to millions of dollars in damages. *See* ECF No. 392 at 2. They also request a mandatory injunction releasing them to home confinement because of alleged dangers at the prison. *See* ECF No. 393. These claims have nothing to do with Plaintiffs' suit challenging DAPA. Moreover, this Court is not a proper venue for these claims.

The damages and injunctive relief requested by the Prisoner Movants can only be obtained by filing a civil rights suit (i.e., a *Bivens* suit), and possibly also by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Spencer v. Bragg*, 310 F. App'x 678 (5th Cir. 2009) (civil rights suit the appropriate procedural mechanism for challenging conditions of confinement); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (Section 2241 petition the proper mechanism for attacking the "manner" in which the sentence is carried out). This relief cannot be obtained by shoehorning prison complaints into the Plaintiffs' lawsuit challenging the DAPA guidance. Instead, such suits must be filed "in the same district where the prisoner is incarcerated"—that is, the Northern District of Texas. *Pack*, 218 F.3d at 451; *Borja-Palacio v. United States*, 1999 WL 816165, at *5 n.4 (S.D.N.Y. Oct. 13, 1999) (proper venue for federal prisoner's civil rights suit was the district in which the prisoner was incarcerated).

Because the Southern District of Texas is not a proper venue for the Prisoner Movants to air their claims for damages and complaints about conditions at the Carswell facility in Fort Worth, this Court should dismiss the Prisoner Movants from this suit or, failing that, transfer

their claim for damages and injunctive relief to the Northern District of Texas. *See* 28 U.S.C. § 1406 (*sua sponte* venue transfer permissible); *Galindo v. Gonzales*, 550 F. Supp. 2d 115, 116 (D.D.C. 2008) (*sua sponte* transferring federal prisoner's civil rights suit to the Western District of Texas, where the prisoner was incarcerated, to cure improper venue).

## II. THE PRISONER MOVANTS ARE NOT ENTITLED TO INTERVENTION

The Prisoner Movants do not qualify for either intervention of right or permissive intervention. For mandatory intervention, "(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (citation omitted). For permissive intervention, "the applicant's claim or defense and the main action [must] have a question of law or fact in common," and, if so, the district court must then decide whether to exercise discretion to allow intervention. *Stallworth v. Monsanto*, 558 F.2d 257, 269 (5th Cir. 2005).

The Prisoner Movants meet none of the criteria for intervention of right. Their suit is not timely, as this case has now been pending for nearly two years. Moreover, they have no "direct, substantial, legally protectable interest in the proceedings." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (citation omitted). Although the Jane Does have such an interest since they are the "intended beneficiaries" of the challenged DAPA guidance, *id.* at 660, the Prisoner Movants are neither the intended beneficiaries of the guidance nor affected by it in any way. Their only asserted legal interest is that DAPA somehow "violates the constitutional rights of all convicted felons prosecuted under the Obama administration" and that they "are suffering severe emotional pain due to the separation from their children and parents." ECF No. 392 at 2-3. At

3

its heart, this supposed "interest" is nothing more than a vague attempt to tie the unrelated DAPA guidance to the Prisoner Movants' challenge to their conditions of confinement.  There is no explanation of how DAPA is in any way relevant to the Prisoner Movants' incarceration (including how the DAPA guidance announced in 2014 is relevant to Fleming's 2009 conviction), and no explanation of how the ultimate disposition of this action will affect them in any way whatsoever.  Finally, Plaintiffs are perfectly capable of adequately representing whatever purported interests the Prisoner Movants may have in challenging DAPA, the only issue of relevance in this suit.

Likewise, for permissive intervention, the Prisoner Movants' claims for damages and to be released to home confinement have no questions of law or fact in common with those of the underlying suit, which focus on Plaintiffs' standing and questions of administrative law and the interpretation of the INA.  The Prisoner Movants thus do not qualify for permissive intervention. Moreover, even if this Court had discretion to grant permissive intervention, the Prisoner Movants' history of frequent frivolous litigation weighs strongly against granting intervention. *See supra* note 1.

The Jane Does respectfully request that the motion to intervene and related motions (ECF Nos. 392, 393, and 394) be denied.

Dated:  August 30, 2016

Respectfully submitted,

**O'MELVENY & MYERS LLP**
Adam P. KohSweeney (Cal. Bar No. 229983)*
Gabriel Markoff (Cal. Bar. No. 291656)*
2 Embarcadero Center 28th Floor
San Francisco, CA 94111-3823
Phone:  (415) 984-8700
Facsimile:  (415) 984-8701

**DLA PIPER LLP**
Linda J. Smith (Cal. Bar. No. 78238)*
2000 Avenue of the Stars, Ste. 400N
Los Angeles, CA 90067
Phone: (310) 595-3038
Facsimile: (310) 595-3300

*Admitted *pro hac vice*.

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
**By** */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046;
Southern District of Tex. Bar No. 21127)
Attorney-in-Charge
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone:  (210) 224-5476
Facsimile:  (210) 224-5382

Attorneys for **JANE DOE #1**, **JANE DOE #2,** and **JANE DOE #3**

### CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August 2016, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

Concurrently with this electronic filing, I also caused a copy of this filing to be sent to the Prisoner Movants via U.S. mail at the address given in their filing: Federal Medical Center - Carswell, P.O. Box 27137, Fort Worth, TX 76127.

*/s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046)
***Attorney-in-Charge for Jane Doe #1, Jane Doe #2, and Jane Doe #3***