UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

SEP - 8 2016

David J. Bradley, Clerk of Court

STATE OF TEXAS,
    Plaintiff,


ROBIN CLARICE PAREZANIN,
RHONDA ANN FLEMING,
    Intervenor-Plaintiffs,


v.                      No.  B-14-254


UNITED STATES OF AMERICA, et al.,
    Defendants



MOTION FOR COURT ORDER GRANTING INJUNCTIVE RELIEF ON
UNOPPOSED MOTION FOR PRELIMINARY INJUNCTION
PURSUANT TO 28 U.S.C. § 1651(a)

TO THE HONORABLE JUDGE ANDREW S. HANEN:


    The Intervenor-Plaintiffs, Robin Clarice Parezanin and
Rhonda Ann Fleming, move the Court to grant injunctive relief,
against unequal treatment of United States citizen, mothers, who
committed non-violent federal offenses, by restraining the
Defendants from incarcerating the Intervenor-Plaintiffs
while allowing self-declared, illegal aliens, three Jane
Doe Defendants to remain free from incarceration.

    The Intervenor-Plaintiffs filed their "Motion to Intervene"
and "Motion for Preliminary Injunction" on August 8, 2016.
As of the filing of this Motion by U.S. Mail on September
6, 2016, no response has been filed by any of the Defendants
Pursuant to Local Rules 7.3 and 7.4(A) of this Court, the
Government had 21 days to file a response, and Rule 7.4
provides that "failure to respond will be taken as a repre-
sentation of no opposition."  As a result, the Defendant,
the United States of America, has represented that it is
unopposed to the Intervenor-Plaintiff's Motion for Preliminary
Injunction, and the Court may treat the facts asserted in
that motion as uncontroverted. See, Contreras v. Coastal
Bend Coll. Dist., No. C-08-40, 2008 U.S. Dist. LEXIS 94828,

-1-

2008 WL 4966909, at *2 (S.D. Tex. Nov. 19, 2008)(relying on Local Rule 7.4 at summary judgment to rule that "because of the Plaintiff's failure to respond, the Court accepts the evidence by the Defendant as unconverted").

## REMEDY/RELIEF

"When the right invoked  is that of equal treatment, the remedy is a mandate of equal treatment, a result that can be accomplished  by withdrawal of benefits from the favored class as well as by extension of benefits to the excluded class." Heckler v. Mathews, 465 U.S. 728, 740, 104 S. Ct. 1387, 79 L. Ed. 2d 646 (1984)(quoting Iowa-Des Moines Nat'l Bank v. Bennett, 284 U.S. 239, 247, 52 S. Ct. 133, 76 L. Ed. 265 (1931).

Prosecutorial discretion may bar the Court from ordering the Government to arrest and prosecute all 100,000 or more of DAPA beneficiaries, who now have lawful presence, work authorization, and no fear of separation from their families here in the United States, although they committed felony acts and admitted to doing so by applying for DAPA benefits.

The Intervenor-Plaintiffs would like to make the point that is often ignored regarding illegal aliens propensity to commit other crimes besides illegal entry.  In Arpaio v. Obama, 797 F.3d 11 (D.C. Cir. 2015), the concurring opinion by Judge Brown stated in footnote-2, that "Sheriff Arpaio has made no factual allegations that migh support his asserted connection between the decision to enter the U.S. unlawfully and the propensity to commit other crimes."  With respect to Judge Brown, while still stating the obvious, when illegal aliens enter the U.S. they come to work, deal drugs, or get welfare.  All three are federal crimes because it is illegal for them to work and this usually leads to a violation of 18 U.S.C. § 1546(b)--use of not lawfully issued, or false documents, drug trafficking and obtaining welfare are both federal offenses for those in the country illegally.

The Court may consider how the Defendant attorneys of the Department of Justice lacked candor regarding the granting of lawful presence to over 100,000 illegal aliens, when it considers the requested remedy/relief.

The Intervenor-Plaintiffs have requested that they be released from custody to home confinement with their family or transferred to a halfway house pending the resolution of the case.  In  equal protection cases, the Court may extend the same benefits that the privileged class is receiving, amnesty, freedom, non-prosecution, and reunification with their family.

-2-

DACA and DAPA were "designed" for non-criminals and crimes committed by undocumented immigrants." Arpaio at 28. The Intervenor-Plaintiffs should receive their release from prison, even if, going forward, the Defendants cure the unequal treatment because at least 100,000 persons with no right to be in this country have been given this privilege in clear violation of the 14th Amendment.

The bottom line is that those 100,000 illegal aliens are presently immune and exempt from prosecution under DAPA. Since DAPA created an immunity and exemption from prosecution by the federal government, not accorded to the Intervenor-Plaintiffs, the same benefit of liberty must be provided or the Intervenor-Plaintiffs are remediless. See, Welsh v. United States, 398 U.S. 333, 362 (1970)(Justice Harlan concurring opinion on equal protection). Also see, Califano v. Westcott, 443 U.S. 76, 90, 99 S. Ct. 2655 (1979)(finding that where district court chose extension of welfare benefits to previously excluded class, "equitable considerations surely support its choice" given that "an injunction suspending the program's operation would impose hardship on beneficiaries who Congress plainly meant to protect"); Wauchope v. Unites States Dep't of State, 985 F.2d 1407, 1417 (9th Cir. 1993)( "No one has suggested here that the defect be remedied by invalidating the statute, thereby stripping citizenship from the foreign-born offspring of male citizens").

For the reasons stated above, the Intervenor-Plaintiffs move the Court to issue an order for their release pursuant to 28 U.S.C. § 1651(a).

Respectfully Submitted,

Robin Clarice Parezania

Rhonda Ann Fleming

September 6, 2016


CERTIFICATE OF SERVICE

A copy of the same has been sent by U.S. Mail, on the same day to U.S. Dept of Justice, 950 Pennsylvania Ave, Washington, D.C. 20530 and Atty General of Texas, P.O. Box 12548, Austin, TX 78711.

Rhonda Fleming

-3-

Legal Mail

Name _Rhonda Fleming_
Reg. No. _20446-009_
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127

NORTH TEXAS TX PSDC
DALLAS TX 750
06 SEP 2016 PM 1 1

SEP - 8 2016



◇20446-009◇
Federal District Clerk
600 E Harrison ST
Federal Courthouse
Brownsville, TX 78520
United States

78520-717699