UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE

United States District Court
Southern District of Texas
FILED

SEP 1 2 2016

David J. Bradley, Clerk of Court

STATE OF TEXAS

V.      No. 1:14-cv-254

UNITED STATES OF AMERICA

INTERVENOR-PLAINTIFF'S SURREPLY ON DEFENDANT/JANE DOE
RESPONSE TO MOTION TO INTERVENE


The Defendant's response, as well as the Jane Doe response presented no legitimate grounds to oppose the Motion to Intervene. However, the Interventor-Plaintiff state the following:

1. The Intervenor-Plaintiffs do not raise any prison condition claims. Their claim is a 14th Amendment, equal protection claim and has nothing to do with the conditions in a federal prison.

2. The Plaintiffs have more than a general interest in the outcome of the case--they are suing for equal protection under the law. They want their liberty and to be compensated for the Obama administration's violation of their constitutional rights. They support the 26 States efforts to stop DAPA and that is a mutual goal.

3. DAPA is AMNESTY with a reward for breaking the law, where the beneficiaries receive all the benefits of citizenship...that is their ultimate goal.

4. The Defendants have prevailed and been successful at implementing DAPA for over 100,000 illegal aliens, therefore, it is appropriate for this Court to consider the equal protection claim of the Intervenors and if it is found that DAPA is unconstitutional, which it is, the remedy is "withdrawal of the benefits from the favored class" or "extension of benefits to the excluded class" Heckler v. Matthews, 465 U.S. 728, 740 (1984).

-1-

The Defendants were able to implement DAPA for over 100,000 beneficiaries by deceiving the Court and the 26 Plaintiff States. These illegal aliens are receiving the full benefits of DAPA-- lawful presence, work authorization, freedom from federal prosecution, and government benefits.

At page--2 of the Defendant's response, they state, "...to the extent the movants seek to be released from federal confinement if DAPA were to go into effect, they [Intervenors] would have the opportunity to seek relief in some separate proceeding..." DAPA is in effect for over 100,000 persons and the Intervenor-Plaintiffs are properly requesting a remedy in the Court that has jurisdiction over DAPA and those 100,000 beneficiaries of DAPA.

5. The Motion is timely. The majority of the litigation was to prevent injunctive relief. There is no prejudice to the Defendants or Jane Does. Neither party made this claim. In other cases such motions were granted years, even decades after litigation began. See, Black Fire Fighters Ass'n of Dallas v. City of Dallas, 19 F.3d 992, 994 (5th Cir. 1994) and Brumfield v. Dodd, 749 F.3d 339, 341 (5th Cir. 2014)(same). "Federal courts should allow intervention where no one would be hurt and greater justice could be attained." State of Texas v. Jane Does, 2015 U.S. App. LEXIS 19522 (5th Cir. 2015), citing, Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994).

6. The 26 Plaintiff states that initiated this case have not opposed the Motion to Intervene. The State of Texas and others recognize that DAPA is Amnesty for non-citizens, while citizens of their States are prosecuted by the federal government.

The Privileges or Immunities Clause of the Fourteenth Amendment provides that "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." U.S. Const., Amend, XIV, § 1. It requires a State to "accord residents and nonresidents equal treatment" with respect to certain "'privileges' or 'immunities' bearing on the vitality of the Nation as a single entity." Supreme Court of New Hampshire v. Piper, 470 U.S. 274, 279 (1985).

The bottom line is that the Privileges or Immunities Clause prohibits a State (or federal government) from discriminating against classes of its own citizens. DAPA gives privileges and immunity to non-citizens over U.S. citizens.

## CONCLUSION

There are unintended consequences for executive orders that violate our Constitution. DAPA, using prosecutorial discretion on a class-wide basis violates the constitutional rights of non-violent, United States citizen, federal prisoners prosecuted during the Obama administration. The President gave a pass to illegal aliens who broke the law, AMNESTY, but continued to prosecute non-violent, legal citizens. See, Arpaio v. Obama, 797 F.3d 11 (D.C. Cir. 2015)(stating prosecutorial discretion memo of 2014 on DAPA was "constitutionally problematic").

For these reasons the Motion to Intervene should be granted.

Respectfully Submitted,

Rhonda Fleming, Intervenor-Plaintiff
September 9, 2016


FMC Carswell
P.O. Box 27137
Fort Worth, Texas 76127

## CERTIFICATE OF SERVICE

I certify this Surreply is being mailed to the District Clerk in Brownsville by U.S. Mail on September 9, 2016 and will be electronically filed, which automatically sends notice and a copy of the filing to all counsel of record.

Rhonda Fleming

Name Rhonda Fleming
Reg. No. 20446-009
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127

NORTH TEXAS TX 750
DALLAS TX 750
09 SEP 2016 PM 2 L

SEP 12 2016

RECEIVED

⇔ 20446-009 ⇔
Federal District Clerk
600 E Harrison ST
Federal Courthouse
Brownsville, TX 78520
United States

78520-717699