IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. B-14-254 |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ADVISORY**

Defendants hereby provide notice that, following the August 31, 2016, hearing in this matter, United States Citizenship and Immigration Services ("USCIS") provided to Defendants' undersigned counsel personally identifying information ("PII") previously compiled by USCIS in its initial effort to comply with the Court's May 19, 2016, Memorandum Opinion and Order (Dkt. No. 347) ("May 19 Order"). *See, e.g.*, Transcript of August 31, 2016 Hearing (Dkt. No. 417) at 12. Counsel will secure and protect this information consistent with its highly personal and private nature.

Prior to the Court's clarification and stay of its May 19 Order at the June 7, 2016, hearing, USCIS compiled from its CLAIMS3 database personal identifiers and locators, and contact information, of the approximately 108,000 persons who had received (prior to the Court's February 16, 2015, preliminary injunction) three-year periods of deferred action and employment authorization under the original 2012 DACA eligibility guidelines.[1] Shortly

---

[1] USCIS prepared this compilation from CLAIMS3 in order to achieve at least partial compliance with the June 10, 2016, filing deadline set by the May 19 Order. As explained in the May 31, 2016, Declaration of León Rodríguez (Dkt. No. 354-2), had the Court intended its May

thereafter, the data underwent further processing to ensure completeness and proper handling of particularly sensitive information, and were retained by counsel at USCIS.[2]  Defendants note that the number and variety of fields gathered likely exceed the requirements of the Court's May 19 Order as now understood, following the Court's clarification on June 7 and August 31.  A copy of the compiled data has been provided to undersigned Department of Justice counsel, and will remain in counsel's custody pending further instruction of the Court or final disposition of this matter.

Defendants reiterate their position that they should not be compelled to produce any of this highly sensitive and personal information to a Plaintiff State except pursuant to Court order supported by a showing of good cause (*i.e.*, that the State requires access to particular fields of information to ascertain or remediate a demonstrable, concrete injury flowing from pre-injunction grants of three-year periods of deferred action and employment authorization); following briefing and an opportunity to be heard by all parties including the intervenors (and if necessary, for appeal); and taking into consideration, *inter alia*, the personal privacy and other interests of the affected individuals whose information is to be produced.[3]  In the event the Court were to find that a State has made the requisite showing of good cause, production should only

---

19 Order to require the submission of data from additional USCIS systems, and hardcopy A-files, full compliance could not have been achieved by the June 10 deadline.  *Id.*, ¶¶ 22-25.

[2] Following the Court's May 19 Order, as part of USCIS's efforts to compile the necessary information, USCIS determined that the number of such individuals is 108,168.  This change from the prior number (108,081) resulted from identification of (i) a duplicate that should not have been counted, (ii) 87 three-year terms that were approved on November 21 and 22, 2014 (and thus were not captured in USCIS's prior search for three-year terms on or after November 24, 2014), and (iii) a case that was approved on February 3, 2015, but not discovered by prior query due to an apparent computer error.  Of course, as Defendants previously noted, the actual number of individuals who currently still have three-year terms is lower than 108,000.  *See* Dkt. No. 305 at 5 n.3.

[3] Defendants also continue to maintain that submission of PII to the Court, even under seal, would be premature absent a showing of good cause.  *See* Dkt. No. 354-1 at 3.

be made subject to a protective order (such as that previously agreed to by the parties and adopted by the Court concerning PII, *see* Dkt. No. 298), to prevent improper use or disclosure of the data produced. USCIS should also be provided a reasonable opportunity to segregate the data to be produced and to update it as needed to ensure that the information provided is current at the time of production.

Nothing herein should be construed as agreement by USCIS to the production of PII for any purpose or under any circumstances other than those discussed above.

Dated: September 15, 2016

|  |  |
|---|---|
|  | Respectfully submitted, |
| KENNETH MAGIDSON<br>United States Attorney | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General |
| DANIEL DAVID HU<br>Assistant United States Attorney<br>Chief, Civil Division | JOYCE R. BRANDA<br>Deputy Assistant Attorney General |
|  | AUGUST E. FLENTJE<br>Special Counsel |
|  | JENNIFER D. RICKETTS<br>Director, Federal Programs Branch<br>Attorney-in-Charge (VA Bar No. 29281) |
|  |  /s/ James J. Gilligan<br>JAMES J. GILLIGAN<br>Special Litigation Counsel |
|  | DANIEL SCHWEI<br>Trial Attorney |
|  | Civil Division, Federal Programs Branch<br>U.S. Department of Justice<br>P.O. Box 883<br>Washington, D.C. 20044<br>Tel.: (202) 514-3358<br>Fax: (202) 616-8470<br>james.gilligan@usdoj.gov |
|  | *Counsel for Defendants* |

2

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Defendants' Advisory has been delivered electronically on September 15, 2016, to counsel of record via the District's ECF system.

      */s/ Daniel Schwei*
      Counsel for Defendants