Case 1:14-cv-00254   Document 436   Filed on 01/19/17 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 19, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, ET AL., | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL NO. B-14-254 |
| | § | |
| UNITED STATES OF AMERICA, ET AL., | § | |
| Defendants. | § | |

# **ORDER**

The Court denied the Plaintiff-Intervenors' Motion to Intervene [Doc. No. 392] from the bench. The Plaintiff-Intervenors[1] filed two notices of appeal to the United States Court of Appeals for the Fifth Circuit [Doc. Nos. 423, 425] regarding the denial of their Motion to Intervene. A notice of non-compliance issued [Doc No. 427] as the Plaintiff-Intervenors did not pay the fee necessary for appeal. The Plaintiff-Intervenors have filed a motion to proceed *in forma pauperis* [Doc. No. 429].

A prisoner seeking to bring a civil action or appeal a judgment in a civil action without prepayment of fees must follow 28 U.S.C. § 1915 as amended by the Prison Litigation Reform Act. First, the prisoner must file an affidavit listing his or her assets. 28 U.S.C. § 1915(a)(1). The affidavit must state the nature of the appeal and the affiant's belief that he or she is entitled to redress on appeal. *Id.* The prisoner must also submit a certified copy of his or her prison trust fund account (or institutional equivalent) for the six-month period immediately preceding the filing of the notice of appeal. *Id.* § 1915(a)(2). This certified copy must be obtained from the appropriate official of each prison at which the prisoner is or was confined. *Id.*

---

[1] Only two out of the four names of the Plaintiff-Intervenors listed on the Motion to Intervene appear on the Motion to proceed *in forma pauperis*. Nevertheless, the statements of the two individuals who filed the Motion to proceed *in forma pauperis*, Rhonda Ann Fleming and Robin Clarice Parezanin, make it clear that their filing represents all four of the Plaintiff-Intervenors. Consequently, the Court will proceed with that understanding.

A court may dismiss the motion to proceed *in forma pauperis* if the prisoner's allegation of poverty is untrue. *Id.* § 1915(e)(2)(A). A court may also dismiss the motion if the appeal is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant immune to such relief. *Id.* § 1915(e)(2)(B). Should the timely motion to proceed *in forma pauperis* be denied by a court, the movant may appeal the ruling by paying an initial partial fee of the $505.00 total filing fee as calculated per 28 U.S.C. § 1915(b)(2). After payment of the initial partial filing fee, the appellant will be required to make monthly payments of 20% of the preceding month's income credited to appellant's prison account each time the amount in appellant's account exceeds $10 until appellant has paid the total filing fee. *Id.* § 1915(b)(2).

The Plaintiff-Intervenors have until February 17, 2017 to provide both the (1) the affidavits with the above-listed requirements and (2) the certified copies of their trust accounts (or institutional equivalents) for the six-month period immediately preceding the filing of the Plaintiff-Intervenors' second Notice of Appeal [Doc. No. 425]. After February 17, 2017, the Court will rule on Plaintiff-Intervenors' motion to proceed *in forma pauperis*.

Signed this 19th day of January, 2016.

Andrew S. Hanen
United States District Judge