

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

June 29, 2017

The Honorable Jeff Sessions
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Re: *Texas, et al. v. United States*, *et al.*, No. 1:14-cv-00254 (S.D. Tex.)

Dear Attorney General Sessions:

The State plaintiffs that successfully challenged the Obama Administration's DAPA and Expanded DACA programs commend the Secretary of Homeland Security for issuing his June 15, 2017 memorandum rescinding, in large part, his predecessor's November 20, 2014 memorandum creating those DAPA and Expanded DACA programs.

As you know, this November 20, 2014 memorandum creating DAPA and Expanded DACA would have granted eligibility for lawful presence and work authorization to over four million unlawfully present aliens. Courts blocked DAPA and Expanded DACA from going into effect, holding that the Executive Branch does not have the unilateral power to confer lawful presence and work authorization on unlawfully present aliens simply because the Executive chooses not to remove them. Rather, "[i]n specific and detailed provisions, the [Immigration and Nationality Act] expressly and carefully provides legal designations allowing defined classes of aliens to be lawfully present." *Texas v. United States*, 809 F.3d 134, 179 (5th Cir. 2015), *aff'd by an equally divided court*, 136 S. Ct. 2271 (2016) (per curiam). "Entirely absent from those specific classes is the group of 4.3 million illegal aliens who would be eligible for lawful presence under DAPA." *Id.* Likewise, "[t]he INA also specifies classes of aliens eligible and ineligible for work authorization . . . with no mention of the class of persons whom DAPA would make eligible for work authorization." *Id.* at 180-81. Thus, "DAPA is not authorized by statute," *id.* at 184, and "DAPA is foreclosed by Congress's careful plan," *id.* at 186.




KEN PAXTON
ATTORNEY GENERAL OF TEXAS

For these same reasons that DAPA and Expanded DACA's unilateral Executive Branch conferral of eligibility for lawful presence and work authorization was unlawful, the original June 15, 2012 DACA memorandum is also unlawful. The original 2012 DACA program covers over one million otherwise unlawfully present aliens. *Id.* at 147. And just like DAPA, DACA unilaterally confers eligibility for work authorization, *id.*, and lawful presence without any statutory authorization from Congress.[1]

Nevertheless, the Secretary of Homeland Security's June 15, 2017 memorandum provided that "[t]he June 15, 2012 DACA memorandum, however, will remain in effect," and some "Expanded DACA" permits will also remain in effect.

We respectfully request that the Secretary of Homeland Security phase out the DACA program. Specifically, we request that the Secretary of Homeland Security rescind the June 15, 2012 DACA memorandum and order that the Executive Branch will not renew or issue any new DACA or Expanded DACA permits in the future. This request does not require the Executive Branch to immediately rescind DACA or Expanded DACA permits that have already been issued. This request does not require the Secretary to alter the immigration enforcement priorities contained in his separate February 20, 2017 memorandum.[2] And this request does not require the federal government to remove any alien.

If, by September 5, 2017, the Executive Branch agrees to rescind the June 15, 2012 DACA memorandum and not to renew or issue any new DACA or Expanded DACA permits in the future, then the plaintiffs that successfully challenged DAPA and Expanded DACA will voluntarily dismiss their lawsuit currently pending in the Southern District of Texas. Otherwise, the complaint in that case will be amended to challenge both the DACA program and the remaining Expanded DACA permits.

---

[1] *See, e.g.*, USCIS, DACA Frequently Asked Questions, https://www.uscis.gov/humanitarian/consideration-deferred-action-childhood-arrivals-process/frequently-asked-questions (last visited June 29, 2017) (DACA recipients "are considered to be lawfully present").

[2] *See* DHS, Enforcement of Immigration Laws to Serve the National Interest, https://www.dhs.gov/sites/default/files/publications/17_0220_S1_Enforcement-of-the-Immigration-Laws-to-Serve-the-National-Interest.pdf.




KEN PAXTON
ATTORNEY GENERAL OF TEXAS

We appreciate the opportunity to continue working with you, and the entire Presidential Administration, to cooperatively enforce federal immigration laws.

Sincerely,

Ken Paxton
Attorney General of Texas

Steve Marshall
Attorney General of Alabama

Leslie Rutledge
Attorney General of Arkansas

Lawrence G. Wasden
Attorney General of Idaho

C.L. "Butch" Otter
Governor of Idaho

Derek Schmidt
Attorney General of Kansas

Jeff Landry
Attorney General of Louisiana

Doug Peterson
Attorney General of Nebraska

Alan Wilson
Attorney General of South Carolina

Herbert Slatery III
Attorney General and Reporter of Tennessee

Patrick Morrisey
Attorney General of West Virginia