IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | § |
| Plaintiffs, | § |
| v. | § Case No. 1:14-cv-254 |
| UNITED STATES OF AMERICA, *et al.*, | § |
| Defendants | § |
| and | § |
| JANE DOE #1, JANE DOE #2, AND JANE DOE #3, | § |
| Defendant-Intervenors | § |

## JANE DOES' RESPONSE IN OPPOSITION TO MOTION TO STAY

### INTRODUCTION AND SUMMARY OF THE ARGUMENT

Plaintiffs' Motion to Stay (ECF No. 447) should be denied because there are no issues left to be resolved in this case. Instead, for the reasons set forth in the Jane Does' concurrently filed Motion to Dismiss, the case should be dismissed as moot without leave to amend. *See* ECF No. 454. On June 15, 2017, the Secretary of Homeland Security rescinded the challenged November 2014 memorandum that set forth the DAPA initiative and the expansion of DACA (collectively, the "DAPA Memorandum"), which was the sole subject of the Plaintiffs' claims in this case. *See* ECF No. 447 Ex. A. With the DAPA Memorandum's rescission, there is no reason to continue this action or to stay it for potential further proceedings after September 5, 2017, as requested in Plaintiffs' motion. To the extent that Plaintiffs wish to challenge the original 2012 DACA initiative, Plaintiffs should be required to file an entirely new lawsuit rather

1

than being allowed to amend to completely change the nature of this action nearly three years after it was filed.

## STATEMENT OF THE ISSUES TO BE RULED ON BY THIS COURT

Plaintiffs' ongoing lawsuit challenging the DAPA Memorandum is before this Court on remand following the appeal of the preliminary injunction that was entered on February 16, 2015. ECF No. 145. On November 18, 2016, the parties filed a joint motion to stay the merits proceedings until February 20, 2017. ECF No. 430. On January 19, 2017, this Court issued an order extending the stay of merits proceedings until March 17, 2017. ECF No. 435. On March 22, 2017, this Court granted Defendants' unopposed motion to extend the stay of merits proceedings until June 15, 2017. ECF No. 439. On June 15, 2017, the Federal Defendants revoked the DAPA Memorandum that was the sole subject of this case. ECF No. 447 Ex. A.

Plaintiffs now again seek a stay of all merits proceedings, this time until September 5, 2017. ECF No. 447 Ex. B. By that date, the Plaintiffs demand that the Federal Defendants rescind the 2012 DACA initiative, or else the Plaintiffs will amend their complaint in this action to challenge DACA. *See* ECF No. 447 Ex. B. The Court should deny Plaintiffs' motion to stay and instead grant the Jane Does' concurrently filed Motion to Dismiss the case as moot.

## ARGUMENT

### I. THE MOTION TO STAY SHOULD BE DENIED BECAUSE THE DAPA MEMORANDUM HAS BEEN RESCINDED AND THE CASE IS MOOT

#### A. This Court Lacks Jurisdiction Over This Case Because All of Plaintiffs' Claims Are Moot

The Court should deny the Motion to stay because the case itself is moot and should be dismissed for the reasons set forth in the Jane Does' concurrently filed Motion to Dismiss: the federal government's rescission of the DAPA Memorandum has mooted any justiciable case or

controversy once before this Court. There simply are no further "merits proceedings" for the court to stay.

A motion to stay should be denied when the underlying case is moot. *See, e.g., Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 2017 WL 2189414, at *17-18 (N.D. Tex. May 18, 2017) (denying motion to stay discovery as moot after court dismissed all claims); *Needbasedapps, LLC v. Robbins Research Int'l, Inc.*, 926 F. Supp. 2d 907, 909 (W.D. Tex. 2013) (denying motion for stay as moot after motion to dismiss granted); *Hoyt v. City of El Paso, Tex.*, 878 F. Supp. 2d 721, 723 (W.D. Tex. 2012) (denying motion for preliminary injunction as moot after court granted motion to dismiss). Here, the Secretary of Homeland Security has rescinded the DAPA Memorandum in light of "a number of factors, including the preliminary injunction in this matter, the ongoing litigation, the fact that DAPA never took effect, and our new immigration enforcement priorities." ECF No. 447 Ex. A.

If a plaintiff's interest in its claim does not "continue throughout [the litigation's] existence," the plaintiff's claim cannot satisfy the Article III requirement for a case or controversy. *Nat'l Rifle Ass'n of Am., Inc. v. McCraw*, 719 F.3d 338, 344 (5th Cir. 2013). A case becomes moot if the government discontinues the policy that the plaintiff is challenging in the litigation. *See Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 324-25 (5th Cir. 2009) (dismissing as moot plaintiff's claim for injunctive relief of prison policy because the director of the Texas prison system certified that policy would be discontinued); *Fantasy Ranch Inc. v. City of Arlington,* 459 F.3d 546, 564-65 (5th Cir. 2006) (dismissing as moot plaintiff's challenge to a city ordinance that had been amended to address all of the issues raised in plaintiff's complaint); *AT&T Commc'ns of Southwest, Inc. v. City of Austin*, 235 F.3d 241, 243-44 (5th Cir. 2000) (dismissing as moot plaintiff's challenge of a city ordinance that had been repealed by the city).

