IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. 1:14-cv-254 |
| UNITED STATES OF AMERICA, ET AL. | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STAY MERITS PROCEEDINGS**

On June 15, 2017, the Secretary of Homeland Security issued a memorandum implicating three class-based "deferred action" programs created by the previous Administration. The Secretary rescinded one of these programs (DAPA), partially rescinded another (Expanded DACA), and did not modify the third program (DACA). Two weeks later, Texas and other Plaintiffs wrote to Defendants, requesting that the Secretary rescind the 2012 memorandum creating DACA and not further issue or renew DACA or Expanded-DACA permits. The letter stated that Plaintiffs would dismiss this lawsuit if Defendants agreed to this by September 5, 2017. *See* Exh. A. Otherwise, in addition to the pending challenge to Expanded DACA, leave to amend the complaint in this case would be sought to challenge DACA.

In light of these developments, Plaintiffs asked this Court to extend the stay of merits proceedings until September 5, 2017. ECF No. 447. Defendants do not oppose this request. The only objection is by Intervenors—three unnamed aliens who

sought party status based on their eligibility for deferred action under the now-rescinded DAPA program. *See* ECF No. 455; ECF No. 91. Nothing in their opposition warrants denying the requested stay. *See infra* Part I. Nor are their premature arguments on the merits of dismissal or amendment convincing. *See infra* Parts II, III.

I. **The requested stay will conserve judicial and party resources without prejudicing Intervenors, who no longer have a stake in the case.**

A short stay until September 5 is sound case management. It will conserve judicial and party resources until the conditional offer to dismiss this case is accepted or rejected by Defendants. If, by September 5, the DHS Secretary rescinds the 2012 DACA memorandum and agrees not to renew or issue new DACA or Expanded-DACA permits, then Plaintiffs will dismiss this lawsuit. Neither the Court nor the parties would then need to spend further time addressing Intervenors' motion to dismiss. And binding precedent holds unlawful the Executive Branch's unilateral actions conferring eligibility for lawful presence and work authorization (which occurred in DAPA and Expanded DACA, as well as in DACA). *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016) (per curiam).

Instead of disputing that the requested stay is sound case management that would conserve judicial and party resources, Intervenors jump ahead and argue the merits of their motion to dismiss. *See* ECF No. 455 at 2-4. That motion is without merit, is discussed preliminarily below (*see infra* Part II), and will be opposed with a full response in due course at a later date. Likewise, Intervenors raise premature arguments about a possible motion to amend the complaint, ECF No. 455 at 4-5; those

arguments are also meritless but will be litigated in due course, if ever necessary. *See infra* Part III. The crucial point for the instant stay motion, however, is that Intervenor's motion to dismiss or a possible motion to amend may never need further judicial and party attention if the Secretary agrees by September 5 to rescind the 2012 DACA directive and not renew or issue new DACA or Expanded-DACA permits. That conservation of resources is all that the requested stay seeks.

Intervenors cite three cases for the obvious proposition that, "after [a] motion to dismiss [is] granted," ECF No. 455 at 3, other pending motions can then be dismissed as moot. But Intervenors' motion to dismiss has not been granted and is not ripe for resolution: Plaintiffs have not even responded to that motion at this point, and will do so in due course. That motion may never need resolution if the Secretary accepts the conditional proposal for dismissing this case. Indeed, precisely to realize those efficiencies before the current August 17 deadline for Plaintiffs' response to the Intervenors' motion to dismiss, Plaintiffs request that the Court rule on the instant motion to stay merits proceedings forthwith and defer Plaintiffs' deadline to respond to the motion to dismiss until further proceedings, if any, are commenced after September 5.

This Court has the inherent power to stay proceedings in any case before it, "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Intervenors never actually dispute that "economy of time and effort," *id.*, is achieved by the requested short stay until September 5. *See* ECF No. 455 at 1-5.

