# EXHIBIT

# B

Case 1:14-cv-00254 Document 460-2 Filed on 08/07/17 in TXSD Page 2 of 4



*Secretary*
**U.S. Department of Homeland Security**
Washington, DC 20528

June 15, 2017

MEMORANDUM FOR:     Kevin K. McAleenan
Acting Commissioner
U.S. Customs and Border Protection

James W. McCament
Acting Director
U.S. Citizenship and Immigration Services

Thomas D. Homan
Acting Director
U.S. Immigration and Customs Enforcement

Joseph B. Maher
Acting General Counsel

Michael T. Dougherty
Assistant Secretary for Border, Immigration, and Trade Policy

FROM:     John F. Kelly

SUBJECT:     Rescission of November 20, 2014 Memorandum Providing for Deferred Action for Parents of Americans and Lawful Permanent Residents ("DAPA")

      On January 25, 2017, President Trump issued Executive Order No. 13768, "Enhancing Public Safety in the Interior of the United States." In that Order, the President directed federal agencies to "[e]nsure the faithful execution of the immigration laws . . . against all removable aliens," and established new immigration enforcement priorities. On February 20, 2017, I issued an implementing memorandum, stating that "the Department no longer will exempt classes or categories of removable aliens from potential enforcement," except as provided in the Department's June 15, 2012 memorandum establishing the Deferred Action for Childhood Arrivals ("DACA") policy[1] and November 20, 2014 memorandum providing for Deferred Action for Parents of Americans and Lawful Permanent Residents ("DAPA") and for the

---

[1] Memorandum from Janet Napolitano, Sec'y, DHS to David Aguilar, Acting Comm'r, CBP, et al., "Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children" (June 15, 2012).

**Rescission of November 20, 2014 DAPA Memorandum**
Page 2

expansion of DACA[2]. After consulting with the Attorney General, I have decided to rescind the November 20, 2014 DAPA memorandum and the policies announced therein.[3] The June 15, 2012 DACA memorandum, however, will remain in effect.

**Background**

The November 20, 2014 memorandum directed U.S. Citizenship and Immigration Services ("USCIS") "to establish a process, similar to DACA, for exercising prosecutorial discretion through the use of deferred action, on a case-by-case basis," to certain aliens who have "a son or daughter who is a U.S. citizen or lawful permanent resident." This process was to be known as Deferred Action for Parents of Americans and Lawful Permanent Residents, or "DAPA."

To request consideration for deferred action under DAPA, the alien must have satisfied the following criteria: (1) as of November 20, 2014, be the parent of a U.S. citizen or lawful permanent resident; (2) have continuously resided here since before January 1, 2010; (3) have been physically present here on November 20, 2014, and when applying for relief; (4) have no lawful immigration status on that date; (5) not fall within the Secretary's enforcement priorities; and (6) "present no other factors that, in the exercise of discretion, make[ ] the grant of deferred action inappropriate." The Memorandum also directed USCIS to expand the coverage criteria under the 2012 DACA policy to encompass aliens with a wider range of ages and arrival dates, and to lengthen the period of deferred action and work authorization from two years to three ("Expanded DACA").

Prior to implementation of DAPA, twenty-six states—led by Texas—challenged the policies announced in the November 20, 2014 memorandum in the U.S. District Court for the Southern District of Texas. In an order issued on February 16, 2015, the district court preliminarily enjoined the policies nationwide on the ground that the plaintiff states were likely to succeed on their claim that DHS violated the Administrative Procedure Act ("APA") by failing to comply with notice-and-comment rulemaking requirements. *Texas v. United States*, 86 F. Supp. 3d 591 (S.D. Tex. 2015). The Fifth Circuit Court of Appeals affirmed, holding that Texas had standing, demonstrated a substantial likelihood of success on the merits of its APA claims, and satisfied the other requirements for a preliminary injunction. *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015). The Supreme Court affirmed the Fifth Circuit's ruling by equally divided vote (4-4) and did not issue a substantive opinion. *United States v. Texas*, 136 S. Ct. 2271 (2016) (per curiam).

The litigation remains pending before the district court.

---

[2] Memorandum from Jeh Johnson, Sec'y, DHS, to Leon Rodriguez, Dir., USCIS, et al., "Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children and with Respect to Certain Individuals Whose Parents are U.S. Citizens or Permanent Residents" (Nov. 20, 2014).

[3] This Memorandum does not alter the remaining periods of deferred action under the Expanded DACA policy granted between issuance of the November 20, 2014 Memorandum and the February 16, 2015 preliminary injunction order in the Texas litigation, nor does it affect the validity of related Employment Authorization Documents (EADs) granted during the same span of time. I remind our officers that (1) deferred action, as an act of prosecutorial discretion, may only be granted on a case-by-case basis, and (2) such a grant may be terminated at any time at the agency's discretion.

**Rescission of November 20, 2014 DAPA Memorandum**
Page 3

**Rescission of November 20, 2014 DAPA Memorandum**

I have considered a number of factors, including the preliminary injunction in this matter, the ongoing litigation, the fact that DAPA never took effect, and our new immigration enforcement priorities. After consulting with the Attorney General, and in the exercise of my discretion in establishing national immigration enforcement policies and priorities, I hereby rescind the November 20, 2014 memorandum.