United States District Court
Southern District of Texas
**ENTERED**
September 08, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, ET AL., | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL NO. B-14-254 |
| | § | |
| UNITED STATES OF AMERICA, ET AL., | § | |
| Defendants. | § | |

# ORDER

While the States correctly cite Rule 41(a)(1)(A) in their Notice of Voluntary Dismissal (Doc. No. 469), the case law interpreting what constitutes an "answer" clearly suggests that the voluntary dismissal rule is not applicable here.  The clear purpose of Rule 41(a)(1)(A) is to allow a plaintiff to unilaterally dismiss an action early in the judicial process.  Voluntary dismissal under Rule 41(a)(1)(A) is certainly recognized where the issues and the relative merits of a case have not been addressed.  It is not appropriate in a case which has had the extensive and hard-fought clashes over the merits that this one has.  When the merits have been joined, and an injunction issued and affirmed on appeal twice, dismissal by notice is not appropriate.  The most-cited, and perhaps the most critiqued, example of the exception to the general rule is found in *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953).  The precedential value of the holding in that case has been limited to cases with similar facts.[1]  That case has been summarized as follows:

> The plaintiff sought to dismiss by notice before the defendant had answered, but there had been an extensive hearing, lasting several days and producing a record of 420 pages, in which the merits of the controversy squarely were raised.  The Court,

---

[1] *See, e.g.*, *Johnson Chemical Co., Inc. v. Home Care Prods., Inc.*, 823 F.2d 28, 30–31 (2d Cir. 1987); *Santiago v. Victim Servs. Agency of the Metropolitan Assistance Corp.*, 753 F.2d 219, 222–23 (2d Cir. 1985); *Thorp v. Scarne*, 599 F.2d 1169, 1174–76 (2d Cir. 1979); *Pilot Freight Carriers, Inc. v. Int'l Bd. of Teamsters*, 506 F.2d 914, 916–17 (5th Cir. 1975).

> speaking through Judge Augustus Hand, held that the plaintiff no longer had the right to dismiss by notice.
>
>> Consequently, although the voluntary dismissal was attempted before any paper labeled "answer" or "motion for summary judgment" was filed, a literal application of Rule 41(a)(1) to the present controversy would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced state of a suit has been reached.

WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE CIVIL 3D § 2363 (quoting *Harvey Aluminum, Inc.*, 203 F.2d at 108). While subsequent cases have greatly limited the application of this case to a very small set of factual circumstances, if there ever was a situation for the application of an exception to Rule 41, this is it. Here, just the written opinions by the courts exceed the 420 page record referred to by Judge Hand. The actual record in this case is in the thousands of pages.

"When a motion or pleading tender[s] justiciable issues for determination, its interposition terminates the right to dismiss by notice because it is analogous to an answer." WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE CIVIL 3D § 2363. The Government in this case has filed numerous pleadings and multiple briefs denying the claims of the States. This case has been litigated tenaciously for almost three years in this Court. It has been appealed twice to the Fifth Circuit Court of Appeals and once to the United States Supreme Court. The merits (or lack thereof) of this case have been addressed by all sides in hundreds of pleadings and briefs. Many of these pleadings are clearly the equivalent of an answer and consequently foreclose the use of Rule 41(a)(1)(A).[2] To hold otherwise would be to elevate form over substance and place undue emphasis

---

[2]Also of some importance is the fact that this Court's injunction, which is currently in place, is a temporary one. It was to last until "a further order of this Court . . . ." (Doc. No. 144, p. 2). If a party can unilaterally dismiss a case after obtaining temporary relief pending further court orders, it could deprive a court of jurisdiction by such a dismissal, and thereby theoretically turn a temporary injunction into a permanent one. *Cf. Qureshi v. United States*, 600 F.3d 523, 525–26 (5th Cir. 2010) ("In short, in the normal course, the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself.").

on the title of a pleading rather than its substance. Therefore, this Court holds an answer has been filed and a Rule 41(a)(1)(A) dismissal is unavailable.

Moreover, the Fifth Circuit Court of Appeals ordered that the Jane Doe Intervenors be allowed to participate as parties herein. The Fifth Circuit held that the Intervenors had a legally protected interest "sufficient to support" intervention (Doc. No. 327, p. 9) and that they had a "real concrete stake in the outcome of this litigation" (Doc. No. 327, p. 11). The Circuit found that the Intervenors had shown not only opposition to the Plaintiffs' position,[3] but also an "adversity of interest" between themselves and the Government (Doc. No. 327, p. 13). Further, the Circuit found that the Government's position was also "directly adverse to the Jane Does" (Doc. No. 327, p. 15). The Circuit concluded that the Jane Does could intervene to oppose the States' objectives in this lawsuit. That intervention was effectuated.

Case law has established that interventions that raise justiciable issues preclude the use of Rule 41(a)(1)(A). *Butler v. Denton*, 150 F.2d 687, 690 (10th Cir. 1945); *Nance v. Jackson*, 56 F.R.D. 463, 471 (M.D. Ala. 1972).

> It therefore is clear that the plea of intervention tendered justiciable issues for determination. And in that posture the plaintiff was not vested with the absolute right of dismissal . . . .

*Butler*, 150 F.2d at 690. While a pending motion to intervene may not preclude the use of 41(a)(1)(A),[4] this intervention is not one pending a ruling; it was granted almost two years ago. The Court in *Nance* put it succinctly:

---

[3]In fact, the Intervenors described themselves as the "target" of the States' lawsuit. (Doc. No. 91, p. 7).

[4]*See Fort Sill Apache Tribe of Oklahoma v. United States*, 2008 WL 2891654 (W.D. Ok. 2008).

VOLUNTARY DISMISSAL

> The remaining plaintiffs in this case are the individuals Smith and Bell, who voluntarily seek to be dismissed as plaintiffs. They have no absolute right to dismissal in view of the fact that a petition for intervention tendering a justiciable issue has been filed. See 5 Moore, *supra*, ¶ 41.02[3]. Nevertheless, dismissal may be granted by order of this Court pursuant to Rule 41(a)(2), even though dismissal will defeat removal. *Id.*

*Nance*, 56 F.R.D. at 471 (citing MOORE FEDERAL PRACTICE ¶ 41.07).

Most importantly, attached to the intervention, in compliance with Rule 24(c), was an answer, which became effective once the intervention was granted. (Doc. No. 91-2).

Given the lengthy history of protracted litigation on the merits, the plethora of pleadings filed in opposition to the Complaint brought by the States, the Court-ordered intervention (complete with answer) in opposition to both the States' and Government's positions, and the lengthy involvement of all levels of the federal judiciary, this Court finds Rule 41(a)(1)(A) to be inapplicable and holds the States' Notice of Dismissal (Doc. No. 469) to be ineffective.

This Order does not presage any ultimate ruling should a different form of dismissal motion be filed. The parties are hereby granted leave to file such a motion which should include a proposed order, and pursuant to this Court's local rules, a certificate of conference. If such a motion is filed, the Court will give it due consideration.

Signed this 8th day of September, 2017.

Andrew S. Hanen
United States District Judge