Because the Secretary has formally discontinued the very initiative that Plaintiffs challenged, there is no Article III case or controversy left to be resolved.[1]

### B. Plaintiffs Should Be Denied Leave to Amend Their Complaint to Challenge An Entirely Separate Initiative Nearly *Three Years* After They Filed Suit

For the reasons detailed in the Motion to Dismiss, Plaintiffs cannot now, years after lodging their action, substitute their moot claims against the 2014 DAPA Memorandum with a new assault against the 2012 DACA initiative as a means of reviving the suit. Plaintiffs, having amended their complaint once "as a matter of course," can only amend now by leave of court—leave that this Court has broad discretion to, and should, deny. Fed. R. Civ. P. 15(a)(1)-(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). And Plaintiffs do not simply seek to include additional claims pertaining to the same original dispute; rather, because Plaintiffs' proposed amendment "would radically alter the scope and nature of the case and bears no more than a tangential relationship to the original action, leave to amend should be denied." *Mississippi Ass'n of Cooperatives v. Farmers Home Admin.*, 139 F.R.D. 542, 544 (D.D.C. 1991).

As this Court is aware, DAPA and DACA are different. The DAPA Memorandum made clear that DAPA would have applied to a much larger and different population than does DACA, and the legal basis of DAPA was evaluated independently from that of the original DACA initiative. *See* ECF No. 14 at ¶¶ 21, 56–60. DAPA was never implemented, while DACA has been in place for five years. And, critically, Plaintiffs would be hard-pressed to establish standing with respect to DACA; the Fifth Circuit has already dismissed a suit by one of the current Plaintiffs against DACA for lack of standing. *See Crane v. Johnson*, 783 F.3d 244, 252 (5th Cir. 2015) (dismissing Mississippi's suit against DACA because it failed "show a 'concrete

---

[1] And as explained further in the Motion to Dismiss, *see* ECF No. 454, the remaining existence of some three-year DACA grants issued under the now-rescinded DACA expansion contained in the DAPA Memorandum does not create jurisdiction. Plaintiffs have never claimed that those grants have caused them harm, and in any event they will expire in less than seven months.

and particularized' injury that is 'fairly traceable' to DACA"). The rule of *Crane*—not the one applied to the different factual context of DAPA by this Court and then the Fifth Circuit on appeal in this case—would govern the jurisdictional analysis for any new claims against DACA. And it is not even clear whether all of Plaintiffs would wish to take part in an amended complaint, as only 10 of the 26 Plaintiffs signed the June 29 letter to the Attorney General. *See* ECF No. 447 Ex. B.

Plaintiffs' delay in raising their potential new claim against DACA is more than sufficient reason not to allow amendment and instead to dismiss their complaint as moot and deny the stay. Plaintiffs have waited five years since DACA's implementation and almost three years since filing suit to challenge the DAPA memorandum to suggest that they may add claims to this suit to challenge DACA. Such an unreasonable delay is grounds for denial of a motion to amend, and thus grounds for denying the motion to stay. *See Johnson v. Sales Consultants, Inc.*, 61 F.R.D. 369, 372 (N.D. Ill. 1973).

## **CONCLUSION**

Plaintiffs should not be permitted to maintain this suit by replacing their now-moot claims against the DAPA Memorandum with a wholly new set against DACA, three years after filing their complaint. Instead, their motion to stay should be denied, and the Jane Does' concurrent Motion to Dismiss should be granted.

| | |
|---|---|
| Dated:  July 28, 2017 | Respectfully submitted, |
| **O'MELVENY & MYERS LLP**<br>Adam P. KohSweeney (Cal. Bar No. 229983)*<br>Gabriel Markoff (Cal. Bar. No. 291656)*<br>2 Embarcadero Center 28th Floor<br>San Francisco, CA 94111-3823<br>Phone:  (415) 984-8700<br>Facsimile:  (415) 984-8701<br><br>*Admitted *pro hac vice*. | **MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**<br>**By**  */s/ Nina Perales*<br>Nina Perales (Tex. Bar No. 24005046;<br>Southern District of Tex. Bar No. 21127)<br>Attorney-in-Charge<br>110 Broadway, Suite 300<br>San Antonio, Texas 78205<br>Phone:  (210) 224-5476<br>Facsimile:  (210) 224-5382 |

Attorneys for **JANE DOE #1**, **JANE DOE #2,** and **JANE DOE #3**

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of July 2017, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046)
***Attorney-in-Charge***