The requested stay would not prejudice or work any hardship on Intervenors. Although Expanded-DACA permits remain in effect and challenged in this case, Intervenors have no interest in those permits. Instead, their intervention rested solely on the DAPA program, not the Expanded-DACA program. ECF No. 91 at 1-4 (Intervenors' explanation that they are parents allegedly eligible for DAPA); *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) ("[T]he legal question is whether the Jane Does have an interest relating to DAPA." (quotation marks and citations omitted)).

## II. Intervenors' reiteration of their separate motion to dismiss is misplaced here but, in any event, is meritless and misunderstands the case.

This is a motion to stay further proceedings because they may never be needed. Nonetheless, Intervenors seek to prematurely litigate the merit of their separate motion to dismiss, which argues that this case is moot. That motion will be opposed in due course, if and when appropriate. The pendency of a motion to dismiss does not remove the Court's power to stay proceedings any more than it would remove the Court's power to extend the deadline for responding to such a motion (which would have much the same efficiency-promoting effect). Plaintiffs cite no authority for the idea that filing a motion to dismiss somehow removes the Court's jurisdiction.

Although Plaintiffs will file their full opposition to Intervenors' motion to dismiss if and when appropriate, Plaintiffs include here a preliminary correction of Intervenors' statements on that front, for the sake of clarity.

Intervenors wrongly state that there "are no further 'merits proceedings'" to stay, ECF No. 455 at 3, based on their incorrect statement that "the Secretary has

formally discontinued the very initiative that Plaintiffs challenged." *id.* at 4. This completely ignores that Plaintiffs have challenged both the DAPA *and Expanded-DACA* programs created in the November 2014 DHS directive. *See* ECF No. 14 ¶¶ 51-53, 79-87, V. Plaintiffs thus sought a preliminary injunction covering "all enforcement or implementation of the directive, nationwide." ECF No. 5-1. Defendants had represented to this Court and Plaintiffs that they would not grant any permits under the 2014 directive before this Court considered Plaintiffs' preliminary-injunction motion; and after learning that 108,000 aliens nevertheless had been granted three-year Expanded-DACA permits before this Court's preliminary injunction issued, this Court made clear: "From day one, the Plaintiffs sought to enjoin the entire 2014 DHS Directive. . . . This by definition included the three-year DACA deferrals." ECF No. 347 at 7.

While DAPA never took effect and has now been rescinded, 108,000 Expanded-DACA permits did issue under the 2014 directive. Those Expanded-DACA permits have not expired and have not been canceled. To be sure, Plaintiffs have not pressed to have these permits immediately rescinded while this case continues to a trial on the merits and final judgment, reflecting that Plaintiffs face harm either way (from the state costs occasioned by those permits but also from the state costs of determining the scope of potential corrective action). *See* ECF No. 304 at 5-6. But it is simply wrong for Intervenors to categorically state that DHS has "discontinued" all challenged aspects of the November 2014 directive. ECF No. 455 at 4. The recent June

5

2017 DHS memorandum specifically does not affect the Expanded-DACA permits already granted and still in place:

> This Memorandum does not alter the remaining periods of deferred action under the Expanded DACA policy granted between issuance of the November 20, 2014 Memorandum and the February 16, 2015 preliminary injunction order in the Texas litigation, nor does it affect the validity of related Employment Authorization Documents (EADs) granted during the same span of time.

Exh. B at 2 n.3.

Tens of thousands of aliens continue to hold three-year deferred-action lawful-presence permits authorized only by a unilateral executive directive that Plaintiffs still challenge. Hence, an Article III case or controversy still exists between the parties. A challenge to a government program is not necessarily moot when only part of the program is rescinded and the remaining part is still unlawful, since effectual relief could still be granted as to the remaining unlawful portion. In this case, that could include an injunction phasing out or cancelling Expanded-DACA deferred-action lawful-presence permits.[1] The fact that the unlawful policy challenged here has not been fully discontinued and the remaining policy is still unlawful distinguishes all of Intervenors' cited mootness cases.[2]

---

[1] Plaintiffs need not precisely identify the extent of harm from issuance of Expanded-DACA permits at this preliminary stage of the case, before any party has even answered the complaint: The "general factual allegations of injury resulting from the defendant's conduct" are sufficient at the pleading stage. *See S. Christian Leadership Conf. v. Sup. Ct. of State of La.*, 252 F.3d 781, 788 (5th Cir. 2001) (quotation marks and citations omitted). Indeed, the Fifth Circuit held that the Plaintiffs' standing to challenge DAPA and Expanded DACA is "plain." *Texas*, 809 F.3d at 150, 155-62.

[2] *Burke v. Barnes*, 479 U.S. 361, 363-64 (1987) (case held moot where government policy already expired); *Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*, 460 F.3d 13, 18 (D.C. Cir. 2006) (same); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 324-25 (5th Cir. 2009) (holding a challenge to a prison policy moot where the State's prison-system director certified that the policy had been discontinued); *Fantasy Ranch Inc. v. City of Arlington*, 459 F.3d 546, 564-65 (5th Cir. 2006) (holding moot a challenge to a city ordinance where the city adopted an amended ordinance addressing all of the issues

Intervenors seek to minimize the size of Plaintiffs' continuing controversy. ECF No. 455 at 4 n.1 (referring to the 108,000 Expanded-DACA permits as "some three-year DACA grants"). But that is immaterial: So long as the parties possess "a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307-08 (2012) (quotation marks and citation omitted).

### III. Intervenors' opposition to a potential future motion to amend the complaint is also misplaced here and unfounded in any event.

Intervenors' opposition to the stay request also previews arguments that they expect to make in opposition to a potential motion to amend the complaint, if this case is not resolved by September 5. ECF No. 455 at 4-5. Again, this argument is premature. If the pending proposal to Defendants to resolve this case by September 5 is accepted, there will be no motion to amend the complaint. That underscores why a stay of merits proceedings until that date is prudent case management.

In any event, Intervenors misunderstand the justifications for amendment. Leave to file an amended complaint must be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) reflects a "liberal amendment policy" that "affords the court broad discretion in granting leave to amend." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003). Leave to amend will be denied only if there is "undue delay, bad faith or dilatory motive on the part

---

raised by the plaintiff); *AT&T Commc'ns of Sw., Inc. v. City of Austin*, 235 F.3d 241, 243 (5th Cir. 2000) (dismissing as moot a challenge to later-repealed city ordinance).

of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Nothing close to those circumstances applies here. An amended complaint adding DACA would be proper.

    A.    *No undue delay.* This case has been stayed while the Fifth Circuit held—and a divided Supreme Court affirmed—that this Court's preliminary injunction of DAPA and Expanded DACA was valid. *See Texas*, 809 F.3d at 146-78. The divided Supreme Court affirmed that decision on June 23, 2016 (136 S. Ct. 2271) and denied Defendants' rehearing petition on October 3, 2016 (137 S. Ct. 285). Then, after the November 2016 election, the case was stayed at Defendants' request until June 2017 while Defendants reconsidered their position. *See* ECF Nos. 435, 439. When Defendants acted at the end of that period on June 15, Texas and other Plaintiffs then promptly proposed on June 29 a course for a conditional, agreed dismissal of this action. *See* Exh. A. In short, Plaintiffs have consistently acted promptly whenever the ball was in their court. *Cf.* ECF No. 455 at 5 (wrongly suggesting undue delay).

    B.    *No prejudice results.* Intervenors argue that adding DACA would "radically alter" the nature of the case. *Id.* at 4. That is both irrelevant and wrong. It is irrelevant because no prejudice would result from amendment at this earliest of stages. Defendants are not prejudiced from an amended complaint adding DACA, as opposed to a separate lawsuit challenging DACA. Defendants have not even answered

8

the complaint yet. This case has not progressed to an initial Rule 16 conference and discovery planning, much less actual discovery or motions for summary judgment.

In any event, Intervenors' assertion is simply wrong. The 2014 DAPA and Expanded-DACA programs were expressly modeled on the 2012 DACA program. *Texas*, 809 F.3d at 147 (noting that the 2014 DHS directive "expanded DACA" and created DAPA as "a process, similar to DACA"). The Fifth Circuit, this Court, and Plaintiffs have thus relied on evidence about DACA's implementation to show that DAPA and Expanded DACA are reviewable, unlawful executive actions. *E.g.*, *id.* at 172-73 (relying on that evidence); *id.* at 174 (noting this Court's reliance on that evidence).

The parties can hardly claim surprise that the Fifth Circuit's and this Court's rulings implicate DACA. *See id.* at 177-78 (holding that DAPA and Expanded DACA required notice-and-comment procedure); *id.* at 181-86 (holding that DAPA's and Expanded DACA's conferral of eligibility for lawful presence, employment authorization, and associated benefits is "manifestly contrary" to federal statutes and thus substantively unlawful). Intervenors note that DAPA and Expanded DACA apply to a larger class of aliens than DACA. ECF No. 455 at 4. But DACA itself covers a large class of aliens, *Texas*, 809 F.3d at 147, and all three programs grant the same relief and were all issued without notice-and-comment procedure, *see id.* at 147-48.

Finally, any claim of prejudice to *Intervenors* is especially unavailing. They do not and cannot claim any interest in DACA, as their intervention was premised on their eligibility for deferred action under the DAPA criteria, not the DACA (or Expanded-DACA) criteria. *See supra* p.4.

9

C. *No futility of amendment.* Lastly, Intervenors appear to suggest that an amended complaint adding claims against DACA would be futile because Plaintiffs would supposedly lack standing. ECF No. 455 at 4-5. Intervenors boldly make this argument before a proposed amended complaint has even been tendered—highlighting how premature Intervenors' argument is.

In any event, Intervenors are mistaken in suggesting that *Crane v. Johnson*, 783 F.3d 244 (5th Cir. 2015), establishes a "rule" (ECF No. 455 at 5) that there is no state standing to challenge DACA. Plaintiffs already distinguished *Crane* in their briefing in this case. *E.g.*, Br. for Appellees 24, 2015 WL 2157465, *Texas v. United States* (5th Cir. 2015) (No. 15-40238). The Fifth Circuit correctly noted that *Crane* turned on the record pleaded and created there by the one plaintiff State, which "had waived the theory that Texas now advances." *Texas*, 809 F.3d at 150 n.24; *accord id.* at 171 n.126 ("We did not hold [in *Crane*] that DACA was an unreviewable exercise of prosecutorial discretion or that the DACA criteria did not have binding or severely restrictive effect on agency discretion."); *see Crane*, 783 F.3d at 252 (ruling "[b]ased on the record before the district court"). Amending to add claims against DACA is not futile.

But the Court may never need to reach that issue if the pending proposal for dismissing the case is accepted by September 5. The instant motion simply seeks to stay merits proceedings until that date, conserving judicial and party resources.

## CONCLUSION

The Court should exercise its discretion to grant the requested short stay until September 5, 2017, as the Court has with respect to all prior requested stays agreed to by both Plaintiffs and Defendants. Plaintiffs respectfully request that the Court rule on this stay request forthwith, as to best achieve economy of judicial and party resources, and suspend further briefing on the Intervenors' motion to dismiss while the stay remains pending.

Respectfully submitted.

KEN PAXTON
*Attorney General of Texas*

JEFFREY C. MATEER
*First Assistant Attorney General*

BRANTLEY STARR
*Deputy First Assistant Attorney General*

/s/   Adam N. Bitter
ANGELA V. COLMENERO
*Assistant Attorney General*
**Attorney-in-Charge**
TX Bar No. 24048399
Southern District ID No. 1002881

ADAM N. BITTER
*Assistant Attorney General*
TX Bar No. 24085070
Southern District ID No. 2167538

ERIC A. HUDSON
ADAM ARTHUR BIGGS
*Assistant Attorneys General*

Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1700

**COUNSEL FOR PLAINTIFF STATES**

## CERTIFICATE OF SERVICE

    I hereby certify that on this 7th day of August, 2017, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served on all attorney(s) and/or parties of record, via the CM/ECF service.

                                          /s/ *Adam N. Bitter*
                                          ADAM N. BITTER
                                          Assistant Attorney General